Thiago M. Coelho (State Bar No. 324715)
*thiago.coelho@wilshirelawfirm.com*
Shahin Rezvani (State Bar No. 199614)
*shahin.rezvani@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
9701 Wilshire Blvd., 12th Floor
Los Angeles, California 90212
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Chumahan B. Bowen (State Bar No. 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (State Bar No. 281404)
*jennifer.leinbach@wilshirelawfirm.com*
Reuben Aguirre (State Bar No. 319699)
*reuben.aguirre@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989
*Attorneys for Plaintiff and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ERIC HAYDE, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,

Defendant.

Case No.:

**CLASS ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**



WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Plaintiff ERIC HAYDE, individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation of their attorneys.

**NATURE OF THE ACTION**

1. Defendant Arcadia Consumer Healthcare Inc. is a corporation headquartered in Bridgewater, New Jersey, that, among other things, manufactures and sells consumer healthcare products.

2. Defendant sells to retailers for resale certain healthcare products, including products for hair and scalp care, digestive health, vitamins, minerals, and supplements, first aid, oral care, cough and cold, and foot care.[1] Among Defendant's most successful products is its line of Fungi-Nail products sold in Pen, Ointment, and Liquid form (the "Fungi-Nail products"). Fungi-Nail products are sold by dozens of retailers throughout California and across the United States.

3. Many consumers, including Plaintiff, bought the Fungi-Nail products for the purpose of treating nail fungus, based on the product's name and other




[1] Defendant categorizes the Fungi-Nail products in its "foot care" line of products, as do retailers. *See* https://arcadiach.com/foot-care/(last accessed Dec. 6, 2024).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

advertising that suggests that the product is intended to treat, and effective at treating nail fungus.

4. However, after buying the product based on the false impression that it "CURE[S] AND PREVENT[S]" "NAIL" "FUNGI" with "MAXIMUM STRENGTH" efficacy and applying it to their nails, consumers do not experience any improvement in their health as it relates to the presence of nail fungus.

5. Despite the name "Fungi-Nail," which suggests that the products are intended to treat, and effective at treating nail fungus, the products contain fine print on a back label disclaimer indicating that the product is *not* meant to treat nail fungus, nor is it effective at doing so.[2]

6. Defendant was aware that many consumers do not read some of the products' back label fine print that disclaims the name's assertion and other front-label representations, and was aware its Fungi-Nail products have no ability to treat nail fungus, yet it proceeded to make those claims on the products' front labels, creating the clear impression that such treatment is possible. The product labels are therefore materially misleading by plainly giving the impression that they treat nail fungus. Hundreds of thousands of consumers have purchased these products with the false belief that they treat nail fungus. Because the Fungi-Nail products do not and cannot treat nail fungus, purchasing consumers have been misled.

7. As a result of Defendant's deceptive and misleading practices, Plaintiff and the Class members were induced to purchase Fungi-Nail products that do not perform as advertised. Defendant has made millions of dollars in fraudulent sales to individuals who Defendant told were receiving a product that is capable of treating nail fungus. Defendant's customers did not receive the benefit of their bargain because the Fungi-Nail products do not treat nail fungus.

---

[2] *See, e.g.,* https://funginail.com/faqs/why-does-the-fungi-nail-labeling-say-not-effective-on-nails-and-scalp-if-it-is-called-fungi-nail/(last accessed Dec. 6, 2024).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## THE PARTIES

8. Plaintiff Eric Hayde ("Hayde") is a California citizen residing in Anaheim, California. On or about August 1, 2024, Plaintiff Hayde purchased a one-ounce bottle of Maximum Strength Fungi-Nail Anti-Fungal Liquid, from the foot care section of Walmart located at 11822 Gilbert St., Garden Grove, California 92841 for approximately $10.44. Plaintiff Hayde has regularly applied the product to his toenails from the date of purchase, with no improvement to his nail fungus condition.

