DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
  *danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 8:24-cv-02657-JDE<br><br>**DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "EX PARTE APPLICATION RE: ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD A NAMED PLAINTIFF"**<br><br>[*Declaration of Peter K. Bae Filed Concurrently*]<br><br>Assigned to the Hon. John D. Early<br><br>Dept.:        Courtroom 6A<br>Time:        TBD<br>Date:        TBD<br><br>Action Filed:        December 6, 2024 |

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   BACKGROUND .................................................................................. 2

    A.    Arcadia Notifies Mr. Hayde's Attorneys About His Convictions. ...... 2

    B.    The Court Confirms Leave to Amend "Does Not Cover" Amendment to "Add a New or Different Plaintiff or Plaintiffs." ........ 2

    C.    Mr. Hayde's Attorneys Repeatedly Fail to Provide Basis to Amend. ................................................................................................ 3

    D.    Mr. Hayde Files an Unauthorized "Ex Parte Application." ................. 4

III.  THE COURT SHOULD DENY THE "EX PARTE APPLICATION." ........ 5

IV.   THE COURT SHOULD DENY LEAVE TO AMEND. ............................. 7

V.    CONCLUSION ............................................................................... 13

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

i

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) ..................................................................................9

*Angel v. Marten*,
2021 WL 9968531 (C.D. Cal. Sept. 22, 2021) .......................................................1

*Armen Ginoyan v. Barclays Bank Delaware*,
2021 WL 4353113 (C.D. Cal. Jan. 7, 2021) ..........................................................5

*Atiqi v. Acclaim Tech. Servs., Inc.*,
2015 WL 13914846 (C.D. Cal. Aug. 26, 2015) ............................................. 1, 11

*C.W. v. Asuncion*,
2019 WL 8619627 (C.D. Cal. Dec. 6, 2019) ............................................. 7, 8, 9

*Cal. Coal. for Fams. & Child. v. San Diego Cnty. Bar Ass'n*,
657 F. App'x 675 (9th Cir. 2016) ..........................................................................8

*Cheung v. City of S. Pasadena*,
2022 WL 18959558 (C.D. Cal. Dec. 29, 2022), *report and*
*recommendation adopted*, 2023 WL 2412779 (C.D. Cal. Mar. 7, 2023).......... 12

*Chodos v. W. Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) .................................................................................9

*Cook v. Home Depot USA, Inc.*,
2018 WL 9536802 (C.D. Cal. Nov. 9, 2018)..........................................................8

*Cyntegra, Inc. v. IDEXX Labs., Inc.*,
2007 WL 9702033 (C.D. Cal. Sept. 7, 2007) .......................................................5

*Daniel v. City of Burbank*,
2016 WL 11515404 (C.D. Cal. Mar. 18, 2016)................................................... 10

*Dardashty v. Hyundai Motor Am.*,
745 F. Supp. 3d 986 (C.D. Cal. 2024) ...................................................................7

*Edward LU v. Cnty. of Riverside*,
2021 WL 9898668 (C.D. Cal. Dec. 16, 2021)..................................................... 10

ii

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

*Ennis v. Sigurdson*,
185 F.3d 866 (9th Cir. 1999) ................................................................ 10

*Fantastic Films Int'l, LLC v. Screen Media Ventures, LLC*,
2023 WL 7928694 (C.D. Cal. Oct. 20, 2023)...........................................6

*Graham v. DuPont De Nemours, Inc.*,
2024 WL 5375877 (C.D. Cal. Dec. 30, 2024) ..........................................5

*His & Her Corp. v. Shake-N-Go Fashion Inc.*,
2012 WL 13008986 (C.D. Cal. Mar. 12, 2012)..........................................5

*Hollywood v. Carrows Cal. Fam. Rests.*,
2018 WL 7461691 (C.D. Cal. Sept. 24, 2018) ........................................ 5, 6

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
715 F.3d 716 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*,
575 U.S. 373 (2015)..................................................................................7

*Jackson v. Bank of Haw.*,
902 F.2d 1385 (9th Cir. 1990) ................................................... 1, 9, 11

