DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
*danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ERIC HAYDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>Defendant. | Case No. 8:24-cv-02657-JDE<br><br>**DECLARATION OF PETER K. BAE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S "EX PARTE APPLICATION RE: ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD A NAMED PLAINTIFF"**<br><br>**[*Opposition to "Ex Parte Application" Filed Concurrently*]**<br><br>Assigned to the Hon. John D. Early<br><br>Dept.: Courtroom 6A<br>Time: TBD<br>Date: TBD<br><br>Action Filed: December 6, 2024 |

# DECLARATION OF PETER K. BAE

I, Peter K. Bae, declare and state as follows:

1. I am an associate with the law firm of Davis Wright Tremaine LLP, counsel for defendant Arcadia Consumer Healthcare (Arcadia) in this matter. I make this declaration in support of Arcadia's Opposition to plaintiff Eric Hayde's "Ex Parte Application Re: Order Granting Motion for Leave to Amend Complaint to Add a Named Plaintiff." I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2. Attached as **Exhibit A** is a true and correct copy of a letter that my office sent to counsel of record for plaintiff Eric Hayde on January 29, 2025.

3. Attached as **Exhibit B** is a true and correct copy of email correspondence exchanged between counsel of record for the parties in this action between March 2025 and April 2025, on which I was copied.

4. Attached as **Exhibit C** is a true and correct copy of a redline comparison I caused to be created comparing plaintiff Eric Hayde's "Corrected Complaint," which is actually his First Amended Complaint (ECF No. 9-1 (FAC)), with his draft Second Amended Complaint (ECF No. 32-2 (SAC)). The redline comparison was created using Workshare Compare. As explained in the legend provided automatically by Workshare Compare on the last page of the redline comparison, blue underlined text represents text added in the SAC (*i.e.*, text present in the SAC but that did not appear in the FAC), and red text with a strikethrough represents text removed from the FAC (*i.e.*, present in the FAC but not in the SAC). All black text is the same in the FAC and SAC.

5. On April 11, 2025, at 1:13 PM PST, I received a Notice of Electronic Filing email generated by the CM/ECF system for the United States District Court Central District of California, stating counsel for plaintiff Eric Hayde filed his "Ex Parte Application for Leave to file Amended Complaint" (ECF No. 32).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of April, 2025, at Los Angeles, California.

*/s/ Peter K. Bae*
Peter K. Bae



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

Davis Wright Tremaine LLP

350 South Grand Ave, 27th Floor
Los Angeles, CA 90071

**Jacob M. Harper**
(213) 633-6863 tel
(213) 688-6899 fax

jharper@dwt.com

***Via Email & Certified Mail***

January 29, 2025

Thiago M. Coelho
thiago.coelho@wilshirelawfirm.com
Wilshire Law Firm, PLC
9701 Wilshire Blvd., 12th Floor
Los Angeles, California 90212

**Re: *Hayde v. Arcadia Consumer Healthcare, Inc.*, No. 8:24-cv-02657-JDE (C.D. Cal.)—Rule 11 Notice Regarding Failure to Investigate Inadequate Plaintiff**

Mr. Coelho:

As you know, we represent Arcadia Consumer Healthcare, Inc. (Arcadia). Pursuant to Federal Rule of Civil Procedure (Rule) 11, we write to demand that your client plaintiff Eric Hayde immediately withdraw his class action complaint (Dkts. Nos. 1 (Compl.) and 9-1 ("Corrected Complaint")) against Arcadia in the above-referenced matter. As explained below, Mr. Hayde's criminal record, including his fraud conviction, implicates insurmountable issues concerning your firm's failure to inquire into his adequacy to serve as a putative class representative prior to filing his complaint.

***Please immediately inform us of your intent to withdraw Mr. Hayde's complaint by January 31, 2025, to avoid unnecessary costs and motion practice for all parties, including the Court.*** Should you fail to do so, Arcadia will move for Rule 11 sanctions.

* * *

Mr. Hayde's criminal record presents at least two threshold issues.

## A. Your Office Failed to "Reasonably and Competently" Inquire Into Mr. Hayde.

In relevant part, Rule 11 provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> …

> (2) the claims, defenses, and other legal contentions are warranted by existing law [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ….

Rule 11 "unambiguously states that a party who signs a pleading or other paper without first conducting a reasonable inquiry shall be sanctioned." *Bus. Guides, Inc. v. Chromatic Commc'ns. Enters. Inc.*, 498 U.S. 533, 533 (1991); *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (Rule 11 sanctions warranted when attorneys fail to conduct "a reasonable and competent inquiry before signing and filing" a complaint) (collecting cases); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (same). Here, a reasonable and competent inquiry should have revealed Mr. Hayde's criminal record, including his fraud conviction, which renders him unqualified to serve as a class representative. ***Your failure to conduct a sufficient inquiry into Mr. Hayde prior to filing his complaint warrants mandatory Rule 11 sanctions***.

We have obtained and reviewed Mr. Hayde's criminal history report, which contains at least 41 entries, including arrests, incarcerations, and convictions. ***Perhaps his most concerning period of incarceration spans nearly seven years from August 2017 to May 2024—approximately seven months before your firm filed his initial complaint in December 2024***—resulting from multiple felony convictions for possession of a firearm by a felon; possession of assault weapons, large capacity magazines and ammunition; and ***a forged driver's license***. We understand ***Mr. Hayde has also been incarcerated for contempt of court, making obscene or threatening phone calls, and terroristic threats***.

Upon filing Mr. Hayde's complaint, you certified under threat of Rule 11 sanctions not only that his "claims … and other legal contentions are warranted by existing law," but also his "factual contentions have," or "will likely have evidentiary support." Fed. R. Civ. P. 11(b)(2)–(3). In relevant part, you certified "Plaintiff will fairly and adequately represent and protect the interests of the Class members," and "all Class members will be fairly and adequately represented by Plaintiff." (Compl. ¶ 22.) Not so. As we explain, Supreme Court and Ninth Circuit precedent confirms Mr. Hayde is inadequate to serve as a class representative due to his criminal record. Your certification of his complaint to the contrary warrants sanctions.

## B. Mr. Hayde's Criminal Record Renders Him an Inadequate Class Representative.

Courts consider a named plaintiff's "integrity" to assess his adequacy to serve as a class representative, a fiduciary for absent class members. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1948). "[R]ecognition of that fiduciary duty to the class as a whole should compel recognition of a serious potential problem for the class, when a class representative, whose duties obviously require acting on behalf of absent persons, is convicted of a felony involving fraud." *Hartsell v. Source Media*, 2003 WL 21245989, at *3 (N.D. Tex. Mar. 31, 2003). It follows that courts nationwide find a plaintiff's fraud conviction makes him inadequate to represent a class. *See, e.g.*, *In re Proxima Corp. Sec. Litig.*, 1994 WL 374306, at *17 (S.D. Cal. May 3, 1994) (plaintiff "unfit to serve as an adequate representative" because "he

committed fraud"); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 525 (C.D. Cal. 2012) ("[C]riminal conviction for fraud" supports inadequacy).[1] The same result will control here.

Should Mr. Hayde continue to pursue his claims, his fraud conviction will become a focal point of this litigation "to the detriment of the absent class members' claims," which also makes him inadequate. *See, e.g.*, *Jamison v. First Credit Servs., Inc.*, 2013 WL 3872171, at *2 (N.D. Ill. July 29, 2013) (fraud conviction "so severely undermin[es] plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims"). And even if Mr. Hayde sought to withdraw as a named plaintiff in place of another plaintiff, the Rules nonetheless obligate him to sit for deposition, ensuring we will inquire into the circumstances of his recruitment and subsequent representation by your office. *See, e.g.*, *Pappas v. Naked Juice Co. of Glendora, Inc.*, 2012 WL 12248744, at *2 (C.D. Cal. Dec. 7, 2012) (ordering plaintiff to sit for deposition "even if [he] ultimately is no longer a party to this litigation."); *accord Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) ("If anything, the fact that Fraley may soon be dismissed from the lawsuit makes even more relevant Facebook's discovery into the basis for Fraley's allegations that will be a part of the record in this case.").[2] Dismissal of his entire action, with prejudice, is necessary.

