DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
  *danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>Defendant. | Case No. 8:24-cv-02657-JDE<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION PURSUANT TO LOCAL RULE 37 FOR DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND DOCUMENTS**<br><br>Assigned to the Hon. John D. Early<br><br>Dept.:      Courtroom 6A<br>Date:      October 30, 2025<br>Time:      10:00 a.m.<br><br>Discovery Cutoff: September 25, 2026<br>Pretrial Conf.:    February 18, 2027<br>Trial Date:        March 2, 2027 |

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

## TABLE OF CONTENTS

**Page**

INTRODUCTORY STATEMENTS................................................................1

    A.    Arcadia's Introductory Statement ......................................1

    B.    Plaintiffs' Introductory Statement......................................4

DISCOVERY REQUESTS IN DISPUTE ..................................................6

DOCUMENT REQUESTS ATTACHED TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF ERIC HAYDE ..................................6

DOCUMENT REQUEST NO. 1 TO MR. HAYDE:..................................6

    ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 1: ..................................................................7

    MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................10

DOCUMENT REQUEST NO. 2 TO MR. HAYDE:..................................10

    ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 2: ..................................................................11

    MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................13

DOCUMENT REQUEST NO. 3 TO MR. HAYDE:..................................14

    ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 3: ..................................................................15

    MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................18

DOCUMENT REQUEST NO. 4 TO MR. HAYDE:..................................18

    ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 4: ..................................................................19

    MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................21

DOCUMENT REQUEST NO. 5 TO MR. HAYDE:..................................21

    ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 5: ..................................................................22

ii

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ...................25

DOCUMENT REQUEST NO. 6 TO MR. HAYDE:..................................25

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 6: ...............................................................................26

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: .................28

DOCUMENT REQUEST NO. 7 TO MR. HAYDE:..................................28

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 7: ...............................................................................30

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: .................32

DOCUMENT REQUEST NO. 8 TO MR. HAYDE:..................................32

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 8: ...............................................................................33

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: .................35

DOCUMENT REQUEST NO. 9 TO MR. HAYDE:..................................36

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 9: ...............................................................................37

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: .................39

DOCUMENT REQUEST NO. 10 TO MR. HAYDE:..................................40

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 10: ...............................................................................40

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: .................42

DOCUMENT REQUEST NO. 11 TO MR. HAYDE:..................................43

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 11: ...............................................................................46

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: .................48

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DOCUMENT REQUEST NO. 12 TO MR. HAYDE:.................................49

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 12: ..................................................................................................52

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................55

DOCUMENT REQUEST NO. 13 TO MR. HAYDE:.................................56

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 13: ..................................................................................................58

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................60

DOCUMENT REQUEST NO. 14 TO MR. HAYDE:.................................61

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 14: ..................................................................................................62

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................64

DOCUMENT REQUEST NO. 15 TO MR. HAYDE:.................................65

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 15: ..................................................................................................66

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................67

DOCUMENT REQUEST NO. 16 TO MR. HAYDE:.................................68

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 16: ..................................................................................................69

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................70

DOCUMENT REQUEST NO. 17 TO MR. HAYDE:.................................71

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 17: ..................................................................................................72

MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ..................74

DOCUMENT REQUESTS ATTACHED TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF MEGAN WHEELER ..............................75

iv

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DOCUMENT REQUEST NO. 1 TO MS. WHEELER:................................75

ARCADIA'S REASONS FOR COMPELLING A FURTHER
RESPONSE FROM MS. WHEELER TO REQUEST
NO. 1:........................................................................76

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS
FOR COMPELLING A FURTHER RESPONSE: ..................78

DOCUMENT REQUEST NO. 2 TO MS. WHEELER:................................78

ARCADIA'S REASONS FOR COMPELLING A FURTHER
RESPONSE FROM MS. WHEELER TO REQUEST
NO. 2:........................................................................79

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS
FOR COMPELLING A FURTHER RESPONSE: ..................82

DOCUMENT REQUEST NO. 3 TO MS. WHEELER:................................82

ARCADIA'S REASONS FOR COMPELLING A FURTHER
RESPONSE FROM MS. WHEELER TO REQUEST
NO. 3:........................................................................83

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS
FOR COMPELLING A FURTHER RESPONSE: ..................86

DOCUMENT REQUEST NO. 4 TO MS. WHEELER:................................86

ARCADIA'S REASONS FOR COMPELLING A FURTHER
RESPONSE FROM MS. WHEELER TO REQUEST
NO. 4:........................................................................87

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS
FOR COMPELLING A FURTHER RESPONSE: ..................89

DOCUMENT REQUEST NO. 5 TO MS. WHEELER:................................89

ARCADIA'S REASONS FOR COMPELLING A FURTHER
RESPONSE FROM MS. WHEELER TO REQUEST
NO. 5:........................................................................90

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS
FOR COMPELLING A FURTHER RESPONSE: ..................93

DOCUMENT REQUEST NO. 6 TO MS. WHEELER:................................93

ARCADIA'S REASONS FOR COMPELLING A FURTHER
RESPONSE FROM MS. WHEELER TO REQUEST
NO. 6:........................................................................94

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS
FOR COMPELLING A FURTHER RESPONSE: ..................97

DOCUMENT REQUEST NO. 7 TO MS. WHEELER:................................97

ARCADIA'S REASONS FOR COMPELLING A FURTHER

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

RESPONSE FROM MS. WHEELER TO REQUEST NO. 7:................................................................98

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ...............100

DOCUMENT REQUEST NO. 8 TO MS. WHEELER:............................100

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 8:................................................................101

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ...............103

DOCUMENT REQUEST NO. 9 TO MS. WHEELER: ............................104

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 9:................................................................105

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ...............106

DOCUMENT REQUEST NO. 10 TO MS. WHEELER: ..........................107

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 10:................................................................108

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ...............110

DOCUMENT REQUEST NO. 11 TO MS. WHEELER: ..........................110

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 11:................................................................111

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ...............113

DOCUMENT REQUEST NO. 12 TO MS. WHEELER: ..........................113

ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 12:................................................................114

MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE: ...............116

DISPUTE FOR RESOLUTION:  ARCADIA'S FEES .....................................117

A.    Arcadia's Position:  The Federal Rules Mandate Awarding Arcadia's Fees................................................................117

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs Eric Hayde and Megan Wheeler (together, Plaintiffs), together with Defendant Arcadia Consumer Healthcare Inc. (Arcadia) (collectively with Plaintiffs, the Parties), submit the following Joint Stipulation Pursuant to Local Rule 37 for Arcadia's Motion to Compel Further Responses and Documents.

## INTRODUCTORY STATEMENTS

### A.   Arcadia's Introductory Statement

Nearly three months ago—on June 27, 2025—Arcadia served Plaintiffs with Amended Deposition Notices pursuant to Federal Rules 26 and 30, setting dates for Plaintiffs' depositions (July 30, 2025 for Mr. Hayde and July 31, 2025 for Ms. Wheeler).  Arcadia's Amended Notices also included 29 requests for production of documents (RFP)—17 with Mr. Hayde's deposition notice, and 12 with Ms. Wheeler's deposition notice.  (Declaration of Peter Bae (Bae Decl.) ¶ 2, Ex. A (Am. Notices of Pls.' Depositions).)  As discussed below, however, Plaintiffs unilaterally refused to appear for their depositions and have not produced a single document, despite a handful of nominal agreements to do so and a smattering of inappropriate, inadequate objections.  Plaintiffs' unreasonable delays and baseless objections hamstring Arcadia's ability to oppose class certification or prepare for trial. Arcadia therefore respectfully requests that the Court order Plaintiffs, within dates certain, to produce (a) supplemental responses without improper objections; and (b) all non-privileged documents responsive to Arcadia's requests for production.

As explained in detail below, Arcadia's requests seek documents that are not only relevant to Plaintiffs' claims, but also Arcadia's anticipated defenses.  For starters, Arcadia's requests seek basic documents relevant to the circumstances of Plaintiffs' purported purchase of the Fungi-Nail product at issue, including documents related to what Plaintiffs purportedly saw when they purchased the product, Plaintiffs' purchasing habits, and the information Plaintiffs considered material when making their purchases.  (Hayde RFP 1–3, 6–9, 15–17; Wheeler RFP 1, 2, 6–12.)  In addition, Arcadia's requests seek documents related to Plaintiffs'

1

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

attempts to seek a refund for the Fungi-Nail product, if any, which are relevant to whether their purported injuries are self-inflicted or could otherwise have been mitigated, which would obviate their standing to prosecute their claims.  (Hayde RFP 3; Wheeler RFP 3.)  Further, Arcadia seeks communications between Plaintiffs and third parties related to the issues in their complaint, which not only bear on the credibility of their claims, but also upon their past experience as class representatives.  (Hayde RFP 4–5; Wheeler RFP 4–5.)  Finally, Arcadia seeks documents related to the manner in which Plaintiffs became parties to this action, which are relevant to whether Plaintiffs made their purchase for the purposes of litigation, or whether they were actually misled by the challenged labeling.  (Hayde RFP 14, 17; Wheeler RFP 9, 12.)

Arcadia's requests also seek documents relevant to class certification.  For example, Arcadia seeks documents related to Mr. Hayde's felony convictions and prior litigation, which are relevant to, and impinge upon, his adequacy and overall ability to represent a putative class.  (Hayde RFP 7–13.)  Additional requests seek documents related to potential conflicts of interest between Plaintiffs and absent class members, which are also relevant to their capacity to serve as class representatives.  (Hayde RFP 14–15; Wheeler RFP 9, 10, 12.)  Arcadia also seeks documents related to Arcadia's anticipated defenses at certification based on unique or individualized circumstances of Plaintiffs' purported purchases, including Ms. Wheeler's online Amazon purchase, as well as Plaintiffs' motivations in bringing this action.  (Hayde RFP 7–10; Wheeler RFP 7–8.)

### 1.    Procedural History

On June 27, 2025, Arcadia personally served notices of Mr. Hayde's and Ms. Wheeler's depositions for July 30 and July 31, respectively, with requests for production of documents related to their alleged claims, including their purported purchases of Arcadia's Fungi-Nail product.  (Bae Decl. ¶ 2, Ex. A.)  On July 17, 2025, Plaintiffs objected to their deposition notices, alleging they were "unavailable

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

on [the noticed] date[s] due to prior commitments." (*Id.* ¶ 3, Ex. B (Pls.' Objs.).) Although Plaintiffs committed to searching for the "physical packaging" of the Fungi-Nail product and producing documents reflecting their "purchase of the product," they objected to every other request based on assertions of ambiguity and overbreadth, despite the fact that the requests are tailored to the allegations in their complaint, the product they put at issue, and ability to serve as putative plaintiffs—all of which fall squarely within the scope of permissible discovery. (*See id.*)

Not only did Plaintiffs and their counsel fail to appear for depositions, but they also have not produced any documents. Neither plaintiff sought a protective order to delay their duly-noticed depositions. Arcadia intended to move to compel Plaintiffs' depositions, but is deferring this issue given their confirmation of deposition dates. Arcadia reserves all rights if Plaintiffs fail to appear again.

On August 15, 2025, counsel for Arcadia sent a Local Rule 37-1 Letter to Plaintiffs' counsel seeking to meet and confer on Plaintiffs' nonappearances at depositions and failure to produce documents. On August 25, 2025, counsel for the parties attended Arcadia's prefiling conference of counsel. At the conferral, Plaintiffs' counsel stated that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. To date, Arcadia's attorneys have not received a formal or otherwise written response to Arcadia's Letter from Plaintiffs.

## 2.    Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. Rule 26(b)(1). FRCP 37 "allows a party to move for an order compelling disclosures or discovery" "when required disclosures aren't made." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing discovery should not be allowed." *Netlist Inc. v. Samsung*

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Elecs. Co., Ltd.*, 341 F.R.D. 650, 661 (C.D. Cal. 2022).  Discovery into class certification issues is also relevant.  *See, e.g.*, *Balarezo v. Nth Connect Telecom, Inc.*, 2008 WL 2705095, at *3 (N.D. Cal. July 8, 2008) (compelling discovery requests relevant to post-certification).

### B.    Plaintiffs' Introductory Statement

Defendant asks the Court to compel expansive document discovery tied to deposition notices it served for July 30–31, 2025, and to obtain fees, even though Plaintiffs promptly advised those unilateral dates did not work, offered alternative October availability, and invited reasonable advance production before the depositions. Defendant did not serve renewed notices. Instead, it chose motion practice based on stale notices despite advance written notice that the selected dates were unworkable. Plaintiffs remain ready to sit for depositions on mutually agreeable dates and to produce targeted, non-privileged materials in a measured sequence.

The motion is premature and overbroad. The Scheduling Order sets a long fact-discovery runway and directs phased discovery with collaboration. Defendant has decided to not work collaboratively, has declined to re-notice the depositions, and instead moved to compel.

### 1.    Procedural History

Defendant personally served amended deposition notices for Mr. Hayde set for July 30, 2025, and Ms. Wheeler set for July 31, 2025, each with attached Requests for Production. (Bowen, Decl., ¶ 2) Plaintiffs served written objections on July 17, 2025, before the noticed dates, advising of unavailability and inviting coordination of new dates. (Bowen, Decl., ¶ 3.)

On August 15, 2025, Defendant sent a Local Rule 37-1 letter seeking dates in a September 9–12 window. (Bowen, Decl., ¶ 4.) Counsel met and conferred on August 25. (*Id.*) The parties agreed Plaintiffs would provide a written response to the letter. (*Id.*) No deadline was set by either side. Plaintiffs confirmed this

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

agreement in an email that day, and Defendant did not object. (*Id*., ¶ 4, Ex. 1.) Plaintiffs also offered October availability for both depositions and proposed discussing reasonable document categories for advance production. (*Id*., ¶ 5.) Defendant has not served renewed deposition notices. (*Id*., ¶ 5.)

Plaintiffs sent their written response on September 25, 2025, reiterating availability, proposing targeted categories, and suggesting entry of a standard protective order to expedite production. (*Id*., ¶ 6 Ex. 2.) Defendant did not respond and still did not re-notice depositions. (*Id*., ¶ 6.)

Additionally, Plaintiffs have requested that the Defendant agree to sign this Court's model protective order on multiple occasions without response. (*Id*., ¶ 7.) Plaintiffs' counsel requested the Defendant agree to the suggested protective order on July 16, 2025. (*Id*., ¶ 7.) Plaintiffs' counsel requested Defendant agree to the protective order on September 29, 2025, with a requested response time of October 1 at 3 p.m., and Defendant did not respond. (*Id*., ¶ 7.)

The Court's Scheduling Order sets a fact-discovery cut-off of September 25, 2026, and grants the parties' joint request for phased discovery with class certification discovery to precede merits discovery. (*Id*., ¶ 8.) It directs the parties to resolve disputes collaboratively. (*Id*., ¶¶ 8-9.) Defendant is not holding up its duty to resolve these disputes collaboratively. (*Id*., ¶¶ 4-8.)

### 2.    Legal Standard

Discovery must be "relevant to any party's claim or defense" and "proportional to the needs of the case," considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues," and whether "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court must also limit discovery that is "unreasonably cumulative or duplicative," or that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R.

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Civ. P. 26(b)(2)(C)(i). The moving party bears the burden to show entitlement to the specific relief sought—e.g., on a motion to compel, the movant must first establish the relevance of the information requested. *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009). Protective principles apply to requests that intrude on privacy, privilege, or impose undue burden: for "good cause," a court may enter an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Privileged and work-product material lies outside the scope of discovery. Fed. R. Civ. P. 26(b)(1), (b)(3).

## DISCOVERY REQUESTS IN DISPUTE

## DOCUMENT REQUESTS ATTACHED TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF ERIC HAYDE

## DOCUMENT REQUEST NO. 1 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO YOUR purchase of the PRODUCT, including but not limited to receipts, and bank or credit card statements reflecting such purchase.

## MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 1:

Plaintiff objects to this request to the extent it is overly broad and seeks documents beyond what is necessary to establish the fact of purchase. The inclusion of "bank or credit card statements" implicates unrelated private financial transactions wholly irrelevant to this litigation. Plaintiff objects to this request to the extent it seeks highly personal and sensitive financial information, including bank and credit card records, which implicate Plaintiff's right to privacy under federal law and the California Constitution, Article I, § 1. Such documents may only be discoverable if narrowly tailored and subject to a protective order. Plaintiff objects to this request to the extent it seeks cumulative or duplicative documents. If a receipt or confirmation has already been provided or will be produced, additional financial records such as full bank or credit card statements are unnecessary and disproportionate to the needs of the case. Federal Rule of Civil Procedure 26(b)(1).

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff objects to this request to the extent it seeks documents not within Plaintiff's current possession, custody, or control, including documents held by third-party financial institutions. Plaintiff objects to the extent this request seeks confidential information that is subject to redaction or limitation under a stipulated protective order or court order.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control sufficient to reflect Plaintiff's purchase of the product at issue, including any receipts or confirmations of sale, and will do so at a mutually agreeable time or pursuant to an agreed protective order. Plaintiff reserves the right to redact unrelated transactions from any financial records produced.

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 1:

Hayde RFP No. 1 seeks highly relevant records regarding Mr. Hayde's actual purchase and purchase history of the Fungi-Nail product *he put at issue in this litigation*.  Mr. Hayde nominally agreed to produce some subset of responsive documents "sufficient to reflect" his purchase, but (a) has failed to produce *any* documents in response, and (b) fails to assert any legitimate objections justifying withholding other responsive documents.

*Relevance.*  The requested documents are highly relevant.  Beyond the basic necessity that Mr. Hayde adequately prove up his standing—i.e., that he in fact purchased Fungi-Nail product that is the subject of this litigation—these documents are relevant to the circumstances of Mr. Hayde's alleged purchase, as well as his adequacy and typicality as class representative, as they bear on, for example, whether Mr. Hayde made his purchase solely for the purposes of litigation or whether Mr. Hayde was actually misled by the label, and also are relevant to information concerning Mr. Hayde's purchasing habits and the factors and information he considers material when making purchases.  *See, e.g.*, *Mazza v. Am.*

7

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

*Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012) (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022); *Red v. Kraft Foods, Inc.*, 2011 WL 4599833, at *11–12 (C.D. Cal. Sept. 29, 2011) (plaintiffs' purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality, materiality); *Sperling v. Stein Mart, Inc.*, 2017 WL 90370, at *4 (C.D. Cal. Jan. 10, 2017) ("Plaintiff's shopping habits are relevant to the claims and defenses in this action."); *Jovel v. Boiron, Inc.*, 2014 WL 1027874, at *4 (C.D. Cal. Feb. 27, 2014) ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)).  The Request is narrowly tailored to only transactions involving purchase of Fungi-Nail product.

***Mr. Hayde Failed to Produce Documents as Stated in Response.***  On July 17, 2025, Mr. Hayde agreed to produce limited documents in response to this Request, stating he would produce a narrowed set of documents purportedly "sufficient to reflect Plaintiff's purchase of the product at issue," but has thus far entirely failed to do so.  (Bae Decl. ¶ 3.)  In view of Mr. Hayde's unjustified failure to timely produce any documents, Mr. Hayde should be compelled to produce supplemental responses without the improper objections and all responsive documents within fourteen (14) days.  Mr. Hayde's continued delay (or refusal) will further prejudice Arcadia's ability to prepare to oppose class certification and for trial.  *See Smith v. Cnty. of Los Angeles*, 2016 WL 11757749, at *3 (C.D. Cal. Apr. 20, 2016) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial … [t]he law … presumes prejudice from unreasonable delay" (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (alteration and second omission in original))).

