DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
  *danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>Defendant. | Case No. 8:24-cv-02657-JDE<br><br>**STATUS REPORT**<br><br>Assigned to the Hon. John D. Early<br><br>Dept.:  Courtroom 6A<br>Date:  October 30, 2025<br>Time:  10:00 a.m.<br><br>Discovery Cutoff: September 25, 2026<br>Pretrial Conf.:  February 18, 2027<br>Trial Date:  March 2, 2027 |

STATUS REPORT

Pursuant to the Court's October 3, 2025 Order (ECF No. 45), Defendant Arcadia Consumer Healthcare (Arcadia) hereby submits this Status Report.

1. Arcadia sets forth in detail its conferral efforts in advance of L.R. 37 Joint Stipulation for its Motion to Compel Supplemental Responses and Documents. As explained below, counsel for Arcadia, along with counsel for Plaintiffs Eric Hayde and Megan Wheeler (Plaintiffs) (together with Arcadia, the parties) conferred after Arcadia sent a L.R. 37-1 Letter detailing, with supporting legal authorities, Plaintiffs' nonappearances at depositions and failure to produce documents in response to Arcadia's Requests for Production (Requests); on the conferral, Arcadia's counsel walked through all of Arcadia's Requests, addressing their relevance and Plaintiffs' objections, but Plaintiffs' counsel provided no specific response other than to confirm they have "nothing more to add beyond their objections."  Per the Court's Order, Arcadia provides the details of this conferral and the filing of its Motion.

2. On June 27, 2025, Arcadia personally served notices of Mr. Hayde's and Ms. Wheeler's depositions for July 30 and July 31, respectively, attaching 29 total Requests for Production of Documents (Requests)—17 Requests with Mr. Hayde's deposition notice, and 12 Requests with Ms. Wheeler's deposition notice.

3. On July 17, Plaintiffs served objections to almost every document request based on assertions of ambiguity and overbreadth, although Arcadia's Requests are tailored to Plaintiffs' allegations in the operative complaint, the Fungi-Nail products they claim are at issue, and their adequacy as named plaintiffs in this action.  Not only did Plaintiffs and Plaintiffs' counsel fail to appear at their depositions, but they also have not produced any documents or served amended responses to date.

4. On August 15, Arcadia served a L.R. 37-1 Letter upon Plaintiffs detailing the relevance for each of its Requests and explaining why Plaintiffs' objections were baseless, with legal authority in support.  Arcadia requested a

2

STATUS REPORT

conferral "within ten days of this letter" to discuss these topics in detail. Arcadia specifically provided this information so that Plaintiffs would be prepared to discuss and meaningfully confer on each request, including its relevance and their objections, at the conferral.

5. On August 25, counsel for the parties attended a L.R. 37-1 Zoom videoconference of counsel regarding Plaintiffs' nonappearances and failure to produce documents. Peter K. Bae attended the conference on Arcadia's behalf, and Jennifer M. Leinbach and Chumahan B. Bowen attended the conference on Plaintiffs' behalf. The parties conferred from approximately 4:30 p.m. until 5:00 p.m.

6. First, the parties conferred regarding Plaintiffs' failure to appear at their depositions. At the conferral, Arcadia's attorney explained that not only did Plaintiffs fail to appear for depositions without seeking a protective order pursuant to Federal Rule of Civil Procedure (Rule) 26(c), but they also failed to produce any documents in violation of Rule 37(d)(1)(A).

7. In response, Plaintiffs' counsel stated Mr. Hayde is available for deposition on October 21, October 23, and October 30; and Ms. Wheeler is available for deposition on October 23, October 24, October 30, and October 31, with a "hard stop at 4:00 p.m. on October 30."

8. Second, the parties conferred regarding Plaintiffs' failure to produce documents in response to Arcadia's Requests. On the conferral, the parties discussed the following Requests, as detailed in the L.R. 37-1 Letter that Arcadia sent to Plaintiffs ten days prior to the conference:

    a. Requests 1–3, which seek documents concerning Plaintiffs' purchases of the Fungi-Nail product, its physical packaging, and any payments, credits, or refunds they attempted to seek from Arcadia. Counsel for Arcadia explained that these Requests seek documents related to product identification, Plaintiffs'

STATUS REPORT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

purported damages, and Plaintiffs' standing to prosecute their claims. Plaintiffs' counsel committed to searching for the "physical packaging" of the Fungi-Nail product and producing documents reflecting their "purchase of the product." Otherwise, Plaintiffs' counsel stated they have "nothing more to add beyond their objections" to these Requests.

b.  Requests 4–6, which seek communications with Arcadia, potential class members, and online/public postings about the Fungi-Nail product. Counsel for Arcadia explained that these Requests seek documents relevant to Arcadia's liability (or lack thereof), Plaintiffs' purported reliance on the challenged representations, and classwide issues, including Plaintiffs' honesty and credibility as proposed class representatives. Plaintiffs' counsel stated they have "nothing more to add beyond their objections" to these Requests.

