UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-02657-JDE | Date | October 7, 2025 |
|---|---|---|---|
| Title | Eric Hayde, et al. v. Arcadia Consumer Healthcare Inc. | | |

Present: The Honorable    John D. Early, United States Magistrate Judge

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**            (In Chambers) Order Denying Motion to Compel [Dkt. 43]

**I.**
**INTRODUCTION**

On October 3, 2025, Defendant Arcadia Consumer Healthcare, Inc. ("Defendant") filed a Motion to Compel Supplemental Responses and Documents, seeking to compel Plaintiffs Eric Hayde and Megan Wheeler ("Plaintiffs") to sit for depositions and produce documents. Dkt. 43 ("Motion"). The Motion is supported by a 124-page (including tables) Joint Stipulation (Dkt. 44, "Joint Stipulation") and more than 245 pages of evidence supporting and opposing the Motion (Dkt. 44-1 to 44-8). The Table of Contents to the Joint Stipulation, which lists the headings of the issues in the Motion, runs five full single-spaced pages and lists 30 discovery requests in dispute. Joint Stipulation at ii-vi. The responses to the discovery requests at issue in the Joint Stipulation contain, conservatively, five objections each, meaning the Motion raises 180 matters that must be ruled on, including the initial appropriateness of the 30 discovery requests and the roughly 150 or so objections thereto. Further, it appears that Plaintiffs' portion of the Joint Stipulation includes supplemental responses to at least some of the issues raised in Defendant's portion of the Joint Stipulation (although it is not entirely clear); if so, it is not even clear on the face of the Joint Stipulation what issues the Court will decide. See generally, Joint Stipulation.

The Court ordered Defendant to file a report specifying only: (i) the manner (in-person, telephonic, or by video conference); (ii) if in-person, the location; (iii) the participants; (iv) time spent; and (v) the topics covered, at a single event, that is, the August 25, 2025, conference described briefly in a Declaration filed in support of the Motion (Dkt. 44-1, ¶ 6). Dkt. 45 ("Order"). Despite the narrowness of the request in the Order, Defendant instead filed a seven-page Status Report with swaths of information the Court did not request. Dkt. 46 ("Report"). The relevant portion of the Report specified that the conference of counsel on August 25, 2025, proceeded by video conference and lasted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-02657-JDE | Date | October 7, 2025 |
|---|---|---|---|
| Title | Eric Hayde, et al. v. Arcadia Consumer Healthcare Inc. | | |

"approximately" 30 minutes, from 4:30 p.m. until 5:00 p.m. Report at 5. Some portion of that time was spent addressing Plaintiffs' asserted failure to appear for deposition and Plaintiffs' asserted failure to seek a protective order under Federal Rule of Civil Procedure 26(c), with further discussion regarding several potential deposition dates for each Plaintiff, meaning, to discuss the 180 discrete issues set forth in the 124-page Joint Stipulation, the parties likely spent only 20 minutes or less.

The Court finds the Motion may properly be decided without further briefing or argument, vacates the hearing set on the Motion, and, for the reasons set forth below, denies the Motion (Dkt. 43).

**II.**
**RELEVANT LAW**

Regarding motions relating to discovery filed in this district, Central District of California Local Civil Rule ("L.R.") 37-1 instructs, in part (emphasis added):

> Before filing any motion relating to discovery under [Fed. R. Civ. P.] 26-37, counsel for the parties must confer **in a good-faith effort** to eliminate the necessity for hearing the motion **or to eliminate as many of the disputes as possible.** It is the **responsibility of counsel for the moving party to arrange for this conference**. **If both counsel are located in the same county, the conference must take place in person at the office of the moving party's counsel unless the parties agree to meet someplace else.** If both counsel are not located in the same county, the conference may take place telephonically . . . .

If, after the completion of the conference described in L.R. 37-1, the parties "are unable to settle their differences, they must formulate a written stipulation unless otherwise ordered by the Court." L.R. 37-2. Courts may deny discovery motions for failure to comply with the Local Rules' requirements for such motions. See Pina v. Lewis, 717 F. App'x 739, 740 (9th Cir. 2018) (district court may properly deny a motion to compel "for failing to comply with local rules"); see also Tri-Valley CARES v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Lumber Liquidators, Inc. v. Sullivan, 2012 WL 4464867, at *4 (C.D. Cal. Aug. 31, 2012) (denying discovery motion for failure to comply with L.R. 37-2); So v. Land Base, LLC, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009) (same).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-02657-JDE | Date | October 7, 2025 |
|---|---|---|---|
| Title | Eric Hayde, et al. v. Arcadia Consumer Healthcare Inc. | | |

### III.
### DISCUSSION

Here, based on the docket, all counsel have offices in Los Angeles County exclusively. As such, any L.R. 37-1 meet and confer was required to take place in person. That did not occur. That technical violation is joined here by a violation of the spirit of L.R. 37-1. It was Defendant's "responsibility" to arrange for the in person conference in an effort to **in good faith**, try to resolve as many disputed issues as possible. That clearly did not happen here. Instead, Defendant filed the Motion, seeking 180 rulings by the Court on matters the parties could not have spent more than 20 minutes discussing. No good faith meet and confer as required by L.R. 37-1 occurred here. The Motion is denied on that basis. See Pina, 717 F. App'x at 740; Tri-Valley CARES, 671 F.3d at 1131; Lumber Liquidators, Inc., 2012 WL 4464867, at *4; So, 2009 WL 2407954, at *2.

Defendant certainly could argue that the failure to meet and confer in good faith here resets at the feet of Plaintiffs' counsel. Plaintiffs' counsel argues otherwise. But ultimately, Defendant was required to arrange an L.R. 37-1 in-person meeting to attempt, in good faith, to resolve all issues in the Motion. That did not happen. If Defendant believed Plaintiffs failed to confer in a timely manner, Defendant had an alternate path (see L.R. 37-2.4), but that alternative path had different procedural requirements. See id.; L.R. 6-1; L.R. 37-2.1. Ultimately, it appears from the record here that counsel for all parties can, and should, work more collaboratively to attempt to resolve disputes without court intervention.

### IV.
### CONCLUSION AND ORDER

For the foregoing reasons, the Motion (Dkt. 43) is DENIED.

| | Initials of Deputy Clerk | ARO |
|---|---|---|