DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
  *danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>Defendant. | Case No. 8:24-cv-02657-JDE<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS, SUPPLEMENTAL RESPONSES, AND DOCUMENTS**<br><br>Assigned to the Hon. John D. Early<br><br>Dept.:　　　　Courtroom 6A<br>Date:　　　　December 11, 2025<br>Time:　　　　10:00 a.m.<br><br>Discovery Cutoff: September 25, 2026<br>Pretrial Conf.:　February 18, 2027<br>Trial Date:　　　March 2, 2027 |

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.    THE COURT SHOULD COMPEL PLAINTIFFS' DEPOSITIONS AND SUPPLEMENTS ...........................................................................1

     A.    Plaintiffs' Failure to Appear at Duly Noticed Depositions ..................1

     B.    Plaintiffs' Deficient Discovery Responses ...........................................1

     C.    The Court Should Grant Arcadia's Request for Sanctions...................4

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Pursuant to Local Rule 37-2.3, Defendant Arcadia Consumer Healthcare Inc. (Arcadia) submits the following Supplemental Memorandum of Law in support of its Motion to Compel Plaintiffs Eric Hayde's and Megan Wheeler's (together, Plaintiffs) Depositions, Supplemental Responses, and Documents.

## I.   THE COURT SHOULD COMPEL PLAINTIFFS' DEPOSITIONS AND SUPPLEMENTS

### A.   Plaintiffs' Failure to Appear at Duly Noticed Depositions

For nearly half a year, Plaintiffs have continued to waste Arcadia's time and money by no-showing their duly noticed depositions, forcing Arcadia to pay vendor fees merely to note their nonappearances, and offering dates of "availability" for depositions, only to not appear again based on purported "unavailability," after Arcadia noticed their depositions on those dates.  Now, Plaintiffs feign that they did not refuse to appear but, rather, that they were "scheduling in the context of an active meet and confer process."  (ECF No. 49 (Stip.) 14.)  The record belies their assertions.  Indeed, Plaintiffs do not dispute that the Court should set their depositions for date certain (they now say "*Plaintiffs join that request*"); Arcadia duly noticed their depositions; Plaintiffs failed to appear (twice each); and they failed to move for a protective order or to quash their depositions (also twice each). (*Id*. at 2–8.)  Plaintiffs should be compelled to appear for their depositions on dates certain, and sanctioned based on their latest set of failures to appear.

### B.   Plaintiffs' Deficient Discovery Responses

As detailed below, Plaintiffs fail to dispute the relevance of Arcadia's discovery requests, supply new arguments to justify their objections, or respond to the cases cited by Arcadia.  *In fact, Plaintiffs do not even cite to a single case in their portion of the stipulation*.  The Court should compel Plaintiffs to produce documents, supplemental responses, and a complete privilege log responsive to Arcadia's requests below, which are plainly relevant to Rule 23 class certification factors, including Plaintiffs' adequacy and typicality as proposed representatives,

1

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE  37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs' standing to prosecute this action, and Arcadia's defenses.

***Hayde's Criminal Arrests & Release Terms (Hayde RFP 11, 13).*** RFP 11 and 13 seek documents regarding Mr. Hayde's arrests and terms of parole, probation, or release, which are relevant to his inadequacy and inability to serve as a representative. He maintains these requests are "overbroad and not proportional," there are "narrower" alternatives for "impeachment" purposes, and Arcadia is not prejudiced by his failure to produce. (Stip. 31–32, 37.) He is wrong on all counts.

*First*, Arcadia's requests are not "overbroad"; to the contrary, they seek specific documents related to Mr. Hayde's thirteen discrete arrests and release conditions. *Second*, among other matters, these requests probe class representative adequacy—they are not propounded only for impeachment purposes. *Third*, Mr. Hayde's failure to produce any documents harms Arcadia, including by impairing its "ability to go to trial" and "interfer[ing] with the rightful decision of the case"; indeed, "the law ... presumes prejudice from unreasonable delay." (Stip. 43 (citing *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)).) Mr. Hayde must produce documents related to his arrests and release.

***Party Recruitment (Hayde RFP 14, Wheeler RFP 9).*** These requests seek documents regarding the manner in which Plaintiffs became parties to this action, which is relevant to class certification, including their ability to serve as class representatives, and whether they are similarly situated to, or have potential conflicts with, absent class members. In response, Plaintiffs recycle their same, meritless objections—a plaintiff's motivation for bringing suit is irrelevant, the requests seek privileged communications, and non-privileged information can be provided in "a more targeted way." (Stip. 40–41, 52–53.) None holds water.

*First*, relationships and recruitment of named plaintiffs are relevant to adequacy. (Stip. 39, 51 (collecting cases).) *Second*, Plaintiffs failed to timely provide a privilege log to substantiate—and thereby waived—their privilege claims, particularly as the requested documents pre-date any attorney-client relationship.

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE 37

*Third*, these requests are narrowly tailored to *Plaintiffs' multi-million nationwide putative action against Arcadia*, which it is entitled to defend. Plaintiffs must produce documents related to how they became parties to their own lawsuit.

***Costs/Fee Agreements (Hayde RFP 17, Wheeler RFP 12).*** These requests seek documents regarding Plaintiffs' financial arrangements with their attorneys and others, which are relevant to class certification issues, including Plaintiffs' adequacy, motivations, and conflicts with class members. Plaintiffs raise the same objections that Arcadia already addressed in the stipulation: fee/funding agreements are privileged absent "actual conflict," any adequacy concerns are "narrow," and Arcadia is not prejudiced by their failure to produce. (Stip. 22–24.) Not so.

