Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs and the Putative Classes*

[Additional Counsel Listed on Following Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE, INC., a Delaware corporation,

Defendant.

Case No.: 8:24-cv-02657-JDE

**DISCOVERY MATTER**

**JOINT STIPULATION PURSUANT TO LOCAL RULE 37 REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES AND PRODUCTION TO FIRST SET OF REQUESTS FOR PRODUCTION, TO COMPEL RULE 36-COMPLIANT RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION, AND FOR SANCTIONS**

Date: February 19, 2026
Time: 10:00 a.m.
USDC Judge: John D. Early
Courtroom: 6A

Complaint Filed: December 6, 2024
Discovery Cutoff: September 25, 2026
Pretrial Conf.: February 18, 2027
Trial Date: March 2, 2027

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
*danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*

# TABLE OF CONTENTS

**I. INTRODUCTORY STATEMENTS ........ 1**

A. PLAINTIFFS' INTRODUCTORY STATEMENT ........ 1

1. Conference Of Counsel History (L.R. 37-1) ........ 1

B. ARCADIA'S INTRODUCTORY STATEMENT ........ 3

1. Plaintiffs Failed to Confer in Good Faith. ........ 4

2. Plaintiffs' Requests Are Not Relevant Nor Proportional. ........ 5

3. The Court Should Impose Rule 37 Sanctions Against Plaintiffs. ........ 6

**II. DISPUTE FOR RESOLUTION: PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION ........ 6**

A. REQUEST FOR PRODUCTION NO. 1 ........ 6

1. Arcadia's Response to Request for Production No. 1 ........ 6

2. Arcadia's Supplemental Response to Request for Production No. 1 ........ 8

3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 1 ........ 8

a. Parties Exhausted Conferral on Request for Production No. 1 ........ 9

b. Plaintiffs' Proposed Resolution ........ 9

c. Plaintiffs' Requested Court Order as to this Request ........ 10

4. Arcadia's Reasons to Deny Motion as to RFP No. 1 ........ 11

a. Plaintiffs Failed to Confer on This Request ........ 11

b. In Any Case, Arcadia's Response to Request for Production No. 1 is Sufficient and Its Objections Are Well-Founded. ........ 12

c. Arcadia's Proposed Resolution ........ 17

B. REQUEST FOR PRODUCTION NO. 2 ........ 18

1. Arcadia's Response to Request for Production No. 2 ........ 18

2. Arcadia's Supplemental Response to Request for Production No. 2 ........ 19

3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 2 .......... 19

a. Parties Exhausted Conferral on Request for Production No. 2 .......... 20

b. Plaintiffs' Proposed Resolution .......... 20

c. Plaintiffs' Requested Court Order as to this Request .......... 21

4. Arcadia's Reasons to Deny Motion as to RFP No. 2 .......... 22

a. Plaintiffs Failed to Confer on This Request .......... 22

b. In Any Case, Arcadia's Response to Request for Production No. 2 is Sufficient and Its Objections Are Well-Founded. .......... 23

c. Arcadia's Proposed Resolution .......... 27

C. REQUEST FOR PRODUCTION NO. 3 .......... 28

1. Arcadia's Response to Request for Production No. 3 .......... 28

2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 3 .......... 29

a. Parties Exhausted Conferral on Request for Production No. 3 .......... 30

b. Plaintiffs' Proposed Resolution .......... 30

c. Plaintiffs' Requested Court Order as to this Request .......... 31

3. Arcadia's Reasons to Deny Motion as to RFP No. 3 .......... 31

a. Plaintiffs Failed to Confer on This Request. .......... 32

b. In Any Case, Arcadia's Response to Request for Production No. 3 is Sufficient and Its Objections Are Well-Founded. .......... 33

c. Arcadia's Proposed Resolution .......... 36

D. REQUEST FOR PRODUCTION NO. 4 .......... 37

1. Arcadia's Response to Request for Production No. 4 .......... 37

2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 4 .......... 38

a. Parties Exhausted Conferral on Request for Production No. 4 .......... 39

b. Plaintiffs' Proposed Resolution .......... 39

c. Plaintiffs' Requested Court Order as to this Request ..... 40

3. Arcadia's Reasons to Deny Motion as to RFP No. 4 ..... 41

a. Plaintiffs Failed to Confer on This Request ..... 41

b. In Any Case, Arcadia's Response to Request for Production No. 4 is Sufficient and Its Objections Are Well-Founded. ..... 42

c. Arcadia's Proposed Resolution ..... 45

E. REQUEST FOR PRODUCTION NO. 5 ..... 46

1. Arcadia's Response to Request for Production No. 5 ..... 46

2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 5 ..... 47

a. Parties Exhausted Conferral on Request for Production No. 5 ..... 48

b. Plaintiffs' Proposed Resolution ..... 48

c. Plaintiffs' Requested Court Order as to this Request ..... 49

3. Arcadia's Reasons to Deny Motion as to RFP No. 5 ..... 49

a. Plaintiffs Failed to Confer on This Request ..... 50

b. In Any Case, Arcadia's Response to Request for Production No. 5 is Sufficient and Its Objections Are Well-Founded. ..... 51

c. Arcadia's Proposed Resolution ..... 54

F. REQUEST FOR PRODUCTION NO. 6 ..... 55

1. Arcadia's Response to Request for Production No. 6 ..... 55

2. Arcadia's Supplemental Response to Request for Production No. 6 ..... 56

3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 6 ..... 56

a. Parties Exhausted Conferral on Request for Production No. 6 ..... 57

b. Plaintiffs' Proposed Resolution ..... 57

c. Plaintiffs' Requested Court Order as to this Request ..... 58

4. Arcadia's Reasons to Deny Motion as to RFP No. 6 ..... 59

a. Plaintiffs Failed to Confer on This Request ..... 59

b. In Any Case, Arcadia's Response to Request for Production No. 6 is Sufficient and Its Objections Are Well-Founded. .... 60
c. Arcadia's Proposed Resolution .... 63
G. REQUEST FOR PRODUCTION NO. 7 .... 64
1. Arcadia's Response to Request for Production No. 7 .... 64
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 7 .... 64
a. Parties Exhausted Conferral on Request for Production No. 7 .... 65
b. Plaintiffs' Proposed Resolution .... 65
c. Plaintiffs' Requested Court Order as to this Request .... 66
3. Arcadia's Reasons to Deny Motion as to RFP No. 7 .... 67
a. Plaintiffs Failed to Confer on This Request .... 67
b. In Any Case, Arcadia's Response to Request for Production No. 7 is Sufficient and Its Objections Are Well-Founded. .... 69
c. Arcadia's Proposed Resolution .... 71
H. REQUEST FOR PRODUCTION NO. 8 .... 71
1. Arcadia's Response to Request for Production No. 8 .... 72
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 8 .... 72
a. Parties Exhausted Conferral on Request for Production No. 8 .... 73
b. Plaintiffs' Proposed Resolution .... 73
c. Plaintiffs' Requested Court Order as to this Request .... 74
3. Arcadia's Reasons to Deny Motion as to RFP No. 8 .... 75
a. Plaintiffs Failed to Confer on This Request .... 75
b. In Any Case, Arcadia's Response to Request for Production No. 8 is Sufficient and Its Objections Are Well-Founded. .... 76
c. Arcadia's Proposed Resolution .... 80
I. REQUEST FOR PRODUCTION NO. 9 .... 80

1. Arcadia's Response to Request for Production No. 9 .......... 80
2. Arcadia's Supplemental Response to Request for Production No. 9 .......... 81
3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 9 .......... 81
  a. Parties Exhausted Conferral on Request for Production No. 9 .......... 82
  b. Plaintiffs' Proposed Resolution .......... 82
  c. Plaintiffs' Requested Court Order as to this Request .......... 83
4. Arcadia's Reasons to Deny Motion as to RFP No. 9 .......... 84
  a. Plaintiffs Failed to Confer on This Request .......... 84
  b. In Any Case, Arcadia's Response to Request for Production No. 9 is Sufficient and Its Objections Are Well-Founded. .......... 85
  c. Arcadia's Proposed Resolution .......... 88

J. REQUEST FOR PRODUCTION NO. 10 .......... 89
1. Arcadia's Response to Request for Production No. 10 .......... 89
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 10 .......... 90
  a. Parties Exhausted Conferral on Request for Production No. 10 .......... 91
  b. Plaintiffs' Proposed Resolution .......... 91
  c. Plaintiffs' Requested Court Order as to this Request .......... 92
3. Arcadia's Reasons to Deny Motion as to RFP No. 10 .......... 92
  a. Plaintiffs Failed to Complete Conferral on This Request. .......... 93
  b. In Any Case, Arcadia's Response to Request for Production No. 10 is Sufficient and Its Objections Are Well-Founded. .......... 95
  c. Arcadia's Proposed Resolution .......... 97

K. REQUEST FOR PRODUCTION NO. 11 .......... 97
1. Arcadia's Response to Request for Production No. 11 .......... 97
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 11 .......... 98

a. Parties Exhausted Conferral on Request for Production No. 11 ..................... 99
b. Plaintiffs' Proposed Resolution ..................... 99
c. Plaintiffs' Requested Court Order as to this Request ..................... 100
3. Arcadia's Reasons to Deny Motion as to RFP No. 11 ..................... 101
a. Plaintiffs Failed to Confer on This Request ..................... 101
b. In Any Case, Arcadia's Response to Request for Production No. 11 is Sufficient and Its Objections Are Well-Founded. ..................... 102
c. Arcadia's Proposed Resolution ..................... 106
L. REQUEST FOR PRODUCTION NO. 12 ..................... 107
1. Arcadia's Response to Request for Production No. 12 ..................... 107
2. Arcadia's Supplemental Response to Request for Production No. 12 ..................... 107
3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 12 ..................... 108
a. Parties Exhausted Conferral on Request for Production No. 12 ..................... 108
b. Plaintiffs' Proposed Resolution ..................... 109
c. Plaintiffs' Requested Court Order as to this Request ..................... 109
4. Arcadia's Reasons to Deny Motion as to RFP No. 12 ..................... 110
a. Plaintiffs Failed to Confer on This Request ..................... 110
b. In Any Case, Arcadia's Response to Request for Production No. 12 is Sufficient and Its Objections Are Well-Founded. ..................... 112
c. Arcadia's Proposed Resolution ..................... 114
M. REQUEST FOR PRODUCTION NO. 13 ..................... 115
1. Arcadia's Response to Request for Production No. 13 ..................... 115
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 13 ..................... 116
a. Parties Exhausted Conferral on Request for Production No. 13 ..................... 116
b. Plaintiffs' Proposed Resolution No. 13 ..................... 117
c. Plaintiffs' Requested Court Order as to this Request ..................... 117

3. Arcadia's Reasons to Deny Motion as to RFP No. 13 .................................... 118
a. Plaintiffs Failed to Confer on This Request................................................ 118
b. In Any Case, Arcadia's Response to Request for Production No. 13 is Sufficient and Its Objections Are Well-Founded. ............................................ 120
c. Arcadia's Proposed Resolution ..................................................................... 122
N. REQUEST FOR PRODUCTION NO. 14 ............................................................. 123
1. Arcadia's Response to Request for Production No. 14. .................................. 123
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 14 ........................................................................ 124
a. Parties Exhausted Conferral on Request for Production No. 14.................. 125
b. Plaintiffs' Proposed Resolution .................................................................... 125
c. Plaintiffs' Requested Court Order as to this Request .................................. 125
3. Arcadia's Reasons to Deny Motion as to RFP No. 14 .................................... 126
a. Plaintiffs Failed to Complete Conferral on This Request............................ 126
b. In Any Case, Arcadia's Response to Request for Production No. 14 is Sufficient and Its Objections Are Well-Founded. ............................................ 129
c. Arcadia's Proposed Resolution ..................................................................... 131
O. REQUEST FOR PRODUCTION NO. 15 ............................................................. 132
1. Arcadia's Response to Request for Production No. 15 .................................. 132
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 15 ........................................................................ 133
a. Parties Exhausted Conferral on Request for Production No. 15.................. 134
b. Plaintiffs' Proposed Resolution .................................................................... 134
c. Plaintiffs' Requested Court Order as to this Request .................................. 134
3. Arcadia's Reasons to Deny Motion as to RFP No. 15 .................................... 135
a. Plaintiffs Failed to Confer on This Request................................................ 135
b. In Any Case, Arcadia's Response to Request for Production No. 15 is Sufficient and Its Objections Are Well-Founded. ............................................ 137

c. Arcadia's Proposed Resolution ........ 139
P. REQUEST FOR PRODUCTION NO. 16 ........ 140
1. Arcadia's Response to Request for Production No. 16 ........ 140
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 16 ........ 141
a. Parties Exhausted Conferral on Request for Production No. 16 ........ 142
b. Plaintiffs' Proposed Resolution ........ 142
c. Plaintiffs' Requested Court Order as to this Request ........ 142
3. Arcadia's Reasons to Deny Motion as to RFP No. 16 ........ 143
a. Plaintiffs Failed to Complete Conferral on This Request. ........ 143
b. In Any Case, Arcadia's Response to Request for Production No. 16 is Sufficient and Its Objections Are Well-Founded. ........ 146
c. Arcadia's Proposed Resolution ........ 147
Q. REQUEST FOR PRODUCTION NO. 17 ........ 148
1. Arcadia's Response to Request for Production No. 17 ........ 148
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 17 ........ 149
a. Parties Exhausted Conferral on Request for Production No. 17 ........ 149
b. Plaintiffs' Proposed Resolution ........ 150
c. Plaintiffs' Requested Court Order as to this Request ........ 150
3. Arcadia's Reasons to Deny Motion as to RFP No. 17 ........ 151
a. Plaintiffs Failed to Complete Conferral on This Request. ........ 151
b. In Any Case, Arcadia's Response to Request for Production No. 17 is Sufficient and Its Objections Are Well-Founded. ........ 153
c. Arcadia's Proposed Resolution ........ 155
R. REQUEST FOR PRODUCTION NO. 18 ........ 156
1. Arcadia's Response to Request for Production No. 18 ........ 156

2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 18 ........ 157
a. Parties Exhausted Conferral on Request for Production No. 18........ 157
b. Plaintiffs' Proposed Resolution ........ 158
c. Plaintiffs' Requested Court Order as to this Request ........ 158
3. Arcadia's Reasons to Deny Motion as to RFP No. 18 ........ 159
a. Plaintiffs Failed to Confer on This Request........ 159
b. In Any Case, Arcadia's Response to Request for Production No. 18 is Sufficient and Its Objections Are Well-Founded. ........ 161
c. Arcadia's Proposed Resolution ........ 163
S. REQUEST FOR PRODUCTION NO. 19........ 163
1. Arcadia's Response to Request for Production No. 19 ........ 163
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 19 ........ 164
a. Parties Exhausted Conferral on Request for Production No. 19........ 165
b. Plaintiffs' Proposed Resolution ........ 165
c. Plaintiffs' Requested Court Order as to this Request ........ 165
3. Arcadia's Reasons to Deny Motion as to RFP No. 19 ........ 166
a. Plaintiffs Failed to Complete Conferral on This Request........ 166
b. In Any Case, Arcadia's Response to Request for Production No. 19 is Sufficient and Its Objections Are Well-Founded. ........ 169
c. Arcadia's Proposed Resolution ........ 170
T. REQUEST FOR PRODUCTION NO. 20........ 171
1. Arcadia's Response to Request for Production No. 20 ........ 171
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 20 ........ 172
a. Parties Exhausted Conferral on Request for Production No. 20........ 173
b. Plaintiffs' Proposed Resolution ........ 173

c. Plaintiffs' Requested Court Order as to this Request ..... 173

3. Arcadia's Reasons to Deny Motion as to RFP No. 20 ..... 174

a. Plaintiffs Failed to Confer on This Request ..... 174

b. In Any Case, Arcadia's Response to Request for Production No. 20 is Sufficient and Its Objections Are Well-Founded. ..... 176

c. Arcadia's Proposed Resolution ..... 178

U. REQUEST FOR PRODUCTION NO. 21 ..... 179

1. Arcadia's Response to Request for Production No. 21 ..... 179

2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 21 ..... 180

a. Parties Exhausted Conferral on Request for Production No. 21 ..... 180

b. Plaintiffs' Proposed Resolution ..... 181

c. Plaintiffs' Requested Court Order as to this Request ..... 181

3. Arcadia's Reasons to Deny Motion as to RFP No. 21 ..... 182

a. Plaintiffs Failed to Complete Conferral on This Request. ..... 182

b. In Any Case, Arcadia's Response to Request for Production No. 21 is Sufficient and Its Objections Are Well-Founded. ..... 184

c. Arcadia's Proposed Resolution ..... 186

V. REQUEST FOR PRODUCTION NO. 22 ..... 187

1. Arcadia's Response to Request for Production No. 22 ..... 187

2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 22 ..... 188

a. Parties Exhausted Conferral on Request for Production No. 22 ..... 188

b. Plaintiffs' Proposed Resolution ..... 189

c. Plaintiffs' Requested Court Order as to this Request ..... 189

3. Arcadia's Reasons to Deny Motion as to RFP No. 22 ..... 190

a. Plaintiffs Failed to Complete Conferral on This Request. ..... 190

b. In Any Case, Arcadia's Response to Request for Production No. 22 is Sufficient and Its Objections Are Well-Founded. .......... 192
c. Arcadia's Proposed Resolution .......... 194
W. REQUEST FOR PRODUCTION NO. 23 .......... 195
1. Arcadia's Response to Request for Production No. 23 .......... 195
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 23 .......... 196
a. Parties Exhausted Conferral on Request for Production No. 23 .......... 196
b. Plaintiffs' Proposed Resolution .......... 197
c. Plaintiffs' Requested Court Order as to this Request .......... 197
3. Arcadia's Reasons to Deny Motion as to RFP No. 23 .......... 198
a. Plaintiffs Failed to Complete Conferral on This Request. .......... 198
b. In Any Case, Arcadia's Response to Request for Production No. 23 is Sufficient and Its Objections Are Well-Founded. .......... 200
c. Arcadia's Proposed Resolution .......... 202
X. REQUEST FOR PRODUCTION NO. 24 .......... 203
1. Arcadia's Response to Request for Production No. 24 .......... 203
2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 24 .......... 204
a. Parties Exhausted Conferral on Request for Production No. 24 .......... 204
b. Plaintiffs' Proposed Resolution .......... 205
c. Plaintiffs' Requested Court Order as to this Request .......... 205
3. Arcadia's Reasons to Deny Motion as to RFP No. 24 .......... 206
a. Plaintiffs Failed to Complete Conferral on This Request. .......... 206
b. In Any Case, Arcadia's Response to Request for Production No. 24 is Sufficient and Its Objections Are Well-Founded. .......... 208
c. Arcadia's Proposed Resolution .......... 210

**III. DISPUTE RESOLUTION: PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS ........ 211**

A. REQUEST FOR ADMISSION NO. 1 ........ 211

1. Arcadia's Response to Request for Admission No. 1 ........ 211

2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 1 ........ 212

a. Parties Exhausted Conferral on Request for Admission No. 1 ........ 213

b. Plaintiffs' Proposed Resolution ........ 213

c. Plaintiffs' Requested Court Order as to Request for Admission No. 1 ........ 213

3. Arcadia's Reasons to Deny Motion as to RFA No. 1 ........ 214

a. Plaintiffs Failed to Confer on This Request ........ 214

b. In Any Case, Arcadia's Response to Request for Production No. 1 is Sufficient and Its Objections Are Well-Founded. ........ 216

c. Arcadia's Proposed Resolution ........ 218

B. REQUEST FOR ADMISSION NO. 2 ........ 219

1. Arcadia's Response to Request for Admission No. 2 ........ 219

2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 2 ........ 220

a. Parties Exhausted Conferral on Request for Admission No. 2 ........ 221

b. Plaintiffs' Proposed Resolution ........ 221

c. Plaintiffs' Requested Court Order as to this Request for Admission ........ 222

3. Arcadia's Reasons to Deny Motion as to RFA No. 2 ........ 222

a. Plaintiffs Failed to Confer on This Request ........ 223

b. In Any Case, Arcadia's Response to Request for Admission No. 2 is Sufficient and Its Objections Are Well-Founded. ........ 224

c. Arcadia's Proposed Resolution ........ 227

C. REQUEST FOR ADMISSION NO. 3 ........ 228

1. Arcadia's Response to Request for Admission No. 3 ........ 228

2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 3 ........ 229

a. Parties Exhausted Conferral on Request for Admission No. 3 ........ 230

b. Plaintiffs' Proposed Resolution ........ 230

c. Plaintiffs' Requested Court Order as to this Request for Admission ........ 230

3. Arcadia's Reasons to Deny Motion as to RFA No. 3 ........ 231

a. Plaintiffs Failed to Confer on This Request ........ 231

b. Any Case, Arcadia's Response to Request for Admission No. 3 is Sufficient and Its Objections Are Well-Founded. ........ 233

c. Arcadia's Proposed Resolution ........ 235

D. REQUEST FOR ADMISSION NO. 4 ........ 236

1. Arcadia's Response to Request for Admission No. 4 ........ 236

2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 4 ........ 236

a. Parties Exhausted Conferral on Request for Admission No. 4 ........ 238

b. Plaintiffs' Proposed Resolution ........ 238

c. Plaintiffs' Requested Court Order as to this Request for Admission ........ 238

3. Arcadia's Reasons to Deny Motion as to RFA No. 4 ........ 239

a. Plaintiffs Failed to Confer on This Request ........ 239

b. In Any Case, Arcadia's Response to Request for Admission No. 4 is Sufficient and Its Objections Are Well-Founded. ........ 241

c. Arcadia's Proposed Resolution ........ 244

E. REQUEST FOR ADMISSION NO. 5 ........ 244

1. Arcadia's Response to Request for Admission No. 5 ........ 244

2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 5 ........ 245

a. Parties Exhausted Conferral on Request for Admission No. 5 ........ 246

b. Plaintiffs' Proposed Resolution ........ 247

c. Plaintiffs' Requested Court Order as to this Request for Admission .......... 247

3. Arcadia's Reasons to Deny Motion as to RFA No. 5 .......... 248

a. Plaintiffs Failed to Confer on This Request .......... 248

b. In Any Case, Arcadia's Response to Request for Admission No. 5 is Sufficient and Its Objections Are Well-Founded. .......... 249

c. Arcadia's Proposed Resolution .......... 252

F. REQUEST FOR ADMISSION NO. 6 .......... 253

1. Arcadia's Response to Request for Admission No. 6 .......... 253

2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 6 .......... 254

a. Parties Exhausted Conferral on Request for Admission No. 6 .......... 255

b. Plaintiffs' Proposed Resolution .......... 255

c. Plaintiffs' Requested Court Order as to this Request for Admission .......... 255

3. Arcadia's Reasons to Deny Motion as to RFA No. 6 .......... 256

a. Plaintiffs Failed to Confer on This Request .......... 256

b. In Any Case, Arcadia's Response to Request for Admission No. 6 is Sufficient and Its Objections Are Well-Founded. .......... 258

c. Arcadia's Proposed Resolution .......... 260

G. REQUEST FOR ADMISSION NO. 7 .......... 261

1. Arcadia's Response to Request for Admission No. 7 .......... 261

2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 7 .......... 262

a. Parties Exhausted Conferral on Request for Admission No. 7 .......... 263

b. Plaintiffs' Proposed Resolution .......... 263

c. Plaintiffs' Requested Court Order as to this Request for Admission .......... 263

3. Arcadia's Reasons to Deny Motion as to RFA No. 7 .......... 264

a. Plaintiffs Failed to Confer on This Request .......... 264

b. In Any Case, Arcadia's Response to Request for Admission No. 7 is Sufficient and Its Objections Are Well-Founded. .......... 266
c. Arcadia's Proposed Resolution .......... 268
H. REQUEST FOR ADMISSION NO. 8 .......... 269
1. Arcadia's Response to Request for Admission No. 8 .......... 269
2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 8 .......... 270
a. Parties Exhausted Conferral on Request for Admission No. 8 .......... 271
b. Plaintiffs' Proposed Resolution .......... 271
c. Plaintiffs' Requested Court Order as to this Request for Admission .......... 271
3. Arcadia's Reasons to Deny Motion as to RFA No. 8 .......... 272
a. Plaintiffs Failed to Confer on This Request .......... 272
b. In Any Case, Arcadia's Response to Request for Admission No. 8 is Sufficient and Its Objections Are Well-Founded. .......... 274
c. Arcadia's Proposed Resolution .......... 276
I. REQUEST FOR ADMISSION NO. 9 .......... 277
1. Arcadia's Response to Request for Admission No. 9 .......... 277
2. Arcadia's Supplemental Response to Request for Admission No. 9 .......... 278
3. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 9 .......... 278
a. Parties Exhausted Conferral on Request for Admission No. 9 .......... 279
b. Plaintiffs' Proposed Resolution .......... 279
c. Plaintiffs' Requested Court Order as to this Request for Admission .......... 279
4. Arcadia's Reasons to Deny Motion as to RFA No. 9 .......... 280
a. Plaintiffs Failed to Complete Conferral on This Request. .......... 280
b. In Any Case, Arcadia's Response to Request for Admission No. 9 is Sufficient and Its Objections Are Well-Founded. .......... 283
c. Arcadia's Proposed Resolution .......... 285

J. REQUEST FOR ADMISSION NO. 10 .......... 286
1. Arcadia's Response to Request for Admission No. 10 .......... 286
2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 10 .......... 287
a. Parties Exhausted Conferral on Request for Admission No. 10 .......... 288
b. Plaintiffs' Proposed Resolution .......... 288
c. Plaintiffs' Requested Court Order as to this Request for Admission .......... 288
3. Arcadia's Reasons to Deny Motion as to RFA No. 10 .......... 289
a. Plaintiffs Failed to Confer on This Request .......... 289
b. In Any Case, Arcadia's Response to Request for Admission No. 10 is Sufficient and Its Objections Are Well-Founded. .......... 291
c. Arcadia's Proposed Resolution .......... 293
K. REQUEST FOR ADMISSION NO. 11 .......... 294
1. Arcadia's Response to Request for Admission No. 11 .......... 294
2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 11 .......... 295
a. Parties Exhausted Conferral on Request for Admission No. 11 .......... 296
b. Plaintiffs' Proposed Resolution .......... 297
c. Plaintiffs' Requested Court Order as to this Request for Admission .......... 297
3. Arcadia's Reasons to Deny Motion as to RFA No. 11 .......... 298
a. Plaintiffs Failed to Confer on This Request .......... 298
b. In Any Case, Arcadia's Response to Request for Admission No. 11 is Sufficient and Its Objections Are Well-Founded. .......... 299
c. Arcadia's Proposed Resolution .......... 302
L. REQUEST FOR ADMISSION NO. 12 .......... 303
1. Arcadia's Response to Request for Admission No. 12 .......... 303
2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 12 .......... 303

a. Parties Exhausted Conferral on Request for Admission No. 12 .................. 304
b. Plaintiffs' Proposed Resolution .................................................................. 304
c. Plaintiffs' Requested Court Order as to this Request for Admission ........... 305
3. Arcadia's Reasons to Deny Motion as to RFA No. 12 .................................. 305
a. Plaintiffs Failed to Confer on This Request................................................ 306
b. In Any Case, Arcadia's Response to Request for Admission No. 12 is Sufficient and Its Objections Are Well-Founded. ............................................. 307
c. Arcadia's Proposed Resolution ................................................................... 310
M. REQUEST FOR ADMISSION NO. 13 ....................................................................... 310
1. Arcadia's Response to Request for Admission No. 13 .................................. 311
2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 13 ....................................................................................... 311
a. Parties Exhausted Conferral on Request for Admission No. 13 .................. 312
b. Plaintiffs' Proposed Resolution .................................................................. 312
c. Plaintiffs' Requested Court Order as to this Request for Admission ........... 312
3. Arcadia's Reasons to Deny Motion as to RFA No. 13 .................................. 313
a. Plaintiffs Failed to Confer on This Request................................................ 313
b. In Any Case, Arcadia's Response to Request for Admission No. 13 is Sufficient and Its Objections Are Well-Founded. ............................................. 315
c. Arcadia's Proposed Resolution ................................................................... 317
N. REQUEST FOR ADMISSION NO. 14 ....................................................................... 318
1. Arcadia's Response to Request for Admission No. 14 .................................. 318
2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 14 ....................................................................................... 319
a. Parties Exhausted Conferral on Request for Admission No. 14 .................. 320
b. Plaintiffs' Proposed Resolution .................................................................. 320
c. Plaintiffs' Requested Court Order as to this Request for Admission ........... 320
3. Arcadia's Reasons to Deny Motion as to RFA No. 14 .................................. 321

a. Plaintiffs Failed to Confer on This Request ........ 321

b. In Any Case, Arcadia's Response to Request for Admission No. 14 is Sufficient and Its Objections Are Well-Founded. ........ 323

c. Arcadia's Proposed Resolution ........ 326

**IV. DISPUTE FOR RESOLUTION: PLAINTIFFS' REQUEST FOR SANCTIONS ........ 326**

A. PLAINTIFFS' POSITION: PLAINTIFFS ARE ENTITLED TO SANCTIONS. 326

1. Plaintiffs' Requested Sanctions. ........ 327

a. RFP-Related Sanctions (Requests for Production Nos. 1–24). ........ 328

b. RFA-Related Sanctions (Requests for Admission Nos. 1–14). ........ 328

c. Fee Submission Procedure. ........ 328

B. ARCADIA'S POSITION: ARACDIA IS ENTITLED TO SANCTIONS ........ 328

1. Plaintiffs' Discovery Abuses ........ 329

2. Sanctions Are Warranted ........ 331

Plaintiffs Eric Hayde and Megan Wheeler (together, "Plaintiffs"), and Defendant Arcadia Consumer Healthcare, Inc. ("Arcadia") (collectively, the "Parties"), submit this Joint Stipulation pursuant to Local Rule 37 regarding Plaintiffs' motion to compel further responses and production to Plaintiffs' First Set of Requests for Production, to compel Rule 36-compliant responses to Plaintiffs' First Set of Requests for Admission, and for sanctions.

## I. INTRODUCTORY STATEMENTS

### A. PLAINTIFFS' INTRODUCTORY STATEMENT

Plaintiffs seek an order compelling Defendant Arcadia Consumer Healthcare Inc. (Arcadia) to serve amended, Rule 36-compliant responses to Plaintiffs' First Set of Requests for Admission and to produce responsive, proportional, class-certification discovery in response to Plaintiffs' First Set of Requests for Production.

Despite multiple meet-and-confer sessions, Arcadia has maintained objections and has not produced documents responsive to key discovery aimed at exposure, numerosity, commonality, predominance, and classwide remedies. The parties conferred via Zoom on September 15, 2025, and again in person on October 24, 2025, and Plaintiffs memorialized the disputes and the requested relief in writing. Arcadia continues to stand on objections to the requests at issue and has not provided the requested discovery.

Each dispute is set out below with the request and Arcadia's response stated verbatim, followed by the parties' respective positions and the relief sought.

#### 1. Conference Of Counsel History (L.R. 37-1)

Plaintiffs served their First Set of Requests for Production and First Set of Requests for Admission on July 18, 2025. *See* Declaration of Thiago Coelho (Coelho Decl.) ¶ 3, Ex. 1. Arcadia served written responses and objections to Plaintiffs' First Set of Requests for Production and First Set of Requests for Admission on August 18, 2025. *See* Coelho Decl. ¶ 4, Exs. 2–3.

On **September 3, 2025**, Plaintiffs sent a meet-and-confer letter pursuant to Local Rule 37-1 requesting a conference regarding Arcadia's responses to Plaintiffs' First Sets

of Requests for Production and Requests for Admission. The September 3 letter identified the disputed requests, set forth Plaintiffs' positions and supporting authority, and specified the discovery orders Plaintiffs would seek if the disputes were not resolved. *See* Coelho Decl. ¶ 5, Ex. 4.

On **September 15, 2025**, counsel for the parties met and conferred via Zoom regarding Arcadia's responses and objections to Plaintiffs' First Sets of Requests for Production and Requests for Admission, Plaintiffs' requests for production of responsive documents, and Plaintiffs' requests for amended admissions. *See* Coelho Decl. ¶ 6. Following that conference, the parties exchanged written correspondence memorializing the issues discussed and Arcadia's representation that it would review the disputed requests with the client and provide supplemental responses. *See* Coelho Decl. ¶ 7, Ex. 5.

On **October 9, 2025**, Plaintiffs sent a follow-up meet-and-confer letter memorializing the September 15, 2025 conference and advising that, despite Arcadia's representation that it would provide supplemental responses, Arcadia had not produced any documents and had not served any supplemental responses as of that date. The October 9 letter again identified the disputed Requests for Production and Requests for Admission and reiterated the relief Plaintiffs would seek if the disputes were not resolved. *See* Coelho Decl. ¶ 8, Ex. 6.

On **October 24, 2025**, counsel for the parties participated in an in-person Local Rule 37-1 meet-and-confer session that lasted approximately four and a half hours. The conference addressed, among other topics, Arcadia's objections and refusals to produce documents in response to Plaintiffs' Requests for Production and Arcadia's responses to Plaintiffs' Requests for Admission, as well as the scope and timing of production, as well as the scope and timing of production and the parties' stipulated protective order. *See* Coelho Decl. ¶ 9. The Court has since entered the parties' stipulated protective order on January 9, 2026. ECF No. 55.

On **October 28, 2025**, counsel for Arcadia memorialized Arcadia's positions following the October 24, 2025 in-person conference, including confirming the Requests

for Production Plaintiffs had raised and stating that Arcadia would provide a supplemental response to Request for Admission No. 9. *See* Coelho Decl. ¶ 10, Ex. 7.

On **October 31, 2025**, Arcadia served "Objections and Supplemental Responses" to Plaintiffs' Requests for Production and Requests for Admission. With respect to Requests for Production, Arcadia maintained its objections and, for certain requests, added limited and conditional statements regarding production, expressly conditioning any production on entry of a protective order and Arcadia's unilateral definition of the "relevant time period." The protective order has since been entered. With respect to Requests for Admission, Arcadia supplemented only Request for Admission No. 9. No other Requests for Admission were supplemented. *See* Coelho Decl. ¶¶ 11–12, Exs. 8–9.

Also on **January 9, 2026**, the Court entered the parties' stipulated protective order and Arcadia's continued non-production cannot be justified on that basis.

To date, **Arcadia has not produced a single document** in response to Plaintiffs' First Set of Requests for Production, nor has it produced a privilege log. *See* Coelho Decl. ¶¶ 13-14; Exs. 6, 7, and 10.

Despite multiple good-faith meet-and-confer efforts, written correspondence, and Arcadia's service of limited supplemental responses, the parties remain at impasse regarding the Requests for Production and Requests for Admission addressed below. Further meet-and-confer efforts would not eliminate the need for Court intervention.

**B. ARCADIA'S INTRODUCTORY STATEMENT**

Plaintiffs' Joint Stipulation comes as a premature surprise—given their counsel's failure to confer. We note three problems with Plaintiffs' stipulation and position overall:

(a) Plaintiffs' counsel conferred in person on only October 24, 2025 (where they did not even present an issue as to *28 out of 38 requests that they now claim are at issue*);

(b) Even as to 10 requests on which the parties began conferring in person, Plaintiffs' counsel never responded to Arcadia's post-conference requests for legal authority supporting discoverability of the requested records, so they did not finish conferring on these requests either;

(c) The Court has repeatedly admonished the parties and counsel to confer—in person, in good faith—on any and every discovery dispute coming before this Court; and

(d) Despite all this, Plaintiffs' counsel now presents the Court with more than hundreds of pages across 24 requests for production (RFP) and 14 requests for admission (RFA)—*every single written discovery request propounded by Mr. Hayde*—amounting to 28 requests that Plaintiffs' counsel have never conferred in person on, a total of more than 73% of the requests at issue in this discovery document going over a half ream of paper.

