DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
   *jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
   *peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
   *danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 8:24-cv-02657-JDE<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES AND PRODUCTION TO FIRST SET OF REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION**<br><br>Assigned to the Hon. John D. Early<br><br>Dept.:        Courtroom 6A<br>Date:         February 19, 2026<br>Time:         10:00 a.m.<br><br>Discovery Cutoff: December 28, 2026<br>Pretrial Conf.:   May 21, 2027<br>Trial Date:       June 2, 2027 |

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE 37

# TABLE OF CONTENTS

**Page**

I.    THE COURT SHOULD DENY PLAINTIFFS' MOTION ............................1

    A.    Plaintiffs Failed to Confer on the Majority of Requests at Issue..........1

    B.    The Court Should Deny Plaintiffs' Motion With Respect to Requests on Which the Parties Conferred in Person. ..........................3

    C.    The Court Should Deny Plaintiffs' Motion With Respect to Requests on Which Plaintiffs Failed to Confer in Person. ..................4

    D.    The Court Should Grant Arcadia's Request for Sanctions..................5

ii

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE 37

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Pursuant to Local Rule 37-2.3 and this Court's Order (ECF No. 61), Defendant Arcadia Consumer Healthcare Inc. (Arcadia) submits the following Supplemental Memorandum of Law in opposition to Plaintiffs Eric Hayde's and Megan Wheeler's (together, Plaintiffs) (collectively with Arcadia, the Parties) Motion to Compel Arcadia's Further Responses and Production to First Set of Requests for Admission (RFA) and Requests for Production (RFP).

## I.   THE COURT SHOULD DENY PLAINTIFFS' MOTION

### A.   Plaintiffs Failed to Confer on the Majority of Requests at Issue.

*First*, Plaintiffs' motion to compel further responses to 28 out of 38 requests should be denied outright based on Plaintiffs' failure to "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." (ECF No. 60 (Stip.) 24 (citing L.R. 37-1).)

"Plaintiffs' meet and confer efforts were lacking under both the letter and the spirit of L.R. 37…. L.R. 37-1 places the burden on the moving party contemplating a discovery motion to arrange for the conference designed to attempt, in good faith, to eliminate as many disputes as possible between the parties…. Only after the failure of a conference of counsel in which they, in good faith, try to eliminate as many issues as possible … may a moving party proceed with sending its portion of a joint stipulation." *Williams v. J.B. Hunt Transp., Inc.*, 2021 WL 3625337, at *3 (C.D. Cal. May 19, 2021) (Early, J.) (denying plaintiffs' motion to compel). As this Court has recognized, the "meet and confer requirement prior to filing motions serve important interests." *Tater v. City of Huntington Beach*, 2021 WL 3524120, at *2 (C.D. Cal. Apr. 16, 2021) (Early, J.) (denying plaintiff's discovery motions for failure to confer in good faith). Among them: "A good faith conference between counsel could allow consideration of manners by which the scope of records sought could be narrowed. Further, … some issues raised by Plaintiff may be moot if some categories of records requested do not exist. " *Id*. Such is the case here.

As Arcadia explained, the Parties only conferred in person with respect to

1

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE  37

Mr. Hayde's RFP 10, 14, 16, 17, 19, 21–24, and RFA 9. (Stip. 3–5.) In their post-conference emails, counsel for Plaintiffs and Arcadia confirmed that the Parties only conferred on these specific requests. (ECF No. 60-12 (Bae Decl.) ¶¶ 3–4; ECF No. 60-13 (Oct. 2025 Emails).) Plaintiffs concede that those emails "confirm[] the Requests for Production Plaintiffs had raised and stat[e] that Arcadia would provide a supplemental response to Request for Admission No. 9." (ECF No. 60-1 (Coelho Decl.) ¶ 10.) Arcadia subsequently served supplemental RFA and RFP responses, as promised, and began its rolling production of documents after Plaintiffs filed a mutually-agreeable protective order with the Court. (Bae Decl. ¶ 5.)

