Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE, INC. a Delaware corporation,<br><br>Defendant. | Case No.: 8:24-cv-02657-JDE<br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION TO COMPEL**<br><br>Date:         February 19, 2026<br>Time:         10:00 a.m.<br>Judge:        John D. Early<br>Courtroom:    6A<br><br>Complaint Filed:         12/06/2024<br>Class Discovery Cutoff:  05/12/2026<br>Fact Discovery Cutoff:   12/28/2026<br>Pretrial Conf.:          05/21/2027<br>Trial Date:              06/02/2027 |

## I.   INTRODUCTION

Arcadia misstates the meet and confer history and Plaintiffs' compliance with local rule requirements. Plaintiffs propounded the discovery requests at issue on *July 15, 2025.* Coelho Suppl. Decl. ¶2.[1] In response to these discovery requests, Arcadia engaged in discovery abuse and dilatory tactics for over six months (29 weeks). *Id.*[2] Plaintiffs have met and conferred with Arcadia on multiple occasions regarding these requests, including in-person. *Id.*

Since July 2025, and only after Plaintiffs filed this motion to compel, Arcadia produced just nine pages of documents on January 20, 2026, consisting solely of images of the Fungi Nail label. *Id.* ¶10. Arcadia continues to withhold documents necessary to test and prove the uniformity, scope, and administration of the challenged representations and guarantee across the class period.

Plaintiffs request that the Court not only order Arcadia to produce responsive documents and supplement its RFAs, but that Arcadia be reprimanded and Plaintiffs awarded their costs and fees for bringing this Motion.[3]

## II.   PLAINTIFFS MET & CONFERRED UNDER L.R. 37-1

At the September 15, 2025 meet and confer, Arcadia represented to Plaintiffs' counsel that it would produce documents responsive to the RFPs, except

---

[1] Plaintiffs' first set of Requests for Production ("RFPs") and Requests for Admission ("RFAs").

[2] Not only has Arcadia engaged in discovery abuse with respect to these requests, but used gamesmanship with respect to Plaintiffs' depositions, refuses to supplement its initial disclosures with names of individuals with relevant information, and refuses to provide a date for a 30(b)(6) deposition or agree on reasonable topics. Coelho Suppl. Decl. ¶10. Plaintiffs sent Arcadia a 37-1 request to meet and confer regarding the 30(b)(6) on January 28, 2026. *Id.*

[3] In connection with its response to this joint stipulation, Arcadia used color highlighting to emphasize its section. Plaintiffs pointed out that this was not permitted under LR 11-3.1, but Arcadia refused to modify its use of yellow and red. Coelho Suppl. Decl. ¶11, Ex. A.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL

for Nos. 10, 14, 16, 17, 19, and 21-24. Coelho Suppl. Decl. ¶4. Arcadia's counsel did not indicate that it had any issues supplementing the RFAs. *Id.* ¶8. Following the parties' September 15, 2025 conference, Arcadia expressly identified in writing that it would stand on its objections to RFPs Nos. 10, 14, 16, 17, 19, and 21-24. *Id.* ¶5; Dkt. No. 60-6 (Coelho Decl. Ex. 5). It did not identify any issues supplementing its admissions. *Id.* ¶5.

At the parties' subsequent in-person meet and confer on October 24, 2025, *Plaintiffs' counsel began by confirming whether Arcadia's position had changed on each of the RPFs since that September confirmation. Id.* ¶6. *Arcadia confirmed that it had not,* in other words, that it would produce responsive documents to Plaintiffs' RFPs except for Nos. 10, 14, 16, 17, 19, and 21-24, and the parties then spent approximately 4.5 hours discussing the disputed requests in an effort to narrow issues and reach agreement. *Id.* ¶7.

With respect to the RFAs, Arcadia did not state during the September meet and confer, or in the follow-up email exchange, that it had any issue supplementing its admissions. *Id.* ¶¶4-5. *During the in-person meet and confer, Plaintiffs' counsel specifically asked whether Arcadia had an issue with supplementing any RFA and went through the requests. Id.* ¶8. *Arcadia's counsel represented that there may be a potential issue with supplementing RFA No. 9,* and the parties conferred on that request accordingly. Arcadia did not identify any other RFAs as requiring discussion. *Id.*

Contrary to Defendant's counsel's representation, Plaintiffs' counsel did **not** decline to discuss any other of Hayde's requests. *Id.* ¶7.[4] Once defense counsel represented that its positions on each of the requests had not changed since September, Plaintiffs' counsel focused time on requests to which Defendant

---

[4] Defense counsel constantly misrepresents the record and Plaintiffs' counsel's statements. Coelho Suppl. Decl. ¶9. It is clear that a court reporter must be present at all future meet and confers. *Id.*

2
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL

intended to stand on its objections. *Id.* Plaintiffs have met and conferred in good faith on all requests at issue in Plaintiffs' motion. *Id.* ¶9. Arcadia's contention that Plaintiffs failed to meet and confer because the parties did not spend time conferring on requests Arcadia never identified as disputed is not reasonable and is calculated gamesmanship designed to delay.

