Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>ARCADIA CONSUMER HEALTHCARE, INC. a Delaware corporation,<br><br>                    Defendant. | Case No.: 8:24-cv-02657-JDE<br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL DECLARATION OF THIAGO COELHO IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION TO COMPEL**<br><br>Date:          February 19, 2026<br>Time:          10:00 a.m.<br>Judge:         John D. Early<br>Courtroom:     6A<br><br>Complaint Filed:          12/06/2024<br>Class Discovery Cutoff:   05/12/2026<br>Fact Discovery Cutoff:    12/28/2026<br>Pretrial Conf.:           05/21/2027<br>Trial Date:               06/02/2027 |

## <u>DECLARATION OF THIAGO COELHO</u>

I, Thiago M. Coelho, declare as follows:

1.    I am a partner at Wilshire Law Firm, PLC, counsel of record for Plaintiffs Eric Hayde and Megan Wheeler in this action. I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify to them.

2.    I submit this supplemental declaration in support of Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Motion to Compel Further Responses and Production to Compel. Plaintiffs propounded the discovery requests at issue, Plaintiffs' first set of Requests for Production and Requests for Admission, on *July 15, 2025*. In response to these discovery requests, Arcadia engaged in discovery abuse and dilatory tactics for over six months (29 weeks). Plaintiffs have met and conferred with Arcadia on multiple occasions regarding these requests, including in-person.

3.    On September 15, 2025, counsel for Plaintiffs and counsel for Defendant met and conferred regarding Arcadia's responses to Plaintiffs' First Sets of Requests for Production and Requests for Admission.

4.    During that September 15 meet and confer, Arcadia's counsel stated that Arcadia would produce documents responsive to Plaintiffs' Requests for Production, except as to Requests for Production Nos. 10, 14, 16, 17, 19, and 21 through 24. Arcadia's counsel did not indicate that Arcadia had any issue supplementing its responses to Plaintiffs' Requests for Admission generally.

5.    After the September 15 meet and confer, Plaintiffs' counsel sent a follow up email summarizing the meet and confer, and Arcadia's counsel responded in writing confirming that Arcadia would stand on its objections to Requests for Production Nos. 10, 14, 16, 17, 19, and 21 through 24, and the writing did not identify any Requests for Admission as requiring further meet and confer.

1

SUPPLEMENTAL DECLARATION IN SUPPORT OF DISCOVERY MOTION

6.      On October 24, 2025, counsel for Plaintiffs and counsel for Arcadia met and conferred in person regarding the same discovery. At the outset of the October 24 meet and confer, Plaintiffs' counsel confirmed whether Arcadia's position had changed on each request since the September follow-up writing. Arcadia's counsel confirmed that it had not, meaning that Arcadia's position remained that it would produce responsive documents to Plaintiffs' Requests for Production other than Nos. 10, 14, 16, 17, 19, and 21 through 24.

7.      Contrary to Defendant's counsel's representation, Plaintiffs' counsel did **not** decline to discuss any other of Hayde's requests. Once defense counsel represented that its positions on each of the requests had not changed, Plaintiffs' counsel focused time on requests to which Defendant intended to stand on its objections. Counsel then spent approximately four and one-half hours discussing the disputed requests in an effort to narrow issues and reach agreement.

8.      With respect to the Requests for Admission, Arcadia's counsel did not state during the September 15 meet and confer or the September follow-up writing that Arcadia had any issue supplementing its admissions. During the October 24 meet and confer, Plaintiffs' counsel specifically asked whether Arcadia had an issue with supplementing any Requests for Admission and went through the requests. Arcadia's counsel represented only that there may potentially be an issue with supplementing Request for Admission No. 9, and the parties conferred on that request accordingly. Arcadia's counsel did not identify any other Requests for Admission as disputed and requiring discussion.

9.      Plaintiffs have met and conferred in good faith on all requests at issue in Plaintiffs' motion. Defense counsel constantly misrepresents the record and Plaintiffs' counsel's statements. It is clear that a court reporter must be present at all future meet and confers.

10.      Not only has Arcadia engaged in discovery abuse with respect to

2

SUPPLEMENTAL DECLARATION IN SUPPORT OF DISCOVERY MOTION

these requests, but it has engaged in gamesmanship with respect to Plaintiffs' depositions, refuses to supplement its initial disclosures with names of individuals with relevant information, and also refuses to make a corporate 30(b)(6) representative available for deposition or agree on reasonable topics. On January 28, 2026, Plaintiffs served a Local Rule 37-1 request to meet and confer regarding Arcadia's position concerning Plaintiffs' noticed Rule 30(b)(6) deposition of Arcadia and related requests for production. Since July 2025, and only after Plaintiffs filed this motion to compel, Arcadia produced just nine pages of documents on January 20, 2026, consisting solely of images of the Fungi Nail label.

11.    In connection with the parties' exchange of drafts for the joint stipulation briefing on Plaintiffs' motion to compel, Arcadia's draft used colored highlighting within its section. Plaintiffs requested that Arcadia remove the colored highlighting because Local Rule 11-3.1 does not permit using color highlighting to emphasize text in filings. Arcadia declined to remove the colored highlighting. A true and correct copy of the correspondence regarding this issue is intended to be submitted as Exhibit A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 3, 2026, in Los Angeles, California.

*/s/ Thiago Coelho*
Thiago Coelho

SUPPLEMENTAL DECLARATION IN SUPPORT OF DISCOVERY MOTION