DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
Daniel Imakyure (SBN 356869)
  *danielimakyure@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant
Arcadia Consumer Healthcare Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>Defendant. | Case No. 8:24-cv-02657-JDE<br><br>**DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S OPPOSED *EX PARTE* APPLICATION TO ORDER PLAINTIFFS TO COMPLY WITH LOCAL RULE 37 AND CONTINUE DEPOSITION DATES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration of Peter K. Bae and Proposed Order Filed Concurrently*]<br><br>Assigned to the Hon. John D. Early<br><br>Discovery Cutoff: December 28, 2026<br>Pretrial Conf.:    May 21, 2027<br>Trial Date:         June 2, 2027 |

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## *EX PARTE* APPLICATION

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Local Rule 7-19, and Paragraph 3 of the Honorable John D. Early's Procedures, Defendant Arcadia Consumer Healthcare Inc. (Arcadia) respectfully requests that this Court Order that Plaintiffs Eric Hayde and Megan Wheeler (together, Plaintiffs) (collectively with Arcadia, the parties) comply with Local Rule 37 and continue Plaintiffs' five noticed depositions of Chinna Chinnakaruppan (Arcadia's Chief Operating Officer), Chris Martinovic (Arcadia's Chief Customer Officer), Evan Bashoff (Arcadia's Chief Marketing Officer), Martha Ellison (Arcadia's Vice President, Procurement & Project Management), and Mike Tune (Arcadia's Chief Scientific Officer) to dates after March 25, 2026, i.e., after the dates provided for Arcadia's Rule 30(b)(6) deposition, to allow the parties time to confer on these depositions pursuant to Local Rule 37.

As explained in Arcadia's Memorandum of Points and Authorities, *ex parte* relief is warranted because Arcadia cannot obtain relief on a regularly noticed motion before the currently noticed deposition dates—Arcadia was first put on notice of the depositions on January 29, 2026, with noticed deposition dates of February 9 to February 23.  The parties have an ongoing dispute about the propriety of these Apex depositions of Arcadia's C-suite and high-level executives—whom Plaintiffs want to depose before Arcadia's available dates for the Fed. R. Civ. P. 30(b)(6) deposition—and Plaintiffs represented they would provide "more time" for the parties to confer on these depositions in accordance with Local Rules, before reneging.  Arcadia repeatedly requested confirmation in writing, over telephone, and in person, that Plaintiffs withdraw or move the deposition dates out—both because the deponents are not available and because the parties require time to actually confer on these depositions, and if necessary, seek court intervention pursuant to Local Rule 37.  Plaintiffs ultimately refused to provide more time to

1

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

confer on the Apex depositions, as initially represented, forcing this *Ex Parte* Application for relief.

Good cause exists to grant Arcadia' extension request.  *First*, Arcadia requires sufficient time meaningfully to confer on the five Apex deposition notices, and in compliance with Local Rule 37.  Plaintiffs offer no explanation for refusing to reschedule the depositions, and will not suffer any prejudice, as the motion for class certification is not due until May 26, 2026, and the fact discovery cut-off is not until December 28, 2026.  *Second*, relief is warranted on an *ex parte* basis, because Arcadia cannot seek relief through a regularly noticed motion.

On February 5, 2026, pursuant to Local Rule 7-19, and as set forth in the concurrently-filed Declaration of Peter K. Bae, counsel of record for Arcadia advised Plaintiffs' counsel in person that Arcadia would be filing an *ex parte* application to order Plaintiffs to comply with Local Rule 37 and continue the deposition dates to allow the parties sufficient time to confer on the depositions, and if necessary, seek relief from the Court consistent with Local Rule 37 procedures. Mr. Bae provided the basis for the requested relief, explaining that the short notice of these five Apex depositions prevents a motion for protective order from being heard in the normal course.  In response, Plaintiffs reiterated their opposition.

Concurrently with its filing, Arcadia is serving its Application and accompanying Memorandum of Points and Authorities on Plaintiffs by both electronic filing and email.  Plaintiffs' counsel's contact information is:

Thiago M. Coelho (SBN 324715)
thiago.coelho@wilshirelawfirm.com
Chumahan B. Bowen (SBN 268136)
chumahan.bowen@wilshirelawfirm.com
Jennifer M. Leinbach (SBN 281404)
jennifer.leinbach@wilshirelawfirm.com
WILSHIRE LAW FIRM, PLC
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Arcadia's Application is based on the accompanying Memorandum of Points and Authorities; the Declaration of Peter K. Bae and Proposed Order; and on such argument as may be presented at the hearing on this application, if any.

Dated:  February 6, 2026

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: /s/ Peter K. Bae
     Peter K. Bae

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Arcadia Consumer Healthcare Inc. (Arcadia) respectfully requests that the Court grant its *Ex Parte* Application for an Order that Plaintiffs Eric Hayde and Megan Wheeler (together, Plaintiffs) (collectively with Arcadia, the parties) comply with Local Rule 37 and continue Plaintiffs' five noticed depositions of Arcadia's C-suite and high-level executives to dates after March 25, 2026, i.e., after the dates provided for Arcadia's Rule 30(b)(6) deposition, to allow the parties to confer on the propriety of these depositions pursuant to Local Rule 37.

The parties dispute the propriety of these Apex depositions—Chinna Chinnkaruppan (Arcadia's Chief Operating Officer), Chris Martinovic (Arcadia's Chief Customer Officer), Evan Bashoff (Arcadia's Chief Marketing Officer), Martha Ellison (Arcadia's Vice President, Procurement & Project Management), and Mike Tune (Arcadia's Chief Scientific Officer)—which Arcadia has advised are considered presumptively harassing absent a showing by the noticing party that these deponents possess unique, first-hand, non-repetitive knowledge of the facts in the case, and there are no less intrusive methods of discovery available. Nonetheless, Plaintiffs noticed these depositions on minimal notice, without any advance warning or conferral, for February 9–23, well before Arcadia's available dates for its Fed. R. Civ. P. 30(b)(6) deposition (March 23–25). After Arcadia received notice of the depositions (on January 29), Plaintiffs initially represented they would provide "more time" for the parties to confer on these Apex depositions under regular procedures. Plaintiffs later reneged, and now refuse to push out the depositions at all, despite witness unavailability and Arcadia's persistent requests for the opportunity to confer prior to the deposition dates. This is unacceptable.

Arcadia simply asks for the Court to order the depositions be continued or re-noticed for a later date, and that Plaintiffs comply with Local Rule 37, so that the parties can meaningfully confer on these depositions and hopefully resolve their

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

disputes as to these depositions without the need for (further) Court intervention. Plaintiffs have no basis to demand the depositions occur *now*—their claims of urgency lack merit, as Arcadia just agreed (at Plaintiffs' request) to a three-month extension of the case schedule, meaning the class certification motion is not due until May 26, 2026, and the fact discovery cut-off is not until December 26. Should the parties need to file any motion with the Court, the requested order would permit the parties to follow the Joint Stipulation procedures in Local Rule 37-2. These grounds justify good cause for the requested relief. Arcadia is also entitled to this relief on an *ex parte* basis, as it could not seek relief through a regularly noticed motion before the depositions occur.

Arcadia respectfully—and regrettably—requests that this Court grant its *Ex Parte* Application to order Plaintiffs to comply with Local Rule 37, and permit the parties to confer on the Apex deposition notices in accordance with the Local Rules.

## II.   RELEVANT BACKGROUND

Plaintiffs Eric Hayde and Megan Wheeler filed this putative class action against Arcadia alleging that Arcadia's anti-fungal product label is misleading. The parties have been engaging in discovery, with both parties having filed discovery motions. The Court previously ordered the depositions of Plaintiffs to occur on dates certain, and at the same time, advised the parties to work together more. (Declaration of Peter K. Bae (Bae Decl.) ¶ 2.)

To that end, Arcadia has thus endeavored to conduct discovery in good faith and resolve discovery disputes without the need for Court intervention. (Bae Decl. ¶ 2.) In relevant part, Arcadia has been conferring with Plaintiffs pursuant to Rule 30(b)(6) regarding their Noticed topics for deposition. (*Id.*) Arcadia has offered to produce a deponent for various topics, proposed three available deposition dates in March, and have continued to confer to finalize topics for deposition. (*Id.*) Arcadia recently also agreed, at Plaintiffs' request, to push the case schedule out by three months, which the Court ordered (Dkt. 57)—Plaintiffs' Motion for Class

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Certification is not due until May 26, 2026, and fact discovery cut-off is not until December 28.

Arcadia was thus surprised to receive, on January 29, 2026, Plaintiffs' five notices of deposition of Arcadia's C-Suite executives:

- Chinna Chinnakaruppan (Arcadia's Chief Operating Officer) for **February 9**;
- Chris Martinovic (Arcadia's Chief Customer Officer) for **February 11**;
- Evan Bashoff (Arcadia's Chief Marketing Officer) for **February 13**;
- Martha Ellison (Arcadia's Vice President, Procurement & Project Management) for **February 17**; and
- Mike Tune (Arcadia's Chief Scientific Officer) for **February 23**.

(Bae Decl. ¶ 2, Ex. A (Notices).)[1]

Plaintiffs unilaterally served these five Apex deposition notices without providing Arcadia any advance notice at all, let alone asking for any of these deponents' availability, or conferring on the propriety or timing of these depositions. (Bae Decl. ¶ 3.) Among other problems with the notices, none of the proposed deponents are available for deposition on the noticed days. (*Id*.) And as discussed below, the timing of these depositions does not allow the parties to confer or seek relief from the Court under Local Rule 37.

Given the impending dates of the noticed depositions, Arcadia's counsel contacted Plaintiffs' counsel the same day it received the notices to request that Plaintiffs withdraw the notices. (Bae Decl. ¶ 4, Ex. B (Emails) at 4.) Arcadia noted that these deposition notices appeared to be served for the purpose of harassing Arcadia, as the parties were already conferring on a Rule 30(b)(6) deposition. Arcadia further noted that Plaintiffs had no basis to satisfy the heightened standard to take depositions of Arcadia's Apex executives. (*Id.* (citing *Ent. Studios*

---

[1] Plaintiffs served the notices by mail on January 27, and Arcadia received the notices on January 29. (Bae Decl ¶ 3; *see also id*., Ex. A.)

6

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Networks, Inc. v. McDonald's USA, LLC*, 2025 WL 1090394, at \*7–8 (C.D. Cal. Apr. 9, 2025)).)  Arcadia also requested to confer the next day, during Ms. Wheeler's in-person deposition.  (*Id.*)

Plaintiffs' counsel Thiago Coelho refused "to meet and confer on issues with less than 24 hours' notice."  (Bae Decl. ¶ 5, Ex. C (Emails) at 1.)[2]  Mr. Coelho stated that Plaintiffs would not confer on the notices until Arcadia produced "the specific basis for each objection [to each notice] with sufficient particularity," and an explanation of why these depositions did *not* meet the Apex deposition standards, among other information.  (*Id.*)

Nevertheless, at Ms. Wheeler's deposition the next day, January 30, 2026, Mr. Coelho represented to counsel for Arcadia—Jacob M. Harper and Peter K. Bae—that his colleague Jennifer Leinbach would reach out to provide "more time" to confer on the Apex deposition notices.  (Bae Decl. ¶ 6; *see also id.* ¶ 4, Ex. B at 3.)  Immediately following Ms. Wheeler's deposition, Arcadia confirmed this agreement over email, and that it would hold off on any *ex parte* application for relief, on reliance on Mr. Coelho's statement that they would provide more time for the depositions.  (Bae Decl. ¶ 4, Ex. B at 2–3.)

When Arcadia followed up for the specifics, i.e., to confirm that Plaintiffs would re-notice the depositions far out enough to allow the parties to comply with the Local Rule 37-1 procedure, Plaintiffs' counsel initially refused to answer. Arcadia asked at least three times for Plaintiffs' confirmation over email—on January 30, February 3, and February 4—but still, Plaintiffs refused to respond. (Bae Decl. ¶ 7, Ex. D (Emails) at 4; Bae Decl. ¶ 4, Ex. B at 1.)  In addition, Arcadia's attorney, Mr. Bae, called Ms. Leinbach on February 3 to confirm that Plaintiffs would provide more time to confer on the Apex depositions, but Ms.

---

[2] Arcadia has attempted to minimize the number of email exhibits—Plaintiffs' counsel habitually respond to emails in different, new, or altered email chains without explanation.  Arcadia has attempted to make the record as easy to navigate as possible.

7

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Leinbach did not pick up, did not take voicemail, and did not give a call back (as Mr. Bae requested to her receptionist). (Bae Decl. ¶ 7.) Thus, on February 4, Mr. Bae advised Plaintiffs' counsel that Arcadia "will have to proceed with ex parte practice if you do not confirm, as you have not advised how long you will push out the depositions, nor confirmed that the parties will have sufficient time to operate under L.R." (*Id*., Ex. D at 4.) Instead of confirming, Ms. Leinbach demanded that Arcadia provide "new dates" for the five Apex and Rule 30(b)(6) depositions at the Local Rule 37-1 in-person conferral scheduled for the following day. (*Id*. at 3.)

On February 5, 2026, when conferring in person on Plaintiffs' Rule 30(b)(6) topics, Mr. Bae again asked Mr. Coelho and Ms. Leinbach to confirm that Plaintiffs would either withdraw the five Apex deposition notices, subject to re-noticing, or at least move out the deposition dates to allow the parties to confer on a motion for protective order in the normal course. (Bae Decl. ¶ 8.) Plaintiffs' counsel reneged on their earlier agreement entirely—they now refuse to move the deposition dates. (*Id*.) Plaintiffs offered only that Arcadia could identify—by the morning of February 9—three available dates in February for the five Apex depositions to take place, which Arcadia noted still did not resolve the parties' inability to confer pursuant to Local Rule 37-1 or to move for relief. (*Id.*) When Mr. Bae asked Plaintiffs' counsel for the basis of their refusal to withdraw or push out the deposition dates to allow the parties to confer under Local Rule 37, Mr. Coelho responded that "the amount of time we have for discovery is now short," and they did not "see any good cause … to seek additional time." (*Id.*) Mr. Bae replied that the Apex deposition dates could be re-noticed for dates that would permit the parties to confer on a motion for protective order in accordance with Local Rule 37, well within the current Scheduling Order. (*Id.*)

Given Plaintiffs' refusal to withdraw or re-notice the Apex depositions dates, Mr. Bae then verbally advised Mr. Coelho and Ms. Leinbach in person that Arcadia was left with no choice but to seek *ex parte* relief. (Bae Decl. ¶ 9.) Mr. Bae

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

described the basis of this *Ex Parte* Application and relief sought, and that Plaintiffs would have 24 hours to oppose the application after filing. (*Id*.) Plaintiffs will oppose.

## III. THE COURT SHOULD GRANT THE *EX PARTE* APPLICATION

Arcadia amply demonstrates (1) the basis for the order it seeks—continuance of the noticed depositions until after March 25, 2026, and order that Plaintiffs comply with Local Rule 37; and (2) grounds for such relief on an *ex parte* basis. The Court should therefore grant this Application.

### A. Good Cause Exists to Continue the Noticed Deposition Dates and Order Compliance with Local Rule 37.

Arcadia simply and respectfully seeks an order that would move out Plaintiffs' noticed Apex depositions of five of Arcadia's C-suite executives, to allow the parties to meaningfully and in good faith confer on these depositions under the Local Rules—which Plaintiffs currently refuse to do. (Bae Decl. ¶ 9.)

"[T]he court may, for good cause, extend the time ... with or without motion or notice ... if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b). Rule 6 is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (collecting cases). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally … be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id*.; *Parker v. FedEx Nat. LTL, Inc.*, 2011 WL 11671754, at *3 (C.D. Cal. Apr. 11, 2011). Courts thus stay or continue fast approaching deposition dates to allow for conferral or briefing of motions for relief. *E.g.*, *Novitsky v. Transunion LLC*, 2025 WL 1122384, at *2–3 (C.D. Cal. Feb. 7, 2025) (granting *ex parte* application to stay impending deposition date to allow court to resolve motion for protective order).

9

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Continuances of the February depositions, and an order that Plaintiffs comply with Local Rule 37, are well-warranted here.  Arcadia received notice of these depositions on January 29, 2026, which was completely unexpected, particularly as Arcadia was already conferring with Plaintiffs on topics for their Rule 30(b)(6) deposition.  (Bae Decl. ¶¶ 2–3.)  Plaintiffs had not given Arcadia any advance notice of these depositions, did not confer on deposition dates, nor explain the basis for these depositions at all, but noticed them to begin just ten days later:  February 9, 11, 13, 17, and 23.  (*Id.* ¶ 3, Ex. A.)  The deponents are not available on those days, and Arcadia immediately sought to confer with Plaintiffs about relief (including because these are improper Apex depositions).  (Bae Decl. ¶ 4.) Plaintiffs initially indicated they would move out the dates, but reneged on that agreement.  (*Id.* ¶¶ 6–9.)  Despite Arcadia's repeated requests—including through email, phone call, and at two in-person conferrals—that Plaintiffs push out the deposition dates to allow proper conferral under Local Rule 37-1, rather than forcing needless *ex parte* practice, Plaintiffs have refused.  (*Id.* ¶ 7.)  Arcadia also advised the depositions could be re-noticed for dates that would permit the parties to confer on a motion for protective order in the normal course under Local Rule 37, well within the parties' modified scheduling order, but Plaintiffs have still refused. (*Id.* ¶ 8.)  Indeed, there is no exigency requiring the depositions to occur, as Plaintiffs' deadline to move for class certification is not until May 26, 2026, and the fact discovery cut-off is not until December 28, 2026.  (Dkt. 57.)  Further, Arcadia has already offered three available dates for a Rule 30(b)(6) deposition in March. (Bae Decl. ¶ 2.)  Plaintiffs will therefore suffer no prejudice by this relief, and have no basis to justify their position here.

Arcadia respectfully requests that the Court order Plaintiffs to comply with Local Rule 37 and continue the five deposition dates until after March 25, 2026, so that the parties have sufficient time to meaningfully confer as to five noticed depositions and hopefully resolve these disputes without the need for Court

10

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

intervention.  Should any Court intervention be necessary, such continuance will allow sufficient time to follow Joint Stipulation procedures under Local Rule 37-2.

### B.  Relief on an *Ex Parte* Basis Is Warranted.

Arcadia's Application also meets the criteria for *ex parte* relief.  *Ex parte* relief is warranted when a movant shows (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Courts find *ex parte* relief is warranted where, as here, deposition dates are fast "approaching" resulting in "potential harm" to the moving party "if a motion … were to be heard under regularly noticed motion procedures." *City of Riverside v. Greyhound Lines, Inc.*, 2017 WL 11632085, at *3 (C.D. Cal. May 16, 2017).

Both factors are met here:

*First*, Arcadia would be irreparably prejudiced if it was required to seek relief through a regularly noticed motion.  Indeed, courts recognize that use of the *ex parte* procedure is "justified" where a "party seeks a routine procedural order that cannot be obtained through a regularly noticed motion." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).  Such is the case here.  A regularly noticed motion to continue the deposition dates, or for a protective order, or a Joint Stipulation under Local Rule 37-2 all must be filed or served at least 28 days before the noticed hearing date.  L.R. 6-1, 37-2.  Arcadia could not have filed any such motions before any of the noticed depositions would take place (February 9–23), as Arcadia received fewer than 28 days' notice for all five depositions.

*Second*, Arcadia is without fault in creating the crisis that creates *ex parte* relief.  At the time Arcadia was first put on notice of these depositions—the same day it received the notices of deposition—on January 29, 2026, it was already too late to seek relief from the noticed deposition dates through a regularly noticed

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

motion.  Arcadia immediately sought to confer with Plaintiffs on these depositions and to push out the deposition dates to allow for conferral.  Plaintiffs' counsel initially stated they would provide more time (on January 30)—a representation which Arcadia relied upon for several days—while still attempting to secure further confirmation of the particular dates the depositions would be pushed out to.  (Bae Decl. ¶¶ 6–7; *id.*, Ex. B at 1; Ex. D at 4.)  Plaintiffs' counsel reneged on that agreement and refuse to push out any of the deposition dates, despite Arcadia's efforts, including a second in-person conferral.  (Bae Decl. ¶ 8.)  Arcadia therefore advised that it would need to seek *ex parte* relief, and Plaintiffs indicated they would oppose.  (*Id.* ¶ 9.)  The next day, Arcadia filed this Application for *ex parte* relief, which is warranted here.

## CONCLUSION

For the reasons set forth above, Arcadia respectfully requests that the Court grant its Application, and order Plaintiffs to either withdraw or re-notice the five Apex depositions of Chinna Chinnakaruppan (Arcadia's Chief Operating Officer), Chris Martinovic (Arcadia's Chief Customer Officer), Evan Bashoff (Arcadia's Chief Marketing Officer), Martha Ellison (Arcadia's Vice President, Procurement & Project Management), and Mike Tune (Arcadia's Chief Scientific Officer) for dates certain after March 25, 2026, to allow the parties to confer regarding their disputes as to these depositions notices, and if necessary, to file a motion for protective order, in accordance with Local Rule 37.

12

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

Dated:  February 6, 2026

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Peter K. Bae
Daniel Imakyure

By: /s/ Peter K. Bae
    Peter K. Bae

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*

13

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Arcadia Consumer Healthcare Inc., certifies that this brief contains 2,968 words, which complies with the word limit of L.R. 11-6.1.

/s/ Peter K. Bae
Peter K. Bae

14

ARCADIA'S *EX PARTE* APPLICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899