Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs
and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE, INC. a Delaware corporation,<br><br>Defendant. | Case No.: 8:24-cv-02657-JDE<br><br>**PLAINTIFFS' OPPOSITION TO ARCADIA CONSUMER HEALTHCARE INC.'S *EX PARTE* APPLICATION TO ORDER PLAINTIFFS TO COMPLY WITH LOCAL RULE 37 AND CONTINUE DEPOSITION DATES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. John D. Early<br><br>Complaint Filed:      12/06/2024<br>Class Discovery Cutoff:  05/12/2026<br>Fact Discovery Cutoff:  12/28/2026<br>Pretrial Conf.:       05/21/2027<br>Trial Date:         06/02/2027 |

## I. INTRODUCTION

Defendant Arcadia Consumer Healthcare, Inc. asks for unreasonable extraordinary *ex parte* relief to force Plaintiffs to withdraw or re-notice five depositions of Arcadia executives for dates 45 days after March 25, 2026. The application should be denied.

This is not an emergency. Arcadia received the deposition notices on January 29, 2026, and waited until February 6, 2026, to file its *ex parte* request. Coelho Decl. ¶9. During that period, Arcadia refused to confer on the merits unless Plaintiffs first withdrew the notices, refused to permit a court reporter to preserve an accurate record of communications, and insisted it would not confer on producing the executives for deposition unless Plaintiffs first prepared a Local Rule 37 letter. *Id.* ¶¶5-7. It is *Defendant's* burden to initiate the meet and confer process under Local Rule 37 by objecting to the deposition notices and articulating the basis for its protective order. Arcadia did not bother to object to the executive deposition notices until Friday night, February 6, 2026. *Id.* ¶9. On February 4, Plaintiffs' counsel indicated that Plaintiffs would reschedule the executive depositions if Defendant's counsel provided new dates for the depositions during the parties' meet and confer scheduled for the next day, February 5. *Id.*¶5, Ex. 2 At the February 5 meet and confer Defendant's counsel refused to provide dates certain for Plaintiffs to re-notice the depositions. *Id. Ex parte* relief is not a remedy for a self-created timing problem.

Arcadia's narrative also depends on a false premise. Plaintiffs' counsel, Thiago Coelho, never agreed to give Arcadia more time to confer on these executive depositions. *Id.* ¶4, *see also* Ex. 1. After Plaintiff Wheeler's deposition, Arcadia asked Mr. Coelho in person for additional time. *Id.* Mr. Coelho stated that he would look into the request and that attorney Jennifer Leinbach would check the schedule to see whether Plaintiffs could accommodate it. *Id.* That is not an agreement. Arcadia's application and related communications attempt to transform that non-

commitment into an agreement and then claim that Plaintiffs reneged. *Id.* Plaintiffs did not. *Id.*

Plaintiffs also provided the substantive showing Arcadia claimed it needed. On February 6, 2026, Plaintiffs explained in writing the unique personal involvement and first-hand knowledge each executive has regarding the challenged claims, substantiation decisions, complaint and return trends, corrective actions, sourcing and specifications, and Arcadia's response to adverse or negative information. *Id.* ¶8, Ex. 4. A Rule 30(b)(6) deposition cannot substitute for testimony about what these executives personally knew, approved, and did.

## II. FACTUAL BACKGROUND

On January 29, 2026, Arcadia received Plaintiffs' notices of deposition dated January 27, 2026 that set the depositions of five Arcadia executives as follows: Chinna Chinnakaruppan (Chief Operating Officer) on February 9; Chris Martinovic (Chief Customer Officer) on February 11; Evan Bashoff (Chief Marketing Officer) on February 13; Martha Ellison (Vice President, Procurement and Project Management) on February 17; and Mike Tune (Chief Scientific Officer) on February 23. Bae Decl. ¶ 4.

This is not Plaintiffs' first attempt to take corporate testimony. On December 4, 2025, Plaintiffs served a Rule 30(b)(6) notice for a January 12, 2026 remote deposition to proceed before a court reporter. Coelho Decl. ¶3. On January 6, 2026, Arcadia informed Plaintiffs' counsel for the first time it would not be producing a 30(b)(6) witness because the parties had not yet conferred about the topics. *Id.* Arcadia delayed meeting and conferring about the topics and only recently provided dates for the 30(b)(6) deposition, over three months after Plaintiffs' initially scheduled deposition. *Id.* Arcadia is also attempting to inappropriately limit that corporate testimony with restricted counterproposal topics. *Id.* Arcadia's position, forcing Plaintiffs to defer individual executive depositions until over a month after a late-March Rule 30(b)(6) deposition, while withholding firm dates, is not

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION

reasonable and is clearly a delay tactic.[1]

Plaintiffs were willing to confer promptly on Arcadia's objections to the executive notices. *Id.* ¶7. The parties met and conferred in person on February 5, 2026. *Id.* During that conference, Arcadia refused to discuss the merits of any deposition notice (*i.e.*, Plaintiffs' counsel offered to provide the basis of each officer's unique knowledge) unless Plaintiffs first took all five notices off calendar and re-noticed them at least forty-five days after the 30(b)(6) deposition. *Id.* Arcadia also stated it had three dates for a Rule 30(b)(6) deposition only sometime after the last week of March and conditioned disclosure of those dates and other information on Plaintiffs withdrawing the individual depositions. Ex. 3. Arcadia further refused to confer during the February 5 meeting regarding the executive depositions on the stated ground that Plaintiffs had not first provided a formal Local Rule 37 letter, even though Plaintiffs offered to address first-hand knowledge and scope for each executive in real time. *Id.* Arcadia also refused to provide any alternative dates certain for the executive depositions. *Id.*

Because defense counsel has repeatedly mischaracterized Plaintiffs' positions, Plaintiffs requested that a court reporter be present for the February 5 meet and confer so there would be an accurate record. *Id.* ¶5. Arcadia refused. *Id.* Given the lack of any reliable record and defense counsel's repeated mischaracterizations, Plaintiffs' counsel took detailed notes, sent them to Arcadia for review, and waited for any edits so the parties would have a shared written record. *Id.* ¶6.

On February 6, 2026, Plaintiffs provided the written substantive explanation Arcadia claimed it needed. *Id.* ¶8. Plaintiffs identified the unique first-hand

---

[1] This is not the first time Defendant has delayed discovery. Despite months of assurances that it would begin a rolling production, Arcadia has produced only a handful of documents, limited to label photographs, and nothing else. A motion to compel is pending. Coelho Decl. ¶3.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION

knowledge each executive has and explained why a Rule 30(b)(6) witness cannot substitute for testimony about what a particular officer personally knew and did. *Id.*

## III. ARGUMENT

### A. Arcadia Has Not Met the Standard For *Ex Parte* Relief.

*Ex parte* relief is reserved for truly urgent circumstances where the moving party faces immediate and irreparable prejudice and cannot obtain relief through the ordinary motion process despite diligence. Arcadia cannot satisfy that standard. Arcadia seeks a stay and a calendar reset, not protection from irreparable harm.

Arcadia cannot show diligence. Arcadia received the notices on January 29, 2026, and did not file until February 6, 2026. *Id.* ¶9. During that week, Arcadia insisted on conditions that prevented efficient conferral, including a demand that Plaintiffs withdraw all notices before Arcadia would discuss the merits (*i.e.*, the first-hand knowledge and scope for each executive) provide any dates certain. Plaintiffs' counsel offered to reschedule the depositions if Arcadia provided new dates. ¶¶5-7, Ex. 3. Arcadia refused to provide alternative dates certain. *Id.* Ex. 3. Arcadia should not be permitted to manufacture a crisis and then obtain extraordinary relief based on the crisis it created.

Arcadia also cannot show irreparable prejudice. The burden of preparing and producing witnesses for deposition is part of litigation. Arcadia has not identified any concrete harm that will occur if the depositions proceed, other than the inconvenience of producing executives and litigating the dispute in the normal course.

### B. Arcadia's Reliance on the Twenty-Eight Day Notice Period is Misplaced and Does Not Justify an *Ex Parte* Stay.

Arcadia argues that it could not obtain relief through a regularly noticed motion because Local Rules require service and filing at least twenty-eight days before a hearing date, and Arcadia received fewer than twenty-eight days' notice of the depositions.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION

It is not a rule that depositions may be stayed *ex parte* whenever they are noticed within twenty-eight days. If accepted, Arcadia's theory would allow any party to defeat any deposition by refusing to confer and then asserting that a motion cannot be heard in time. That would invert the Federal Rules of Civil Procedure and undermine discovery.

Arcadia also had options that are inconsistent with its claim of necessity. If Arcadia believed the notices were improper or unduly burdensome, it could have sought court intervention immediately and requested shortened time. Arcadia instead waited, refused to confer on the merits of the executive depositions without preconditions, refused to provide alternative dates certain, and then invoked the motion calendar as a reason for *ex parte* relief.

**C. Arcadia's Request For An Order Compelling Local Rule 37 Compliance is Improper and Redundant.**

Arcadia asks the Court to order Plaintiffs to comply with Local Rule 37. The parties are already obligated to comply, and the Court's scheduling order directs the parties to work collaboratively to resolve disputes informally. Plaintiffs have complied by offering to meet and confer in good faith and by providing the substantive explanation Arcadia requested.

The Court has also cautioned that motions that simply ask the Court to direct compliance with rules and procedures are rarely helpful or necessary because parties are required to comply in every case, and the Court expects counsel to resolve disputes informally before seeking intervention.

Arcadia impeded conferral. At the February 5 meeting, Arcadia refused to discuss whether the executives have unique knowledge and are properly subject to deposition unless Plaintiffs withdrew the notices and re-noticed them forty-five days after the 30(b)(6) deposition. Coelho Decl. ¶6, Ex. 3. Arcadia refused to confer without first receiving a Local Rule letter. *Id.*

Arcadia attempts to invert the governing procedure by suggesting Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION

were required to initiate a Local Rule 37-1 process in response to Arcadia's decision not to produce duly noticed witnesses. That is not how discovery relief works in this District. When a party seeks relief from a deposition notice, it is the burden of that party, as the moving party, to promptly identify its objections and pursue a protective order through the procedures required by the Federal Rules and the Local Rules. Local Rule 37-1 requires a prefiling conference of counsel for any discovery motion under Rules 26 through 37, expressly makes it the moving party's responsibility to arrange the conference, and requires the moving party to serve a letter identifying each issue in dispute and the specific terms of the order to be sought, with opposing counsel required to confer within ten days after such a letter is served. Rule 26(c)(1) likewise requires any motion for protective order to include a certification that the movant conferred or attempted to confer in good faith to resolve the dispute without court action. Rule 37(d)(2) further confirms that a party cannot justify nonproduction by claiming the discovery was objectionable absent a pending motion for protective order. Arcadia did not follow this framework in a timely way and instead waited until the eve of the depositions to serve objections and then sought emergency relief, despite Local Rule 37-3's instruction that discovery motions ordinarily may not be filed or heard *ex parte* absent irreparable injury or prejudice not attributable to the moving party's lack of diligence. Coelho Decl. ¶9.

**D. Arcadia Has Not Shown Good Cause to Stay the Depositions, and Plaintiffs Articulated Unique Personal Knowledge for Each Executive.**

Even if the Court reaches the merits, Arcadia has not carried its burden to show good cause under Rule 26(c). Plaintiffs noticed these depositions because each witness has unique personal involvement and first-hand knowledge of issues central to Plaintiffs' claims and to class certification.

Plaintiffs explained that basis in writing on February 6, 2026. Coelho Decl. ¶8, Ex. 4. Plaintiffs identified the Chief Marketing Officer's personal approval and

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION

oversight of the challenged claims and marketing communications. *Id.* Plaintiffs identified the Chief Scientific Officer's personal responsibility for scientific substantiation and testing and for the company's assessment of limitations and negative information. *Id.* Plaintiffs identified the Chief Operating Officer's oversight of operations and decisions impacting product quality and performance. *Id.* Plaintiffs also identified the Chief Customer Officer's involvement in Arcadia's complaint, return, and refund practices and the company's responses to consumer complaints. *Id.*

Arcadia's proposal to postpone individual depositions until after the Rule 30(b)(6) deposition is not a substitute. A corporate designee testifies to corporate knowledge, not to what a particular officer personally knew, said, did, or approved, or why that officer made decisions. Plaintiffs are entitled to both forms of discovery.

**E. The Requested Continuance Would Prejudice Plaintiffs and Would Effectively Rewrite the Class Certification Discovery Schedule.**

Arcadia asks the Court to force Plaintiffs to re-notice the depositions for dates 45 days after March 25, 2026, after a Rule 30(b)(6) deposition that Arcadia itself only described as sometime after the last week of March. That request would push critical discovery beyond the class certification discovery period and into the briefing schedule. The Court's scheduling order sets the class certification motion filing cutoff for May 26, 2026, with certification expert discovery cutting off May 12, 2026. Amended Scheduling Order, Dkt. 57. Postponing executive depositions to after March 25 would place them outside the certification discovery window and on the eve of opposition briefing, depriving Plaintiffs of the discovery needed to prepare their class certification record.

These witnesses are key sources of evidence about Arcadia's uniform decision making on marketing claims, substantiation, quality and formulation, and refund and complaint practices. Coelho Decl. ¶8, Ex. 4. That evidence goes directly to common proof and predominance. An order requiring withdrawal and a re-notice

7

after late March would prejudice Plaintiffs by depriving them of timely discovery needed to prepare class certification briefing and expert work. The Court should not grant relief that allows Arcadia to control discovery by withholding dates certain for depositions.

**IV. CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny Arcadia's *ex parte* application in its entirety and allow the noticed executive depositions to proceed. If the Court determines that additional conferral is warranted, Plaintiffs request that any such directive be issued with an expedited schedule.

Dated:  February 9, 2026                     Respectfully submitted,

                                             **WILSHIRE LAW FIRM, PLC**


                                             */s/ Thiago M. Coelho*
                                             Thiago M. Coelho
                                             Lauren Lendzion
                                             Chumahan B. Bowen
                                             Jennifer M. Leinbach
                                             *Attorneys for Plaintiffs and the*
                                             *Putative Classes*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION