Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and the Putative Classes*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE, INC. a Delaware corporation,<br><br>Defendant. | Case No.: 8:24-cv-02657-JDE<br><br>**DECLARATION OF THIAGO COELHO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT ARCADIA CONSUMER HEALTHCARE, INC.'S *EX PARTE* APPLICATION TO ORDER PLAINTIFFS TO COMPLY WITH LOCAL RULE 37 AND CONTINUE DEPOSITION DATES**<br><br>Hon. John D. Early<br><br>Complaint Filed:       12/06/2024<br>Class Discovery Cutoff:  05/12/2026<br>Fact Discovery Cutoff:   12/28/2026<br>Pretrial Conf.:          05/21/2027<br>Trial Date:             06/02/2027 |

DECLARATION IN OPPOSITION TO *EX PARTE* APPLICATION

I, Thiago M. Coelho, declare as follows:

1.      I am a partner at Wilshire Law Firm, PLC and counsel of record for Plaintiffs Eric Hayde and Megan Wheeler in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2.      Arcadia received the executive deposition notices on January 29, 2026 dated January 27, 2026 that set the depositions of five Arcadia executives as follows: Chinna Chinnakaruppan (Chief Operating Officer) on February 9; Chris Martinovic (Chief Customer Officer) on February 11; Evan Bashoff (Chief Marketing Officer) on February 13; Martha Ellison (Vice President, Procurement and Project Management) on February 17; and Mike Tune (Chief Scientific Officer) on February 23.

3.      This is not Plaintiffs' first attempt to take corporate testimony. On December 4, 2025, Plaintiffs served a Rule 30(b)(6) notice for a January 12, 2026 remote deposition to proceed before a court reporter. On January 6, 2026, Arcadia informed Plaintiffs' counsel for the first time it would not be producing a 30(b)(6) witness because the parties had not yet conferred about the topics.  Arcadia delayed meeting and conferring about the topics and only recently provided dates for the 30(b)(6) deposition, over three months after Plaintiffs' initially scheduled deposition. Arcadia is also attempting to inappropriately limit that corporate testimony with restricted counterproposal topics. This is not the first time Defendant has delayed discovery. Despite months of assurances that it would begin a rolling production, Arcadia has produced only a handful of documents, limited to label photographs, and nothing else. A motion to compel is pending.

4.      On January 30, 2026, I attended the deposition of Plaintiff Megan Wheeler at defense counsel's Los Angeles office. Following the conclusion of Ms. Wheeler's deposition, defense counsel approached me in person and asked that Plaintiffs withdraw or postpone the five noticed depositions of Arcadia's

DECLARATION IN OPPOSITION TO *EX PARTE* APPLICATION

executives, and that Plaintiffs provide Arcadia additional time to confer about those notices. I did not agree to withdraw any deposition notice, to take any deposition off calendar, or to provide Arcadia additional time. I advised defense counsel that I would look into his request and that attorney Jennifer Leinbach at my office would check scheduling availability and get back to him. My statement was not a commitment to postpone any deposition, and it was not an agreement that Arcadia would receive more time to confer. Later that same day, I sent Mr. Bae an email confirming only that Ms. Leinbach would respond regarding his request. A true and correct copy of the relevant email chain is attached as Exhibit 1. Mr. Bae responded by email characterizing my message as confirming that Plaintiffs would give Arcadia more time to confer on the executive deposition notices, and stating that Arcadia would refrain from seeking ex parte relief at that time in reliance on that characterization. That characterization was not accurate. I did not authorize Arcadia to state, in writing or otherwise, that Plaintiffs had agreed to provide additional time or to move the depositions off calendar.

5. In my experience in this case, defense counsel has repeatedly mischaracterized Plaintiffs' counsel's statements and positions in communications and filings. Because of those prior mischaracterizations, Plaintiffs' counsel requested that a court reporter be present to transcribe the parties' February 5, 2026 in-person meet and confer. A true and correct copy of the email chain reflecting Plaintiffs' request and defense counsel's refusal is attached as Exhibit 2. Exhibit 2 reflects the parties' email correspondence regarding the in-person meet and confers, and reflects Plaintiffs' counsel's offer to reschedule the executive depositions if defense counsel provided alternative dates at the February 5 meet and confer.

DECLARATION IN OPPOSITION TO *EX PARTE* APPLICATION

6. Defense counsel refused to allow a court reporter to transcribe the February 5, 2026 in-person meet and confer. As a result, Plaintiffs' counsel took detailed contemporaneous notes during that meeting so that the record of the parties' positions could be accurately preserved and not later mischaracterized. Defense counsel was permitted to make edits to the notes in real time. A true and correct copy of that memorialization is attached as Exhibit 3.

7. The February 5, 2026, meet and confer took place in person at Plaintiffs' counsel's Beverly Hills office. As can be seen from Exhibit 3, defense counsel demanded that Plaintiffs withdraw the five executive deposition notices and re-notice them at least forty-five days later. Although Plaintiffs' counsel requested on February 4, that Defendant provide alternative dates at the parties' meet and confer the next day, on February 5, defense counsel refused to provide alternative dates for the five noticed executives. Plaintiffs explained that they were prepared to meet and confer on the merits and requested that Arcadia provide concrete availability for the five witnesses so the parties could address scheduling without court intervention. Plaintiffs requested that Arcadia provide three available dates for each of the five executives by the end of the day on February 6, 2026.

8. On February 6, 2026, I sent defense counsel a follow-up letter identifying the unique, first-hand, non-repetitive knowledge possessed by each of the five noticed executives and confirming that Plaintiffs intend to proceed with both the Rule 30(b)(6) deposition and the individual executive depositions. A true and correct copy of that letter is attached as Exhibit 4.

9. Although Arcadia received the deposition notices on January 29, 2026, and waited until February 6, 2026, to file its *ex parte* request. Arcadia did not bother to object to the executive deposition notices until Friday night, February 6, 2026.

3

DECLARATION IN OPPOSITION TO *EX PARTE* APPLICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 9, 2026, in Los Angeles, California.

_/s/ Thiago Coelho_
Thiago Coelho

DECLARATION IN OPPOSITION TO *EX PARTE* APPLICATION