Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and the Putative Classes*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE, INC. a Delaware corporation,<br><br>Defendant. | Case No.: 8:24-cv-02657-JDE<br><br>**JOINT REPORT REGARDING SPECIAL MASTER APPOINTMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 53**<br><br>Complaint Filed: 12/06/2024<br>Class Discovery Cutoff: 05/12/2026<br>Fact Discovery Cutoff: 12/28/2026<br>Pretrial Conf.: 05/21/2027<br>Trial Date: 06/02/2027 |

Pursuant to the Court's February 19, 2026 Order (Dkt. 66), Plaintiffs Eric Hayde and Megan Wheeler (together, Plaintiffs) and Defendant Arcadia Consumer Healthcare, Inc. (Arcadia) (each a Party and collectively with Plaintiffs, the Parties) jointly submit this report regarding proposed terms for the appointment of a Special Master under Federal Rule of Civil Procedure 53 to address all discovery-related disputes in this action. The Parties submit the following proposed terms and candidates for the Court's consideration.

### I.    PROPOSED SPECIAL MASTER

The Parties propose Hon. Suzanne H. Segal (Ret.).

### II.    PROPOSED TERMS OF APPOINTMENT

#### A. Special Master's Duties

The Special Master shall have full authority as provided by Rule 53(c) to address and resolve "all discovery related disputes in this action" (Dkt. 66), including but not limited to disputes concerning: (i) Rule 26 disclosures; (ii) written discovery under Rules 33, 34, and 36; (iii) ESI protocols and production format; (iv) privilege logs and privilege disputes; (v) confidentiality designations and protective-order issues; (vi) deposition scheduling, logistics, and emergent disputes during depositions (including disputes related to Plaintiffs' depositions, Arcadia's Rule 30(b)(6) deposition, and any Apex depositions); (vii) third-party discovery under Rule 45; and (viii) any disputes related to enforcement of discovery obligations. Pursuant to Rule 53(c)(2), the Special Master may, with sufficient notice and opportunity to be heard, impose by order any noncontempt sanction authorized by Rules 37 and 45, and may recommend contempt sanctions as appropriate.

#### B. *Ex Parte* Communications

Absent written consent of the Parties, the Special Master shall not engage in *ex parte* communications with the Court or any Party regarding substantive issues. The Special Master may communicate *ex parte* with the Court or any

1

Party concerning purely administrative matters (*e.g.*, scheduling and logistics).

**C. Materials Preserved and Filed**

The Special Master shall preserve copies of all communications with the Parties' counsel and any third-party communications related to this matter, as well as a complete record of the evidence considered in making any recommendations, findings, or rulings related to any issues he or she resolves. The Special Master's final reports shall be served on the Parties by email and Case Management/Electronic Case Files (CM/ECF) system. The Parties jointly propose that final reports be filed on the docket via CM/ECF either by the Special Master (if granted CM/ECF access) or, alternatively, by the Parties within three (3) calendar days of issuance, as directed by the Court.

**D. Time Limits, Methods of Filing the Record, Standards for Review**

Before presenting any dispute to the Special Master, the Parties shall meet and confer in good faith. The Parties must meet and confer within five (5) business days of a Party's meet and confer request. If the dispute is not resolved by the conference, any Party may submit a letter brief to the Special Master (not to exceed five (5) pages, single-spaced, excluding exhibits) identifying the dispute, the relief requested, and the supporting authority and evidence. The opposing Party may submit a response letter (not to exceed five (5) pages, single-spaced, excluding exhibits) within five (5) business days. No reply shall be submitted absent leave of the Special Master. The Special Master may set an alternative briefing schedule as appropriate.

The Special Master shall hold an in-person hearing or remote, telephonic, or video conference for all disputes.

**Plaintiffs' Proposed Terms:**

Absent extraordinary circumstances, the Special Master shall endeavor to resolve disputes within fifteen (15) days of submission. Any Party may file objections to (or a motion to adopt or modify) the Special Master's order, report,

2

JOINT REPORT REGARDING SPECIAL MASTER APPOINTMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 53

or recommendation within fourteen (14) calendar days after service, unless the Court orders otherwise. The Court shall review the Special Master's orders, findings, reports, and recommendations pursuant to Rule 53(f). For genuine emergencies (*e.g.*, imminent deposition or production deadlines), a Party may request an expedited report in its letter brief.  The Special Master may shorten any response time and may issue interim orders as necessary to preserve the status quo or avoid prejudice.

**Arcadia's Proposed Terms:**

Absent extraordinary circumstances, the Special Master shall endeavor to submit a draft of his or her Rule 53(e) report to the Parties within thirty (30) calendar days of submission of a Party's letter brief.  Each Party shall have fourteen (14) calendar days to submit responding briefs (not to exceed three (3) pages, single-spaced, excluding exhibits) to the Special Master regarding the draft report.  Upon submission of the responding briefs, the Special Master shall file his or her final report with the Court within fourteen (14) calendar days thereafter and serve a copy on each Party.  For genuine emergencies (*e.g.*, imminent deposition or production deadlines), a Party may request an expedited report in its letter brief. The Special Master may shorten any response time and may issue interim orders as necessary to preserve the status quo or avoid prejudice.

The Court shall review the Special Master's final report pursuant to Rule 53(f).  Pursuant to Rule 53(f)(2), any Party may file objections to—or a motion to adopt or modify—the Special Master's final report within twenty-one (21) calendar days after service, unless the Court orders otherwise.

**E. Compensation; Allocation of Fees and Expenses**

The Special Master shall be compensated at his or her standard hourly rate (or such other rate as the Court approves).  Unless otherwise ordered, the Special Master's compensation, and any associated fees or costs charged by the Special Master's office, shall be paid 50% by Plaintiffs and 50% by Arcadia.  The

3

Special Master may recommend, and the Court may order, reallocation of fees and expenses (including cost-shifting) based on the circumstances of a particular dispute, including whether a Party's position was substantially justified. The Special Master shall submit periodic invoices, and the Parties shall pay approved invoices within fourteen (14) days. The Parties understand that the Special Master's fees and expenses are subject to Court approval and payment as ordered by the Court.

**F. Duration; Modification**

The Special Master's appointment shall remain in effect until the close of fact discovery, or further order of the Court. The Court may modify the Special Master's duties, authority, or compensation as justice requires.

**G. Disclosures and Conflicts**

Prior to appointment, the proposed Special Master shall file an affidavit disclosing any grounds for disqualification under Rule 53(b)(3), including any relationships with the Parties, attorneys, action or court.

Dated: February 26, 2026

WILSHIRE LAW FIRM, PLC

By:  */s/ Thiago M. Coelho*
Thiago M. Coelho
Lauren Lendzion
Chumahan B. Bowen
Jennifer M. Leinbach
Attorneys for Plaintiffs and the
Putative Classes

DAVIS WRIGHT TREMAINE LLP

By:  */s/ Peter K. Bae*
Jacob M. Harper
Peter K. Bae
Daniel Imakyure
Attorneys for Defendant Arcadia
Consumer Healthcare, Inc.

4

JOINT REPORT REGARDING SPECIAL MASTER APPOINTMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 53