UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC HAYDE, et al.,<br><br>          Plaintiffs,<br><br>      v.<br><br>ARCADIA CONSUMER HEALTHCARE, INC.,<br><br>          Defendant. | Case No. 8:24-cv-02657-JDE<br><br>ORDER APPOINTING SPECIAL MASTER |

For the reasons stated on the record at the hearing on February 19, 2026, and based on the Joint Report Regarding Special Master Appointment Under Federal Rule of Civil Procedure 53 (Dkt. 68, "Joint Report") filed by Plaintiffs Eric Hayde and Megan Wheeler ("Plaintiffs") and Defendant Arcadia Consumer Healthcare, Inc. ("Arcadia") (collectively, "the Parties"), the Court finds the Parties have: (1) consented to the appointment of a Special Master for discovery disputes in the action; and (2) had notice and an opportunity to be heard regarding terms of such appointment as required by Rule 53 of the Federal Rules of Civil Procedure ("Rule 53").

Therefore, the Court hereby ORDERS as follows:

1.      Pursuant to Rule 53 and its inherent authority, the Court appoints,

subject to her acceptance of the appointment and filing of an Affidavit as set forth in paragraph 8, below, the Hon. Suzanne H. Segal (Ret.) to act as a Special Master, with full authority under Rule 53(c), to assist the Court with respect to all discovery disputes in the action, including but not limited to disputes concerning: (i) Rule 26 disclosures; (ii) written discovery under Rules 33, 34, and 36; (iii) ESI protocols and production format; (iv) privilege logs and privilege disputes; (v) confidentiality designations and protective-order issues; (vi) deposition scheduling, logistics, and emergent disputes during depositions (including disputes related to Plaintiffs' depositions, Arcadia's Rule 30(b)(6) deposition, and any Apex depositions); (vii) third-party discovery under Rule 45; and (viii) any disputes related to enforcement of discovery obligations ("Discovery Disputes"). Pursuant to Rule 53(c)(2), the Special Master may, with sufficient notice and opportunity to be heard, impose by order any non-contempt sanction authorized by Rules 26, 37, or 45 or Local Civil Rule 37-4, and may recommend contempt sanctions as appropriate.

2.     The Special Master is authorized to hear and issue reports and recommendations regarding Discovery Disputes, which includes the authority to: (a) set the date, time, and place for all hearings, if a hearing is required, regarding Discovery Disputes, including whether any hearings will be in person or by telephone or video conference, whether transcription is required, and who shall be responsible for arranging and paying for such transcription; (b) take evidence in connection with any Discovery Dispute; (c) require any follow-up briefing, submission of evidence, or argument; (d) issue reports and recommendations to the Court regarding Discovery Disputes properly raised by the parties to the Special Master; and (e) prepare and issue other directives and reports and recommendations reasonably necessary to comply with these duties. Unless the Special Master directs otherwise, the parties shall comply with Local Civil Rule 37 in presenting disputes to the Special Master, and the

Special Master has authority to decline to hear any matter in which she determines that a party has not complied with Local Civil Rule 37 or other alternative procedures set by the Special Master. The parties may propose alternative dispute presentation procedures to the Special Master, but the Special Master has discretion whether to apply such procedures. The Special Master is authorized to receive and consider material covered by the Protective Order in this action without further order of the Court, and the Special Master shall take reasonable steps to protect the confidentiality of any such material.

3. The Special Master shall be compensated on an hourly basis, at her current rate, plus reasonable expenses, for work incurred under this appointment. Under Rule 53(a)(3) and Rule 53(g)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties and has also considered the nature and amount in controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to the Special Master. The Court orders that the Special Master shall bill the parties directly for such fees and expenses, with 50% paid by Plaintiffs and 50% paid by Arcadia, subject to paragraph 7, below. Payment shall be made within 14 days of receipt of any invoice.

4. The Special Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders and reports and recommendations issued by the Special Master until the matters referred have been finally disposed of and determined pursuant to Rule 53(b)(2)(C). Pursuant to Rule 53(d), the Special Master shall file any written orders, findings, and/or reports and recommendations with the Court via the Court's Electronic Case Filing system. Such filing shall fulfill the Special Master's duty to serve orders on the parties.

5. The Special Master shall proceed with all reasonable diligence with respect to the appointed duties. Any party seeking review of any ruling of

the Special Master shall comply with the procedures and within the time limits specified in Rule 53(f), with the exception that the time limit for the filing of any objections to any ruling, including any report and recommendation, by the Special Master, shall be ten (10) days. The non-objecting party shall have seven (7) days in which to file a response to any objection, unless otherwise ordered by the Court. There will be no hearing with respect to objections unless otherwise ordered by the Court. The standards of review of rulings by the Special Master shall be governed by Rule 53(f)(3)-(5).

6.    Under Rule 53(b)(2)(B), the Special Master may not communicate ex parte with the Court or the Parties regarding substantive issues, but may communicate regarding administrative matters, such as scheduling or logistics.

7.    The Special Master has the authority described in Rule 53(c)(1). The Special Master is further authorized to recommend altering the proportional payment of Special Master fees as part of any ruling.

8.    Under Rule 53(a)(2) and 53(b)(3), if the Special Master accepts this appointment, she shall file an Affidavit with this Court so stating and attesting she has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. This appointment Order will become effective upon the filing of such an Affidavit. The Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

IT IS SO ORDERED.

Dated: February 27, 2026

JOHN D. EARLY
United States Magistrate Judge

4