Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE, INC. a Delaware corporation,<br><br>Defendant. | Case No.: 8:24-cv-02657-JDE<br><br>**NOTICE OF ENTRY OF SPECIAL MASTER'S ORDER RE MOTION TO COMPEL (DOCKET NO. 60) AND DISPUTE RE RULE 30(B)(6) DEPOSITION AND APEX DEPOSITIONS**<br><br>Complaint Filed:   12/06/2024<br>Class Discovery Cutoff:  05/12/2026<br>Fact Discovery Cutoff:   12/28/2026<br>Pretrial Conf.:   05/21/2027<br>Trial Date:   06/02/2027 |

NOTICE OF ENTRY OF ORDER

Hon. Suzanne Segal (Ret.)
Signature Resolution, LLC
633 West 5th Street, Suite 1000
Los Angeles, CA 90071
judgesegal@signatureresolution.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**ERIN HAYDE, MEGAN WHEELER, individually and on behalf of all others similarly situated,**

        Plaintiffs**,**

        **v.**

**ARCADIA CONSUMER HEALTHCARE INC., a Delaware Corporation**

        Defendant**.**

Case No.: 8:24-cv-02657-JDE

**SPECIAL MASTER'S ORDER RE MOTION TO COMPEL (DOCKET NO. 60) AND DISPUTE RE RULE 30(B) (6) DEPOSITION AND APEX DEPOSITIONS**

**[DOCKET NO. 60]**

        Plaintiffs Eric Hayde and Megan Wheeler ("Plaintiffs") filed this class action against Defendant Arcadia Consumer Healthcare, Inc., ("Defendant" or "Arcadia") seeking to represent consumers allegedly misled by packaging and marketing that suggested Defendant's products would kill nail fungus. Parties have multiple pending discovery disputes. A motion to compel was submitted to the Court in January 2026 and later referred to the Special Master for determination.

        On March 19, 2026, the parties attended an informal discovery conference ("IDC") before the Honorable Suzanne H. Segal (Ret.), Special Master regarding (1) Plaintiffs' motion to compel further responses to their First Set of Requests for Production of Documents and First Set of Requests for Admissions (the "Motion to Compel"), (2) Plaintiffs' proposed deposition of Defendant's Person Most

Knowledgeable under Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Rule 30(b)(6)"), and (3) Plaintiffs' desire to depose several of Defendant's executive-level employees, whom Defendant contends are protected by the "apex" doctrine. Having considered the parties' briefs with exhibits, the arguments presented during the conference, and proposed orders from both parties, the Special Master rules as follows.

I.    Plaintiffs' Motion to Compel

Plaintiffs served their First Set of Requests for Production ("RFPs") and First Set of Request for Admission ("RFAs") on July 18, 2025. (See Joint Stipulation Regarding Plaintiffs' Motion to Compel, filed 01/29/26 ("Joint Stip.") at 1.) Defendant served written responses and objections to both on August 18, 2025, and later served "Objections and Supplemental Responses." (Ibid.) To date, however, Defendant has not made any significant production of documents,[1] and it continues to object to the RFAs on the ground they are, "inter alia, vague, ambiguous, overbroad, and compound." (Opp'n to Motion to Compel, at 5.) Defendants repeatedly assert that it needs additional efforts at "conferring" but the Special Master finds that the parties have exhausted meet and confer efforts.   Any further meet and confers would simply delay resolution of these disputes.

Plaintiffs now seek an order compelling Defendant's further written responses and production of non-privileged documents responsive to Plaintiffs' RFPs and RFAs. Plaintiffs' motion to compel is granted or denied with respect to each request as follows:

---

[1] According to Plaintiffs, Defendant has produced "nine pages of documents…consisting solely of images of the Fungi Nail label." (Joint Stip., at 1.)

[DOCKET NO. 60]
PAGE - **2** - OF **7**

Docusign Envelope ID: 1A70827C-D24E-4975-8315-3A9C4520C0C0

### Requests for Production

Requests for Production Nos. 1 through 9, 13, 15, 18, and 19:

The motion to compel is GRANTED as to these requests. Responsive documents shall be produced within 10 calendar days of the date of this Order. Failure to produce responsive documents could lead to sanctions if it is later demonstrated that these responsive documents were within Defendant's possession, custody and control, but Defendant failed to produce such responsive documents. If documents are withheld on privilege grounds, a privilege log must be produced by Defendant.

Request for Production No. 10:

The motion to compel is DENIED to the extent this request requires Defendant to create a document that does not already exist.

Request for Production No.11:

The motion to compel is DENIED with respect to "consumer expectations" and "consumer…interpretations," as these requests are vague and overbroad. To the extent responsive documents exist in response to the remainder of the request, those documents shall be produced.

Request for Production No. 12:

The motion to compel is DENIED, as this request is duplicative of Request for Production No. 2.

Request for Production No. 14:

The motion to compel is DENIED without prejudice to renewing during the merits stage of discovery and with clarification of the term "advertising expenditures."

Requests for Production Nos. 16, 17, and 20:

The motion to compel is DENIED without prejudice to renewing these requests during the merits stage of discovery.

Requests for Production Nos. 21 through 24:

The motion to compel is DENIED, without prejudice to renewing these requests during the merits stage of discovery.

**Requests for Admission**

Requests for Admission Nos. 1 through 8 and 11 through 14:

The motion to compel is GRANTED.  Defendant shall respond appropriately to these Requests for Admission within 10 calendar days of the date of this Order.

Requests for Admission Nos. 9 and 10 :

The motion to compel is DENIED.  No further response is required.

Defendant is ordered to serve its supplemental written responses and produce documents in compliance with the foregoing rulings within 10 days of the date of this order. If any responsive documents are withheld on privilege grounds, Defendant is to serve a corresponding privilege log by the same date.

II.    Plaintiffs' Rule 30(b)(6) Deposition of Defendant's Person Most Knowledgeable

On December 4, 2025 Plaintiffs noticed the deposition of Defendant's Person Most Knowledgeable under Rule 30(b)(6). The notice identified 22 matters for examination and requested the production of related documents. (IDC Exhibit F.) Defendant objects to the proposed examination topics,[2] as well as to the request for

---

[2] Plaintiffs have withdrawn topic number 22. (Plaintiffs' Proposed Order at ¶ 2.)

production on the ground it is duplicative of Plaintiffs' First Set of RFPs. (May 19, 2026 IDC Letter Brief at 5.) Plaintiffs now seek an order compelling Defendant to produce a Rule 30(b)(6) witness prepared to testify on all proposed topics and to produce the documents identified in the notice.

Plaintiffs' requested order is GRANTED as follows: Plaintiffs must choose 15 deposition topics from those identified in their initial Rule 30(b)(6) deposition notice. Plaintiffs must then properly re-notice the Rule 30(b)(6) deposition, after consulting Defendant regarding the witness's availability. Plaintiffs must allow two days for the Defendant to respond regarding availability, at the conclusion of which, if Defendant has not responded, Plaintiffs must give the reasonable notice provided for by Fed.R.Civ.P. 30(b)(1), with a period of at least 10 days considered presumptively reasonable. To clarify, the parties shall attempt to find dates that work for calendars of counsel and witness. However, if that process is unsuccessful after two days of efforts, Plaintiffs' shall select a date for the deposition and serve notice on Defendant. The burden then shifts to the Defendant to move for a protective order. If no protective order is granted, and the witness fails to appear, Plaintiff is entitled to take a notice of non-appearance and seek appropriate relief.

To the extent consistent with the rulings above on Plaintiffs' Motion to Compel compliance with their First Set of RFPs, Defendant is ordered to produce the documents requested in Plaintiffs' initial Rule 30(b)(6) notice except where it would result in producing documents duplicative of those produced in response to Plaintiffs' First Set of RFPs. Defendants must produce these documents no later than seven days prior to the date of the Rule 30(b)(6) deposition, and if any responsive documents are withheld on privilege grounds, Defendant must serve a corresponding privilege log by the same date.

III.    Plaintiffs' Deposition of Defendant's Executive-Level Employees

Plaintiffs seek to depose five executive-level employees of Defendant: Chinna Chinnakaruppan (Chief Operating Officer), Chris Martinovic (Chief Customer Officer), Evan Bashoff (Chief Marketing Officer), Martha Ellison (Vice President of Procurement & Project Management), and Mike Tune (Chief Scientific Officer). Defendant objects under the "apex" doctrine. See *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

"When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have observed that such discovery creates a tremendous potential for abuse or harassment. The court therefore has discretion to limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive. In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. However, a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Apple*, 282 F.R.D. at 263 (internal citations and quotations omitted).

Moreover, "[i]n order that the 'apex' designation as applied to multiple executives does not itself become a tool for evading otherwise relevant and permissible discovery, the court must assess not only the materiality of the proposed deponent's knowledge of pertinent facts and the availability of other means for the party to access that knowledge, but—with apologies—the person's degree of 'apex-ness' in relation to these factors. On the proverbial sliding scale, the closer that a proposed witness is to the apex of some particular peak in the corporate mountain range, and the less directly relevant that person is to the evidence proffered in support of his deposition, the more appropriate the protections of the apex doctrine become." *Apple*, 282 F.R.D. at 263.

Defendant has not demonstrated that the employees in question qualify for protection under the apex doctrine. No evidence has been offered to demonstrate that these witnesses occupy a remote "peak in the corporate mountain range." Rather, given the scope of their respective (undisputed) responsibilities, it appears reasonably likely each has direct personal knowledge relevant to the evidence Plaintiffs seek. Defendant does not appear to suggest otherwise. Instead, with a passing assertion that these employees "plainly qualify for Apex protection," Defendant argues Plaintiffs have failed to justify their deposition under the doctrine. (May 19, 2026 IDC Letter Brief at 4.)  As noted, not every executive-level employee qualifies for apex protection, and Defendant has failed to carry its "heavy burden" of demonstrating these employees qualify. *Apple*, 282 F.R.D. at 263.

Nevertheless, out of respect for their significant professional responsibilities, the employees at issue must be deposed remotely and for not more than three hours. Plaintiffs must properly notice the depositions, after consulting Defendant regarding the deponents' availability. Plaintiffs must allow two days for the Defendant to respond regarding availability, at the conclusion of which, if Defendant has not responded or cooperated with efforts to schedule, Plaintiffs must give the reasonable notice provided for by Fed.R.Civ.P. 30(b)(1), with a period of at least 10 days considered presumptively reasonable. Plaintiffs may sequence these depositions, together with the Rule 30(b)(6) deposition, as they wish. See Fed.R.Civ.P. 26(d)(3).

IT IS SO ORDERED.

Dated: March 27, 2026

DocuSigned by:

*Hon. Suzanne Segal (Ret.)*

2B739185DE71459...

Hon. Suzanne Segal (Ret.)
SPECIAL MASTER