UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION - SANTA ANA)

| | |
|---|---|
| ERIC HAYDE, | ) CASE NO: 8:24-cv-02657-JDE |
| Plaintiff, | ) CIVIL |
| vs. | ) Santa Ana, California |
| ARCADIA CONSUMER HEALTHCARE INC, | ) Thursday, February 19, 2026 |
| | ) (10:27 a.m. to 10:46 a.m.) |
| Defendant. | ) |

HEARING RE:

MOTION TO COMPEL FURTHER RESPONSES [ECF.NO.59];

AND EX PARTE APPLICATION [ECF.NO.64]

BEFORE THE HONORABLE JOHN D. EARLY,
UNITED STATES MAGISTRATE JUDGE,
PRESIDING

APPEARANCES: SEE PAGE 2

Court Reporter: Recorded; CourtSmart

Courtroom Deputy: Amber Rodriguez

Transcribed by: Exceptional Reporting Services, Inc.
20079 Stone Oak Pkwy.
Suite 1105-237
San Antonio, TX 78258
361 949-2988

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

**APPEARANCES**:


For Plaintiff: THIAGO MERLINI COELHO, ESQ.
Wilshire Law Firm
660 S. Figueroa St.
Sky Lobby
Los Angeles, CA 90017

For Defendant: KIHYUN PETER BAE, ESQ.
Davis Wright Tremaine
350 S. Grand Ave.
27th Floor
Los Angeles, CA 90071

**Santa Ana, California; Thursday, February 19, 2026; 10:27 a.m.**

**(Call to Order)**

**THE COURT:** We'll call Eric Hayd et al. v. Arcadia Consumer Healthcare, Inc., Case Number 8:24-2657-JDE.

Let's take appearances from counsel, starting with counsel for the government. I'm sorry. Starting with counsel for plaintiff.

**MR. COELHO:** All right. Good morning, Your Honor. Thiago Coelho on behalf of the plaintiff.

**MR. BAE:** Good morning, Your Honor. You have Peter Bae on behalf of defendant, Arcadia Consumer Healthcare.

**THE COURT:** All right. And I'm sorry, Mr. -- Plaintiff's counsel, what was your last name again?

**MR. COELHO:** Coelho. Coelho.

**THE COURT:** Coelho?

**MR. COELHO:** Coelho.

**THE COURT:** Okay. All right. We are here for two items. The first is a motion to compel brought by plaintiffs against defendants. The motion is at Docket 352, I'm sorry, the motion is at Docket 60. The joint stipulation has 352 pages. The joint stipulation is at Docket 60, the motion is at Docket 59. There were two supplemental memoranda by each party filed on February 3rd, that's Docket 62 and 63. Then there's an ex parte application filed by defendants on February 6th, that's Docket 64 and there was an opposition to the ex parte

application filed by plaintiffs at 65.

I'll start with the ex parte application, that's denied. The ex parte application seeks an order to compel plaintiff to comply with Local Rule 37-1. Everybody's got to comply with Local Rule 37-1, et cetera. I don't know what else to do to the extent the motion actually seeks something else if somebody's complaining or claims that a deposition was scheduled without sufficient notice or in some failure to comply with Federal Rules of Civil Procedure, Rule 30, Rule 30(b)(6). The proper remedy is to meet and confer about that and then file a motion. If there isn't sufficient time, file a motion to shorten time for hearing on such a motion but there's no mechanism to tell somebody to comply with Local Rule 37-1 in scheduling motions. That motion -- that application is denied.

Turning to the motion to compel, as I mentioned, 352-page joint stipulation, a total of 368 pages including supporting material, two supplemental memorandum totaling about 15 to 20 pages. It looks to me as if the parties are asking me to rule on almost every single discovery request that was served by plaintiff upon defendant. Is that about what's right?

**MR. COELHO:** Your Honor, so far we have been provided five documents and there are just --

**THE COURT:** Just could you answer my question?

**MR. COELHO:** That's right, pretty much we never got

--

**THE COURT:** All right. So almost everything, how many are there roughly?

**MR. COELHO:** I'll check, 24 RFPs and requests for productions and 14 requests for admissions.

**THE COURT:** Okay, so 38. How many objections average per request?

**MR. COELHO:** I would say a minimum three to five.

**THE COURT:** It's easier for me to do the math with five. So I'm going to say five. So what that would mean is just to rule on five objections in 38 requests, that's 190 rulings I have to make just on the objections. Then I have to rule on the sufficiency and propriety of the request itself facially, whether it's a request for admission or request for production under Rule 34, it has to state items with specificity. So adding on another 38, that takes us to 228 rulings you're asking me to make, plus rulings on sanctions either one way or another. Is that right?

**MR. COELHO:** Unfortunately, Your Honor, that's right. We haven't been able to get any documents.

**THE COURT:** All right. And this, we had the ex parte, we had two prior discovery motions. I cannot effectively and timely provide rulings on the discovery that's going forward. There's a complete breakdown and I can't do it. I have 500 civil cases. I have a ballooning calendar of

habeas cases, including immigration habeas cases for people who are seeking immediate relief from custody. And those take priority over general civil cases and definitely take priority over a discovery motion seeking a ruling on every objection and every request. And I'm not casting blame here. I'm just saying there's a breakdown and there's a problem, and I don't have the ability to go and make 228 rulings today and then rule on a motion for sanctions.

I will tell you this, one side probably would get sanctioned. One side almost certainly would get sanctioned. When a party or more specifically a lawyer signs a discovery response, let's read from Rule 26(g). Every discovery, and I'm skipping, every discovery request, response, or objections must be signed by at least one attorney of record in the attorney's own name. By signing, the attorney certifies that to the best of the person's knowledge and belief formed after a reasonable inquiry with respect to an objection, it is consistent with the rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law, is not interposed for any improper purchase, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation. The sanction for failure for a certification that violates this rule without substantial justification is payment of reasonable attorney's fees. That's before you even get to Rule 37.

I'm not going to say anything else other than I've looked generally at the discovery requests. Maybe some of them are a little broad. Maybe some of them could be narrowed. Several of them are straightforward. Request for admission number one, admit that you manufacture, market, and sell Fungi-Nail products in the United States. Now maybe you want to clarify what do you mean by Fungi-Nail products or Fungi-Nail products? Frankly, I think it's fairly clear. The answer is if it could mean different things, you get to specify, here's what I'm answering for. That's what the rules allow. Whether it's a request for production, you can say, hey, as to this, that's reasonable. This is what we'll respond to. As to something beyond that, I object and I'm not going to respond to that. Then you folks can get together. As opposed to just saying for every single request for production and every single request for admission propounded, how many months ago? Was it July?

**MR. COELHO:** Several. Yeah, I think six.

**THE COURT:** July, I think. Maybe it was May. That's not -- facially without making a finding, there's a specter here of whether those objections were asserted for an improper purpose. The argument that there wasn't an in-person meet and confer, I've got to tell you, the letter that was sent by plaintiff's counsel was one of, I won't say the most, but one of the most detailed letters setting forth their position.

This isn't a situation where they said, respond. They told you what was wrong. Then this argument that, well, you didn't actually talk to me about them. Now I've got a declaration saying you're standing on these objections, but you're going to supplement as to the other ones. Yes, that's what's in front of me. Is that right?

**MR. COELHO:** That's right, Your Honor.

**THE COURT:** That's a meet and confer. Now, if you're saying he's lying, I guess we'll have a hearing on that. But that was months ago. But here's what we're going to do. I'm going to be nice to everyone here. As I said, I don't have time. So Rule 53 of the Federal Rules of Civil Procedure, special master. Here's when a special master can be appointed to address pretrial matters that, quote, cannot be effectively and timely addressed by an available district judge or magistrate judge of the district. Well, this case is assigned to me. I don't have a magistrate judge I can send it to. I cannot, based on the prior two motions, the ex parte application that itself had, I think, 100 pages of briefing that sought relief that essentially comply with the local rules. I don't even still to this moment understand it. I can't do it. So we're going to be appointing. I'm going to have a hearing right now on whether to appoint a special master.

So here's what I want to hear about. From

plaintiff's standpoint, what do you think about having a special master appointed?

**MR. COELHO:** I think that's a great idea, Your Honor. At minimum, it could give you a summary and their recommendation of how to rule on each of the issues.

**THE COURT:** Well, they would issue a ruling. They would issue a report and recommendation, and the parties have the ability to bring it -- to bring any objections to me. But that would allow the special master who's getting paid by the hour to dig in and get into the details of this 352-page joint stipulation and the 38 requests and the roughly five objections per request.

All right, from the defense side, Mr. Bae?

**MR. BAE:** That's a fine proposal, Your Honor. There may have been some misunderstandings between counsel of record for the parties, but I believe a lot of the stipulation could have been obviated by a good faith conferral in accordance with Local Rule 37. In any event, a special master sounds appropriate.

**THE COURT:** All right. So with the parties seeming to agree, here's what I'm going to do. Within seven days, you are directed to confer and then file a joint report setting forth the terms under which the special master would operate. Take a look at Federal Rule of Civil Procedure 53. The duties, though, will be all discovery-related disputes. There's an

issue. One of the issues is whether the parties and the special master may communicate with me on an ex parte basis. I'll leave that up to you. You guys can each set your positions on that. The nature on which materials are to be preserved by the special master, the time limits. You don't have to write this down. I'm reading right from Rule 53. The time limits, method of filing the record, other procedures, and the standards for reviewing the special master's orders, findings, and recommendations. The basis terms and procedures for fixing the special master's compensation and how any compensation would be apportioned. As you think about that, I guess I'll say this.

Well, I'm not going to say anything. In most cases, it's going to be borne by both sides because it makes -- it encourages everyone to be reasonable. But it will also most likely give, I'd recommend, that you suggest the special master have authority to alter that based on the outcome of the dispute that's presented to him or her. You can find various special master orders. I've issued several special master order, but I'll ultimately be issuing the order based on the information you give to me. Give me everything that you can as required or suggested by Rule 53. If it's not there, I will proceed based on what I have seen in the case. There are several former magistrate judges who do special master work in discovery realm, but I'm not saying that that's who you should

go with. Are there any questions on this issue?

**MR. COELHO:** Your Honor, may we set a page limit for this proposal for Your Honor?

**THE COURT:** Page limit? I don't want to set a page limit because here's what may happen. If you all agree, it might be done in three pages. If you disagree, then each person's going to put their proposal in and I don't know how long that's going to be.

**MR. COELHO:** Fair enough.

**THE COURT:** But you sat through the other hearing. The closer you are to what is reasonable, the more likely it's going to get adopted. But I want each party to have an opportunity to be heard, to tell me what you think the best approach is and then confer about potential special masters. If you don't agree, you're each to give me three names. Again, I would strongly urge you to agree. You have time to check to see what their going rate would be, to see what their preference is in terms of briefing and presenting things. Then ultimately, any order will require that person to issue an affidavit to make sure that that person does not have any conflict with either of the parties in the case.

**MR. BAE:** If I may, Your Honor, thank you. Just to confirm, the parties are directed to confer and file the report within seven days?

**THE COURT:** Yes. The report should be, let's say, by

noon, Thursday, February 26th. Confer before then. Do you want my code book with Rule 53? You can have it. You can sit there and confer right now or you can pull up your phone and you can do it right now. Say I want this. I don't want that. And I'll give you time to contact your proposed special masters.

You're welcome if you have names that you want to float out here. Please don't do this. Don't assume that because somebody floats a name that you should automatically knee jerk, say no, because the other side wants that person. The former magistrate judges and other judges that do this kind of work, don't quote me on this, they're not fungible, but they don't have an axe to grind. They're not. They all do. The ones that I've seen do good work. So don't just assume because one person says, I want Judge Siegel, that you should say, well, then if they want Judge Siegel, I don't want Judge Siegel. All right?

**MR. COELHO:** Your Honor, I'd like to propose Judge Stuart Rice. He was in LA complex for 22 years. He just retired not too long ago.

**THE COURT:** I'm going to have you confer with the other side. All right? Whatever you agree to is going to probably be fine, but bear in mind, Judge Rice doesn't -- probably hasn't spent his career working with Rules 26, 30, 33, 34, and 37 and the intricacies of how discovery in federal

court is done. And so that's the benefit to whether it's magistrate judge or retired district judges, it's the benefit that they have is many years' experience dealing with precisely the focused issues.

And I don't see anything in this motion that is particularly complex. It's the volume. It's the volume that I want -- and I want to give everybody a fair hearing. But when I have a situation when parties can't even agree whether they've met and conferred, I don't even know where to begin because I mentioned all the objections I have to rule on. Before I get to that, I have to decide defendant's argument that, well, you didn't meet and confer on any of these. Now, I'm not going to say any more about that, but as it's presented to me, we could sit here and my court staff will tell you, I have spent hours. I've gone till 4 o'clock in the afternoon and come back the next day going one request at a time, one objection at a time. It's taken as long as 30 effective hours to get through a single motion that way. I can't do it now.

**MR. COELHO:** Understood.

**MR. BAE:** Understood, Your Honor.

**THE COURT:** So the motion to compel is held in abeyance pending the parties' response. But as the parties don't object and in fact agree that a special master is a good option, I am going to issue an order appointing a special master subject to the parties' briefing and this motion will be

referred to that special master.

**MR. COELHO:** Your Honor, just a brief concern, given the short timeframe for the motion of class certification and the fact that we haven't received any discovery other than the photos of the label.

**THE COURT:** Ask whoever the special master is to please hurry. All right. Anything else?

**MR. BAE:** Thank you, Your Honor.

**MR. COELHO:** Thank you, Your Honor.

**THE COURT:** All right. We're adjourned.

**(Proceedings concluded at 10:46 a.m.)**

**CERTIFICATION**

**I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.**

**June 6, 2026**

**Signed** **Dated**

***TONI HUDSON, TRANSCRIBER***