9. Defendant Arcadia Consumer Healthcare Inc. ("Arcadia") is a Delaware corporation with its principal offices located in Bridgewater, New Jersey. Arcadia does substantial business, including selling its health products, in California, and in the Central District specifically.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this class action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff, a resident of the State of California, brings this action on behalf of a proposed class of similarly situated individuals against Defendant, a corporation incorporated and with its principal place of business outside the State of California. The matter in controversy exceeds $5,000,000, and the proposed class includes more than 100 members.

11. Venue is appropriate in the Central District under 28 U.S.C. § 1391 because, among other things: (a) Plaintiff resides within the Central District; (b) Plaintiff purchased the product in the Central District; and (c) many of the acts and omissions that give rise to the claims for relief alleged in this action took place in the Central District.

## FACTUAL ALLEGATIONS

12. Plaintiff is an individual who purchased a Fungi-Nail product at Walmart. When Plaintiff purchased the product, the product's name "Fungi-Nail" suggested that it is a healthcare product intended for the medical treatment of nail

fungus. In addition, the front label reads in white capitalized font against a bright red background "KILLS FUNGUS" ("front label claim").

13. On some versions of the products' back labels in fine print stating: "For athlete's foot and ringworm, use daily for 4 weeks. For athlete's foot, pay special attention to spaces between toes. If condition persists longer, consult a doctor. **This product is not effective on the scalp or nails.** Supervise children in the use of this product." (Bold added) ("back label disclaimer"). Plaintiff did not read this disclaimer because it has since been removed from his version of the product's packaging, although Defendant claims that the disclaimer was required by the FDA.[3] Further, a reasonable consumer who read this language would not understand it to negate the front-label promise—the name of the product "Fungi-Nail," which suggests that the product is used to treat nail fungus. At most, if a reasonable consumer read the disclaimer language (most consumers, like Plaintiff, would not), they might understand the language to suggest that the disclaimer relates to *fingernails*, not toenails, given that the product is found in the foot care section.

14. Plaintiff read these statements on the product labels and relied on them when purchasing the products. Plaintiff believed that the claim "KILLS FUNGUS" for a product named "Fungi-Nail" that the product kills all fungus, including, and especially, nail fungus, including toenail fungus.

15. The statement created a false impression. As Arcadia admits, the product does not kill nail fungus.

16. Plaintiff purchased product believing that it would kill nail fungus. He applied the product continuously over a period of several months with no improvement to the fungus on his toenails. Plaintiff received a product that was in fact proven to not kill nail fungus. Plaintiff did not get the product that was advertised.

[3] *See id.*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on his own behalf and pursuant to Federal Rule of Civil Procedure 23. Plaintiff intends to seek certification of two classes defined as follows (collectively "the Classes" or "the Class members"):

> The California Class: All persons residing in the State of California who purchased the Fungi-Nail products during the period beginning four years from the date of the filing of the original Complaint to the date of class certification.

> The Nationwide Class: All persons residing in the United States who purchased the Fungi-Nail products during the period beginning four years from the date of the filing of the original Complaint to the date of class certification.

18. Excluded from the Classes are: (a) Defendant, including any entity in which the Defendant has a controlling interest, is a parent or a subsidiary of, or which is controlled by Defendant; (b) the officers, directors, and legal representatives of Defendant; and (c) the judge and the court personnel in this case as well as any members of their immediate families. Plaintiff reserves the right to amend the definition of the Class(es) if discovery, further investigation and/or rulings by the Court dictate that it should be modified.

19. *Numerosity*. The members of the Classes are so numerous that the joinder of all Class members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, given the amount of Defendant's brand hand-sanitizer sold in California, it stands to reason that the number of Class members is at least in the thousands. Class members are readily identifiable from information and records in Defendant's possession, custody, or control, such as account information and sales records.

20. *Commonality and Predominance*. There are questions of law and fact common to Class members, which predominate over any questions affecting only

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

individual Class members. These common questions of law and fact include, without limitation:

a. Whether Defendant's products contain the name "Fungi-Nail" and whether the products' labels' contain the claim "KILLS FUNGUS";

b. Whether Defendant's product labeling created the impression among their customers that their product would kill nail fungus;

c. Whether a reasonable person would have read the statements "Fungi-Nail" and "KILLS FUNGUS" and any accompanying language to mean that the hand-sanitizer had been scientifically proven to kill nail fungus;

d. Whether the "ANTI-FUNGAL" product kills nail fungus;

e. Whether it has been scientifically proven that the product kills nail fungus;

f. Whether Defendant knew or should have known that it had not been scientifically proven that the product fails to kill nail fungus;

g. Whether Defendant knew or should have known that the products do not kill nail fungus;

h. The nature of the relief, including equitable relief, to which Plaintiff and Class members are entitled; and

i. Whether Plaintiff and Class members are entitled to damages, civil penalties and/or injunctive relief.

21. *Typicality*. Plaintiff's claims are typical of those of other Class members because Plaintiff, like the other Class members, purchased "Fungi-Nail" products that claimed, "KILLS FUNGUS," but would not in fact kill nail fungus.

22. *Adequacy of Representation*. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff have retained competent counsel experienced in litigation of class actions, including consumer class actions, and Plaintiff intends to prosecute this action vigorously. Plaintiff and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Class members have a unified and non-conflicting interest in pursuing the same claims and obtaining the same relief. Therefore, all Class members will be fairly and adequately represented by Plaintiff and his counsel.

23. *Superiority of Class Action*. A class action is superior to other available methods for the fair and efficient adjudication of the claims alleged in this action. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action, and the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court. Damages for any individual Class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

24. Class certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class members, such that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

**FIRST CAUSE OF ACTION**

**(Intentional Misrepresentation)**

**(California Class and Nationwide Class)**

25. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

26. Reasonable consumers purchase antifungal products in the foot care section for one reason: to kill fungus on all parts of their feet, including fungus on their toes and toenails. No reasonable consumer would purchase a product named Fungi-Nail for a purpose other than to kill fungus, including nail fungus. For example, reasonable consumers do not purchase anti-fungal products as a replacement for perfume or moisturizers.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

27. Defendant carries products in its stores for the express purpose of making sales. Product labeling plays an important role in the consumer purchase decision process for merchandise sold at mass merchandisers such as drug stores and supermarkets.

28. Defendant represented to Plaintiff and the Class members that Fungi-Nail products would kill nail fungus. Specifically, Defendant placed an advertisement, or caused to be placed an advertisement, on its product label, which stated, "KILLS FUNGUS" ("Front Label Claim").

29. This statement, inclusive of any disclaimer, would lead a reasonable person to conclude that the product had been proven through a scientific study to kill nail fungus. That is because the product's name is clear, leading a reasonable person to conclude that the products "KILL[] FUNGUS" including "Nail" fungus.

30. Despite knowing that the products do not kill nail fungus, Defendant refuses to change the product's name, or at the very least, add a front label disclaimer that the product does not kill nail fungus. The reason for this is obvious: the product's name would be apparently self-contradictory, and very few, if any consumers would purchase it. For example, Defendant's current labeling is like selling a product named "Toothpaste" with a back-label disclaimer that the product is not meant for use on teeth. If the disclaimer were placed on the front label, the product's packaging would be readily non-sensical, as it is to the most observant consumers that do in fact read fine print.

31. Defendant could have, but chose not to, select a more accurate statement to display on the front label of their product such as naming the product "Fungi-Foot" or "Fungi-Athlete's" or "Ringworm-Fungi." By placing the word "Nail" in the products' names, selling the items in the foot care section, and stating in bright, capitalized letters that the products "KILL[] FUNGUS," Defendant purposely chose to mislead consumers to think that the products are intended to kill nail fungus.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

32. Reasonable consumers, without any expertise in microbiology, do not know the differences between the different types of fungus, and that treatment for fungus on the skin of the foot may not be effective for nail fungus treatment.

33. Despite its knowledge that it does not have any substantiation for the claim made on the front label of its Fungi-Nail products, and despite having sufficient room on the front label of the products to do so, Defendant never attempted, tried, or directed anyone to place the purportedly substantiated back label disclaimer on the front label of the product in lieu of the admittedly unsubstantiated front label claim.

34. Reasonable consumers do not verify or second-guess the accuracy of each and every marketing claim by reading the fine-print disclaimers that may appear on the back of a package. This is especially true if they believe the brand to be trustworthy. Reasonable consumers cannot be expected to analyze every line of text that appears on a package before making a purchase.

35. Defendant knew that the claim that the product "KILLS [all] FUNGUS" including "Nail" fungus was false when Defendant made it, and/or made the representation recklessly and without regard for its truth. Defendant intended that Plaintiff, and the Class members, rely on the representations. The advertisement was placed on the front labels of the products for the sole purpose of inducing customers to purchase the products. Defendant understood, or should have understood, that a reasonable person would read the front label's promise to indicate that the product would kill all fungus, including nail and toenail fungus.

36. The claim that the "Fungi-Nail" product "KILLS FUNGUS" is a product attribute. Defendant intended for reasonable consumers to instantaneously convert this product attribute into a material benefit, *i.e.*, that purchasing the product would treat and cure the consumer's nail fungus.

37. Plaintiff and the Class members reasonably relied on the representation that the product kills nail fungus. Based on that belief, Plaintiff and the Class

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

members purchased the products.

38. Because Defendant's hand products are not capable of killing nail fungus, reasonable consumers are misled and deceived by Defendant's packaging of their Fungi-Nail products.

39. As a result, Plaintiff and the Class members were harmed when they purchased the products that have not been proven to kill nail fungus. Plaintiff's and the Class members' nail fungus condition was not treated by the products. Plaintiff and the Class members paid for a product that they would not otherwise have purchased.

40. Had Defendant's front-label packaging disclosed that the products were incapable of killing nail fungus, such disclosure would have adversely affected consumers' willingness to purchase the Fungi-Nail products. Consumers would see the fact that the products are ineffective at killing nail fungus, and such a fact would be material to their purchasing decisions.

41. Plaintiff's and the Class members' reliance on Defendant's representations was a substantial factor in causing this harm. Had Plaintiff and the Class members known that it had the products in fact do not kill nail fungus, they would not have purchased the products.

42. As a direct and proximate result of Defendant's intentional misrepresentation, Plaintiff and the Class members have suffered injury and are entitled to damages in an amount to be proven at trial but more than the minimum jurisdictional requirement of this Court.

**SECOND CAUSE OF ACTION**

**(Negligent Misrepresentation)**

**(California Class and Nationwide Class)**

43. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

44. Defendant represented to Plaintiff and the Class members that Fungi-

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Nail products would kill nail fungus. Specifically, Defendant placed an advertisement, or caused to be placed an advertisement, on its product label, which stated, "Fungi-Nail" and "KILLS FUNGUS."

45. This statement, inclusive of any disclaimer, would lead a reasonable person to conclude that the product kills nail fungus.

46. These representations were false. It has not been proven in any scientific study that the products killed nail fungus. In fact, it has been proven, by Defendant's own admission, that the products did not kill nail fungus.

47. Defendant had no reasonable grounds for believing that the "KILLS FUNGUS" and "Fungi-Nail" representations were true when they made them.

48. Defendant intended that Plaintiff and the Class members rely on the representations. The advertisement was placed on product packaging and on the product itself for the sole purpose of inducing customers to purchase the product. Defendant understood, or should have understood, that a reasonable person would read nail fungus promises to indicate that a scientific study supported that the product kills nail fungus.

49. Plaintiff and the Class members reasonably relied on the representations. Plaintiff and the Class members believed that a scientific study proved that the products would kill nail fungus. Based on that belief, and because of it, desiring to treat their nail fungus condition, Plaintiff and the Class members purchased the product.

50. As a result, Plaintiff and the Class members were harmed when they purchased the Fungi-Nail products that in fact were incapable of treating nail fungus. Plaintiff and the Class members were not able to treat their nail fungus with the products. Plaintiff and the Class members also paid for products that they would not otherwise have purchased.

51. Plaintiff and the Class members' reliance on Defendant's representations was a substantial factor in causing this harm. Had Plaintiff and the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Class members known that the products did not treat nail fungus, Plaintiff and the Class members would not have purchased the products.

52. As a direct and proximate result of Defendant's intentional misrepresentation, Plaintiff and Class members have suffered injury and are entitled to damages in an amount to be proven at trial but more than the minimum jurisdictional requirement of this Court.

**THIRD CAUSE OF ACTION**

**(Violation of California False Advertising Law,**

**Cal. Bus. & Prof. Code §§ 17500 et. seq.)**

**(California Class)**

53. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

54. Defendant's statements on the product labels that the products kill nail fungus were false. No scientific study proves that the products kill nail fungus, and on information and belief, studies prove that the products do not kill nail fungus. These advertisements were made by Defendant on product labels and packaging to California residents.

55. Alternatively, the statements that the product would kill fungus, combined with the disclaimer on the back of the packaging, created the false impression that the product would kill toenail fungus, but not fingernail or scalp fungus, and because the disclaimer, on the back of the product and in a smaller font, did not detract from that impression in that it merely provided a corollary statement which was not inconsistent with the overall claim that the product killed nail fungus on feet.

56. To the extent that it exists at all, the statement on the back of the bottle, in smaller font, that the product is "not effective on the scalp or nails", the promise on the front of the bottle that the product "KILLS FUNGUS" and "Fungi-Nail" in particular. A reasonable consumer would believe, after reading both statements, that

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the product will in fact kill toenail fungus, even if it may not be as effective on the fingernails. Therefore, the advertising is both misleading in fact and has a capacity, likelihood or tendency to deceive or confuse the public.

57. Plaintiff and the Class members relied on the advertisements by purchasing the products which they believed had been proven to kill toenail fungus. The representation that the hand-sanitizer would "KILL[] FUNGUS" and "Fungi-Nail" in particular, were material to Plaintiff's and the Class members' decisions to purchase the hand-sanitizer.

58. As a result, Plaintiff and the Class members were damaged. Plaintiff and the Class members did not receive the benefits of their bargains and used products which had not been proven to kill toenail fungus, and in fact, were not effective on toenail fungus. Plaintiff and the Class members paid for a product that they would not have purchased had they known the truth.

59. Plaintiff have suffered monetary injury in fact as a direct and proximate result of the violations of the False Advertising Law committed by Defendant as alleged herein in an amount to be proven at trial but more than the minimum jurisdictional amount of this Court.

**FOURTH CAUSE OF ACTION**

**(Violation of the Unfair Competition Law ("UCL"),**

**Cal. Bus. & Prof. Code §§ 17200 et seq.)**

**(California Class)**

60. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

61. By its actions and conduct as alleged herein, Defendant has committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 ("UCL") that constitute unfair, unlawful and/or fraudulent business practices as those terms are defined under California law.

62. Defendant's business practices are unfair under the UCL because

Defendant has acted in a manner that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and the Class members. These business practices, described above, include creating false advertisements on product packaging and directly on the product itself. The false advertisements are substantially injurious because they induce consumers to make purchases that they would not otherwise make, in expectation of receiving benefits that they do not receive. Further, the impact of the practice against Plaintiff and the Class members far outweighs any possible justification or motive on the part of Defendant. The impact on Plaintiff and the Class members has been described. Defendant has no justification for including a false inducement to purchase its product. Plaintiff and the Class members could not reasonably have avoided this injury because they relied on Defendant's advertisement as to the quality and characteristics of the products being sold, as all consumers who rely on the verity of product advertising must do.

63. Defendant's false advertisement is violative of public policy as expressed in the False Advertising Law. Each of these statutes strictly forbids false advertisement such as Defendant has disseminated and/or caused to be disseminated and represent expressions of public policy against this practice.

64. Defendant's business practices are also unfair because they significantly threaten or harm competition. Competition is fostered by an environment in which information can be relied upon, so that consumers can make wise decisions, and so that products which accurately reflect the consumers' wishes can flourish.

65. As shown above, Defendant's business practices are also unlawful because they violate the False Advertising Law.

66. Defendant's business practices are also fraudulent under the UCL because they constitute representations to the public which are likely to deceive the public. The representations indicate that it has been proven that the product will kill

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

toenail fungus, when in fact it has not been so proven, and, instead, it has been proven that the product will not kill toenail fungus. The public, receiving these representations, is likely to believe that it has been proven that the product will kill toenail fungus, and is so deceived.

67. Defendant's representations are likely to deceive the public because they are untrue and because they create the impression that the product has been proven to kill toenail fungus. A reasonable consumer would be likely to believe that, if Defendant names their product "Fungi-Nail," that it has in fact been proven to kill nail fungus, including toenail fungus.

68. Plaintiff and the Class members relied on these representations when they purchased the Fungi-Nail products, which they would not have otherwise purchased.

69. Plaintiff has suffered monetary injury in fact as a direct and proximate result of the acts of unfair competition committed by Defendant as alleged herein in an amount to be proven at trial but more than the minimum jurisdictional amount of this Court.

**FIFTH CAUSE OF ACTION**

**(Breach of Express Warranty)**

**(California Class and Nationwide Class)**

70. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

71. Defendant expressly warranted through its advertising, marketing materials, and product labeling that the Fungi-Nail products were intended to treat, and effect at treating nail fungus, including toenail fungus.

72. Plaintiff relied on these express representations and warranties in purchasing the Fungi-Nail products.

73. Contrary to Defendant's express warranties, the Fungi-Nail products did not conform to the advertised representations. Specifically, the products were

not intended to treat, and were not effective at treating nail fungus, including toenail fungus.

74. As a direct and proximate result of Defendant's breach of express warranty, Plaintiff suffered damages, including but not limited to financial loss, inconvenience, and pain and suffering caused by attempting to treat their nail fungus with a product that was not effective at treating nail fungus, when an effective nail fungus treatment could have been substituted for Defendant's product.

**SIXTH CAUSE OF ACTION**

**(California Civil Code § 1770(a)(5) "California Consumer Legal Remedies Act")**

**(California Class)**

75. Plaintiff repeats and incorporates herein by reference each and every allegation above if set forth fully herein.

76. Defendant's conduct constitutes unfair or deceptive acts or practices in violation of the California Civil Code § 1770(a)(5) ("CLRA"), which prohibits representing that goods have characteristics, uses, or benefits which they do not have.

77. Defendant's actions were intended to and did result in the sale of the Fungi-Nail products to Plaintiff and other consumers under false pretenses.

78. Concurrent with the filing of this Complaint, Plaintiff has sent a letter to Defendant placing it on notice of the CLRA violation.

79. Plaintiff intends to amend his Complaint to confirm that Defendant's conduct remains in violation of the CLRA if Defendant does not rectify its conduct with regard to the Fungi-Nail products within 30-days.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

(1) For compensatory damages in an amount to be proven at trial;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

(2) For restitutionary damages in an amount to be proven at trial;

(3) For affirmative injunctive relief mandating that Defendant remove the false advertisements from their product and product packaging;

(4) For costs of suit and litigation expenses;

(5) For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: December 6, 2024

**WILSHIRE LAW FIRM, PLC**

*/s/ Thiago M. Coelho*

Shahin Rezvani
Thiago M. Coelho
*Attorney for Plaintiff Hayde and the Proposed Classes*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137