*Kittel v. City of Oxnard*,
2018 WL 6004522 (C.D. Cal. July 9, 2018)..............................................9

*Lopez v. Costa Mesa Police Dep't*,
2017 WL 6539253 (C.D. Cal. July 27, 2017), *report and recommendation adopted*, 2017 WL 6502718 (C.D. Cal. Aug. 29, 2017), *aff'd*, 792 Fed. App'x 522 (9th Cir. 2020). ............................................................. 11

*Markeen Sessions v. Wal-Mart Assocs., Inc.*,
2025 WL 819647 (C.D. Cal. Jan. 24, 2025) ............................................9

*Nangle v. Penske Logistics, LLC*,
2016 WL 9503736 (S.D. Cal. July 20, 2016) .......................................... 10

*Norman v. Wu*,
2021 WL 6496842 (C.D. Cal. Oct. 26, 2021)............................................ 11, 12

*Perrin Bernard Supowitz, LLC v. Morales*,
2023 WL 11952768 (C.D. Cal. Dec. 28, 2023)..........................................6

*Quezada v. City of Los Angeles*,
2018 WL 4378661 (C.D. Cal. Sept. 13, 2018) ..........................................8

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

iii

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

*Reyes v. Educ. Credit Mgmt. Corp.*,
    2020 WL 230017 (S.D. Cal. Jan. 15, 2020) ..................................................... 10

*Scannell v. Wash. State Bar Ass'n*,
    671 Fed. App'x 529 (9th Cir. 2016) ................................................................ 12

*Shenbaum v. City of Manhattan Beach*,
    2024 WL 5185384 (C.D. Cal. Nov. 26, 2024) .................................................... 9

*Singh v. Giles*,
    2019 WL 4736239 (C.D. Cal. Sept. 27, 2019) ................................................. 6, 7

*Soper v. United Airlines, Inc.*,
    2024 WL 3915954 (C.D. Cal. July 10, 2024), *reconsideration denied*,
    2024 WL 3915116 (C.D. Cal. July 12, 2024) .................................................. 5, 6

*Stambanis v. Tbwa Worldwide, Inc.*,
    2020 WL 4060171 (C.D. Cal. July 20, 2020) .................................................... 11

*Tria v. Innovation Ventures, LLC*,
    2013 WL 12324181 (C.D. Cal. Feb. 25, 2013) .................................................. 12

*West v. City of Los Angeles*,
    2014 WL 12966962 (C.D. Cal. Sept. 15, 2014) ......................................... 1, 7, 11

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ........................................................................... 8

**Rules**

Fed. R. Civ. P. 6 ......................................................................................................... 5

Fed. R. Civ. P. 11 .......................................................................................... 2, 6, 10, 12

Fed. R. Civ. P. 15 .................................................................................................. 3, 7, 9

Fed. R. Civ. P. 16 .................................................................................................. 7, 8, 9

**Other Authorities**

*Judge's Procedures, Honorable John D. Early*, UNITED STATES DISTRICT
    COURT, CENTRAL DISTRICT OF CALIFORNIA .......................................................... 5

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

## I.    INTRODUCTION

Realizing their current putative representative jeopardizes their proposed class action, plaintiff Eric Hayde's attorneys seek "ex parte" relief to file a "second amended complaint" adding a new plaintiff named Megan Wheeler.  Other than claiming it may solve their own deficient diligence in finding a proper class plaintiff, Mr. Hayde's counsel provide no justification whatsoever for how adding another plaintiff helps *Mr. Hayde*.  Regardless, Mr. Hayde and his counsel do not meet the high standard for "extraordinary" ex parte relief, much less for leave to provide a further plaintiff, which is inappropriate for myriad reasons:

*First*, Mr. Hayde does not even attempt to establish he will be "irreparably prejudiced"—none—or that he is "without fault" in creating any alleged "crisis," as required for "extraordinary" ex parte relief.  Nor could he, as Arcadia advised his attorneys about his inadequacy and overall inability to serve as a class representative nearly three months ago.  Even still, his attorneys "addressed none of [the ex parte] requirements, focusing their Application solely on the merits of their request," which "is sufficient grounds for denying the Application." *Angel v. Marten*, 2021 WL 9968531, at *1 (C.D. Cal. Sept. 22, 2021).

*Second*, granting leave to (untimely) amend is improper, especially based on the severe prejudice that would cause Arcadia.  Mr. Hayde's undue delay in moving to amend, coupled with his attorneys' failure to explain why they "did not seek leave to amend at any time earlier in the proceeding," alone is sufficient to show prejudice. *West v. City of Los Angeles*, 2014 WL 12966962, at*7 (C.D. Cal. Sept. 15, 2014).  In addition, adding Ms. Wheeler and her corresponding individual claims would require "significant additional discovery, cause undue delay, and result in increased costs," all of which would "unduly prejudice" Arcadia. *Atiqi v. Acclaim Tech. Servs., Inc.*, 2015 WL 13914846, at *2 (C.D. Cal. Aug. 26, 2015); *accord Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Arcadia respectfully requests that the Court deny opposing counsel's untimely, procedurally improper, and substantively baseless "ex parte" application.

## II.   BACKGROUND

### A.   Arcadia Notifies Mr. Hayde's Attorneys About His Convictions.

On December 6, 2024, plaintiff Eric Hayde filed his initial complaint. (ECF No. 1.) On December 31, 2024, Mr. Hayde filed a Notice of Errata, attaching a "Corrected Complaint," which is actually a First Amended Complaint (FAC). (ECF Nos. 9 (notice), 9-1 (FAC).)

On January 29, 2025, Arcadia served its Rule 11 Letter on counsel of record for Mr. Hayde. (Ex. A (Letter).)[1] Arcadia's Letter explained that Mr. Hayde's criminal record, including his fraud conviction, implicates insurmountable issues concerning his attorneys' failure to inquire into his adequacy to serve as a putative class representative prior to filing his complaint. (*See id.*) Arcadia advised his attorneys to withdraw the operative complaint to avoid unnecessary costs and motion practice for all parties, including the Court. (*See id.* at 1.) They refused.

### B.   The Court Confirms Leave to Amend "Does Not Cover" Amendment to "Add a New or Different Plaintiff or Plaintiffs."

On February 10, 2025, Arcadia filed its Motions to Dismiss and to Strike First Amended Complaint. (ECF Nos. 14 (Mot. to Dismiss), 15 (Mot. to Strike).) Arcadia's Motion to Strike explained Mr. Hayde's felony convictions, including for fraudulent driver's license, burglary, robbery, and removing firearms serial numbers, render him an inadequate class representative. (*See generally* Mot. to Strike.) On March 27, 2025, the Court held a hearing on Arcadia's Motions, where plaintiff's counsel orally requested leave to add a new plaintiff for the first time.

On March 28, 2025, the Court granted Arcadia's Motion to Dismiss, in part, agreeing: "Plaintiff may ultimately be found not to be an adequate class

---

[1] All exhibit cites are to exhibits attached to the concurrently-filed Declaration of Peter K. Bae.

2

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

representative for the reasons proffered by Defendant."  (ECF No. 31 (Order) at 26.)  The Court ordered plaintiff to file any second amended complaint by April 18, 2025, specifying "the leave to amend granted herein does not cover … an amendment" "to add a new or different plaintiff or plaintiffs…. Plaintiff's counsel is directed to confer with Defendant's counsel on the issue of consent to such an amendment.  If no consent is provided, Plaintiff may file an application on shortened notice for leave to add a new party in accordance with Rule 15"—not an application for ex parte relief.  (*Id*. at 26–27.)

### C.  Mr. Hayde's Attorneys Repeatedly Fail to Provide Basis to Amend.

Late March 2025, Mr. Hayde's lawyers emailed Arcadia's attorneys for the first time to "stipulate to … adding a class representative."  (Ex. B (Emails).)

On April 2, 2025, counsel for Arcadia requested a "basis" for the request.  (Ex. B at 13.)  Opposing counsel responded:  "For the reasons we discussed at the hearing."  (*Id*. at 10.)  The next day, Arcadia's attorneys replied:  "We need a better understanding of why you feel it appropriate to amend and bring in a new plaintiff at this stage, and why you didn't do so before?  Do you have a plaintiff?  If so, who?  How do you meet your burden to bring a plaintiff at this point?  We need to understand the bases, other than the fact that you apparently now do not think Mr. Hayde is sufficient."  (*Id*.)

Opposing counsel did not adequately answer any of these questions.  Instead, they insisted it is "[p]laintiff's position that amendment is necessary … because he anticipates that your client will continue to attack his adequacy at class certification…. Counsel will not engage with this drawn out back and forth any longer."  (Ex. B at 5–6.)  Arcadia's attorneys responded:

> We are disappointed that you disparage the Court's meet-
> and-confer requirements as "drawn out back and forth,"
> especially given this is the first explanation you have
> provided despite our repeated requests.  In any case, we
> do not believe you have set forth the applicable standards,

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

> much less met them; and [you remain] silent about what individuals you propose to swap in or add.  It appears you do not even have a new plaintiff, so we still have no way to evaluate whether adding such a plaintiff is appropriate here.  We remain open to considering actual reasons for amendment and adding, if you provide them in a motion.  But at this stage we do not see a reason to do so.

(*Id*. at 5.)

On April 9, 2025, Mr. Hayde's lawyers circulated a draft second amended complaint, regurgitating the same deficient reason in support of amendment:  "It is Plaintiff's position that amendment is necessary here because he anticipates that your client will continue to attack his adequacy at class certification."  (Ex. B at 2; App., Ex. A (Draft SAC).)  The proposed SAC includes new allegations related to a new proposed plaintiff named Megan Wheeler and her alleged purchase, Mr. Hayde's and Ms. Wheeler's purported intention to "purchase a … Fungi-Nail product again," and asserted noncompliance with the CLRA.  (App., Ex. A ¶¶ 9–11, 82; Ex. C (redline).)  The next day, Arcadia's attorneys replied:  "We oppose.  It's also not proper for ex parte relief."  (Ex. B at 1.)

**D.    Mr. Hayde Files an Unauthorized "Ex Parte Application."**

On April 11, 2025, Mr. Hayde filed his "Ex Parte Application Re: Order Granting Plaintiff's Motion for Leave to Amend Complaint to Add a New Plaintiff," attaching the same SAC referenced above.  (ECF No. 32 (App.); ECF No. 32-2 (Proposed SAC).)  His attorneys assert "the proposed amendments merely add an additional class representative without removing Mr. Hayde, who has not withdrawn."  (App. 5.)  They insist ex parte relief is necessary "in order to meet the April 18, 2025 amendment deadline in the March 28, 2025 order."  (*Id*. at 1, 5.)

Arcadia's Opposition timely follows.[2]

---

[2] Arcadia's Opposition is due 1:13 PM PST on Monday, April 14, 2025, the "same time on the next day that is not a Saturday, Sunday, or legal holiday" after 1:13 PM PST on Friday, April 11, 2025, when the Court's Notice of Electronic Filing states

4

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## III.    THE COURT SHOULD DENY THE "EX PARTE APPLICATION."

As a threshold matter, Mr. Hayde's "[a]pplication fails to set forth any basis for finding that the relief sought properly should issue on an ex parte basis.  Ex parte applications are to be used only when there is a need for extraordinary relief." *Hollywood v. Carrows Cal. Fam. Rests.*, 2018 WL 7461691, at *1 (C.D. Cal. Sept. 24, 2018) (denying ex parte application); *see also Graham v. DuPont De Nemours, Inc.*, 2024 WL 5375877, at *1 (C.D. Cal. Dec. 30, 2024) (same).[3]  He fails to show he will be "irreparably prejudiced if the relief is not granted," or that he is "without fault" in creating any purported "crisis," as required for ex parte relief.

Mr. Hayde "failed to justify that [he] will be 'irreparably prejudiced' if the … ex parte application" is "not granted."  *Graham*, 2024 WL 5375877, at *2.  In fact, his application only addresses whether *Arcadia* will be prejudiced by amendment— it would, as discussed, *infra*, at Section IV—as opposed to whether he will be "irreparably prejudiced" "absent extraordinary ex parte relief."  (App. 5.)  *Armen Ginoyan v. Barclays Bank Delaware*, 2021 WL 4353113, at *2 (C.D. Cal. Jan. 7, 2021) (denying ex parte application because moving party "fails to make any effort to demonstrate that it will suffer irreparable harm absent extraordinary ex parte relief.").  Instead, he only submits evidence confirming his attorneys seek to add Ms. Wheeler as a plaintiff, which is "plainly" insufficient to show prejudice.  *His &*

Mr. Hayde's ex parte application was filed.  *See Judge's Procedures, Honorable John D. Early*, UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, available at https://www.cacd.uscourts.gov/honorable-john-d-early ("Opposition papers should be filed no later than 24 hours after the filing of [an ex parte] application."); Fed. R. Civ. P. 6(a)(2) (if a period is "stated in hours [and] would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."). (*See* Bae Decl. ¶ 5.)

[3] *Soper*, 2024 WL 3915954, at *1 (same); *see also Cyntegra, Inc. v. IDEXX Labs., Inc.*, 2007 WL 9702033, at *2 (C.D. Cal. Sept. 7, 2007) (same; imposing sanctions on plaintiff who "failed to explain why it is without fault, or guilty only of excusable neglect, justifying the need for an *ex parte* application").

5

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

*Her Corp. v. Shake-N-Go Fashion Inc.*, 2012 WL 13008986, at *2 (C.D. Cal. Mar. 12, 2012) (parties "plainly failed to meet the standard for ex parte relief [because] the only evidence produced in support of … irreparably prejudice[] is a declaration … confirming that the parties sought to be added by Plaintiff are Shake–N–Go customers"). In short, there is "no crisis or imminent matter warranting dispensing with … normal [briefing] requirements." *Hollywood*, 2018 WL 7461691, at *1; *Soper v. United Airlines, Inc.*, 2024 WL 3915954, at *3 (C.D. Cal. July 10, 2024), *reconsideration denied*, 2024 WL 3915116 (C.D. Cal. July 12, 2024) (denying ex parte application which "does not sufficiently demonstrate that immediate or irreparable prejudice to Plaintiff's cause will occur").

Generously construed, Mr. Hayde contends he may be prejudiced by the upcoming deadline to file a second amended complaint. (App. 1.) To that end, he and his attorneys are not "without fault in creating the crisis." Despite being in receipt of Arcadia's Rule 11 Letter for nearly three months, they do not even attempt to explain why they could not have filed a noticed motion seeking leave to amend since that time. *See, e.g.*, *Perrin Bernard Supowitz, LLC v. Morales*, 2023 WL 11952768, at *1 (C.D. Cal. Dec. 28, 2023) ("IFS has not made the required showing [that] it did not create the crisis requiring ex parte relief. Here, IFS knew that it wanted to file a motion [since] October 2023 [but] did not seek the Court's leave until November 30, 2023, and does not provide any explanation as to *why* it did not seek leave earlier.") (emphasis in original); *Singh v. Giles*, 2019 WL 4736239, at *3 (C.D. Cal. Sept. 27, 2019) (denying plaintiff's ex parte application because his "counsel waited two weeks before filing" the application) (collecting cases); *Fantastic Films Int'l, LLC v. Screen Media Ventures, LLC*, 2023 WL 7928694, at *2 (C.D. Cal. Oct. 20, 2023) ("[A]ny purported urgency is of Plaintiff's own making because Plaintiff has been aware of the issue since for at least five months"). In sum, Mr. Hayde has "not satisfied the requirement that an ex parte movant not be at fault in creating or exacerbating the exigency of the situation."

6

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Singh*, 2019 WL 4736239, at *3. In fact, as explained in greater detail below, opposing counsel's failure to "explain why [they] did not seek leave to amend at any time earlier in the proceedings" prejudices *Arcadia*, not Mr. Hayde. *West*, 2014 WL 12966962, at *7.

The Court should deny Mr. Hayde's request for extraordinary ex parte relief.

## IV.   THE COURT SHOULD DENY LEAVE TO AMEND.

Even if considered on ex parte basis, Mr. Hayde's request for leave to amend is improper, especially due to the severe prejudice that adding a new plaintiff past the deadline to do so would cause Arcadia. Rule 15(a)(1) permits a party to amend its pleading once as "a matter of course" within 21 days of service, and Rule 15(a)(2) only allows further amendment with the opposing party's consent or leave of court. In relevant part, "courts have considered an untimely motion to amend as a motion to amend the scheduling order," which provides a "party seeking leave to amend must first show good cause under Rule 16(b)…. If good cause is established, the moving party must then demonstrate that the amendment is proper under Rule 15(a)(2)." *C.W. v. Asuncion*, 2019 WL 8619627, at *2 (C.D. Cal. Dec. 6, 2019).

As an initial matter, Mr. Hayde's request to amend his already amended complaint is "untimely" and should be denied "on that basis alone." *Id*. at *4 (declining to apply "Rule 15(a)(2)" and denying plaintiff's motion for leave to amend complaint as "untimely … on that basis alone"); *Dardashty v. Hyundai Motor Am.*, 745 F. Supp. 3d 986, 1001 (C.D. Cal. 2024); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) ("[T]he district court did not abuse its discretion in denying [plaintiffs'] untimely motion to amend"). Mr. Hayde filed his complaint on December 6, 2024. (ECF No. 1.) After blowing the 21-day deadline to amend as "a matter of course," his attorneys filed a "Notice of Errata" attaching a so-called "Corrected Complaint" on December 31, 2024—25 days after filing the initial complaint. (ECF Nos. 9 (notice), 9-1 (FAC).)

7

Disregarding the 21-day deadline to amend as a matter of course, Mr. Hayde's attorneys "corrected" or amended his complaint, which provides the Court with "particularly broad" discretion to deny his untimely request for leave to file a *second* amended complaint. *Cal. Coal. for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, 657 F. App'x 675, 678 (9th Cir. 2016) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (affirming dismissal of complaint with prejudice). Not only does his "Corrected Complaint"—which is actually a First Amended Complaint— amount to an improper end-run around the 21-day deadline imposed by the Federal Rules, but his attorneys also neglected to add Ms. Wheeler, let alone any other class representative, in their first amended complaint. Under these circumstances, even they admit "[c]ourts are reluctant to grant leave to amend deficiencies that the plaintiff has repeatedly failed to cure with prior amendments." (App. 6.)[4]

Even if the Court considers Mr. Hayde's "untimely" request for leave to amend, he fails to "show good cause under Rule 16(b)," as required, which "primarily considers the diligence of the party seeking the amendment." *C.W.*, 2019 WL 8619627, at *2. "A court should deny a motion for leave to amend if the moving party was not diligent." *Cook v. Home Depot USA, Inc.*, 2018 WL 9536802, at *7 (C.D. Cal. Nov. 9, 2018) (collecting cases); *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent, the inquiry should end."). Yet, Mr. Hayde's application does not even provide a cursory allegation of "good cause" supporting untimely amendment. In fact, his and his attorneys' "lack of diligence" in seeking amendment, *supra*, at 2, 6–7, "does not constitute good cause." *Quezada v. City of*

---

[4] Opposing counsel amended the complaint to correct at least four sloppy allegations about a "hand-sanitizer" product likely left over from another consumer case (ECF No. 9 (Pl.'s Notice of Errata) at 2)—not "only [to] correct minor scrivener errors," as their application disingenuously contends (App. 6).

8

OPPOSITION TO "EX PARTE APPLICATION" FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Los Angeles*, 2018 WL 4378661, at *3 (C.D. Cal. Sept. 13, 2018) (denying plaintiff's motion to amend complaint); *C.W.*, 2019 WL 8619627, at *4 (no good cause because plaintiff failed to "diligently litigate[] this action").

Because Mr. Hayde fails to show "good cause under Rule 16(b)," the Court need not analyze whether he demonstrates "amendment is proper under Rule 15(a)(2)." *C.W.*, 2019 WL 8619627, at *4. But amendment is improper under Rule 15(a)(2) anyways, because he fails to provide Arcadia's "written consent" or the Court's leave to further amend. To the contrary, Arcadia wrote that it *does not consent* to the request, which remains "not proper for ex parte relief." (Ex. B at 1.) And the Court explicitly recognized its "leave to amend granted … does not cover … an amendment" "to add a new or different plaintiff or plaintiffs." (Order 26.) As explained below, "leave to amend need not be granted [because] the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Shenbaum v. City of Manhattan Beach*, 2024 WL 5185384, at *3 (C.D. Cal. Nov. 26, 2024) (denying plaintiff's motion for leave to amend to file an amended complaint) (citing *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)).

"Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387–89; *Markeen Sessions v. Wal-Mart Assocs., Inc.*, 2025 WL 819647, at *2 (C.D. Cal. Jan. 24, 2025) (same; denying plaintiff's motion to amend complaint based on prejudice to defendant). (*See* App. 5 (conceding "prejudice to the nonmovant" is the "most critical factor").) Courts deny leave to amend when a plaintiff knew of a factual basis for the amendment prior to the requested amendment, which "would result in prejudice" to a defendant. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002); *Kittel v. City of Oxnard*, 2018 WL 6004522, at *3 (C.D. Cal. July 9, 2018) (denying motion for leave to amend complaint where "at least some of the factual bases for Plaintiff's proposed [amendments] were already known to Plaintiff.").

9

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Such is the case here. Arcadia's attorneys sent a Rule 11 Letter to Mr. Hayde's lawyers on January 29, 2025—nearly two-and-a-half months before they filed their application—advising them of serious concerns related to their client's inadequacy and inability to represent a putative class. (Ex. A.) But they inexplicably sat on their hands after receiving the Letter, only moving to add a new plaintiff when forced to do so by court order. (*Compare id. with* App.) Their application fails to provide any reason for delay, and instead only offers distinguishable cases where plaintiffs "timely" requested leave to amend, or otherwise sought to amend after an unforeseen development in a case. *Reyes v. Educ. Credit Mgmt. Corp.*, 2020 WL 230017, at *5 (S.D. Cal. Jan. 15, 2020) ("Plaintiff stated his intention to add Ms. Mahboob as an additional class representative [three years prior] and timely filed a motion seeking to amend the complaint"); *Nangle v. Penske Logistics, LLC*, 2016 WL 9503736, at *2 (S.D. Cal. July 20, 2016) (plaintiff sought to "amend in response to the new discovery that was produced after the deadline to amend the pleadings had passed."). The unexplained "extent of [Mr. Hayde's] delay" in seeking amendment alone prejudices Arcadia. *Daniel v. City of Burbank*, 2016 WL 11515404, at *1 (C.D. Cal. Mar. 18, 2016).

"Moreover, adding claims at this stage of the litigation would prejudice [Arcadia] because it could require additional discovery, new defenses, or a different litigation strategy." *Id.*; *Edward LU v. Cnty. of Riverside*, 2021 WL 9898668, at *3 (C.D. Cal. Dec. 16, 2021) ("If the amendment were allowed, additional discovery would be required on that issue … to the prejudice of the defendants.") (citing *Ennis v. Sigurdson*, 185 F.3d 866 (9th Cir. 1999)). The application insists Ms. Wheeler "seeks to assert the same claims, on the same facts, as Mr. Hayde." (App. 3.) Even assuming that were true, granting leave to amend to add a new class representative would require "additional discovery, new defenses, or a different litigation strategy" related to Ms. Wheeler's purported purchase of the subject Anti-Fungal Liquid product, reliance on Arcadia's representations (or lack thereof), and

OPPOSITION TO "EX PARTE APPLICATION" FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

supposed injuries she suffered, all of which would "unduly prejudice" Arcadia, including with "significant additional discovery" and "increased costs"—past the deadline to amend the pleadings. *Atiqi*, 2015 WL 13914846, at *2 ("While it is true that the defenses to the … claims would be similar, Defendants would have to prepare individual defenses to the new plaintiffs' individual … claims," which "would require significant additional discovery, cause unduly delay, and result in increased costs. Accordingly, the Court finds that granting Plaintiff's motion would unduly prejudice Defendants."); *Stambanis v. Tbwa Worldwide, Inc.,* 2020 WL 4060171, at *2 (C.D. Cal. July 20, 2020) ("The Ninth Circuit explained that putting the defendants through the time and expense of continued litigation …, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (citing *Jackson*, 902 F.2d at 1388).

Mr. Hayde maintains amendment would not "threaten to disrupt [this] case" because it is not in its "advanced stages," i.e., "[d]iscovery has not commenced." (App. 5.) To the contrary, a "party's request to amend may cause undue delay even if it occurs before a deadline established by a pretrial scheduling order.'" *Lopez v. Costa Mesa Police Dep't*, 2017 WL 6539253, at *2 (C.D. Cal. July 27, 2017), *report and recommendation adopted*, 2017 WL 6502718 (C.D. Cal. Aug. 29, 2017), *aff'd*, 792 Fed. App'x 522 (9th Cir. 2020). More to the point, nowhere does he address whether Arcadia would be prejudiced if his attorneys were allowed to amend to add a new plaintiff after the deadline to do so has expired. *See Norman v. Wu*, 2021 WL 6496842, at *3 (C.D. Cal. Oct. 26, 2021) (denying motion for leave to file an amended complaint "despite the early stage of discovery" because defendant "would be sufficiently prejudiced"); *West*, 2014 WL 12966962, at *7 (similar; defendant may be prejudiced although no written discovery was conducted).

As explained, *supra*, at 2, 6–7 , opposing counsel's undue delay in seeking amendment smacks of bad faith. "A court may find undue delay when a party's

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

'proposed complaint was based on previously available evidence.'" *Lopez*, 2017 WL 6539253, at *2 (citing *Scannell v. Wash. State Bar Ass'n*, 671 Fed. App'x 529, 530 (9th Cir. 2016)).  Remarkably, plaintiff's counsel claim they moved for leave to amend "[o]nce it became apparent that Defendant will continue to attack Mr. Hayde's ability to adequately represent the putative class." (App. 6.)  Even accepting their assertions at face value, it should have become "apparent" that Arcadia would "attack Mr. Hayde's ability to adequately represent the putative class" upon receipt of the Rule 11 Letter in January 2025.  (Ex. A.)  Nowhere do they explain the basis for their delay based on evidence which Arcadia made "previously available" to them several months before they filed the ex parte application.  Opposing counsel otherwise only assert that "proposed class counsel has a duty to ensure that … the proposed class's interests are sufficiently protected." (App. 3; *see also* Ex. B at 2, 5–6 (similar).)  But they completely fail to explain how adding a new class representative helps *Mr. Hayde*.  In truth, they only seek to add a second named plaintiff after realizing their first may be problematic, which evinces "a lack of integrity" and bad faith.  *Tria v. Innovation Ventures, LLC*, 2013 WL 12324181, at *7 (C.D. Cal. Feb. 25, 2013) ("[C]lass counsel have demonstrated a lack of integrity that casts serious doubt on their trustworthiness as representative of the class.  There is no basis for confidence that they would prosecute the case in the interest of the class, of which they are the fiduciaries").

Last, the Court need not even reach whether amendment would be futile, because "granting leave to amend would be unduly prejudicial" to Arcadia. *Norman*, 2021 WL 6496842, at *2.  In any event, an "untimeliness defect … cannot be rectified by amendment, and therefore, amendment would be futile." *Cheung v. City of S. Pasadena*, 2022 WL 18959558, at *5 (C.D. Cal. Dec. 29, 2022), *report and recommendation adopted*, 2023 WL 2412779 (C.D. Cal. Mar. 7, 2023) ("Plaintiff's Ex Parte Application seeking leave to file his Second Amended

12

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Complaint should be denied" as "untimely" and his action dismissed "with prejudice").

## V.    CONCLUSION

Arcadia requests that the Court deny Mr. Hayde's "ex parte application" for further leave to amend his First Amended Complaint.

Dated:  April 14, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: */s/ Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

The above counsel of record for Arcadia Consumer Healthcare Inc., certifies that this brief contains 4,234 words, which complies with the word limit of L.R. 11-6.1.

13

OPPOSITION TO "EX PARTE APPLICATION"
FOR LEAVE TO AMEND TO ADD NEW PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899