* * *

Bottom line: Mr. Hayde has an obligation to withdraw his complaint against Arcadia. ***You are again advised that a failure to withdraw Mr. Hayde's complaint by January 31, 2025, will result in the filing of Arcadia's Rule 11 Motion.*** We are available to discuss this matter should you desire. Arcadia reserves all rights and waives none.

Davis Wright Tremaine LLP

Jacob M. Harper

[1] *See also, e.g.*, *Schleicher v. Wendt*, 2009 WL 761157, at *3 (S.D. Ind. Mar. 20, 2009) ("This court is not willing to appoint as a class representative a person with a criminal conviction for fraud."); *Kirkpatrick v. Ironwood Commc'ns, Inc.*, 2006 WL 2381797, at *6 (W.D. Wash. Aug. 16, 2006) (fraud convictions make representative inadequate); *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *4–5 (S.D.N.Y. July 1, 2005) (disqualifying group as proposed representative because its member was convicted of providing false information).

[2] In any event, your case is devoid of merit, as the Federal Trade Commission already determined that the intended use of Arcadia's Fungi-Nail product is sufficiently clear to consumers: https://www.ftc.gov/system/files/documents/public_statements/1331463/kramer_laboratories_resolution_letter.pdf.

cc: Kristi Wolff
Peter K. Bae
Daniel Imakyure

7022 3330 0000 2170 3508

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark Here
LAP&DC 90052 JAN 29 2025

Postage
$
Total Postage and Fees
$
Sent To: Thiago M. Coelho, Wilshire Law Firm
Street and Apt. No., or PO Box No.: 9701 Wilshire Blvd., 12 FL.
City, State, ZIP+4®: Los Angeles, Ca 90212

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Thiago M. Coelho
Wilshire Law Firm, PLC
9701 Wilshire Blvd., 12th FL.
Los Angeles Ca 90212

9590 9402 7985 2305 5123 48

2. Article Number *(Transfer from service label)*
7022 3330 0000 2170 3508

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee
B. Received by *(Printed Name)* GABRIELA CAMACHO
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

LOS ANGELES CA 900
31 JAN 2025 PM 9 L

9590 9402 7985 2305 5123 48

L.P.

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

JAcob Harper
Davis Wright Tremaine LLP
350 S. Grand Ave., 2th FL.
Los Angeles, Ca 90071

7022 3330 0000 2170 3508

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7022 3330 0000 2170 3508

7022 3330 0000 2170 3508

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (*check box, add fee as appropriate*)
- ☐ Return Receipt (hardcopy) $
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postmark Here

Postage
$

Total Postage and Fees
$

Sent To: Thiago M. Coelho, Wilshire Law Firm

Street and Apt. No., or PO Box No.: 9701 Wilshire Blvd., 12th FL.

City, State, ZIP+4®: Los Angeles, Ca 90212

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thiago M. Coelho
Wilshire Law Firm, PLC
9701 Wilshire Blvd., 12th FL.
Los Angeles Ca 90212

9590 9402 7985 2305 5123 48

2. Article Number (*Transfer from service label*)

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 7985 2305 5123 48

L.P.

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Jacob Harper
Davis Wright Tremaine LLP
350 S. Grand Ave., 2th FL.
Los Angeles, Ca 90071

# EXHIBIT B

**Bae, Peter**

**From:** Harper, Jacob
**Sent:** Thursday, April 10, 2025 5:40 PM
**To:** Jennifer Leinbach Esq.
**Cc:** Thiago Coelho Esq.; Bae, Peter; Canner, Heather; Imakyure, Daniel; Chumahan Bowen Esq.; Virginia Tomlinson; Brigitte Molina
**Subject:** Re: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

We oppose. It's also not proper for ex parte relief.
Jacob Harper
Davis Wright Tremaine LLP

On Apr 10, 2025, at 5:23 PM, Jennifer Leinbach, Esq. <jennifer.leinbach@wilshirelawfirm.com> wrote:

**[EXTERNAL]**

Jacob,

We did not hear from you by the 5 pm deadline. Therefore, in accordance with the Court's order and LR 7-19 we will be filing an ex parte motion with the Court on our request for leave to amend.

The substance of the ex parte application will include why leave to amend should be granted under Federal Rule of Civil Procedure 15 to add in an additional class representative.

Please let us know by tomorrow, April 11 at noon whether your client opposes the application.

Thank you.

Jennifer Leinbach, Esq.
Senior Attorney

**Wilshire Law Firm, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Direct Tel: (213) 381-9988 Ext. 487
Toll Free: (800) 926-9799
Fax: (213) 381-9989
Email: jennifer.leinbach@wilshirelawfirm.com
Web: www.wilshirelawfirm.com

*"The highest compliment we can receive is the referral of your friends and family."*

**Logos represent a collection of awards and memberships of one or more Wilshire Law Firm Attorneys*

How did we do?

Click to rate your experience with Wilshire Law Firm

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**
This message and (any attachments hereto) contains confidential information and is intended only for the individual named. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended recipient you should not disseminate, distribute, copy this e-mail, or disclose its contents to anyone. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Any review, use, distribution or disclosure by others is strictly prohibited. The recipient should check this email and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission, nor does the sender accept liability for damage caused by any virus transmitted by this email.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law. Please be advised that Wilshire Law Firm, PLC and its lawyers do not represent you until you have signed a retainer agreement with the firm. Until that time, you are responsible for any statutes of limitations or other deadlines for your potential case.

---

**From:** Jennifer Leinbach, Esq.
**Sent:** Wednesday, April 9, 2025 5:28 PM
**To:** Harper, Jacob
**Cc:** Thiago Coelho, Esq.; Bae, Peter; Canner, Heather; Imakyure, Daniel; Chumahan Bowen, Esq.; Virginia Tomlinson; Brigitte Molina
**Subject:** Re: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

Jacob,

Here is a draft of our proposed Second Amended Complaint. Please let us know by Thursday, April 10 at 5 pm whether your client will stipulate to the amendment. We are available by phone (if necessary) if you have any questions.

Plaintiff Hayde sent your client a CLRA letter on December 6, 2024. Your client has not corrected its CLRA violations. Therefore, Plaintiffs will amend the complaint in accordance with the CLRA statute. § 1782(d).

Regarding the addition of a named plaintiff, again, here is the reason we seek amendment:

It is Plaintiff's position that amendment is necessary here because he anticipates that your client will continue to attack his adequacy at class certification. Although Plaintiff stands by his position that he is an adequate class representative, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012), proposed class counsel seeks to exercise Plaintiff's rights under Rule 15 to amend the complaint to add another representative. *See, e.g., McGhee v. N. Am. Bancard, LLC*, No. 17-CV-00586-AJB-KSC, 2021 WL 5763834, at *2

(S.D. Cal. Sept. 17, 2021) (granting leave to amend under Rule 15(a)(2) related to class representative and finding no bad faith, undue delay, or prejudice). Plaintiff is asking that you stipulate to amendment to avoid motion practice and its corresponding burden on the court. Discovery has not begun and your client is therefore not prejudiced in the slightest.

Thank you.

Jennifer Leinbach, Esq.

Senior Attorney

**Wilshire Law Firm, PLC**

3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Direct Tel: (213) 381-9988 Ext. 487
Toll Free: (800) 926-9799
Fax: (213) 381-9989
Email: jennifer.leinbach@wilshirelawfirm.com
Web: www.wilshirelawfirm.com

"*The highest compliment we can receive is the referral of your friends and family.*"

**Logos represent a collection of awards and memberships of one or more Wilshire Law Firm Attorneys*

How did we do?

*<image238758.png><image801644.png><image563885.png><image143459.png><image699112.png>*

Click to rate your experience with Wilshire Law Firm

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**
This message and (any attachments hereto) contains confidential information and is intended only for the individ
privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended reci
disseminate, distribute, copy this e-mail, or disclose its contents to anyone. Please notify the sender immediately
received this e-mail by mistake and delete this e-mail from your system. Any review, use, distribution or disclos
prohibited. The recipient should check this email and any attachments for the presence of viruses. E-mail transm
to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplet
sender does not accept liability for any errors or omissions in the contents of this message, which arise as a resul
does the sender accept liability for damage caused by any virus transmitted by this email.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will
extent of the law. Please be advised that Wilshire Law Firm, PLC and its lawyers do not represent you until you
agreement with the firm. Until that time, you are responsible for any statutes of limitations or other deadlines fo

**From:** Harper, Jacob
**Sent:** Thursday, April 3, 2025 4:55 PM
**To:** Jennifer Leinbach, Esq.
**Cc:** Thiago Coelho, Esq.; Bae, Peter; Canner, Heather; Imakyure, Daniel; Chumahan Bowen, Esq.; Virginia Tomlinson
**Subject:** RE: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

Counsel:

We are disappointed that you disparage the Court's meet-and-confer requirements as "drawn out back and forth," especially given this is the first explanation you have provided despite our repeated requests. In any case, we do not believe you have set forth the applicable standards, much less met them; and the note below also remains silent about what individuals you propose to swap in or add. It appears you do not even have a new plaintiff, so we still have no way to evaluate whether adding such a plaintiff is appropriate here.

We remain open to considering actual reasons for amendment and adding, if you provide them in a motion. But at this stage we do not see a reason to do so.

**Jacob Harper**
**Partner,** Davis Wright Tremaine LLP

**P** 213.633.6863 **E** jharper@dwt.com
**A** 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071

DWT.COM

---

**From:** Jennifer Leinbach, Esq. <jennifer.leinbach@wilshirelawfirm.com>
**Sent:** Thursday, April 3, 2025 2:07 PM
**To:** Harper, Jacob <JHarper@dwt.com>
**Cc:** Thiago Coelho, Esq. <thiago.coelho@wilshirelawfirm.com>; Bae, Peter <PeterBae@dwt.com>; Canner, Heather <HeatherCanner@dwt.com>; Imakyure, Daniel <DanielImakyure@dwt.com>; Chumahan Bowen, Esq. <chumahan.bowen@wilshirelawfirm.com>; Virginia Tomlinson <virginia.tomlinson@wilshirelawfirm.com>
**Subject:** Re: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

**[EXTERNAL]**

---

Jacob,

Considering the relevant standard under Rule 15 (which, as you are aware, is granted with extreme liberality in the Ninth Circuit), we only need to discuss why amendment is required. Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-F ("The party seeking leave to amend need only establish the reason why amendment is required ("justice" so requires). The burden is then on the party *opposing* the motion to convince the court that "justice" requires *denial*—i.e., because of undue delay, bad faith, prejudice, etc.").

It is Plaintiff's position that amendment is necessary here because he anticipates that your client will continue to attack his adequacy at class certification. Although Plaintiff stands by his position that he is an adequate class representative, *Meyer v. Portfolio Recovery*

*Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012), proposed class counsel seeks to exercise Plaintiff's rights under Rule 15 to amend the complaint to add another representative. *See, e.g., McGhee v. N. Am. Bancard, LLC*, No. 17-CV-00586-AJB-KSC, 2021 WL 5763834, at *2 (S.D. Cal. Sept. 17, 2021) (granting leave to amend under Rule 15(a)(2) related to class representative and finding no bad faith, undue delay, or prejudice). Plaintiff is asking that you stipulate to amendment to avoid motion practice and its corresponding burden on the court. Discovery has not begun and your client is therefore not prejudiced in the slightest.

Counsel will not engage with this drawn out back and forth any further. Given the several days of delay since the hearing on simply being provided with a yes or no response, please provide a yes or no answer about whether your client will stipulate to the amendment by the end of the day. If you do not provide a yes or no answer, Plaintiff will take that response as a "no" and will move for leave to amend.

Jennifer Leinbach, Esq.

Senior Attorney

**Wilshire Law Firm, PLC**

3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Direct Tel: (213) 381-9988 Ext. 487
Toll Free: (800) 926-9799
Fax: (213) 381-9989
Email:
jennifer.leinbach@wilshirelawfirm.com
Web: www.wilshirelawfirm.com

"*The highest compliment we can receive is the referral of your friends and family.*"

**Logos represent a collection of awards and memberships of one or more Wilshire Law Firm Attorneys*

How did we do?

Click to rate your experience with Wilshire Law Firm

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**
This message and (any attachments hereto) contains confidential information and is intended only for the individual named. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended recipient you should not disseminate, distribute, copy this e-mail, or disclose its contents to anyone. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Any review, use, distribution or disclosure by others is strictly prohibited. The recipient should check this email and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission, nor does the sender accept liability for damage caused by any virus transmitted by this email.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law. Please be advised that Wilshire Law Firm, PLC and its lawyers do not represent you until you have signed a retainer agreement with the firm. Until that time, you are responsible for any statutes of limitations or other deadlines for your potential case.

**From:** Harper, Jacob
**Sent:** Thursday, April 3, 2025 10:17 AM
**To:** Jennifer Leinbach, Esq.
**Cc:** Thiago Coelho, Esq.; Bae, Peter; Canner, Heather; Imakyure, Daniel; Chumahan Bowen, Esq.; Virginia Tomlinson
**Subject:** Re: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

Hi Jen,
We need a better understanding of why you feel it appropriate to amend and bring in a new plaintiff at this stage, and why you didn't do so before? Do you have a plaintiff? If so, who? How do you meet your burden to bring a plaintiff at this point? We need to understand the bases, other than the fact that you apparently now do not think Mr. Hayde is sufficient.

Jacob Harper
Davis Wright Tremaine LLP

On Apr 3, 2025, at 10:13 AM, Jennifer Leinbach, Esq. <jennifer.leinbach@wilshirelawfirm.com> wrote:

**[EXTERNAL]**

---

Hi Jacob,

For the reasons we discussed at the hearing.

You may recall, the Court asked you whether you would stipulate given all the issues you raised with our named plaintiff, including sending us a Rule 11 letter. You may further recall that you could not agree on the record, because you needed to talk to your client, and we told the Court we would email you regarding this. Therefore, we are asking you, as was represented to the Court, whether you will agree or not agree to stipulate to us adding a plaintiff. Please let us know by the end of the day.

Thanks.

Jennifer Leinbach, Esq.

Senior Attorney

**Wilshire Law Firm, PLC**

3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Direct Tel: (213) 381-9988 Ext. 487
Toll Free: (800) 926-9799
Fax: (213) 381-9989
Email:
jennifer.leinbach@wilshirelawfirm.com
Web: www.wilshirelawfirm.com

"*The highest compliment we can receive is the referral of your friends and family.*"

**Logos represent a collection of awards and memberships of one or more Wilshire Law Firm Attorneys*

How did we do?

Click to rate your experience with Wilshire Law Firm

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**

This message and (any attachments hereto) contains confidential information and is intended only for the individual named. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the intended recipient you should not disseminate, distribute, copy this e-mail, or disclose its contents to anyone. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Any review, use, distribution or disclosure by others is strictly prohibited. The recipient should check this email and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission, nor does the sender accept liability for damage caused by any virus transmitted by this email.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law. Please be advised that Wilshire Law Firm, PLC and its lawyers do not represent you until you have signed a retainer agreement with the firm. Until that time, you are responsible for any statutes of limitations or other deadlines for your potential case.

**From:** Harper, Jacob
**Sent:** Wednesday, April 2, 2025 11:56 AM
**To:** Jennifer Leinbach, Esq.; Thiago Coelho, Esq.; Bae, Peter
**Cc:** Canner, Heather; Imakyure, Daniel; Chumahan Bowen, Esq.; Virginia Tomlinson
**Subject:** RE: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

Hi, Jen. On what basis?

**Jacob Harper**
**Partner,** Davis Wright Tremaine LLP

**P** 213.633.6863 **E** jharper@dwt.com
**A** 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071

DWT.COM

---

**From:** Jennifer Leinbach, Esq. <jennifer.leinbach@wilshirelawfirm.com>
**Sent:** Tuesday, April 1, 2025 10:49 AM
**To:** Thiago Coelho, Esq. <thiago.coelho@wilshirelawfirm.com>; Harper, Jacob <JHarper@dwt.com>; Bae, Peter <PeterBae@dwt.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Imakyure, Daniel <DanielImakyure@dwt.com>; Chumahan Bowen, Esq. <chumahan.bowen@wilshirelawfirm.com>; Virginia Tomlinson <virginia.tomlinson@wilshirelawfirm.com>
**Subject:** Re: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

**[EXTERNAL]**

---

Hi Jacob,

Following up here. Can you please let us know your client's decision by EOD tomorrow?

Thanks,
Jen

Jennifer Leinbach, Esq.

Senior Attorney

**Wilshire Law Firm, PLC**

3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Direct Tel: (213) 381-9988 Ext. 487
Toll Free: (800) 926-9799
Fax: (213) 381-9989
Email:
jennifer.leinbach@wilshirelawfirm.com
Web: www.wilshirelawfirm.com

"*The highest compliment we can receive is the referral of your friends and family.*"

<image002.jpg>

**Logos represent a collection of awards and memberships of one or more Wilshire Law Firm Attorneys*

How did we do?

<image003.png><image003.png><image003.png><image003.png><image003.png>

Click to rate your experience with Wilshire Law Firm

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**
This message and (any attachments hereto) contains confidential information and is intended only for the individual named. It may also be privileged or otherwise protected by work product immunity or other le rules. If you are not the intended recipient you should not disseminate, distribute, copy this e-mail, or dis its contents to anyone. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. Any review, use, distribution or disclosure by others is prohibited. The recipient should check this email and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupt destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors omissions in the contents of this message, which arise as a result of e-mail transmission, nor does the sen accept liability for damage caused by any virus transmitted by this email.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence a be protected to the full extent of the law. Please be advised that Wilshire Law Firm, PLC and its lawyers represent you until you have signed a retainer agreement with the firm. Until that time, you are responsib any statutes of limitations or other deadlines for your potential case.

**From:** Thiago Coelho, Esq. <thiago.coelho@wilshirelawfirm.com>
**Sent:** Thursday, March 27, 2025 10:42 AM
**To:** Harper, Jacob <JHarper@dwt.com>; Bae, Peter <PeterBae@dwt.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Imakyure, Daniel <DanielImakyure@dwt.com>; Jennifer Leinbach, Esq. <jennifer.leinbach@wilshirelawfirm.com>; Chumahan Bowen, Esq. <chumahan.bowen@wilshirelawfirm.com>; Virginia Tomlinson <virginia.tomlinson@wilshirelawfirm.com>
**Subject:** RE: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

Jacob,

Please let us know if you will stipulate to us adding a class representative as mentioned during the hearing.

Thiago Coelho, Esq.
Partner

**Wilshire Law Firm, PLC**

3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Direct Tel: (213) 381-9988 Ext.229
Fax: (213) 381-9989
Email: thiago.coelho@wilshirelawfirm.com
Web: www.wilshirelawfirm.com

<image004.jpg>

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**
This message and (any attachments hereto) contains confidential information and is intended only individual named. It may also be privileged or otherwise protected by work product immunity or other lega If you are not the intended recipient you should not disseminate, distribute, copy this e-mail, or disc contents to anyone. Please notify the sender immediately by e-mail if you have received this e-mail by r and delete this e-mail from your system. Any review, use, distribution or disclosure by others is strictly pro The recipient should check this email and any attachments for the presence of viruses. E-mail transmission be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arr or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the c of this message, which arise as a result of e-mail transmission, nor does the sender accept liability for c caused by any virus transmitted by this email.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence a be protected to the full extent of the law. Please be advised that Wilshire Law Firm, PLC and its lawyers represent you until you have signed a retainer agreement with the firm. Until that time, you are respons any statutes of limitations or other deadlines for your potential case.

---

**From:** Harper, Jacob <JHarper@dwt.com>
**Sent:** Wednesday, March 26, 2025 1:46 PM
**To:** Thiago Coelho, Esq. <thiago.coelho@wilshirelawfirm.com>; Bae, Peter <PeterBae@dwt.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Imakyure, Daniel <DanielImakyure@dwt.com>; Jennifer Leinbach, Esq. <jennifer.leinbach@wilshirelawfirm.com>; Chumahan Bowen, Esq.

<chumahan.bowen@wilshirelawfirm.com>; Virginia Tomlinson
<virginia.tomlinson@wilshirelawfirm.com>
**Subject:** RE: Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

Yes, we plan to appear and argue.

**Jacob Harper**
**Partner,** Davis Wright Tremaine LLP

**P** 213.633.6863 **E** jharper@dwt.com
**A** 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071

**DWT.COM**

**From:** Thiago Coelho, Esq. <thiago.coelho@wilshirelawfirm.com>
**Sent:** Wednesday, March 26, 2025 1:43 PM
**To:** Harper, Jacob <JHarper@dwt.com>; Bae, Peter <PeterBae@dwt.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Imakyure, Daniel
<DanielImakyure@dwt.com>; Jennifer Leinbach, Esq.
<jennifer.leinbach@wilshirelawfirm.com>; Chumahan Bowen, Esq.
<chumahan.bowen@wilshirelawfirm.com>; Virginia Tomlinson
<virginia.tomlinson@wilshirelawfirm.com>
**Subject:** Hayde v. Arcadia Consumer Healthcare, Inc., No. 8:24-cv-02657

**[EXTERNAL]**

Hey Jacob,

Do you plan to submit on the tentative or do you want to dispute it?

Thiago Coelho, Esq.
Partner

**Wilshire Law Firm, PLC**

3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Direct Tel: (213) 381-9988 Ext.229
Fax: (213) 381-9989
Email: thiago.coelho@wilshirelawfirm.com
Web: www.wilshirelawfirm.com

<image004.jpg>

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**
This message and (any attachments hereto) contains confidential information and is intended only individual named. It may also be privileged or otherwise protected by work product immunity or other leg If you are not the intended recipient you should not disseminate, distribute, copy this e-mail, or disc contents to anyone. Please notify the sender immediately by e-mail if you have received this e-mail by and delete this e-mail from your system. Any review, use, distribution or disclosure by others is strictly pro The recipient should check this email and any attachments for the presence of viruses. E-mail transmission be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, ar or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the c of this message, which arise as a result of e-mail transmission, nor does the sender accept liability for caused by any virus transmitted by this email.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence a be protected to the full extent of the law. Please be advised that Wilshire Law Firm, PLC and its lawyers represent you until you have signed a retainer agreement with the firm. Until that time, you are respons any statutes of limitations or other deadlines for your potential case.

# EXHIBIT C

# ~~EXHIBIT A~~



Thiago M. Coelho (State Bar No. 324715)
*thiago.coelho@wilshirelawfirm.com*
~~Shahin Rezvani (State Bar No. 199614)~~
~~*shahin.rezvani@wilshirelawfirm.com*~~
Chumahan B. Bowen (State Bar No. 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (State Bar No. 281404)
*jennifer.leinbach@wilshirelawfirm.com*
~~Reuben Aguirre (State Bar No. 319699)~~
~~*reuben.aguirre@wilshirelawfirm.com*~~
**WILSHIRE LAW FIRM, PLC**
9701 Wilshire Blvd., 12th Floor
Los Angeles, California 90212
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for* ~~*Plaintiff*~~ *Plaintiffs*
*and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiff, Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,

Defendant.

Case No.: 8:24-cv-02657-JDE

**CLASS ACTION**

**CORRECTED [PROPOSED] SECOND AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

CORRECTE

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

~~Plaintiff~~Plaintiffs ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly~~2~~ situated, ~~brings~~bring this action based upon personal knowledge as to ~~himself~~themselves and ~~his3~~their own acts, and as to all other matters upon information and belief, based upon, *inter~~4~~ alia*, the investigation of their attorneys.

## NATURE OF THE ACTION

1. Defendant Arcadia Consumer Healthcare Inc. is a corporation headquartered in Bridgewater, New Jersey, that, among other things, manufactures and sells consumer healthcare products.

2. Defendant sells to retailers for resale certain healthcare products, including products for hair and scalp care, digestive health, vitamins, minerals, and supplements, first aid, oral care, cough and cold, and foot care.[1] Among Defendant's most successful products is its line of Fungi-Nail products sold in Pen, Ointment, and Liquid form (the "Fungi-Nail products"). Fungi-Nail products are sold by dozens of retailers throughout California and across the United States.




[1] Defendant categorizes the Fungi-Nail products in its "foot care" line of products, as do retailers. *See* https://arcadiach.com/foot-care/(last accessed Dec. 6, 2024).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

3. Many consumers, including ~~Plaintiff~~Plaintiffs, bought the Fungi-Nail products for the purpose of treating nail fungus, based on the product's name and other










WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

~~[1] Defendant categorizes the Fungi-Nail products in its "foot care" line of products, as do retailers. *See* https://arcadiach.com/foot-care/(last accessed Dec. 6, 2024).~~

advertising that suggests that the product is intended to treat, and effective at treating nail fungus.[2]

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

[2] As the graphics make clear, the misleading representations are substantially similar on the packaging for the liquid, pen and spray.

4. However, after buying the ~~product~~products based on the false impression that it "CURE[S] AND PREVENT[S]" "NAIL" "FUNGI" with "MAXIMUM STRENGTH" efficacy and applying it to their nails, consumers do not experience any improvement in their health as it relates to the presence of nail fungus.

5. Despite the name "Fungi-Nail," which suggests that the products are intended to treat, and effective at treating nail fungus, the products contain fine print on a back label disclaimer indicating that the product is *not* meant to treat nail fungus, nor is it effective at doing so.[3]

6. Defendant was aware that many consumers do not read some of the products' back label fine print that disclaims the name's assertion and other front-label representations, and was aware its Fungi-Nail products have no ability to treat nail fungus, yet it proceeded to make those claims on the products' front labels, creating the clear impression that such treatment is possible. The product labels are therefore materially misleading by plainly giving the impression that they treat nail fungus. Hundreds of thousands of consumers have purchased these products with the false belief that they treat nail fungus. Because the Fungi-Nail products do not and cannot treat nail fungus, purchasing consumers have been misled.

7. As a result of Defendant's deceptive and misleading practices, Plaintiffs ~~Plaintiff~~ and the Class members were induced to purchase Fungi-Nail products that

[3] *See, e.g.*, https://funginail.com/faqs/why-does-the-fungi-nail-labeling-say-not-effective-on-nails-and-scalp-if-it-is- called-fungi-nail/(last accessed Dec. 6, 2024).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

do not perform as advertised. Defendant has made millions of dollars in fraudulent sales to individuals who Defendant told were receiving a product that is capable of treating nail fungus. Defendant's customers did not receive the benefit of their bargain because the Fungi-Nail products do not treat nail fungus.

[2] *See, e.g.,* https://funginail.com/faqs/why-does-the-fungi-nail-labeling-say-not-effective-on-nails-and-scalp-if-it-is-called-fungi-nail/(last accessed Dec. 6, 2024).

## THE PARTIES

8. Plaintiff Eric Hayde ("Hayde") is a California citizen residing in Anaheim, California. On or about August 1, 2024, Plaintiff Hayde purchased a one-

ounce bottle of Maximum Strength Fungi-Nail Anti-Fungal Liquid, from the foot care section of Walmart located at 11822 Gilbert St., Garden Grove, California 92841 for approximately $10.44. Plaintiff Hayde has regularly applied the product to his toenails from the date of purchase, with no improvement to his nail fungus condition.

9. Plaintiff Megan Wheeler ("Wheeler") is a California citizen residing in Long Beach, California. On or about July 2023, Plaintiff Wheeler purchased a one-ounce bottle of Maximum Strength Fungi-Nail Anti-Fungal Liquid, from Amazon for approximately $9.94. Plaintiff Wheeler regularly applied the product to her toenails from the date of purchase, with no improvement to her nail fungus condition.

10. Plaintiffs Hayde and Wheeler would not have purchased Defendant's Fungi-Nail products if they knew that Fungi-Nail does not treat nail fungus.

11. Plaintiffs now know that Fungi-Nail, in its current formulation, does not treat nail fungus. Going forward, Plaintiffs will frequently visit stores that sell Fungi-Nail products. Plaintiffs, who have suffered chronic nail fungus issues, are at risk of future deception with Fungi-Nail products, because in the future they may reasonably, but incorrectly, assume the products have been improved to treat nail fungus, and might purchase a falsely labeled Fungi-Nail product again.

12. Defendant Arcadia Consumer Healthcare Inc. ("Arcadia") is a Delaware corporation with its principal offices located in Bridgewater, New Jersey. Arcadia does substantial business, including selling its health products, in California, and in the Central District specifically.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this class action pursuant to the Class

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Action Fairness Act, 28 U.S.C. § 1332(d)(2). ~~Plaintiff, a resident of the State of~~ Plaintiffs, California citizens, ~~brings~~ bring this action on behalf of a proposed class of similarly situated individuals against Defendant, a corporation incorporated and with its principal place of business

outside the State of California. The ~~matter~~amount in controversy exceeds~~19~~ $5,000,000, and the proposed class includes more than 100 members.

~~2011~~14. Venue is appropriate in the Central District under 28 U.S.C. § 1391 ~~21~~because, among other things: (a) ~~Plaintiff resides~~Plaintiffs reside within the Central District; (b) ~~22Plaintiff~~Plaintiffs purchased the product in the Central District; and (c) many of the acts and ~~23~~omissions that give rise to the claims for relief alleged in this action took place in ~~24~~the Central District.

## ~~25~~FACTUAL ALLEGATIONS

~~261~~~~2~~15. ~~Plaintiff is an individual~~Plaintiffs are individuals who purchased a Fungi-Nail product at ~~27~~Walmart and on Amazon. When ~~Plaintiff~~Plaintiffs purchased the product, the product's name "Fungi-Nail"~~28~~ suggested that it is a healthcare product intended for the medical treatment of nail

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

fungus. In addition, the front label reads in white capitalized font against a bright red background " " ("front label claim").

~~13~~16. On ~~some versions of~~ the products' back labels in fine print stating: "For athlete's foot and ringworm, use daily for 4 weeks. For athlete's foot, pay special attention to spaces between toes. If condition persists longer, consult a doctor. **This product is not effective on the scalp or nails.** Supervise children in the use of this product." (Bold added) ("back label disclaimer"). ~~Plaintiff~~Plaintiffs did not read this disclaimer because it has since been removed from his version of the product's packaging, although Defendant claims that the disclaimer was required by the FDA.[~~3~~4] Further, a reasonable consumer who read this language would not understand it to negate the front-label promise—the name of the product "Fungi-Nail," which suggests that the product is used to treat nail fungus. At most, if a reasonable consumer read the disclaimer language (most consumers, like ~~Plaintiff~~Plaintiffs, would not), they might understand the language to suggest that the disclaimer relates to *fingernails*, not toenails, given that the product is found in the foot care section.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

[~~3~~4] *See id.*

17~~14~~. ~~Plaintiff~~Plaintiffs read these statements on the product labels and relied on them when purchasing the products. ~~Plaintiff~~Plaintiffs believed that the claim "KILLS FUNGUS" for a product named "Fungi-Nail" that the product kills all fungus, including, and especially, nail fungus, including toenail fungus.

~~15~~18. The statement created a false impression. As Arcadia admits, the product does not kill nail fungus.

~~16~~19. ~~Plaintiff~~Plaintiffs purchased product believing that it would kill nail fungus. They ~~He~~ applied the product continuously over a period of several months with no improvement to the fungus on ~~his~~their toenails. ~~Plaintiff~~Plaintiffs received a product that was in fact proven to not kill nail fungus. ~~Plaintiff~~Plaintiffs did not get the product that was advertised.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## CLASS ACTION ALLEGATIONS

1720. Plaintiff bringsPlaintiffs bring this action on histheir own behalfbehaves and pursuant to Federal Rule of Civil Procedure 23. Plaintiff intendsPlaintiffs intend to seek certification of two classes defined as follows (collectively "the Classes" or "the Class members"):

> The California Class: All persons residing in the State of California who purchased the Fungi-Nail products during the period beginning four years from the date of the filing of the original Complaint to the date of class certification.

> The Nationwide Class: All persons residing in the United States who purchased the Fungi-Nail products during the period beginning four years from the date of the filing of the original Complaint to the date of class certification.

1821. Excluded from the Classes are: (a) Defendant, including any entity in which the Defendant has a controlling interest, is a parent or a subsidiary of, or which is controlled by Defendant; (b) the officers, directors, and legal representatives of Defendant; and (c) the judge and the court personnel in this case as well as any members of their immediate families. Plaintiff reservesPlaintiffs reserve the right to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

amend the definition of the Class(es) if discovery, further investigation and/or rulings by the Court dictate that it should be modified.

~~19~~22. *Numerosity*. The members of the Classes are so numerous that the joinder of all Class members is impractical. While the exact number of Class members is unknown to ~~Plaintiff~~Plaintiffs at this time, given the amount of Defendant's Fungi-Nail products sold in California, it stands to reason that the number of Class members is at least in the thousands. Class members are readily identifiable from information and records in Defendant's possession, custody, or control, such as account information and sales records.

~~20~~23. *Commonality and Predominance*. There are questions of law and fact common to Class members, which predominate over any questions affecting only

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

individual Class members. These common questions of law and fact include, without limitation:

a. Whether Defendant's products contain the name "Fungi-Nail" and whether the products' labels' contain the claim "KILLS FUNGUS";

b. Whether Defendant's product labeling created the impression among their customers that their product would kill nail fungus;

c. Whether a reasonable person would have read the statements "Fungi-Nail" and "KILLS FUNGUS" and any accompanying language to mean that the products had been scientifically proven to kill nail fungus;

d. Whether the "ANTI-FUNGAL" product kills nail fungus;

e. Whether it has been scientifically proven that the product kills nail fungus;

f. Whether Defendant knew or should have known that it had not been scientifically proven that the product fails to kill nail fungus;

g. Whether Defendant knew or should have known that the products do not kill nail fungus;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

h. The nature of the relief, including equitable relief, to which ~~Plaintiff~~Plaintiffs and Class members are entitled; and

i. Whether ~~Plaintiff~~Plaintiffs and Class members are entitled to damages, civil penalties and/or injunctive relief.

~~21~~24. *Typicality*. ~~Plaintiff~~Plaintiffs'~~s~~ claims are typical of those of other Class members because ~~Plaintiff~~Plaintiffs, like the other Class members, purchased "Fungi-Nail" products that claimed, "KILLS FUNGUS," but would not in fact kill nail fungus.

~~22~~. *Adequacy of Representation*. ~~Plaintiff~~Plaintiffs will fairly and adequately represent and protect the interests of the Class members. ~~Plaintiff~~Plaintiffs have retained competent counsel experienced in litigation of class actions, including consumer class actions, and ~~Plaintiff intends~~Plaintiffs intend to prosecute this action vigorously. ~~Plaintiff~~Plaintiffs and

1Class members have a unified and non-conflicting interest in pursuing the same 2claims and obtaining the same relief. Therefore, all Class members will be fairly 3and adequately represented by PlaintiffPlaintiffs and histheir counsel.

42326. *Superiority of Class Action*. A class action is superior to other available 5methods for the fair and efficient adjudication of the claims alleged in this action. 6The adjudication of this controversy through a class action will avoid the possibility 7of inconsistent and potentially conflicting adjudications of the asserted claims. 8There will be no difficulty in the management of this action as a class action, and 9the disposition of the claims of the Class members in a single action will provide 10substantial benefits to all parties and to the Court. Damages for any individual Class 11member are likely insufficient to justify the cost of individual litigation so that, in 12the absence of class treatment, Defendant's violations of law inflicting substantial 13damages in the aggregate would go un-remedied.

142427. Class certification is also appropriate because Defendant has acted or 15refused to act on grounds generally applicable to the Class members, such that16 final injunctive relief or corresponding declaratory relief is appropriate as to the17 Class as a whole.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## ~~18~~**<u>FIRST CAUSE OF ACTION</u>**

**~~19~~(Intentional Misrepresentation)**

**~~20~~(California Class and Nationwide Class)**

~~2125~~28. ~~Plaintiff repeats~~Plaintiffs repeat and incorporates herein by reference each and every ~~22~~allegation above if set forth fully herein.

~~2326~~29. Reasonable consumers purchase antifungal products in the foot care ~~24~~section for one reason: to kill fungus on all parts of their feet, including fungus on ~~25~~their toes and toenails. No reasonable consumer would purchase a product named ~~26~~Fungi-Nail for a purpose other than to kill fungus, including nail fungus. For ~~27~~example, reasonable consumers do not purchase anti-fungal products as a ~~28~~replacement for perfume or moisturizers.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Case 8:24-cv-02657-JDE Document 1 Filed 12/31/24 Page 18 of 19 Page ID #:41

~~27~~30. Defendant carries products in its stores for the express purpose of making sales. Product labeling plays an important role in the consumer purchase decision process for merchandise sold at mass merchandisers such as drug stores and supermarkets.

~~28~~31. Defendant represented to ~~Plaintiff~~Plaintiffs and the Class members that Fungi-Nail products would kill nail fungus. Specifically, Defendant placed an advertisement, or caused to be placed an advertisement, on its product label, which stated, "KILLS FUNGUS" ("Front Label Claim").

~~29~~32. This statement, inclusive of any disclaimer, would lead a reasonable person to conclude that the product had been proven through a scientific study to kill nail fungus. That is because the product's name is clear, leading a reasonable person to conclude that the products "KILL[] FUNGUS" including "Nail" fungus.

~~30~~33. Despite knowing that the products do not kill nail fungus, Defendant refuses to change the product's name, or at the very least, add a front label disclaimer that the product does not kill nail fungus. The reason for this is obvious: the product's name would be apparently self-contradictory, and very few, if any, consumers would purchase it. For example, Defendant's current labeling is like

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd., 12th Floor~~
~~Los Angeles, CA 90010-1137~~

selling a product named "Toothpaste" with a back-label disclaimer that the product is not meant for use on teeth. If the disclaimer were placed on the front label, the product's packaging would be readily non-sensical, as it is to the most observant consumers ~~that~~who do, in fact, read fine print.

~~31~~34. Defendant could have, but chose not to, select a more accurate statement to display on the front label of their product such as naming the product "Fungi-Foot" or "Fungi-Athlete's" or "Ringworm-Fungi." By placing the word "Nail" in the products' names, selling the items in the foot care section, and stating in bright, capitalized letters that the products "KILL[] FUNGUS," Defendant purposely chose to mislead consumers to think that the products are intended to kill nail fungus.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

~~32~~35. Reasonable consumers, without any expertise in microbiology, do not know the differences between the different types of fungus~~,~~ and that treatment for fungus on the skin of the foot may not be effective for nail fungus treatment.

~~33~~36. Despite its knowledge that it does not have any substantiation for the claim made on the front label of its Fungi-Nail products, and despite having sufficient room on the front label of the products to do so, Defendant never attempted, tried, or directed anyone to place the purportedly substantiated back label disclaimer on the front label of the product in lieu of the admittedly unsubstantiated front label claim.

~~34~~37. Reasonable consumers do not verify or second-guess the accuracy of each and every marketing claim by reading the fine-print disclaimers that may appear on the back of a package. This is especially true if they believe the brand to be trustworthy. Reasonable consumers cannot be expected to analyze every line of text that appears on a package before making a purchase.

~~35~~38. Defendant knew that the claim that the product "KILLS [all] FUNGUS" including "Nail" fungus was false when Defendant made it, and/or made the representation recklessly and without regard for its truth. Defendant intended

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd., 12th Floor~~
~~Los Angeles, CA 90010-1137~~

~~18~~that ~~Plaintiff~~ Plaintiffs, and the Class members, rely on the representations. The advertisement~~19~~ was placed on the front labels of the products for the sole purpose of inducing~~20~~ customers to purchase the products. Defendant understood, or should have ~~21~~understood, that a reasonable person would read the front label's promise to indicate ~~22~~that the product would kill all fungus, including nail and toenail fungus.

~~2336~~39. The claim that the "Fungi-Nail" product "KILLS FUNGUS" is a ~~24~~product attribute. Defendant intended for reasonable consumers to instantaneously ~~25~~convert this product attribute into a material benefit, *i.e.*, that purchasing the product ~~26~~would treat and cure the consumer's nail fungus.

~~2737~~40. ~~Plaintiff~~ Plaintiffs and the Class members reasonably relied on the representation~~28~~ that the product kills nail fungus. Based on that belief, ~~Plaintiff~~Plaintiffs and the Class

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

members purchased the products.

~~238~~41. Because Defendant's Fungi-Nail products are not capable of killing nail fungus, reasonable consumers are misled and deceived by Defendant's packaging of their Fungi-Nail products.

~~539~~42. As a result, ~~Plaintiff~~Plaintiffs and the Class members were harmed when they purchased the products that have not been proven to kill nail fungus. ~~Plaintiff~~Plaintiffs'~~s~~ and the Class members' nail fungus condition was not treated by the products. ~~Plaintiff~~Plaintiffs and the Class members paid for a product that they would not otherwise have purchased.

~~1040~~43. Had Defendant's front-label packaging disclosed that the products were incapable of killing nail fungus, such disclosure would have adversely affected consumers' willingness to purchase the Fungi-Nail products. Consumers would see the fact that the products are ineffective at killing nail fungus, and such a fact would be material to their purchasing decisions.

~~1541~~44. ~~Plaintiff~~Plaintiffs'~~s~~ and the Class members' reliance on Defendant's representations was a substantial factor in causing this harm. Had ~~Plaintiff~~Plaintiffs and the Class members known that it had the products in fact do not kill nail fungus, they

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd, 12th Floor~~
~~Los Angeles, CA 90010-1137~~

~~18~~would not have purchased the products.

~~1942~~45. As a direct and proximate result of Defendant's intentional ~~20~~misrepresentation, ~~Plaintiff~~Plaintiffs and the Class members have suffered injury and are ~~21~~entitled to damages in an amount to be proven at trial but more than the minimum ~~22~~jurisdictional requirement of this Court.

## ~~23~~<u>SECOND CAUSE OF ACTION</u>

## ~~24~~(Negligent Misrepresentation)

## ~~25~~(California Class and Nationwide Class)

~~2643~~46. ~~Plaintiff repeats~~Plaintiffs repeat and incorporates herein by reference each and every ~~27~~allegation above if set forth fully herein.

~~2844~~47. Defendant represented to ~~Plaintiff~~Plaintiffs and the Class members that Fungi-

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

Nail products would kill nail fungus. Specifically, Defendant placed an advertisement, or caused to be placed an advertisement, on its product label, which stated, “Fungi-Nail” and “KILLS FUNGUS.”

~~45~~48. This statement, inclusive of any disclaimer, would lead a reasonable person to conclude that the product kills nail fungus.

~~46~~49. These representations were false. It has not been proven in any scientific study that the products killed nail fungus. In fact, it has been proven, by Defendant’s own admission, that the products did not kill nail fungus.

~~47~~50. Defendant had no reasonable grounds for believing that the “KILLS FUNGUS” and “Fungi-Nail” representations were true when they made them.

~~48~~51. Defendant intended that ~~Plaintiff~~Plaintiffs and the Class members rely on the representations. The advertisement was placed on product packaging and on the product itself for the sole purpose of inducing customers to purchase the product. Defendant understood, or should have understood, that a reasonable person would read nail fungus promises to indicate that a scientific study supported that the product kills nail fungus.

~~49~~52. ~~Plaintiff~~Plaintiffs and the Class members reasonablyrelied on the

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd, 12th Floor~~
~~Los Angeles, CA 90010-1137~~

representations. ~~Plaintiff~~Plaintiffs and the Class members believed that a scientific study proved that the products would kill nail fungus. Based on that belief, and because of it, desiring to treat their nail fungus condition, ~~Plaintiff~~Plaintiffs and the Class members purchased the product.

~~50~~53. As a result, ~~Plaintiff~~Plaintiffs and the Class members were harmed when they purchased the Fungi-Nail products that in fact were incapable of treating nail fungus. ~~Plaintiff~~Plaintiffs and the Class members were not able to treat their nail fungus with the products. ~~Plaintiff~~Plaintiffs and the Class members also paid for products that they would not otherwise have purchased.

~~51~~54. ~~Plaintiff~~Plaintiffs and the Class members' reliance on Defendant's representations was a substantial factor in causing this harm. Had ~~Plaintiff~~Plaintiffs and the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Class members known that the products did not treat nail fungus, ~~Plaintiff~~Plaintiffs and the Class members would not have purchased the products.

~~52~~55. As a direct and proximate result of Defendant's intentional misrepresentation, ~~Plaintiff~~Plaintiffs and Class members have suffered injury and are entitled to damages in an amount to be proven at trial but more than the minimum jurisdictional requirement of this Court.

**THIRD CAUSE OF ACTION**

**(Violation of California False Advertising Law,**

**Cal. Bus. & Prof. Code §§ 17500 et. seq.)**

**(California Class)**

~~53~~56. ~~Plaintiff repeats~~Plaintiffs repeat and incorporates herein by reference each and every allegation above if set forth fully herein.

~~54~~57. Defendant's statements on the product labels that the products kill nail fungus were false. No scientific study proves that the products kill nail fungus, and on information and belief, studies prove that the products do not kill nail fungus. These advertisements were made by Defendant on product labels and packaging to California residents.

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd, 12th Floor~~
~~Los Angeles, CA 90010-1137~~

~~18~~~~55~~58. Alternatively, the statements that the product would kill fungus, ~~19~~combined with the disclaimer on the back of the packaging, created the false ~~20~~impression that the product would kill toenail fungus, but not fingernail or scalp ~~21~~fungus, and because the disclaimer, on the back of the product and in a smaller font, ~~22~~did not detract from that impression in that it merely provided a corollary statement ~~23~~which was not inconsistent with the overall claim that the product killed nail fungus ~~24~~on feet.

~~25~~~~56~~59. To the extent that it exists at all, the statement on the back of the bottle, ~~26~~in smaller font, that the product is "not effective on the scalp or nails", the promise ~~27~~on the front of the bottle that the product "KILLS FUNGUS" and "Fungi-Nail" in ~~28~~particular. A reasonable consumer would believe, after reading both statements, that

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the product will in fact kill toenail fungus, even if it may not be as effective on the fingernails. Therefore, the advertising is both misleading in fact and has a capacity, likelihood or tendency to deceive or confuse the public.

~~57~~60. ~~Plaintiff~~Plaintiffs and the Class members relied on the advertisements by purchasing the products which they believed had been proven to kill toenail fungus. The representation that the products would "KILL[] FUNGUS" and "Fungi-Nail" in particular, were material to ~~Plaintiff~~Plaintiffs'~~s~~ and the Class members' decisions to purchase the products.

~~58~~61. As a result, ~~Plaintiff~~Plaintiffs and the Class members were damaged. ~~Plaintiff~~Plaintiffs and the Class members did not receive the benefits of their bargains and used products which had not been proven to kill toenail fungus, and in fact, were not effective on toenail fungus. ~~Plaintiff~~Plaintiffs and the Class members paid for a product that they would not have purchased had they known the truth.

~~59~~62. ~~Plaintiff~~Plaintiffs have suffered monetary injury in fact as a direct and proximate result of the violations of the False Advertising Law committed by Defendant as alleged herein in an amount to be proven at trial but more than the minimum jurisdictional amount of this Court.

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd., 12th Floor~~
~~Los Angeles, CA 90010-1137~~

## 18FOURTH CAUSE OF ACTION

**19(Violation of the Unfair Competition Law ("UCL"),**

**20Cal. Bus. & Prof. Code §§ 17200 et seq.)**

**21(California Class)**

226063. Plaintiff repeatsPlaintiffs repeat and incorporates herein by reference each and every 23allegation above if set forth fully herein.

246164. By its actions and conduct as alleged herein, Defendant has committed 25one or more acts of unfair competition within the meaning of California26 Business and Professions Code § 17200 ("UCL") that constitute unfair, unlawful27 and/or fraudulent business practices as those terms are defined under California law.

286265. Defendant's business practices are unfair under the UCL because

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Defendant has acted in a manner that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to PlaintiffPlaintiffs and the Class members. These business practices, described above, include creating false advertisements on product packaging and directly on the product itself. The false advertisements are substantially injurious because they induce consumers to make purchases that they would not otherwise make, in expectation of receiving benefits that they do not receive. Further, the impact of the practice against PlaintiffPlaintiffs and the Class members far outweighs any possible justification or motive on the part of Defendant. The impact on PlaintiffPlaintiffs and the Class members has been described. Defendant has no justification for including a false inducement to purchase its product. PlaintiffPlaintiffs and the Class members could not reasonably have avoided this injury because they relied on Defendant's advertisement as to the quality and characteristics of the products being sold, as all consumers who rely on the verity of product advertising must do.

6366. Defendant's false advertisement is violative of public policy as expressed in the False Advertising Law. Each of these statutes strictly forbids false advertisement such as Defendant has disseminated and/or caused to be disseminated

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

~~18~~and represent expressions of public policy against this practice.

~~1964~~67. Defendant's business practices are also unfair because they ~~20~~significantly threaten or harm competition. Competition is fostered by an ~~21~~environment in which information can be relied upon, so that consumers can make ~~22~~wise decisions, and so that products which accurately reflect the consumers' wishes ~~23~~can flourish.

~~2465~~68. As shown above, Defendant's business practices are also unlawful ~~25~~because they violate the False Advertising Law.

~~2666~~69. Defendant's business practices are also fraudulent under the UCL ~~27~~because they constitute representations to the public which are likely to deceive the ~~28~~public. The representations indicate that it has been proven that the product will kill

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

toenail fungus, when in fact it has not been so proven, and, instead, it has been proven that the product will not kill toenail fungus. The public, receiving these representations, is likely to believe that it has been proven that the product will kill toenail fungus, and is so deceived.

~~67~~70. Defendant's representations are likely to deceive the public because they are untrue and because they create the impression that the product has been proven to kill toenail fungus. A reasonable consumer would be likely to believe that, if Defendant names their product "Fungi-Nail," that it has in fact been proven to kill nail fungus, including toenail fungus.

~~68~~71. ~~Plaintiff~~Plaintiffs and the Class members relied on these representations when they purchased the Fungi-Nail products, which they would not have otherwise purchased.

~~69~~72. ~~Plaintiff has~~Plaintiffs have suffered monetary injury in fact as a direct and proximate result of the acts of unfair competition committed by Defendant as alleged herein in an amount to be proven at trial but more than the minimum jurisdictional amount of this Court.

**FIFTH CAUSE OF ACTION**

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd, 12th Floor~~
~~Los Angeles, CA 90010-1137~~

**~~18~~(Breach of Express Warranty)**

**~~19~~(California Class and Nationwide Class)**

~~2070~~73. ~~Plaintiff repeats~~Plaintiffs repeat and incorporates herein by reference each and every ~~21~~allegation above if set forth fully herein.

~~2271~~74. Defendant expressly warranted through its advertising, marketing ~~23~~materials, and product labeling that the Fungi-Nail products were intended to treat, ~~24~~and effect at treating nail fungus, including toenail fungus.

~~2572~~75. ~~Plaintiff~~Plaintiffs relied on these express representations and warranties in ~~26~~purchasing the Fungi-Nail products.

~~2773~~76. Contrary to Defendant~~'~~’s express warranties, the Fungi-Nail products ~~28~~did not conform to the advertised representations. Specifically, the products were

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

not intended to treat, and were not effective at treating nail fungus, including toenail fungus.

~~74~~77. As a direct and proximate result of Defendant’s breach of express warranty, ~~Plaintiff~~Plaintiffs suffered damages, including but not limited to financial loss, inconvenience, and pain and suffering caused by attempting to treat their nail fungus with a product that was not effective at treating nail fungus, when an effective nail fungus treatment could have been substituted for Defendant’s product.

**SIXTH CAUSE OF ACTION**

**(California Civil Code § 1770(a)(5) “California Consumer Legal Remedies Act”)**

**(California Class)**

~~75~~78. ~~Plaintiff repeats~~Plaintiffs repeat and incorporates herein by reference each and every allegation above if set forth fully herein.

~~76~~79. Defendant~~'~~’s conduct constitutes unfair or deceptive acts or practices in violation of the California Civil Code § 1770(a)(5) (“CLRA”), which prohibits representing that goods have characteristics, uses, or benefits which they do not have.

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd, 12th Floor~~
~~Los Angeles, CA 90010-1137~~

187780. Defendant's actions were intended to and did result in the sale of the 19Fungi-Nail products to PlaintiffPlaintiffs and other consumers under false pretenses.

207881. Concurrent with the filing of this ComplaintOn December 6, 2024, Plaintiff hasHayde sent a letter21 to Defendant placing it on notice of the CLRA violation.

227982. Plaintiff intends to amend hisAs of the date this Second Amended Complaint to confirm thatwas filed, Defendant's 23conduct remains in violation of the CLRA if Defendant does not rectify its conduct 24with regard to the Fungi-Nail products within 30 days.

## 25PRAYER FOR RELIEF

26WHEREFORE, PlaintiffPlaintiffs, individually and on behalf of the Class, prayspray for 27relief as follows:

28(1) For compensatory damages in an amount to be proven at trial;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Case 8:24-cv-02657-JDE Document 3 Filed 12/31/24 Page 19 of 19 Page ID #:50

(2) For restitutionary damages in an amount to be proven at trial;

(3) For affirmative injunctive relief mandating that Defendant remove the false advertisements from their product and product packaging;

(4) For costs of suit and litigation expenses;

(5) For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

~~Plaintiff~~Plaintiffs, on behalf of ~~himself~~themselves and all others similarly situated, hereby ~~demands~~demand a jury trial for all claims so triable.

Dated: ~~December 31~~April 9, ~~2024~~2025 **WILSHIRE LAW FIRM, PLC**

~~/s/ Shahin Rezvani~~ */s/ draft*

~~Shahin Rezvani~~

Thiago M. Coelho

*Attorneys for Plaintiff Hayde and Plaintiff Wheeler and the Proposed Classes*

~~WILSHIRE LAW FIRM, PLC~~
~~3055 Wilshire Blvd, 12th Floor~~
~~Los Angeles, CA 90010-1137~~

Document comparison by Workshare Compare on Thursday, April 10, 2025 12:20:55 AM

| **Input:** | |
|---|---|
| Document 1 ID | file://\\DWT.COM\WorkSpace\FileDirector\V-WL-PeliJ\Desktop\Working\Im\Corrected complaint 123124 4927-0610-5111 v.1.pdf |
| Description | Corrected complaint 123124 4927-0610-5111 v.1 |
| Document 2 ID | file://\\DWT.COM\WorkSpace\FileDirector\V-WL-PeliJ\Desktop\Working\Im\DRAFT_SAC_Arcadia_Fungi-Nail_April 9.pdf |
| Description | DRAFT_SAC_Arcadia_Fungi-Nail_April 9 |
| Rendering set | Standard |

| **Legend:** | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 767 |
| Deletions | 708 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |

| | |
|---|---|
| Total changes | 1475 |