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

***Mr. Hayde's Other Objections Fail.*** Mr. Hayde's refusal to produce an unknown majority of documents—i.e., *all* responsive documents rather than documents "sufficient to show"—is without basis. As stated in Arcadia's August 15, 2025 Local Rule 37-1 Letter (Bae Decl. ¶ 5, Ex. C), Mr. Hayde provides no objection justifying his unilateral limitation. Mr. Hayde's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Mr. Hayde] has deemed cumulative to determine the accuracy of [Mr. Hayde]'s characterization." *Kajeet, Inc. v. Qustodio, LLC*, 2019 WL 8060078, at *12 (C.D. Cal. Oct. 22, 2019). Mr. Hayde's privacy objections concerning his financial information are also invalid; the Request "by definition only seek[s] information that Plaintiff contends supports allegations" regarding Mr. Hayde's *own purchases* of the Fungi-Nail product *Mr. Hayde himself* placed at issue. *Davis v. Bangs*, 2021 WL 6882324, at *9 (C.D. Cal. Mar. 26, 2021) (Early, J.) (citing *Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, 2015 WL 5008995, at *3 (E.D. Cal. Aug. 20, 2015)). If Mr. Hayde does not wish to disclose this information, he is free to seek dismissal of his own lawsuit or to negotiate the scope of a protective order, but he cannot simply refuse to produce responsive and relevant documents. *See, e.g.*, *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Further, Mr. Hayde's boilerplate objections are invalid and waived. *See Brevoort v. G4S Secure Sols. (USA) Inc.*, 2022 WL 3012529, at *4 (C.D. Cal. June 21, 2022) ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more

9

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id*. ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 1; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 2 TO MR. HAYDE:**

The physical packaging of the PRODUCT YOU purchased.

**MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiff objects to this request to the extent it seeks documents or physical items no longer in Plaintiff's possession, custody, or control. Plaintiff is not under an obligation to retain packaging indefinitely, particularly in the absence of a litigation hold or advance notice of claims. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1), especially if the packaging is generic or mass-produced and already in Defendant's possession or control. Plaintiff objects to this request to the extent it is cumulative and duplicative of documents or exemplars Defendant can more readily obtain, as the packaging for the product in question is presumptively in Defendant's control and not unique to Plaintiff's experience.

10

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent the physical packaging is still in Plaintiff's possession, custody, or control, will make it available for inspection or produce photographs or descriptions of such packaging at a mutually agreeable time or pursuant to an agreed protective order. Plaintiff reserves the right to supplement or clarify based on ongoing investigation.

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 2:

Hayde RFP No. 2 seeks highly relevant records regarding the packaging of the Fungi-Nail product Mr. Hayde actually purchased and therefore actually saw. Mr. Hayde nominally agreed to produce the product packaging *if available* or otherwise "produce photographs or descriptions of such packaging" from some unknown source, but (a) has failed to produce *any* documents in response, and (b) fails to assert any legitimate objections justifying withholding other responsive documents.

***Relevance.*** The requested documents are highly relevant. Beyond the basic necessity that Mr. Hayde adequately prove up his standing—i.e., that he in fact purchased the Fungi-Nail product that is the subject of this litigation—these documents are relevant to the circumstances of Mr. Hayde's purchase and Mr. Hayde's adequacy and typicality as class representative, as they bear on, for example, the label Mr. Hayde purportedly saw when purchasing the Fungi-Nail product and whether Mr. Hayde was actually misled by the label, and also are relevant to Mr. Hayde's purchasing habits and the factors and information he considers material when making purchases. *See, e.g.*, *Mazza*, 666 F.3d at 596 (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance); *Red*, 2011 WL 4599833, at *11–12 (plaintiffs' purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality, materiality); *Jovel*, 2014 WL 1027874, at *4 ("[t]he honesty and credibility of a

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)).  The Request is narrowly tailored to only the packaging of the Fungi-Nail product.

***Mr. Hayde Failed to Produce Documents as Stated in Response.***  On July 17, 2025, Mr. Hayde agreed to produce limited documents in response to this Request, including the packaging of the Fungi-Nail product he put at issue but may not have retained or photographs and descriptions of the same packaging from some unidentified source, but has thus far entirely failed to do so.  (Bae Decl. ¶ 3.)  In view of Mr. Hayde's unjustified failure to timely produce any documents, Mr. Hayde should be compelled to produce supplemental responses without the improper objections and all responsive documents within fourteen (14) days.  Mr. Hayde's continued delay (or refusal) will further prejudice Arcadia's ability to prepare to oppose class certification and for trial.  *See Smith*, 2016 WL 11757749, at *3 ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial … [t]he law … presumes prejudice from unreasonable delay" (quoting *In re Phenylpropanolamine*, 460 F.3d at 1227 (alteration and second omission in original))).

***Mr. Hayde's Objections Fail.***  First, Mr. Hayde, as the plaintiff, has a duty to preserve relevant evidence, particularly so given this is *his* litigation based on *his* claim.  Mr. Hayde was in exclusive possession of the knowledge of when he purportedly noticed the Fungi-Nail product did exactly what the packaging claimed and did not cure his nail and thus when his claim supposedly began to accrue, and he was therefore under a duty to preserve the packaging as evidence at that point.  *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 503 (C.D. Cal. 2022) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which [he or she] knows or reasonably should know is relevant to the action or may be relevant to future litigation" (quoting *Colonies Partners L.P. v.*

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

12

*Cnty. of San Bernardino*, 2017 WL 1807596, at *6 (C.D. Cal. Feb. 17, 2017))). Additionally, Mr. Hayde's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Mr. Hayde] has deemed cumulative to determine the accuracy of [Mr. Hayde]'s characterization." *Kajeet*, 2019 WL 8060078, at *12. The claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate." *O.L.*, 2021 WL92105, at *13 (quoting *Miller v. White*, 2020 WL 4001624, at *6 (C.D. Cal. May 27, 2020)).

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 2; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

## MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff has conducted a reasonable and diligent search, and Plaintiff confirms that he does not have the original box packaging for the Fungi Nail product requested. Plaintiff does, however, remain in possession of the Fungi Nail bottle itself. Plaintiff is willing to produce the bottle for inspection at a mutually convenient time, or alternatively, provide clear photographs of the bottle in advance of his deposition.

**DOCUMENT REQUEST NO. 3 TO MR. HAYDE:**

All DOCUMENTS that REFER OR RELATE TO payments, credits, and/or refunds regarding YOUR purchase of the PRODUCTS, including but not limited to DOCUMENTS RELATED to the request for any refund YOU made from ARCADIA for the PRODUCT, ARCADIA's response to YOUR refund request, and whether YOU received a refund.

**MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiff objects to this request because it is overly broad and seeks documents beyond what is relevant or proportional to the needs of the case under Rule 26(b)(1). The request encompasses all documents concerning payments, credits, and refunds without limitation to time, transaction type, or relevance to any specific issue in dispute. Plaintiff objects to this request because it is vague and ambiguous. Terms such as "payments," "credits," and "refunds" are not defined and may include unrelated or private financial transactions not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks private financial information, including credit card records or other payment data, which implicates Plaintiff's right to privacy under federal and California law, including the California Constitution, Article I, § 1. Any such information would need to be narrowly tailored and subject to redaction or protective order. Plaintiff objects to this request to the extent it seeks information not in Plaintiff's possession, custody, or control, such as internal records from ARCADIA or third-party payment processors, which are more appropriately

14

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

obtained directly from those entities. Plaintiff objects to the request to the extent it is cumulative or duplicative, particularly if documents evidencing Plaintiff's request for and/or receipt of a refund have already been produced or will be produced. Plaintiff objects to the production of any documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable confidentiality doctrines. No waiver of such privileges is intended or made.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 3:

Hayde RFP No. 3 seeks highly relevant records regarding whether Mr. Hayde sought of a refund, credit, or other compensation for his purchase of the Fungi-Nail product *he put at issue in this litigation*, including whether he received such a credit or refund and his communications with Arcadia regarding the same.  Mr. Hayde fails to assert any legitimate objections justifying his complete refusal to produce documents.

*Relevance.*  The requested documents are highly relevant.  Beyond the basic necessity that Mr. Hayde adequately prove up his standing—i.e., that he in fact purchased the Fungi-Nail product that is the subject of this litigation—these documents, including any attempts to seek a refund or refunds for the Fungi-Nail product, are relevant to Mr. Hayde's adequacy and typicality as class representative, as they bear on, for example, Mr. Hayde's purchasing behavior, satisfaction with the product, or mitigation of injury, as well as whether Mr. Hayde made his purchase solely for the purposes of litigation or whether Mr. Hayde was actually misled by the label.  The requested documents also are relevant to information concerning Mr. Hayde's purchasing habits and the factors and information he considers material when making purchases.  *See, e.g.*, *Mazza*, 666 F.3d 581, 596 (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance); *Red*, 2011 WL 4599833, at *11–12 (plaintiffs' purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality,

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

materiality); *Sperling*, 2017 WL 90370, at *4 ("Plaintiff's shopping habits are relevant to the claims and defenses in this action."); *Jovel*, 2014 WL 1027874, at *4 ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)).  The Request is narrowly tailored to only transactions involving purchase of the Fungi-Nail product.

*Mr. Hayde's Other Objections Fail.*  Mr. Hayde's refusal to produce documents is unjustified.  *First*, Mr. Hayde's unreasonable interpretation of the Request is belied by the text of the Request itself:  contrary to his assertion that "[t]he request encompasses all documents concerning payments, credits, and refunds without limitation to time, transaction type, or relevance to any specific issue in dispute," the Request very clearly states that it is "regarding [Mr. Hayde's] purchase of the PRODUCTS," including any "request for any refund [Mr. Hayde] made from ARCADIA for the PRODUCT."  Mr. Hayde's attempt to wildly broaden the Request by disregarding its clear language is inappropriate.  Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L. v. City of El Monte*, 2021 WL 926105, at *4 (C.D. Cal. Jan. 11, 2021) (Early, J.) (collecting cases).  To the extent Mr. Hayde is truly confused about how to interpret common terms such as "payments" or "refunds," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Mr. Hayde's privacy objections concerning his financial information are also invalid; the Request "by definition only seek[s] information that Plaintiff contends supports allegations in [the] complaint" regarding the Fungi-Nail product *Mr. Hayde himself* placed at issue.  *Davis*, 2021 WL 6882324, at *9 (citing *Grayson*, 2015 WL 5008995, at *3).  If Mr. Hayde does not wish to disclose this information,

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

he is free to seek dismissal of his own lawsuit or to negotiate the scope of a protective order, but he cannot simply refuse to produce responsive and relevant documents. *See, e.g.*, *Soto*, 162 F.R.D. at 616. Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

Similarly, Mr. Hayde's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Mr. Hayde] has deemed cumulative to determine the accuracy of [Mr. Hayde]'s characterization." *Kajeet*, 2019 WL 8060078, at *12. Mr. Hayde's generalized privilege objections also fail, as he sets forth no basis for the assertion of any privilege as between himself and Arcadia, and further he has failed to produce a privilege log.

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 3; and (c) produce a privilege log

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

### MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in his possession, custody, or control.

### DOCUMENT REQUEST NO. 4 TO MR. HAYDE:

All COMMUNICATIONS between YOU and any representative of ARCADIA that REFER OR RELATE TO any of the matters alleged in YOUR COMPLAINT.

### MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 4:

Plaintiff objects to this request because it is vague and ambiguous. The phrase "any of the matters alleged in YOUR COMPLAINT" is not defined and is subject to broad interpretation, potentially encompassing an indefinite range of topics, time frames, and content types, making it unclear what specific documents are being sought. Plaintiff objects to this request because it is overbroad and not proportional to the needs of the case. Without temporal or subject-matter limitations, the request improperly seeks all communications between Plaintiff and ARCADIA, regardless of whether they pertain to the claims or defenses at issue. Federal Rule of Civil Procedure 26(b)(1). Plaintiff objects to this request to the extent it seeks duplicative or cumulative information that is equally available to Defendant, such as correspondence initiated by ARCADIA or conducted via company-managed platforms, which are presumptively within Defendant's possession, custody, or control. Plaintiff objects to this request because it potentially seeks privileged or confidential communications, including notes or summaries of conversations with ARCADIA representatives prepared at the direction of counsel or in anticipation of litigation. No waiver of such privileges is intended. Plaintiff objects to the extent this request seeks documents not in Plaintiff's possession,

18

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

custody, or control, including internal ARCADIA records, responses that were never received by Plaintiff, or server-archived communications that Plaintiff does not retain.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 4:

Hayde RFP No. 4 seeks highly relevant records regarding Mr. Hayde's communications with Arcadia regarding the matters alleged in the Complaint that *he put at issue* by bringing this case.  Mr. Hayde fails to assert any legitimate objections justifying his complete refusal to produce documents.

***Relevance.***  The requested documents are highly relevant.  These documents bear on, among other things, whether Mr. Hayde discussed the Fungi-Nail product with Arcadia or its representatives and the subject of those discussions, as well as the impact of any such discussions on his conduct and purchases.  The requested documents are therefore relevant to Mr. Hayde's claims and Arcadia's potential defenses.  *See Red*, 2011 WL 4599833, at *11–12 (continued purchasing behavior relevant to class certification issues including typicality); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012) (communications with defendants' employees relevant).  The Request is narrowly tailored to only transactions involving purchase of the Fungi-Nail product.

***Mr. Hayde's Other Objections Fail.***  Mr. Hayde's refusal to produce documents is unjustified.  *First*, Mr. Hayde's unreasonable interpretation of the Request is belied by the text of the Request itself:  contrary to his assertion that "[t]he request improperly seeks all communications between Plaintiff and ARCADIA, regardless of whether they pertain to the claims or defenses at issue," the Request very clearly states that it is limited to "any of the matters alleged in [Mr. Hayde's] COMPLAINT."  Mr. Hayde's attempt to wildly broaden the Request by disregarding its clear language is inappropriate.  Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to

19

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Mr. Hayde is truly confused about how to interpret the matters alleged in his own Complaint, he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Similarly, Mr. Hayde's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Mr. Hayde] has deemed cumulative to determine the accuracy of [Mr. Hayde]'s characterization." *Kajeet*, 2019 WL 8060078, at *12.  The claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate." *O.L.*, 2021 WL92105, at *13 (quoting *Miller*, 2020 WL 4001624, at *6).  Mr. Hayde's generalized privilege objections also fail, as he sets forth no basis for the assertion of any privilege as to any communications between himself and Arcadia, and further he has failed to produce a privilege log.  Mr. Hayde's boilerplate objections are also invalid and waived.  *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id.* ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id.*)

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 4; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 5 TO MR. HAYDE:**

All COMMUNICATIONS between YOU and any PERSONS, including potential class members, that evidence, discuss, support, refer, or REFER OR RELATE TO any of the matters alleged in the COMPLAINT, including any written or recorded statements YOU have taken from anyone that REFER OR RELATE TO any of the claims, defenses, contentions, allegations, or facts in this litigation.

**MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiff objects to this request because it is vague, ambiguous, and overly broad. The request uses expansive and undefined terms such as "evidence," "discuss," "support," and "refer or relate to," as well as references to "any PERSONS," making it unclear what documents are being sought and requiring speculation as to the scope and intended targets of the request. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1). The request seeks all communications with any individual, including potential class members, that might arguably touch upon any matter "alleged in the COMPLAINT," regardless of content, relevance, or timeframe, amounting to an impermissible fishing expedition. Federal Rule of Civil Procedure 26(b)(1).

21

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

Plaintiff objects to this request because it invades the attorney-client privilege and/or attorney work product doctrine, particularly with respect to any recorded or written statements obtained at counsel's direction or in preparation for litigation. No waiver of such privileges is intended. See *Hickman v. Taylor,* 329 U.S. 495 (1947). Plaintiff objects to this request to the extent it seeks confidential communications with potential class members or witnesses that are protected by the common interest doctrine, or would reveal litigation strategy or impressions of counsel. Plaintiff objects to this request because it potentially implicates privacy rights of third parties, including non-party class members or witnesses, and seeks disclosure of communications or statements that may be subject to confidentiality protections under law or court order. Plaintiff objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control, including statements made to third parties, social media posts not retained by Plaintiff, or communications on platforms that Plaintiff no longer accesses.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 5:**

Hayde RFP No. 5 seeks highly relevant records regarding the communications involving Mr. Hayde and any potential members of the class or other persons related to the claims and allegations Mr. Hayde himself brings in this litigation.  Mr. Hayde fails to assert any legitimate objections justifying his complete refusal to produce documents.

***Relevance.***  The requested documents are highly relevant.  Communications between Mr. Hayde and other potential class members are relevant to his claims and Arcadia's defenses, as well as Arcadia's opposition to class certification, as they bear on Mr. Hayde and the class's experiences with the Fungi-Nail product, this lawsuit, the allegations in the Complaint, and consumers' purchasing habits with respect to the Fungi-Nail product, among other things—all of which also related to Fed. R. Civ. P. 23 factors including commonality, typicality, superiority, and

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

adequacy. *See Red,* 2011 WL 4599833, at *11–12 (continued purchasing behavior relevant to class certification issues including typicality); *Mailhoit*, 285 F.R.D. at 572 (communications with defendants' employees relevant). Communications between Mr. Hayde and other potential class members may also bear on the authenticity of Mr. Hayde's claims and his credibility as well as any past experience as a class representative. *See, e.g.*, *Jovel*, 2014 WL 1027874, at *4 ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)). The Request is narrowly tailored to only transactions involving purchase of the Fungi-Nail product.

*Mr. Hayde's Objections Fail.* Mr. Hayde's refusal to produce documents is unjustified. *First*, Mr. Hayde's unreasonable portrayal of the Request as a "fishing expedition" is untethered from the Request and the Federal Rules, as his communications related to matters "alleged in the COMPLAINT" are clearly relevant; indeed, Mr. Hayde provides no explanation of how communications relating to matters alleged *in his own Complaint* would not be relevant to the claims or defenses at issue in this litigation or how they are not proportional given he put the Fungi-Nail product and claims at issue here. Mr. Hayde's feigned claim that the Request is "vague and ambiguous" and uses undefined terms is belied by his demonstrated understanding of what the Request seeks, and in any event, "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Mr. Hayde is truly confused about the scope of this Request, he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Mr. Hayde's privacy objections concerning third parties also fail. Mr. Hayde fails to identify any actual issue of privacy implicated by the Request and additionally fails to explain the sensitivity of any requested information and how

---

23

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that sensitivity would outweigh Arcadia's need for discovery of relevant information; the information sought is exclusively in Mr. Hayde's possession and, as explained above, is highly relevant to the case. *See Hem and Thread, Inc. v. Wholesalefashionsquare.com, Inc.*, 2020 WL 5914548, at \*2 (C.D. Cal. Aug. 7, 2020) (need for discovery outweighed right to privacy where information requested was "not particularly sensitive," "'relevant[,]' and 'proportional to the needs of the case.'" (citing *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011))).  Any legitimate concerns of privacy are better addressed by a protective order and do not support outright refusal to produce documents. *See id.; see also Soto*, 162 F.R.D. at 616.  Mr. Hayde's generalized privilege objections are additionally inappropriate, as he sets forth no basis for the assertion of any privilege as between himself and Arcadia, and further he has failed to produce a privilege log.  Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at \*4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id.* ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 5; and (c) produce a privilege log

24

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

## MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff has conducted a reasonable and diligent search, and Plaintiff confirms that he has no documents responsive to the request at issue in his possession, custody, or control that are not subject to attorney client privilege. Plaintiff will not produce any privileged communications with counsel regarding this lawsuit. Privileged documents will be logged.

## DOCUMENT REQUEST NO. 6 TO MR. HAYDE:

All DOCUMENTS that YOU reviewed or examined on any publicly accessible medium, including without limitation, Internet websites, social networking sites, news groups or publications, chat rooms, and online services (e.g., Facebook, LinkedIn, Twitter, Instagram, Reddit, WhatsApp, Signal, Telegram, TikTok, YouTube, Snapchat, Pinterest) that REFER OR RELATE TO the PRODUCT.

## MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 6:

Plaintiff objects to this request because it is vague, ambiguous, and overbroad. The request fails to define what constitutes "reviewed or examined" and uses sweeping and undefined terms such as "REFER OR RELATE TO the PRODUCT," rendering the scope of potentially responsive documents speculative and unclear. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1). It seeks all documents reviewed or examined across an unlimited range of public platforms and timeframes, regardless of whether Plaintiff saved, relied on, or even remembered the content—creating undue burden and expense disproportionate to its likely benefit. Plaintiff objects to this request because it is overbroad in subject matter. It encompasses any mention of the PRODUCT in public forums, including casual, anecdotal, or speculative posts or

---

25

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

discussions, without any limitation to the issues relevant to the claims or defenses in this litigation. Plaintiff objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control, including transient or deleted content from third-party platforms that Plaintiff has not retained or saved and has no legal or practical ability to recover. Plaintiff objects to this request to the extent it seeks to impose an obligation to collect or produce documents based solely on passive online activity or non-retained digital impressions, which are not reasonably accessible and not subject to Rule 34 production requirements. Plaintiff objects to this request because it is harassing and invasive of Plaintiff's privacy rights, especially to the extent it seeks Plaintiff's personal browsing history, private social media use, or digital activity not directly tied to the claims at issue. Plaintiff objects to the production of any documents that are protected by the attorney-client privilege, attorney work product doctrine, or other applicable protections. No waiver of such privileges is intended or made.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 6:**

Hayde RFP No. 6 seeks highly relevant records regarding Mr. Hayde's media consumption concerning the Fungi-Nail product.  Mr. Hayde fails to assert any legitimate objections justifying his complete refusal to produce documents.

***Relevance.***  The requested documents are highly relevant and bear on, for example, Mr. Hayde's adequacy and typicality as class representative by addressing, among other things, Mr. Hayde's purchasing behavior and satisfaction with the product, as well as whether Mr. Hayde made his purchase solely for the purposes of litigation or whether Mr. Hayde was actually misled by the label.  The requested documents also are relevant to Mr. Hayde's purchasing habits and the factors and information he considers material when making purchases. *See, e.g.*, *Mazza*, 666 F.3d 581, 596 (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance); *Red*, 2011 WL 4599833, at *11–12 (plaintiffs'

26

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality, materiality); *Sperling*, 2017 WL 90370, at \*4 ("Plaintiff's shopping habits are relevant to the claims and defenses in this action."); *Jovel*, 2014 WL 1027874, at \*4 ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)).  The Request is narrowly tailored to only media involving the Fungi-Nail product that Mr. Hayde put at issue.

***Mr. Hayde's Other Objections Fail.***  Mr. Hayde's refusal to produce documents is unjustified.  *First*, Mr. Hayde fails to explain in what ways the documents requested do not address the claims or defenses in this litigation, as the Request is specifically limited to Fungi-Nail product that forms the basis for Mr. Hayde's lawsuit.  Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests."  *O.L.*, 2021 WL 926105, at \*4 (collecting cases).  To the extent Mr. Hayde is truly confused about how to interpret common terms such as "reviewed" or "examined," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Mr. Hayde's privacy objections concerning his "personal browsing history," "private social media use," and "digital activity" are also invalid; the Request only seeks documents regarding the Fungi-Nail product *Mr. Hayde himself* placed at issue, and further, Mr. Hayde fails to explain how his purported privacy interest in this information (which is, by its very nature, already disclosed to third parties, including, for example, the social media companies) outweighs Arcadia's need for the information.  *See Davis*, 2021 WL 6882324, at \*9 (citing *Grayson*, 2015 WL 5008995, at \*3).  If Mr. Hayde does not wish to disclose this information, he is free to seek dismissal of his own lawsuit or to negotiate the scope of a protective order,

but he cannot simply refuse to produce responsive and relevant documents. *See, e.g.*, *Soto*, 162 F.R.D. at 616. Mr. Hayde's generalized privilege objections also fail, as he sets forth no basis for the assertion of any privilege as between himself and third parties, and further he has failed to produce a privilege log. Mr. Hayde's boilerplate objections are further invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 6; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

### MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in his possession, custody, or control.

### DOCUMENT REQUEST NO. 7 TO MR. HAYDE:

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

All DOCUMENTS that REFER OR RELATE TO any legal proceedings commenced at any time in any court or with any arbitration organization in which YOU have sought to be a class representative in a class action, in which YOU brought suit derivatively on behalf of a corporation, or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding brought as a class, derivative or private attorney general action.

## MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 7:

Plaintiff objects to this request because it is vague, ambiguous, and overly broad in temporal and subject matter scope. The request seeks documents "commenced at any time" and refers to a broad and undefined range of legal proceedings, including those where Plaintiff may have merely "assisted" in representation, rendering it unclear what is actually being sought and unduly burdensome to identify responsive materials. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1). It seeks expansive litigation history, potentially spanning decades and unrelated to the facts, claims, or defenses in this action, amounting to an improper fishing expedition. Plaintiff objects to this request because it is harassing and intended to discourage or chill participation in this litigation by probing into prior legal activity, including unrelated class, derivative, or private attorney general actions. Plaintiff objects to this request because it assumes facts not in evidence, namely, that Plaintiff has served as a representative party or participated in other collective litigation, which is an improper foundation for a discovery demand. Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or the common interest doctrine. No waiver of such privileges is intended. Plaintiff objects to this request to the extent it seeks court filings, docket materials, or publicly accessible records that are equally available to Defendant from public sources and court databases. Plaintiff objects to this request to the extent it seeks records of legal matters that were sealed, expunged,

29

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

confidential, or otherwise restricted from disclosure by court order or applicable law.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 7:

Hayde RFP No. 7 is narrowly tailored to seek highly relevant records regarding instances where Mr. Hayde has sought to bring a legal proceeding on behalf of others, in a derivative action, class action, or private attorney general action. Mr. Hayde fails to assert any legitimate objections to justify his refusal to produce any responsive documents (nor has he meaningfully conferred).

***Relevance.*** Mr. Hayde's objection that this Request "potentially" seeks information "unrelated to the facts, claims, or defenses in this action" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly whether Mr. Hayde can fairly and adequately serve as a class representative, as his experience as a representative plaintiff in prior actions bears on his abilities to represent a class here, including prior courts' findings as to his adequacy, and discovery regarding whether Mr. Hayde is credible and/or has unique defenses due to his motivations in bringing this action (e.g., if he is a professional plaintiff bringing attorney-generated claims). *See Gutierrez v. Converse Inc.*, 2024 WL 2106952, at \*6 (C.D. Cal. May 2, 2024) (plaintiff's litigation history relevant to adequacy as class representative (citing, *inter alia*, *Wuest v. My Pillow, Inc.*, 2019 WL 3577176, at \*3 (N.D. Cal. Aug. 6, 2019); *Sapan v. Diamond Resorts Holdings, LLC*, 2023 WL 8229984, at \*3 (C.D. Cal. Oct. 6, 2023))); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508–09 (9th Cir. 1992) (plaintiff's extensive experience with securities litigation and indicators of being a serial plaintiff did not satisfy typicality requirement); *Backus v. ConAgra Foods, Inc.*, 2016 WL 7406505 (N.D. Cal. Dec. 22, 2016) (denying class certification given plaintiff's atypicality due to issues with credibility and

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

motive); *Ngheim v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375 (C.D. Cal. 2016) (same).

*Mr. Hayde's Other Objections Fail.*  The Request is not "overly broad" as Mr. Hayde objects, as it seeks documents relating to discrete (and highly relevant) events—instances where Mr. Hayde sought to be a plaintiff on behalf of others in a derivative action, class action, or private attorney general action case or sought to aid those serving as plaintiffs in the same capacity.  Mr. Hayde fails to explain how any of the documents that fall within this limited scope are not relevant or do not fall within the scope of discovery under Rule 26, and again fails to provide a privilege log.  Further, generic, boilerplate objections, such as "assumes facts not in evidence," are improper, particularly when not supported by evidence, and thus are to be disregarded.  *See Diaz v. Heredia*, 2022 WL 2134967, at *5 (C.D. Cal. Mar. 4, 2022) (citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)).  Mr. Hayde's boilerplate objections are also invalid and waived.  *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").  Finally, the claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate."  *O.L.*, 2021 WL92105, at *13 (quoting *Miller*, 2020 WL 4001624, at *6).

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id.* ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id.*)

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 7; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

### MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Defendant has already been served with a copy of the Complaint in this matter, along with all subsequent filings and documents, through the Court's Electronic Case Filing ("ECF") system. Upon reasonable investigation and diligent search, Plaintiff confirms that he has no additional responsive documents within his possession, custody, or control.

### DOCUMENT REQUEST NO. 8 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO any other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings or other adjudicatory proceedings or regulatory enforcement actions or investigations to which YOU are or have been a party during the past ten years.

### MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 8:

Plaintiff objects to this request because it is overly broad in temporal and subject matter scope. It seeks "all DOCUMENTS" relating to any legal, regulatory, or adjudicatory proceedings involving Plaintiff over a ten-year period, regardless of subject matter, relevance, or outcome, without any connection to the claims or defenses in this action. See *Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 357 (D. Md. 2012) (discovery must be proportional). Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1). The request encompasses a sweeping array of unrelated proceedings, including

32

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

bankruptcies, regulatory investigations, and arbitrations, which have no bearing on the claims or defenses in this litigation. Plaintiff objects to this request as vague and ambiguous. The terms "adjudicatory proceedings," "insolvency proceedings," and "regulatory enforcement actions or investigations" are undefined and may include informal or administrative matters not reasonably subject to identification or documentation by Plaintiff. Plaintiff objects to this request to the extent it seeks private or confidential legal matters, including sealed records, family law proceedings, or bankruptcy filings protected from public disclosure under federal or state law. Plaintiff objects to this request because it is harassing and intended to cast aspersions or create a negative inference based on unrelated legal history, rather than to discover admissible evidence related to the underlying claims. Plaintiff objects to the extent the request seeks documents not within Plaintiff's possession, custody, or control, including court or agency records maintained by third parties, or legal files retained by past counsel. Plaintiff objects to the production of any documents that are protected by the attorney-client privilege, the work product doctrine, or other confidentiality protections. No waiver of such privileges is intended.

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 8:

Hayde RFP No. 8 is narrowly tailored to seek highly relevant records regarding Mr. Hayde's litigation history in the past ten years.  Mr. Hayde fails to assert any legitimate objections to justify his refusal to produce any responsive documents (nor has he meaningfully conferred).

*Relevance.*  Mr. Hayde's objection that this Request seeks information "without any connection to the claims or defenses in this action" is without merit, explanation, or basis in fact.  The documents requested are highly relevant to, among other things, class certification, particularly whether Mr. Hayde can fairly and adequately serve as a class representative, as his experience in litigating prior

33

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

actions bears on his abilities to represent a class here, including prior courts' findings as to his adequacy, and discovery regarding whether Mr. Hayde is credible and/or has unique defenses due to his motivations in bringing this action (e.g., if he is a professional plaintiff bringing attorney-generated claims). *See Gutierrez*, 2024 WL 2106952, at *6 (C.D. Cal. May 2, 2024) (moving party "need only establish that documents relate to any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case.") (citing, *inter alia*, *Wuest*, 2019 WL 3577176, at *3; *Sapan*, 2023 WL 8229984, at *3)); *see also Hanon*, 976 F.2d at 508–09 (plaintiff's extensive experience with securities litigation and indicators of being a serial plaintiff did not satisfy typicality requirement); *Backus*, 2016 WL 7406505 (denying class certification given plaintiff's atypicality due to issues with credibility and motive); *Ngheim*, 318 F.R.D. 375 (same).  This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claim that the sole purposes of the Request are harassment and "cast[ing] aspersions."

***Mr. Hayde's Other Objections Fail.***  The Request is not "overly broad" as Mr. Hayde objects, as it seeks documents relating to discrete (and highly relevant) events—Mr. Hayde's litigation history for the past ten years.  Mr. Hayde fails to explain how any of the documents that fall within this limited scope are not relevant or do not fall within the scope of discovery under Rule 26, let alone how or why these scale of these documents would be oppressive, and again fails to provide a privilege log to support his cursory claim of privilege.  Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Mr. Hayde is truly confused about how to interpret common terms such as "adjudicatory proceedings" or "insolvency proceedings," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear

---

34

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

meanings.  Mr. Hayde's boilerplate objections are also invalid and waived.  *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id*. ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 8; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

As indicated in Plaintiff's response to Request for Production No. 7, Plaintiff does not have any additional documents demonstrating his involvement as a named plaintiff outside of the documents already in Defendant's possession relating to this lawsuit.

Plaintiff further confirms that he has no responsive documents relating to bankruptcy or insolvency.

With respect to Defendant's request for all documents related to any lawsuit from the past ten years, such a request is not targeted to the claims or defenses in

35

JOIN STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

this matter, is not proportional to the needs of the case, and is not relevant to this consumer class action. *See Tabanfar v. State Farm Gen. Ins. Co.*, No. 2:23-CV-00835-MRA-JC, 2024 WL 6077888, at \*5 (C.D. Cal. June 14, 2024) (request for discovery related to all lawsuits from the past 5 years was overbroad and not proportional to the needs of the case considering the factors set out in Rule 26(b)(1) and in particular and suggesting that the propounding party narrow the request calling for the production of more limited lawsuit information that is not overbroad and proportional to the needs of the case); *Mycoskie, LLC v. EBuys, Inc.*, No. 2:16CV3259ODW (SKX), 2017 WL 5643142, at \*2 (C.D. Cal. Mar. 22, 2017) (denying defendant's requests and holding that the requests overbroad in that they encompass documents reflecting all plaintiff lawsuits, and concluding that the information may be more readily obtained by other means, including depositions).

### DOCUMENT REQUEST NO. 9 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO the complaint YOU filed with the United States District Court for the Central District of California, Case No. 8:21-cv-01433-HDV-SP (C.D. Cal. 2021).

### MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 9:

Plaintiff objects to this request because it is vague and ambiguous. The term "DOCUMENTS that REFER OR RELATE TO the complaint" is not defined and may include internal drafts, communications with counsel, or privileged materials, rendering the scope of the request unclear. Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine, including but not limited to draft pleadings, legal research, or communications with counsel related to the referenced litigation. No waiver of such privilege is intended. Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense in the present litigation and is not proportional to the needs of the case. The complaint referenced arises from a different case, and the request fails to articulate any nexus between

36

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

that matter and the claims asserted here. Plaintiff objects to this request as cumulative and duplicative to the extent it seeks public court filings that are equally accessible to Defendant through PACER or other public court databases. Plaintiff objects to this request because it is harassing and appears designed to scrutinize Plaintiff's unrelated litigation history in a manner not relevant to the issues in dispute in this action.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 9:**

Hayde RFP No. 9 is narrowly tailored to seek records regarding a single litigation brought by Mr. Hayde.  Mr. Hayde fails to assert any legitimate objections to justify his refusal to produce any responsive documents (nor has he meaningfully conferred).

*Relevance.*  Mr. Hayde's objection that this Request seeks information "that is not relevant to any party's claim or defense in the present litigation" is without merit, explanation, or basis in fact.  The documents requested are highly relevant to, among other things, class certification, particularly whether Mr. Hayde can fairly and adequately serve as a class representative, as his experience in litigating the identified prior action bears on his abilities to represent a class here, including as to his adequacy, and discovery regarding whether Mr. Hayde is credible and/or has unique defenses due to his motivations in bringing this action (e.g., if he is a professional plaintiff bringing attorney-generated claims).  *See Gutierrez*, 2024 WL 2106952, at \*6 (C.D. Cal. May 2, 2024) (moving party "need only establish that documents relate to any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case.") (citing, *inter alia*, *Wuest*, 2019 WL 3577176, at \*3; *Sapan*, 2023 WL 8229984, at \*3)); *see also Hanon*, 976 F.2d at 508–09 (plaintiff's extensive experience with securities litigation and indicators of being a serial plaintiff did not satisfy typicality requirement); *Backus*, 2016 WL 7406505 (denying class certification given

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

plaintiff's atypicality due to issues with credibility and motive); *Ngheim*, 318 F.R.D. 375 (same).  This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claim that the sole purposes of the Request are harassment and "scrutiniz[ing] [Mr. Hayde]'s unrelated litigation history."

*Mr. Hayde's Other Objections Fail.*  Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Mr. Hayde is truly confused about how to interpret common terms such as "DOCUMENTS that REFER OR RELATE TO the complaint," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.  The claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate." *O.L.*, 2021 WL92105, at *13 (quoting *Miller*, 2020 WL 4001624, at *6).  Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege.  Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id.* ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id.*)

38

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 9; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Under Rule 26(b)(1), discovery must be confined to matter relevant to a party's claim or defense; courts in this Circuit forbid discovery that does not bear on issues in the case. *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539–45 (9th Cir. 2020). The adequacy inquiry under Rule 23(a)(4) focuses on conflicts with the class and vigorous prosecution—not a representative's unrelated litigation history. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Courts further caution against using a plaintiff's prior civil-rights suits to attack credibility. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1039–40 (9th Cir. 2008).

Documents concerning Plaintiff's prior § 1983 lawsuit are not relevant to this consumer class action. That litigation arose from alleged violations of Plaintiff's constitutional rights by government actors and has no bearing on whether Plaintiff can serve as an adequate representative in this case or on any defense asserted here. Consistent with Rule 26(b)(1), the request seeks information that is neither proportional to the needs of the case nor relevant to the Rule 23 adequacy inquiry. District courts within the Ninth Circuit find unrelated litigation history not relevant to adequacy. *See e.g.*, *Moser v. Health Ins. Innovations, Inc.*, No. 17-CV-1127-WQH-KSC, 2019 WL 3719889, at *9 (S.D. Cal. Aug. 7, 2019), *vacated and*

39

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

*remanded on other grounds sub nom. Moser v. Benefytt, Inc.*, 8 F.4th 872 (9th Cir. 2021).

### DOCUMENT REQUEST NO. 10 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO the complaint YOU filed with the United States District Court for the Central District of California, Case No. 8:00-cv-00365-AHS-AN (C.D. Cal. 2000).

### MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 10:

Plaintiff objects to this request because it is overly broad and not proportional to the needs of the case under Rule 26(b)(1). The request seeks all documents relating to a complaint filed over two decades ago in an unrelated matter, without articulating any connection to the claims or defenses in this litigation. Plaintiff objects to this request because it is vague and ambiguous. The phrase "DOCUMENTS that REFER OR RELATE TO the complaint" is undefined and could include a wide range of privileged or irrelevant materials, including attorney communications, draft pleadings, or notes. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. This includes, but is not limited to, internal memoranda, correspondence with legal counsel, and strategic assessments related to the referenced litigation. No waiver of such privileges is intended or made. Plaintiff objects to this request as cumulative and duplicative to the extent it seeks public filings that are equally available to Defendant through PACER or other court databases. Plaintiff objects to this request because it is harassing and appears intended to explore Plaintiff's past litigation history without regard to relevance, burden, or temporal proximity.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 10:

Hayde RFP No. 10 is narrowly tailored to seek records regarding a single litigation brought by Mr. Hayde.  Mr. Hayde fails to assert any legitimate objections

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

to justify his refusal to produce any responsive documents (nor has he meaningfully conferred).

***Relevance.*** Mr. Hayde's objection that this Request seeks information "without articulating any connection to the claims or defenses in this litigation" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly whether Mr. Hayde can fairly and adequately serve as a class representative, as his experience in litigating the identified prior action bears on his abilities to represent a class here, including as to his adequacy, and discovery regarding whether Mr. Hayde is credible and/or has unique defenses due to his motivations in bringing this action (e.g., if he is a professional plaintiff bringing attorney-generated claims). *See Gutierrez*, 2024 WL 2106952, at *6 (C.D. Cal. May 2, 2024) (moving party "need only establish that documents relate to any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case.") (citing, *inter alia*, *Wuest*, 2019 WL 3577176, at *3; *Sapan*, 2023 WL 8229984, at *3)); *see also Hanon*, 976 F.2d at 508–09 (plaintiff's extensive experience with securities litigation and indicators of being a serial plaintiff did not satisfy typicality requirement); *Backus*, 2016 WL 7406505 (denying class certification given plaintiff's atypicality due to issues with credibility and motive); *Ngheim*, 318 F.R.D. 375 (same). This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the Request is "overly broad" and that the sole purposes of the Request are harassment and "explor[ing] [Mr. Hayde]'s past litigation history without regard to relevance, burden, or temporal proximity."

***Mr. Hayde's Other Objections Fail.*** Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Mr.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Hayde is truly confused about how to interpret common terms such as "DOCUMENTS that REFER OR RELATE TO the complaint," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. The claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate." *O.L.*, 2021 WL92105, at *13 (quoting *Miller*, 2020 WL 4001624, at *6). Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege. Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 10; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Under Rule 26(b)(1), discovery must be confined to matter relevant to a party's claim or defense; courts in this Circuit forbid discovery that does not bear on issues in the case. *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539–45 (9th Cir. 2020). The adequacy inquiry under Rule 23(a)(4) focuses on conflicts with the class and vigorous prosecution—not a representative's unrelated litigation history. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Courts further caution against using a plaintiff's prior civil-rights suits to attack credibility. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1039–40 (9th Cir. 2008).

Documents concerning Plaintiff's prior § 1983 lawsuit—filed more than twenty-five years ago—are not relevant to this consumer class action. That decades-old litigation arose from alleged constitutional violations by government actors and bears no relation to the claims or defenses here. Nor does it have any bearing on whether Plaintiff can adequately represent the class under Rule 23. Consistent with Rule 26(b)(1), the request seeks information that is both temporally remote and irrelevant, and is not proportional to the needs of the case. District courts within the Ninth Circuit find unrelated litigation history not relevant to adequacy. *See e.g.*, *Moser v. Health Ins. Innovations, Inc.*, No. 17-CV-1127-WQH-KSC, 2019 WL 3719889, at *9 (S.D. Cal. Aug. 7, 2019), *vacated and remanded on other grounds sub nom. Moser v. Benefytt, Inc.*, 8 F.4th 872 (9th Cir. 2021).

## DOCUMENT REQUEST NO. 11 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO YOUR criminal arrests, including:

    a. YOUR arrest on or about May 14, 2024 by the Orange County Sheriff's Department;

    b. YOUR arrest on or about August 23, 2017 by the Orange County Sheriff's Department for possession of assault weapons, possession

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

of large capacity magazines, felon in possession of ammunition, robbery, and forged drivers license;

c. YOUR arrest on or about April 23, 2013 by the Orange County Sheriff's Department;

d. YOUR arrest on or about April 26, 2009 by the Orange County Sheriff's Department;

e. YOUR arrest on or about June 7, 2007 by the Orange County Sheriff's Department;

f. YOUR arrest on or about December 14, 2006 by the Orange County Sheriff's Department for tampering with a vehicle, reckless driving and disturbing the peace;

g. YOUR arrest on or about September 23, 2004 by the Orange County Sheriff's Department for firearms possession, destroying firearms serial numbers, and reckless driving;

h. YOUR arrest on or about September 18, 2000 by the Los Angeles County Sheriff's Department for contempt of court, making obscene or harassing phone calls, and terroristic threatening;

i. YOUR arrest on or about February 1, 2000 by the Orange County Sheriff's Department;

j. YOUR arrest on or about December 7, 1998 by the Los Angeles County Sheriff's Department;

k. YOUR arrest on or about May 16, 1998 by the Orange County Sheriff's Department;

l. YOUR arrest on or about November 19, 1995 by the Orange County Sheriff's Department for robbery; and,

m. YOUR arrest on or about February 14, 1991 by the Orange County Sheriff's Department for burglary.

**MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 11:**

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff objects to this request because this request is overly broad as to time and subject matter, spanning more than three decades of alleged arrests and seeking voluminous documentation without any limitation to issues relevant to the claims or defenses in this action. See *Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 357 (D. Md. 2012) (requiring proportionality under Rule 26(b)(1)). Plaintiff objects to this request because the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, especially where Plaintiff's criminal history does not bear on the claims at issue. Plaintiff objects to this request because the request seeks highly personal, potentially sensitive information, implicating Plaintiff's privacy rights under federal and California law, including arrest records that may not have resulted in convictions and may be protected from disclosure. Plaintiff objects to this request to the extent the request seeks to use arrest records for impeachment or character purposes, it is premature and improper in the context of a deposition subpoena for documents. See FRE 608–609. Plaintiff objects because the request is vague and ambiguous as the terms such as "refer or relate to" are vague, ambiguous, and subject to subjective interpretation, rendering it unclear what documents are actually being sought. Plaintiff objects because the request is duplicative and harassing as the request's sweeping nature and listing of 13 separate incidents suggests a harassing intent rather than a narrowly tailored effort to discover relevant information. Plaintiff objects to this request to the extent this request seeks records relating to arrests that did not result in convictions, or were expunged or sealed, Plaintiff objects on the grounds of statutory limitations on the use or admissibility of such records, including California Penal Code §§ 851.8 and 1000.4. To the extent the documents sought are law enforcement records not in Plaintiff's possession, custody, or control, Plaintiff objects on the grounds that such documents must be sought from the appropriate agencies via subpoena. Plaintiff objects to the production of

45

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

documents that are protected by the attorney-client privilege, the work product doctrine, or subject to confidentiality restrictions. No waiver is intended.

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 11:

Hayde RFP No. 11 seeks highly relevant information regarding Mr. Hayde's history of criminal arrest.  Mr. Hayde has been charged with and convicted of crimes relevant to his ability to represent a putative class; however, Mr. Hayde fails to assert any legitimate objections to justify his refusal to produce any responsive documents (nor has he meaningfully conferred).

***Relevance.***  The information sought by this Request is highly relevant because it pertains to Mr. Hayde's adequacy to serve as a class representative for the putative class on whose behalf he filed suit.  Courts within the Ninth Circuit have made clear that a putative class representative's criminal history is relevant to issues of class certification. *In re Proxima Corp. Sec. Litig.*, 1994 WL 374306, at *17 (S.D. Cal. May 3, 1994) (plaintiff "unfit to serve as an adequate representative" because "he committed fraud").  Further, any convictions for burglary and robbery[1] are also the type of crimes the Ninth Circuit has held "are probative of veracity." *U.S. v. Givens*, 767 F.2d 574, 580 (9th Cir. 1985); *U.S. v. Kinslow*, 860 F.2d 963, 968 (9th Cir. 1988) ("[A]rmed robbery is a crime that involves 'dishonesty' and is thus always relevant to the question of a defendant's credibility."); *see also U.S. v. Monroe*, 40 F. App'x 408, 410 (9th Cir. 2002) (prior robbery convictions are "probative of veracity");[2] *U.S. v. Cavender*, 578 F.2d 528, 534 (4th Cir. 1978)

---

[1] Regarding character for truthfulness, Federal Rule of Evidence 609, mandates admission of evidence of convictions for crimes that are punishable by imprisonment for more than one year.  Fed. R. Evid. 609(a)(1)(A).  Further, a court may consider evidence of convictions older than 10 years when their probative value substantially outweighs their prejudicial effect. *Id.* 609(b)(1).

[2] *Pagan v. The New Wilson's Meats, Inc.*, 2011 WL 1876027 (E.D. Pa. 2011) ("[The class representative's] conviction for robbery may be used against him [f]or the purpose of attacking [his] character for truthfulness.") (cleaned up); *accord*

46

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

(reversing exclusion of felony convictions older than 10 years because court failed to consider the impact of convictions on witnesses' credibility);[3] 1 Newberg and Rubenstein on Class Actions § 3:68 (6th ed.) ("[C]onfirmed examples of past dishonesty such as fraud or a criminal conviction" are instances where "issues of credibility have led to a finding of inadequate representation.").  Mr. Hayde's criminal history information is thus relevant here.  This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the Request is "overly broad" and that the sole purposes of the Request are "for impeachment or character purposes" or "a harassing intent."

*Mr. Hayde's Other Objections Fail.*  Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests."  *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Mr. Hayde is truly confused about how to interpret common terms such as "refer or relate to," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.  Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege.  Nor has Mr. Hayde specified his claim of privacy, as he only notes that the information is "*potentially* sensitive," "*implicate[s]*" his "privacy rights," or "*may*" be protected from disclosure – without further explanation.  Such boilerplate objections are invalid and waived.  *See*

---

*People v. Muldrow*, 202 Cal. App. 3d 636, 645 (1988) ("[D]efendant's prior convictions for burglary and attempted burglary were properly probative of defendant's credibility."); *People v. Mendoza*, 78 Cal. App. 4th 918, 925 (2000) ("California courts have repeatedly held that prior convictions for burglary, robbery, and other various theft-related crimes are probative on the issue of the defendant's credibility.") (collecting cases).

[3] *Villare v. ABIOMED, Inc.*, 2020 WL 3497285, *7 (S.D.N.Y. 2020) (ten-year old expunged fraud conviction renders plaintiff inadequate—"the Court … will not force class members to rely on a representative who has admitted to fraud."); *U.S. v. Pritchard*, 973 F.2d 905, 908–10 (11th Cir. 1992) (allowing evidence of 13-year old burglary conviction).

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity"). Mr. Hayde's cursory invocation of California Penal Code sections 851.8 and 1000.4 fails for the same reasons.  Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id*. ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 11; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

## MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant and not proportional to the needs of the case within the meaning of Rule 26(b)(1). The request improperly sweeps in "all criminal arrest documents" without any temporal, subject-matter, or class-related

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

limitation. Arrests are not convictions, are generally inadmissible for impeachment, and have no bearing on the Rule 23 class certification issues before the Court. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564–66 (D. Ariz. 2016) (post-2015 amendments, courts must enforce proportionality and may deny minimally probative requests).

At the class certification stage, courts in this Circuit consistently decline to entertain character attacks on proposed representatives absent a showing of a present conflict of interest with the class. *See Meyer v. Portfolio Recovery Assocs., LLC*, 2011 WL 11712610, at *4 (S.D. Cal. Sept. 14, 2011) (character attacks not sympathetically received absent conflict); *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986) (finding prior convictions for deceptive conduct did not pose conflict with the class); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959–60 (9th Cir. 2009) (adequacy turns on conflicts, not personal history). Plaintiff Hayde has no such conflict of interest. Defendant's demand is a fishing expedition aimed at character attacks, not a legitimate Rule 23 adequacy inquiry.

Moreover, to the extent Defendant suggests impeachment as a justification, the Federal Rules of Evidence foreclose such discovery. Arrests are not convictions and cannot be used to impeach credibility under Rule 609; Rule 608(b) also prohibits using extrinsic evidence like arrest records to attack truthfulness. *See United States v. Osazuwa*, 564 F.3d 1169, 1175–76 (9th Cir. 2009). Even criminal convictions older than ten years are presumptively inadmissible under Rule 609(b), which allows their use "very rarely and only in exceptional circumstances," with strict on-the-record findings. *See Simpson v. Thomas*, 528 F.3d 685, 693–96 (9th Cir. 2008).

Accordingly, Defendant's request for all criminal arrest documents is irrelevant, disproportionate, and seeks information that would be inadmissible even if obtained.

**DOCUMENT JENT REQUEST NO. 12 TO MR. HAYDE:**

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

All DOCUMENTS that REFER OR RELATE TO all of YOUR periods of incarceration, including:

    a.  YOUR period of incarceration from on or about May 14, 2024 to May 17, 2024 with the Orange County Sheriff's Department;

    b.  YOUR period of incarceration from on or about April 23, 2013 to August 23, 2017 with the Orange County Sheriff's Department;

    c.  YOUR period of incarceration from on or about April 26, 2009 to May 22, 2009 with the Orange County Sheriff's Department;

    d.  YOUR period of incarceration from on or about June 7, 2007 to August 6, 2007 with the Orange County Sheriff's Department;

    e.  YOUR period of incarceration from on or about October 10, 2004 for 90 days with the Orange County Sheriff's Department, including YOUR associated probation violation proceedings on June 11, 2007; July 23, 2007, July 24, 2007, July 26, 2007, August 1, 2007, and August 13, 2007;

    f.  YOUR period of incarceration from on or about September 23, 2004 to October 7, 2004 with the Orange County Sheriff's Department;

    g.  YOUR period of incarceration from on or about September 18, 2000 to February 1, 2002 with the Los Angeles County Sheriff's Office;

    h.  YOUR period of incarceration from on or about February 1, 2000 to August 30, 2000 with the Orange County Sheriff's Department;

    i.  YOUR period of incarceration from on or about December 7, 1998 to September 1, 2000 with the Los Angeles County Sheriff's Office;

    j.  YOUR period of incarceration from on or about May 16, 1998 to May 17, 1998 with the Orange County Sheriff's Department;

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

k. YOUR period of incarceration from on or about January 26, 1996 for 365 days with the Orange County Sheriff's Department including YOUR associated probation violation proceedings on August 19, 1998, October 10, 1998, November 4, 1998, March 2, 2000, March 29, 2000, April 12, 2000, June 22, 2000, July 27, 2000, and August 24, 2000; and,

l. YOUR period of incarceration from on or about June 24, 1992 for 180 days, including YOUR associated probation violation proceedings on November 14, 1991, November 27, 1991, December 4, 1991, and June 24, 1992.

**MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 12:**

Plaintiff objects to this request because this request is overly broad as to time and subject matter, spanning over three decades of incarceration history and related proceedings without any limitation to issues relevant to the claims or defenses in this action. See *Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 357 (D. Md. 2012) (requiring proportionality under Rule 26(b)(1)). Plaintiff objects to this request because the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, especially where Plaintiff's periods of incarceration bear no demonstrated relationship to the factual or legal issues in dispute. Plaintiff objects to this request because the request seeks highly personal, sensitive information, including records of incarceration and probation proceedings, implicating Plaintiff's privacy rights under federal and California law, including California Penal Code § 1203.05 and California Constitution, Article I, § 1. Plaintiff objects to this request because, to the extent it seeks documents related to probation violation proceedings, it is cumulative, compound, and burdensome, listing numerous individual court dates without any discernible relevance to the issues in the case. Plaintiff objects to this request to the extent it seeks to use incarceration history or probation violations for impeachment

51

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

or character purposes, as such use is premature and improper in the context of a document subpoena. See FRE 608–609. Plaintiff objects because the request is vague and ambiguous. Terms such as "refer or relate to" are vague, ambiguous, and susceptible to multiple interpretations, rendering it unclear what documents are being sought (e.g., court filings, inmate logs, personal correspondence, legal memoranda, etc.). Plaintiff objects because the request is duplicative and harassing. The enumerated list of more than a dozen distinct incarceration events and probation hearings suggests an intent to intimidate or burden rather than obtain specific, relevant discovery. Plaintiff objects to this request to the extent it seeks records relating to periods of incarceration or probation that were based on charges not resulting in conviction, or proceedings that were subsequently dismissed, expunged, or sealed. Plaintiff objects on the grounds of statutory limitations on the use or admissibility of such records, including but not limited to California Penal Code §§ 851.8, 1000.4, and 1203.45. To the extent the documents sought are custodial or jail records maintained by local or state agencies, and not in Plaintiff's possession, custody, or control, Plaintiff objects on the grounds that such documents must be obtained via subpoena directly from the relevant agencies (e.g., Orange County Sheriff's Department or Los Angeles County Sheriff's Department). Plaintiff objects to the production of documents that are protected by the attorney-client privilege, the work product doctrine, or any applicable confidentiality obligations. No waiver of such privileges is intended or made.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 12:**

Hayde RFP No. 12 seeks highly relevant information regarding Mr. Hayde's criminal incarceration.  Mr. Hayde has been charged with and convicted of crimes relevant to his ability to represent a putative class; however, Mr. Hayde fails to assert any legitimate objections to justify his refusal to produce any responsive documents (nor has he meaningfully conferred).

52

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

***Relevance.***  The information sought by this Request is highly relevant because it pertains to Mr. Hayde's adequacy to serve as a class representative for the putative class on whose behalf he filed suit.  Courts within the Ninth Circuit have made clear that a putative class representative's criminal history is relevant to issues of class certification.  *In re Proxima Corp.*, 1994 WL 374306, at *17 (plaintiff "unfit to serve as an adequate representative" because "he committed fraud").  Further, any convictions for burglary and robbery[4] are also the type of crimes the Ninth Circuit has held "are probative of veracity." *Givens*, 767 F.2d at 580; *Kinslow*, 860 F.2d at 968 ("[A]rmed robbery is a crime that involves 'dishonesty' and is thus always relevant to the question of a defendant's credibility."); *see also Monroe*, 40 F. App'x at 410 (prior robbery convictions are "probative of veracity");[5] *Cavender*, 578 F.2d at 534 (reversing exclusion of felony convictions older than 10 years because court failed to consider the impact of convictions on witnesses' credibility);[6] 1 Newberg and Rubenstein on Class Actions § 3:68 (6th ed.) ("[C]onfirmed examples of past dishonesty such as fraud or a criminal conviction" are instances where "issues of credibility have led to a finding

---

[4] Regarding character for truthfulness, Federal Rule of Evidence 609, mandates admission of evidence of convictions for crimes that are punishable by imprisonment for more than one year.  Fed. R. Evid. 609(a)(1)(A).  Further, a court may consider evidence of convictions older than 10 years when their probative value substantially outweighs their prejudicial effect. *Id.* 609(b)(1).

[5] *Pagan*, 2011 WL 1876027 ("[The class representative's] conviction for robbery may be used against him [f]or the purpose of attacking [his] character for truthfulness.") (cleaned up); *accord Muldrow*, 202 Cal. App. 3d at 645 ("[D]efendant's prior convictions for burglary and attempted burglary were properly probative of defendant's credibility."); *Mendoza*, 78 Cal. App. 4th at 925 ("California courts have repeatedly held that prior convictions for burglary, robbery, and other various theft-related crimes are probative on the issue of the defendant's credibility.") (collecting cases).

[6] *Villare*, 2020 WL 3497285, *7 (ten-year old expunged fraud conviction renders plaintiff inadequate—"the Court … will not force class members to rely on a representative who has admitted to fraud."); *Pritchard*, 973 F.2d at 908–10 (11th Cir. 1992) (allowing evidence of 13-year old burglary conviction).

53

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

of inadequate representation."). Mr. Hayde's criminal history information is thus relevant here. This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the Request is "overly broad" and that the sole purposes of the Request are "for impeachment or character purposes" or "harassing."

*Mr. Hayde's Other Objections Fail.* Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Mr. Hayde is truly confused about how to interpret common terms such as "refer or relate to," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege. Nor has Mr. Hayde specified his claim of privacy, as he only notes that the information is "*potentially* sensitive" or "*implicate[s]*" his "privacy rights" – without further explanation. Such boilerplate objections are invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity"). Mr. Hayde's cursory invocation of California Penal Code sections 851.8, 1000.4, 1203.05, and 1203.45 fails for the same reasons. Nor is this straightforward Request "compound." *See Douglas v. Warner Bros. Discovery Inc.*, 2024 WL 6081918, at *4–5 (C.D. Cal. Sept. 14, 2024) (interrogatory requesting list of "each and every health care provider" plaintiff's mother consulted "is not compound" but "perfectly clear and unambiguous"). Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties

54

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id.* ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 12; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request improperly seeks "all documents relating to YOUR periods of incarceration" without any temporal, subject-matter, or class-related limitation. Incarceration history has no bearing on the claims or defenses in this consumer class action, nor on the Rule 23 adequacy inquiry. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564–66 (D. Ariz. 2016) (courts must deny wide-ranging, minimally probative requests under the proportionality requirement).

Courts in this Circuit consistently decline to permit discovery into unrelated personal history or character matters at the class certification stage, absent a showing of a present conflict of interest between the representative and the class. *See Meyer v. Portfolio Recovery Assocs., LLC*, 2011 WL 11712610, at *4 (S.D. Cal.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Sept. 14, 2011) (character attacks not sympathetically received absent conflict); *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986) (prior convictions for deceptive conduct did not create a conflict with the class); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959–60 (9th Cir. 2009) (adequacy turns on conflicts, not personal history). Plaintiff Hayde has no such conflict of interest. Defendant's demand is therefore a fishing expedition intended to mount a character attack rather than address Rule 23 issues.

To the extent Defendant suggests impeachment as a justification, incarceration records are not a proper means of impeachment. Under the Federal Rules of Evidence, only certain criminal convictions may be used for credibility purposes, not arrests, incarceration, or other unrelated personal history. See Fed. R. Evid. 609. Moreover, convictions more than ten years old are presumptively inadmissible and may only be admitted in "exceptional circumstances" with explicit findings. See Fed. R. Evid. 609(b); *Simpson v. Thomas*, 528 F.3d 685, 693–96 (9th Cir. 2008). The Ninth Circuit has emphasized that only the bare fact of a conviction, its nature, and its range may be considered, not the collateral details of incarceration. *See United States v. Osazuwa*, 564 F.3d 1169, 1175–76 (9th Cir. 2009).

Accordingly, Defendant's request for all documents relating to periods of incarceration is irrelevant, disproportionate, and directed at inadmissible character evidence rather than any legitimate Rule 23 or Rule 26 consideration.

## DOCUMENT REQUEST NO. 13 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO the terms or conditions of any parole, probation, or supervised release that YOU are, or have been, subject to.

## MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 13:

Plaintiff objects to this request because it is overly broad as to time and subject matter. It seeks documents concerning any and all conditions of parole, probation, or supervised release imposed at any point in Plaintiff's life, without

56
JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

limitation to time period, offense, jurisdiction, or relevance to the claims or defenses in this action. See *Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 357 (D. Md. 2012). Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, particularly where the terms of prior or expired supervision bear no relationship to the claims at issue. Plaintiff objects to this request because it seeks highly personal and sensitive information, including court-imposed supervision terms, which are protected under Plaintiff's constitutional and statutory privacy rights, including but not limited to the California Constitution, Article I, § 1, and California Penal Code §§ 1203.05 and 1203.10. Plaintiff objects to this request because to the extent it seeks to use probation or supervised release terms for impeachment or character evidence, it is improper and premature in the context of discovery. See FRE 608–609. Plaintiff objects to this request because it is vague and ambiguous. The phrase "refer or relate to" lacks clarity and fails to specify whether this includes judicial records, correspondence with supervising officers, internal case notes, or other categories of documents, making compliance unduly burdensome and uncertain. Plaintiff objects to this request as duplicative and harassing. It broadly sweeps in decades of Plaintiff's criminal justice supervision history in an apparent effort to burden or embarrass Plaintiff, rather than to discover admissible evidence. Plaintiff objects to this request to the extent it seeks documents related to probation, parole, or supervision that was later revoked, terminated, dismissed, or expunged, as such information may be barred from use or disclosure under California law, including Penal Code §§ 851.8, 1000.4, and 1203.45. To the extent the documents sought are parole or probation records maintained by third-party government agencies and not within Plaintiff's possession, custody, or control, Plaintiff objects on the basis that such documents must be sought directly from the supervising agency or court via subpoena. Plaintiff objects to the production of documents that are protected by the attorney-client

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

privilege, the work product doctrine, or other applicable confidentiality doctrines. No waiver is intended.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 13:

Hayde RFP No. 13 seeks highly relevant information regarding Mr. Hayde's criminal history. Mr. Hayde has been charged with and convicted of crimes relevant to his ability to represent a putative class; however, Mr. Hayde fails to assert any legitimate objections to justify his refusal to produce any responsive documents (nor has he meaningfully conferred).

*Relevance.* The information sought by this Request is highly relevant because it pertains to Mr. Hayde's adequacy to serve as a class representative for the putative class on whose behalf he filed suit. Courts within the Ninth Circuit have made clear that a putative class representative's criminal history is relevant to issues of class certification. *In re Proxima Corp.*, 1994 WL 374306, at *17 (plaintiff "unfit to serve as an adequate representative" because "he committed fraud"). Further, any convictions for burglary and robbery[7] are also the type of crimes the Ninth Circuit has held "are probative of veracity." *Givens*, 767 F.2d at 580; *Kinslow*, 860 F.2d at 968 ("[A]rmed robbery is a crime that involves 'dishonesty' and is thus always relevant to the question of a defendant's credibility."); *see also Monroe*, 40 F. App'x at 410 (prior robbery convictions are "probative of veracity");[8] *Cavender*, 578 F.2d at 534 (reversing exclusion of felony

---

[7] Regarding character for truthfulness, Federal Rule of Evidence 609, mandates admission of evidence of convictions for crimes that are punishable by imprisonment for more than one year. Fed. R. Evid. 609(a)(1)(A). Further, a court may consider evidence of convictions older than 10 years when their probative value substantially outweighs their prejudicial effect. *Id.* 609(b)(1).

[8] *Pagan*, 2011 WL 1876027 ("[The class representative's] conviction for robbery may be used against him [f]or the purpose of attacking [his] character for truthfulness.") (cleaned up); *accord Muldrow*, 202 Cal. App. 3d at 645 ("[D]efendant's prior convictions for burglary and attempted burglary were

58
JOINT STIPULATION PURSUANT TO LOCAL RULE 37

convictions older than 10 years because court failed to consider the impact of convictions on witnesses' credibility);[9] 1 Newberg and Rubenstein on Class Actions § 3:68 (6th ed.) ("[C]onfirmed examples of past dishonesty such as fraud or a criminal conviction" are instances where "issues of credibility have led to a finding of inadequate representation."). Mr. Hayde's criminal history information is thus relevant here. This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the Request is "overly broad" and that the sole purposes of the Request are "for impeachment or character purposes" or "harassing."

*Mr. Hayde's Other Objections Fail.* Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Mr. Hayde is truly confused about how to interpret common terms such as "refer or relate to," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege. Nor has Mr. Hayde specified his claim of privacy, as he only cursorily cites California Penal Code sections 1203.05 and 1203.10 without any explanation. Such boilerplate objections are invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must

---

properly probative of defendant's credibility."); *Mendoza*, 78 Cal. App. 4th at 925 ("California courts have repeatedly held that prior convictions for burglary, robbery, and other various theft-related crimes are probative on the issue of the defendant's credibility.") (collecting cases).

[9] *Villare*, 2020 WL 3497285, *7 (ten-year old expunged fraud conviction renders plaintiff inadequate—"the Court … will not force class members to rely on a representative who has admitted to fraud."); *Pritchard*, 973 F.2d at 908–10 (11th Cir. 1992) (allowing evidence of 13-year old burglary conviction).

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

be "state[d] with specificity"). Mr. Hayde's cursory invocation of California Penal Code sections 851.8, 1000.4, and 1203.45 fails for the same reasons.

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 12; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

## MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant and not proportional to the needs of this case within the meaning of Rule 26(b)(1). The request seeks "all documents" concerning any parole, probation, or supervised release conditions, without any limitation as to time, subject matter, or nexus to the claims and defenses in this consumer class action. Such personal supervision history is unrelated to the issues before the Court and has no bearing on whether Plaintiff can serve as an adequate representative under Rule 23. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564–

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

66 (D. Ariz. 2016) (post-2015 amendments require courts to police proportionality and deny discovery into minimally probative matters).

Courts in this Circuit consistently reject attempts to use unrelated personal or criminal history to attack the adequacy of a class representative absent evidence of a present conflict of interest with the class. *See Meyer v. Portfolio Recovery Assocs., LLC*, 2011 WL 11712610, at *4 (S.D. Cal. Sept. 14, 2011) (character attacks not sympathetically received absent conflict); *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986) (prior convictions did not create conflict with the class); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959–60 (9th Cir. 2009) (adequacy inquiry focuses on conflicts and vigorous prosecution, not unrelated personal history). Plaintiff Hayde has no such conflict, and this request is nothing more than an improper fishing expedition.

To the extent Defendant suggests impeachment as a justification, conditions of parole, probation, or supervised release are not admissible impeachment material. The Federal Rules of Evidence permit impeachment only by limited categories of convictions—not by collateral supervisory terms. See Fed. R. Evid. 609. Moreover, convictions older than ten years are presumptively inadmissible absent exceptional circumstances and explicit findings. See Fed. R. Evid. 609(b); *Simpson v. Thomas*, 528 F.3d 685, 693–96 (9th Cir. 2008). The Ninth Circuit has also prohibited impeachment with extrinsic evidence of unrelated misconduct. *See United States v. Osazuwa*, 564 F.3d 1169, 1175–76 (9th Cir. 2009).

Accordingly, Defendant's request for all documents concerning parole, probation, or supervised release is irrelevant, disproportionate, and directed solely at inadmissible character evidence, not at any legitimate Rule 23 or Rule 26 issue.

## DOCUMENT REQUEST NO. 14 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO the manner in which YOU became a party to this action, including, but not limited to advertisements or news articles, solicitations, emails, notices, or correspondence to which YOU responded.

61

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiff objects to this request because it is vague and ambiguous. The phrase "the manner in which YOU became a party to this action" is undefined and subject to multiple interpretations, including communications with counsel, legal research, or administrative procedures, rendering it unclear what specific documents are being sought. Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. The documents requested, such as advertisements, articles, or notices, have no bearing on the elements of Plaintiff's claims or Defendant's defenses. Plaintiff objects to this request because it seeks information protected by the attorney-client privilege and/or attorney work product doctrine, including but not limited to communications with counsel or materials prepared in anticipation of litigation. No waiver of such privileges is intended. Plaintiff objects to this request to the extent it seeks to inquire into counsel's solicitation efforts or legal advertising, which is protected under the First Amendment and not discoverable in the absence of specific, articulable relevance. Plaintiff objects to this request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including any advertising materials or digital content disseminated by third parties or legal organizations. Plaintiff objects to this request because it is harassing and intended to chill participation in this litigation by scrutinizing the manner in which Plaintiff became aware of or joined this case, which is protected under Rule 23 and First Amendment associational rights. Plaintiff objects to the production of documents that are confidential or otherwise protected from disclosure by law, agreement, or court order. No waiver is intended or made.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 14:**

Hayde RFP No. 14 seeks highly relevant documents regarding the way in which Mr. Hayde became a plaintiff in this action, including whether he responded

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

to an advertisement, news article, solicitation, or other contact method, whether from Mr. Hayde's counsel or otherwise. Mr. Hayde fails to assert any legitimate objections to justify his complete refusal to produce any responsive documents.

***Relevance.*** Mr. Hayde's objection that this Request seeks information "that is not relevant to any party's claim or defense" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly whether Mr. Hayde can fairly and adequately serve as a class representative, whether he is similarly situated to other class members, and his motivation for becoming a party to this action, including whether he was solicited to become a plaintiff, and whether he has potential conflicts with the class members. *See, e.g.*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 957–60 (9th Cir. 2009) (retainer and incentive agreements between plaintiffs and counsel "plainly relevant" to adequacy inquiry of class representatives); *Serna v. Big A Drug Stores, Inc.*, 2007 WL 7665762, at *2 (C.D. Cal. Oct. 9, 2007) (named plaintiff's relationships and recruitment relevant to adequacy). This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

***Mr. Hayde's Other Objections Fail.*** Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Mr. Hayde is truly confused about how to interpret common terms such as "the manner in which YOU became a party to this action," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege, particularly as to documents that, by definition, necessarily pre-date the establishment of any attorney-client relationship. Mr. Hayde's boilerplate

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 14; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

## MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Courts in this Circuit consistently hold that *how* a plaintiff became aware of or joined a case—whether through advertising, referral, or counsel solicitation—does not bear on the merits, any defense, or the plaintiff's adequacy as a class representative. *See In re Williams-Sonoma, Inc.*, 947 F.3d at 540–43 (client-finding discovery is not relevant to any claim or defense); *Zaklit v. Nationstar Mortg., LLC*, 2017 WL 3174901, at *14; *Guido v. L'Oreal, USA, Inc.*, No. CV 11-1067 CAS JCX, 2013 WL 3353857, at *7–8 (C.D. Cal. July 1, 2013); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17CV2335-GPC(MDD), 2018 WL 6300479, at *7 (S.D. Cal.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Nov. 29, 2018); *see also C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1101 (9th Cir. 2017) (motivation to bring suit irrelevant); *Langer v. Kiser*, 57 F.4th at 1093–94.

To the extent the request seeks communications with Plaintiffs' counsel or other documents prepared in anticipation of litigation, such materials are protected by the attorney-client privilege and/or work-product doctrine. Any privileges will be logged.

### DOCUMENT REQUEST NO. 15 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO any actual or potential conflicts of interest YOU may have with putative or purported class members that make up the alleged class as pled in YOUR COMPLAINT.

### MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 15:

Plaintiff objects to this request because it is vague and ambiguous. The terms "actual or potential conflicts of interest" and "putative or purported class members" are undefined and susceptible to subjective interpretation, rendering it unclear what documents, if any, are being sought or how Plaintiff is expected to identify responsive materials. Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. To the extent Defendant is attempting to challenge adequacy under Rule 23(a)(4), this request is premature and not properly framed as a document request. See *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) (noting that adequacy challenges must be tied to specific and substantiated facts). Plaintiff objects to this request because it assumes facts not in evidence, including that Plaintiff has conflicts with putative class members, which is an improper basis for a document request. Plaintiff objects to this request because it is harassing and intended to cast doubt on Plaintiff's adequacy without factual support. Plaintiff objects to this request because it seeks privileged or protected information, including communications with counsel about Plaintiff's suitability as a class

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

representative, which are protected by the attorney-client privilege and/or the attorney work product doctrine. No waiver of such privilege is intended. Plaintiff objects to the extent this request seeks documents not in Plaintiff's possession, custody, or control, including opinions or speculation from third parties about Plaintiff's adequacy.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 15:**

Hayde RFP No. 15 seeks highly relevant records regarding any actual or potential conflicts of interest between Mr. Hayde and any putative or purported members of the class. Mr. Hayde fails to assert any legitimate objections to justify his complete refusal to produce any responsive documents.

***Relevance.*** Mr. Hayde's objection that this Request seeks information "that is not relevant to any party's claim or defense" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly Mr. Hayde's adequacy to serve as a class representative. *See, e.g.*, *Rodriguez*, 563 F.3d at 957–60 (incentive agreements for class representatives relevant to class certification and conflicts of interest for class representatives); *Red*, 2011 WL 4599833, at *11–12 (conflicts of interest relevant to class representative's adequacy); *Serna*, 2007 WL 7665762, at *2 (plaintiff's conflicts of interest made her inadequate class representative). This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

***Mr. Hayde's Other Objections Fail.*** Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Mr. Hayde is truly confused about how to interpret common terms such as "the

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

manner in which YOU became a party to this action," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege, particularly as to documents that, by definition, necessarily pre-date the establishment of any attorney-client relationship. Further, generic, boilerplate objections such as "assumes facts not in evidence," are improper, particularly when not supported by evidence, and thus are to be disregarded. *See Diaz*, 2022 WL 2134967, at *5 (citing *A. Farber & Partners*, 234 F.R.D. at 188 (C.D. Cal. 2006)). Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 15; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in his possession, custody, or control.

**DOCUMENT REQUEST NO. 16 TO MR. HAYDE:**

All DOCUMENTS that REFER OR RELATE TO any representations, agreements, promises or assurances YOU received about any monetary recovery YOU might receive as a result of YOUR participation as a plaintiff in this lawsuit.

**MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiff objects to this request because it is vague and ambiguous. The terms "representations," "agreements," "promises," and "assurances" are not defined and are overly broad in scope, making it unclear whether the request seeks formal contracts, informal communications, or attorney-client discussions. Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case under Rule 26(b)(1). Any statements relating to possible monetary recovery for a named plaintiff are irrelevant to the underlying merits of the claims or the defenses asserted. Plaintiff objects to this request because it is intended to challenge Plaintiff's adequacy as a class representative without a factual basis, which is improper. Plaintiff objects to this request to the extent it seeks attorney-client privileged communications, including any legal advice or discussions with counsel concerning Plaintiff's role or potential remedies. No waiver of such privilege is intended. Plaintiff further objects to the extent this request seeks attorney work product or litigation strategy, including any assessments of potential case value or anticipated recovery. Plaintiff objects to this request as harassing and chilling of Plaintiff's exercise of rights under Rule 23. Discovery into Plaintiff's expectations of recovery, where there is no evidence of a side agreement or improper inducement, is irrelevant and intended to intimidate or discredit the named representative. Plaintiff objects to the extent this request seeks documents not in Plaintiff's possession, custody, or control, including internal law firm materials or class counsel's confidential assessments.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 16:

Hayde RFP No. 16 seeks highly relevant documents regarding any monetary recovery Mr. Hayde was promised as a result of his serving as a plaintiff in this litigation, whether from plaintiffs' counsel or otherwise. Mr. Hayde fails to assert any legitimate objections to justify his complete refusal to produce any responsive documents.

***Relevance.*** Mr. Hayde's objection that this Request seeks information "that is not relevant to any party's claim or defense" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly whether Mr. Hayde can fairly and adequately serve as a class representative, whether he is similarly situated to other class members, and his motivation for becoming a party to this action, including whether he was solicited to become a plaintiff and whether monetary and other incentives create a conflict of interest with the class. *See, e.g.*, *Rodriguez*, 563 F.3d at 957–60 (retainer and incentive agreements between plaintiffs and counsel "plainly relevant" to adequacy inquiry of class representatives); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014) (collecting cases) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine …. Moreover, the attorney-client privilege generally does not preclude disclosure of fee agreements"). The Request is also narrowly tailored to this action. This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

***Mr. Hayde's Other Objections Fail.*** Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Mr. Hayde is truly confused about how to interpret common terms such as "representations," "agreements," "promises," and "assurances," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege. Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 16; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

## MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in his possession, custody, or control.

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## DOCUMENT REQUEST NO. 17 TO MR. HAYDE:

All DOCUMENTS that REFER OR RELATE TO any agreement YOU have with YOUR attorneys, or any other PERSON or entity, or any agreement YOUR attorneys have with any other PERSON or entity, concerning:

      a.  the payment or advancement of attorneys' fees, expenses, and costs with respect to this lawsuit;

      b.  who will advance, and who is responsible for, payment of the costs and expenses incurred in connection with the prosecution of this lawsuit; or

      c.  whether a fee in this lawsuit will be shared with any PERSON not a member of YOUR attorneys' law firms.

## MR. HAYDE'S RESPONSE TO DOCUMENT REQUEST NO. 17:

Plaintiff objects to this request because it is overly broad and seeks documents beyond what is relevant or proportional to the needs of the case under Rule 26(b)(1). The request encompasses internal fee arrangements and cost-sharing agreements that have no bearing on the merits of the claims or defenses at issue. Plaintiff objects to this request because it seeks information protected by the attorney-client privilege and/or attorney work product doctrine, including communications and agreements between Plaintiff and Plaintiff's counsel, and among Plaintiff's counsel, regarding the funding and litigation strategy of this case. No waiver of privilege is intended. Plaintiff objects to this request to the extent it seeks documents relating to fee-sharing or co-counsel arrangements, which are generally disclosed to the court in the event of class certification and fee applications, and are not discoverable absent a credible, fact-based challenge to adequacy or conflicts of interest. Plaintiff objects to this request as vague and ambiguous. It is unclear whether the request seeks formal written agreements, internal firm documents, third-party communications, or payment records, and the term "any PERSON or entity" is undefined and potentially expansive. Plaintiff objects because the request is premature and improperly directed at issues that are

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

more appropriately addressed during a Rule 23(g) inquiry or in a motion for attorneys' fees, not during pre-certification discovery. Plaintiff objects to this request to the extent it seeks confidential financial or business arrangements of Plaintiff's counsel, including internal firm agreements, which are not within Plaintiff's possession, custody, or control.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MR. HAYDE TO REQUEST NO. 17:

Hayde RFP No. 17 seeks highly relevant documents regarding Mr. Hayde's financial arrangements regarding attorneys' fees, expenses, costs, advances, and fees sharing for this litigation, whether with plaintiffs' counsel or otherwise. Mr. Hayde fails to assert any legitimate objections to justify his complete refusal to produce any responsive documents.

*Relevance.* Mr. Hayde's objection that this Request seeks information "beyond what is relevant or proportional to the needs of the case" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly whether Mr. Hayde can fairly and adequately serve as a class representative, whether he is similarly situated to other class members, and his motivation for becoming a party to this action, including whether he was solicited to become a plaintiff and whether monetary and other incentives create a conflict of interest with the class. *See*, *e.g.*, *Rodriguez*, 563 F.3d at 957–60 (retainer and incentive agreements between plaintiffs and counsel "plainly relevant" to adequacy inquiry of class representatives); *Gusman*, 298 F.R.D. at 600 (collecting cases) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine …. Moreover, the attorney-client privilege generally does not preclude disclosure of fee agreements"). Further, a "litigation funding agreement is relevant to the adequacy determination," and that the agreement "should be produced to [the] defendant." *Gbarabe v. Chevron Corp.*, 2016 WL 4154849, at *1–2 (N.D.

72

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

Cal. Aug. 5, 2016).  The Request is also narrowly tailored to this action.  This high showing of relevance to issues of class certification, among others, further defeats Mr. Hayde's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

   ***Mr. Hayde's Other Objections Fail.***  Similarly, Mr. Hayde's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Mr. Hayde is truly confused about whether the Request "seeks formal written agreements, internal firm documents, third-party communications, or payment records," or how to interpret the common term "any PERSON or entity," he had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.  Mr. Hayde also has not provided a privilege log to substantiate his claims of privilege.  Mr. Hayde's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

   In its conferral letter, Arcadia detailed the basis for this Request and why Mr. Hayde's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id*. ¶ 6.)  To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id*.)

   Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Mr. Hayde to (a) produce supplemental responses without the improper objections; (b) conduct a

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Hayde RFP No. 17; and (c) produce a privilege log to the extent Mr. Hayde is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MR. HAYDE'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff objects to Defendant's Request for Production seeking documents relating to any retainer agreement on the grounds that it is irrelevant, overly broad, and not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1).

The existence or terms of any retainer agreement between Plaintiff and his counsel have no bearing on the claims or defenses in this consumer class action and do not affect Plaintiff's ability to adequately represent the class. District courts in the Ninth Circuit have routinely held that retainer agreements need not be produced in class actions in the absence of evidence of an incentive fee arrangement or conflict of interest. *Carlin v. DairyAmerica, Inc.*, No. 1:09-cv-00430-AWI-EPG, 2017 WL 4224940 * 3-5 (E.D. Cal. Sept. 22, 2017) (retainer agreements not relevant to defenses; rejecting broad reading of *Rodriguez*).

Adequacy challenges based on fee/retainer terms require more than speculation—there must be a reason to think of a potential conflict; otherwise, fee/retainer terms "have no bearing" on certification. *In re Google AdWords Litigation*, No. C 08-03369 JW (HRL), 2010 WL 4942516 (N.D. Cal. Nov. 12, 2010); *Park v. Webloyalty.com, Inc.*, 2018 WL 2017925, at **3-4 (S.D. Cal. Apr. 30, 2018) (same; *Rodriguez* "does not stand" for broad discoverability); *Larsen v. Coldwell Banker Real Estate Corp.*, 2011 WL 13131127, at *3 (C.D. Cal. Oct. 4, 2011) (denying motion to compel retainer agreements where no evidence of conflict).

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Accordingly, the request seeks information that is not discoverable under the Federal Rules.

## DOCUMENT REQUESTS ATTACHED TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF MEGAN WHEELER

### DOCUMENT REQUEST NO. 1 TO MS. WHEELER:

All DOCUMENTS that REFER OR RELATE TO YOUR purchase of the PRODUCT, including but not limited to receipts, and bank or credit card statements reflecting such purchase.

### MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 1:

Plaintiff objects to this request to the extent it is overly broad and seeks documents beyond what is necessary to establish the fact of purchase. The inclusion of "bank or credit card statements" implicates unrelated private financial transactions wholly irrelevant to this litigation. Plaintiff objects to this request to the extent it seeks highly personal and sensitive financial information, including bank and credit card records, which implicate Plaintiff's right to privacy under federal law and the California Constitution, Article I, § 1. Such documents may only be discoverable if narrowly tailored and subject to a protective order. Plaintiff objects to this request to the extent it seeks cumulative or duplicative documents. If a receipt or confirmation has already been provided or will be produced, additional financial records such as full bank or credit card statements are unnecessary and disproportionate to the needs of the case. Federal Rule of Civil Procedure 26(b)(1). Plaintiff objects to this request to the extent it seeks documents not within Plaintiff's current possession, custody, or control, including documents held by third-party financial institutions. Plaintiff objects to the extent this request seeks confidential information that is subject to redaction or limitation under a stipulated protective order or court order.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

control sufficient to reflect Plaintiff's purchase of the product at issue, including any receipts or confirmations of sale, and will do so at a mutually agreeable time or pursuant to an agreed protective order. Plaintiff reserves the right to redact unrelated transactions from any financial records produced.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 1:**

Wheeler RFP No. 1 seeks highly relevant records regarding Ms. Wheeler's actual purchase and purchase history of the Fungi-Nail product *she put at issue in this litigation*. Ms. Wheeler nominally agreed to produce some subset of responsive documents "sufficient to reflect" her purchase, but (a) has failed to produce *any* documents in response, and (b) fails to assert any legitimate objections justifying withholding other responsive documents.

*Relevance.* The requested documents are highly relevant. Beyond the basic necessity that Ms. Wheeler adequately prove up her standing—i.e., that she in fact purchased Fungi-Nail product that is the subject of this litigation—these documents are relevant to Ms. Wheeler's adequacy and typicality as class representative, as they bear on, for example, whether Ms. Wheeler made her purchase solely for the purposes of litigation or whether Ms. Wheeler was actually misled by the label, and also are relevant to information concerning Ms. Wheeler's purchasing habits and the factors and information she considers material when making purchases. *See, e.g.*, *Mazza*, 666 F.3d at 596 (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance); *Red*, 2011 WL 4599833, at *11–12 (plaintiffs' purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality, materiality); *Sperling*, 2017 WL 90370, at *4 ("Plaintiff's shopping habits are relevant to the claims and defenses in this action."); *Jovel*, 2014 WL 1027874, at *4 ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

class claims'" (citation omitted)). The Request is narrowly tailored to only transactions involving purchase of Fungi-Nail product.

*Ms. Wheeler Failed to Produce Documents as Stated in Response.* On July 17, 2025, Ms. Wheeler agreed to produce limited documents in response to this Request, stating she would produce a narrowed set of documents purportedly "sufficient to reflect Plaintiff's purchase of the product at issue," but has thus far entirely failed to do so. (Bae Decl. ¶ 3.) In view of Ms. Wheeler's unjustified failure to timely produce any documents, Ms. Wheeler should be compelled to produce supplemental responses without the improper objections and all responsive documents within fourteen (14) days. Ms. Wheeler's continued delay (or refusal) will further prejudice Arcadia's ability to prepare to oppose class certification and for trial. *See Smith*, 2016 WL 11757749, at *3 ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial … [t]he law … presumes prejudice from unreasonable delay" (quoting *In re Phenylpropanolamine*, 460 F.3d at 1227 (alteration and second omission in original))).

*Ms. Wheeler's Other Objections Fail.* Ms. Wheeler refuses to produce an unknown majority of documents—i.e., *all* responsive documents rather than documents "sufficient to show"—is without basis. As stated in Arcadia's August 15, 2025 Letter (Bae Decl. ¶ 5, Ex. C), Ms. Wheeler provides no objection justifying her unilateral limitation. Ms. Wheeler's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Ms. Wheeler] has deemed cumulative to determine the accuracy of [Ms. Wheeler]'s characterization." *Kajeet*, 2019 WL 8060078, at *12. Ms. Wheeler's privacy objections concerning her financial information are also invalid; the Request "by definition only seek[s] information that Plaintiff contends supports allegations" regarding Ms. Wheeler's *own purchases* of the Fungi-Nail product *Ms. Wheeler*

77

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

*herself* placed at issue. *Davis*, 2021 WL 6882324, at *9 (citing *Grayson*, 2015 WL 5008995, at *3). If Ms. Wheeler does not wish to disclose this information, she is free to seek dismissal of her own lawsuit or to negotiate the scope of a protective order, but she cannot simply refuse to produce responsive and relevant documents. *See, e.g.*, *Soto*, 162 F.R.D. at 616. Further, Ms. Wheeler's boilerplate objections are invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 1; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff will produce documents sufficient to show her product purchase, with redactions of unrelated transactions as needed, subject to a protective order.

**DOCUMENT JENT REQUEST NO. 2 TO MS. WHEELER:**

78

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

The physical packaging of the PRODUCT YOU purchased.

**MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiff objects to this request to the extent it seeks documents or physical items no longer in Plaintiff's possession, custody, or control. Plaintiff is not under an obligation to retain packaging indefinitely, particularly in the absence of a litigation hold or advance notice of claims. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1), especially if the packaging is generic or mass-produced and already in Defendant's possession or control. Plaintiff objects to this request to the extent it is cumulative and duplicative of documents or exemplars Defendant can more readily obtain, as the packaging for the product in question is presumptively in Defendant's control and not unique to Plaintiff's experience.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent the physical packaging is still in Plaintiff's possession, custody, or control, will make it available for inspection or produce photographs or descriptions of such packaging at a mutually agreeable time or pursuant to an agreed protective order. Plaintiff reserves the right to supplement or clarify based on ongoing investigation.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 2:**

Wheeler RFP No. 2 seeks highly relevant records regarding Fungi-Nail product Ms. Wheeler actually purchased.  Ms. Wheeler nominally agreed to produce some subset of responsive documents, but (a) has failed to produce *any* documents in response, and (b) fails to assert any legitimate objections justifying withholding other responsive documents.

*Relevance.*  The requested documents are highly relevant.  Beyond the basic necessity that Ms. Wheeler adequately prove up her standing—i.e., that she in fact purchased Fungi-Nail product that is the subject of this litigation—these documents

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

are relevant to Ms. Wheeler's adequacy and typicality as class representative, as they bear on, for example, the label Ms. Wheeler purportedly saw when purchasing Fungi-Nail product and whether Ms. Wheeler was actually misled by the label, and also are relevant to information Ms. Wheeler's purchasing habits and the factors and information she considers material when making purchases. *See, e.g.*, *Mazza*, 666 F.3d at 596 (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance); *Red*, 2011 WL 4599833, at *11–12 (plaintiffs' purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality, materiality); *Jovel*, 2014 WL 1027874, at *4 ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)).  The Request is narrowly tailored to only the packaging of Fungi-Nail product.

*Ms. Wheeler Failed to Produce Documents as Stated in Response.*  On July 17, 2025, Ms. Wheeler agreed to produce limited documents in response to this Request, but has thus far entirely failed to do so.  (Bae Decl. ¶ 3.)  In view of Ms. Wheeler's unjustified failure to timely produce any documents, Ms. Wheeler should be compelled to produce supplemental responses without the improper objections and all responsive documents within fourteen (14) days.  Ms. Wheeler's continued delay (or refusal) will further prejudice Arcadia's ability to prepare to oppose class certification and for trial.  *See Smith*, 2016 WL 11757749, at *3 ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial … [t]he law … presumes prejudice from unreasonable delay" (quoting *In re Phenylpropanolamine*, 460 F.3d at 1227 (alteration and second omission in original))).

*Ms. Wheeler's Objections Fail.*  First, Ms. Wheeler, as the plaintiff, has a duty to preserve relevant evidence, particularly so given this is *her* litigation based on *her* claim.  Ms. Wheeler was in exclusive possession of the knowledge of when

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

she purportedly noticed the Fungi-Nail product did exactly what the packaging claimed and did not cure her nail and thus when her claim supposedly began to accrue, and she was therefore under a duty to preserve the packaging as evidence at that point. *RG Abrams*, 342 F.R.D. at 503 ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which [he or she] knows or reasonably should know is relevant to the action or may be relevant to future litigation" (quoting *Colonies Partners*, 2017 WL 1807596, at *6)). Additionally, Ms. Wheeler's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Ms. Wheeler] has deemed cumulative to determine the accuracy of [Ms. Wheeler]'s characterization." *Kajeet*, 2019 WL 8060078, at *12.  The claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate." *O.L.*, 2021 WL92105, at *13 (quoting *Miller*, 2020 WL 4001624, at *6).

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

privileged, responsive records to Wheeler RFP No. 2; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

### MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Upon reasonable inquiry and diligent search, Plaintiff confirms that she does not have the original box packaging for the Fungi Nail product requested. Plaintiff does, however, remain in possession of the Fungi Nail bottle itself. Plaintiff is willing to produce the bottle for inspection at a mutually convenient time, or alternatively, provide clear photographs of the bottle in advance of her deposition.

### DOCUMENT REQUEST NO. 3 TO MS. WHEELER:

All DOCUMENTS that REFER OR RELATE TO payments, credits, and/or refunds regarding YOUR purchase of the PRODUCT, including but not limited to DOCUMENTS RELATED to the request for any refund YOU made from ARCADIA for the PRODUCT, ARCADIA's response to YOUR refund request, and whether YOU received a refund.

### MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 3:

Plaintiff objects to this request because it is overly broad and seeks documents beyond what is relevant or proportional to the needs of the case under Rule 26(b)(1). The request encompasses all documents concerning payments, credits, and refunds without limitation to time, transaction type, or relevance to any specific issue in dispute. Plaintiff objects to this request because it is vague and ambiguous. Terms such as "payments," "credits," and "refunds" are not defined and may include unrelated or private financial transactions not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it seeks private financial information, including credit card records or other payment data, which implicates Plaintiff's right to privacy under federal and California law, including the California Constitution, Article I, § 1. Any such

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

information would need to be narrowly tailored and subject to redaction or protective order. Plaintiff objects to this request to the extent it seeks information not in Plaintiff's possession, custody, or control, such as internal records from ARCADIA or third-party payment processors, which are more appropriately obtained directly from those entities. Plaintiff objects to the request to the extent it is cumulative or duplicative, particularly if documents evidencing Plaintiff's request for and/or receipt of a refund have already been produced or will be produced. Plaintiff objects to the production of any documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable confidentiality doctrines. No waiver of such privileges is intended or made.

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 3:

Wheeler RFP No. 3 seeks highly relevant records regarding whether Ms. Wheeler sought a refund, credit, or other compensation for her claimed purchase of Fungi-Nail product *she put at issue in this litigation*, including whether she received such a credit or refund and her communications with Arcadia regarding the same. Ms. Wheeler fails to assert any legitimate objections justifying her complete refusal to produce documents.

***Relevance.***  The requested documents are highly relevant.  Beyond the basic necessity that Ms. Wheeler adequately prove up her standing—i.e., that she in fact purchased Fungi-Nail product that is the subject of this litigation—these documents, including any attempts to seek a refund or refunds for Fungi-Nail product, are relevant to Ms. Wheeler's adequacy and typicality as class representative, as they bear on, for example, Ms. Wheeler's purchasing behavior, satisfaction with the product, or mitigation of injury, as well as whether Ms. Wheeler made her purchase solely for the purposes of litigation or whether Ms. Wheeler was actually misled by the label.  The requested documents also are relevant to information concerning Ms. Wheeler's purchasing habits and the factors and information she considers material

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

when making purchases.  *See, e.g.*, *Mazza*, 666 F.3d 581, 596 (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance); *Red*, 2011 WL 4599833, at *11–12 (plaintiffs' purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality, materiality); *Sperling*, 2017 WL 90370, at *4 ("Plaintiff's shopping habits are relevant to the claims and defenses in this action."); ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)).  The Request is narrowly tailored to only transactions involving purchase of Fungi-Nail product.

*Ms. Wheeler's Other Objections Fail.*  Ms. Wheeler's refusal to produce documents is unjustified.  *First*, Ms. Wheeler's unreasonable interpretation of the Request is belied by the text of the Request itself:  contrary to her assertion that "[t]he request encompasses all documents concerning payments, credits, and refunds without limitation to time, transaction type, or relevance to any specific issue in dispute," the Request very clearly states that it is "regarding [Ms. Wheeler's] purchase of the PRODUCTS," including any "request for any refund [Ms. Wheeler] made from ARCADIA for the PRODUCT."  Ms. Wheeler's attempt to wildly broaden the Request by disregarding its clear language is inappropriate.  Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests."  *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Ms. Wheeler is truly confused about how to interpret common terms such as "payments" or "refunds," she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Ms. Wheeler's privacy objections concerning her financial information are also invalid; the Request "by definition only seek[s] information that Plaintiff

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

contends supports allegations in [the] complaint" regarding Fungi-Nail product *Ms. Wheeler herself* placed at issue. *Davis*, 2021 WL 6882324, at *9 (citing *Grayson*, 2015 WL 5008995, at *3). If Ms. Wheeler does not wish to disclose this information, she is free to seek dismissal of her own lawsuit or to negotiate the scope of a protective order, but she cannot simply refuse to produce responsive and relevant documents. *See, e.g.*, *Soto*, 162 F.R.D. at 616. Ms. Wheeler's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

Similarly, Ms. Wheeler's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Ms. Wheeler] has deemed cumulative to determine the accuracy of [Ms. Wheeler]'s characterization." *Kajeet*, 2019 WL 8060078, at *12. Ms. Wheeler's generalized privilege objections also fail, as she sets forth no basis for the assertion of any privilege as between herself and Arcadia, and further she has failed to produce a privilege log.

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Ms. Wheeler to (a)

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 3; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in her possession, custody, or control.

**DOCUMENT REQUEST NO. 4 TO MS. WHEELER:**

All COMMUNICATIONS between YOU and any representative of ARCADIA that REFER OR RELATE TO any of the matters alleged in YOUR COMPLAINT.

**MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiff objects to this request because it is vague and ambiguous. The phrase "any of the matters alleged in YOUR COMPLAINT" is not defined and is subject to broad interpretation, potentially encompassing an indefinite range of topics, time frames, and content types, making it unclear what specific documents are being sought. Plaintiff objects to this request because it is overbroad and not proportional to the needs of the case. Without temporal or subject-matter limitations, the request improperly seeks all communications between Plaintiff and ARCADIA, regardless of whether they pertain to the claims or defenses at issue. Federal Rule of Civil Procedure 26(b)(1). Plaintiff objects to this request to the extent it seeks duplicative or cumulative information that is equally available to Defendant, such as correspondence initiated by ARCADIA or conducted via company-managed platforms, which are presumptively within Defendant's possession, custody, or control. Plaintiff objects to this request because it potentially seeks privileged or confidential communications, including notes or summaries of

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

conversations with ARCADIA representatives prepared at the direction of counsel or in anticipation of litigation. No waiver of such privileges is intended. Plaintiff objects to the extent this request seeks documents not in Plaintiff's possession, custody, or control, including internal ARCADIA records, responses that were never received by Plaintiff, or server-archived communications that Plaintiff does not retain.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 4:

Wheeler RFP No. 4 seeks highly relevant records regarding Ms. Wheeler's communications with Arcadia regarding the matters alleged in the Complaint that *she put at issue* by bringing this case.  Ms. Wheeler fails to assert any legitimate objections justifying her complete refusal to produce documents.

***Relevance.***  The requested documents are highly relevant.  These documents bear on, among other things, whether Ms. Wheeler discussed Fungi-Nail product with Arcadia or its representatives and the subject of those discussions, as well as the impact of any such discussions on her conduct and purchases.  The requested documents are therefore relevant to Ms. Wheeler's claims and Arcadia's potential defenses.  *See Red*, 2011 WL 4599833, at *11–12 (continued purchasing behavior relevant to class certification issues including typicality); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012) (communications with defendants' employees relevant).  The Request is narrowly tailored to only transactions involving purchase of Fungi-Nail product.

***Ms. Wheeler's Other Objections Fail.***  Ms. Wheeler's refusal to produce documents is unjustified.  *First*, Ms. Wheeler's unreasonable interpretation of the Request is belied by the text of the Request itself:  contrary to her assertion that "[t]he request improperly seeks all communications between Plaintiff and ARCADIA, regardless of whether they pertain to the claims or defenses at issue," the Request very clearly states that it is limited to "any of the matters alleged in

87
JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

[Ms. Wheeler's] COMPLAINT." Ms. Wheeler's attempt to wildly broaden the Request by disregarding its clear language it is inappropriate. Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Ms. Wheeler is truly confused about how to interpret the matters alleged in her own Complaint, she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Similarly, Ms. Wheeler's claim that the documents are "cumulative or duplicative" is inappropriate, as "[i]t is not up to one party to decide what its opponent needs to prosecute or defend an action," and "neither the Court nor [defendant] has had any opportunity to review any documents that [Ms. Wheeler] has deemed cumulative to determine the accuracy of [Ms. Wheeler]'s characterization." *Kajeet*, 2019 WL 8060078, at *12. The claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate." *O.L.*, 2021 WL92105, at *13 (quoting *Miller*, 2020 WL 4001624, at *6). Ms. Wheeler's generalized privilege objections also fail, as she sets forth no basis for the assertion of any privilege as to any communications between herself and Arcadia, and further she has failed to produce a privilege log. Ms. Wheeler's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 4; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in her possession, custody, or control.

**DOCUMENT REQUEST NO. 5 TO MS. WHEELER:**

All COMMUNICATIONS between YOU and any PERSONS, including potential class members, that evidence, discuss, support, refer, or REFER OR RELATE TO any of the matters alleged in the COMPLAINT, including any written or recorded statements YOU have taken from anyone that REFER OR RELATE TO any of the claims, defenses, contentions, allegations, or facts in this litigation.

**MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiff objects to this request because it is vague, ambiguous, and overly broad. The request uses expansive and undefined terms such as "evidence," "discuss," "support," and "refer or relate to," as well as references to "any PERSONS," making it unclear what documents are being sought and requiring speculation as to the scope and intended targets of the request. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1). The request seeks all communications with any individual, including

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

potential class members, that might arguably touch upon any matter "alleged in the COMPLAINT," regardless of content, relevance, or timeframe, amounting to an impermissible fishing expedition. Federal Rule of Civil Procedure 26(b)(1). Plaintiff objects to this request because it invades the attorney-client privilege and/or attorney work product doctrine, particularly with respect to any recorded or written statements obtained at counsel's direction or in preparation for litigation. No waiver of such privileges is intended. See *Hickman v. Taylor,* 329 U.S. 495 (1947). Plaintiff objects to this request to the extent it seeks confidential communications with potential class members or witnesses that are protected by the common interest doctrine, or would reveal litigation strategy or impressions of counsel. Plaintiff objects to this request because it potentially implicates privacy rights of third parties, including non-party class members or witnesses, and seeks disclosure of communications or statements that may be subject to confidentiality protections under law or court order. Plaintiff objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control, including statements made to third parties, social media posts not retained by Plaintiff, or communications on platforms that Plaintiff no longer accesses.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 5:**

Wheeler RFP No. 5 seeks highly relevant records regarding the communications involving Ms. Wheeler and any potential members of the class or other persons related to the claims and allegations Ms. Wheeler herself brings in this litigation.  Ms. Wheeler fails to assert any legitimate objections justifying her complete refusal to produce documents.

***Relevance.***  The requested documents are highly relevant.  Communications between Ms. Wheeler and other potential class members are relevant to her claims and Arcadia's defenses, as well as Arcadia's opposition to class certification, as they bear on Ms. Wheeler and the class's experiences with Fungi-Nail product, this

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

lawsuit, the allegations in the Complaint, and consumers' purchasing habits with respect to Fungi-Nail product, among other things—all of which also related to Fed. R. Civ. P. 23 factors including commonality, typicality, superiority, and adequacy. *See Smith*, 2016 WL 11757749, at *3; *Red,* 2011 WL 4599833, at *11–12 (continued purchasing behavior relevant to class certification issues including typicality); *Mailhoit*, 285 F.R.D. at 572 (communications with defendants' employees relevant).  Communications between Ms. Wheeler and other potential class members may also bear on the authenticity of Ms. Wheeler's claims and her credibility as well as any past experience as a class representative.  *See, e.g.*, *Jovel*, 2014 WL 1027874, at *4 ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)).  The Request is narrowly tailored to only transactions involving purchase of Fungi-Nail product.

  ***Ms. Wheeler's Objections Fail.***  Ms. Wheeler's refusal to produce documents is unjustified.  *First*, Ms. Wheeler's unreasonable portrayal of the Request as a "fishing expedition" is untethered from the Request and the Federal Rules, as her communications related to matters "alleged in the COMPLAINT" are clearly relevant; indeed, Ms. Wheeler provides no explanation of how communications relating to matters alleged *in her own Complaint* would not be relevant to the claims or defenses at issue in this litigation or how they are not proportional given she put Fungi-Nail product and claims at issue here.  Ms. Wheeler's feigned claim that the Request is "vague and ambiguous" and uses undefined terms is belied by her demonstrated understanding of what the Request seeks, and in any event, "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests."  *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Ms. Wheeler is truly confused about

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the scope of this Request, she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Ms. Wheeler's privacy objections concerning third parties also fail. Ms. Wheeler fails to identify any actual issue of privacy implicated by the Request and additionally fails to explain the sensitivity of any requested information and how that sensitivity would outweigh Arcadia's need for discovery of relevant information; the information sought is exclusively in Ms. Wheeler's possession and, as explained above, is highly relevant to the case. *See Hem and Thread, Inc.*, 2020 WL 5914548, at *2 (need for discovery outweighed right to privacy where information requested was "not particularly sensitive," "'relevant[,]' and 'proportional to the needs of the case.'" (citing *Artis*, 276 F.R.D. at 352)). Any legitimate concerns of privacy are better addressed by a protective order and do not support outright refusal to produce documents. *See id.; see also Soto*, 162 F.R.D. at 616. Ms. Wheeler's generalized privilege objections are additionally inappropriate, as she sets forth no basis for the assertion of any privilege as between herself and Arcadia, and further she has failed to produce a privilege log. Ms. Wheeler's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id*.)

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 5; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Upon reasonable and diligent inquiry, Plaintiff confirms that she has no documents responsive to the request at issue in her possession, custody, or control that are not subject to attorney client privilege. Plaintiff will not produce any privileged communications with counsel regarding this lawsuit. Privileged documents will be logged.

**DOCUMENT REQUEST NO. 6 TO MS. WHEELER:**

All DOCUMENTS that YOU reviewed or examined on any publicly accessible medium, including without limitation, Internet websites, social networking sites, news groups or publications, chat rooms, and online services (e.g., Facebook, LinkedIn, Twitter, Instagram, Reddit, WhatsApp, Signal, Telegram, TikTok, YouTube, Snapchat, Pinterest), that REFER OR RELATE TO the PRODUCT.

**MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 6:**

Plaintiff objects to this request because it is vague, ambiguous, and overbroad. The request fails to define what constitutes "reviewed or examined" and uses sweeping and undefined terms such as "REFER OR RELATE TO the PRODUCT," rendering the scope of potentially responsive documents speculative and unclear. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1). It seeks all documents reviewed or examined

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

across an unlimited range of public platforms and timeframes, regardless of whether Plaintiff saved, relied on, or even remembered the content—creating undue burden and expense disproportionate to its likely benefit. Plaintiff objects to this request because it is overbroad in subject matter. It encompasses any mention of the PRODUCT in public forums, including casual, anecdotal, or speculative posts or discussions, without any limitation to the issues relevant to the claims or defenses in this litigation. Plaintiff objects to this request to the extent it seeks documents not in Plaintiff's possession, custody, or control, including transient or deleted content from third-party platforms that Plaintiff has not retained or saved and has no legal or practical ability to recover. Plaintiff objects to this request to the extent it seeks to impose an obligation to collect or produce documents based solely on passive online activity or non-retained digital impressions, which are not reasonably accessible and not subject to Rule 34 production requirements. Plaintiff objects to this request because it is harassing and invasive of Plaintiff's privacy rights, especially to the extent it seeks Plaintiff's personal browsing history, private social media use, or digital activity not directly tied to the claims at issue. Plaintiff objects to the production of any documents that are protected by the attorney-client privilege, attorney work product doctrine, or other applicable protections. No waiver of such privileges is intended or made.

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 6:

Wheeler RFP No. 6 seeks highly relevant records regarding Ms. Wheeler's media consumption concerning the Fungi-Nail product.  Ms. Wheeler fails to assert any legitimate objections justifying her complete refusal to produce documents.

*Relevance.*  The requested documents are highly relevant and bear on, for example, Ms. Wheeler's adequacy and typicality as class representative by addressing, among other things, Ms. Wheeler's purchasing behavior and satisfaction with the product, as well as whether Ms. Wheeler made her purchase solely for the

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

purposes of litigation or whether Ms. Wheeler was actually misled by the label. The requested documents also are relevant to information concerning Ms. Wheeler's purchasing habits and the factors and information she considers material when making purchases. *See, e.g.*, *Mazza*, 666 F.3d 581, 596 (actual purchase and exposure to advertising relevant to, *inter alia*, standing, reliance); *Red*, 2011 WL 4599833, at *11–12 (plaintiffs' purchasing habits, namely whether plaintiffs continued to purchase products at issue, relevant to typicality, materiality); *Sperling*, 2017 WL 90370, at *4 ("Plaintiff's shopping habits are relevant to the claims and defenses in this action."); *Jovel*, 2014 WL 1027874, at *4 ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims'" (citation omitted)). The Request is narrowly tailored to only media involving Fungi-Nail product that Ms. Wheeler put at issue.

*Ms. Wheeler's Other Objections Fail.* Ms. Wheeler's refusal to produce documents is unjustified. *First*, Ms. Wheeler fails to explain in what ways the documents requested do not address the claims or defenses in this litigation, as the Request is specifically limited to Fungi-Nail product that forms the basis for Ms. Wheeler's lawsuit. Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Ms. Wheeler is truly confused about how to interpret common terms such as "reviewed" or "examined," she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.

Ms. Wheeler's privacy objections concerning her "personal browsing history," "private social media use," and "digital activity" are also invalid; the Request only seeks documents regarding Fungi-Nail product *Ms. Wheeler herself*

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

placed at issue, and further, Ms. Wheeler fails to explain how her purported privacy interest in this information (which is, by its very nature, already disclosed to third parties, including, for example, the social media companies) outweighs Arcadia's need for the information. *See Davis*, 2021 WL 6882324, at \*9 (citing *Grayson*, 2015 WL 5008995, at \*3). If Ms. Wheeler does not wish to disclose this information, she is free to seek dismissal of her own lawsuit or to negotiate the scope of a protective order, but she cannot simply refuse to produce responsive and relevant documents. *See, e.g.*, *Soto*, 162 F.R.D. at 616. Ms. Wheeler's generalized privilege objections also fail, as she sets forth no basis for the assertion of any privilege as between herself and third parties, and further she has failed to produce a privilege log. Ms. Wheeler's boilerplate objections are further invalid and waived. *See Brevoort*, 2022 WL 3012529, at \*4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 6; and (c) produce a privilege

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

### MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff will produce non-privileged documents related to her purchase of the product in response to Request No. 1. After reasonable and diligent search, Plaintiff confirms that she has no other documents responsive to this Request for Production in her possession, custody, or control.

### DOCUMENT REQUEST NO. 7 TO MS. WHEELER:

All DOCUMENTS that REFER OR RELATE TO any legal proceedings commenced at any time in any court or with any arbitration organization in which YOU have sought to be a class representative in a class action, in which YOU brought suit derivatively on behalf of a corporation, or in which YOU represented or assisted in the representation of any plaintiffs, defendants, or other PERSONS in a legal proceeding brought as a class, derivative or private attorney general action.

### MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 7:

Plaintiff objects to this request because it is vague, ambiguous, and overly broad in temporal and subject matter scope. The request seeks documents "commenced at any time" and refers to a broad and undefined range of legal proceedings, including those where Plaintiff may have merely "assisted" in representation, rendering it unclear what is actually being sought and unduly burdensome to identify responsive materials. Plaintiff objects to this request because it is not proportional to the needs of the case under Rule 26(b)(1). It seeks expansive litigation history, potentially spanning decades and unrelated to the facts, claims, or defenses in this action, amounting to an improper fishing expedition. Plaintiff objects to this request because it is harassing and intended to discourage or chill participation in this litigation by probing into prior legal activity, including unrelated class, derivative, or private attorney general actions. Plaintiff objects to

JOIN STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

this request because it assumes facts not in evidence, namely, that Plaintiff has served as a representative party or participated in other collective litigation, which is an improper foundation for a discovery demand. Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or the common interest doctrine. No waiver of such privileges is intended. Plaintiff objects to this request to the extent it seeks court filings, docket materials, or publicly accessible records that are equally available to Defendant from public sources and court databases. Plaintiff objects to this request to the extent it seeks records of legal matters that were sealed, expunged, confidential, or otherwise restricted from disclosure by court order or applicable law.

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 7:

Wheeler RFP No. 7 is narrowly tailored to seek highly relevant records regarding instances where Ms. Wheeler has sought to bring a legal proceeding on behalf of others, in a derivative action, class action, or private attorney general action.  Ms. Wheeler fails to assert any legitimate objections to justify her refusal to produce any responsive documents (nor has she meaningfully conferred).

*Relevance.*  Ms. Wheeler's objection that this Request "potentially" seeks information "unrelated to the facts, claims, or defenses in this action" is without merit, explanation, or basis in fact.  The documents requested are highly relevant to, among other things, class certification, particularly whether Ms. Wheeler can fairly and adequately serve as a class representative, as her experience as a representative plaintiff in prior actions bears on her abilities to represent a class here, including prior courts' findings as to her adequacy, and discovery regarding whether Ms. Wheeler is credible and/or has unique defenses due to her motivations in bringing this action (e.g., if she is a professional plaintiff bringing attorney-generated claims). *See Gutierrez*, 2024 WL 2106952, at \*6 (plaintiff's litigation history

98

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

relevant to adequacy as class representative (citing, *inter alia*, *Wuest*, 2019 WL 3577176, at *3; *Sapan*, 2023 WL 8229984, at *3 )); *see also Hanon*, 976 F.2d 497, 508–09 (plaintiff's extensive experience with securities litigation and indicators of being a serial plaintiff did not satisfy typicality requirement); *Backus*, 2016 WL 7406505 (denying class certification given plaintiff's atypicality due to issues with credibility and motive); *Ngheim*, 318 F.R.D. 375 (same).

*Ms. Wheeler's Other Objections Fail.*  The Request is not "overly broad" as Ms. Wheeler objects, as it seeks documents relating to discrete (and highly relevant) events—instances where Ms. Wheeler sought to be a plaintiff on behalf of others in a derivative action, class action, or private attorney general action case or sought to aid those serving as plaintiffs in the same capacity.  Ms. Wheeler fails to explain how any of the documents that fall within this limited scope are not relevant or do not fall within the scope of discovery under Rule 26, and again fails to provide a privilege log.  Further, generic, boilerplate objections, such as "assumes facts not in evidence," are improper, particularly when not supported by evidence, and thus are to be disregarded.  *See Diaz*, 2022 WL 2134967, at *5 (citing *A. Farber & Partners*, 234 F.R.D. at 188).  Ms. Wheeler's boilerplate objections are also invalid and waived.  *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").  Finally, the claim that the requested documents are "equally available to Defendant" likewise fails, as "[a]n objection that documents are equally available to the requesting party is inappropriate."  *O.L.*, 2021 WL92105, at *13 (quoting *Miller*, 2020 WL 4001624, at *6).

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with

99

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 7; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, publicly available, responsive documents in Plaintiff's possession, custody, or control, and will do so at a mutually agreeable time and pursuant to an agreed protective order.

**DOCUMENT REQUEST NO. 8 TO MS. WHEELER:**

All DOCUMENTS that REFER OR RELATE TO any other actions, lawsuits, arbitrations, bankruptcies, insolvency proceedings or other adjudicatory proceedings or regulatory enforcement actions or investigations to which YOU are or have been a party during the past ten years.

**MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 8:**

Plaintiff objects to this request because it is overly broad in temporal and subject matter scope. It seeks "all DOCUMENTS" relating to any legal, regulatory, or adjudicatory proceedings involving Plaintiff over a ten-year period, regardless of subject matter, relevance, or outcome, without any connection to the claims or defenses in this action. See Lynn v. Monarch Recovery Mgmt., Inc., 285 F.R.D. 350, 357 (D. Md. 2012) (discovery must be proportional). Plaintiff objects to this

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

request because it is not proportional to the needs of the case under Rule 26(b)(1). The request encompasses a sweeping array of unrelated proceedings, including bankruptcies, regulatory investigations, and arbitrations, which have no bearing on the claims or defenses in this litigation. Plaintiff objects to this request as vague and ambiguous. The terms "adjudicatory proceedings," "insolvency proceedings," and "regulatory enforcement actions or investigations" are undefined and may include informal or administrative matters not reasonably subject to identification or documentation by Plaintiff. Plaintiff objects to this request to the extent it seeks private or confidential legal matters, including sealed records, family law proceedings, or bankruptcy filings protected from public disclosure under federal or state law. Plaintiff objects to this request because it is harassing and intended to cast aspersions or create a negative inference based on unrelated legal history, rather than to discover admissible evidence related to the underlying claims. Plaintiff objects to the extent the request seeks documents not within Plaintiff's possession, custody, or control, including court or agency records maintained by third parties, or legal files retained by past counsel. Plaintiff objects to the production of any documents that are protected by the attorney-client privilege, the work product doctrine, or other confidentiality protections. No waiver of such privileges is intended

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 8:**

Wheeler RFP No. 8 is narrowly tailored to seek highly relevant records regarding Ms. Wheeler's litigation history in the past ten years. Ms. Wheeler fails to assert any legitimate objections to justify her refusal to produce any responsive documents (nor has she meaningfully conferred).

***Relevance.*** Ms. Wheeler's objection that this Request seeks information "without any connection to the claims or defenses in this action" is without merit, explanation, or basis in fact. The documents requested are highly relevant to,

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

among other things, class certification, particularly whether Ms. Wheeler can fairly and adequately serve as a class representative, as her experience in litigating prior actions bears on her abilities to represent a class here, including prior courts' findings as to her adequacy, and discovery regarding whether Ms. Wheeler is credible and/or has unique defenses due to her motivations in bringing this action (e.g., if she is a professional plaintiff bringing attorney-generated claims). *See Gutierrez*, 2024 WL 2106952, at *6 (C.D. Cal. May 2, 2024) (moving party "need only establish that documents relate to any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case.") (citing, *inter alia*, *Wuest*, 2019 WL 3577176, at *3; *Sapan*, 2023 WL 8229984, at *3)); *see also Hanon*, 976 F.2d at 508–09 (plaintiff's extensive experience with securities litigation and indicators of being a serial plaintiff did not satisfy typicality requirement); *Backus*, 2016 WL 7406505 (denying class certification given plaintiff's atypicality due to issues with credibility and motive); *Ngheim*, 318 F.R.D. 375 (same). This high showing of relevance to issues of class certification, among others, further defeats Ms. Wheeler's conclusory claim that the sole purposes of the Request are harassment and "cast[ing] aspersions."

***Ms. Wheeler's Other Objections Fail.*** The Request is not "overly broad" as Ms. Wheeler objects, as it seeks documents relating to discrete (and highly relevant) events—Ms. Wheeler's litigation history for the past ten years. Ms. Wheeler fails to explain how any of the documents that fall within this limited scope are not relevant or do not fall within the scope of discovery under Rule 26, let alone how or why these scale of these documents would be oppressive, and again fails to provide a privilege log to support her cursory claim of privilege. Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Ms. Wheeler is truly confused about how to interpret common terms

such as "adjudicatory proceedings" or "insolvency proceedings," she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings.  Ms. Wheeler's boilerplate objections are also invalid and waived.  *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 8; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

**MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:**

Plaintiff will provide case-identifying information for consumer-related cases. As indicated in the response to Request No. 7, Plaintiff will produce targeted, non-privileged, publicly available, responsive documents in Plaintiff's possession, custody, or control, and will do so at a mutually agreeable time and pursuant to an agreed protective order.

103
JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DOCUMENT REQUEST NO. 9 TO MS. WHEELER:**

All DOCUMENTS that REFER OR RELATE TO the manner in which YOU became a party to this action, including, but not limited to advertisements or news articles, solicitations, emails, notices, or correspondence to which YOU responded.

**MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 9:**

Plaintiff objects to this request because it is vague and ambiguous. The phrase "the manner in which YOU became a party to this action" is undefined and subject to multiple interpretations, including communications with counsel, legal research, or administrative procedures, rendering it unclear what specific documents are being sought. Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. The documents requested, such as advertisements, articles, or notices, have no bearing on the elements of Plaintiff's claims or Defendant's defenses. Plaintiff objects to this request because it seeks information protected by the attorney-client privilege and/or attorney work product doctrine, including but not limited to communications with counsel or materials prepared in anticipation of litigation. No waiver of such privileges is intended. Plaintiff objects to this request to the extent it seeks to inquire into counsel's solicitation efforts or legal advertising, which is protected under the First Amendment and not discoverable in the absence of specific, articulable relevance. Plaintiff objects to this request to the extent it seeks documents outside Plaintiff's possession, custody, or control, including any advertising materials or digital content disseminated by third parties or legal organizations. Plaintiff objects to this request because it is harassing and intended to chill participation in this litigation by scrutinizing the manner in which Plaintiff became aware of or joined this case, which is protected under Rule 23 and First Amendment associational rights. Plaintiff objects to the production of documents that are confidential or otherwise protected from disclosure by law, agreement, or court order. No waiver is intended or made.

104

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 9:

Wheeler RFP No. 9 seeks highly relevant documents regarding the way in which Ms. Wheeler became a plaintiff in this action, including whether she responded to an advertisement, news article, solicitation, or other contact method, whether from Ms. Wheeler's counsel or otherwise. Ms. Wheeler fails to assert any legitimate objections to justify her complete refusal to produce any responsive documents.

**Relevance.** Ms. Wheeler's objection that this Request seeks information "that is not relevant to any party's claim or defense" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly whether Ms. Wheeler can fairly and adequately serve as a class representative, whether she is similarly situated to other class members, and her motivation for becoming a party to this action, including whether she was solicited to become a plaintiff, and whether she has potential conflicts with the class members. *See, e.g.*, *Rodriguez*, 563 F.3d at 957–60 (retainer and incentive agreements between plaintiffs and counsel "plainly relevant" to adequacy inquiry of class representatives); *Serna*, 2007 WL 7665762, at *2 (named plaintiff's relationships and recruitment relevant to adequacy). This high showing of relevance to issues of class certification, among others, further defeats Ms. Wheeler's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

**Ms. Wheeler's Other Objections Fail.** Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Ms. Wheeler is truly confused about how to interpret common terms such as "the manner in which YOU became a party to this action," she had ample opportunity to

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

engage in a good-faith meet and confer process to clarify any unclear meanings. Ms. Wheeler also has not provided a privilege log to substantiate her claims of privilege, particularly as to documents that, by definition, necessarily pre-date the establishment of any attorney-client relationship. Ms. Wheeler's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 9; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

### MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Courts in this Circuit consistently hold that *how* a plaintiff became aware of or joined a case—whether through advertising, referral, or counsel solicitation—does not bear on the merits, any defense, or the plaintiff's adequacy as a class representative. *See In re Williams-Sonoma, Inc.*, 947 F.3d at 540–43 (client-finding

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

discovery is not relevant to any claim or defense); *Zaklit v. Nationstar Mortg., LLC*, 2017 WL 3174901, at *14; *Guido v. L'Oreal, USA, Inc.*, No. CV 11-1067 CAS JCX, 2013 WL 3353857, at *7–8 (C.D. Cal. July 1, 2013); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17CV2335-GPC(MDD), 2018 WL 6300479, at *7 (S.D. Cal. Nov. 29, 2018); *see also C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1101 (9th Cir. 2017) (motivation to bring suit irrelevant).

To the extent the request seeks communications with Plaintiffs' counsel or other documents prepared in anticipation of litigation, such materials are protected by the attorney-client privilege and/or work-product doctrine. Any privileges will be logged.

**DOCUMENT REQUEST NO. 10 TO MS. WHEELER:**

All DOCUMENTS that REFER OR RELATE TO any actual or potential conflicts of interest YOU may have with putative or purported class members that make up the alleged class as pled in YOUR COMPLAINT.

**MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 10:**

Plaintiff objects to this request because it is vague and ambiguous. The terms "actual or potential conflicts of interest" and "putative or purported class members" are undefined and susceptible to subjective interpretation, rendering it unclear what documents, if any, are being sought or how Plaintiff is expected to identify responsive materials. Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. To the extent Defendant is attempting to challenge adequacy under Rule 23(a)(4), this request is premature and not properly framed as a document request. See *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) (noting that adequacy challenges must be tied to specific and substantiated facts). Plaintiff objects to this request because it assumes facts not in evidence, including that Plaintiff has conflicts with putative class members, which is an improper basis for a document request. Plaintiff objects to this request because it is harassing and

107

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

intended to cast doubt on Plaintiff's adequacy without factual support. Plaintiff objects to this request because it seeks privileged or protected information, including communications with counsel about Plaintiff's suitability as a class representative, which are protected by the attorney-client privilege and/or the attorney work product doctrine. No waiver of such privilege is intended. Plaintiff objects to the extent this request seeks documents not in Plaintiff's possession, custody, or control, including opinions or speculation from third parties about Plaintiff's adequacy.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 10:**

Wheeler RFP No. 10 seeks highly relevant records regarding any actual or potential conflicts of interest between Ms. Wheeler and any putative or purported members of the class. Ms. Wheeler fails to assert any legitimate objections to justify her complete refusal to produce any responsive documents.

***Relevance.*** Ms. Wheeler's objection that this Request seeks information "that is not relevant to any party's claim or defense" is without merit, explanation, or basis in fact. The documents requested are highly relevant to, among other things, class certification, particularly Ms. Wheeler's adequacy to serve as a class representative. *See, e.g.*, *Rodriguez*, 563 F.3d at 957–60 (incentive agreements for class representatives relevant to class certification and conflicts of interest for class representatives); *Red*, 2011 WL 4599833, at *11–12 (conflicts of interest relevant to class representative's adequacy); *Serna*, 2007 WL 7665762, at *2 (plaintiff's conflicts of interest made her inadequate class representative). This high showing of relevance to issues of class certification, among others, further defeats Ms. Wheeler's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

***Ms. Wheeler's Other Objections Fail.*** Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases).  To the extent Ms. Wheeler is truly confused about how to interpret common terms such as "the manner in which YOU became a party to this action," she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Ms. Wheeler also has not provided a privilege log to substantiate her claims of privilege, particularly as to documents that, by definition, necessarily pre-date the establishment of any attorney-client relationship.  Further, generic, boilerplate objections such as "assumes facts not in evidence," are improper, particularly when not supported by evidence, and thus are to be disregarded. *See Diaz*, 2022 WL 2134967, at *5 (citing *A. Farber & Partners*, 234 F.R.D. at 188 (C.D. Cal. 2006)). Ms. Wheeler's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient.  (Bae Decl. ¶ 5, Ex. C.)  Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel.  At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week.  (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs.  (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26.  Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 10; and (c) produce a privilege

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

### MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in her possession, custody, or control.

### DOCUMENT REQUEST NO. 11 TO MS. WHEELER:

All DOCUMENTS that REFER OR RELATE TO any representations, agreements, promises or assurances YOU received about any monetary recovery YOU might receive as a result of YOUR participation as a plaintiff in this lawsuit.

### MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 11:

Plaintiff objects to this request because it is vague and ambiguous. The terms "representations," "agreements," "promises," and "assurances" are not defined and are overly broad in scope, making it unclear whether the request seeks formal contracts, informal communications, or attorney-client discussions. Plaintiff objects to this request because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case under Rule 26(b)(1). Any statements relating to possible monetary recovery for a named plaintiff are irrelevant to the underlying merits of the claims or the defenses asserted. Plaintiff objects to this request because it is intended to challenge Plaintiff's adequacy as a class representative without a factual basis, which is improper. Plaintiff objects to this request to the extent it seeks attorney-client privileged communications, including any legal advice or discussions with counsel concerning Plaintiff's role or potential remedies. No waiver of such privilege is intended. Plaintiff further objects to the extent this request seeks attorney work product or litigation strategy, including any assessments of potential case value or anticipated recovery. Plaintiff objects to this request as harassing and chilling of Plaintiff's exercise of rights under Rule 23. Discovery into Plaintiff's expectations of recovery, where there is no

110

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

evidence of a side agreement or improper inducement, is irrelevant and intended to intimidate or discredit the named representative. Plaintiff objects to the extent this request seeks documents not in Plaintiff's possession, custody, or control, including internal law firm materials or class counsel's confidential assessments.

**ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 11:**

Wheeler RFP No. 11 seeks highly relevant documents regarding any monetary recovery Ms. Wheeler was promised as a result of her serving as a plaintiff in this litigation, whether from plaintiffs' counsel or otherwise.  Ms. Wheeler fails to assert any legitimate objections to justify her complete refusal to produce any responsive documents.

*Relevance.*  Ms. Wheeler's objection that this Request seeks information "that is not relevant to any party's claim or defense" is without merit, explanation, or basis in fact.  The documents requested are highly relevant to, among other things, class certification, particularly whether Ms. Wheeler can fairly and adequately serve as a class representative, whether she is similarly situated to other class members, and her motivation for becoming a party to this action, including whether she was solicited to become a plaintiff and whether monetary and other incentives create a conflict of interest with the class.  *See, e.g.*, *Rodriguez*, 563 F.3d at 957–60 (retainer and incentive agreements between plaintiffs and counsel "plainly relevant" to adequacy inquiry of class representatives); *Gusman*, 298 F.R.D. at 600 (collecting cases) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine …. Moreover, the attorney-client privilege generally does not preclude disclosure of fee agreements").  The Request is also narrowly tailored to this action. This high showing of relevance to issues of class certification, among others, further defeats Ms. Wheeler's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

111

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

***Ms. Wheeler's Other Objections Fail.*** Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Ms. Wheeler is truly confused about how to interpret common terms such as "representations," "agreements," "promises," and "assurances," she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Ms. Wheeler also has not provided a privilege log to substantiate her claims of privilege. Ms. Wheeler's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id*. ¶ 6.) To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id*.)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 11; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff has conducted a reasonable and diligent search and does not have documents responsive to this request in her possession, custody, or control.

## DOCUMENT REQUEST NO. 12 TO MS. WHEELER:

All DOCUMENTS that REFER OR RELATE TO any agreement YOU have with YOUR attorneys, or any other PERSON or entity, or any agreement YOUR attorneys have with any other PERSON or entity, concerning:

    a.  the payment or advancement of attorneys' fees, expenses, and costs with respect to this lawsuit;

    b.  who will advance, and who is responsible for, payment of the costs and expenses incurred in connection with the prosecution of this lawsuit; or

    c.  whether a fee in this lawsuit will be shared with any PERSON not a member of YOUR attorneys' law firms.

## MS. WHEELER'S RESPONSE TO DOCUMENT REQUEST NO. 12:

Plaintiff objects to this request because it is overly broad and seeks documents beyond what is relevant or proportional to the needs of the case under Rule 26(b)(1). The request encompasses internal fee arrangements and cost-sharing agreements that have no bearing on the merits of the claims or defenses at issue. Plaintiff objects to this request because it seeks information protected by the attorney-client privilege and/or attorney work product doctrine, including communications and agreements between Plaintiff and Plaintiff's counsel, and among Plaintiff's counsel, regarding the funding and litigation strategy of this case. No waiver of privilege is intended. Plaintiff objects to this request to the extent it seeks documents relating to fee-sharing or co-counsel arrangements, which are generally disclosed to the court in the event of class certification and fee applications, and are not discoverable absent a credible, fact-based challenge to adequacy or conflicts of interest. Plaintiff objects to this request as vague and

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ambiguous. It is unclear whether the request seeks formal written agreements, internal firm documents, third-party communications, or payment records, and the term "any PERSON or entity" is undefined and potentially expansive. Plaintiff objects because the request is premature and improperly directed at issues that are more appropriately addressed during a Rule 23(g) inquiry or in a motion for attorneys' fees, not during pre-certification discovery. Plaintiff objects to this request to the extent it seeks confidential financial or business arrangements of Plaintiff's counsel, including internal firm agreements, which are not within Plaintiff's possession, custody, or control.

### ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE FROM MS. WHEELER TO REQUEST NO. 12:

Wheeler RFP No. 12 seeks highly relevant documents regarding Ms. Wheeler's financial arrangements regarding attorneys' fees, expenses, costs, advances, and fees sharing for this litigation, whether with plaintiffs' counsel or otherwise.  Ms. Wheeler fails to assert any legitimate objections to justify her complete refusal to produce any responsive documents.

***Relevance.***  Ms. Wheeler's objection that this Request seeks information "beyond what is relevant or proportional to the needs of the case" is without merit, explanation, or basis in fact.  The documents requested are highly relevant to, among other things, class certification, particularly whether Ms. Wheeler can fairly and adequately serve as a class representative, whether she is similarly situated to other class members, and her motivation for becoming a party to this action, including whether she was solicited to become a plaintiff and whether monetary and other incentives create a conflict of interest with the class.  *See, e.g.*, *Rodriguez*, 563 F.3d at 957–60 (retainer and incentive agreements between plaintiffs and counsel "plainly relevant" to adequacy inquiry of class representatives); *Gusman*, 298 F.R.D. at 600 (collecting cases) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product

114
JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

doctrine …. Moreover, the attorney-client privilege generally does not preclude disclosure of fee agreements"). Further, a "litigation funding agreement is relevant to the adequacy determination," and that the agreement "should be produced to [the] defendant." *Gbarabe*, 2016 WL 4154849, at *1–2. The Request is also narrowly tailored to this action. This high showing of relevance to issues of class certification, among others, further defeats Ms. Wheeler's conclusory claims that the sole purposes of the Request are "harassing" or "chill[ing] participation in this litigation."

***Ms. Wheeler's Other Objections Fail.*** Similarly, Ms. Wheeler's claim that the Request is "vague and ambiguous" is not credible, as "parties responding to discovery should use common sense and attribute ordinary definitions to terms in discovery requests." *O.L.*, 2021 WL 926105, at *4 (collecting cases). To the extent Ms. Wheeler is truly confused about whether the Request "seeks formal written agreements, internal firm documents, third-party communications, or payment records," or how to interpret the common term "any PERSON or entity," she had ample opportunity to engage in a good-faith meet and confer process to clarify any unclear meanings. Ms. Wheeler also has not provided a privilege log to substantiate her claims of privilege. Ms. Wheeler's boilerplate objections are also invalid and waived. *See Brevoort*, 2022 WL 3012529, at *4 ("[B]oilerplate objections do *not* suffice[.]"); *accord* Fed. R. Civ. P. 34(b)(2)(B) (objections must be "state[d] with specificity").

In its conferral letter, Arcadia detailed the basis for this Request and why Ms. Wheeler's response was insufficient. (Bae Decl. ¶ 5, Ex. C.) Counsel for the parties subsequently discussed this Request at Arcadia's L.R. 37-1 prefiling conference of counsel. At the conferral, Plaintiffs' counsel advised that they have "nothing more to add beyond their objections," but that they would follow up with "a formal response" to Arcadia's Local Rule 37-1 Letter later that week. (*Id.* ¶ 6.)

115

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

To date, Arcadia's attorneys have not received a formal or otherwise written response to its letter from Plaintiffs. (*Id.*)

Arcadia is entitled to all documents responsive to its Request under Federal Rule of Civil Procedure 26. Arcadia requests the Court order Ms. Wheeler to (a) produce supplemental responses without the improper objections; (b) conduct a reasonable search for and produce a complete, compliant production of all non-privileged, responsive records to Wheeler RFP No. 12; and (c) produce a privilege log to the extent Ms. Wheeler is withholding any responsive documents on the basis of privilege within fourteen days of the Court's Order.

## MS. WHEELER'S RESPONSE TO ARCADIA'S REASONS FOR COMPELLING A FURTHER RESPONSE:

Plaintiff objects to Defendant's Request for Production seeking documents relating to any retainer agreement on the grounds that it is irrelevant, overly broad, and not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1).

The existence or terms of any retainer agreement between Plaintiff and her counsel have no bearing on the claims or defenses in this consumer class action and do not affect Plaintiff's ability to adequately represent the class. District courts in the Ninth Circuit have routinely held that retainer agreements need not be produced in class actions in the absence of evidence of an incentive fee arrangement or conflict of interest. *Carlin v. DairyAmerica, Inc.*, No. 1:09-cv-00430-AWI-EPG, 2017 WL 4224940 ** 3-5 (E.D. Cal. Sept. 22, 2017) (retainer agreements not relevant to defenses; rejecting broad reading of *Rodriguez*).

Adequacy challenges based on fee/retainer terms require more than speculation—there must be a reason to think of a potential conflict; otherwise, fee/retainer terms "have no bearing" on certification. *In re Google AdWords Litigation*, No. C 08-03369 JW (HRL), 2010 WL 4942516 (N.D. Cal. Nov. 12, 2010); *Park v. Webloyalty.com, Inc.*, 2018 WL 2017925, at *3-4 (S.D. Cal. Apr. 30,

116
JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2018) (same; *Rodriguez* "does not stand" for broad discoverability); *Larsen v. Coldwell Banker Real Estate Corp.*, 2011 WL 13131127, at *3 (C.D. Cal. Oct. 4, 2011) (denying motion to compel retainer agreements where no evidence of conflict). Accordingly, the request seeks information that is not discoverable under the Federal Rules.

## DISPUTE FOR RESOLUTION:  ARCADIA'S FEES

### A.   Arcadia's Position:  The Federal Rules Mandate Awarding Arcadia's Fees

Under the Federal Rules of Civil Procedure, Arcadia is entitled to its "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 276–78 (C.D. Cal. 2008) (defendant entitled to Rule 37 monetary sanctions based on plaintiff's failure to appear at deposition); *Obeng-Amponsah v. Don Miguel Apartments*, 2021 WL 2980220, at *5 (C.D. Cal. May 17, 2021), *report and recommendation adopted*, 2021 WL 3124951 (C.D. Cal. July 22, 2021), *aff'd*, 2023 WL 6826721 (9th Cir. Oct. 17, 2023) (awarding defendant Rule 37 monetary and terminating sanctions after plaintiff failed to produce documents and appear at his scheduled deposition).  Upon the Court's granting of Arcadia's Motion, Arcadia requests the opportunity to submit supplemental briefing and evidence supporting its entitlement to attorney's fees.

### B.   Plaintiffs' Position: Defendant is Not Entitled to Fees

Defendant's fee request should be denied. Rule 37(a)(5) does not permit fees where the motion was premature, where the opposing party's conduct was substantially justified, or where other circumstances make an award unjust. Plaintiffs timely objected to Defendant's unilaterally selected deposition dates, expressly advised the depositions would not go forward on those dates due to prior commitments, and invited Defendant to reschedule. On August 25 the parties met and conferred. Plaintiffs provided multiple October dates, confirmed that

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

availability in writing the same day, and agreed to discuss producing reasonable document categories in advance of those depositions. Defendant did not serve renewed notices. Instead it moved based on stale July notices that set unilateral dates despite Plaintiffs' advance notice those dates did not work. The parties also agreed Plaintiffs would provide a written response to Defendant's letter with no deadline set by either side. Plaintiffs confirmed this by email and Defendant did not object, then chose motion practice anyway. Plaintiffs sent their September 25 written response reiterating availability and proposing targeted, proportional production. The cases Defendant cites involved nonappearances without timely notice or cooperation and are inapposite. The Court's Scheduling Order directs cooperative discovery and adherence to Local Rule 37, which Plaintiffs followed, and Defendant sidestepped. Fees should be denied.

Dated:  October 3, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: /s/ Jacob M. Harper
    Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

Dated:  October 3, 2025

WILSHIRE LAW FIRM, PLC
Thiago M. Coelho
Chumahan B. Bowen
Jennifer M. Leinbach

By: /s/ Jennifer M. Leinbach
    Thiago M. Coelho

*Attorneys for Plaintiffs Hayde and Wheeler*
*and the Class*

118

JOINT STIPULATION PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899