c.  Requests 7–8, which seek information about Plaintiffs' prior litigation, arbitrations, and enforcement proceedings. Counsel for Arcadia explained that these Requests seek documents relevant to Plaintiffs' credibility and adequacy to serve as proposed class representatives under Rule 23(a)(4). Plaintiffs' counsel stated they have "nothing more to add beyond their objections" to these Requests.

d.  Requests 9–10 (Wheeler and Hayde) and 14–15 (Hayde), which seek documents showing how Plaintiffs became involved in this action and any conflicts of interest with putative class members. Counsel for Arcadia explained that these Requests seek documents relevant to Plaintiffs' credibility and adequacy to serve as proposed class representatives under Rule 23(a)(4);

4

STATUS REPORT

whether Plaintiffs are similarly situated with other class members; and any potential bias, including Plaintiffs' incentives to put their counsel's interests above that of the class. Plaintiffs' counsel stated they have "nothing more to add beyond their objections" to these Requests.

e.  Requests 11–12 (Wheeler) and 16–17 (Hayde), which seek documents about Plaintiffs' assurances of compensation and any fee-sharing or cost-advancement arrangements. Counsel for Arcadia explained that these Requests seek documents relevant to Plaintiffs' credibility and adequacy to serve as proposed class representatives under Rule 23(a)(4); whether Plaintiffs are similarly situated with other class members; and any potential bias, including Plaintiffs' incentives to put their counsel's interests above that of the class. Plaintiffs' counsel stated they have "nothing more to add beyond their objections" to these Requests.

f.  Requests 11–13 (Hayde), which seek documents regarding Mr. Hayde's criminal arrests, periods of incarceration, and conditions of parole or probation. Counsel for Arcadia explained that these Requests seek documents relevant to Mr. Hayde's typicality and adequacy to serve as a proposed class representative under Rules 23(a)(3) and (a)(4), respectively. Plaintiffs' counsel stated they have "nothing more to add beyond their objections" to these Requests.

9.  As set forth above, Plaintiffs' counsel stated at the parties' conferral that they have "nothing more to add beyond their objections" in response to Arcadia's Requests. Plaintiffs' counsel also represented that they would follow up with "a formal response" to Arcadia's L.R. 37-1 Letter confirming their position

STATUS REPORT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"later that week," i.e., on or before August 30.  They never did.  More than three months after Arcadia served its Requests, Plaintiffs still have not served amended responses or produced any documents, despite committing to searching for the "physical packaging" of the Fungi-Nail product and producing documents reflecting their "purchase of the product."

10.   As Plaintiffs had stood on their objections, Arcadia moved forward with its L.R. 37 Joint Stipulation for its Motion to Compel Supplemental Responses and Documents.  Arcadia specifically prepared its portion of the stipulation so that it could both have its Motion to Compel heard and receive Plaintiffs' document production before Plaintiffs' proposed deposition dates.

11.   Thus, on September 24, 2025 (Wed.), counsel for Arcadia emailed its portion of the L.R. 37 Joint Stipulation to Plaintiffs' attorneys.  L.R. 37-2.2.  Arcadia's portion of the stipulation noticed a October 23 (Thurs.) hearing date— prior to the proposed October 30 deposition date for Mr. Hayde and proposed October 30 and October 31 deposition dates for Ms. Wheeler, *supra*, at Paragraph 7—the earliest "regular Motion Day for the appropriate judge at least twenty-one days after the filing of the motion."  L.R. 37-3; Honorable John D. Early's Law and Motion Schedule (setting "Thursdays" for motion hearing dates).

12.   Plaintiffs' portion of the stipulation was due October 1 (Wed.), "within seven days of receipt of the moving party's material."  L.R. 37-2.2.  However, Plaintiffs' counsel sent their portion on October 2 (Thurs.), forcing Arcadia to file the stipulation and notice of motion on October 3 (Fri.), the "next business day." *Id*. ("After the opposing party's material is added to the stipulation by the moving party's counsel, the stipulation must be provided to opposing counsel, who must sign it … and return it to counsel for the moving party no later than the end of the next business day, so that it can be filed with the notice of motion.").

13.   Because Plaintiffs delivered their portion of the L.R. 37 Joint Stipulation a day late, Arcadia was forced to re-notice its Motion from October 23

STATUS REPORT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

to the following Thursday, October 30, depriving Arcadia from having its Motion heard and receiving documents before Plaintiffs' proposed deposition dates.

14.     Rather than timely respond to Arcadia's portion of the stipulation, Plaintiffs served on September 25 (the day after receiving the stipulation) a letter "following up" on the parties' August 25 conferral (ECF No. 44-8), which they apparently did to manufacture an argument that Arcadia had not sufficiently conferred on Plaintiffs' failure to produce documents.  As detailed above, Arcadia did sufficiently confer—Plaintiffs not only confirmed that the parties were at an impasse regarding Arcadia's Requests because they had "nothing more to add beyond their objections," but they also have not served amended responses or produced any documents to date.

Dated:  October 6, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: /s/ Peter K. Bae
     Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

STATUS REPORT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899