To start, Plaintiffs' assertions of privilege are baseless under Ninth Circuit law. "The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine," and "the attorney-client privilege generally does not preclude disclosure of fee agreements." (Stip. 20 (citing *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014)).) Further, the Ninth Circuit explains that "uncovering conflicts of interest between the named parties and the class they seek to represent is a critical purpose of the adequacy inquiry." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009). Finally, Plaintiffs' "unreasonable delay" and failure to produce is considered "sufficient prejudice," as explained, *supra*, at 2. *In re Phenylpropanolamine*, 460 F.3d at 1227. Plaintiffs must produce documents about the agreements.

***Wheeler's Product Purchase (Wheeler RFP 1).*** RFP 1 seeks documents regarding Ms. Wheeler's purported purchase of the Fungi-Nail product that she put at issue in this action, which is relevant to her standing, adequacy, and typicality as a proposed representative. (Stip. 42.) Even she agrees that this request "goes to core standing and class issues." (*Id*. at 44.) She *still* does not justify her unilateral production of documents "sufficient to show" her purchase, instead of all responsive documents, as required. (*Id*. at 43.) Ms. Wheeler must provide

3

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE 37

complete responses and documents to this basic request.

***Wheeler's Representative Experience (Wheeler RFP 7).***  RFP 7 seeks documents regarding Ms. Wheeler's representative experience in other legal proceedings, which is relevant to her adequacy, credibility, and Arcadia's defenses based on her motivations in bringing this action.  She does not dispute the relevance of this request or respond to Arcadia's cases.  Rather, Ms. Wheeler claims she "produced documents related to [her] involvement as a named plaintiff in another class action" (Stip. 49)—which counsel for Arcadia received on the same day it filed the stipulation.  This is insufficient.  Ms. Wheeler must search for and produce a *complete, compliant production of all records* responsive to this request.

***Third-Party Communications (Hayde RFP 5, Wheeler RFP 5).***  RFP 5 seeks Plaintiffs' communications with third parties about their allegations against Arcadia.  Plaintiffs do not dispute the relevance of these requests or respond to Arcadia's cases.  In an apparent attempt to moot Arcadia's discovery dispute, Plaintiffs produced a privilege log, which Arcadia received on November 20—the day the Joint Stipulation was filed.  (Supp. Bae Decl. ¶ 2.)  Plaintiffs' belated log— which claims a "Retainer Agreement" was sent from "N/A" to "N/A," copying "N/A," on "2/5/2025" and "12/3/2024"—is plainly insufficient to assess their claims of privilege.  (*Id*., Ex. L at 48.)  At a minimum, "a privilege log must identify … the attorney and client involved," "all persons or entities shown on the document to have received or sent the document," and "all persons or entities known to have been furnished the document or informed of its substance." *Iroquois Master Fund, Ltd. v. Glob. ePoint, Inc.*, 2018 WL 6929337, at \*12 (C.D. Cal. Jan. 9, 2018) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)).  Plaintiffs must provide a complete and compliant privilege log.

### C.    The Court Should Grant Arcadia's Request for Sanctions

Arcadia respectfully requests that the Court grant its request for Rule 37 terminating or evidentiary sanctions, and award Arcadia its fees incurred in bringing

4

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE  37

its Motion. (Stip. 53–61.) Plaintiffs insist "willful misconduct, violation of a Court order, and prejudice," as required for "Rule 37's most serious sanctions," are absent here. (*Id*. at 61.) They misstate the standard. As Arcadia explained, "disobedient conduct not shown to be outside the control of the litigant"—including failure to comply with discovery obligations—"is sufficient to demonstrate willfulness, bad faith, or fault" justifying terminating sanctions. (*Id*. at 57.)

Plaintiffs' failure to appear for deposition, confer on their depositions in good faith, and produce documents or supplement records constitute willful conduct within their control warranting Rule 37 sanctions. (Stip. 56–58.) Arcadia repeatedly attempted to confer with Plaintiffs throughout the discovery process. (ECF No. 49-1 (Bae Decl.) ¶¶ 5, 7, 10–12; *id*., Exs. C, F, J.) For their part, Plaintiffs blew their initial depositions; provided deposition dates, only to renege on them later; and promised to produce documents or supplement records, yet failed to do so—none of which is outside their control. (*Id*. ¶¶ 4, 9, 11–12.) This is Plaintiffs' case, yet they did not produce their woefully insufficient (four-page) production until *two-and-a-half months after* Arcadia sent its conferral letter in October. (*Id*. ¶¶ 5, 10.) Arcadia then received Plaintiffs' supplemental production *on the day that it filed the stipulation*. (Supp. Bae Decl. ¶ 2.) Plaintiffs' willfully overdue production cannot insulate them from Rule 37 sanctions. *See S. Cal. Edison Co. v. Greenwich Ins. Co.*, 2023 WL 5506018, at *8 (C.D. Cal. July 17, 2023) ("Pursuant to Rule 37(a)(5)(A), [if the] requested discovery is provided after the motion was filed, the court must … order a party/attorney whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees").

Plaintiffs' gamesmanship must end. Arcadia respectfully requests that this Court grant its Motion to Compel, impose terminating or evidentiary sanctions, and order Plaintiffs to pay the fees Arcadia has incurred in bringing this Motion.

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Dated:  November 26, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: /s/ Peter K. Bae
    Peter K. Bae

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE  37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899