Arcadia respectfully requests that the Court order Plaintiffs' counsel to fully confer on *all* disputes that they attempt to bring before the Court. Even if the Court considers the limited 10 requests for which the parties began conferring in-person, Arcadia submits that the Court should deny Plaintiffs' motion to compel on relevance and proportionality grounds, not to mention that Arcadia already agreed to provide certain documents on a rolling basis upon entry of a protective order (which Plaintiffs' counsel finally filed just four court days before threatening Arcadia with their tome of a Joint Stipulation). Overall, Arcadia requests that the Court deny Plaintiffs' motion and award sanctions because: (1) Plaintiffs' counsel failed to confer in person in good faith as required by L.R. 37-1 and this Court's prior Order; (2) Plaintiffs' requests are neither relevant nor proportional, especially under Phase One class-certification discovery; and (3) Plaintiffs' noncompliance warrants an award of Arcadia's reasonable expenses under Rule 37.

**1. Plaintiffs Failed to Confer in Good Faith.**

*First*, Plaintiffs' counsel did not satisfy L.R. 37-1's requirement that parties "must confer in a good-faith effort … to eliminate as many of the disputes as possible" before seeking court intervention. The parties met in person on October 24, 2025, where they discussed their respective discovery disputes. (Bae Decl. ¶ 2.) With respect to Plaintiffs' dispute, the parties only discussed Mr. Hayde's Hayde RFP 10, 14, 16, 17, 19, 21–24, and RFA 9—as memorialized in plaintiffs' post-conferral email. (*Id.* ¶ 4.) Arcadia confirmed: "You only raised Mr. Hayde's RFP 10, 14, 16, 17, 19, 21–24, and RFA 9, as your email also confirms." (*Id.*, Ex. A (Oct. 2025 Emails) at 3.) Emphasizing that this Court would

prefer compliance with L.R. 37 obligations, Arcadia therefore asked Plaintiffs to withdraw their joint stipulation, and provide available dates for an in-person conference for the remaining discovery requests. (*Id.*, Ex. B (Jan. 2026 Emails) at 3.) Plaintiffs refused. (*Id.* at 1.) Plaintiffs' decision to seek rulings on dozens of requests they never raised at the in-person conferral violates L.R. 37-2—and is precisely what the Court previously deemed grounds for denial. (ECF No. 47 (Order) 2–3.)

**2. Plaintiffs' Requests Are Not Relevant Nor Proportional.**

*Second*, if the Court elects to address the limited subset of items for which Plaintiffs did initiate an in-person conference, those items fail. Arcadia has color-coded the discovery disputes in two: red, for the matters for which Plaintiffs have not conferred in-person, as required (and for which Arcadia respectfully believes the Court should deny outright); and yellow, for the limited subset as to which Plaintiffs began conferring. Arcadia's responses and post-conference email already explain why Plaintiffs' requests and purported legal support do not warrant compelled relief at this stage—including because many requests are wildly outside the scope of Phase One class certification discovery (ECF No. 41 at 2):

- **Advertising expenses (RFP No. 14).** Arcadia explained Plaintiffs' cited authority did not support compelled discovery here (including because one case involved untimely objections, and another addressed decertification), and asked Plaintiffs to provide on-point authority supporting relevance at this phase. (Bae Decl., Ex. A at 3.)
- **Financial statements/forecasts/profits (RFP Nos. 19, 22–23).** Arcadia explained that courts routinely reject overbroad revenue/profit demands, distinguished Plaintiffs' authorities, and again requested authority supporting discoverability. (*Id.*)
- **Profitability studies/cost-benefit analyses (RFP No. 24).** Arcadia explained that Plaintiffs' opinion did not support production of internal marketing documents, and again requested supporting authority supporting their demand. (*Id.* at 4.)

- **California sales volume (RFP Nos. 10, 16–17, 21).** Arcadia noted it had already produced California sales data in connection with mediation, yet Plaintiffs demanded production again without explaining why it is warranted now. (*Id.*)
- **Consumer expectations (RFA No. 9).** Arcadia agreed it would provide a supplemental response—confirming the parties could have narrowed disputes request-by-request rather than teeing up a sweeping stipulation. (*Id.* at 4.)

And as to the smorgasbord of remaining requests Plaintiffs now ask the Court to adjudicate, Plaintiffs never conferred in-person about them at all. As explained below, Arcadia's written responses to these requests stand on their stated objections and limitations, including that Plaintiffs have offered no request-specific showing of relevance or proportionality under the Phase One discovery stage. (*See* ECF No. 47 at 2–3.) Plaintiffs' "all-at-once" approach is the opposite of proportional—they maximize disputes, minimize good-faith conferral, and ask the Court to referee the result.

#### 3. The Court Should Impose Rule 37 Sanctions Against Plaintiffs.

*Finally*, Arcadia warned Plaintiffs that their refusal to properly confer would force Arcadia to seek sanctions, and gave them an opportunity to cure by withdrawing the joint stipulation and scheduling an in-person meet-and-confer. (Bae Decl., Ex. B at 1–3.) Plaintiffs refused. (*Id.* at 1.) If the Court finds that Plaintiffs failed to comply with L.R. 37, Arcadia will seek its reasonable expenses and attorneys' fees incurred in responding to Plaintiffs' filing. *See* Fed. R. Civ. P. 37(a)(5)(B).

## II. <u>DISPUTE FOR RESOLUTION: PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION</u>

### A. Request for Production No. 1

All DOCUMENTS reflecting the formulation(s) of the PRODUCT sold during the CLASS PERIOD.

#### 1. Arcadia's Response to Request for Production No. 1

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from

disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "All DOCUMENTS reflecting the formulation(s) of the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad). Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "formulation" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action, which Arcadia believes it should not do, discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request.

**2. Arcadia's Supplemental Response to Request for Production No. 1**

Subject to and without waiving the foregoing objections, Arcadia responds as follows: Arcadia will conduct a reasonable search for and produce labels and print advertisements of PRODUCTS sold in California during the relevant time period to the extent within its possession, custody, or control, only pursuant to entry of a mutually-agreeable protective order appropriately limiting the control, use, and disposition of such documents.

**3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 1**

RFP No. 1 seeks formulation documents that go to the core of the claims and the Rule 23 class issues. The formulation(s) of the product sold during the class period is central to whether the product can perform as represented, what was uniform across purchasers, and whether those issues are susceptible to common proof. It is also relevant to the individual claim. This discovery is therefore relevant and proportional under Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1); *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018). Arcadia's geographic-scope objection does not justify nonproduction because formulation is a product-level fact, and if Arcadia contends formulation varies by geography, that contention is itself discoverable and directly relevant to Rule 23 issues.

Arcadia's "all documents" framing and reliance on *Glaukos* do not warrant withholding. At most, the proper remedy is a proportional narrowing to "documents sufficient to show" the formulation(s) and changes over time, not a refusal to produce any formulation materials.

Arcadia's vagueness objection to "formulation" does not justify nonproduction. Arcadia can reasonably construe "formulation" as the qualitative and quantitative composition of the product sold during the class period, including active and inactive ingredients and any changes over time, and produce accordingly. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C).

Arcadia's "pre-certification" objection is self-defeating. The very Advisory Committee Note Arcadia cites contemplates merits discovery before certification, limited to merits issues "relevant to making the certification decision." Formulation evidence is exactly that, it is core common proof bearing on uniformity and predominance, so Arcadia cannot use Rule 23(c)(1)(A) to block it. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

Arcadia's confidentiality and trade secret concerns are handled through production under the protective order. Confidentiality is not a basis to refuse production of core merits and class certification discovery. To the extent Arcadia withholds documents on privilege grounds, Arcadia must provide a privilege log that complies with Rule 26(b)(5)(A). *See* Fed. R. Civ. P. 26(b)(5)(A); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191–92 (C.D. Cal. 2006).

**a. Parties Exhausted Conferral on Request for Production No. 1**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution. To the extent Arcadia served a limited supplemental response on October 31, 2025, it did not resolve the dispute and Arcadia still has not produced documents. *See* Coelho Decl. ¶¶ 10–13, Exs. 8, 10.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 1 to a proportional "documents sufficient to show" production. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. The complete ingredient composition (active and inactive) and concentrations for each formulation of the product sold during the class period.

2. Effective-date change logs, change-control records, or equivalent records identifying when each formulation was in effect and any revisions during the class period.
3. The master formula records, or their functional equivalents, for each formulation in effect during the class period.

Plaintiffs also proposed that Arcadia comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections, and that Arcadia provide a Rule 26(b)(5) privilege log for any withheld documents.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection e above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request

the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**4. Arcadia's Reasons to Deny Motion as to RFP No. 1**

Plaintiffs' Motion as to RFP No. 1 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 1. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley v. Gregorio*, 848 Fed. Appx. 763, 763 (9th Cir. 2021) (affirming denial of motion to compel for failure to confer); *Jennings v. Cnty. of Riverside*, 2025 WL 1090943, at *4 (C.D. Cal. Mar. 19, 2025) (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 1 as a disputed request during

the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 1 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that Request for Production No. 1 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 1, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to Request for Production No. 1, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas v. Quest Diagnostics*, 2021 WL 4642785, at *2 (C.D. Cal. Sept. 8, 2021) (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 1 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 1 fails because (1) the request seeks merits-driven internal formulation materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the request is not relevant to Plaintiffs' pleaded labeling-based claims, (3) the request is facially overbroad in seeking "all documents" and Rule 34 does not require Arcadia to rewrite an

improper request, (4) the undefined term "formulation" renders the request ambiguous and Plaintiffs' post-hoc definition does not cure that defect, (5) the request seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, (6) Arcadia has already produced the product labels it committed to produce—which disclose the formulation information on which Plaintiffs' claims are based, and (7) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, time-period and privilege objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* RFP No. 1 seeks merits-driven discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot now characterize expansive, merits-driven discovery into Arcadia's proprietary internal formulation materials as appropriate simply by labeling it "common proof." Plaintiffs' demand for Arcadia's internal formulation, development, and manufacturing materials goes to merits liability, not to whether Rule 23's requirements can be satisfied. As pleaded, Plaintiffs' certification theories turn on consumer-facing labeling and alleged reliance, not on Arcadia's proprietary internal formulation history. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Not Relevant to Plaintiffs' Pleaded Claims or Rule 23 Issues.*** *Second*, Plaintiffs' premise that formulation documents "go to the core of the claims and the Rule 23 class issues" is incorrect. Plaintiffs challenge consumer-facing labeling, not a broad swath of any and all documents "reflecting" the formulation history of the product. Plaintiffs allege they purchased the product and relied on the label, and their claims turn on what was disclosed to consumers at the point of purchase, not on Arcadia's proprietary internal

formulation, development, or manufacturing records. Plaintiffs do not allege that Arcadia concealed ingredients, misstated the formulation on the label, or altered the formulation in a manner inconsistent with what was disclosed to consumers. Nor do they plead any formulation-based defect or contend that the product's ingredients differed from what the label represented. Absent such allegations, internal formulation documents are not "central" to liability, class certification, or individual claims, and expansive discovery into those materials is not proportional to the needs of the case under Rule 26(b)(1).

Plaintiffs' reliance on *Goro*, 334 F.R.D. at 283, is misplaced. *Goro* held only that contact information for a defendant's distributors was discoverable where defendants had disclosed such distributors as having relevant information, while *denying* the motion to compel as to broader categories of individuals and entities that plaintiffs failed to tie to their claims or show possessed relevant information. Here, as in *Goro*, Plaintiffs seek to expand discovery well beyond what is tethered to their pleaded theories, but have not shown how Arcadia's internal formulation materials—unlike the consumer-facing labels at issue—bear on any alleged misrepresentation or Rule 23 requirement.

***Request for "All Documents" is Overbroad.*** *Third*, Arcadia properly objected to RFP No. 1 as facially overbroad in seeking "all documents reflecting the formulation(s)" without meaningful limitation. As Arcadia explained, *Glaukos*, 2019 WL 1960270 at *3, not only recognizes that such "all documents" requests are improper, but also that Rule 34 does not compel a responding party to rewrite an overbroad request or guess at a narrower construction. In any event, even Plaintiffs' post-hoc narrowing to "documents sufficient to show" would not cure the fundamental relevance and proportionality defects discussed above. Absent allegations that formulation contradicted the label, varied in a way material to the claims, or otherwise rendered Arcadia's consumer-facing representations false or misleading, internal formulation materials remain outside the permissible scope of Phase 1 discovery under Rule 26(b)(1).

***Without Definition, "Formulation" is Impermissibly Vague.*** *Fourth*, Arcadia properly objected to RFP No. 1 based on ambiguity because this request uses the

undefined term "formulation" in a way that is reasonably susceptible to multiple materially different meanings. As drafted, the request could encompass a vast range of documents—ranging from elemental breakdowns of each chemical compound used, to high-level ingredient lists, to proprietary R&D materials, supplier specifications, batch records, quality-control documentation, and internal scientific analyses—many of which bear no relation to Plaintiffs' pleaded labeling-based theories. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3. Plaintiffs' after-the-fact attempt to define "formulation" as the "qualitative and quantitative composition" of the product—and to sweep in "any changes over time"—confirms the ambiguity Arcadia identified and underscores why the objection was proper. Plaintiffs cite Rule 34(b)(2)(B)–(C) as though it imposes a duty to rewrite an ambiguous request, but the rule does no such thing—it governs how objections are stated, not whether an imprecise request must be cured by the responding party, particularly where the proposed construction would expand discovery into proprietary internal materials untethered from the claims or the permissible scope of Phase 1 discovery.

***Confidential and Trade-Secret Information.*** *Fifth*, Arcadia properly objected to RFP No. 1 on confidentiality and trade-secret grounds. Arcadia's proprietary product formulations constitute trade-secret and competitively sensitive information, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting confidentiality as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 1 seeks highly proprietary formulation information, and any production—if warranted at all—must be subject to an appropriate protective order governing use, disclosure, and handling. Further, Plaintiffs' citation to A. Farber & Partners*,* 234 F.R.D. 186 for the proposition that documents withheld on privilege grounds require a privilege log is besides the point. Arcadia will comply with its

Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Moot and Cumulative Given Arcadia's Production.*** *Sixth*, Plaintiffs' motion to compel is mooted because Arcadia has already produced the product labels it committed to produce. Those labels disclose the ingredient information Plaintiffs place at issue and on which their claims are based. Compelling additional internal formulation materials would therefore add nothing to the Phase 1 class-certification inquiry and would be cumulative and disproportionate under Rule 26. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Nor does *Dukes*, 564 U.S. at 351, support Plaintiffs' position. *Dukes* requires that a purportedly common issue be capable of class-wide resolution and "drive the resolution of the litigation." *Id*. at 351. Internal formulation materials do not do so here, where the alleged common questions concern labeling and messaging rather than internal product development. Plaintiffs therefore cannot invoke Rule 23(c)(1)(A) or the Advisory Committee Note to compel merits-heavy formulation discovery that falls outside the agreed-upon scope of Phase 1 discovery.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 1. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead relying on speculation untethered from the pleadings or Arcadia's

defenses to justify discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, and fail to address Arcadia's attorney-client privilege and work-product objections—responding only with a generalized demand for a privilege log without grappling with whether any such materials are discoverable or proportional in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 1.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks highly sensitive internal formulation materials untethered from Plaintiffs' pleaded labeling-based theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that Arcadia's internal formulation documents are relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 1, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**B. Request for Production No. 2**

All versions of LABELING, packaging, and marketing materials for the PRODUCT distributed or used during the CLASS PERIOD.

**1. Arcadia's Response to Request for Production No. 2**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks 'All versions of LABELING, packaging, and marketing materials for the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request as vague and ambiguous to the extent it uses the terms 'packaging' and 'marketing materials' without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action—which Arcadia believes it should not do—discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request.

**2. Arcadia's Supplemental Response to Request for Production No. 2**

Subject to and without waiving the foregoing objections, Arcadia responds as follows: Arcadia will conduct a reasonable search for and produce labels and print advertisements of PRODUCTS sold in California during the relevant time period to the extent within its possession, custody, or control, only pursuant to entry of a mutually-agreeable protective order appropriately limiting the control, use, and disposition of such documents.

**3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 2**

RFP No. 2 seeks the core evidence in this case, the consumer-facing representations Arcadia used during the class period. Those materials are directly relevant to what message was conveyed, whether it was uniform across purchasers, and whether it is susceptible to common proof, all central to Rule 23(a)(2) commonality and Rule 23(b)(3) predominance, as well as materiality and deception on the merits. *See* Fed. R. Civ. P. 26(b)(1). The request is proportional because it targets a finite set of documents Arcadia maintains in the ordinary course, the distinct versions of labeling, packaging, and marketing materials used during the class period, and Plaintiffs have no alternative access to complete version histories, artwork files, and as-run creatives. Confidentiality concerns are addressed by the entered protective order, and any materials withheld on privilege grounds must be logged under Rule 26(b)(5)(A). *See* Fed. R. Civ. P. 26(b)(5)(A); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191–92 (C.D. Cal. 2006).

The terms "packaging" and "marketing materials" are ordinary business terms. If Arcadia believes multiple reasonable constructions exist, it must produce materials under a reasonable construction or produce the distinct versions and identify date ranges and channels, rather than refuse production.

Arcadia's "pre-certification" objection is self-defeating. The very Advisory Committee Note Arcadia cites contemplates merits discovery before certification, limited

to merits issues "relevant to making the certification decision," and this request seeks exactly that common-proof evidence. Arcadia cannot use Rule 23(c)(1)(A) to block it. *Dukes*, 564 U.S. at 351; *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649–50 (C.D. Cal. 2007).

**a. Parties Exhausted Conferral on Request for Production No. 2**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution. To the extent Arcadia served a limited supplemental response on October 31, 2025, it did not resolve the dispute and Arcadia still has not produced documents. *See* Coelho Decl. ¶¶ 10–13, Exs. 8, 10.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed a proportional, targeted "distinct versions" production to address any breadth concerns while capturing the common-issue evidence necessary for Rule 23. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Labeling and packaging. For each SKU sold during the CLASS PERIOD, all distinct versions of retail labeling and packaging, including front, back, and Drug Facts panels, together with change-control records, artwork revision histories, or equivalent materials sufficient to identify what changed and when.
2. Marketing materials. Distinct versions (final or as-run) of marketing materials used during the CLASS PERIOD, including digital advertising (display, paid social, search, video), website and product pages (with revision histories where

maintained), print and point-of-sale materials, broadcast scripts or storyboards, and influencer or affiliate creatives, each with applicable date ranges and channels of use.

3. Claims and approval materials. Claims matrices, internal marketing approval decks, and substantiation binders corresponding to the labeling, packaging, and marketing materials used during the CLASS PERIOD.

Plaintiffs further proposed that Arcadia comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and describing the scope of any withholding, and that Arcadia provide a Rule 26(b)(5)(A) privilege log for any materials withheld as privileged.

### c. Plaintiffs' Requested Court Order as to this Request

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection e above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.

5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

#### 4. Arcadia's Reasons to Deny Motion as to RFP No. 2

Plaintiffs' Motion as to RFP No. 2 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

##### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 2. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae

Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 2 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 2 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that Request for Production No. 1 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 2, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 2, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 2 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 2 fails because (1) the request seeks merits-relevant materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the request is facially overbroad in seeking "all versions" of labeling, packaging and marketing and Rule 34 does not require

Arcadia to rewrite an improper request, (3) the undefined terms "packaging" and "marketing materials" renders the request ambiguous and Plaintiffs' post-hoc classification of those terms as "ordinary business terms" does not cure that defect, (4) the request seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, (5) Arcadia has already produced the product labels it committed to produce, and (6) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, time-period and confidentiality objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* RFP No. 2 seeks merits-driven discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot now characterize expansive, merits-driven and irrelevant discovery into the entire labeling, packaging and marketing history of Arcadia's product when the claims at issue (therefore any class claims) rely on one specific product purchased over a discrete time period. As pleaded, Plaintiffs' certification theories turn on the consumer-facing labeling and alleged reliance as to one specific product, not on Arcadia's complete history of labeling, packaging and marketing. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Versions" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 2 as facially overbroad in seeking "all versions" of labeling, packaging and marketing without meaningful limitation. Plaintiffs' attempt to recast the request's expansive scope as "finite" in motion practice does not cure the defect. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to rewrite an overbroad request or guess at a narrower

construction. Even as reframed, Plaintiffs' request would sweep in an expansive universe of materials—including historical artwork files, version histories, and as-run creatives across multiple marketing channels—that bears little relationship to the permissible scope of Phase 1 discovery.

***Without Definition, "Packaging" and "Marketing Materials" are Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 2 based on ambiguity because this request uses the undefined terms "packaging" and "marketing materials" in a way that is reasonably susceptible to multiple materially different meanings. As drafted, the request could encompass a vast range of documents—including cartons and inserts, internal design files and mockups, proposed or unreleased packaging, vendor specs and print proofs, channel-specific retailer/e-commerce materials, and internal marketing strategy and creative drafts—many of which bear no relation to Plaintiffs' pleaded labeling-based theories. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3. Plaintiffs' after-the-fact attempt to define "packaging" and "marketing materials" as the "ordinary business terms" confirms the ambiguity Arcadia identified and underscores why the objection was proper. Plaintiffs' suggestion that Arcadia should supply its own definitions or produce materials under a "reasonable construction" improperly shifts the burden to the responding party; Rule 34 imposes no duty to rewrite an ambiguous request or to select among competing interpretations on the requesting party's behalf; particularly where request, by its text, expands discovery into irrelevant documents untethered from the claims and exceeds the permissible scope of Phase 1 discovery.

***Confidential and Trade-Secret Information.*** *Fourth*, Arcadia properly objected to RFP No. 2 on confidentiality and trade-secret grounds. The sweeping "all versions" of labeling, packaging, and marketing materials Plaintiffs seek necessarily includes unreleased, proposed, internal, and draft materials that constitute confidential business

information and trade secrets, and Plaintiffs have made no showing to the contrary. Plaintiffs' assertion that they lack access to such materials does not render them discoverable, particularly where the request is overbroad and exceeds the permissible scope of Phase 1 discovery. Plaintiffs' citation to A. Farber & Partners, 234 F.R.D. 186 for the proposition that documents withheld on privilege grounds require a privilege log is besides the point. Arcadia will comply with its Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Moot and Cumulative Given Arcadia's Production.*** *Fifth*, Plaintiffs' motion to compel is mooted because Arcadia has already produced the product labels it committed to produce. Compelling additional packaging already produced would therefore add nothing to the Phase 1 class-certification inquiry and would be cumulative and disproportionate under Rule 26. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Nor do *Dukes*, 564 U.S. at 351 or *Amgen Inc.*, 568 U.S. at 466, support Plaintiffs' position. *Dukes* requires that a purportedly common issue be capable of class-wide resolution and "drive the resolution of the litigation." *Id*. at 351. An expansive collection of every label, package and advertising ever conceptualized does not do so, especially where the alleged common questions concern a single label off a single product. *Amgen* in fact recognizes that "a district court has no authority to conduct a preliminary inquiry into the merits of a suit at class certification unless it is necessary to determine the

propriety of certification." 568 U.S. at 466 (cleaned up, quotations omitted). Plaintiffs therefore cannot invoke Rule 23(c)(1)(A) or the Advisory Committee Note to compel merits-heavy discovery that falls outside the agreed-upon scope of Phase 1 discovery.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 2. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead relying on speculation untethered from the pleadings or Arcadia's defenses to justify discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, and fail to address Arcadia's attorney-client privilege and work-product objections and do not grapple with Arcadia's objection that Plaintiffs' demand for "all versions" would necessarily sweep in privileged and work-product-protected draft and internal review materials—responding instead with a generalized demand for a privilege log without addressing discoverability or proportionality in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

### c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No 2.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1) because it seeks all versions of labeling, packaging, and marketing materials used during the class period, including confidential business materials, without meaningful limitation and beyond what is necessary to resolve any Phase 1 class-certification issue.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 2, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl.

¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**C. Request for Production No. 3**

All DOCUMENTS concerning the selection or approval of the name "FUNGI-NAIL" for the PRODUCT.

**1. Arcadia's Response to Request for Production No. 3**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all DOCUMENTS concerning the selection or approval of the name 'FUNGI-NAIL' for the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp.*, 2019 WL 1960270 at *3. Arcadia objects to this Request as vague and ambiguous to the extent it uses the terms "selection" and "approval" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 3**

RFP No. 3 seeks documents concerning the selection or approval of the name "FUNGI-NAIL" for the PRODUCT. These materials are directly relevant to Plaintiffs' claims because they bear on how Arcadia chose to brand the PRODUCT, the meaning Arcadia intended to convey to consumers, and whether the name itself implies efficacy on nails. That goes to deception, materiality, and consumer interpretation on the merits, and it is also relevant to Rule 23 common proof because the product name was uniform across purchasers. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth and proportionality objections do not justify nonproduction. Although Arcadia invokes *Glaukos* and characterizes the request as seeking "all documents," the proper remedy for any breadth concern is proportional narrowing, not withholding all responsive materials. Plaintiffs have proposed a targeted production limited to documents sufficient to show how and why the PRODUCT name was selected and approved, which is a finite, discrete set of records typically maintained in the ordinary course. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's vagueness objection is also unfounded. The terms "selection" and "approval" have plain, ordinary meanings in a business context and reasonably encompass the decisionmaking process by which Arcadia chose and authorized the PRODUCT name. Arcadia can readily respond by producing branding, marketing, or regulatory approval materials reflecting that process. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C).

Arcadia's confidentiality and trade secret objections do not excuse nonproduction. Any legitimate confidentiality concerns are addressed by the entered protective order, and public-facing product names and the reasons for adopting them are not privileged. To the extent Arcadia withholds any responsive documents on privilege grounds, it must identify them in a privilege log compliant with Rule 26(b)(5)(A). *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191–92 (C.D. Cal. 2006).

Finally, Arcadia's "premature in light of the upcoming mediation" objection is moot because mediation has already passed.

**a. Parties Exhausted Conferral on Request for Production No. 3**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 3 to a proportional "documents sufficient to show" production. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. The date and basis for selection of the name "FUNGI-NAIL," including any internal naming briefs, brand strategy documents, and name-selection or brand-positioning materials reflecting why that name was chosen.
2. Any approval records for the product name, including internal approval workflows, sign-offs, brand committee materials, or product launch approvals reflecting adoption of the "FUNGI-NAIL" name.
3. Any consumer research, name-testing, or market research (if any) evaluating or supporting the "FUNGI-NAIL" name and the consumer takeaway the name was intended to convey.
4. Any communications with third parties (branding agencies, consultants, retailers, or regulatory consultants) reflecting the selection, clearance, or approval of the "FUNGI-NAIL" name, excluding privileged attorney communications.

Plaintiffs further proposed that Arcadia comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and

describing the scope of any withholding, and that Arcadia provide a Rule 26(b)(5)(A) privilege log for any withheld documents.

### c. Plaintiffs' Requested Court Order as to this Request

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 3

Plaintiffs' Motion as to RFP No. 3 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is

sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request.**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 3. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 3 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 3 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 3 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs

refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 3, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 3, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 3 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 3 fails because (1) the request seeks merits-relevant materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the request is facially overbroad in seeking "all documents" concerning the selection or approval of the product name and Rule 34 does not require Arcadia to rewrite an improper request, (3) the undefined terms "selection" and "approval" renders the request ambiguous and Plaintiffs' post-hoc definition and suggested response does not cure that defect, (4) the request seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, time-period and privilege objections,

each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* Plaintiffs admit that RFP No. 3 expressly seeks discovery "on the merits" that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot seek expansive, merits-driven discovery of any document in existence that concerns the selection of a product name when such selection process has no bearing on class certification. As pleaded, Plaintiffs' certification theories turn on the consumer-facing labeling and alleged reliance as to one specific product, not on Arcadia's process of selecting a product name. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Documents" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 3 as facially overbroad in seeking "all documents" concerning the selection or approval of the product name without meaningful limitation. As Arcadia explained, *Glaukos*, 2019 WL 1960270 at *3, not only recognizes that such "all documents" requests are improper, but also that Rule 34 does not compel a responding party to rewrite an overbroad request or guess at a narrower construction. Plaintiffs' attempt to recast the request's expansive scope as "finite" in motion practice and "proposed targeted discovery" does not cure the defect. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to rewrite an overbroad request or guess at a narrower construction.

***Without Definition, "Selection" and "Approval" are Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 3 based on ambiguity because this request uses the undefined terms "selection" and "approval" in a way that is reasonably

susceptible to multiple materially different meanings. As drafted, the request necessarily encompasses internal confidential business communications—many of which bear no relation to Plaintiffs' pleaded labeling-based theories. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3. Plaintiffs' proposed "targeted production" and post-hoc definition, arising only now in motion practice confirms the ambiguity Arcadia identified and underscores why the objection was proper, particularly where Plaintiffs admit they see merits discovery exceeding the permissible scope of Phase 1.

***Confidential and Trade-Secret Information.*** *Fourth*, Arcadia properly objected to RFP No. 3 on confidentiality and trade-secret grounds. The sweeping "all documents" concerning the selection or approval of the product name Plaintiffs seek necessarily includes internal confidential business communications, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting confidentiality as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 3 seeks highly confidential business information, and any production—if warranted at all—must be subject to an appropriate protective order governing use, disclosure, and handling. Further, Plaintiffs' citation to A. Farber & Partners*,* 234 F.R.D. 186 for the proposition that documents withheld on privilege grounds require a privilege log is besides the point. Arcadia will comply with its Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶

5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 3. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead relying on speculation untethered from the pleadings or Arcadia's defenses to justify discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, and fail to address Arcadia's objection that Plaintiffs' demand for "all documents" would necessarily sweep in confidential information—responding instead with a generalized demand for a privilege log without addressing discoverability or proportionality in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

### c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No 3.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks confidential business information untethered from Plaintiffs' pleaded theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs admit RFP No. 3 seeks merits discovery, and have not shown that every document concerning the selection and approval of the product name is relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 3, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that

they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**D. Request for Production No. 4**

All DOCUMENTS RELATING TO any testing, analysis, or studies conducted or commissioned by YOU regarding the efficacy of the PRODUCT in treating nail fungus or onychomycosis.

**1. Arcadia's Response to Request for Production No. 4**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all DOCUMENTS RELATING TO testing, analysis, or studies regarding the efficacy of the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp.*, 2019 WL 1960270 at *3. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "efficacy" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as seeking premature expert discovery to the extent it calls for testing, analysis, or studies prepared by or at the

direction of any retained expert in anticipation of litigation. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 4**

RFP No. 4 seeks testing, analyses, and studies regarding whether the PRODUCT is efficacious in treating nail fungus or onychomycosis, which goes to the core truth or falsity of the challenged performance representations and Arcadia's substantiation and knowledge. These materials are relevant to Plaintiffs' claims and, to the extent applicable, Rule 23 common proof, and they are proportional because they target a discrete, central category of substantiation documents that are uniquely within Arcadia's possession, custody, or control. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth and "all documents" framing, and its reliance on *Glaukos*, do not justify withholding all responsive testing materials. At most, any breadth concern is addressed by producing the non-privileged testing files Arcadia conducted or commissioned in the ordinary course, including final reports and underlying protocols and results, rather than refusing to produce anything. *See Glaukos Corp. v. Ivantis, Inc.*, No. 8:18-cv-01970-JVS-KES, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019). Arcadia's vagueness objection is not a basis for nonproduction because "efficacy" in this context has an ordinary meaning tied to the PRODUCT's ability to treat nail fungus as marketed, and Arcadia must respond under a reasonable construction and state whether materials are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

To the extent Arcadia invokes privilege, work product, or "premature expert discovery," those protections do not permit Arcadia to withhold non-privileged substantiation studies and business testing documents. Arcadia must produce non-privileged responsive documents, and if it withholds any documents, it must provide a privilege log that complies with Rule 26(b)(5)(A). *See* Fed. R. Civ. P. 26(b)(5)(A); *A.*

*Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006). Confidentiality or trade secret concerns are addressed by the protective order that has already been entered, and do not excuse nonproduction. Arcadia's mediation-related objection is moot, and Arcadia may not condition document production on deposition timing.

**a. Parties Exhausted Conferral on Request for Production No. 4**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 4 to a proportional "documents sufficient to show" production. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. All final testing reports, study reports, analyses, or evaluations (internal or external) conducted or commissioned by Arcadia during the CLASS PERIOD that assess the PRODUCT's efficacy in treating nail fungus or onychomycosis.
2. For each study or test identified in item 1, the study protocol or test methodology, including endpoints and criteria used to assess efficacy.
3. Summaries or presentations reflecting the results, conclusions, or interpretation of the efficacy testing or studies, including any internal slide decks or executive summaries circulated within Arcadia.
4. To the extent Arcadia commissioned third parties, the third-party deliverables reflecting efficacy testing, including final reports and result summaries, excluding privileged attorney communications.

Plaintiffs further proposed that Arcadia comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and describing the scope of any withholding, and that Arcadia provide a Rule 26(b)(5)(A) privilege log for any withheld documents.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 4

Plaintiffs' Motion as to RFP No. 4 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 4. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (C.D. Cal. Mar. 19, 2025) (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 4 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 4 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion

even after Arcadia expressly advised them that RFP No. 4 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 4, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 4, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 4 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 4 fails because (1) the request seeks merits-relevant materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the request is facially overbroad in seeking "all documents" relating to efficacy testing, analyses or studies and Rule 34 does not require Arcadia to rewrite an improper request, (3) the undefined term "efficacy" renders the request ambiguous and Plaintiffs' post-hoc definition does not cure that defect, (4) the request seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, and (5) Plaintiffs do not meaningfully

address Arcadia's additional objections, including geographic scope, time-period, privilege, and premature expert discovery objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* Plaintiffs admit that RFP No. 4 "goes to the core truth or falsity of the challenged performance representations"—merits issues which exceed the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot seek expansive, merits-driven discovery of efficacy testing, analyses, and studies when such processes have no bearing on class certification. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance as to a single product, not on the product's efficacy in treating conditions the label expressly disclaims. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Documents" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 3 as facially overbroad in seeking "all documents" concerning the selection or approval of the product name without meaningful limitation. As Arcadia explained, *Glaukos*, 2019 WL 1960270 at *3, not only recognizes that such "all documents" requests are improper, but also that Rule 34 does not compel a responding party to rewrite an overbroad request or guess at a narrower construction. Plaintiffs' suggestion that Arcadia produce "non-privileged testing files" improperly presupposes the existence of such materials, notwithstanding that any product testing conducted in connection with this litigation would necessarily be privileged. Plaintiffs' post-hoc attempt to suggest how Arcadia should have narrowed the scope of the request fails to cure these defects. Rule 34 requires the requesting party to describe documents with reasonable particularity and

does not obligate a responding party to rewrite an overbroad request or guess at a narrower construction.

***Without Definition, "Efficacy" is Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 4 based on ambiguity because this request uses the undefined term "efficacy" in a way that is reasonably susceptible to multiple materially different meanings. Plaintiffs' suggestion that Arcadia should have narrowed the term to an "ordinary meaning" does not cure this defect. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3.

***Confidential and Trade-Secret Information.*** *Fourth*, Arcadia properly objected to RFP No. 4 on confidentiality and trade-secret grounds. The sweeping "all documents" relating to efficacy testing, analysis, or studies Plaintiffs seek necessarily includes privileged, confidential, proprietary, trade secret, or competitively sensitive information, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting privilege/confidentiality as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 4 seeks privileged and highly confidential business information, and any production—if warranted at all—must be subject to an appropriate protective order governing use, disclosure, and handling. Further, Plaintiffs' citation to A. Farber & Partners*,* 234 F.R.D. 186 for the proposition that documents withheld on privilege grounds require a privilege log is besides the point. Arcadia will comply with its Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective

order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 4. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead relying on speculation untethered from the pleadings or Arcadia's defenses to justify discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, and fail to address Arcadia's objection that Plaintiffs' demand for "all documents" would necessarily sweep in privileged/confidential information—responding instead with a generalized demand for a privilege log without addressing discoverability or proportionality in the first instance. Plaintiffs also ignore Arcadia's objection that the request seeks premature expert discovery, merely appending the term to their deficient confidentiality and privilege arguments without explaining why such expert discovery is appropriate at this stage. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No 4.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks confidential business information untethered from Plaintiffs' pleaded theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs admit RFP No. 4 seeks merits discovery, and have not shown that every document relating in any way to efficacy testing, analysis, or studies is relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 4, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**E. Request for Production No. 5**

All internal COMMUNICATIONS discussing or analyzing the efficacy or ineffectiveness of the PRODUCT in treating nail fungus.

**1. Arcadia's Response to Request for Production No. 5**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all internal COMMUNICATIONS discussing or analyzing the efficacy or ineffectiveness of the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "efficacy" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint.

Arcadia objects to this Request as seeking premature expert discovery. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 5**

RFP No. 5 seeks Arcadia's internal communications or analyses discussing the PRODUCT's efficacy or lack of efficacy in treating nail fungus or onychomycosis. These documents are relevant to the merits, including substantiation, knowledge, and the basis for Arcadia's marketing and labeling claims, and they are proportional because they are limited to a core subject matter and are within Arcadia's control. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth, geographic-scope, and "all documents" objections do not justify withholding all internal efficacy communications. If Arcadia contends there are multiple versions or geographically distinct performance considerations, that contention makes the internal analyses and communications more, not less, discoverable. Any legitimate breadth concern can be addressed through a reasonable, proportional production focused on non-privileged business communications and analyses regarding efficacy, rather than a blanket refusal. *See Glaukos*, 2019 WL 1960270, at *3. Arcadia's vagueness objection is unfounded because "efficacy" has an ordinary meaning in this consumer-product context, and Arcadia must respond under a reasonable construction and state whether it is withholding responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

To the extent Arcadia asserts privilege, work product, or "premature expert discovery," Arcadia must still produce non-privileged internal analyses and communications and log any withheld privileged materials. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92. Confidentiality or trade secret concerns are addressed by the entered protective order, and the mediation-based objection is moot.

Arcadia also may not withhold responsive documents on the asserted ground that it wants deposition testimony first.

**a. Parties Exhausted Conferral on Request for Production No. 5**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 5 to a proportional "documents sufficient to show" production focused on internal, non-privileged communications and analyses regarding the PRODUCT's efficacy or ineffectiveness in treating nail fungus. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Internal communications (emails, Teams/Slack messages, memoranda, and internal reports) during the CLASS PERIOD that discuss or analyze the PRODUCT's efficacy or ineffectiveness in treating nail fungus or onychomycosis.
2. Internal presentations, summaries, or analyses circulated within Arcadia addressing efficacy or performance concerns for the PRODUCT, including any executive summaries or slide decks.
3. Non-privileged communications reflecting any internal decisions or discussions to modify efficacy-related claims, warnings, or disclaimers based on efficacy concerns.

Plaintiffs further proposed that Arcadia comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and

describing the scope of any withholding, and that Arcadia provide a Rule 26(b)(5)(A) privilege log for any withheld documents.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFP No. 5**

Plaintiffs' Motion as to RFP No. 5 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is

sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 5. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 5 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 5 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 5 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs

refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 5, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 5, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 5 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 5 fails because (1) the request seeks merits-relevant materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the request is facially overbroad in seeking "all internal communications" "discussing or analyzing" efficacy and Rule 34 does not require Arcadia to rewrite an improper request, (3) the undefined term "efficacy" renders the request ambiguous and Plaintiffs' post-hoc definition does not cure that defect, (4) the request seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, time-period, privilege and premature expert discovery objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* Plaintiffs admit that documents sought by RFP No. 5 "are relevant to the merits" exceeding the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot seek expansive, merits-driven discovery of efficacy communications or analyses when such communications and processes have no bearing on class certification. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance as to a single product, not on the product's efficacy in treating conditions the label expressly disclaims. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Internal Communications" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 5 as facially overbroad in seeking "all internal communications" discussing or analyzing product efficacy without meaningful limitation. As Arcadia explained, *Glaukos*, 2019 WL 1960270 at *3, not only recognizes that such "all documents" requests are improper, but also that Rule 34 does not compel a responding party to rewrite an overbroad request or guess at a narrower construction. Plaintiffs' suggestion that the overbroad geographic scope of this request makes privileged internal communications "more, not less, discoverable" is conclusory, and defies common sense. Plaintiffs' post-hoc attempt to suggest how Arcadia should have narrowed the scope of the request fails to cure these defects. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to rewrite an overbroad request or guess at a narrower construction.

***Without Definition, "Efficacy" is Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 5 based on ambiguity because this request uses the undefined term "efficacy" in a way that is reasonably susceptible to multiple materially different

meanings. Plaintiffs' suggestion that Arcadia should have narrowed the term to an "ordinary meaning" does not cure this defect. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3.

***Confidential and Trade-Secret Information.*** *Fourth*, Arcadia properly objected to RFP No. 5 on confidentiality and trade-secret grounds. The sweeping "all internal communications" relating discussing or analyzing the efficacy Plaintiffs seek necessarily includes privileged, confidential, proprietary, trade secret, or competitively sensitive information, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting privilege/confidentiality as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 5 seeks privileged and highly confidential business information, and any production—if warranted at all—must be subject to an appropriate protective order governing use, disclosure, and handling. Further, Plaintiffs' citation to A. Farber & Partners, 234 F.R.D. 186 for the proposition that documents withheld on privilege grounds require a privilege log is besides the point. Arcadia will comply with its Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 5. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead relying on speculation untethered from the pleadings or Arcadia's defenses to justify discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, and fail to address Arcadia's objection that Plaintiffs' demand for "all internal communications" would necessarily sweep in privileged/confidential information—responding instead with a generalized demand for a privilege log without addressing discoverability or proportionality in the first instance. Plaintiffs also ignore Arcadia's objection that the request seeks premature expert discovery, merely appending the term to their deficient confidentiality and privilege arguments without explaining why such expert discovery is appropriate at this stage. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No 5.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks confidential business information untethered from Plaintiffs' pleaded theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs admit RFP No. 5 seeks merits discovery, and have not shown that every document relating in any way to efficacy testing, analysis, or studies is relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 5, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl.

¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**F. Request for Production No. 6**

All DOCUMENTS provided to any RETAILER, distributor, or third-party seller concerning the LABELING, advertising, or marketing of the PRODUCT.

**1. Arcadia's Response to Request for Production No. 6**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all DOCUMENTS provided to any RETAILER, distributor, or third-party seller concerning the LABELING, advertising, or marketing of the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp.*, 2019 WL 1960270 at *3. Arcadia objects to this Request as vague and ambiguous to the extent it uses the terms "advertising" and "marketing" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff.

**2. Arcadia's Supplemental Response to Request for Production No. 6**

Subject to and without waiving the foregoing objections, Arcadia responds as follows: Arcadia will conduct a reasonable search for and produce labels and print advertisements of PRODUCTS provided to the retail businesses where Plaintiff alleges to have purchased the PRODUCTS at issue in this action during the relevant time period, only pursuant to entry of a mutually-agreeable protective order.

**3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 6**

RFP No. 6 seeks documents and communications provided to retailers, distributors, or third-party sellers concerning the PRODUCT's labeling, packaging, advertising, or marketing materials. These materials are directly relevant to what representations were disseminated to consumers, through what channels, and during what periods, and they are proportional because they target a discrete category of communications about consumer-facing claims, which are uniquely within Arcadia's possession, custody, or control. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth and "all documents" objections do not justify nonproduction. The request is already cabined by subject matter and by time period, and any additional tailoring can be addressed through a proportional production focused on the non-privileged documents and communications actually provided to downstream sellers about labeling and marketing. *See Glaukos*, 2019 WL 1960270, at *3. Arcadia's vagueness objections to ordinary terms such as "labeling," "packaging," "advertising," or "marketing materials," and its geographic-scope objection, do not justify withholding. If Arcadia provided different materials by geography, that fact is itself relevant and must be disclosed through production. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

To the extent Arcadia invokes privilege or work product, it must produce non-privileged responsive communications and provide a compliant privilege log for any withholdings. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92.

Confidentiality and trade secret concerns are addressed by the entered protective order. Any prior attempt to condition production on entry of a protective order is no longer a basis to withhold. Arcadia's "premature in light of the upcoming mediation" objection is moot because mediation has already passed.

**a. Parties Exhausted Conferral on Request for Production No. 6**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution. To the extent Arcadia served a limited supplemental response on October 31, 2025, it did not resolve the dispute and Arcadia still has not produced documents. *See* Coelho Decl. ¶¶ 10–13, Exs. 8, 10.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 6 to a proportional "documents sufficient to show" production of the consumer-facing materials and claims Arcadia provided to downstream sellers. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. For each SKU sold during the CLASS PERIOD, the retail-facing labeling and packaging materials provided to any RETAILER, distributor, or third-party seller, including product sell sheets, product one-pagers, product specifications, and artwork files (or final PDFs) reflecting the labeling and key claims.
2. Marketing and advertising materials provided to retailers or third-party sellers for use in promoting the PRODUCT during the CLASS PERIOD, including retailer media kits, "as-run" or final digital creatives supplied for retailer sites, planograms or shelf-talkers, point-of-sale materials, and any standardized product descriptions or copy supplied for retailer product pages.

3. Any change-control records, revision histories, or version identifiers sufficient to show what changed in the materials provided and when (for example, version logs or approval histories tied to the materials produced).

Plaintiffs further proposed that Arcadia comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and describing the scope of any withholding, and that Arcadia provide a Rule 26(b)(5)(A) privilege log for any withheld documents.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection e above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request

the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**4. Arcadia's Reasons to Deny Motion as to RFP No. 6**

Plaintiffs' Motion as to RFP No. 6 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 6. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 6 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP

No. 6 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 6 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 6, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 6, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 6 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 6 fails because (1) the request seeks merits-relevant materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the request is facially overbroad in seeking "all internal communications" "discussing or analyzing" efficacy and Rule 34 does not require Arcadia to rewrite an improper request, (3) the undefined term "efficacy" renders the request ambiguous and Plaintiffs' post-hoc definition does not cure that defect,

(4) the request seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, time-period, privilege and premature expert discovery objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* RFP No. 6 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot seek expansive, merits-driven discovery into Arcadia's communications with retailers, distributors, or third-party sellers concerning labeling, packaging, advertising, or marketing materials, where such communications do not bear on whether Rule 23's requirements can be satisfied. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance as to a single product, not on downstream communications, dissemination practices, or efficacy-related messaging, particularly where the label expressly disclaims treatment of the conditions Plaintiffs now invoke. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Documents" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 6 as facially overbroad in seeking "all documents" discussing or analyzing product efficacy without meaningful limitation. As Arcadia explained, *Glaukos*, 2019 WL 1960270 at *3, not only recognizes that such "all documents" requests are improper, but also that Rule 34 does not compel a responding party to rewrite an overbroad request or guess at a narrower construction. Plaintiffs' post-hoc attempt to suggest how Arcadia should have narrowed the scope of the request fails to cure these defects. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not

obligate a responding party to rewrite an overbroad request or guess at a narrower construction.

***Without Definition, "Advertising" and "Marketing" are Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 6 based on ambiguity because this request uses the undefined term "advertising" and "marketing" in a way that is reasonably susceptible to multiple materially different meanings. Plaintiffs' suggestion that Arcadia should have narrowed the term to an "ordinary meaning" does not cure this defect. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3.

***Confidential and Trade-Secret Information.*** *Fourth*, Arcadia properly objected to RFP No. 6 on privilege, confidentiality and trade-secret grounds. The sweeping "all documents" concerning labeling, advertising or marketing Plaintiffs seek necessarily includes privileged, confidential, proprietary, trade secret, or competitively sensitive information, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting privilege/confidentiality as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 6 seeks privileged and highly confidential business information, and any production—if warranted at all—must be subject to an appropriate protective order governing use, disclosure, and handling. Further, Plaintiffs' citation to A. Farber & Partners*,* 234 F.R.D. 186 for the proposition that documents withheld on privilege grounds require a privilege log is besides the point. Arcadia will comply with its Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective

order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 5. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead making the unsupported conclusions that "[i]f Arcadia provided different materials by geography, that fact is itself relevant" despite Plaintiffs' claims arising from purchases made in California only. Plaintiffs likewise fail to address Arcadia's objection that Plaintiffs' demand for "all documents" would necessarily sweep in privileged/confidential information—responding instead with a generalized demand for a privilege log without addressing discoverability or proportionality in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No 6.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks confidential business information untethered from Plaintiffs' pleaded theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs admit RFP No. 6 seeks merits discovery, and have not shown that every document beyond the product labeling at issue here relating to labeling, advertising or marketing is relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 6, despite

Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**G. Request for Production No. 7**

All complaints, inquiries, or COMMUNICATIONS received from consumers concerning the effectiveness or ineffectiveness of the PRODUCT in treating nail fungus.

**1. Arcadia's Response to Request for Production No. 7**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information, or personal identifying information of consumers protected by privacy rights or applicable law. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "effectiveness" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it presumes any Arcadia product was ineffective and to the extent this Request asserts as such, Arcadia denies the Request. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 7**

RFP No. 7 seeks documents and communications relating to consumer complaints, inquiries, or feedback regarding the PRODUCT's effectiveness. These materials are

relevant to whether consumers experienced the PRODUCT as ineffective, how Arcadia was put on notice of performance issues, and how Arcadia evaluated or responded to those issues. They are proportional because Arcadia can produce complaint logs, databases, or representative complaint sets without undue burden, and Arcadia controls the relevant sources. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's confidentiality and privacy objections do not justify nonproduction. Consumer personal identifying information can be redacted, and the substance can be produced under the entered protective order. Arcadia's vagueness objection to "effectiveness" is not a basis to refuse production, and Arcadia must respond under a reasonable construction tied to the PRODUCT's marketed purpose and state whether it is withholding responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). Arcadia's objection that the request "presumes" ineffectiveness is misplaced because an RFP seeks documents regardless of Arcadia's view of the merits, and does not require Arcadia to concede any premise to produce responsive complaints and feedback.

Arcadia's mediation-based objection is moot. Arcadia also cannot refuse production based on deposition sequencing, Rule 34 requires production of responsive documents in Arcadia's possession, custody, or control irrespective of deposition timing.

**a. Parties Exhausted Conferral on Request for Production No. 7**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 7 to a proportional "documents sufficient to show" production of consumer complaint materials

concerning the PRODUCT's effectiveness or ineffectiveness in treating nail fungus. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Any complaint logs, databases, spreadsheets, or tracking systems (in native format if a spreadsheet) that record consumer complaints or inquiries about the PRODUCT's effectiveness or ineffectiveness during the CLASS PERIOD, including date, channel (phone, email, website, retailer), SKU/form, and complaint category if tracked.
2. Representative samples of consumer communications concerning ineffectiveness or lack of efficacy, with personal identifying information of consumers redacted as necessary.
3. Any internal summaries, trend reports, or analyses reflecting patterns in consumer complaints regarding effectiveness or ineffectiveness of the PRODUCT during the CLASS PERIOD.

Plaintiffs further proposed production under the entered protective order, compliance with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and describing the scope of any withholding, and redaction of sensitive personal information where appropriate.

### c. Plaintiffs' Requested Court Order as to this Request

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).

3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 7

Plaintiffs' Motion as to RFP No. 7 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 7. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any

motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 7 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 7 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 7 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 7, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 7, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*,

2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 7 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 7 fails because (1) the request seeks merits-relevant materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the undefined term "effectiveness" renders the request ambiguous and Plaintiffs' post-hoc definition does not cure that defect, (3) the request seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, and (4) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, time-period, privilege and premature expert discovery objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* RFP No. 7 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot seek expansive, merits-driven discovery as to all complaints, inquiries or communications from customers regarding effectiveness of the product, where such communications do not bear on whether Rule 23's requirements can be satisfied. Plaintiffs admit that such information goes to the product's performance, notice, and Arcadia's response to such communications, all of which go to the merits of Plaintiffs' claims rather the whether a class may be certified. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance as to a single product, not on post-purchase customer complaints, inquiries, or Arcadia's internal handling of such communications, particularly where the product labeling expressly disclaims treatment of the conditions Plaintiffs invoke. Compelling production of such materials at this stage would contravene the

Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Without Definition, "Effectiveness" is Impermissibly Vague.*** *Second*, Arcadia properly objected to RFP No. 7 based on ambiguity because this request uses the undefined term "effectiveness" in a way that is reasonably susceptible to multiple materially different meanings. Plaintiffs' suggestion that Arcadia should have narrowed the term to an "reasonable construction" does not cure this defect. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3.

***Confidential and Trade-Secret Information.*** *Third*, Arcadia properly objected to RFP No. 7 on privilege, confidentiality and trade-secret grounds. The sweeping "all documents" concerning labeling, advertising or marketing Plaintiffs seek necessarily includes confidential, proprietary, trade secret, or competitively sensitive information, or personal identifying information, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting confidentiality/privacy concerns as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 7 seeks highly confidential business information and implicated privacy concerns regarding customer data, and any production—if warranted at all—must be subject to an appropriate protective order governing use, disclosure, and handling.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not meaningfully respond to Arcadia's objections that requests must be limited to a relevant time period and scope of the allegations in the Second Amended Complaint. Each of which independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No 7.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks confidential business information untethered from Plaintiffs' pleaded theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs admit RFP No. 7 seeks merits discovery, and have not shown that customer communications as to the products effectiveness is relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 7, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**H. Request for Production No. 8**

All DOCUMENTS and COMMUNICATIONS with the FDA regarding the LABELING, formulation, approval status, or marketing of the PRODUCT.

**1. Arcadia's Response to Request for Production No. 8**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all DOCUMENTS and COMMUNICATIONS with the FDA regarding the LABELING, formulation, approval status, or marketing of the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp.*, 2019 WL 1960270 at *3. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "approval status" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 8**

RFP No. 8 seeks Arcadia's communications with the FDA regarding the PRODUCT's labeling, formulation, approval status, or marketing. These materials are relevant to what Arcadia represented about the PRODUCT, what Arcadia knew about compliance and performance claims, and what Arcadia communicated to regulators about the PRODUCT. They are proportional because the request is limited to a specific regulator and specific topics, and those communications are uniquely in Arcadia's possession, custody, or control. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth, geographic-scope, and "all documents" objections do not justify a refusal to produce FDA communications and submissions on the identified topics. If Arcadia contends there are geography-specific variants or regulatory communications that impact labeling and marketing, that supports, rather than defeats, production. *See Glaukos*, 2019 WL 1960270, at *3. Arcadia's vagueness objection is not a basis to withhold because the terms used in the request are standard regulatory and product-marketing concepts, and Arcadia must respond under a reasonable construction and state whether any responsive materials are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

To the extent Arcadia asserts privilege or work product, it must still produce non-privileged communications with the FDA and log any withheld privileged material. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92. Confidentiality and trade secret concerns are addressed by the entered protective order. The mediation-based objection is moot, and Arcadia may not condition production on deposition timing.

**a. Parties Exhausted Conferral on Request for Production No. 8**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed a narrowed production sufficient to show:

1. Communications with regulatory authorities concerning PRODUCT formulation, labeling, or performance during the CLASS PERIOD.
2. Regulatory submissions or responses addressing PRODUCT claims or compliance.

3. Any notices, warnings, or guidance received from regulators regarding the PRODUCT.

Plaintiffs further proposed production under the protective order, compliance with Rule 34(b)(2)(C), and a privilege log for any withheld materials.

### c. Plaintiffs' Requested Court Order as to this Request

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 8

Plaintiffs' Motion as to RFP No. 8 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 8. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 8 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 8 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion

even after Arcadia expressly advised them that RFP No. 8 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 8, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 8, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 8 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 8 fails because (1) the request seeks merits-driven internal formulation materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) RFP No. 8 is facially overbroad in seeking "all documents and communications" and Rule 34 does not require Arcadia to rewrite an improper request, (3) the undefined term "approval status" renders the request ambiguous and Plaintiffs' post-hoc definition does not cure that defect, (4) RFP No. 8 seeks confidential trade-secret information which could not be disclosed due to Plaintiffs' delay in filing the protective order, and (5) Plaintiffs do not meaningfully

address Arcadia's additional objections, including geographic scope, time-period and privilege objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* RFP No. 8 seeks merits-driven discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues,* (Declaration of Peter K. Bae (Joint Rule 26(f) Status Report (ECF No. 39) at 6) and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot expansive discovery into Arcadia's communications with the FDA regarding labeling, formulation, approval status, or marketing. Plaintiffs' demand for FDA communications is directed to merits issues—such as regulatory compliance, knowledge, and performance—not to whether Rule 23's requirements can be satisfied. As pleaded, Plaintiffs' certification theories turn on consumer-facing labeling and alleged reliance, not on Arcadia's regulatory communications with government agencies or its internal regulatory compliance efforts. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Documents and Communications" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 8 as facially overbroad in seeking "all documents and communications" with the FDA concerning labeling, formulation, approval status, or marketing, without meaningful limitation as to subject matter, timeframe, or relevance. As Arcadia explained, *Glaukos*, 2019 WL 1960270, at *3, recognizes that such "all documents" requests are improper and that Rule 34 does not compel a responding party to rewrite an overbroad request or guess at a narrower construction. Further, Plaintiffs' suggestion that the overbroad geographic scope of this request makes privileged internal communications "more, not less, discoverable" is conclusory, and defies common sense. In any event, Plaintiffs' attempt to justify wholesale production of FDA communications

does not cure the fundamental relevance and proportionality defects discussed above. Absent allegations that Arcadia's FDA communications were conveyed to consumers, contradicted the product label, or rendered Arcadia's consumer-facing representations false or misleading, regulatory communications with the FDA remain outside the permissible scope of Phase 1 discovery under Rule 26(b)(1).

***Without Definition, "Formulation" is Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 8 based on ambiguity because this request uses the undefined term "formulation" in a way that is reasonably susceptible to multiple materially different meanings. As drafted, the request could encompass a vast range of documents—ranging from elemental breakdowns of each chemical compound used, to high-level ingredient lists, to proprietary R&D materials, supplier specifications, batch records, quality-control documentation, and internal scientific analyses—many of which bear no relation to Plaintiffs' pleaded labeling-based theories. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. *See* Fed. R. Civ. P. 34(b)(1)(A); *Glaukos,* 2019 WL 1960270 at *3. Plaintiffs' after-the-fact attempt to define "formulation" as the "qualitative and quantitative composition" of the product—and to sweep in "any changes over time"—confirms the ambiguity Arcadia identified and underscores why the objection was proper. Plaintiffs cite Rule 34(b)(2)(B)–(C) as though it imposes a duty to rewrite an ambiguous request, but the rule does no such thing—it governs how objections are stated, not whether an imprecise request must be cured by the responding party, particularly where the proposed construction would expand discovery into proprietary internal materials untethered from the claims or the permissible scope of Phase 1 discovery.

***Confidential and Trade-Secret Information.*** *Fourth*, Arcadia properly objected to RFP No. 8 on privilege, work-product, confidentiality and trade-secret grounds. Arcadia's proprietary product formulations constitute privileged trade-secret and competitively

sensitive information, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting privilege and confidentiality as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 8 seeks highly proprietary formulation information, and any production—if warranted at all—must be subject to an appropriate protective order governing use, disclosure, and handling. Further, Plaintiffs' citation to A. Farber & Partners*,* 234 F.R.D. 186 for the proposition that documents withheld on privilege grounds require a privilege log is besides the point. Arcadia will comply with its Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 8. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead relying on speculation untethered from the pleadings or Arcadia's defenses to justify discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, and fail to address Arcadia's confidentiality, attorney-client privilege and work-product objections—responding only with a generalized demand for a privilege log without grappling with whether any such

materials are discoverable or proportional in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 8.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks highly sensitive communications untethered from Plaintiffs' pleaded labeling-based theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that communications with the FDA are relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 8, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any further response, supplementation, or production is warranted, it should require Plaintiffs to serve a narrowed request tailored to Phase 1 class-certification issues and California scope.

**I. Request for Production No. 9**

All internal COMMUNICATIONS or memoranda regarding the disclaimer "This product is not effective on the scalp or nails," including decisions to include, modify, or remove that language from the PRODUCT"s LABELING.

**1. Arcadia's Response to Request for Production No. 9**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks documents containing

confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all internal COMMUNICATIONS or memoranda regarding the disclaimer" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff.

**2. Arcadia's Supplemental Response to Request for Production No. 9**

Subject to and without waiving the foregoing objections, Arcadia responds as follows: Arcadia will conduct a reasonable search for and produce label proofs of the PRODUCTS sold in California during the relevant time period, only pursuant to entry of a mutually-agreeable protective order.

**3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 9**

RFP No. 9 seeks internal communications or memoranda regarding the disclaimer stating the PRODUCT is not effective on the scalp or nails, including the decisions to include or remove that disclaimer and the rationale for those decisions. These materials are directly relevant to Arcadia's knowledge, intent, and the basis for product-performance representations and disclaimers, and they are proportional because they concern a narrow, central issue and are within Arcadia's exclusive control. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth, geographic-scope, and time-period objections do not justify withholding internal disclaimer decision making records. If Arcadia contends disclaimer usage varied by geography or time, the internal records reflecting those variations are precisely the type of discoverable common proof needed to evaluate uniformity of

representations. Arcadia's confidentiality and trade secret objections are addressed by the entered protective order and do not excuse nonproduction. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

Arcadia's mediation-based objection is moot, and any prior conditioning of production on entry of a protective order is no longer a basis to withhold because a protective order has been entered. Arcadia also cannot delay production based on deposition timing.

**a. Parties Exhausted Conferral on Request for Production No. 9**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution. To the extent Arcadia served a limited supplemental response on October 31, 2025, it did not resolve the dispute and Arcadia still has not produced documents. *See* Coelho Decl. ¶¶ 10–13, Exs. 8, 10.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 9 to a proportional "documents sufficient to show" production focused on the disclaimer at issue. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Internal communications or memoranda discussing the disclaimer "This product is not effective on the scalp or nails," including discussions of whether to include, modify, remove, or relocate that language on the PRODUCT's labeling.
2. Records reflecting the decisionmaking process regarding that disclaimer, including internal approvals, sign-offs, or review materials identifying when and why the disclaimer was adopted, changed, or removed.

3. Any version histories, change-control records, or artwork revision logs sufficient to identify when the disclaimer appeared on the PRODUCT's labeling, when it was modified, and when it was removed, if applicable.

Plaintiffs further proposed production under the entered protective order and compliance with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and describing the scope of any withholding.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

6. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
1. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection e above).
2. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
3. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
4. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 4. Arcadia's Reasons to Deny Motion as to RFP No. 9

Plaintiffs' Motion as to RFP No. 9 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 9. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 9 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 9 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion

even after Arcadia expressly advised them that RFP No. 9 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 9, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 9, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 9 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 9 fails because (1) the request seeks merits-driven internal communications concerning Arcadia's knowledge, intent, and internal decision-making outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) the request is facially overbroad in seeking "all internal communications or memoranda" regarding the disclaimer without meaningful limitation as to subject matter, geography, or relevance, and Rule 34 does not require Arcadia to rewrite an improper request, (3) Plaintiffs' assertion that such materials constitute common proof rests on speculation untethered from the pleadings, where

Plaintiffs' certification theories turn on consumer-facing labeling and alleged reliance rather than internal deliberations, (4) the request seeks confidential and proprietary internal materials concerning labeling strategy and disclaimer decisions, and Plaintiffs' reliance on the existence of a protective order does not establish discoverability or proportionality, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope and time-period objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** First, RFP No. 9 seeks merits-driven discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues* (Declaration of Peter K. Bae (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such discovery. Against that backdrop, Plaintiffs cannot seek expansive discovery into Arcadia's internal communications and memoranda concerning the rationale for including, modifying, or removing disclaimer language—materials Plaintiffs themselves contend go to Arcadia's knowledge, intent, and the basis for performance representations. Those topics are quintessential merits issues, not issues directed to whether Rule 23's requirements can be satisfied in Phase 1. As pleaded, Plaintiffs' certification theories focus on the consumer-facing label and alleged reliance, not Arcadia's internal deliberations about disclaimer language. Compelling production of "all internal communications" on this topic at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Documents and Communications" Is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 9 as facially overbroad in seeking "all internal communications or memoranda" regarding the disclaimer language without meaningful limitation as to subject matter, timeframe, geography, or relevance. As Arcadia explained, *Glaukos*, 2019 WL 1960270, at *3, recognizes that such "all documents" requests are improper and that Rule 34 does not compel a responding party to rewrite an overbroad

request or guess at a narrower construction. Plaintiffs' assertion that expansive internal disclaimer decision-making records are categorically discoverable because they relate to labeling does not cure these defects. In any event, Plaintiffs' attempt to justify wholesale production of Arcadia's internal communications does not remedy the fundamental relevance and proportionality problems discussed above. Absent allegations that Arcadia's internal deliberations about disclaimer language were conveyed to consumers, contradicted the product label, or rendered Arcadia's consumer-facing representations false or misleading, such internal communications fall outside the permissible scope of Phase 1 discovery under Rule 26(b)(1).

***Internal Deliberations Are Not Common Proof.*** *Third*, Plaintiffs' assertion that Arcadia's internal communications regarding disclaimer language constitute "common proof" rests on speculation untethered from the pleadings. As pleaded, Plaintiffs' certification theories turn on what representations were conveyed to consumers through the product's labeling and whether consumers allegedly relied on those representations at the point of purchase—not on Arcadia's internal deliberations, reasoning, or decision-making processes. Plaintiffs do not allege that any internal communications were disclosed to consumers, incorporated into the label, or otherwise formed part of the consumer-facing message on which they claim reliance. Absent such allegations, internal deliberations about disclaimer language do not advance any Rule 23 inquiry and are not common proof susceptible to classwide resolution.

***Confidential and Trade-Secret Information.*** *Fourth*, Arcadia properly objected to RFP No. 9 on privilege, work-product, confidentiality and trade-secret grounds. Arcadia's confidential business communications regarding disclaimers constitute privileged trade-secret and competitively sensitive information, and Plaintiffs have made no showing to the contrary. Plaintiffs mischaracterize Arcadia's position as asserting privilege and confidentiality as a categorical bar to discovery. Arcadia did not do so. Rather, Arcadia objected because RFP No. 9 seeks highly confidential information, and any production—if warranted at all—must be subject to an appropriate protective order governing use,

disclosure, and handling. Arcadia will comply with its Rule 26(b)(5) obligations as applicable; and as to materials that are relevant and proportional under Rule 26(b)(1) and within the agreed Phase 1 scope. Plaintiffs' generalized demand for a privilege log does not justify compelling production of materials that are not discoverable in the first place.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs' motion also fails because it does not address several of Arcadia's additional objections to RFP No. 9. Plaintiffs fail to meaningfully respond to Arcadia's geographic-scope objection, instead asserting—without support—that internal disclaimer decision-making records would be discoverable *if* disclaimer usage varied by geography or time. But Arcadia has made no such contention, and Plaintiffs may not manufacture relevance by hypothesizing variation not alleged in the pleadings or placed at issue by Arcadia's defenses. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, and fail to address Arcadia's confidentiality, attorney-client privilege, and work-product objections—responding only with a generalized demand for a privilege log without grappling with whether such internal deliberative materials are discoverable or proportional in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 9.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe.

Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks highly sensitive internal communications untethered from Plaintiffs' pleaded labeling-based theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that Arcadia's internal communications regarding a disclaimer that exceeds the scope of products at issue here are relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 9, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**J. Request for Production No. 10**

DOCUMENTS sufficient to show the geographic distribution and sales volume of the PRODUCT in the State of California from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 10**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information, or information that would disclose the identities of specific retailers, distributors, or customers and is protected by privacy rights or applicable law. Arcadia

objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to show the geographic distribution and sales volume of the PRODUCT without limitation as to relevance to the claims or defenses in this action. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 10**

RFP No. 10 seeks documents sufficient to show the geographic distribution and sales volume of the PRODUCT in California from December 6, 2020 to the present. This is directly relevant to exposure, scope, and class certification issues such as numerosity and damages feasibility, and it is proportional because it seeks only summary-level information, limited to California and a defined period. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's confidentiality and privacy objections do not justify nonproduction. The identities of retailers, distributors, and customers at the entity level are not consumer PII, and any truly sensitive personal information can be redacted. Production can be made under the entered protective order, including appropriate confidentiality designations. Arcadia's overbreadth and proportionality objections are misplaced because the request is already framed as "documents sufficient to show," not an "all documents" demand. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

To the extent Arcadia asserts privilege, it must still produce non-privileged responsive documents and provide a compliant privilege log for any withholdings. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92. Arcadia's mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 10**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that "documents sufficient to show" may be satisfied by producing any one or more of the following:

1. A California-only spreadsheet or standard business report by month and SKU from December 2020 to present showing units sold or shipments, net sales, returns, and channel.
2. A report sufficient to show the list of retailers or distributors through which the PRODUCT was sold in California during the period, with first and last sale dates by retailer, and statewide versus regional footprint if tracked.
3. Shipment logs filtered to ship-to state = CA showing date, SKU, quantity, and recipient type.
4. Reports showing California-destined e-commerce sales (direct website and marketplace) by month and SKU.
5. If maintained, California-only third-party market extracts and any internal roll-ups relied on by the business.

Plaintiffs also proposed that Arcadia comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of objections and describing the scope of any withholding, and that Arcadia provide a Rule 26(b)(5)(A) privilege log for any withheld materials.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFP No. 10**

Plaintiffs' Motion as to RFP No. 10 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Complete Conferral on This Request.**

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 10. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id*., Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC v. Paradise Splash I, Inc*., 2019 WL 8640652, at *6 (C.D. Cal. May 28, 2019) (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local

Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id.* ¶ 4; *id.*, Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 10, pursuant to Federal

Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 10 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 10 fails because (1) Plaintiffs overstate the relevance of sales and distribution information to the Phase 1 class-certification inquiry, (2) the request—even framed as "documents sufficient to show"—is overbroad and unduly burdensome to the extent it seeks retailer-, distributor-, or customer-level detail rather than aggregated summary data, (3) the request seeks confidential and competitively sensitive sales and distribution information for which Plaintiffs have not shown a proportional need, and (4) Plaintiffs fail to meaningfully respond to Arcadia's additional objections, including that the request extends beyond the pleaded time period and scope and that privilege, privacy, and mediation-related arguments do not expand the permissible scope of discovery. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First*, Plaintiffs overstate the need for the breadth of information sought. Rule 23 does not require discovery into detailed sales volumes, retailer-level distribution, or customer-specific information to assess class certification, particularly at Phase 1. Plaintiffs' assertion that such data is necessary for "damages feasibility" further underscores that their request reaches merits issues beyond the limited scope of Phase 1 discovery.

***"Documents Sufficient to Show" Does Not Eliminate Burden.*** *Second,* Plaintiffs' reliance on the phrase "documents sufficient to show" does not cure the overbreadth or burden of the request. Even summary sales and distribution data may require compilation from multiple systems and implicate confidential business information, including sensitive retailer and distributor relationships. Rule 34 does not obligate Arcadia to create

new analyses or compilations, nor to disclose competitively sensitive information absent a showing of proportional need.

***Confidentiality, Trade Secrets, and Privacy Remain Live Issues.*** *Third*, Arcadia properly objected that the request seeks confidential, proprietary, and competitively sensitive sales information, including information that could disclose the identities of specific retailers, distributors, or customers. Plaintiffs' assertion that such information is categorically non-private or non-sensitive is incorrect. The existence of a protective order does not itself establish discoverability or proportionality under Rule 26(b)(1), particularly where aggregated data can address any legitimate class-certification need.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Meaningfully Respond to Arcadia's Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address several of Arcadia's additional objections to RFP No. 10. Plaintiffs ignore Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint by demanding California sales and distribution information from December 6, 2020 "to the present," without tethering that span to the pleaded class period or alleged conduct. Plaintiffs likewise fail to grapple with Arcadia's privilege, confidentiality, and privacy objections, responding instead with conclusory assertions that such information can be produced under a protective order or logged, without addressing whether the information sought is relevant or proportional in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 10.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks highly sensitive information untethered from Plaintiffs' pleaded labeling-based theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that Arcadia's confidential distribution strategies and financial data are relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 10, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**K. Request for Production No. 11**

All DOCUMENTS evidencing DEFENDANT's knowledge or awareness of consumer expectations, interpretations, or misunderstandings regarding the intended use or effectiveness of the PRODUCT.

**1. Arcadia's Response to Request for Production No. 11**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other

applicable privilege or protection. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information, or information that would disclose the identities of specific customers and is protected by privacy rights or applicable law. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks 'all DOCUMENTS evidencing Arcadia's knowledge or awareness of consumer expectations, interpretations, or misunderstandings regarding the intended use or effectiveness of the PRODUCT" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp.*, 2019 WL 1960270 at *3 ("all documents" requests for production are overly broad). Arcadia objects to this Request as vague and ambiguous to the extent it uses the terms "consumer expectations," "interpretations," and "misunderstandings" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation. Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents. Arcadia's ability to answer is limited in part due to Plaintiffs' refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 11**

RFP No. 11 seeks documents evidencing Arcadia's knowledge or awareness of consumer expectations, interpretations, or misunderstandings regarding the PRODUCT's intended use or effectiveness. These materials are relevant to materiality, deception, and Arcadia's knowledge, including what Arcadia knew about how consumers understood the challenged representations. They are proportional because this information is uniquely

held by Arcadia in its consumer research, marketing, and complaint-trend records. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth, geographic-scope, and "all documents" objections do not justify withholding. To the extent the request is broad, the appropriate remedy is a proportional production of the non-privileged categories of consumer-perception evidence Arcadia maintains in the ordinary course, rather than a refusal to produce any responsive documents. *See Glaukos*, 2019 WL 1960270, at *3. Arcadia's vagueness objections to "consumer expectations," "interpretations," and "misunderstandings" are not a basis for nonproduction because those are standard concepts in marketing and consumer research, and Arcadia must respond under a reasonable construction and state whether it is withholding materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

To the extent Arcadia asserts privilege, it must produce non-privileged responsive documents and provide a compliant privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92. Privacy concerns can be addressed through redaction and the entered protective order. Arcadia's mediation-based objection is moot, and Arcadia may not condition production on deposition timing

**a. Parties Exhausted Conferral on Request for Production No. 11**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed a targeted production sufficient to show:

1. Consumer research and testing (surveys, focus groups, brand trackers, concept or copy testing, social listening or sentiment analyses) addressing how consumers understand PRODUCT use or effectiveness.
2. Internal summaries, reports, dashboards, or communications discussing consumer expectations or misunderstandings about PRODUCT use or effectiveness.
3. Retailer or partner feedback summaries and complaint-trend analyses that reflect consumer expectations or misunderstandings.

Plaintiffs also proposed compliance with Rule 34(b)(2)(C) and a Rule 26(b)(5)(A) privilege log for any withheld materials.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.

5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

#### 3. Arcadia's Reasons to Deny Motion as to RFP No. 11

Plaintiffs' Motion as to RFP No. 11 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

##### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 11. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae

Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 11 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 11 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 11 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 11, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 11, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 11 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 11 fails because (1) the request seeks merits-driven evidence of Arcadia's knowledge, intent, and state of mind that exceeds the scope of Phase 1 discovery limited to class-certification issues, (2) the request is facially overbroad in seeking "all documents" evidencing

Arcadia's awareness of undefined "consumer expectations," "interpretations," or "misunderstandings," and Rule 34 does not require Arcadia to rewrite or narrow an improper request, (3) the undefined terms render the request vague and ambiguous and Plaintiffs' post-hoc reliance on "reasonable construction" does not cure that defect, (4) the request seeks confidential, proprietary, and privacy-implicated materials for which Plaintiffs have not shown proportional need, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, time-period limitations, privilege, and prematurity, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First*, RFP No. 11 seeks merits-driven discovery that exceeds the scope of Phase 1 discovery authorized by the Court. Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues (Declaration of Peter K. Bae (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Against that backdrop, Plaintiffs cannot seek expansive discovery into Arcadia's "knowledge or awareness" of "consumer expectations, interpretations, or misunderstandings" regarding intended use or effectiveness—topics Plaintiffs themselves tie to materiality, deception, and Arcadia's state of mind. Those are merits issues, not issues directed to whether Rule 23's requirements can be satisfied in Phase 1. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance, not Arcadia's internal consumer-perception research, marketing analyses, or complaint-trend records. Compelling production of "all documents" on these merits topics at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Documents" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 11 as facially overbroad in seeking "all documents" evidencing Arcadia's knowledge or awareness of consumer expectations, interpretations, or misunderstandings, without meaningful limitation as to subject matter, geography, timeframe, or relevance.

As *Glaukos* recognizes, such "all documents" requests are improper, and Rule 34 does not require a responding party to rewrite an overbroad request or guess at a narrower construction. Plaintiffs' suggestion that the proper remedy is a compelled production of unspecified "categories" of materials maintained "in the ordinary course" impermissibly shifts the burden of narrowing to Arcadia and does not cure the request's fundamental overbreadth or proportionality defects under Rule 26(b)(1).

***Without Definition, "Consumer expectations," "Interpretations," and "Misunderstandings" are Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 11 as vague and ambiguous because it uses the undefined terms "consumer expectations," "interpretations," and "misunderstandings," each of which is reasonably susceptible to multiple materially different meanings. As drafted, the request could encompass an expansive and indeterminate range of materials—from formal consumer research and surveys, to informal marketing discussions, internal emails reflecting isolated customer feedback, or anecdotal complaint records—many of which bear no relation to Plaintiffs' pleaded labeling-based theories. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. Plaintiffs' post-hoc assertion that these terms are "standard concepts" and that Arcadia must respond under a "reasonable construction" confirms, rather than cures, the ambiguity and underscores why the objection was proper.

***Internal Deliberations Are Not Common Proof.*** *Third*, Plaintiffs' assertion that Arcadia's internal communications regarding disclaimer language constitute "common proof" rests on speculation untethered from the pleadings. As pleaded, Plaintiffs' certification theories turn on what representations were conveyed to consumers through the product's labeling and whether consumers allegedly relied on those representations at the point of purchase—not on Arcadia's internal deliberations, reasoning, or decision-making processes. Plaintiffs do not allege that any internal communications were

disclosed to consumers, incorporated into the label, or otherwise formed part of the consumer-facing message on which they claim reliance. Absent such allegations, internal deliberations about disclaimer language do not advance any Rule 23 inquiry and are not common proof susceptible to class-wide resolution.

***Confidential, Proprietary, and Privacy-Impacted Materials.*** *Fourth*, Arcadia properly objected to RFP No. 11 because, as framed, it sweeps in confidential, proprietary, and privacy-implicated information for which Plaintiffs have not shown a proportional need. Plaintiffs seek Arcadia's internal consumer research, marketing analyses, and complaint-trend records—materials that can include competitively sensitive business information and, depending on source, information that would disclose or enable identification of individual customers and thereby implicate privacy rights and applicable law. Plaintiffs' conclusory assertion that such concerns can be addressed through redactions and the protective order does not establish discoverability or proportionality under Rule 26(b)(1), particularly where the request is facially overbroad and untethered to the permissible scope of Phase 1 discovery.

In any event, Plaintiffs' attempt to frame the protective order as a basis for compulsion ignores the record. As discussed above, Arcadia approved the protective order months ago, but Plaintiffs delayed submitting it to the Court for entry. (Bae Decl. ¶ 5.) The protective order was not filed until January 10—after Arcadia inquired why it had not been filed—and Arcadia has since begun producing documents pursuant to its supplemental response. (*Id.*) Plaintiffs cannot seek to compel on the basis of delay that resulted from their own failure to timely submit the agreed protective order.

***Plaintiffs Fail to Address Arcadia's Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address several of Arcadia's additional objections to RFP No. 11. Plaintiffs largely ignore Arcadia's geographic-scope objection and offer no reasoned basis for discovery beyond California, the only state at issue. Plaintiffs likewise do not grapple with Arcadia's objection that the request reaches beyond the relevant time period and scope of the Second Amended Complaint, instead demanding an open-ended universe of

"consumer expectations" materials untethered to the pleaded allegations. And while Plaintiffs insist Arcadia must produce "non-privileged" materials and log the rest, they do not address Arcadia's attorney-client privilege and work-product objections in any request-specific way, nor do they show that the categories they seek are relevant and proportional in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

### c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 11.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks highly sensitive internal communications regarding Arcadia's knowledge, intent, and consumer-perception assessments untethered from Plaintiffs' pleaded labeling-based theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that Arcadia's confidential internal documents are relevant to any Rule 23 issue or necessary to decide certification.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 11, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

### L. Request for Production No. 12

DOCUMENTS sufficient to IDENTIFY all versions of the PRODUCT"s packaging that include or exclude the disclaimer that the PRODUCT is not effective on nails.

#### 1. Arcadia's Response to Request for Production No. 12

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents sufficient to IDENTIFY "all versions of the PRODUCT"s packaging" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "packaging" without definition or regard to whether such packaging is at issue in this action. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation. Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents. Arcadia's ability to answer is limited in part due to Plaintiffs' refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request.

#### 2. Arcadia's Supplemental Response to Request for Production No. 12

Subject to and without waiving the foregoing objections, Arcadia responds as follows: Arcadia will conduct a reasonable search for and produce labels and label proofs of PRODUCTS sold in California during the relevant time period within its possession, custody, or control, only pursuant to entry of a mutually-agreeable protective order appropriately limiting the control, use, and disposition of such documents.

**3. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 12**

RFP No. 12 seeks documents sufficient to identify all versions of the PRODUCT's packaging that include or exclude the disclaimer that the PRODUCT is not effective on nails. This request is central to exposure and uniformity issues because it identifies which packaging versions contained the disclaimer during the class period. It is proportional because it seeks only identification of versions, which can be satisfied through packaging version histories, artwork files, or change-control logs. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth, geographic-scope, and vagueness objections do not justify nonproduction. "Packaging" is an ordinary business term, and Arcadia can identify packaging versions under a reasonable construction. If Arcadia contends versions differ by geography or channel, that fact is discoverable and supports production of the version-identification materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). Confidentiality concerns are addressed by the protective order that has been entered, and do not excuse nonproduction.

Arcadia's mediation-related objection is moot, and Arcadia may not condition production on deposition sequencing. Any prior conditioning of production on entry of a protective order is no longer a basis to withhold because a protective order has been entered.

**a. Parties Exhausted Conferral on Request for Production No. 12**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution. To the extent Arcadia served a limited supplemental response on October 31, 2025, it did not resolve the dispute and Arcadia still has not produced documents. *See* Coelho Decl. ¶¶ 10–13, Exs. 8, 10.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed targeted "sufficient to identify" categories:

1. Artwork or packaging change records, ECNs, or equivalent logs listing each distinct packaging version, with version ID, SKU or UPC, description of change, effective date, retire date, and a Yes or No field for whether the disclaimer appears.
2. One representative final artwork PDF or image per version (front, back, Drug Facts, or full dieline) sufficient to confirm disclaimer presence and placement.
3. A mapping table tying SKU or UPC to packaging version IDs and effective date ranges during the class period.
4. If any state-specific or retailer-specific variants exist, a short note or column identifying the variant and where used.

Plaintiffs also proposed compliance with Rule 34(b)(2)(C).

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection e above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P.

26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.

5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

#### 4. Arcadia's Reasons to Deny Motion as to RFP No. 12

Plaintiffs' Motion as to RFP No. 12 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 12. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL

1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 12 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 8 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 12 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 12, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 12, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 12 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 12 fails because (1) the request seeks merits-driven discovery exceeding the scope of Phase 1 class-certification discovery, (2) the request is overbroad and ambiguous in seeking to "identify all versions" of undefined "packaging" without meaningful limitation, (3) Plaintiffs' proportionality argument improperly assumes Arcadia must create or compile version histories, artwork files, or change-control logs, (4) Arcadia has already produced the labels and label proofs that identify the consumer-facing packaging at issue, rendering further compulsion cumulative and disproportionate, and (5) Plaintiffs fail to meaningfully address Arcadia's additional objections, including geographic scope, time period, confidentiality, and prematurity. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First*, RFP No. 12 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues (Declaration of Peter K. Bae (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Against that backdrop, Plaintiffs cannot seek expansive discovery into internal packaging version histories, artwork files, or change-control materials concerning the inclusion or exclusion of disclaimer language—materials Plaintiffs themselves tie to "exposure" and "uniformity" in a way that depends on merits questions about labeling implementation and dissemination. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance, not Arcadia's internal packaging version control processes. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Overbroad and Ambiguous Use of "Packaging."*** *Second*, Arcadia properly objected to RFP No. 12 as overbroad and ambiguous because it seeks documents sufficient

to "identify all versions" of the product "packaging" without defining what "packaging" means or limiting the request to packaging at issue in this action. As drafted, the request is reasonably susceptible to multiple materially different interpretations and could sweep in an expansive array of materials—from consumer-facing cartons and inserts to internal packaging design files, mockups, proposed or unreleased variations, vendor specifications, print proofs, and channel-specific materials—many of which bear no relation to Plaintiffs' pleaded labeling-based theories. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among competing constructions or to cure an imprecise request by selecting the broadest possible interpretation. Plaintiffs' after-the-fact assertion that "packaging" is an "ordinary business term" does not cure the ambiguity or supply the missing limitations, and therefore does not justify compulsion.

***No Duty to Create Version Histories or Compilations.*** *Third*, Plaintiffs' proportionality argument improperly assumes that Arcadia must create or compile packaging version histories, artwork files, or change-control logs to satisfy RFP No. 12. Rule 34 does not require a responding party to create new documents, analyses, or compilations that do not already exist in the ordinary course of business. Plaintiffs' suggestion that Arcadia can simply produce "version histories" or "change-control logs" is speculative and untethered to any showing that such documents exist, are maintained in a centralized manner, or are necessary to address any Phase 1 class-certification issue. To the extent Plaintiffs seek to force Arcadia to reconstruct historical packaging changes across time, channels, or geographies, that request exceeds the scope of Rule 34 and underscores the disproportionate burden imposed by RFP No. 12.

***Plaintiffs Fail to Meaningfully Respond to Arcadia's Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address several of Arcadia's additional objections to RFP No. 12. Plaintiffs fail to grapple with Arcadia's geographic-scope objection and offer no basis for discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time

period and scope of the Second Amended Complaint, instead pressing for open-ended identification of "all versions" of packaging without tethering that demand to the pleaded allegations. And while Plaintiffs assert that confidentiality concerns are cured by the protective order, they do not address whether the materials sought are relevant or proportional in the first instance, nor do they explain why Arcadia's production of labels and label proofs does not already identify the consumer-facing packaging at issue. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 12.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is therefore not ripe. Further, as drafted, the Request is overbroad, vague, and disproportionate under Rule 26(b)(1) because it seeks documents sufficient to identify *all* versions of product packaging that include or exclude a particular disclaimer, without limitation as to product SKU, time period, or geographic scope. The Request is untethered to any defined universe of packaging versions at issue in the operative complaint and would require Arcadia to survey historical packaging iterations far beyond what is necessary to address any class-certification issue. Plaintiffs have not shown that such an unbounded inquiry into packaging versions is relevant to any Rule 23 requirement or proportional to the needs of Phase 1 discovery. Accordingly, the Court should deny Plaintiffs' motion as to RFP No. 12.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 12, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not

substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**M. Request for Production No. 13**

All DOCUMENTS concerning decisions to include, alter, or remove disclaimers on the PRODUCT"s packaging regarding nail effectiveness.

**1. Arcadia's Response to Request for Production No. 13**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all DOCUMENTS concerning decisions to include, alter, or remove disclaimers" without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action or identifying for what disclaimers such documents are requested. *Glaukos Corp.*, 2019 WL 1960270 at *3 ("all documents" requests for production are overly broad). Arcadia objects to this Request as vague and ambiguous to the extent it uses the term 'packaging' without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation. Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 13**

RFP No. 13 seeks documents concerning decisions to include, alter, or remove disclaimers on the PRODUCT's packaging regarding nail effectiveness. These materials are relevant to Arcadia's knowledge, intent, and the basis for adding or changing disclaimers, and they are proportional because the request concerns a narrow issue that Arcadia can address through its change-control, approval, and packaging revision records. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth, geographic-scope, and "all documents" objections do not justify withholding all decision making records. If Arcadia believes the request is broad, the appropriate course is a proportional production of the non-privileged business records reflecting disclaimer changes and their rationale, not nonproduction. *See Glaukos*, 2019 WL 1960270, at *3. Arcadia's vagueness objection to "packaging" is not a basis to refuse production, and Arcadia must respond under a reasonable construction and state whether it is withholding responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

To the extent Arcadia asserts privilege or work product, it must produce non-privileged responsive materials and provide a compliant privilege log for any withholdings. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92. Confidentiality concerns are addressed by the entered protective order. The mediation-based objection is moot, and Arcadia may not condition production on deposition timing.

**a. Parties Exhausted Conferral on Request for Production No. 13**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution No. 13**

At the conference of counsel, Plaintiffs proposed a targeted production sufficient to show:

1. Change-control records, ECNs, packaging revision histories, and approval workflows reflecting decisions to include, alter, or remove nail-effectiveness disclaimers, including effective date ranges for each version.
2. Non-privileged communications and memoranda reflecting the reasons for any disclaimer change, including regulatory, substantiation, consumer feedback, or risk considerations.
3. A version timeline tying decisions to the packaging versions identified under RFP No. 12.

Plaintiffs also proposed compliance with Rule 34(b)(2)(C) and a Rule 26(b)(5)(A) privilege log for any withheld materials.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P.

26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.

5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFP No. 13**

Plaintiffs' Motion as to RFP No. 13 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 13. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL

1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 13 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 13 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 13 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 13, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 13, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 13 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 13 fails because (1) the request seeks merits-driven internal decision making materials outside the agreed scope of Phase 1 class-certification discovery, (2) the request is facially overbroad in seeking "all documents" concerning disclaimer decisions without meaningful limitation as to geography, timeframe, or the specific disclaimers at issue, and Rule 34 does not require Arcadia to rewrite an improper request, (3) the undefined term "packaging" renders the request vague and ambiguous and Plaintiffs' post-hoc reliance on "reasonable construction" does not cure that defect, (4) the request seeks confidential, proprietary, and privileged internal materials for which Plaintiffs have not shown proportional need, and (5) Plaintiffs fail to meaningfully address Arcadia's additional objections, including geographic scope, time-period limitations, and prematurity, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First*, RFP No. 13 seeks merits-driven discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues* (Declaration of Peter K. Bae (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Against that backdrop, Plaintiffs cannot seek expansive discovery into Arcadia's internal decision making concerning whether to include, alter, or remove disclaimer language—materials Plaintiffs themselves assert go to Arcadia's knowledge, intent, and rationale. Those are quintessential merits issues, not issues directed to whether Rule 23's requirements can be satisfied. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance, not Arcadia's internal deliberations about disclaimer language. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Request for "All Documents" is Overbroad.*** *Second*, Arcadia properly objected to RFP No. 13 as facially overbroad in seeking "all documents" concerning decisions to include, alter, or remove disclaimers on the product's packaging regarding nail effectiveness, without meaningful limitation as to geography, timeframe, custodians, or the specific disclaimers at issue. As *Glaukos* recognizes, such "all documents" requests are improper, and Rule 34 does not require a responding party to rewrite an overbroad request or guess at a narrower construction. Plaintiffs' insistence that Arcadia should instead produce unspecified "business records reflecting disclaimer changes and their rationale" merely repackages the same overbreadth and improperly shifts the burden of narrowing to Arcadia, without curing the request's fundamental defects under Rule 26(b)(1).

***Without Definition, "Packaging" is Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 13 as vague and ambiguous because it uses the undefined term "packaging" without specifying what materials are encompassed or whether such packaging is even at issue in this action. As drafted, the request could sweep in a wide range of disparate materials—including preliminary mockups, internal drafts, alternate formats, vendor proofs, regulatory submissions, and other non-consumer-facing materials—many of which bear no relation to Plaintiffs' pleaded labeling-based theories. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among multiple plausible constructions or to cure an imprecise request by selecting the broadest possible interpretation. Plaintiffs' after-the-fact reliance on a "reasonable construction" does not resolve the ambiguity and instead confirms why the objection was proper.

***Plaintiffs Fail to Meaningfully Respond to Arcadia's Additional Objections.*** *Fifth*, Plaintiffs do not meaningfully address several of Arcadia's additional objections to RFP No. 13. Plaintiffs fail to grapple with Arcadia's geographic-scope objection and offer no basis for discovery beyond California, the only state at issue. Plaintiffs likewise ignore Arcadia's objection that the request seeks documents outside the relevant time period and

scope of the Second Amended Complaint, instead pressing for open-ended decision-making materials untethered to the pleaded allegations. Each of these unaddressed objections independently supports denial of the motion to compel.

***Confidential, Proprietary, and Privileged Materials***. *Fourth*, Arcadia properly objected to RFP No. 13 because it seeks confidential, proprietary, and privileged internal materials, including sensitive business deliberations and legal advice concerning disclaimer language. Plaintiffs make no showing that such internal decision-making materials are relevant or proportional under Rule 26(b)(1), particularly at the pre-certification stage and within Phase 1 discovery. Plaintiffs' assertion that confidentiality concerns are categorically cured by the protective order misses the threshold issue: whether the materials are discoverable in the first instance. Nor does Plaintiffs' generalized demand for a privilege log justify compelling production of internal deliberative materials that are protected by the attorney-client privilege or work-product doctrine. Rule 26(b)(5) governs the treatment of privileged materials if—and only if—production is otherwise warranted; it does not provide an independent basis to compel disclosure of non-discoverable information.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 13.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is therefore not ripe. Further, as drafted, the Request is overbroad, vague, and disproportionate under Rule 26(b)(1) because it seeks *all documents* concerning internal decisions to include, alter, or remove disclaimers on product packaging, without limitation as to product, time period, decision-makers, or geographic scope. The Request would require sweeping production of internal business communications and historical labeling deliberations far beyond what is necessary to address any class-certification issue. Plaintiffs have not shown that such an unbounded inquiry into internal labeling decision-making is relevant to any Rule 23 requirement or proportional to the needs of Phase 1 discovery. Accordingly, the Court should deny Plaintiffs' motion as to RFP No. 13.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 13, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**N. Request for Production No. 14**

DOCUMENTS sufficient to IDENTIFY all advertising expenditures related to the marketing of the PRODUCT from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 14.**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as calling for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents "sufficient to IDENTIFY all advertising expenditures related to the marketing of the PRODUCT" without limitation as to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request as vague and ambiguous to the extent it uses the terms "advertising expenditures" and "marketing" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information. Arcadia objects to the extent this

Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this request as duplicative of Request No. 22. Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 14**

RFP No. 14 seeks documents sufficient to identify advertising expenditures related to marketing of the PRODUCT from December 6, 2020 to the present. Advertising and marketing spend is relevant to dissemination and exposure to the challenged representations, and it supports class certification and damages issues. The request is proportional because it is framed as "documents sufficient to identify," time-limited, and can be satisfied through ordinary-course summaries or reports. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "not relevant" and "reasonably calculated" objections do not defeat discovery under the Rule 26(b)(1) relevance and proportionality standard. Arcadia's vagueness objections to "advertising expenditures" and "marketing" are not a basis to refuse production, these are ordinary business terms, and Arcadia must respond under a reasonable construction and state whether it is withholding responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). Arcadia's duplicative objection (based on alleged overlap with another request) does not justify withholding because any overlap can be addressed through a single production that satisfies both requests.

To the extent Arcadia asserts privilege or work product, it must produce non-privileged responsive materials and log any withheld documents. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92. Confidential financial sensitivity is addressed by the entered protective order. Arcadia's mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 14**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that "documents sufficient to identify" may be satisfied by producing any one or more of the following:

1. A CSV or Excel report showing monthly advertising and marketing spend for the PRODUCT by channel and campaign, with spend amounts and, if readily available, impressions or reach.
2. GL or cost-center roll-ups specific to the PRODUCT showing marketing and advertising spend by month with account-code mapping.
3. Final or as-run media plan summaries or insertion-order roll-ups listing vendor or platform, flight dates, and spend totals.
4. Retail media dashboards or exports showing monthly spend totals.
5. Influencer or affiliate spend totals by month.

Plaintiffs also proposed compliance with Rule 34(b)(2)(C) and a Rule 26(b)(5)(A) privilege log for any withheld materials.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.

2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFP No. 14**

Plaintiffs' Motion as to RFP No. 14 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Complete Conferral on This Request.**

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 14. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up

that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id*., Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id*. ¶ 4; *id*., Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 14, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 14 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 14 fails because (1) the request seeks merits-driven financial and damages-related discovery that exceeds the scope of Phase 1 discovery limited to class-certification issues, (2) advertising expenditure data is not relevant to Plaintiffs' pleaded labeling-based theories or to Rule 23 requirements where Plaintiffs do not allege exposure through paid advertising channels, (3) the request is vague and ambiguous as to "advertising expenditures" and "marketing," sweeping in multiple materially different categories of financial and business records, (4) the request seeks confidential and competitively sensitive financial information for which Plaintiffs have not shown proportional need, (5) the request is duplicative of RFP No. 22, and Plaintiffs do not explain why separate production is warranted, and (6) Plaintiffs do not meaningfully address Arcadia's additional objections, including time-period limits, privilege, and proportionality, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First*, RFP No. 14 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues* (Declaration of Peter K. Bae (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Against that backdrop, Plaintiffs cannot seek expansive discovery into Arcadia's advertising and marketing expenditures—materials Plaintiffs themselves invoke to support theories of dissemination, exposure, and damages that turn on merits questions about how, where, and to whom alleged representations were communicated. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance at the point of purchase, not on Arcadia's internal advertising budgets or spend allocations. Compelling production of advertising expenditure data at this stage would contravene the

Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Not Relevant to Plaintiffs' Pleaded Theories or Rule 23 Issues.*** *Second*, Plaintiffs overstate the relevance of advertising expenditure data. Plaintiffs do not allege that their purchases were influenced by paid advertising, identify any specific advertisements they saw, or contend that advertising spend affected the content of the product label they claim to have relied upon. Absent allegations tying advertising expenditures to the alleged misrepresentations or to consumer reliance, advertising spend is not probative of materiality, deception, commonality, or predominance. Rule 26(b)(1) does not permit discovery untethered from the claims actually pleaded.

***With out Definition, "Advertising Expenditures" and "Marketing" are Impermissibly Vague.*** *Third*, Arcadia properly objected to RFP No. 14 as vague and ambiguous. The undefined terms "advertising expenditures" and "marketing" are reasonably susceptible to multiple materially different meanings, potentially encompassing everything from national media buys to internal marketing salaries, retailer promotions, cooperative advertising, digital analytics, trade-show expenses, and agency fees. Rule 34 requires requests to describe documents with reasonable particularity; it does not require a responding party to guess among competing interpretations or to select the broadest possible construction. Plaintiffs' after-the-fact assertion that these are "ordinary business terms" does not cure the ambiguity.

***Confidential and Competitively Sensitive Financial Information.*** *Fourth*, the request seeks confidential, proprietary, and competitively sensitive financial information. Arcadia's advertising budgets and expenditure data reflect nonpublic strategic and financial information, the disclosure of which could cause competitive harm. Plaintiffs have not shown that such sensitive financial information is proportional to the needs of Phase 1 discovery or necessary to resolve any Rule 23 issue. While a protective order may address confidentiality concerns if production were otherwise warranted, it does not expand the scope of discoverable material under Rule 26(b)(1).

***Duplicative of Other Requests.*** *Fifth*, Arcadia properly objected that RFP No. 14 is duplicative of Request for Production No. 22. Plaintiffs do not explain why separate production is required or identify any non-overlapping information sought by this request. Rule 26(b)(2)(C) requires courts to limit duplicative discovery, and Plaintiffs' assertion that overlap can be "addressed" does not justify compelling redundant production.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs fail to meaningfully address several of Arcadia's additional objections. Plaintiffs do not respond to Arcadia's objection that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint, nor do they grapple with Arcadia's privilege and work-product objections—relying instead on a generalized demand for a privilege log without addressing discoverability or proportionality in the first instance. Plaintiffs' dismissal of Arcadia's mediation-related objection as "moot" likewise does not expand the permissible scope of discovery. Each of these unaddressed objections independently supports denial of the motion to compel as to RFP No. 14.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 14.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is overbroad, vague, and disproportionate under Rule 26(b)(1) because it seeks documents sufficient to identify *all* advertising expenditures related to the marketing of the product over a multi-year period, without limitation as to advertising channel, campaign, geographic scope, or connection to any issue relevant to class certification. The Request seeks highly sensitive financial and marketing expenditure information untethered from Plaintiffs' pleaded labeling-based theories and beyond what is necessary to address any Rule 23 requirement in Phase 1 discovery. Plaintiffs have not shown that broad advertising expenditure data is relevant or proportional to any class-certification issue or necessary to decide certification. Accordingly, the Court should deny Plaintiffs' motion as to this Request.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

**O. Request for Production No. 15**

All DOCUMENTS and COMMUNICATIONS with third-party vendors, consultants, or laboratories concerning the efficacy, safety, or intended uses of the PRODUCT.

**1. Arcadia's Response to Request for Production No. 15**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks 'all DOCUMENTS and COMMUNICATIONS' without limitation as to geographic scope and without regard to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp.*, 2019 WL 1960270 at *3 ("all documents" requests for production are overly broad). Arcadia objects to this Request as vague and ambiguous to the extent it uses the terms "efficacy," "safety," and "intended uses" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information, or information identifying specific vendors, consultants, or laboratories that is protected by privacy rights or applicable law. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 15**

RFP No. 15 seeks documents and communications with third-party vendors, consultants, or laboratories concerning the PRODUCT's efficacy, safety, or intended uses. These materials are relevant to substantiation, safety and performance knowledge, and the basis for marketing and labeling claims. They are proportional because third-party testing and consulting files are a discrete, core category of documents that Arcadia can identify and produce. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth, geographic-scope, and "all documents" objections do not justify refusing to produce any third-party substantiation communications and deliverables. If Arcadia believes the request is broad, the proper remedy is a proportional production focused on the non-privileged third-party communications and deliverables concerning efficacy, safety, or intended uses, not a total withholding. *See Glaukos*, 2019 WL 1960270, at *3. Arcadia's vagueness objections to "efficacy," "safety," and "intended uses" are not a basis for nonproduction because those are ordinary product-performance and regulatory concepts, and Arcadia must respond under a reasonable construction and state whether it is withholding responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

Arcadia's confidentiality, trade secret, and "privacy" objections do not justify nonproduction because production can be made under the entered protective order, including appropriate confidentiality designations. The mediation-based objection is moot, and Arcadia may not condition production on deposition timing.

**a. Parties Exhausted Conferral on Request for Production No. 15**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 15 to a proportional "documents sufficient to show" production focused on third-party substantiation and evaluation work. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Communications and work product exchanged with any third-party laboratories, testing entities, consultants, or vendors concerning the PRODUCT"s efficacy, safety, or intended uses during December 6, 2020 to present.
2. Final reports, summaries, presentations, or deliverables provided by third parties that evaluate efficacy, safety, or intended uses, including any protocols and result summaries.
3. Any third-party communications reflecting concerns, limitations, or qualifications regarding efficacy, safety, or intended uses.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.

2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 15

Plaintiffs' Motion as to RFP No. 15 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 15. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 15 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 15 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 15 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 15, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs

responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 15, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 15 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 15 fails because (1) the request seeks merits-driven third-party efficacy, safety, and intended-use materials outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) RFP No. 15 is facially overbroad in demanding "all documents and communications" with any vendor, consultant, or laboratory without meaningful limitation, and Rule 34 does not require Arcadia to rewrite an improper request, (3) the undefined terms "efficacy," "safety," and "intended uses" render the request impermissibly vague and susceptible to multiple materially different interpretations, (4) Plaintiffs' assertion that third-party substantiation materials constitute common proof is speculative and untethered from Plaintiffs' pleaded labeling-based theories, (5) the request seeks confidential and trade-secret third-party materials for which Plaintiffs have not shown proportional need under Rule 26(b)(1), and (6) Plaintiffs do not meaningfully address Arcadia's additional objections, including time-period, privilege, and proportionality objections, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First*, RFP No. 15 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues (Declaration of Peter K. Bae (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for

communications with third-party vendors, consultants, or laboratories concerning efficacy, safety, or intended uses goes to merits issues such as substantiation, performance, and knowledge—not to whether Rule 23's requirements can be satisfied. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance, not on Arcadia's internal or third-party testing and consulting efforts. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Facially Overbroad "All Documents and Communications."*** *Second*, Arcadia properly objected to RFP No. 15 as facially overbroad in seeking "all documents and communications" with any third-party vendor, consultant, or laboratory, without meaningful limitation as to subject matter, timeframe, or relevance. As *Glaukos* recognizes, such "all documents" requests are improper, and Rule 34 does not compel a responding party to rewrite an overbroad request or guess at a narrower construction. Plaintiffs' after-the-fact suggestion that Arcadia should produce some undefined subset of "non-privileged" third-party materials does not cure the request's overbreadth or render it proportional under Rule 26(b)(1).

***Vague and Undefined Performance Terms.*** *Third*, Arcadia properly objected based on vagueness. The terms "efficacy," "safety," and "intended uses" are undefined and reasonably susceptible to multiple materially different meanings, potentially sweeping in exploratory discussions, preliminary analyses, internal risk assessments, regulatory-facing materials, and privileged testing communications. Rule 34 requires the requesting party to describe documents with reasonable particularity and does not obligate a responding party to guess among competing interpretations or to supply its own limiting definitions. Plaintiffs' assertion that these are "ordinary" concepts only underscores the breadth of the ambiguity and confirms the propriety of Arcadia's objection.

***Not Common Proof Under Plaintiffs' Pleaded Theories.*** *Fourth*, Plaintiffs' assertion that third-party substantiation materials constitute common proof rests on

speculation untethered from the pleadings. Plaintiffs do not allege that any third-party testing, consulting, or laboratory communications were conveyed to consumers, referenced on the product label, or otherwise formed part of the challenged consumer-facing representations. Absent such allegations, third-party efficacy or safety communications do not bear on any Rule 23 requirement and instead go to merits issues concerning substantiation and knowledge, which are not proper subjects of Phase 1 discovery.

***Confidential and Trade-Secret Third-Party Materials.*** *Fifth*, RFP No. 15 seeks confidential and trade-secret information concerning Arcadia's relationships with third-party vendors, consultants, and laboratories, including sensitive testing methodologies, analyses, and business arrangements. Plaintiffs have not shown that disclosure of such materials is proportional to the needs of the case or necessary to resolve any class-certification issue. While Arcadia does not contend that confidentiality alone bars discovery, Rule 26(b)(1) requires relevance and proportionality as a threshold matter, and Plaintiffs have failed to make that showing here.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 15. Plaintiffs ignore Arcadia's objections based on time period and scope of the Second Amended Complaint, and respond to Arcadia's privilege and work-product objections only with a generalized demand for a privilege log, without grappling with whether any such materials are discoverable or proportional in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

### c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 15.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is therefore not ripe. Further, as drafted, the Request is overbroad, vague, and disproportionate under Rule 26(b)(1) because it seeks *all* documents and communications with third-party vendors, consultants, or laboratories concerning the product's efficacy,

safety, or intended uses, without limitation as to time period, product iteration, subject matter, or geographic scope. The Request seeks highly sensitive third-party testing, consulting, and scientific communications that go to merits-based substantiation issues untethered from Plaintiffs' pleaded labeling theories and beyond what is necessary to address any Rule 23 requirement in Phase 1 discovery. Plaintiffs have not shown that such sweeping third-party scientific and consulting materials are relevant or proportional to any class-certification issue or necessary to decide certification. Accordingly, the Court should deny Plaintiffs' motion as to RFP No. 15.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFP No. 15, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**P. Request for Production No. 16**

DOCUMENTS sufficient to show the total gross REVENUE derived from sales of the PRODUCT in the United States from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 16**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "DOCUMENTS sufficient to show the total gross REVENUE derived from sales of the PRODUCT" without limitation as to whether such documents are relevant to the claims or defenses in

this action, whether products within the proper scope of Plaintiff's overbroad definition of the term PRODUCT were at issue in this action, or whether revenue from the entirety of the United States is relevant. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action—which Arcadia believes it should not do—discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 16**

RFP No. 16 seeks documents sufficient to show total gross revenue from sales of the PRODUCT in the United States from December 6, 2020 to the present. Revenue data is relevant to class certification and remedies, including the scale of sales and feasibility of classwide damages or restitution methodologies, and it is proportional because the request seeks only summary-level information and can be satisfied through ordinary business reports. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "pre-certification" objection does not justify withholding because the type of merits discovery that overlaps with and informs certification is permitted, and revenue information is directly relevant to certification and remedies issues. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245

F.R.D. at 649–50. Arcadia's confidentiality objection is addressed by the entered protective order. Arcadia also cannot rewrite the request's time period or scope through unilateral narrowing, and must state whether it is withholding any responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

**a. Parties Exhausted Conferral on Request for Production No. 16**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing to a proportional "documents sufficient to show" production. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Quarterly (or monthly if readily available) gross revenue for the PRODUCT in the United States from December 6, 2020 to present, by SKU or UPC if tracked.
2. The standard business reports, dashboards, or GL rollups that Arcadia uses in the ordinary course to report product-level gross revenue totals (native Excel or CSV for spreadsheets).
3. If Arcadia contends any SKU is outside the PRODUCT definition, Arcadia must still produce for the covered SKUs and identify the scope of any withholding.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether

any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.

2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 16

Plaintiffs' Motion as to RFP No. 16 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Complete Conferral on This Request.

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 16. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process

as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id*., Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs

to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id.* ¶ 4; *id.*, Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 16, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 16 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 16 fails because (1) the request seeks nationwide, merits-driven revenue information outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) Plaintiffs overstate the relevance of U.S.-wide gross revenue to any Rule 23 requirement where the alleged purchases and claims are limited to California, (3) the request is overbroad and disproportionate to the extent it seeks confidential and competitively sensitive financial data untethered from Plaintiffs' pleaded theories, (4) Plaintiffs' reliance on Dukes and Amgen does not permit premature, nationwide merits discovery, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including scope, proportionality, and confidentiality, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside Phase 1 Class Discovery.*** *First,* RFP No. 16 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues* (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for total gross revenue from sales across the entire United States is directed to merits and remedies issues—such as damages, restitution, and overall sales exposure—not to whether Rule 23's requirements can be satisfied. Compelling nationwide revenue discovery at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Nationwide Revenue Is Untethered from Plaintiffs' Pleaded Claims.*** *Second*, Plaintiffs overstate the relevance of nationwide gross revenue to class-certification issues. Plaintiffs allege purchases and reliance in California, and their claims arise under California law. They do not explain why revenue derived from sales outside California—where no named Plaintiff purchased the product and no claims are asserted—is necessary

to assess numerosity, commonality, or predominance. At most, revenue data relevant to Phase 1 would be limited to California sales, not nationwide financial information untethered from the pleaded claims.

***Confidential and Competitively Sensitive Financial Information.*** *Third*, RFP No. 16 seeks confidential, proprietary, and competitively sensitive financial information concerning Arcadia's nationwide revenue. Plaintiffs have not shown that disclosure of such information is proportional to the needs of the case under Rule 26(b)(1), particularly where the request sweeps far beyond the geographic and substantive scope of the action. While Arcadia does not contend that confidentiality alone bars discovery, relevance and proportionality are threshold requirements, and Plaintiffs have failed to meet them here.

***Dukes and Amgen Do Not Justify Premature Merits Discovery.*** *Fourth*, Plaintiffs' reliance on *Dukes*, 564 U.S. at 351 and *Amgen*, 568 U.S. at 466 does not support compelling nationwide revenue discovery at this stage. Those cases recognize that some merits issues may overlap with class certification, but they do not authorize expansive, nationwide merits discovery untethered from the claims or necessary Rule 23 inquiries. Plaintiffs' request for U.S.-wide gross revenue is directed to damages and remedies, not to any common issue capable of driving class certification.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 16. Plaintiffs ignore Arcadia's objections concerning the overbreadth of Plaintiffs' definition of "product," the mismatch between nationwide revenue and California-only claims, and the proportionality concerns raised by seeking sensitive financial information at the pre-certification stage. Each of these unaddressed objections independently supports denial of the motion to compel.

### c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP 16.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is overbroad and disproportionate under Rule 26(b)(1) because it seeks documents sufficient to show total gross revenue from U.S. sales

of the product over a multi-year period, without tailoring to any issue relevant to class certification. The Request seeks highly sensitive financial and revenue information untethered from Plaintiffs' pleaded labeling-based theories and beyond what is necessary to address any Rule 23 requirement in Phase 1 discovery. Plaintiffs have not shown that aggregate gross revenue data is relevant or proportional to any class-certification issue or necessary to decide certification. Accordingly, the Court should deny Plaintiffs' motion as to RFP No. 16.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

**Q. Request for Production No. 17**

DOCUMENTS sufficient to show the total gross REVENUE derived from sales of the PRODUCT in the State of California from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 17**

RFP No. 17 seeks documents sufficient to show total gross revenue from sales of the PRODUCT in California from December 6, 2020 to the present. California revenue is relevant to exposure, class certification, and damages or restitution feasibility, and the request is proportional because it seeks only summary-level information limited to one state and a defined period. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "not relevant" and "reasonably calculated" objections do not defeat discovery under Rule 26(b)(1). Its "duplicative" objection also does not justify nonproduction because any overlap can be addressed through a single production that satisfies multiple requests. Arcadia's pre-certification objection is self-defeating for the

same reasons, this is class certification and remedies discovery, and merits overlap is permitted when it bears on certification. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50. Confidentiality concerns are addressed by the entered protective order, and Arcadia must state whether it is withholding responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 17**

RFP No. 17 is plainly relevant and proportional. California revenue is class-certification discovery tied to numerosity, exposure, predominance, and the feasibility of classwide restitution and disgorgement models. Arcadia's reliance on "reasonably calculated" is outdated, and the governing standard is Rule 26(b)(1) relevance and proportionality.

Arcadia's "duplicative" objection is not a basis to refuse production. Any overlap can be addressed with a single consolidated dataset that satisfies multiple requests. Confidentiality is addressed through the protective order. Arcadia cannot unilaterally redefine the time period.

**a. Parties Exhausted Conferral on Request for Production No. 17**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing to a proportional "documents sufficient to show" production. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Quarterly (or monthly if readily available) gross revenue for the PRODUCT in California from December 6, 2020 to present, by SKU or UPC if tracked.
2. The standard business reports, dashboards, or GL rollups used in the ordinary course that reflect California revenue totals for the PRODUCT (native Excel or CSV for spreadsheets).
3. If Arcadia contends any SKU is outside the PRODUCT definition, Arcadia must still produce for the covered SKUs and identify the scope of any withholding.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of

production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.

5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 17

Plaintiffs' Motion as to RFP No. 17 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Complete Conferral on This Request.

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 17. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id*., Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a

certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id*. ¶ 4; *id*., Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served

joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 17, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 17 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 17 fails because (1) Plaintiffs overstate the relevance of California-only gross revenue to Phase 1 class-certification issues, (2) even framed as "documents sufficient to show," the request is disproportionate to the extent it seeks sensitive financial data beyond what is necessary to evaluate any Rule 23 requirement, (3) the request seeks confidential and competitively sensitive revenue information for which Plaintiffs have not shown proportional need under Rule 26(b)(1), (4) Plaintiffs' reliance on Dukes and Amgen does not permit premature merits and damages discovery at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including proportionality and confidentiality, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside the Proper Scope of Phase 1 Discovery.*** *First*, RFP No. 17 seeks discovery that exceeds the proper scope of Phase 1 discovery authorized by the Court. *Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues* (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for total gross revenue from California sales is directed primarily to merits and remedies issues—such as damages, restitution, and disgorgement—not to whether Rule 23's requirements can be satisfied. Compelling production of financial data for damages modeling at this stage would improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Overstated Relevance to Rule 23 Issues.*** *Second*, Plaintiffs overstate the relevance of California gross revenue to class-certification issues. While Plaintiffs invoke numerosity, exposure, and predominance, they do not explain why aggregate revenue—rather than transaction counts or other non-financial metrics—would be necessary to resolve any Rule 23 inquiry. Revenue data primarily informs damages calculations, not whether common issues predominate or whether the proposed class is ascertainable or cohesive. Rule 26(b)(1) does not permit compelled production of sensitive financial data where its relevance to certification is, at best, attenuated.

***Confidential and Competitively Sensitive Financial Information.*** *Third*, RFP No. 17 seeks confidential, proprietary, and competitively sensitive financial information concerning Arcadia's California revenue. Plaintiffs have not shown that disclosure of such information is proportional to the needs of the case under Rule 26(b)(1), particularly at the pre-certification stage. While Arcadia does not contend that confidentiality alone bars discovery, relevance and proportionality are threshold requirements that Plaintiffs have not satisfied here. Although Plaintiffs invoke the protective order as a cure-all, they fail to acknowledge that the protective order was not entered until January 10 due to Plaintiffs' unexplained delay—after Arcadia inquired about the status—and Plaintiffs

cannot rely on a delay of their own making to compel production of sensitive financial materials.

***Dukes and Amgen Do Not Justify Premature Damages Discovery***. *Fourth*, Plaintiffs' reliance on *Dukes*, 564 U.S. at 351 and *Amgen*, 568 U.S. at 466 does not support compelling revenue discovery at this stage. Those decisions recognize that some merits issues may overlap with class certification, but they do not authorize premature damages discovery untethered from the Rule 23 analysis. Plaintiffs' request for revenue data is directed to remedies, not to any common issue capable of driving class certification.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 17. Plaintiffs dismiss Arcadia's confidentiality and proportionality concerns with generalized assertions about protective orders, without grappling with whether the requested financial data is discoverable in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

### c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 17.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is disproportionate under Rule 26(b)(1); seeks confidential and competitively sensitive financial information primarily relevant to damages rather than class certification; and exceeds the proper scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that California gross revenue data is necessary to resolve any Rule 23 requirement.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies issues rather than class-certification requirements. Under these circumstances, Plaintiffs'

motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

**R. Request for Production No. 18**

DOCUMENTS sufficient to show the total number of UNITS SOLD of each PRODUCT, broken down by SKU, form (e.g., pen, ointment, liquid), and year, from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 18**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "DOCUMENTS sufficient to show the total number of UNITS SOLD' without limitation as to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request to the extent it seeks documents outside the relevant geographical range and time period or beyond the proper scope of the allegations in the Second Amended Complaint. Arcadia objects to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information, or information identifying specific retailers, distributors, or customers that is protected by privacy rights or applicable law. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action—which Arcadia believes it should not do—discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation. Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested documents. Arcadia's ability to answer is limited in part due to Plaintiff's

refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 18**

RFP No. 18 seeks documents sufficient to show units sold by SKU, form, and year from December 6, 2020 to the present. Unit sales volume is relevant to exposure and class certification, including numerosity and damages feasibility, and it is proportional because it seeks summary-level figures that Arcadia can export from ordinary sales systems. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth and proportionality objections do not justify withholding because the request is already framed as "documents sufficient to show," not an "all documents" demand. Arcadia's confidentiality and privacy objections do not justify nonproduction because production can be made under the entered protective order, and any truly sensitive fields can be redacted while still producing unit counts by SKU and year. Arcadia's pre-certification objection is self-defeating for the same reasons, this information is directly relevant to certification and remedies, and merits overlap is permitted when it bears on certification. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50.

Arcadia also may not condition production on deposition timing. Its mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 18**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-

and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed a proportional "documents sufficient to show" production, including any one or more of the following:

1. Annual Units by SKU and Form: A CSV/Excel export listing, for each calendar year 2020 (partial) to present and for each SKU/UPC of the PRODUCT, units sold, form (pen/ointment/liquid), and product name/size.
2. ERP/BI Roll-ups: A standard sales dashboard/ERP/BI report totaling units sold by SKU and form per year for the same period, with a simple lookup table mapping SKU to form.
3. If maintained, a second column showing California-only units (ship-to or bill-to state = CA), or a short method memo explaining how California units are derived if a direct filter is not available.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.

4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 18

Plaintiffs' Motion as to RFP No. 18 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 18. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at

763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 18 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 18 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 18 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 18, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 18, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 18 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 18 fails because (1) the request seeks merits- and remedies-driven unit-sales data outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) Plaintiffs overstate the relevance of detailed SKU-, form-, and year-level unit sales to any Rule 23 requirement, (3) the request is disproportionate under Rule 26(b)(1) to the extent it seeks granular, competitively sensitive sales data untethered from Plaintiffs' pleaded theories, (4) Plaintiffs' reliance on Dukes and Amgen does not authorize premature merits and damages discovery at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including geographic scope, proportionality, confidentiality, and privacy, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside the Proper Scope of Phase 1 Discovery.*** *First*, RFP No. 18 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues* (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for detailed unit-sales data broken down by SKU, product form, and year is directed to merits and remedies issues—such as damages modeling and restitution calculations—not to whether Rule 23's requirements can be satisfied. Compelling production of such data at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Overstated Relevance to Rule 23 Issues.*** *Second*, Plaintiffs overstate the relevance of granular unit-sales data to class-certification issues. Plaintiffs invoke numerosity, exposure, and damages feasibility, but do not explain why SKU-level and form-specific unit counts—rather than more general metrics—are necessary to resolve any Rule 23 inquiry. Unit-sales breakdowns primarily inform damages analysis, not whether common

issues predominate or whether the proposed class can be certified. Rule 26(b)(1) does not permit compelled production of detailed sales data where its relevance to certification is attenuated.

***Confidential and Competitively Sensitive Sales Information.*** *Third*, RFP No. 18 seeks confidential, proprietary, and competitively sensitive sales information concerning Arcadia's product mix, SKU-level performance, and sales trends over time. Plaintiffs have not shown that disclosure of such detailed commercial information is proportional to the needs of the case under Rule 26(b)(1), particularly at the pre-certification stage. While Arcadia does not contend that confidentiality alone bars discovery, relevance and proportionality are threshold requirements that Plaintiffs have not satisfied here. Plaintiffs' invocation of the protective order does not cure these defects, particularly where the protective order was not entered until January 10 due to Plaintiffs' unexplained delay after Arcadia inquired about its status.

***Dukes and Amgen Do Not Justify Premature Damages Discovery.*** *Fourth*, Plaintiffs' reliance on *Dukes*, 564 U.S. at 351 and *Amgen*, 568 U.S. at 466 does not support compelling detailed unit-sales discovery at this stage. Those cases recognize that some merits issues may overlap with class certification, but they do not authorize premature discovery directed principally at damages and remedies. Plaintiffs' request for SKU- and form-level unit sales is aimed at damages modeling, not at resolving any common issue capable of driving class certification.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 18. Plaintiffs gloss over Arcadia's geographic-scope objection, despite seeking sales data beyond what is necessary for California-based claims, and dismiss Arcadia's confidentiality and privacy objections with generalized assertions about redaction and protective orders. Plaintiffs likewise fail to address proportionality concerns raised by their demand for highly granular sales data. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 18.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is disproportionate under Rule 26(b)(1); seeks granular, confidential, and competitively sensitive unit-sales data primarily relevant to damages rather than class certification; and exceeds the proper scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that detailed SKU-, form-, and year-level unit-sales data is necessary to resolve any Rule 23 requirement.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a premature motion without meaningfully conferring on narrowing RFP No. 18, despite Arcadia's express willingness to meet and confer and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and appropriately aggregated California-only unit-sales data.

**S. Request for Production No. 19**

DOCUMENTS sufficient to show NET PROFITS from the sale of the PRODUCT from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 19**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as calling for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "DOCUMENTS sufficient to show NET PROFITS from the sale of the PRODUCT"

without limitation as to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request to the extent it seeks documents outside the relevant geographical range and time period or beyond the proper scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action—which Arcadia believes it should not do—discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 19**

RFP No. 19 seeks documents sufficient to show net profits from sales of the PRODUCT from December 6, 2020 to the present. Profitability data, or the inputs needed to calculate it, is relevant to remedies, including restitution and disgorgement theories, and to class certification issues concerning damages feasibility. It is proportional because it seeks summary-level information that can be provided through ordinary-course reports. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "not relevant" and "reasonably calculated" objections do not defeat discovery under the Rule 26(b)(1) standard. Arcadia's confidentiality objection is addressed by the entered protective order. Arcadia's pre-certification objection is self-defeating because discovery that overlaps with merits may proceed when it bears on certification and remedies issues. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate

objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50. Arcadia must respond and state whether it is withholding any responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). The mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 19.**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed a proportional "documents sufficient to show" production, including any one or more of the following:

1. Net-Profit "Gross-to-Net" Reconciliation: A CSV/Excel report by month (or fiscal period) for the PRODUCT showing gross revenue, gross-to-net deductions (returns, discounts, allowances/trade spend), COGS, and resulting product-level net profit, with SKU/form columns if tracked.
2. Product P&L or Cost-Center Roll-ups: Product-specific P&L summaries or cost-center roll-ups reflecting revenue, COGS, marketing expense if included, and bottom-line net profit by period, with a brief account mapping (chart of accounts) showing which lines compose COGS and gross-to-net deductions.
3. Methodology One-Pager: A short description of how Arcadia calculates product-level net profit for the PRODUCT (what costs are included/excluded, treatment of overhead, freight, and trade spend). This is not expert discovery, it explains the business reports produced.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFP No. 19**

Plaintiffs' Motion as to RFP No. 19 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Complete Conferral on This Request.**

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 19. While the

parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id*., Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia

believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id.* ¶ 4; *id.*, Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 19, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 19 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 19 fails because (1) the request seeks merits- and remedies-driven net-profit information outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) Plaintiffs overstate the relevance of net profits to any Rule 23 requirement, (3) the request is disproportionate under Rule 26(b)(1) to the extent it seeks highly confidential and competitively sensitive profitability data untethered from Plaintiffs' pleaded theories, (4) Plaintiffs' reliance on *Dukes* and *Amgen* does not authorize premature damages and disgorgement discovery at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including proportionality, scope, and confidentiality, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside the Proper Scope of Phase 1 Discovery.*** *First*, RFP No. 19 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues* (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for net-profit data is directed squarely to merits and remedies issues—such as disgorgement and restitution—not to whether Rule 23's requirements can be satisfied. Compelling production of profitability data at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Overstated Relevance to Rule 23 Issues***. *Second*, Plaintiffs overstate the relevance of net profits to class-certification issues. While Plaintiffs invoke damages feasibility and disgorgement theories, net-profit information goes to the quantum of potential recovery, not to whether common issues predominate or whether a class can be certified. Rule

26(b)(1) does not permit compelled discovery of sensitive profitability data where its relevance to Rule 23 inquiries is, at best, attenuated.

***Confidential and Competitively Sensitive Profitability Information***. *Third*, RFP No. 19 seeks confidential, proprietary, and competitively sensitive financial information concerning Arcadia's net profits, including internal cost structures, margins, and pricing dynamics. Plaintiffs have not shown that disclosure of such information is proportional to the needs of the case under Rule 26(b)(1), particularly at the pre-certification stage. While Arcadia does not contend that confidentiality alone bars discovery, relevance and proportionality are threshold requirements that Plaintiffs have not satisfied here. Plaintiffs' reliance on the protective order does not cure these defects, particularly where the protective order was not entered until January 10 due to Plaintiffs' unexplained delay after Arcadia inquired about its status.

***Dukes and Amgen Do Not Justify Premature Disgorgement Discovery.*** *Fourth*, Plaintiffs' reliance on *Dukes*, 564 U.S. at 351 and *Amgen*, 568 U.S. at 466 does not support compelling net-profit discovery at this stage. Those decisions recognize that some merits issues may overlap with class certification, but they do not authorize premature discovery directed principally at damages, restitution, or disgorgement. Plaintiffs' request for net-profit data is aimed at remedies, not at resolving any common issue capable of driving class certification.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 19. Plaintiffs dismiss Arcadia's proportionality and confidentiality objections with generalized assertions about protective orders, without grappling with whether the requested profitability data is discoverable in the first instance. These unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 19.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not

ripe. Further, as drafted, the request is disproportionate under Rule 26(b)(1); seeks highly sensitive and competitively sensitive net-profit information primarily relevant to damages and disgorgement rather than class certification; and exceeds the proper scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that net-profit data is necessary to resolve any Rule 23 requirement.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

**T. Request for Production No. 20**

DOCUMENTS sufficient to show the RETAIL PRICE and WHOLESALE PRICE of each version of the PRODUCT sold from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 20**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "DOCUMENTS sufficient to show the RETAIL PRICE and WHOLESALE PRICE of each version of the PRODUCT" without limitation as to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request to the extent it seeks documents outside the relevant geographical range and time period or beyond the proper scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information, or information identifying specific retailers, distributors, or customers that is protected by privacy rights or applicable law. Arcadia

objects to the extent this Request seeks documents not in the possession of or reasonably obtainable by Arcadia. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action—which Arcadia believes it should not do—discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 20**

RFP No. 20 seeks documents sufficient to show retail and wholesale prices of each version of the PRODUCT sold from December 6, 2020 to the present. Pricing is relevant to damages and restitution calculations and to class certification feasibility, and it is proportional because it seeks summary-level pricing information that Arcadia maintains or uses in the ordinary course. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's overbreadth and proportionality objections do not justify withholding because the request is limited to "documents sufficient to show," and Arcadia can satisfy it through price lists, invoices, wholesale pricing records, and other ordinary-course pricing materials. To the extent Arcadia claims it does not possess certain retail pricing information, that does not justify refusing to produce what Arcadia does have or control. Rule 34 requires production of documents within Arcadia's possession, custody, or control, and Arcadia must state the scope of any limitation rather than refusing production. *See* Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 34(b)(2)(B)-(C).

Arcadia's confidentiality and privacy objections are addressed through production under the entered protective order, with redaction of any truly sensitive personal information if present. Arcadia's pre-certification objection is self-defeating because

pricing bears on class certification and damages feasibility, and merits overlap is permitted to the extent it bears on certification. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50. Arcadia's mediation-based objection is moot, and Arcadia may not condition production on deposition timing.

**a. Parties Exhausted Conferral on Request for Production No. 20**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed a proportional "documents sufficient to show" production, including:

1. Wholesale pricing and changes: Product-specific price lists, cost sheets, price-change notices with effective dates, and representative invoices or invoice-level extracts showing unit price by SKU and effective date ranges.
2. Trade allowances: Summaries of trade spend or allowances sufficient to show effective net wholesale price by period and SKU, if maintained.
3. Retail pricing as maintained or received by Arcadia: MSRP or MAP guidance, retailer portal/PDP feeds or content syndication files showing listed price ranges, and any syndicated price or ASP data dashboards (e.g., NielsenIQ/IRI/Stackline or marketplace analytics) in Arcadia's possession, custody, or control.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 20

Plaintiffs' Motion as to RFP No. 20 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of

Civil Procedure 37(a)(1) as to RFP No. 20. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFP No. 20 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFP No. 20 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFP No. 20 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFP No. 20, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 20, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 20 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 20 fails because (1) the request seeks merits- and remedies-driven pricing information outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) Plaintiffs overstate the relevance of retail and wholesale pricing to any Rule 23 requirement, (3) the request is disproportionate under Rule 26(b)(1) to the extent it seeks confidential and competitively sensitive pricing information untethered from Plaintiffs' pleaded theories, (4) Plaintiffs' reliance on *Dukes* and *Amgen* does not authorize premature damages discovery at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including possession, custody, and control, proportionality, and confidentiality, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside the Proper Scope of Phase 1 Discovery.*** *First*, RFP No. 20 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues* (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for retail

and wholesale pricing information goes to merits and remedies issues—such as damages, restitution, and disgorgement—not to whether Rule 23's requirements can be satisfied. Compelling production of pricing data at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Overstated Relevance to Rule 23 Issues.*** *Second*, Plaintiffs overstate the relevance of retail and wholesale pricing to class-certification issues. Pricing information primarily informs damages calculations and restitution theories, not whether common issues predominate or whether a class can be certified. Plaintiffs do not explain why detailed pricing data is necessary to resolve any Rule 23 inquiry as opposed to later merits proceedings. Rule 26(b)(1) does not permit compelled discovery of sensitive pricing information where its relevance to class certification is, at best, attenuated.

***Confidential and Competitively Sensitive Pricing Information.*** *Third*, RFP No. 20 seeks confidential, proprietary, and competitively sensitive pricing information concerning Arcadia's products, including wholesale pricing arrangements and internal pricing structures. Plaintiffs have not shown that disclosure of such information is proportional to the needs of the case under Rule 26(b)(1), particularly at the pre-certification stage. While Arcadia does not contend that confidentiality alone bars discovery, relevance and proportionality are threshold requirements that Plaintiffs have not satisfied here. Plaintiffs' invocation of the protective order does not cure these defects, particularly where the protective order was not entered until January 10 due to Plaintiffs' unexplained delay after Arcadia inquired about its status.

***Possession, Custody, and Control Limitations.*** *Fourth*, Plaintiffs' insistence that Arcadia must produce retail pricing information ignores Rule 34's limitation to documents within a party's possession, custody, or control. To the extent retail pricing is set by independent retailers and not maintained or controlled by Arcadia, Arcadia cannot be compelled to produce documents it does not possess or control. Plaintiffs' assertion that

Arcadia must nevertheless "state the scope of any limitation" does not transform non-existent or non-controlled materials into discoverable documents.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 20. Plaintiffs dismiss Arcadia's proportionality, confidentiality, and possession objections with generalized assertions about protective orders and summary production, without grappling with whether the requested pricing information is discoverable in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 20.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is disproportionate under Rule 26(b)(1); seeks confidential and competitively sensitive pricing information primarily relevant to damages rather than class certification; and exceeds the proper scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that retail or wholesale pricing data is necessary to resolve any Rule 23 requirement.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a premature motion without meaningfully conferring on narrowing RFP No. 20, despite Arcadia's express willingness to meet and confer and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and appropriately aggregated, non-confidential pricing information within Arcadia's possession, custody, or control.

### U. Request for Production No. 21

DOCUMENTS sufficient to IDENTIFY the TOP TEN RETAIL OUTLETS or distributors by volume of PRODUCT sales in California from December 6, 2020 to the present.

#### 1. Arcadia's Response to Request for Production No. 21

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as calling for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "DOCUMENTS sufficient to IDENTIFY the TOP TEN RETAIL OUTLETS or distributors' without limitation as to whether such documents are relevant to the claims or defenses in this action, and whether such "RETAIL OUTLETS or distributors" participated in a transaction at issue in this action. Arcadia objects to this Request to the extent it seeks documents outside the time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive information, or information identifying specific retailers or distributors that is protected by privacy rights or applicable law. Arcadia objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action-which Arcadia believes it should not do-discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making

the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 21**

RFP No. 21 seeks documents sufficient to identify the top ten retail outlets or distributors by volume of PRODUCT sales in California from December 6, 2020 to the present. This information is relevant to distribution, exposure, and class certification issues, and it is proportional because it seeks only a top-ten identification, not comprehensive retailer-by-retailer discovery. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "not relevant" and "reasonably calculated" objections do not defeat discovery under Rule 26(b)(1). Arcadia's confidentiality and "privacy" objections likewise do not justify nonproduction because the identities of retail outlets and distributors are business entities, and production can be made under the entered protective order with appropriate confidentiality designations. Arcadia's pre-certification objection is self-defeating because distribution information bears directly on certification and manageability issues, and merits overlap is permitted to the extent it bears on certification. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50.

To the extent Arcadia asserts privilege or work product, it must still produce non-privileged responsive materials and provide a compliant privilege log for any withholdings. *See* Fed. R. Civ. P. 26(b)(5)(A); *Farber,* 234 F.R.D. at 191-92. The mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 21**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences,

Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed a proportional "documents sufficient to identify" production. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. A rank ordered list of the top ten California retail outlets or distributors by units sold for December 6, 2020 to present, with units sold and the time period used to rank.
2. If Arcadia does not track "outlet" level data, then the top ten California distributors, or top ten California ship to entities, by unit volume, with a short explanation of the data source and level of aggregation.
3. A short mapping field or note sufficient to tie the ranked entities to geography in California, such as ship to state, ship to zip prefix, or distributor territory designation if maintained.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).

3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFP No. 21**

Plaintiffs' Motion as to RFP No. 21 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Complete Conferral on This Request.**

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 21. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id.*, Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion

or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id*. ¶ 4; *id*., Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining

disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 21, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 21 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 21 fails because (1) the request seeks merits- and manageability-driven distribution information outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) Plaintiffs overstate the relevance of identifying the "top ten" retailers or distributors to any Rule 23 requirement, (3) the request is disproportionate under Rule 26(b)(1) to the extent it seeks confidential and competitively sensitive distributor and retailer information

untethered from Plaintiffs' pleaded theories, (4) Plaintiffs' reliance on *Dukes* and *Amgen* does not authorize premature merits discovery at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including proportionality, confidentiality, and privilege, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside the Proper Scope of Phase 1 Discovery.*** *First,* RFP No. 21 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues* (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand to identify the "top ten" retailers or distributors by sales volume is directed to merits and manageability issues—such as distribution practices and downstream sales channels—not to whether Rule 23's requirements can be satisfied. Compelling this discovery at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Overstated Relevance to Rule 23 Issues***. *Second*, Plaintiffs overstate the relevance of identifying Arcadia's top retail outlets or distributors to class-certification issues. Plaintiffs do not explain how the identities of particular retailers or distributors bear on numerosity, commonality, or predominance, particularly where Plaintiffs' claims turn on consumer-facing labeling and alleged reliance, not on which retailers sold the product. At most, this information relates to downstream distribution practices, which are merits issues rather than class-certification criteria.

***Confidential and Competitively Sensitive Profitability Information***. *Third*, RFP No. 21 seeks confidential, proprietary, and competitively sensitive information concerning Arcadia's retail and distributor relationships, including sales volumes by outlet or distributor. Plaintiffs have not shown that disclosure of such information is proportional to the needs of the case under Rule 26(b)(1), particularly at the pre-certification stage. While Arcadia does not contend that confidentiality alone bars discovery, relevance and

proportionality are threshold requirements that Plaintiffs have not satisfied here. Plaintiffs' reliance on the protective order does not cure these defects, particularly where the protective order was not entered until January 10 due to Plaintiffs' unexplained delay after Arcadia inquired about its status.

***Dukes and Amgen Do Not Justify Premature Disgorgement Discovery.*** *Fourth*, Plaintiffs' reliance on *Dukes*, 564 U.S. at 351 and *Amgen*, 568 U.S. at 466 does not support compelling net-profit discovery at this stage. Those decisions recognize that some merits issues may overlap with class certification, but they do not authorize premature discovery into downstream distribution relationships untethered from any Rule 23 requirement. Plaintiffs' request is directed to merits and manageability considerations, not to any common issue capable of driving class certification.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 21. Plaintiffs dismiss Arcadia's confidentiality and proportionality objections with generalized assertions about protective orders and business-entity status, without grappling with whether the requested distributor and retailer information is discoverable in the first instance. Plaintiffs likewise fail to address Arcadia's privilege objections, responding only with a boilerplate demand for a privilege log. Each of these unaddressed objections independently supports denial of the motion to compel.

### c. Arcadia's Proposed Resolution

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 21.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is disproportionate under Rule 26(b)(1); seeks confidential and competitively sensitive retailer and distributor information primarily relevant to merits and manageability rather than class certification; and exceeds the proper scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that identifying Arcadia's "top ten" retailers or distributors is necessary to resolve any Rule 23 requirement.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

**V. Request for Production No. 22**

All FINANCIAL STATEMENTS, profit and loss statements, or summaries showing REVENUE, COST OF GOODS SOLD, and marketing expenditures RELATING TO the PRODUCT from December 6, 2020 to the present.

**1. Arcadia's Response to Request for Production No. 22**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as calling for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all FINANCIAL STATEMENTS, profit and loss statements, or summaries" without limitation as to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action-which Arcadia believes it should not do-discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R.

Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 22**

RFP No. 22 seeks financial statements, profit and loss statements, or summaries showing revenue, cost of goods sold, and marketing expenditures relating to the PRODUCT from December 6, 2020 to the present. These financial inputs are relevant to class certification and remedies, including damages feasibility and disgorgement or restitution calculations, and the request is proportional because Arcadia can satisfy it through product-level summaries and ordinary-course reports rather than exhaustive finance records. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "not relevant" and "reasonably calculated" objections do not defeat discovery under Rule 26(b)(1). Arcadia's confidentiality objection is addressed by the entered protective order. Arcadia's pre-certification objection is self-defeating because these materials bear on certification and remedies, and merits overlap is permitted when it informs certification. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50. Arcadia must respond and state whether it is withholding any responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). The mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 22**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-

and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing to a proportional production sufficient to show product level financial summaries, limited to the United States if Arcadia contends a narrower geography is warranted. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Quarterly product P&Ls or equivalent summaries for the PRODUCT reflecting revenue, COGS, and marketing expenditures from December 6, 2020 to present.
2. If product P&Ls are not maintained, then the ordinary course summaries Arcadia uses to track those same fields for the PRODUCT, such as dashboards, rollups, or cost center summaries, produced in native format where the document is a spreadsheet.
3. A brief account mapping sufficient to understand which line items make up revenue, COGS, and marketing expenditures in the produced summaries.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.

4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 22

Plaintiffs' Motion as to RFP No. 22 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Complete Conferral on This Request.

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 22. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id*., Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint

stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id*. ¶ 4; *id*., Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith

analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 22, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 22 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 22 fails because (1) the request seeks merits- and remedies-driven financial statements outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) Plaintiffs overstate the relevance of profit and loss and financial statements to any Rule 23 requirement, (3) the request is overbroad and disproportionate under Rule 26(b)(1) to the extent it seeks confidential and competitively sensitive financial information untethered from Plaintiffs' pleaded theories, (4) Plaintiffs' reliance on *Dukes* and *Amgen* does not authorize premature damages and disgorgement discovery at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including

proportionality, scope, and confidentiality, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside the Proper Scope of Phase 1 Discovery.*** *First*, RFP No. 22 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. Plaintiffs agreed that Phase 1 discovery would be limited to class-certification issues (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for financial statements, profit-and-loss statements, and summaries reflecting revenue, cost of goods sold, and marketing expenditures is directed to merits and remedies issues—such as damages, restitution, and disgorgement—not to whether Rule 23's requirements can be satisfied. Compelling this discovery at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Overstated Relevance to Rule 23 Issues.*** *Second*, Plaintiffs overstate the relevance of product-level financial statements to class-certification issues. While Plaintiffs invoke damages feasibility and disgorgement theories, detailed financial statements and P&Ls go to the magnitude of potential recovery, not to numerosity, commonality, or predominance. Rule 26(b)(1) does not permit compelled discovery of sensitive financial records where their relevance to Rule 23 inquiries is, at best, attenuated.

***Confidential and Competitively Sensitive Financial Information***. *Third*, RFP No. 22 seeks confidential, proprietary, and competitively sensitive financial information, including internal revenue, margin, cost, and marketing-spend data. Plaintiffs have not shown that disclosure of such information is proportional to the needs of the case under Rule 26(b)(1), particularly at the pre-certification stage. While Arcadia does not contend that confidentiality alone bars discovery, relevance and proportionality are threshold requirements that Plaintiffs have not satisfied here. Plaintiffs' invocation of the protective order does not cure these defects, particularly where the protective order was not entered until January 10 due to Plaintiffs' unexplained delay after Arcadia inquired about its status.

***Dukes and Amgen Do Not Justify Premature Financial Discovery.*** *Fourth*, Plaintiffs' reliance on *Dukes*, 564 U.S. at 351 and *Amgen*, 568 U.S. at 466 does not support compelling production of financial statements at this stage. Those cases recognize that some merits issues may overlap with class certification, but they do not authorize premature discovery directed principally at damages, restitution, or disgorgement. Plaintiffs' request is aimed at remedies, not at resolving any common issue capable of driving class certification.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 22. Plaintiffs dismiss Arcadia's proportionality and confidentiality objections with generalized assertions about protective orders and "summary" production, without grappling with whether the requested financial records are discoverable in the first instance. Plaintiffs likewise fail to address the overbreadth of seeking "all" financial statements and P&Ls relating to the PRODUCT. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 22.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is disproportionate under Rule 26(b)(1); seeks confidential and competitively sensitive financial statements primarily relevant to damages and disgorgement rather than class certification; and exceeds the proper scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that product-level financial statements are necessary to resolve any Rule 23 requirement.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies

issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

### W. Request for Production No. 23

All business plans, forecasts, or projections that include estimated or actual REVENUE figures for the PRODUCT during the CLASS PERIOD.

#### 1. Arcadia's Response to Request for Production No. 23

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as calling for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks 'all business plans, forecasts, or projections' without limitation as to whether such documents are relevant to the claims or defenses in this action. Arcadia objects to this Request as vague and ambiguous to the extent it uses the terms "business plans, forecasts, or projections" without definition. Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action-which Arcadia believes it should not do-discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 23**

RFP No. 23 seeks business plans, forecasts, or projections that include estimated or actual revenue figures for the PRODUCT during the class period. These materials are relevant to sales scale, anticipated demand, and classwide remedies feasibility, and they are proportional because the request is limited to plans or forecasts that actually include PRODUCT revenue figures. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "not relevant" and "reasonably calculated" objections do not defeat discovery under Rule 26(b)(1). Arcadia's vagueness objections to "business plans," "forecasts," and "projections" are not a basis to refuse production because those are ordinary business terms, and Arcadia can identify responsive documents under a reasonable construction and state whether it is withholding any materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). Arcadia's confidentiality objection is addressed by the entered protective order. Arcadia's pre-certification objection is self-defeating because forecast and plan materials that bear on certification and remedies are discoverable even if they overlap with merits. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50. The mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 23**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 23 to a targeted production sufficient to show product specific plans or forecasts. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Product level business plans, annual plans, operating plans, or forecasts that include estimated or actual revenue figures for the PRODUCT during the class period.
2. If Arcadia does not maintain product specific plans, then the portions of broader plans that include product line revenue figures for the PRODUCT, or a written confirmation that no such product specific forecasts exist.
3. The ordinary course forecast reports or dashboards used to project product revenue, limited to the PRODUCT.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.
4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of

production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.

5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 23

Plaintiffs' Motion as to RFP No. 23 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Complete Conferral on This Request.

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 23. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id.*, Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a

certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id*. ¶ 4; *id*., Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served

joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 23, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 23 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 23 fails because (1) the request seeks merits- and damages-driven business plans, forecasts, and projections outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) RFP No. 23 is facially overbroad and disproportionate under Rule 26(b)(1) in demanding "all" plans/forecasts/projections that include product revenue figures, (3) the undefined terms "business plans," "forecasts," and "projections" render the request vague and ambiguous and Plaintiffs' post-hoc characterization as "ordinary business terms" does not cure that defect, (4) the request seeks confidential and competitively sensitive forward-looking financial information for which Plaintiffs have not shown proportional need at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including time-period, scope, and pre-certification limitations, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

Outside the Proper Scope of Phase 1 Discovery. First, RFP No. 23 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Business plans, forecasts, and projections reflecting internal revenue expectations are quintessential merits and damages materials directed to Arcadia's internal financial planning, not to whether Rule 23's requirements can be satisfied. As pleaded, Plaintiffs' certification theories focus on consumer-facing labeling and alleged reliance, not Arcadia's internal forward-looking revenue projections. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting broad merits discovery before class certification is decided.

***Overbroad and Disproportionate Financial Discovery.*** *Second*, Arcadia properly objected to RFP No. 23 as facially overbroad and disproportionate under Rule 26(b)(1). The request seeks "all business plans, forecasts, or projections" that include revenue figures, without meaningful limitation as to subject matter, audience, or purpose, and would sweep in a wide array of internal strategic and financial planning materials untethered from Plaintiffs' pleaded claims. Rule 34 does not require a responding party to rewrite an overbroad request or guess at a narrower construction.

***Vague and Ambiguous Request.*** *Third,* Arcadia properly objected to RFP No. 23 as vague and ambiguous because the terms "business plans," "forecasts," and "projections" are undefined and reasonably susceptible to multiple materially different meanings, ranging from high-level corporate strategy decks to informal internal analyses. Plaintiffs' after-the-fact assertion that these are "ordinary business terms" confirms the ambiguity Arcadia identified and does not cure the defect. Rule 34 requires requests to describe documents with reasonable particularity and does not obligate Arcadia to select among competing interpretations.

***Confidential and Competitively Sensitive Financial Information.*** *Fourth*, RFP No. 23 seeks confidential, proprietary, and competitively sensitive financial materials reflecting Arcadia's internal revenue expectations and strategic planning. Plaintiffs have not shown that disclosure of such forward-looking financial information is proportional to the needs of the case at the pre-certification stage. Plaintiffs' reliance on *Dukes*, 564 U.S. at 351 and *Amgen*, 568 U.S. at 466 is misplaced; those decisions do not authorize premature merits or damages discovery untethered from Rule 23 requirements or the Court's phased discovery limits.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's objections that the request seeks documents outside the relevant time period and scope of the Second Amended Complaint and improperly presumes class certification. Plaintiffs' generalized invocation of the protective order does not justify compelling production of materials that are not relevant or proportional in the first instance. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 23.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is overbroad, vague, and disproportionate under Rule 26(b)(1); seeks confidential and competitively sensitive forward-looking financial plans, forecasts, and projections untethered from Plaintiffs' pleaded labeling-based theories; and exceeds the agreed scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that Arcadia's internal business planning materials are relevant to any Rule 23 requirement or necessary to decide class certification.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase

1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

**X. Request for Production No. 24**

All DOCUMENTS supporting, evidencing, or RELATING TO any cost-benefit analysis, return on investment (ROI), or profitability study concerning the PRODUCT.

**1. Arcadia's Response to Request for Production No. 24**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as calling for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Arcadia objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all DOCUMENTS supporting, evidencing, or RELATING TO any cost-benefit analysis, return on investment (ROI), or profitability study" without limitation as to whether such documents are relevant to the claims or defenses in this action. *Glaukos Corp.*, 2019 WL 1960270 at *3 ("all documents" requests for production are overly broad). Arcadia objects to this Request to the extent it seeks documents outside the relevant time period or scope of the allegations in the Second Amended Complaint. Arcadia objects to this Request to the extent it seeks documents containing confidential, proprietary, trade secret, or competitively sensitive financial information. Arcadia objects to this Request to the extent it presumes that Plaintiff will obtain class certification and seeks information beyond the current scope of this action. Unless and until the Court certifies this case as a class action-which Arcadia believes it should not do-discovery should remain confined to issues relevant to Plaintiff's individual claims and to class certification issues. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making

the certification decision"). Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Further Response and Production as to Request for Production No. 24**

RFP No. 24 seeks documents supporting or relating to cost-benefit analyses, ROI analyses, or profitability studies concerning the PRODUCT. These materials are relevant to Arcadia's internal evaluation of the PRODUCT's profitability and the economic impact of its marketing and sales, which bears on classwide remedies and the feasibility of damages or restitution models. The request is proportional because Arcadia can satisfy it by producing the non-privileged studies and analyses it maintains in the ordinary course, and those documents are uniquely within Arcadia's control. *See* Fed. R. Civ. P. 26(b)(1).

Arcadia's "not relevant" and "reasonably calculated" objections do not defeat discovery under Rule 26(b)(1). Its "all documents" objection, including reliance on *Glaukos*, does not justify withholding everything, at most it supports a proportional narrowing to the actual ROI and profitability studies maintained or relied upon, rather than a refusal to produce. *See Glaukos*, 2019 WL 1960270, at *3. Arcadia's confidentiality objection is addressed by the entered protective order. Arcadia's pre-certification objection is self-defeating because these analyses bear on certification and remedies, and merits overlap is permitted to the extent it informs certification. *Dukes*, 564 U.S. at 351; *Amgen*, 568 U.S. at 466. And Arcadia bears the burden to support and explain its discovery objections, boilerplate objections do not carry that burden. *O'Connell*, 245 F.R.D. at 649–50. Arcadia must state whether it is withholding responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). The mediation-based objection is moot.

**a. Parties Exhausted Conferral on Request for Production No. 24**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences,

Arcadia has maintained its objections and has not produced any documents. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed narrowing RFP No. 24 to a targeted production sufficient to show ROI and profitability analyses for the PRODUCT. Plaintiffs proposed that Arcadia produce, at minimum, documents sufficient to show:

1. Any ROI, cost benefit, profitability, or post campaign analyses for major campaigns or programs relating to the PRODUCT during the class period, including dashboards or standard reports.
2. Any product profitability studies used internally to evaluate the PRODUCT"s performance, including contribution margin studies if that is the form maintained.
3. If Arcadia does not maintain ROI analyses for the PRODUCT, a written confirmation stating that no such studies exist.

**c. Plaintiffs' Requested Court Order as to this Request**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 34(b)(2)(B)–(C), including a clear statement whether any responsive materials are being withheld on the basis of each objection and describing the scope of any withholding.
2. **Production deadline.** Within seven (7) days of the Court's order, Arcadia shall produce all non-privileged documents responsive to this Request. Arcadia's production shall include documents sufficient to show the items identified in Plaintiffs' Proposed Resolution (subsection d above).
3. **Time period.** Arcadia shall respond and produce for the time period stated in this Request. Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow production.

4. **Privilege log.** To the extent Arcadia withholds any responsive documents based on attorney-client privilege or work product, Arcadia shall provide a Fed. R. Civ. P. 26(b)(5)(A) privilege log within seven (7) days (or within seven (7) days of production, if later), sufficient to evaluate the basis for the claim without revealing privileged content.
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFP No. 24

Plaintiffs' Motion as to RFP No. 24 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Complete Conferral on This Request.

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFP No. 24. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id.*, Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint

stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id*. ¶ 4; *id*., Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith

analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFP No. 24, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Production No. 24 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel further responses and production as to RFP No. 24 fails because (1) the request seeks merits- and remedies-driven internal financial analyses outside the agreed scope of Phase 1 discovery limited to class-certification issues, (2) Plaintiffs overstate the relevance of cost-benefit, ROI, and profitability analyses to any Rule 23 requirement, (3) the request is disproportionate under Rule 26(b)(1) to the extent it seeks confidential and competitively sensitive internal financial analyses untethered from Plaintiffs' pleaded labeling-based theories, (4) Plaintiffs' reliance on Dukes and Amgen does not authorize premature remedies discovery at the pre-certification stage, and (5) Plaintiffs do not meaningfully address Arcadia's additional objections, including

proportionality, confidentiality, and scope, each of which independently warrants denial of the motion. In short, Arcadia's response is sufficient.

***Outside the Proper Scope of Phase 1 Discovery***. *First*, RFP No. 24 seeks discovery that exceeds the scope of Phase 1 discovery authorized by the Court. *Plaintiffs themselves agreed that Phase 1 discovery would be limited to class-certification issues* (Joint Rule 26(f) Status Report (ECF No. 39) at 6), and the Court's July 10, 2025 Scheduling Order (ECF No. 41) expressly provides for such phased discovery. Plaintiffs' demand for cost-benefit analyses, ROI studies, and profitability analyses goes to merits and remedies issues—such as internal financial performance, investment justification, and profitability—not to whether Rule 23's requirements can be satisfied. Compelling production of such materials at this stage would contravene the Court's Phase 1 limitation and improperly collapse phased discovery by permitting merits discovery before class certification is decided.

***Overstated Relevance to Rule 23 Issues.*** *Second*, Plaintiffs overstate the relevance of Arcadia's internal cost-benefit, ROI, and profitability analyses to class-certification issues. Such analyses are directed to Arcadia's internal financial decision-making and remedies-related issues, not to commonality, predominance, or any other Rule 23 requirement. Plaintiffs do not explain why these internal financial evaluations are necessary to resolve class certification as opposed to later merits proceedings. Rule 26(b)(1) does not permit compelled discovery of internal financial analyses where their relevance to class certification is attenuated at best.

***Confidential and Competitively Sensitive Financial Information.*** *Third*, RFP No. 24 seeks confidential, proprietary, and competitively sensitive internal financial analyses concerning the PRODUCT, including internal profitability assessments and ROI evaluations. Plaintiffs have not shown that disclosure of such information is proportional to the needs of the case under Rule 26(b)(1), particularly at the pre-certification stage. While Arcadia does not contend that confidentiality alone bars discovery, relevance and proportionality are threshold requirements that Plaintiffs have not satisfied here. Plaintiffs'

reliance on the protective order does not cure these defects, particularly where the protective order was not entered until January 10 due to Plaintiffs' unexplained delay after Arcadia inquired about its status.

***Plaintiffs' Reliance on Dukes and Amgen Is Misplaced.*** *Fourth*, Plaintiffs' reliance on Dukes, 564 U.S. at 351 and Amgen, 568 U.S. at 466 does not support compelled production here. Those decisions permit limited merits discovery only to the extent it is necessary to resolve class-certification issues. They do not authorize broad discovery into internal profitability analyses and ROI studies that primarily bear on damages and remedies rather than Rule 23 requirements.

***Failure to Address Additional Objections.*** *Finally*, Plaintiffs do not meaningfully address Arcadia's additional objections to RFP No. 24. Plaintiffs dismiss Arcadia's proportionality and confidentiality objections with generalized assertions about narrowing and protective orders, without grappling with whether the requested internal financial analyses are discoverable in the first instance during Phase 1. Each of these unaddressed objections independently supports denial of the motion to compel.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFP No. 24.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the request is disproportionate under Rule 26(b)(1); seeks confidential and competitively sensitive internal financial analyses primarily relevant to remedies rather than class certification; and exceeds the proper scope of Phase 1 discovery limited to class-certification issues. Plaintiffs have not shown that cost-benefit analyses, ROI studies, or profitability evaluations are necessary to resolve any Rule 23 requirement.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies

issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate.

## III. DISPUTE RESOLUTION: PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS.

### A. Request for Admission No. 1

Admit that YOU manufacture, market, and sell FUNGI-NAIL PRODUCTS in the United States.

#### 1. Arcadia's Response to Request for Admission No. 1

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "FUNGI-NAIL PRODUCTS" without clarifying whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof. Arcadia objects to this Request to the extent it seeks an admission that Arcadia 'markets' FUNGI-NAIL PRODUCTS without defining that term, as 'markets' is vague and could encompass a broad range of activities beyond the scope of the claims and defenses in this action. Arcadia objects to the term "FUNGI-NAIL PRODUCTS" as overbroad and ambiguous insofar it includes products that were not purchased by Plaintiff. Arcadia objects to this Request as compound, conjunctive and/or disjunctive. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 1**

Request for Admission No. 1 seeks a basic corporate fact that is relevant to Plaintiffs' claims and defenses and is proportional because Rule 36 is designed to narrow what is genuinely disputed and avoid unnecessary proof. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006).

Arcadia's objections do not satisfy Rule 36(a)(4). Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny, and any qualification must fairly respond to the substance of the request. Fed. R. Civ. P. 36(a)(4). Objections are not a substitute for a substantive response, and responses may not be crafted as an exercise in evasion or wordplay. *Farber,* 237 F.R.D. at 256; *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006).

Arcadia objects that "FUNGI-NAIL PRODUCTS" and "markets" are vague and that the request is compound because it uses "manufacture, market, and sell." Those objections underscore why an amended response is required rather than excusing one. Arcadia is obligated to answer under a reasonable construction and, if it cannot admit every clause, it must admit the portions that are true and specifically qualify or deny the remainder. Fed. R. Civ. P. 36(a)(4). If Arcadia contends the request should be limited to particular SKUs or the relevant period, it can state that qualification and admit the narrowed proposition. A refusal to admit or deny based on semantics is improper. *Englund*, 235 F.R.D. at 680–81.

Arcadia also cannot rely on boilerplate "premature" objections to avoid answering. If information reasonably available to Arcadia would permit an admission or denial, Rule 36 requires a substantive response after reasonable inquiry. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245–46 (9th Cir. 1981).

Accordingly, the Court should compel Arcadia to serve a Rule 36-compliant amended response to Request for Admission No. 1, admitting, denying, or specifically

qualifying the request after reasonable inquiry, with any denial or qualification fairly meeting the substance of the request. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 1**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response that admits or denies the request and, if Arcadia contends any qualification is necessary, states it specifically (for example, admitting as to the Fungi-Nail Pen, Ointment, and Liquid products sold during the relevant period, and specifying any narrow qualification).

**c. Plaintiffs' Requested Court Order as to Request for Admission No. 1**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.

3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFA No. 1**

Plaintiffs" Motion as to RFA No. 1 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 1. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 1 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 1 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 1 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 1, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 1, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*,

2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Production No. 1 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 1 fails because (1) the Request is vague, ambiguous, and compound, and therefore improper under Rule 36 as drafted; (2) Rule 36 does not require a responding party to admit a broadly phrased request that conflates undefined terms and multiple propositions; (3) Plaintiffs improperly attempt to use Rule 36 to force Arcadia to adopt Plaintiffs' preferred factual narrative rather than to narrow genuinely disputed issues; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request is Impermissibly Vague, Ambiguous, and Compound.*** *First*, Arcadia properly objected to the terms "Fungi-Nail Products" as ambiguous. It is unclear whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint, or instead to any product bearing the Fungi-Nail name at any time. The Request is also vague as to the term "markets," which is undefined and could encompass a wide range of activities—many of which are not at issue in Plaintiffs' claims. In addition, the Request is compound, bundling together three distinct activities ("manufacture," "market," and "sell") and inviting disputes over partial admissions. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended meaning or to parse an imprecise, multi-part request into discrete admissions. Where, as here, a request is reasonably susceptible to multiple interpretations, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a

different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund,* 235 F.R.D. at 680–81 address evasive responses to *properly framed* requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a *properly framed* request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and compound-request objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Second*, while Plaintiffs argue that Arcadia must answer RFA No. 1 under a "reasonable construction" and, if necessary, admit a narrowed version of the request, Rule 36 imposes no such obligation. Rule 36(a)(4) requires that a responding party fairly respond to the substance of a request—it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations proposed by the requesting party for the first time in a motion to compel. Plaintiffs' position would improperly shift the burden of precision from the requesting party to the responding party. If Plaintiffs intended to seek admissions limited to particular SKUs, time periods, or activities, they were required to draft the request accordingly. Rule 36 does not authorize the Court to compel Arcadia to supply an admission to a different request than the one Plaintiffs actually served.

***Rule 36 Does Not Require a Narrative Admission***. *Third*, Rule 36 is designed to narrow issues by resolving matters that are not genuinely disputed, not to compel a party to adopt an opposing party's characterization of the facts. Plaintiffs' assertion that RFA No. 1 seeks a "basic corporate fact" glosses over the breadth and imprecision of the

Request. Whether Arcadia manufactures, markets, or sells particular products, during particular time periods, and in connection with particular claims are contextual matters that depend on defined terms and scope. Plaintiffs' attempt to collapse those issues into a single, unqualified admission illustrates why the Request is improper under Rule 36.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 1 is vague, ambiguous, overbroad, and compound, and explained why those defects prevent a straightforward admission or denial. Rule 36 permits objections where a request is defective, and it does not require a party to admit or deny a proposition that is unclear on its face. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a poorly framed request that conflates multiple concepts and undefined terms. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the obstacle to admission lies in the drafting of the Request itself.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity and compound nature of the Request, nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to RFA No. 1.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 1.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague, ambiguous, and compound, and therefore improper under Rule 36. It conflates multiple distinct activities ("manufacture," "market,"

and "sell") and uses the undefined term "Fungi-Nail Products" without clarifying the product universe or time period at issue. Rule 36 does not require Arcadia to admit a broadly phrased request that collapses multiple propositions into a single, unqualified admission. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 1, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**B. Request for Admission No. 2**

Admit that FUNGI-NAIL PRODUCTS are sold in pen, ointment, and liquid forms.

**1. Arcadia's Response to Request for Admission No. 2**

Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "FUNGI-NAIL PRODUCTS" without clarifying whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof. Arcadia objects to this Request as vague to the extent it uses the term "sold" without specifying the relevant time period, sales channel, or geographic scope. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request to the extent it seeks information about sales outside of California, because Plaintiff cannot assert nationwide claims based on California law. *See*,

*e.g., Mitchener v. CuriosityStream, Inc.*, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025) ('A plaintiff does not have standing to bring a claim on behalf of a class if he does not have standing to bring it for himself.'). Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 2**

RFA No. 2 asks for a basic corporate fact about the forms in which Arcadia sells Fungi-Nail. Arcadia's objections ignore that Arcadia can admit the forms sold or qualify its answer if it contends one form was not sold at some time. The request is proportional under Rule 26(b)(1) because it narrows the issues and is a proper use of Rule 36(a)(1), which is designed to streamline litigation by establishing what is and is not genuinely disputed. Rule 36 requires a substantive response, the responding party must admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). Objections or qualifications that do not fairly meet the substance of the request are improper, and RFAs are not an exercise in evasion or wordplay. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006).

Arcadia's response is deficient because it does none of what Rule 36 requires. Instead, it asserts boilerplate objections that the request is vague, ambiguous, overbroad, compound, premature due to mediation, and supposedly dependent on Plaintiff's deposition, then offers no Rule 36-compliant answer at all. That approach is precisely what Rule 36 forbids. *Farber,* 237 F.R.D. at 256. Where information readily obtainable

within the responding party's control would permit an admission or denial, Rule 36 requires a substantive response, and a noncompliant response may be treated as an admission. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245–46 (9th Cir. 1981).

None of Arcadia's objections justifies withholding an admission or denial. Arcadia can reasonably interpret "FUNGI-NAIL PRODUCTS" and "sold" in good faith by answering as to the products and conduct alleged in the operative complaint, and any claimed overbreadth can be addressed through a narrow qualification that still fairly meets the substance of the request. Rule 36 requires answers that address what was asked, not reframed questions or categorical avoidance. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006). Arcadia's "premature in light of the upcoming mediation" objection is moot and provides no basis to refuse a Rule 36–compliant response. Rule 36 requires a current, good-faith admission or denial after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). Accordingly, the Court should compel Arcadia to serve an amended response that admits or denies Request for Admission No. 1, and if it denies in whole or in part, the response must fairly meet the substance of the request and specify the portions admitted and denied. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 2**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response within seven (7) days that admits or denies, and if Arcadia

contends it cannot admit each form for every time segment, admits in part and states the qualification with specificity.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFA No. 2**

Plaintiffs' Motion as to RFA No. 2 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is

sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 2. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 2 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 2 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 2 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs

refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 2, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 2, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 2 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 2 fails because (1) the Request is vague and ambiguous as drafted, including as to the terms "Fungi-Nail Products" and "sold"; (2) the Request is overbroad and untethered to any defined time period, geographic scope, or product universe; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses distinct products and sales contexts into a single, unqualified factual proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a narrowing construction proposed for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request is Impermissibly Vague, Ambiguous, and Overbroad***. *First*, Rule 36 does not require a party to admit or deny a request that is vague or ambiguous. First, as

Arcadia explained in its response, the term "Fungi-Nail Products" is ambiguous. It is unclear whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint, or instead to any product bearing the Fungi-Nail name at any time. That ambiguity is particularly significant here, where the Request seeks an admission about the forms in which "Fungi-Nail Products" are "sold," without identifying which products, during which time periods, or in what markets. The Request is also vague as to the term "sold," which is undefined and could refer to sales in different channels, jurisdictions, or timeframes. As drafted, the Request is not limited to California, is not tied to the class period, and is not confined to the products or conduct alleged in the operative complaint. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to supply an admission to a request that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.,* 237 F.R.D. at 256 and *U.S. ex rel. Englund,* 235 F.R.D. at 680–81 address evasive responses to *properly framed* requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.,* 669 F.2d at 1245–46 holds that a party may not refuse to answer a *properly framed* request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and compound-request objections; it instead attempts to shift

Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***Rule 36 Does Not Require a Narrative Admission***. *Second*, Rule 36 does not require Arcadia to admit a sweeping factual proposition that collapses multiple products, forms, and sales contexts into a single, unqualified admission. Request for Admission No. 2 asks Arcadia to admit that "Fungi-Nail Products" are sold in pen, ointment, and liquid forms, but does not specify when, where, or as to which products that statement is purportedly true. Whether particular Fungi-Nail Products were sold in particular forms at particular times are contextual matters that depend on defined scope. Plaintiffs' attempt to characterize this Request as a "basic corporate fact" ignores that the Request, as drafted, is not cabined to any relevant period, geography, or product universe. Rule 36 is not a mechanism to force a party to adopt a generalized factual narrative divorced from defined parameters.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue that Arcadia can simply answer the Request under a "reasonable construction" or supply a qualified admission. Rule 36 imposes no such obligation. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request—it does not require the responding party to cure drafting defects or to rewrite an overbroad or ambiguous request under limitations proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission limited to particular products, time periods, or geographic scope, they were required to draft the Request accordingly. Plaintiffs may not shift their burden of precision onto Arcadia by demanding that Arcadia supply a narrowed admission to a different request than the one actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 2 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. Rule 36 permits objections where a request is defective and does not require a party to admit or deny a proposition that is unclear on

its face. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a poorly framed request that lacks defined scope and conflates multiple factual scenarios into a single assertion. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the obstacle to admission lies in the drafting of the Request itself.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity and overbreadth of the Request, nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction—relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 2.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 2.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and ambiguous because it uses the undefined term "Fungi-Nail Products" and does not specify the relevant product universe, time period, or iterations at issue. The Request also improperly seeks an unqualified admission across multiple product forms without limitation. Rule 36 does not require Arcadia to admit a broadly phrased request that collapses potentially different products and timeframes into a single categorical proposition. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 2, despite

Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**C. Request for Admission No. 3**

Admit that the name "FUNGI-NAIL" appears on the product packaging for all forms of the PRODUCT.

**1. Arcadia's Response to Request for Admission No. 3**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "all forms of the PRODUCT" without defining whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof, and that it is unduly burdensome to the extent it seeks information beyond the scope of products at issue in this action. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 3**

RFA No. 3 is a simple branding fact central to uniformity and exposure. Arcadia's objections do not excuse a Rule 36 answer. Arcadia's objections ignore that Arcadia can admit the whether the name "FUNGI-NAIL" on all forms of the product at issue. The request is proportional under Rule 26(b)(1) because it narrows the issues and is a proper use of Rule 36(a)(1), which is designed to streamline litigation by establishing what is and is not genuinely disputed. Rule 36 requires a substantive response, the responding party must admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). Objections or qualifications that do not fairly meet the substance of the request are improper, and RFAs are not an exercise in evasion or wordplay. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006).

Arcadia's response is deficient because it does none of what Rule 36 requires. Instead, it asserts boilerplate objections that the request is vague, ambiguous, overbroad, compound, premature due to mediation, and supposedly dependent on Plaintiff's deposition, then offers no Rule 36-compliant answer at all. That approach is precisely what Rule 36 forbids. *Farber,* 237 F.R.D. at 256. Where information readily obtainable within the responding party's control would permit an admission or denial, Rule 36 requires a substantive response, and a noncompliant response may be treated as an admission. *Asea, Inc. v. S. Pac. Transp. Co*., 669 F.2d 1242, 1245–46 (9th Cir. 1981).

None of Arcadia's objections justifies withholding an admission or denial. Arcadia can reasonably interpret "all forms of the PRODUCT" in good faith by answering as to the products and conduct alleged in the operative complaint, and any claimed overbreadth can be addressed through a narrow qualification that still fairly meets the substance of the request. Rule 36 requires answers that address what was asked, not reframed questions or categorical avoidance. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006). Arcadia's "premature in light of the upcoming mediation" objection is moot and provides no basis to refuse a Rule 36–compliant response. Rule 36 requires a

current, good-faith admission or denial after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). Accordingly, the Court should compel Arcadia to serve an amended response that admits or denies Request for Admission No. 1, and if it denies in whole or in part, the response must fairly meet the substance of the request and specify the portions admitted and denied. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 3**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response within seven (7) days that admits or denies and, if necessary, identifies any SKU or time segment where the "Fungi-Nail" name did not appear.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.

3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFA No. 3**

Plaintiffs' Motion as to RFA No. 3 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 3. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 3 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 3 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 3 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 3, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 3, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*,

2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. Any Case, Arcadia's Response to Request for Admission No. 3 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 3 fails because (1) the Request is vague and ambiguous as drafted, including as to the phrase "all forms of the product"; (2) the Request is overbroad and untethered to any defined product universe, time period, or geographic scope; (3) Rule 36 does not require a responding party to admit a broadly phrased request that conflates undefined terms and multiple iterations of products and packaging into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request is Impermissibly Vague, Ambiguous.*** *First*, Arcadia properly objected that the phrase "all forms of the product" is ambiguous. Plaintiffs do not define what "product" is, which "forms" are included, or whether the Request is limited to the specific product, formulation, and labeling alleged in the Second Amended Complaint or instead sweeps in any iteration of product packaging across time. The Request is also not limited to any relevant time period or geographic scope, and thus would require Arcadia to confirm branding across an undefined range of products and packaging versions. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to admit a proposition that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund,*

235 F.R.D. at 680–81 address evasive responses to *properly framed* requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.,* 669 F.2d at 1245–46 holds that a party may not refuse to answer a *properly framed* request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and compound-request objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Second*, Plaintiffs argue Arcadia can simply admit whether "Fungi-Nail" appears on "all forms" of the product "at issue," but that glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations proposed by the requesting party for the first time in a motion to compel. If Plaintiffs intended to limit the Request to a defined set of SKUs, packaging iterations, time periods, or geographies, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Third*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 3 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that lacks defined scope and would require an unqualified admission about

branding across an undefined set of products and packaging versions. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "all forms of the product" or the Request's lack of any limiting scope, nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 3.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 3.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and ambiguous because it uses the phrase "all forms of the product" without defining the product universe, packaging iterations, or time period at issue. The Request also improperly seeks an unqualified admission regarding branding across potentially different products and packaging versions. Rule 36 does not require Arcadia to admit a broadly phrased request that collapses multiple products and timeframes into a single categorical proposition. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 3, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed

entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**D. Request for Admission No. 4**

Admit that the name "FUNGI-NAIL" was selected to suggest treatment of fungal infections affecting nails."

**1. Arcadia's Response to Request for Admission No. 4**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks confidential or proprietary business information, trade secrets, or commercially sensitive information. Arcadia objects to this Request as vague, ambiguous, and calling for speculation to the extent it seeks to elicit the subjective intent or purpose behind the selection of the product name. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 4**

RFA No. 4 seeks a corporate fact about brand naming and intended message. This bears directly on deception and materiality and is a common issue. Arcadia's objections

do not excuse a Rule 36 answer. Arcadia's objections ignore that Arcadia can admit the what the purposes of the name "FUNGI-NAIL" was chosen for, including to suggest it treats nail fungus. This information is in Arcadia's control and the are the party that made the decision. The request is proportional under Rule 26(b)(1) because it narrows the issues and is a proper use of Rule 36(a)(1), which is designed to streamline litigation by establishing what is and is not genuinely disputed. Rule 36 requires a substantive response, the responding party must admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). Objections or qualifications that do not fairly meet the substance of the request are improper, and RFAs are not an exercise in evasion or wordplay. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006).

Arcadia's response is deficient because it does none of what Rule 36 requires. Instead, it asserts boilerplate objections that the request is vague, ambiguous, overbroad, compound, premature due to mediation, and supposedly dependent on Plaintiff's deposition, then offers no Rule 36-compliant answer at all. That approach is precisely what Rule 36 forbids. *Farber,* 237 F.R.D. at 256. Where information readily obtainable within the responding party's control would permit an admission or denial, Rule 36 requires a substantive response, and a noncompliant response may be treated as an admission. *Asea, Inc. v. S. Pac. Transp. Co*., 669 F.2d 1242, 1245–46 (9th Cir. 1981).

None of Arcadia's objections justifies withholding an admission or denial. Arcadia can reasonably interpret "all forms of the PRODUCT" in good faith by answering as to the products and conduct alleged in the operative complaint, and any claimed overbreadth can be addressed through a narrow qualification that still fairly meets the substance of the request. Rule 36 requires answers that address what was asked, not reframed questions or categorical avoidance. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006). Arcadia's "premature in light of the upcoming mediation" objection is moot and provides no basis to refuse a Rule 36–compliant response. Rule 36 requires a current, good-faith admission or denial after reasonable inquiry. Fed. R. Civ. P. 36(a)(4).

Accordingly, the Court should compel Arcadia to serve an amended response that admits or denies Request for Admission No. 1, and if it denies in whole or in part, the response must fairly meet the substance of the request and specify the portions admitted and denied. Fed. R. Civ. P. 36(a)(4), (a)(6). The protective order ECF No. 55 addresses any confidential or proprietary business information.

**a. Parties Exhausted Conferral on Request for Admission No. 4**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response, after reasonable inquiry, within seven (7) days admitting or denying whether the name was selected to suggest treatment of nail fungus, and if Arcadia contends any qualification applies, stating it with specificity.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended

response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.

3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFA No. 4**

Plaintiffs" Motion as to RFA No. 4 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 4. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for

this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 4 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 4 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 4 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 4, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 4, pursuant to Federal Rule of Civil Procedure

37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 4 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 4 fails because (1) the Request is vague and ambiguous as drafted and calls for speculation regarding subjective intent; (2) the Request improperly seeks an admission concerning alleged purpose or motivation rather than an objective, discrete fact suitable for Rule 36; (3) Rule 36 does not require a responding party to admit a broadly phrased request that conflates branding, intent, and alleged messaging into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Impermissibly Calls for Speculation and Is Vague and Ambiguous.*** *First*, Arcadia properly objected that Request for Admission No. 4 is vague, ambiguous, and calls for speculation because it seeks an admission regarding the subjective intent or purpose behind the selection of the product name. The Request asks Arcadia to admit that the name "Fungi-Nail" "was selected to suggest treatment of fungal infections affecting nails," without defining whose intent is at issue, at what time, or based on what decision-making process. As drafted, the Request could encompass internal deliberations across different personnel, time periods, and branding strategies, and thus does not present a single, clear factual proposition capable of admission or denial. Rule 36 does not require a responding party to speculate about subjective motivations or to distill complex corporate decision-making into a simplified admission untethered from defined scope.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance

does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.,* 237 F.R.D. at 256 and *U.S. ex rel. Englund,* 235 F.R.D. at 680–81 address evasive responses to *properly framed* requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.,* 669 F.2d at 1245–46 holds that a party may not refuse to answer a *properly framed* request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and compound-request objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Seeks Alleged Purpose or Motivation, Not an Objective Fact Properly Addressed by Rule 36.*** *Second*, Request for Admission No. 4 improperly seeks an admission concerning alleged purpose or motivation rather than an objective, discrete fact suitable for resolution under Rule 36. Rule 36 is intended to narrow issues by establishing the truth of concrete facts or the application of law to fact, not to compel admissions regarding subjective intent, messaging, or inferred meaning. Whether a product name was "selected to suggest" a particular treatment claim is inherently interpretive and depends on context, perspective, and inference, not on a single, objectively verifiable fact. Courts routinely reject efforts to use Rule 36 to force admissions about intent or purpose where the request does not present a clear factual proposition capable of unqualified admission or denial.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia can simply admit the "purpose" for which the name "Fungi-Nail" was

selected, but that argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission regarding a specific, defined branding decision made by identified decision-makers during a particular time period, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 4 is vague, ambiguous, and calls for speculation, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an admission regarding subjective intent and alleged messaging without defined scope. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the speculative nature of the Request or its lack of defined scope, nor do they explain how compelling an admission regarding subjective intent would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 4.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 4.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and ambiguous and impermissibly calls for speculation regarding subjective intent. It seeks an admission about the alleged purpose or motivation behind the selection of the product name, without defining whose intent is at issue, when the decision was made, or the scope of the branding decision. Rule 36 does not require Arcadia to admit a broadly phrased request that conflates branding, intent, and inferred messaging into a single, unqualified proposition. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 4, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**E. Request for Admission No. 5**

Admit that the labeling or packaging for FUNGI-NAIL PRODUCTS does not state that the product is approved by the U.S. Food and Drug Administration to treat nail fungus.

**1. Arcadia's Response to Request for Admission No. 5**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "FUNGI-NAIL PRODUCTS" without clarifying whether it refers to the

current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 5**

RFA No. 5 seeks a straightforward, readily verifiable product-labeling fact, whether the labeling or packaging for FUNGI-NAIL PRODUCTS states that the product is approved by the U.S. Food and Drug Administration to treat nail fungus. This bears directly on deception and materiality, and it is a common issue susceptible to uniform proof because Arcadia controls its own packaging statements. The request is proportional under Rule 26(b)(1) because it narrows the issues and is a proper use of Rule 36(a)(1), which is designed to streamline litigation by establishing what is and is not genuinely disputed.

Rule 36 requires a substantive response. Arcadia must admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). Objections or qualifications that do not fairly meet the substance of the request are improper. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006). Arcadia's response is deficient because it does none of what Rule 36 requires. Instead, it lodges boilerplate objections about ambiguity, overbreadth, burden, lack of time period or

geography, prematurity due to mediation, and Plaintiff's deposition, and then provides no admission or denial at all. That is precisely what Rule 36 forbids. *Farber,* 237 F.R.D. at 256. Arcadia's "premature in light of the upcoming mediation" objection is moot and provides no basis to refuse a Rule 36–compliant response. Where information readily obtainable within the responding party's control would permit an admission or denial, Rule 36 requires a substantive answer, and a noncompliant response may be treated as an admission. *Asea, Inc. v. S. Pac. Transp. Co*., 669 F.2d 1242, 1245–46 (9th Cir. 1981).

None of Arcadia's objections justifies withholding an admission or denial. The term "FUNGI-NAIL PRODUCTS" plainly refers to Arcadia's FUNGI-NAIL branded products placed at issue in the operative complaint, and Arcadia can answer in good faith as to the labeling or packaging used for those products. If Arcadia contends that some earlier label, formulation, or packaging version included a statement about FDA approval, Rule 36 does not allow Arcadia to avoid the request wholesale. It must deny, or it must qualify with specificity in a way that fairly meets the substance of the request, for example by identifying that the statement appeared only on certain versions or during a defined period, while admitting the remainder as appropriate. Fed. R. Civ. P. 36(a)(4). Rule 36 requires answers that address what was asked, not categorical avoidance premised on imagined edge cases. U.S. ex rel. *Englund v. Los Angeles County*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006).

**a. Parties Exhausted Conferral on Request for Admission No. 5**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response within seven (7) days that admits or denies and, if necessary, identifies any SKU or time segment where the wording differed.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFA No. 5

Plaintiffs" Motion as to RFA No. 5 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request.

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 5. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 5 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 5 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion

even after Arcadia expressly advised them that RFA No. 5 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 5, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 5, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 5 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 5 fails because (1) the Request is vague and ambiguous as drafted, including as to the term "Fungi-Nail Products"; (2) the Request is overbroad and untethered to any defined product universe, time period, or geographic scope; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses multiple products, labeling iterations, and timeframes into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for

the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

**The Request Is Impermissibly Vague and Ambiguous.** *First*, Arcadia properly objected that Request for Admission No. 5 is vague and ambiguous because it uses the term "Fungi-Nail Products" without defining whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint or instead to any product bearing the Fungi-Nail name at any time. The Request is also overbroad because it is not limited to any relevant time period or geographic scope, and thus would require Arcadia to make an unqualified admission regarding all iterations of labeling or packaging across an undefined range of products and timeframes. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to admit a proposition that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.,* 237 F.R.D. at 256 and *U.S. ex rel. Englund,* 235 F.R.D. at 680–81 address evasive responses to *properly framed* requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.,* 669 F.2d at 1245–46 holds that a party may not refuse to answer a *properly framed* request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and compound-request objections; it instead attempts to shift

Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Is Overbroad and Untethered to Any Time Period or Geographic Scope.*** *Second*, Arcadia properly objected that the Request is overbroad because it is not limited to any relevant time period or geographic scope. As drafted, the Request would require Arcadia to address labeling or packaging across an undefined universe of timeframes, jurisdictions, and distribution channels, rather than a defined set of labels or packaging versions tied to the operative complaint. Rule 36 does not require a responding party to provide a categorical admission to an unbounded request of this nature.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia can simply admit whether its labeling or packaging states that the product is approved by the U.S. Food and Drug Administration to treat nail fungus, or qualify the answer if such a statement appeared at some point. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to limit the Request to particular products, labeling versions, time periods, or jurisdictions, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 5 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding labeling across an undefined universe of products and packaging iterations. Nothing in Rule 36 requires

Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "Fungi-Nail Products" or the Request's lack of any limiting scope, nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 5.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 5.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and ambiguous because it uses the undefined term "Fungi-Nail Products" and does not specify the relevant product universe, labeling iterations, or time period at issue. The Request also improperly seeks an unqualified admission regarding all labeling or packaging across potentially different products and versions. Rule 36 does not require Arcadia to admit a broadly phrased request that collapses multiple products and timeframes into a single categorical proposition. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 5, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed

entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**F. Request for Admission No. 6**

Admit that no FUNGI-NAIL product is approved by the U.S. Food and Drug Administration to treat nail fungus.

**1. Arcadia's Response to Request for Admission No. 6**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term 'FUNGI-NAIL PRODUCT" without clarifying whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof. Arcadia objects to the extent it uses the undefined term 'approved by the U.S. Food and Drug Administration' which may reference any of multiple forms of FDA review. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 6**

Request for Admission No. 6 seeks a straightforward regulatory fact, whether any FUNGI-NAIL product is approved by the FDA to treat nail fungus. The request is relevant to Plaintiffs' claims and defenses and proportional because Rule 36 is designed to narrow what is genuinely disputed and avoid unnecessary proof of facts that can be admitted or denied after reasonable inquiry. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006). Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny, and any qualification must fairly respond to the substance of the request. Fed. R. Civ. P. 36(a)(4).

Arcadia's objections do not justify an objections-only response. If Arcadia contends "FUNGI-NAIL product" should be limited to the products at issue in the operative complaint or to a particular period, Rule 36 requires Arcadia to answer under a reasonable construction and, if necessary, to admit what is true and qualify or deny the remainder with specificity. Fed. R. Civ. P. 36(a)(4); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006). Arcadia's objection that "approved by the FDA" could refer to different forms of FDA review likewise calls for a Rule 36-compliant qualified response, not a refusal to admit or deny. Arcadia may state its reasonable interpretation, admit the portion that is true, and specifically deny the remainder. Fed. R. Civ. P. 36(a)(4).

Arcadia's "overbroad" and "scope" objections also do not excuse a non-answer. This request asks a categorical yes-or-no proposition about approval for a specific indication, it does not ask for sales data, channels, or document production. If Arcadia claims it cannot answer, Rule 36 requires a detailed explanation after reasonable inquiry. Fed. R. Civ. P. 36(a)(4); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245–46 (9th Cir. 1981). Arcadia's "premature mediation" and "deposition-first" statements are not bases to refuse a Rule 36 answer. Accordingly, the Court should compel Arcadia to serve an amended response that admits, denies, or specifically qualifies Request for Admission

No. 6 after reasonable inquiry. Fed. R. Civ. P. 36(a)(4), (a)(6). Arcadia's "premature in light of the upcoming mediation" objection is moot because mediation already passed.

**a. Parties Exhausted Conferral on Request for Admission No. 6**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response within seven (7) days that admits or denies whether any Fungi-Nail product is FDA approved to treat nail fungus, and if Arcadia contends any FDA authorization applies, identifies it and states any temporal qualification.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not

unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.

4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFA No. 6

Plaintiffs" Motion as to RFA No. 6 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 6. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at

763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 6 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 6 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 6 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 6, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 6, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 6 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 6 fails because (1) the Request is vague and ambiguous as drafted, including as to the term "Fungi-Nail product" and the phrase "approved by the U.S. Food and Drug Administration"; (2) the Request is overbroad and untethered to any defined product universe, time period, or geographic scope; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses multiple products, regulatory frameworks, and timeframes into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague and Ambiguous.*** *First*, Arcadia properly objected that Request for Admission No. 6 is vague and ambiguous because it uses the term "Fungi-Nail product" without defining whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint or instead to any product bearing the Fungi-Nail name at any time. The Request is also vague as to the phrase "approved by the U.S. Food and Drug Administration," which may refer to different regulatory pathways, classifications, or forms of FDA review. As drafted, the Request would require Arcadia to admit or deny a proposition without clarity as to the product universe or regulatory meaning at issue. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to admit a proposition that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a

different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Is Overbroad and Untethered to Any Time Period or Geographic Scope.*** *Second*, Arcadia properly objected that the Request is overbroad because it is not limited to any relevant time period or geographic scope. As drafted, the Request would require Arcadia to address FDA approval status across an undefined universe of products, timeframes, and regulatory contexts, rather than a defined set of products tied to the operative complaint. Rule 36 does not require a responding party to provide a categorical admission to an unbounded request of this nature.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia can simply admit whether any Fungi-Nail product is approved by the FDA to treat nail fungus, or qualify the answer if necessary. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission limited to a defined product, regulatory pathway, or time period, they were

required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 6 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding FDA approval across an undefined universe of products and regulatory contexts. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "Fungi-Nail product" or "approved by the U.S. Food and Drug Administration," nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 6.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 6.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and ambiguous because it seeks an unqualified admission regarding FDA approval across an undefined universe of products, regulatory frameworks, and time periods, without clarifying the product universe or the meaning of "approved by the U.S. Food and Drug Administration." Rule 36 does not require Arcadia to admit a broadly phrased request that collapses multiple products,

regulatory pathways, and timeframes into a single categorical proposition. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 6, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**G. Request for Admission No. 7**

Admit that the active ingredient in FUNGI-NAIL PRODUCTS is TOLNAFTATE.

**1. Arcadia's Response to Request for Admission No. 7**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks confidential or proprietary business information, trade secrets, or commercially sensitive information. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "FUNGI-NAIL PRODUCTS" without clarifying whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof. Arcadia also objects to the extent it seeks information outside the relevant geographic scope or time period or that is unrelated to the current formulation and labeling alleged in the Second Amended Complaint. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 7**

Request for Admission No. 7 seeks a basic product-composition fact, whether the active ingredient in FUNGI-NAIL products is tolnaftate. The request is relevant to the claims and defenses and proportional because Rule 36 exists to narrow issues and eliminate unnecessary proof of facts that Arcadia can admit or deny after reasonable inquiry. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *Farber,* 237 F.R.D. at 256. Rule 36 requires a substantive admission, denial, or a detailed statement of inability to admit or deny, and any qualification must fairly meet the substance of the request. Fed. R. Civ. P. 36(a)(4); *Englund*, 235 F.R.D. at 680–81.

Arcadia's confidentiality and trade secret objection does not justify an objections-only response. The request does not seek formulas, percentages, or proprietary processes, it asks a categorical yes-or-no fact about the active ingredient, which is ordinarily disclosed on the Drug Facts panel. If Arcadia contends the answer varies by SKU or time, Rule 36 requires Arcadia to admit what is true and qualify or deny the remainder with specificity, not to refuse to answer. Fed. R. Civ. P. 36(a)(4). Arcadia's "iteration," time-period, and geographic-scope objections likewise do not excuse a non-answer. If Arcadia believes a limitation is appropriate, it must be stated as a qualification that still fairly meets the substance of the request. *Englund*, 235 F.R.D. at 680–81.

Arcadia's "premature mediation" and "deposition-first" statements are not bases to avoid Rule 36 compliance. Where information reasonably obtainable within Arcadia's

control would permit an admission or denial, Rule 36 requires a substantive response after reasonable inquiry. *Asea*, 669 F.2d at 1245–46. The Court should compel Arcadia to serve an amended Rule 36-compliant response to Request for Admission No. 7. Fed. R. Civ. P. 36(a)(4), (a)(6). Arcadia's "premature in light of the upcoming mediation" objection is moot because mediation already passed.

**a. Parties Exhausted Conferral on Request for Admission No. 7**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response within seven (7) days that admits or denies and, if necessary, identifies any SKU or time segment where tolnaftate was not the active ingredient.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.

3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFA No. 7

Plaintiffs" Motion as to RFA No. 7 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 7. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 7 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 7 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 7 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 7, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 7, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*,

2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 7 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 7 fails because (1) the Request is vague and ambiguous as drafted, including as to the term "Fungi-Nail products"; (2) the Request is overbroad and untethered to any defined product universe, time period, or geographic scope; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses multiple products, formulations, and timeframes into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague and Ambiguous.*** *First*, Arcadia properly objected that Request for Admission No. 7 is vague and ambiguous because it uses the term "Fungi-Nail products" without defining whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint or instead to any product bearing the Fungi-Nail name at any time. As drafted, the Request would require Arcadia to admit or deny a proposition about the "active ingredient" across an undefined set of products and formulations, without clarity as to which SKUs, formulations, or labeling iterations are at issue. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to admit a proposition that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a

different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Is Overbroad and Untethered to Any Time Period or Geographic Scope.*** *Second*, Arcadia properly objected that the Request is overbroad because it is not limited to any relevant time period or geographic scope. As drafted, the Request would require Arcadia to address the identity of the "active ingredient" across an undefined universe of products, formulations, and timeframes, rather than a defined set of products tied to the operative complaint. Rule 36 does not require a responding party to provide a categorical admission to an unbounded request of this nature.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia can simply admit whether tolnaftate is the active ingredient in Fungi-Nail products, or qualify the answer if necessary. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission limited to a defined SKU, formulation, or time period, they were required to draft the Request accordingly.

Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 7 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding product composition across an undefined universe of products and formulations. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "Fungi-Nail products" or the Request's lack of any limiting scope, nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 7.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 7.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and ambiguous because it seeks an unqualified admission regarding the "active ingredient" across an undefined universe of products, formulations, and time periods, without clarifying the product universe or labeling iterations at issue. Rule 36 does not require Arcadia to admit a broadly phrased request that collapses potentially different products and formulations into a single

categorical proposition, and Plaintiffs have not shown that compelling such an admission would meaningfully narrow any genuinely disputed issue relevant to class certification. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 7, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**H. Request for Admission No. 8**

Admit that TOLNAFTATE is not approved by the U.S. Food and Drug Administration to treat onychomycosis (nail fungus).

**1. Arcadia's Response to Request for Admission No. 8**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request as vague and ambiguous to the extent it uses the undefined term 'approved by the U.S. Food and Drug Administration' which may reference any of multiple forms of FDA review. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request to the extent it seeks information equally accessible to Plaintiff. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 8**

Request for Admission No. 8 seeks a discrete regulatory fact, whether tolnaftate is approved by the FDA to treat onychomycosis. The request is relevant and proportional because it narrows a key disputed premise without forcing needless proof, which is the core purpose of Rule 36. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *Farber,* 237 F.R.D. at 256. Rule 36 requires Arcadia to admit, deny, or explain in detail why it cannot truthfully admit or deny after reasonable inquiry. Fed. R. Civ. P. 36(a)(4).

Arcadia's "approved by the FDA" ambiguity objection does not justify a refusal to answer. If Arcadia contends multiple FDA pathways matter, Rule 36 still requires a response under a reasonable construction, and Arcadia must admit what is true and qualify or deny the remainder with specificity. Fed. R. Civ. P. 36(a)(4); *Englund*, 235 F.R.D. at 680–81. Arcadia's "equally accessible" objection is also not a basis to avoid a Rule 36 response. Rule 36 imposes an affirmative obligation on Arcadia to make a reasonable inquiry and then admit or deny. Fed. R. Civ. P. 36(a)(4); *Asea*, 669 F.2d at 1245–46.

Arcadia's "overbroad," time-period, geographic-scope, "premature mediation," and deposition-related statements likewise do not excuse an objections-only response to a categorical regulatory proposition. If Arcadia claims it cannot answer, it must state in detail why, after reasonable inquiry. Fed. R. Civ. P. 36(a)(4). The Court should compel Arcadia to serve a Rule 36-compliant amended response to Request for Admission No. 8.

Fed. R. Civ. P. 36(a)(4), (a)(6). Arcadia's "premature in light of the upcoming mediation" objection is moot because mediation has already passed.

**a. Parties Exhausted Conferral on Request for Admission No. 8**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed an amended Rule 36-compliant response within seven (7) days admitting or denying whether tolnaftate is FDA approved to treat onychomycosis, and, if Arcadia contends any authorization applies, specifying it.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not

unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.

4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).

5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFA No. 8

Plaintiffs" Motion as to RFA No. 8 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 8. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at

763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 8 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 8 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 8 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 8, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 8, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 8 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 8 fails because (1) the Request is vague and ambiguous as drafted, including as to the phrase "approved by the U.S. Food and Drug Administration"; (2) the Request is overbroad and untethered to any defined regulatory framework, time period, or geographic scope; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses multiple regulatory pathways, classifications, and timeframes into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague and Ambiguous.*** *First*, Arcadia properly objected that Request for Admission No. 8 is vague and ambiguous because it uses the phrase "approved by the U.S. Food and Drug Administration" without defining the regulatory meaning Plaintiffs intend to invoke. As drafted, the Request does not specify whether Plaintiffs are referring to approval under a particular statutory pathway, drug classification, or regulatory regime, or whether they intend to collapse multiple forms of FDA review into a single concept of "approval." The Request therefore fails to present a single, clear factual proposition capable of admission or denial. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended regulatory meaning or to admit a proposition that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund*,

235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Is Overbroad and Untethered to Any Time Period or Geographic Scope.*** *Second*, Arcadia properly objected that the Request is overbroad because it is not limited to any relevant time period or geographic scope. As drafted, the Request would require Arcadia to address the FDA approval status of tolnaftate for the treatment of onychomycosis across an undefined range of timeframes and regulatory contexts, rather than a defined regulatory posture relevant to the operative complaint. Rule 36 does not require a responding party to provide a categorical admission to an unbounded request of this nature.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia can simply admit whether tolnaftate is approved by the FDA to treat onychomycosis, or qualify the answer if multiple regulatory pathways exist. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission tied to a particular regulatory definition, approval pathway,

or timeframe, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth,* Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 8 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete regulatory fact within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding FDA approval under an undefined regulatory framework. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "approved by the U.S. Food and Drug Administration," nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 8.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 8.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and ambiguous because it seeks an unqualified admission regarding whether tolnaftate is "approved by the U.S. Food and Drug Administration," without defining the regulatory framework, approval pathway, or time period at issue. Rule 36 does not require Arcadia to admit a broadly phrased request

that collapses multiple regulatory contexts and timeframes into a single categorical proposition. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 8, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**I. Request for Admission No. 9**

Admit that consumers purchase FUNGI-NAIL PRODUCTS with the expectation that the PRODUCTS will treat or cure nail fungus.

**1. Arcadia's Response to Request for Admission No. 9**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. To the extent this Request seeks a legal conclusion, Arcadia is not required to respond. *See, e.g., Music Grp. Macao Comm. Offshore Ltd. v. Foote*, 2015 WL 579688, at *2 (N.D. Cal. Feb. 11, 2015) (party is "not bound to answer" an RFA requesting a legal conclusion and "properly object[s] on the ground that it calls for a legal conclusion."). To the extent this Request seeks admissions of fact, Arcadia objects to this Request as vague, ambiguous, overbroad, and calling for speculation to the extent it seeks to elicit the expectations, beliefs, or states of mind of unspecified "consumers." Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because

it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Arcadia's Supplemental Response to Request for Admission No. 9**

Subject to and without waiving the foregoing objections, Arcadia responds as follows: Arcadia admits that customers have unique subjective expectations about the reasons for making purchase decisions. Unless otherwise stated, Arcadia denies this Request.

**3. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 9**

Request for Admission No. 9 seeks an admission relevant to the claims and defenses and proportional because it targets a central consumer-takeaway issue and is intended to narrow what is genuinely disputed. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *Farber,* 237 F.R.D. at 256. Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry, and any qualification must fairly meet the substance of the request. Fed. R. Civ. P. 36(a)(4); *Englund*, 235 F.R.D. at 680–81.

Arcadia's "legal conclusion" objection does not excuse a nonresponsive answer. Even if Arcadia believes the request implicates a mixed question, Rule 36 still requires Arcadia to answer to the extent the matter can be admitted or denied after reasonable inquiry, or to provide a specific qualification that fairly responds to the substance. Fed. R. Civ. P. 36(a)(4). Arcadia's "speculation about consumers" and scope objections likewise do not justify avoiding a meaningful response. If Arcadia contends consumer expectations vary, Rule 36 requires a denial or a qualified response that admits any portion Arcadia can truthfully admit and specifies any limitation, not a refusal to engage with the request. *Englund*, 235 F.R.D. at 680–81.

Arcadia's supplemental response remains deficient because it offers a generalized truism about "unique subjective expectations" and then issues a blanket denial "unless otherwise stated," without fairly meeting the substance of the request or reflecting the reasonable inquiry Rule 36 requires. Fed. R. Civ. P. 36(a)(4); *Farber,* 237 F.R.D. at 256.

Where readily obtainable information would permit a meaningful admission, denial, or qualification, Arcadia must respond substantively after reasonable inquiry and may not use boilerplate objections, reservations, or abstraction to avoid narrowing the issues. *Asea*, 669 F.2d at 1245–46. Accordingly, the Court should compel Arcadia to serve an amended Rule 36-compliant response that admits, denies, or specifically qualifies Request for Admission No. 9 after reasonable inquiry. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 9**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution. Arcadia served a supplemental response only as to Request for Admission No. 9 on October 31, 2025, but the supplemental response does not resolve the dispute. *See* Coelho Decl. ¶¶ 10–11, Ex. 9.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed an amended Rule 36-compliant response within seven (7) days that admits or denies and, if Arcadia contends any qualification applies, states it with specificity.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.

2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**4. Arcadia's Reasons to Deny Motion as to RFA No. 9**

Plaintiffs" Motion as to RFA No. 9 fails because (1) Plaintiffs failed to meaningfully confer with Arcadia regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Complete Conferral on This Request.**

Plaintiffs did not satisfy the good-faith conferral requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 9. While the parties held a conference of counsel and Plaintiffs identified a subset of Arcadia's responses they wished to dispute, Plaintiffs did not complete the meet-and-confer process as to those disputes. After Arcadia responded substantively, explained why Plaintiffs' cited authorities were inapposite, and requested the additional information and follow-up that

meaningful conferral requires, Plaintiffs ceased communicating and instead proceeded directly to motion practice. (Bae Decl. ¶ 4, *id*., Ex. A at 3.)

Local Rule 37-1 requires that, before filing any discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and it places the responsibility on the moving party to arrange that conference. *See, e.g.*, *Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before L.R. 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes"). Fed. R. Civ. P. 37(a)(1) likewise requires a certification that the movant "has in good faith conferred or attempted to confer" to obtain the discovery "without court action." These requirements are not satisfied where one party engages substantively, responds to the authorities cited, and invites further discussion and narrowing, but the moving party does not participate further and instead proceeds unilaterally to motion practice.

Here, Plaintiffs' own correspondence confirms that Plaintiffs raised only a limited set of disputes during the parties' conference (RFP 10, 14, 16, 17, 19, 21–24, and RFA 9) and, as part of that conference, Arcadia requested Plaintiffs' legal authority supporting the relevance and proportionality of the challenged requests. (Bae Decl. ¶ 4, *id*., Ex. A at 3–4.) Plaintiffs provided cases for certain requests, but there was no opportunity to address those authorities during the conference. (Bae Decl. ¶ 2.) Arcadia therefore did what Local Rule 37-1 contemplates: after reviewing Plaintiffs' authorities, Arcadia followed up in writing with a substantive, request-by-request response explaining why Plaintiffs' cited cases were inapposite or did not support Plaintiffs' positions, identifying where Arcadia believed Plaintiffs' characterization of the authorities was incorrect, and inviting Plaintiffs to provide any additional, on-point authority or to engage further on narrowing and resolution. (*Id*. ¶ 4; *id*., Ex. A at 3–4.)

Despite the Parties' ongoing conferral as to these requests, Plaintiffs' counsel never responded to Arcadia's specific requests for supporting legal authority. (Bae Decl. ¶ 4.) They did not address Arcadia's request-specific points, did not provide additional authority, did not propose any narrowing that would "eliminate as many of the disputes as possible," and did not arrange a further conference to resolve the parties' remaining disagreements. Instead, Plaintiffs filed their motion to compel. That sequence is the opposite of the cooperative process Local Rule 37-1 and Rule 37(a)(1) require: where one side identifies alleged authority and the other side responds with a detailed, good-faith analysis and requests further discussion and support, the moving party cannot simply ignore that effort and claim "exhausted conferral." *See Green Crush, LLC*, 2019 WL 8640652 at *6 (denying motion to compel and awarding sanctions where plaintiff served joint stipulation before Local Rule 37-1 conferral was complete—"it defeats the very purpose of Local Rule 37 for the moving party to circulate its portion of the joint stipulation before the parties have even discussed the disputes").

Because Plaintiffs declined to engage after Arcadia's substantive follow-up and invitation to continue conferring, Plaintiffs' motion is not ripe as to these Requests and should be denied on procedural grounds alone. *Green Crush*, 2019 WL 8640652 at *6. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 9, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party); *Green Crush*, 2019 WL 8640652 at *6 (same).

**b. In Any Case, Arcadia's Response to Request for Admission No. 9 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 9 fails because (1) the Request is vague, ambiguous, and overbroad as drafted, including as to the undefined term "consumers" and the phrase "with the expectation that the products will treat or cure nail fungus"; (2) the Request improperly seeks an admission concerning the subjective beliefs, expectations, or states of mind of an undefined group of third parties; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses individualized consumer motivations into a single, categorical proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections, coupled with its supplemental response, violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague, Ambiguous, and Calls for Speculation.*** *First*, Arcadia properly objected that Request for Admission No. 9 is vague and ambiguous because it uses the undefined term "consumers" and seeks an admission about their "expectation" that the products will "treat or cure nail fungus," without defining whose expectations are at issue, during what time period, or in what purchasing context. As drafted, the Request would require Arcadia to speculate about the subjective beliefs and motivations of an unspecified and heterogeneous group of third parties. Rule 36 does not obligate a responding party to speculate about the mental states or expectations of unidentified consumers, nor does it require a party to admit a proposition that is inherently subjective and reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a

different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Improperly Seeks an Admission Regarding Subjective Consumer Expectations, Not an Objective Fact Suitable for Rule 36.*** *Second*, Request for Admission No. 9 improperly seeks an admission concerning the subjective expectations or beliefs of consumers rather than an objective, discrete fact suitable for resolution under Rule 36. Whether consumers purchase a product "with the expectation" that it will treat or cure a condition is an individualized, fact-intensive inquiry that varies by consumer and circumstance. Rule 36 is designed to narrow issues by resolving concrete facts or the application of law to fact, not to compel admissions about the collective mental states of unnamed third parties. Courts routinely reject efforts to use Rule 36 to force admissions about intent, belief, or expectation where the request does not present a single factual proposition capable of unqualified admission or denial.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia should admit or deny the Request on the theory that consumer expectations are a "central issue" in the case. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a

request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission regarding a defined consumer group, a defined expectation, or a defined purchasing context, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response and Supplemental Response Comply with Rule 36(a)(4).*** *Fourth*, Arcadia's response, as supplemented, complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 9 is vague, ambiguous, overbroad, and calls for speculation, and explained why those defects prevent a straightforward admission or denial. Arcadia further served a supplemental response admitting that customers have unique subjective expectations regarding purchase decisions and denying the Request to the extent it seeks a categorical admission regarding consumer expectations. This is not a case where Arcadia refused to engage with a clear factual proposition. Rather, Arcadia fairly responded to a request that seeks an unqualified admission about the mental states of unnamed consumers, which Rule 36 does not require.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the speculative nature of the Request or its failure to present an objective factual proposition. Instead, Plaintiffs ask the Court to compel Arcadia to adopt Plaintiffs' preferred framing of consumer expectations, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 9.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 9.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague and overbroad because it seeks an

unqualified admission concerning the subjective beliefs, expectations, or states of mind of an undefined group of third-party consumers. Rule 36 does not require a party to admit or deny speculative propositions about the mental states of non-parties, nor does it permit requests that attempt to collapse individualized consumer expectations into a single categorical admission. Accordingly, the Request is not a proper subject for an unqualified admission or denial under Rule 36 as drafted.

***The Court Should Award Arcadia Its Reasonable Fees and Costs Under Rule 37(a)(5).*** If the Court denies Plaintiffs' motion to compel as to this Request, it should award the reasonable expenses, including attorneys' fees, incurred in opposing the motion under Rule 37(a)(5)(B). Plaintiffs sought discovery that exceeds the proper scope of Phase 1, is disproportionate under Rule 26(b)(1), and is directed primarily to merits or remedies issues rather than class-certification requirements. Under these circumstances, Plaintiffs' motion was not substantially justified, and an award of reasonable fees and costs is appropriate. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**J. Request for Admission No. 10**

Admit that the name "FUNGI-NAIL" contributes to the belief among consumers that the product is effective against nail fungus.

**1. Arcadia's Response to Request for Admission No. 10**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. To the extent this Request seeks a legal conclusion, Arcadia is not required to respond. *See, e.g., Music Grp. Macao Comm. Offshore Ltd. v. Foote*, 2015 WL 579688, at *2 (N.D. Cal. Feb. 11, 2015) (party is "not bound to answer" an RFA requesting a legal conclusion and "properly objects on the basis that it requests a legal conclusion."). To the extent this Request seeks admissions of fact, Arcadia objects to this Request as vague, ambiguous, overbroad, requesting information not in Arcadia's possession, and calling for speculation to elicit the beliefs or states of mind of unspecified "consumers." Arcadia

objects to this Request to the extent it assumes facts not established, including that such a belief exists or is attributable to the name. Arcadia also lacks knowledge sufficient to form a belief as to the truth of such presumptions and on that basis denies the Request. Arcadia objects to this Request as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request as premature in light of the upcoming mediation.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 10**

Request for Admission No. 10 seeks an admission relevant to the claims and defenses and proportional because it targets a core issue about the message conveyed by Arcadia's standardized product name and is intended to narrow what is genuinely disputed. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *Farber,* 237 F.R.D. at 256. Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry, and any qualification must fairly meet the substance of the request. Fed. R. Civ. P. 36(a)(4); *Englund*, 235 F.R.D. at 680–81.

Arcadia's "legal conclusion" objection does not justify avoiding a substantive Rule 36 response. Even if Arcadia characterizes the request as implicating law and fact, Rule 36 still requires Arcadia to answer to the extent possible after reasonable inquiry, or to provide a specific qualification that fairly responds to the substance. Fed. R. Civ. P. 36(a)(4). Arcadia's "speculation" and "consumers' states of mind" objections likewise do not excuse an objections-only approach. If Arcadia denies, it should deny cleanly, and if Arcadia claims lack of knowledge, it must describe in detail why it cannot admit or deny after reasonable inquiry. Fed. R. Civ. P. 36(a)(4); *Asea*, 669 F.2d at 1245–46.

Arcadia's reliance on assumptions, lack of time or geographic limitations, and "premature mediation" objections do not excuse a noncompliant response. If Arcadia believes the request is true only in part or only for certain products or periods, Rule 36 requires Arcadia to admit the true portion and specifically qualify or deny the remainder, rather than using objections to avoid the request's substance. Fed. R. Civ. P. 36(a)(4);

*Englund*, 235 F.R.D. at 680–81. Accordingly, the Court should compel Arcadia to serve a Rule 36-compliant amended response to Request for Admission No. 10. Fed. R. Civ. P. 36(a)(4), (a)(6). Arcadia's "premature in light of the upcoming mediation" objection is moot because mediation has already passed.

**a. Parties Exhausted Conferral on Request for Admission No. 10**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed that Arcadia serve an amended Rule 36-compliant response within seven (7) days that admits or denies and, if it cannot admit in full, admits in part and states the qualification with specificity.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.

3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFA No. 10**

Plaintiffs" Motion as to RFA No. 10 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 10. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 10 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 10 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 10 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 10, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 10, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*,

2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 10 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 10 fails because (1) the Request is vague, ambiguous, and overbroad as drafted, including as to the undefined terms "consumers," "belief," and "contributes to"; (2) the Request improperly seeks an admission concerning the subjective beliefs or mental states of an undefined group of third parties; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses individualized consumer perceptions and causal inferences into a single, categorical proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague, Ambiguous, and Calls for Speculation.*** *First*, Arcadia properly objected that Request for Admission No. 10 is vague and ambiguous because it uses undefined and subjective terms, including "consumers," "belief," and "contributes to," without defining whose beliefs are at issue, in what context, or during what time period. As drafted, the Request would require Arcadia to speculate about the mental states and perceptions of an unspecified and heterogeneous group of consumers and to concede a causal relationship between a product name and consumer belief without any defined scope or framework. Rule 36 does not obligate a responding party to speculate about the beliefs or perceptions of unidentified third parties or to admit a proposition that is inherently subjective and reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance

does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc*., 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc*., 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Improperly Seeks an Admission Regarding Subjective Consumer Belief, Not an Objective Fact Suitable for Rule 36.*** *Second*, Request for Admission No. 10 improperly seeks an admission concerning subjective consumer belief and inferred messaging rather than an objective, discrete fact suitable for resolution under Rule 36. Whether a product name "contributes to" a belief about product efficacy depends on individualized consumer perception, context, and inference, not on a single, objectively verifiable fact. Rule 36 is designed to narrow issues by resolving concrete facts or the application of law to fact, not to compel admissions about consumer psychology or market perception. Courts routinely reject efforts to use Rule 36 to force admissions regarding belief, perception, or causation where the request does not present a clear factual proposition capable of unqualified admission or denial.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia should simply admit or deny whether the product name contributes to

consumer belief in efficacy. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in motion practice. If Plaintiffs intended to seek an admission regarding a defined consumer group, a defined belief, or a defined causal relationship, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 10 is vague, ambiguous, overbroad, and calls for speculation, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding consumer belief and inferred messaging without defined scope. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

*Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6). Finally,* Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the speculative nature of the Request or its failure to present an objective factual proposition. Instead, Plaintiffs ask the Court to compel Arcadia to adopt Plaintiffs' preferred framing of consumer belief, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 10.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 10.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not

ripe. Further, as drafted, the Request is vague and overbroad because it seeks an unqualified admission concerning the subjective beliefs or perceptions of an undefined group of third-party consumers. Rule 36 does not require a party to admit or deny speculative propositions about the mental states of non-parties, nor does it permit requests that attempt to collapse individualized consumer beliefs into a single categorical admission. As drafted, the Request is not stated with sufficient clarity to permit a fair admission or denial.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 10, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**K. Request for Admission No. 11**

Admit that YOU distribute FUNGI-NAIL PRODUCTS to national retail chains for resale to the public.

**1. Arcadia's Response to Request for Admission No. 11**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks confidential or proprietary business information, trade secrets, or commercially sensitive information. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "FUNGI-NAIL PRODUCTS" without clarifying whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration

thereof. Arcadia objects to this Request as vague and ambiguous to the extent it uses the undefined terms 'distribute' and 'national retail chains.' Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request to the extent it seeks information about sales outside of California, because Plaintiff cannot assert nationwide claims based on California law. *See, e.g., Mitchener v. CuriosityStream, Inc.*, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025) ('A plaintiff does not have standing to bring a claim on behalf of a class if he does not have standing to bring it for himself.'). Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 11**

Request for Admission No. 11 seeks a basic corporate distribution fact, whether Arcadia distributes FUNGI-NAIL products to national retail chains for resale to the public. The request is relevant to Plaintiffs' claims and defenses and proportional because Rule 36 is designed to narrow what is genuinely disputed and avoid unnecessary proof. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006). Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry, and any qualification must fairly meet the substance of the request. Fed. R. Civ. P. 36(a)(4); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006).

Arcadia's confidentiality, trade secret, and "commercially sensitive" objections do not justify an objections-only response. This request does not seek pricing, volumes, contracts, or retailer identities, it seeks only whether Arcadia uses national retail chains as a distribution channel. If Arcadia contends the answer varies by time or by product, Rule 36 requires a qualified response that admits what is true and specifically qualifies or denies the remainder, rather than refusing to answer. Fed. R. Civ. P. 36(a)(4). Arcadia's vagueness objections to "FUNGI-NAIL PRODUCTS," "distribute," and "national retail chains" likewise call for a reasonable construction and, if necessary, a narrow qualification, not a non-answer. *Englund*, 235 F.R.D. at 680–81.

Arcadia's standing and California-law objections also do not excuse compliance with Rule 36. This request seeks a factual admission about Arcadia's distribution channels, not a ruling on standing or the geographic reach of claims. Rule 36 requires a present admission, denial, or detailed inability to admit or deny after reasonable inquiry, and Arcadia may not avoid answering by interposing merits arguments or by pointing to deposition timing. Fed. R. Civ. P. 36(a)(4); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245–46 (9th Cir. 1981). Accordingly, the Court should compel Arcadia to serve a Rule 36-compliant amended response to Request for Admission No. 11. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 11**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed an amended Rule 36-compliant response within seven (7) days that admits or denies and, if necessary, qualifies with specifics identifying the distribution channels or chains used for the Fungi-Nail products during the relevant period.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFA No. 11

Plaintiffs" Motion as to RFA No. 11 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 11. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 11 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 11 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion

even after Arcadia expressly advised them that RFA No. 11 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 11, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 11, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 11 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 11 fails because (1) the Request is vague and ambiguous as drafted, including as to the terms "Fungi-Nail products," "distribute," and "national retail chains"; (2) the Request is overbroad and untethered to any defined product universe, time period, or geographic scope; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses multiple products, distribution arrangements, and timeframes into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and

(5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague and Ambiguous.*** *First*, Arcadia properly objected that Request for Admission No. 11 is vague and ambiguous because it uses the term "Fungi-Nail products" without defining whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint or instead to any product bearing the Fungi-Nail name at any time. The Request is also vague as to the undefined terms "distribute" and "national retail chains," which could encompass materially different activities and relationships, including direct sales, third-party logistics, historical arrangements, or limited distribution channels. As drafted, the Request does not present a single, clear factual proposition capable of admission or denial. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to admit a proposition that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to

Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Is Overbroad and Untethered to Any Time Period or Geographic Scope.*** *Second*, Arcadia properly objected that the Request is overbroad because it is not limited to any relevant time period or geographic scope. As drafted, the Request would require Arcadia to address distribution arrangements across an undefined universe of products, retailers, and timeframes, rather than a defined set of circumstances tied to the operative complaint. Rule 36 does not require a responding party to provide a categorical admission to an unbounded request of this nature.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia can simply admit whether it distributes Fungi-Nail products to national retail chains, or qualify the answer if necessary. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission limited to defined products, defined distribution relationships, or a defined period, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 11 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding distribution channels across an undefined universe of products and arrangements. Nothing in Rule 36 requires

Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "Fungi-Nail products," "distribute," or "national retail chains," nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 11.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 11.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and this Motion is not ripe. Further, as drafted, the Request is vague, ambiguous, and overbroad because it uses undefined terms—including "Fungi-Nail Products," "distribute," and "national retail chains"—and seeks an unqualified admission untethered to any defined product universe, time period, or geographic scope. Rule 36 does not require a responding party to admit a broadly phrased request that collapses potentially different products, distribution channels, and timeframes into a single categorical proposition. As drafted, the Request is not stated with sufficient clarity to permit a fair admission or denial.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 11, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a

delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**L. Request for Admission No. 12**

Admit that FUNGI-NAIL PRODUCTS are sold in the State of California.

**1. Arcadia's Response to Request for Admission No. 12**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks confidential or proprietary business information, trade secrets, or commercially sensitive information. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "FUNGI-NAIL PRODUCTS" without clarifying whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 12**

Request for Admission No. 12 seeks a straightforward corporate fact, whether FUNGI-NAIL products are sold in California. The request is relevant and proportional because it narrows an issue that should not require proof at trial if Arcadia can admit or

deny after reasonable inquiry. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *Farber,* 237 F.R.D. at 256. Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry, and any qualification must fairly meet the substance of the request. Fed. R. Civ. P. 36(a)(4); *Englund*, 235 F.R.D. at 680–81.

Arcadia's confidentiality and trade secret objection does not justify an objections-only response. This request does not seek sensitive details, it seeks a binary admission about sales in California. Arcadia's vagueness objection to "FUNGI-NAIL PRODUCTS" likewise does not excuse a non-answer. Arcadia can answer under a reasonable construction tied to the products at issue, and if Arcadia contends any limitation is appropriate, it must admit what is true and specifically qualify or deny the remainder. Fed. R. Civ. P. 36(a)(4). Arcadia's overbreadth and scope objections also do not justify withholding an admission or denial. If Arcadia claims it cannot answer, it must state in detail why after reasonable inquiry. Id.; *Asea*, 669 F.2d at 1245–46.

Arcadia's "premature" and "deposition-first" statements are not bases to avoid Rule 36 compliance. The Court should compel Arcadia to serve a Rule 36-compliant amended response to Request for Admission No. 12. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 12**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed an amended Rule 36-compliant response within seven (7) days admitting or denying California sales of the Fungi-Nail products and stating any qualification with specificity.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFA No. 12**

Plaintiffs" Motion as to RFA No. 12 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 12. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 12 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 12 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 12 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs

must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 12, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 12, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 12 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 12 fails because (1) the Request is vague and ambiguous as drafted, including as to the term "Fungi-Nail Products"; (2) the Request is overbroad and untethered to any defined product universe or time period; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses multiple products and timeframes into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague and Ambiguous.*** *First*, Arcadia properly objected that Request for Admission No. 12 is vague and ambiguous because it uses the term "Fungi-Nail Products" without defining whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint or

instead to any product bearing the Fungi-Nail name at any time. As drafted, the Request would require Arcadia to admit or deny a proposition about sales in California across an undefined set of products and iterations. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to admit a proposition that is reasonably susceptible to multiple interpretations. Where, as here, the lack of clarity stems from the Request itself, objections are proper.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc*., 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc*., 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Is Overbroad and Untethered to Any Time Period.*** *Second*, Arcadia properly objected that the Request is overbroad because it is not limited to any relevant time period. As drafted, the Request would require Arcadia to address sales in California across an undefined range of timeframes and product iterations, rather than a defined set

of products and periods tied to the operative complaint. Rule 36 does not require a responding party to provide a categorical admission to an unbounded request of this nature.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia can simply admit whether Fungi-Nail products are sold in California, or qualify the answer if necessary. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations or constructions proposed for the first time in a motion to compel. If Plaintiffs intended to seek an admission limited to defined products and a defined period, they were required to draft the Request accordingly. Rule 36 does not authorize the Court to compel Arcadia to admit a different, narrower proposition than the one Plaintiffs actually served.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 12 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding sales across an undefined universe of products and timeframes. Nothing in Rule 36 requires Arcadia to respond substantively to such a request after "reasonable inquiry," because the impediment to admission lies in the Request's drafting.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "Fungi-Nail Products" or the Request's lack of any limiting time period, nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to

compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 12.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 12.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and the Motion is therefore not ripe. Further, as drafted, the Request is vague and overbroad because it uses the undefined term "Fungi-Nail Products" and does not specify the relevant product universe or time period at issue. The Request also improperly seeks an unqualified admission regarding sales in California without limitation. Rule 36 does not require Arcadia to admit a broadly phrased request that collapses potentially different products and timeframes into a single categorical proposition, and the Request is not stated with sufficient clarity to permit a fair admission or denial.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 12, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**M. Request for Admission No. 13**

Admit that YOU are aware that TOLNAFTATE does not penetrate the nail plate.

**1. Arcadia's Response to Request for Admission No. 13**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks confidential or proprietary business information, trade secrets, or commercially sensitive information. Arcadia objects to this Request as vague and ambiguous to the extent it does not identify a time period, and as overbroad to the extent it seeks information beyond the relevant period alleged in the Second Amended Complaint. Arcadia objects to this Request to the extent it assumes facts not established, including that tolnaftate "does not penetrate the nail plate" as a categorical scientific conclusion. Arcadia objects to this Request as premature in light of the upcoming mediation.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 13**

Request for Admission No. 13 seeks a corporate knowledge admission, whether Arcadia is aware that tolnaftate does not penetrate the nail plate. The request is relevant and proportional because it narrows a disputed knowledge issue and reduces unnecessary proof, which is a core purpose of Rule 36. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *Farber,* 237 F.R.D. at 256. Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry, and any qualification must fairly meet the substance of the request. Fed. R. Civ. P. 36(a)(4); *Englund*, 235 F.R.D. at 680–81.

Arcadia's confidentiality objection does not justify an objections-only response. The request asks whether Arcadia is aware of a proposition, it does not require disclosure

of proprietary studies or the basis for Arcadia's knowledge. Arcadia's time-period objection likewise calls for, at most, a narrow qualification, not refusal. If Arcadia contends the answer depends on time, it must qualify the response and still fairly meet the substance of what was asked. Fed. R. Civ. P. 36(a)(4).

Arcadia's "assumes facts not established" objection is also not a basis to refuse a substantive response. If Arcadia disputes the proposition, it should deny. If Arcadia lacks information to admit or deny, Rule 36 requires a detailed explanation of why it cannot truthfully respond after reasonable inquiry. Fed. R. Civ. P. 36(a)(4); *Asea*, 669 F.2d at 1245–46. Arcadia's "premature" and "deposition-first" statements do not excuse compliance. Accordingly, the Court should compel Arcadia to serve a Rule 36-compliant amended response to Request for Admission No. 13. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 13**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed an amended Rule 36-compliant response within seven (7) days admitting or denying Arcadia's awareness and stating any time-based qualification with specificity.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia

cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.

2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

**3. Arcadia's Reasons to Deny Motion as to RFA No. 13**

Plaintiffs" Motion as to RFA No. 13 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

**a. Plaintiffs Failed to Confer on This Request**

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 13. Their statements in this Joint Stipulation and counsel's declaration that the parties "exhausted conferral" on this Request are false,

misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 13 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 13 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 13 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 13, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this

Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 13, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 13 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 13 fails because (1) the Request is vague and ambiguous as drafted, including as to time period and the scope of Arcadia's purported "awareness"; (2) the Request assumes the truth of a disputed and scientifically contested proposition and improperly seeks an admission to an unestablished factual premise; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses disputed scientific conclusions and corporate knowledge into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague, Ambiguous, and Assumes Disputed Facts.*** *First*, Arcadia properly objected that Request for Admission No. 13 is vague and ambiguous because it fails to identify any relevant time period and does not define what it means for Arcadia to be "aware" of a proposition. As drafted, the Request could encompass knowledge held by different personnel, at different times, based on different sources, without any limiting scope. In addition, the Request improperly assumes as true the categorical scientific assertion that tolnaftate "does not penetrate the nail plate," a proposition that is itself disputed and not established as an undisputed fact in this case.

Rule 36 does not require a responding party to admit "awareness" of an assumed scientific conclusion embedded in the request itself.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Improperly Seeks an Admission Regarding Disputed Scientific Conclusions and Corporate Knowledge.*** *Second*, Request for Admission No. 13 improperly seeks an admission that Arcadia is "aware" of a purported scientific fact, rather than an objective, concrete fact suitable for resolution under Rule 36. Whether tolnaftate penetrates the nail plate, and to what extent, is a scientific question subject to debate, methodology, and context. Rule 36 is not a vehicle for compelling a party to admit awareness of a contested scientific conclusion, particularly where the request assumes the truth of that conclusion as a predicate.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request.*** *Third*, Plaintiffs argue Arcadia should simply admit or deny its "awareness" of the asserted proposition or qualify the response. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to recast a request that embeds disputed assumptions into a narrower, hypothetical proposition. If Plaintiffs intended to seek admissions regarding specific studies, time periods, or defined knowledge bases, they were required to draft the Request accordingly.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 13 is vague, ambiguous, overbroad, and assumes facts not established, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that improperly conflates disputed scientific conclusions with undefined corporate knowledge.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the Request's embedded assumptions or lack of defined scope, nor do they explain how compelling an admission of "awareness" of a disputed scientific proposition would narrow any genuinely disputed issue in this case. Instead, Plaintiffs seek to compel an admission under their preferred construction, relief Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 13.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 13.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and the Motion is therefore not ripe. Further, as drafted, the Request is vague and overbroad because it does

not specify any relevant time period and seeks an unqualified admission regarding Arcadia's awareness of a disputed scientific proposition. The Request also assumes the truth of the asserted premise and collapses issues of scientific conclusion and corporate knowledge into a single categorical statement. Rule 36 does not require a responding party to admit or deny a request that is not stated with sufficient clarity to permit a fair response or that is reasonably susceptible to multiple interpretations.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 13, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

**N. Request for Admission No. 14**

Admit that YOU have received consumer complaints alleging that FUNGI-NAIL PRODUCTS are ineffective in treating nail fungus.

**1. Arcadia's Response to Request for Admission No. 14**

Arcadia incorporates the Preliminary Statement and General Objections as if fully set forth herein. Arcadia objects to this Request to the extent it seeks confidential or proprietary business information, trade secrets, or commercially sensitive information. Arcadia objects to this Request as vague and ambiguous to the extent it uses the term "FUNGI-NAIL PRODUCTS" without clarifying whether it refers to the current formulation and labeling alleged in the Second Amended Complaint or any iteration thereof. Arcadia objects to this Request as vague and ambiguous to the extent it does not

define 'consumer complaints' or specify the form in which such complaints were made. Arcadia objects to this as overbroad, unduly burdensome, and out of the scope of permissible discovery because it is not limited to any relevant time period or geographic scope.

Subject to and without waiving the foregoing objections, Arcadia is willing to meet and confer with Plaintiff to reach an agreeable narrowing of the scope of the requested information. Arcadia's ability to answer is limited in part due to Plaintiff's refusal to appear at deposition, where Arcadia expects to obtain information that may prove relevant to answering this Request. Without in any way obligating itself to do so, Arcadia expressly reserves the right to modify or supplement this response with such pertinent information it subsequently may discover.

**2. Plaintiffs' Reasons for Compelling a Rule 36–Compliant Response to Request for Admission No. 14**

Request for Admission No. 14 seeks a basic notice-related fact, whether Arcadia has received consumer complaints alleging that FUNGI-NAIL products are ineffective in treating nail fungus. The request is relevant and proportional because it narrows a key disputed issue without requiring unnecessary proof if Arcadia can admit or deny after reasonable inquiry. Fed. R. Civ. P. 26(b)(1), 36(a)(1); *Farber,* 237 F.R.D. at 256. Rule 36 requires Arcadia to admit, deny, or state in detail why it cannot truthfully admit or deny after reasonable inquiry, and any qualification must fairly meet the substance of the request. Fed. R. Civ. P. 36(a)(4); *Englund*, 235 F.R.D. at 680–81.

Arcadia's confidentiality, trade secret, and commercial sensitivity objections do not justify an objections-only response. This request asks only whether Arcadia has received such complaints, not the identities of complainants or complaint contents. Arcadia's vagueness objections likewise do not excuse refusal. If Arcadia contends "FUNGI-NAIL PRODUCTS" should be limited to particular products or a particular period, or if Arcadia contends its complaint tracking varies by channel, Rule 36 requires Arcadia to provide a

qualified response that admits what is true and specifically qualifies or denies the remainder. Fed. R. Civ. P. 36(a)(4).

Arcadia's objection that "consumer complaints" is undefined or that the request lacks time or geographic scope is not a basis to refuse an admission or denial. If Arcadia believes a limitation is necessary to answer truthfully, it must state the limitation as a qualification that still fairly meets the substance of the request. Id.; *Englund*, 235 F.R.D. at 680–81. Arcadia also cannot avoid answering by pointing to deposition sequencing. Where information reasonably obtainable within Arcadia's control would permit a substantive response, Rule 36 requires an admission, denial, or detailed inability to respond after reasonable inquiry. Fed. R. Civ. P. 36(a)(4); *Asea*, 669 F.2d at 1245–46. Accordingly, the Court should compel Arcadia to serve a Rule 36-compliant amended response to Request for Admission No. 14. Fed. R. Civ. P. 36(a)(4), (a)(6).

**a. Parties Exhausted Conferral on Request for Admission No. 14**

The parties exhausted conferral on this Request as set forth in Plaintiffs' Introductory Statement (§ I.A.1) and the Coelho Declaration. *See* Coelho Decl. ¶¶ 4–13, Exs. 1–10. Despite Plaintiffs' written meet-and-confer letters and the parties' conferences, Arcadia has maintained its objections and has not served a Rule 36-compliant amended response. Further meet-and-confer would not eliminate the need for Court intervention, so Plaintiffs present this Request to the Court for resolution.

**b. Plaintiffs' Proposed Resolution**

At the conference of counsel, Plaintiffs proposed an amended Rule 36-compliant response within seven (7) days admitting or denying whether Arcadia has received complaints alleging ineffectiveness for nail fungus, and stating any qualifications with specificity.

**c. Plaintiffs' Requested Court Order as to this Request for Admission**

Plaintiffs request that the Court order:

1. **Further response.** Within seven (7) days, Arcadia shall serve an amended response compliant with Fed. R. Civ. P. 36(a)(4), admitting or denying the matter. If Arcadia cannot admit the Request in full, it shall admit the true portion and specifically qualify or deny the remainder, stating the basis for any denial or qualification.
2. **No objections-only response.** Arcadia may not rely on objections as a substitute for a substantive admission, denial, or qualified response, and any amended response must fairly respond to the substance of the Request as Rule 36(a)(4) requires.
3. **Time period.** Arcadia shall respond as to the time period stated in the Requests for Admission (including any defined period in Plaintiffs' RFAs). Arcadia may not unilaterally substitute a limitations cutoff or redefine any "relevant time period" to narrow its response.
4. **Deemed admitted remedy.** If Arcadia fails to serve a sufficient amended response within seven (7) days, Plaintiffs request that the Court deem the matter admitted pursuant to Fed. R. Civ. P. 36(a)(6).
5. **Sanctions.** Because Arcadia's conduct with respect to this Request required Plaintiffs to seek Court intervention despite exhausting conferral, Plaintiffs request the sanctions set forth in section IV.A.1 below, including an award of reasonable attorneys' fees and costs attributable to this request.

### 3. Arcadia's Reasons to Deny Motion as to RFA No. 14

Plaintiffs" Motion as to RFA No. 14 fails because (1) Plaintiffs failed to confer with Arcadia at all regarding Arcadia's response to this Request; and (2) Arcadia's response is sufficient. The Court should deny the Motion as to this request, and order fee-shifting and sanctions for Plaintiffs' failure to confer, as detailed below.

#### a. Plaintiffs Failed to Confer on This Request

Plaintiffs, despite counsel's certified misrepresentations to the contrary, did not satisfy the meet-and-confer requirement imposed by Local Rule 37-1 and Federal Rule of Civil Procedure 37(a)(1) as to RFA No. 14. Their statements in this Joint Stipulation and

counsel's declaration that the parties "exhausted conferral" on this Request are false, misrepresent the parties' conferral efforts, and are contradicted by Plaintiffs' own correspondence. (Bae Decl., Ex A.)

Local Rule 37-1 mandates that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference." Federal Rule of Civil Procedure 37(a)(1) further provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See Wesley*, 848 Fed. Appx. at 763 (affirming denial of motion to compel for failure to confer); *Jennings*, 2025 WL 1090943 at *4 (denying motion to compel for failure to confer on disputed discovery responses, imposing sanctions).

Here, Plaintiffs expressly limited their meet-and-confer efforts to Requests for Production Nos. 10, 14, 16, 17, 19, and 21–24, and Request for Admission No. 9. (Bae Decl. ¶¶ 2–4, Ex. A.) Plaintiffs never identified RFA No. 14 as a disputed request during the meet-and-confer process, never articulated any objection to Arcadia's response to RFA No. 14 in their correspondence, and never proposed any narrowing or compromise specific to that Request during conferral. (*Id.*) Moreover, Plaintiffs proceeded with this motion even after Arcadia expressly advised them that RFA No. 14 had never been the subject of any meet-and-confer. (*Id.*, ¶ 7, Ex. B.) In response to the surprise Joint Stipulation, Arcadia requested Plaintiffs' availability to confer as L.R. 37-1 requires, but Plaintiffs refused. Plaintiffs' generic assertion that the parties "exhausted conferral" as to this Request is inaccurate, if not intentionally misleading and demonstrably false. Plaintiffs must make a good-faith, meet and confer directed to the particular discovery dispute presented to the Court, and cannot satisfy that obligation by retroactively sweeping an un-conferred request into a motion to compel.

Because Plaintiffs never conferred on RFA No. 14, the motion should be denied as to this Request on procedural grounds alone. Arcadia remains willing to confer on this Request. Plaintiffs' Motion, brought after Arcadia advised of the failure to comply with Local Rule 37, also forced Arcadia to incur unnecessary attorneys' fees and costs responding to a motion that should never have been brought. Accordingly, the Court should award Arcadia reasonable attorneys' fees and costs incurred in responding to Plaintiffs' motion as to RFA No. 14, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), authorizing fee-shifting where a motion to compel is denied. *See Jennings*, 2025 WL 1090943 at *4; *Vargas*, 2021 WL 4642785 at *2 (awarding fees to prevailing party).

**b. In Any Case, Arcadia's Response to Request for Admission No. 14 is Sufficient and Its Objections Are Well-Founded.**

Plaintiffs' motion to compel a further response to Request for Admission No. 14 fails because (1) the Request is vague and ambiguous as drafted, including as to the terms "Fungi-Nail Products" and "consumer complaints"; (2) the Request is overbroad and untethered to any defined product universe, time period, or geographic scope; (3) Rule 36 does not require a responding party to admit a broadly phrased request that collapses different products, complaint channels, and timeframes into a single, unqualified proposition; (4) Rule 36 does not obligate Arcadia to supply a rewritten admission under a post-hoc construction offered for the first time in motion practice; and (5) Plaintiffs fail to show that Arcadia's objections and response violate Rule 36(a)(4). In short, Arcadia's response is sufficient.

***The Request Is Impermissibly Vague and Ambiguous***. *First*, Arcadia properly objected that Request for Admission No. 14 is vague and ambiguous because it uses the term "Fungi-Nail Products" without defining whether Plaintiffs intend to refer to the specific product, formulation, and labeling alleged in the Second Amended Complaint or instead to any product bearing the Fungi-Nail name at any time. The Request is also vague as to what constitutes "consumer complaints," which is undefined and could encompass

informal comments, customer service inquiries, online reviews, regulatory communications, or other disparate sources. As drafted, the Request does not present a single, clear factual proposition capable of admission or denial. Rule 36 does not obligate a responding party to guess at Plaintiffs' intended scope or to supply an admission to an imprecise request.

Plaintiffs' reliance on Rule 36(a)(1) and Rule 26(b)(1) does not alter the analysis. While Rule 36 permits requests within the scope of Rule 26(b)(1), that scope allowance does not eliminate Rule 36's threshold requirement that a request be stated with sufficient clarity to permit a fair admission or denial. Nor do the cases Plaintiffs cite compel a different result. *A. Farber & Partners, Inc.*, 237 F.R.D. at 256 and *U.S. ex rel. Englund*, 235 F.R.D. at 680–81 address evasive responses to properly framed requests and reiterate that a responding party must admit to the fullest extent possible or explain why it cannot do so after reasonable inquiry. Similarly, *Asea, Inc.*, 669 F.2d at 1245–46 holds that a party may not refuse to answer a properly framed request for admission where information reasonably available would permit an admission or denial. Those principles do not require Arcadia to guess at Plaintiffs' intended meaning or to supply an admission to a request that is ambiguous and compound as drafted. Indeed, *Englund* itself recognizes that requests for admission may not contain "compound, conjunctive, or disjunctive" statements. 235 F.R.D. at 684. Plaintiffs' argument therefore does not respond to Arcadia's ambiguity and scope objections; it instead attempts to shift Plaintiffs' drafting burden onto Arcadia by demanding a post-hoc rewritten admission, which Rule 36 does not require.

***The Request Is Overbroad and Untethered to Any Time Period or Geographic Scope.*** *Second*, Arcadia properly objected that the Request is overbroad because it is not limited to any relevant time period or geographic scope. As drafted, the Request would require Arcadia to admit or deny whether it has ever received complaints, from anywhere, concerning any Fungi-Nail product, regardless of formulation, labeling, or context. Rule

36 does not require a responding party to provide an unqualified admission to an unbounded request of this nature.

***Rule 36 Does Not Require Arcadia to Rewrite Plaintiffs' Request***. *Third*, Plaintiffs argue Arcadia can simply admit whether it has received such complaints, or qualify the response if necessary. That argument glosses over the defects in the Request as served. Rule 36(a)(4) requires a responding party to fairly respond to the substance of a request; it does not require the responding party to cure drafting defects or to supply a rewritten admission under limitations proposed for the first time in a motion to compel. If Plaintiffs intended to seek admissions limited to defined products, complaint channels, time periods, or geographies, they were required to draft the Request accordingly.

***Arcadia's Response Complies with Rule 36(a)(4).*** *Fourth*, Arcadia's response complies with Rule 36(a)(4). Arcadia identified the specific respects in which Request for Admission No. 14 is vague, ambiguous, and overbroad, and explained why those defects prevent a straightforward admission or denial. This is not a case where Arcadia refused to admit a clear, discrete factual proposition within its knowledge. Rather, Arcadia objected to a request that seeks an unqualified admission regarding consumer complaints across an undefined universe of products, sources, and timeframes.

***Plaintiffs Have Not Shown Any Basis for Compulsion Under Rule 36(a)(6).*** *Finally*, Plaintiffs fail to carry their burden under Rule 36(a)(6) to show that Arcadia's response is insufficient or that an amended response should be ordered. Plaintiffs do not meaningfully address the ambiguity in "consumer complaints" or the Request's lack of defined scope, nor do they explain how compelling an admission as drafted would narrow any genuinely disputed issue in this case. Instead, Plaintiffs ask the Court to compel Arcadia to supply an admission under Plaintiffs' preferred construction, relief that Rule 36 does not authorize. Accordingly, the Court should deny Plaintiffs' motion to compel a further response to Request for Admission No. 14.

**c. Arcadia's Proposed Resolution**

***The Court Should Deny Plaintiffs' Motion to Compel as to RFA No. 14.*** Plaintiffs have not conferred as to this Request as required under L.R. 37-1, and the Motion is therefore not ripe. Further, as drafted, the Request is vague and overbroad because it does not define what constitutes a "consumer complaint," does not identify any relevant time period, and does not specify the product universe at issue. The Request also seeks an unqualified admission regarding unspecified complaints allegedly received through unknown channels and formats, without sufficient clarity to permit a fair admission or denial. Rule 36 does not require a responding party to admit or deny a request that is not stated with reasonable particularity or that is susceptible to multiple interpretations.

***The Court Should Also Award Arcadia its Reasonable Fees and Costs Incurred Opposing This Portion of the Motion Under Rule 37(a)(5).*** Plaintiffs filed a broad and premature motion without meaningfully conferring on narrowing RFA No. 14, despite Arcadia's express willingness to meet and confer (and notice to Plaintiffs' counsel that they failed to meet Rule 37(a)(1) and Local Rule 37-1's conferral requirements (Bae Decl. ¶ 7, Ex. B.)) and Plaintiffs' agreement to phased discovery. Plaintiffs further delayed entry of the stipulated protective order and then sought to compel production based on a delay of their own making. Under these circumstances, Plaintiffs' motion was not substantially justified. Alternatively, if the Court determines that any production is warranted, it should require Plaintiffs to serve a narrowed request limited to Phase 1 class-certification issues and California scope.

## IV. DISPUTE FOR RESOLUTION: PLAINTIFFS' REQUEST FOR SANCTIONS

### A. PLAINTIFFS' POSITION: PLAINTIFFS ARE ENTITLED TO SANCTIONS.

This sanctions request arises from Arcadia's failure to provide further responses and production to Plaintiffs' Requests for Production and Requests for Admission as addressed in Sections II and III above. As set forth in Plaintiffs' Introductory Statement

(§ I.A.1) and the Coelho Declaration, Arcadia's conduct necessitated this Joint Stipulation. Plaintiffs served their First Set of Requests for Production and Requests for Admission on July 18, 2025. Arcadia served written objections on August 18, 2025, maintained those objections through multiple meet-and-confer sessions, and, despite limited supplemental responses on October 31, 2025, has produced no documents and has not provided a privilege log. *See* Coelho Decl. ¶¶ 2–13, Exs. 1–10.

Under Federal Rule of Civil Procedure 37(a)(5)(A), when a motion to compel is granted, "the court must" require the resisting party to pay the movant's reasonable expenses, including attorneys' fees, unless the failure was substantially justified or an award would be unjust. The burden is on the resisting party. *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020).

Arcadia cannot meet that burden. Boilerplate objections, refusal to produce documents, and failure to provide a privilege log after conferral are not substantially justified in this District. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649–50 (C.D. Cal. 2007).

With respect to RFAs, Rule 36(a)(4) requires a party to admit, deny, or specifically qualify its response. Where responses are evasive or non-compliant, the Court may order amended responses and award expenses under Rule 36(a)(6) and Rule 37(a)(5). RFAs are intended to narrow issues and avoid unnecessary litigation. *Boston v. ClubCorp USA, Inc.*, No. CV 18-3746 PSG (SS), 2019 WL 1873293, at *3–4 (C.D. Cal. Mar. 11, 2019).

Here, Arcadia's conduct forced Plaintiffs to seek Court intervention to obtain basic discovery and Rule-compliant admissions.

**1. Plaintiffs' Requested Sanctions.**

Plaintiffs respectfully request that the Court order the following sanctions, tailored to the discovery at issue:

**a. RFP-Related Sanctions (Requests for Production Nos. 1–24).**

Pursuant to Rule 37(a)(5)(A), Arcadia shall pay Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the motion to compel further responses and production to the Requests for Production addressed in this Joint Stipulation. *See Infanzon*, 335 F.R.D. at 311.

**b. RFA-Related Sanctions (Requests for Admission Nos. 1–14).**

Pursuant to Rules 36(a)(6) and 37(a)(5)(A), Arcadia shall pay Plaintiffs' reasonable attorneys' fees and costs incurred in bringing the motion to compel Rule-compliant responses to the Requests for Admission addressed in this Joint Stipulation, including Arcadia's deficient supplementation to Request for Admission No. 9. *See Boston*, 2019 WL 1873293, at *3–4.

**c. Fee Submission Procedure.**

Plaintiffs request leave to submit a declaration itemizing fees and costs incurred in preparing this Joint Stipulation and attending the hearing within a time period set by the Court, with Arcadia afforded an opportunity to respond.

**B. ARCADIA'S POSITION: ARACDIA IS ENTITLED TO SANCTIONS.**

Arcadia respectfully requests that this Court impose sanctions to remedy Plaintiffs' and their counsel's discovery abuses, including monetary sanctions and such additional relief as the Court deems appropriate to restore an orderly discovery process. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery."). Plaintiffs, as the named plaintiffs in a nationwide putative class action, seeking millions of dollars in relief against Arcadia, are expected at the very least to comply with basic discovery obligations—and this Court's prior discovery Orders—so that Arcadia may defend itself. Plaintiffs refuse to do so. As explained in detail below (and *supra*, at 5–8), Plaintiffs and their attorneys:

- Presented an indiscriminate, 152-page joint stipulation seeking rulings on 193 matters across 24 RFPs and 14 RFAs without first completing the mandatory good-faith conferral process required by L.R. 37. Plaintiffs conferred on only a narrow subset of requests, yet still demanded merits rulings on disputes never raised in a compliant meet-and-confer.
- Manufactured a "production timing" dispute by delaying filing of the protective order, then blaming Arcadia for not producing before the order was entered—despite Arcadia's repeated requests to get the order entered and its offer to file it so production could begin.
- Escalated the dispute through hardball tactics that needlessly multiplied motion practice and wasted judicial resources. Plaintiffs served their Joint Stipulation late at night before a holiday weekend and then refused Arcadia's modest one-week extension request—even though Arcadia had just agreed to extend the class-certification schedule by months.

Plaintiffs' egregious discovery abuses warrant sanctions:

**1. Plaintiffs' Discovery Abuses**

***Failure to Confer as Required by L.R. 37.*** Rule 37 sanctions are warranted because Plaintiffs bypassed Local Rule 37's conferral requirement and then sought merits rulings on dozens of disputes that were never properly conferred upon. Local Rule 37-1 requires an issue-specific, good-faith conference aimed at eliminating the need for court intervention or narrowing disputes as much as possible, and it places responsibility on the moving party to arrange that conference. Here, the written record confirms Plaintiffs chose to restrict conferral to a limited subset of requests, then demanded merits rulings across all 38 requests anyway. That failure alone warrants sanctions because it forced Arcadia (and now the Court) to address disputes Plaintiffs could—and should—have narrowed or eliminated through compliant conferral.

***Premature, Irrelevant, and Disproportionate Discovery Demands.*** Plaintiffs' service of overbroad, irrelevant discovery—and their refusal to withdraw it despite

Arcadia's objections—warrants sanctions under Rule 37. Phase One discovery is limited to class certification—not merits. Yet Plaintiffs seek to compel production on every single written discovery request they served, including merits-focused categories with no demonstrated connection to class-certification issues. For example, Plaintiffs' Request for commercially sensitive financial performance data, profits, forecasts, advertising expenditures, and profitability analyses goes to Arcadia's alleged liability and Plaintiffs' damages on the merits—not to whether the proposed class meets Rule 23's certification requirements.

Rather than explain how these merits categories are relevant to class certification or tailor them accordingly, Plaintiffs demanded across-the-board production with compressed deadlines and additional case-management directives across all 38 requests. This violates Rule 26(b)(1)'s proportionality requirement and improperly front-loads merits discovery into Phase One. When Arcadia requested supporting authority and asked Plaintiffs to withdraw premature disputes and narrow what remained, Plaintiffs refused. (Bae Decl. Exs. A–B.) Plaintiffs' insistence on litigating an unwinnowed slate of premature requests, rather than withdrawing, narrowing, or staging discovery appropriately, recklessly multiplied proceedings and forced an entirely avoidable discovery dispute. This conduct justifies an award of Arcadia's reasonable expenses incurred in responding to Plaintiffs' improper demands.

***Multiplying Proceedings Through Bad-Faith Escalation Tactics.*** Plaintiffs' conduct also reflects an escalating pattern that increases both Arcadia's and the Court's burdens without advancing a resolution. Plaintiffs served a sprawling, late-night Joint Stipulation on a compressed schedule and refused Arcadia's modest request for a one-week extension—even after Arcadia agreed to extend Plaintiffs' class-certification schedule by months. Plaintiffs likewise manufactured a "production timing" dispute by delaying entry of the protective order necessary for protected production, then blaming Arcadia for not producing before the order was entered, despite Arcadia's repeated requests to get the order entered and its offer to file it so production could begin. And

Plaintiffs deliberately mischaracterized conferral discussions to fabricate "commitments" about production timing, forcing Arcadia to investigate whether Plaintiffs' counsel unlawfully recorded meet-and-confer discussions. These tactics recklessly multiplied proceedings, wasted resources, and prejudiced Arcadia's ability to defend itself in an orderly discovery process. This is precisely the "catalogue of disputes" that forces the Court to do work the parties should have done themselves. (*See* ECF No. 47 at 1–2.) Plaintiffs' hardball sequencing—maximize disputes first, narrowing never—warrants sanctions to deter repetition.

**2. Sanctions Are Warranted**

Arcadia requests that the Court impose sanctions tailored to the misconduct at issue here. At minimum, monetary sanctions are warranted to compensate Arcadia for the fees and costs incurred in responding to a procedurally defective, overbroad, and entirely avoidable filing.

***Arcadia Is Entitled to Mandatory Monetary Sanctions.*** Where a motion to compel discovery is denied, "the court…must…require the movant…to pay the party…who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(B). This Court has already made clear that discovery motions will be denied for failure to comply with L.R. 37-1's procedural prerequisites. (ECF No. 47 at 2–3.)

Here, Plaintiffs sought sweeping merits rulings without completing the requisite narrowing process, proceeded on disputes about which they did not properly confer, and forced Arcadia to spend substantial time and resources responding to an avoidable submission. Arcadia therefore requests an order awarding its reasonable expenses and attorneys' fees incurred in responding to Plaintiffs' Joint Stipulation.

If and when the Court issues an order imposing sanctions, Arcadia will "provide supplemental briefing to establish the amount of reasonable attorneys' fees and costs" per standard practice in the Ninth Circuit. *AECOM Energy & Constr., Inc.*, 2022 WL 595937,

at *14 (finding monetary sanctions warranted and ordering supplemental briefing as to fee amount); *AECOM Energy & Constr., Inc. v. Topolewski*, 2022 WL 1469501 (C.D. Cal. May 9, 2022), *aff'd*, 2023 WL 6058825 (9th Cir. Sept. 18, 2023) (awarding attorney's fees after supplemental briefing).

Dated: January 22, 2026

Respectfully submitted,

WILSHIRE LAW FIRM, PLC

*/s/ Thiago Coelho*
Thiago M. Coelho
Chumahan B. Bowen
Jennifer M. Leinbach
*Attorneys for Plaintiffs and the Putative Classes*

Dated: January 23, 2026

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: /s/ Peter K. Bae
Peter K. Bae

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*