*Yet, Plaintiffs still have not conferred, let alone attempted to confer, regarding these 28 requests to date.* In the meantime, Plaintiffs' counsel (1) received Arcadia's supplemental responses; (2) received Arcadia's first production of documents; (3) sent Arcadia their portion of the joint stipulation; (4) refused to withdraw the stipulation or provide available dates for an in-person conference as to the requests on which they did not confer (Stip. 5 (citing Bae Decl., Ex. B (Jan. 2026 Emails) 1–3)); (5) attended both Plaintiffs' depositions at Arcadia's counsel's Los Angeles office; (6) demanded to discuss Plaintiffs' purported Rule 30(b)(6) deposition notice, only after realizing that they failed to "confer in good faith" on the proposed matters for examination "[b]efore or promptly after the notice … is served" per Fed. R. Civ. P. 30(b)(6); and (7) unilaterally served five apex deposition notices, without even attempting to inquire on any of the proposed high-level deponent's available dates to sit for deposition. As this Court put it:

> Plaintiffs' sending of its portion of the Joint Stipulation before the parties had conferred in good faith … violated L.R. 37's procedures. Doing so also violated the spirit of L.R. 37, which is designed to create a process by which the parties in good faith work collaboratively to attempt to resolve their disputes or as many of those disputes as possible through a conference of counsel. A party that has already prepared and forwarded its portion of a Joint Stipulation before such a meeting … is not proceeding in a manner designed in good faith to collaboratively resolve disputes. Plaintiffs' approach here was not in conformity with the letter or spirit of L.R. 37.

2

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE 37

*Williams*, 2021 WL 3625337, at \*4.  The same result controls here.  Plaintiffs' motion should be denied based on failure to confer in good faith.

**B.    The Court Should Deny Plaintiffs' Motion With Respect to Requests on Which the Parties Conferred in Person.**

*Second*, Plaintiffs' motion should be denied with respect to the only requests which the Parties conferred on in person:  RFP 10, 14, 16–17, 19, 21–24 and RFA 9.  Following the conference, counsel for Arcadia sent a substantive follow-up and specifically requested legal authorities in support of the requested records.  (Bae Decl. ¶ 4; *id*., Ex. A.)  Instead of responding, Plaintiffs' counsel filed their premature and meritless motion.  In any event, Plaintiffs' motion should be denied as to these requests, which seek irrelevant and disproportionate discovery:

*RFP 10, 16–17, 21* seek documents regarding sales volume of Fungi-Nail products sold in California.  But "Plaintiffs have not shown that … sales figures … are relevant to the issue of class certification."  *Red v. Kraft Foods Inc.*, 2011 WL 13128159, at \*4 (C.D. Cal. July 25, 2011).  Arcadia also already produced California sales data in connection with mediation.  (Stip. 6.)

*RFP 14* seeks documents regarding Arcadia's advertising expenditures for Fungi-Nail products.  It is undisputed that this request seeks discovery outside the scope of Phase 1 class certification discovery.  (ECF No. 39 (Joint Rule 26(f) Report) at 6; ECF No. 41 (Order) at 2.)  Nor do Plaintiffs "explain how all advertisements … are relevant to the claims or defenses in this action and proportional to the needs of the case."  *Lavco Sol'ns, Inc. v. Biztracker Sys. of St. John, LLC*, 2021 WL 4771803, at \*9 (C.D. Cal. Sept. 1, 2021).

*RFP 19, 22–24* seek documents regarding Arcadia's revenues, profits, and financial statements for Fungi-Nail products.  Again, it is undisputed that these requests seek discovery about liability and damages beyond the scope of Phase 1 discovery.  (Joint Rule 26(f) Report 6; Order 2.)  In fact, "Plaintiffs have not shown that …  profit and revenue … are relevant to the issue of class certification."  *Red*,

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE  37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2011 WL 13128159, at *4; *Jones v. Nutiva, Inc.*, 2016 WL 5858467, at *2 (N.D. Cal. Oct. 7, 2016) (denying request to compel "company-wide financial statements," which are not "necessary."). Rather, these requests present a "merits question that should be left for summary judgment or trial, not at class certification." *Miles v. Kirkland's Stores Inc.*, 89 F.4th 1217, 1224 (9th Cir. 2024).

**RFA 9** seeks information regarding consumer expectations. As promised, Arcadia provided a supplemental response to this request in accordance with Fed. R. Civ. P. 36(a)(4). (ECF No. 60-9 (Supp. RFA Resps.) at 14.) Plaintiffs' manufactured dispute as to this request is thus moot.

### C. The Court Should Deny Plaintiffs' Motion With Respect to Requests on Which Plaintiffs Failed to Confer in Person.

*Third*, Plaintiffs' motion should be denied with regard to the requests which the Parties never conferred in-person: RFP 1–9, 11–13, 15, 18, 20, and RFA 1–8, 10–14. Arcadia remains willing to confer—and has repeatedly offered to confer—in person regarding these requests, to no avail. (Stip 5 (citing Bae Decl., Ex. B at 3).) In any event, Plaintiffs' motion should also be denied as to these requests:

Plaintiffs seek documents regarding labeling, advertising, and packaging of Fungi-Nail products (RFP 1–3, 6, 9, 12–13). Arcadia already produced Fungi-Nail product labels and advertising materials responsive to these requests. To the extent Plaintiffs seek "all documents" regarding Arcadia's selection of the brand name "Fungi-Nail" (RFP 3), or Arcadia's disclaimers notifying consumers that the product is not effective on nail fungus (RFP 9, 13), these requests implicate liability, damages, and expert issues which fall outside the scope of Phase 1 discovery. (Joint Rule 26(f) Report 6; Order 2.) *See Miles*, 89 F.4th at 1224.

Plaintiffs also seek "all documents" regarding testing and research on Fungi-Nail Products (RFP 4–5, 15); consumer feedback about the products' efficacy on nail fungus (RFP 7); the U.S. Food and Drug Administration's approval of Fungi-Nail products (RFP 8); and Arcadia's "knowledge or awareness of consumer

4

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW PURSUANT TO LOCAL RULE 37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

expectations" about the "intended use or effectiveness" of the products (RFP 11). Plaintiffs have not shown that these requests are (and they are not) relevant to class certification. *See, e.g.*, *Pappas v. Naked Juice Co. of Glendora*, 2012 WL 12885108, at *6 (C.D. Cal. Oct. 18, 2012) (denying plaintiffs' motion to compel "customer comments/complaints at the class certification stage"); *Red*, 2011 WL 13128159, at *4 (plaintiffs failed to show defendant's "knowledge or research of the effects of [its] products on consumers' health … is relevant to the question of class certification."). Moreover, this case concerns one purchase each of the Fungi-Nail Anti-Fungal Liquid product in California. (ECF No. 35 (SAC) ¶¶ 8–9.) Plaintiffs' requests—which are not limited by geography, time, or product type— seek plainly irrelevant, disproportionate, and overbroad discovery.

Plaintiffs also seek documents sufficient to show the number of units and the pricing of Fungi-Nail products sold between December 6, 2020, and the present (RFP 18, 20), which are irrelevant to class certification issues. *See Red*, 2011 WL 13128159, at *3 (denying motion to compel "information about pricing of … products" because "[p]laintiffs do not explain how the requested information would be used in a damage analysis in this false advertising case.").

Plaintiffs completely failed to confer in person on RFA 1–8 and 10–14. (Stip. 4.) Even if they had, Arcadia properly objected to these requests as, inter alia, vague, ambiguous, overbroad, and compound. (*Id*. at 214–77, 289–326.)

### D.    The Court Should Grant Arcadia's Request for Sanctions.

*Finally*, Arcadia requests that the Court impose mandatory Rule 37 monetary sanctions upon Plaintiffs if and when their motion is denied. (Stip. 331–32.) Plaintiffs' (1) failure to confer as L.R. 37 requires; (2) irrelevant and disproportionate discovery demands; and (3) multiplication of proceedings through premature, bad-faith tactics warrant Rule 37 sanctions. (*Id*. at 328–32.) Arcadia therefore respectfully requests that this Court deny Plaintiffs' motion to compel, and order Plaintiffs to pay the fees Arcadia has incurred in opposing their motion.

5

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE  37

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Dated:  February 3, 2026

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: /s/ Peter K. Bae
     Peter K. Bae

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*

6

ARCADIA'S SUPPLEMENTAL MEMORANDUM OF LAW
PURSUANT TO LOCAL RULE  37