### III.   REQUEST FOR AN ORDER LIFTING PHASHING

Arcadia is attempting to use the phased discovery provision in the Scheduling Order as a blanket shield to avoid producing core class certification discovery. The Scheduling Order adopted phased discovery at the parties' request, but it expressly allows discovery that overlaps certification and merits issues in the first phase and further provides that, if disputes arise over whether particular discovery is certification based or merits based, the Court may lift the phasing restriction. Dkt. 41 at 2. That is the dispute here. Plaintiffs served targeted RFAs and RFPs seeking corporate, classwide discovery concerning Arcadia's uniform labeling and marketing, the terms and administration of the money back guarantee, and related information that goes to common proof, predominance, and Plaintiffs' ability to present class certification briefing. Arcadia resists meaningful production by characterizing these requests as merits discovery, even though the discovery goes directly to issues that must be addressed at class certification and, by their nature, overlap with the merits in a consumer mislabeling case.

Time is short under the Court's class certification schedule. Allowing Arcadia to continue invoking phasing to withhold overlapping certification and merits discovery would undermine the purpose of the phased approach and jeopardize the orderly class certification adjudication. Accordingly, Plaintiffs request that the Court lift the phasing restriction.

### IV.   COMPEL RULE 34 COMPLIANT PRODUCTION

The disputed RFPs seek information tied directly to certification issues

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL

such as numerosity, and common proof, including distribution and sales, advertising and marketing, consumer complaints, and the money back guarantee. As discussed above, Arcadia argues categories fall outside Phase One, but class certification often overlaps with the merits, and courts consider merits evidence to the extent it bears on Rule 23 requirements. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Any limited information exchanged for mediation purposes does not satisfy Rule 34. These requests are relevant to class certification (and not just merits).

RFP Nos. 2, 3, 6, 9, 12, 13 address the uniform labels, packaging, marketing, and disclaimers, which are key to commonality and predominance and common exposure across time, SKUs, and channels. RFP Nos. 1, 4, 5, 15 seek formulation, substantiation, and efficacy records bearing on whether the claims can be tested with common proof and what Arcadia knew. RFP Nos. 7, 11 seek complaint and consumer-perception materials reflecting consistent marketplace understanding (producible via logs and summaries). RFP No. 8 concerns a uniform regulatory fact (FDA and approval communications). RFP Nos. 10, 14, 16–24 seek sales, distribution, pricing, and revenue summaries supporting numerosity, class definition, dissemination, and a classwide damages model. These categories are limited to Fungi-Nail and the class period and are centrally maintained, making production proportional.

Rule 34 does not permit broad objections with no production. Confidentiality is addressed by the protective order, privilege by a Rule 26(b)(5) log, and burden by specific, evidence-based support. None of those issues justifies a blanket refusal to produce proportional certification discovery.

## V.    ORDER COMPELLING COMPLIANT RFA RESPONSES

The RFAs at issue seek corporate level facts relevant to class certification, including facts bearing on the forms in which the product was sold and the scope of marketing and distribution. Arcadia's objections based on alleged

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL

prematurity, mediation, or Phase One labels do not excuse current admission or denial after reasonable inquiry. These requests are relevant to class certification (not just merits).

RFA Nos. 2, 3, 4, 10 concern the uniform labels and packaging and the message Arcadia intended the "Fungi-Nail" name to convey, which are facts central to commonality and predominance. RFA Nos. 7, 13 address the active ingredient and Arcadia's knowledge of performance limits, bearing on whether Plaintiffs' theory turns on common proof. RFA Nos. 9, 14 address consumer expectations and complaints of ineffectiveness, supporting materiality and common consumer understanding. RFA Nos. 5, 6, 8 address uniform FDA and approval facts. RFA Nos. 1, 11, 12 address distribution and California sales, supporting numerosity and class scope.

The Court should order Arcadia to serve amended responses that admit or deny and fairly meet the substance of each request.

## VI.    FEES ARE WARRANTED UNDER RULE 37

As the Court can see from the email exhibits, Plaintiffs repeatedly attempted to resolve these disputes without Court intervention for over six months, and Arcadia nevertheless maintained sweeping objections and produced virtually no documents. Arcadia's request for fees under Rule 37(a)(5)(B) should be denied because Plaintiffs' motion is substantially justified and Arcadia's continued nonproduction necessitated Court intervention. Plaintiffs' reasonable fees and costs are warranted.

## VII.   CONCLUSION

For the reasons above and those set forth in the Joint Stipulation, Plaintiffs respectfully request that the Court compel Arcadia to provide Rule 34 compliant responses and production, serve Rule 36 compliant admissions or denials, and award Plaintiffs their reasonable fees and costs.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

Dated:  February 3, 2026

Respectfully submitted,

**WILSHIRE LAW FIRM, PLC**

_/s/ Thiago Coelho_
Thiago M. Coelho
Lauren Lendzion
Chumahan B. Bowen
Jennifer M. Leinbach
_Attorneys for Plaintiffs and the
Putative Classes_

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL