REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff Megan Wheeler and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ARCADIA CONSUMER HEALTHCARE, INC., a Delaware corporation,

Defendant.

Case No. 8:24-cv-02657-JDE

**DECLARATION OF THIAGO M. COELHO IN SUPPORT OF PLAINTIFF MEGAN WHEELER'S MOTION FOR CLASS CERTIFICATION**

Date: October 8, 2026
Time: 10:00 a.m.
Judge: Hon. John D. Early
Courtroom: 6A

# DECLARATION OF THIAGO M. COELHO

I, Thiago M. Coelho, declare as follows:

1. I am an attorney at Wilshire Law Firm, PLC, counsel of record for Plaintiff Megan Wheeler and the proposed Class. I am admitted and in good standing in California, the United States Court of Appeals for the Ninth Circuit, and the United States District Courts for the Central, Southern, Eastern, and Northern Districts of California. Except where I identify a record or source, I have personal knowledge of the facts stated here and could testify competently to them. I submit this declaration in support of Wheeler's Motion for Class Certification.

2. On July 23, 2026, I conferred by Zoom with Arcadia's counsel, Rachel Herd and Peter Bae, concerning the relief sought in the Motion. I explained that Wheeler would seek certification under Rules 23(b)(3) and 23(b)(2), appointment as class representative, appointment of Wilshire Law Firm as Class Counsel, and alternative issue certification under Rule 23(c)(4). Arcadia opposed each request, and the parties did not resolve the dispute.

**EVIDENTIARY RECORD**

3. In litigating this action, I and the attorneys working under my direction received and reviewed party and corporate-witness deposition testimony, Arcadia's discovery productions and business records, expert reports, Plaintiff's purchase materials, product packaging, consumer-contact records, and the December 6, 2024 demand described below. The exhibits identified here are true and correct copies or true and correct excerpts of materials maintained in our case files.

**EXHIBITS**

4. [redacted]

5. [redacted]

[redacted]

6. [redacted]

7. [redacted]

8. [redacted]

9. [redacted]

10. [redacted]

11. [redacted]

[redacted]

12. [redacted]

13. [redacted]

14. [redacted]

15. [redacted]

16. [redacted]

17. [redacted]

18. [redacted]

19. Attached as Exhibit 16 is a true and correct copy of the December 6, 2024 demand under California Civil Code section 1782, together with the proof of its transmission and delivery.

20. [redacted]

21. [redacted]

22. [redacted]

23. [redacted]

**SALES AND CONSUMER-CONTACT RECORDS**

24. [redacted]

25. [redacted]

**ADEQUACY OF COUNSEL AND RESOURCES**

26. Wilshire Law Firm, PLC has substantial experience and resources for complex consumer litigation. Its attorneys regularly represent consumers in class actions in California state and federal courts. The firm has the staffing, technology, litigation support, and financial capacity needed to prosecute this action through certification, trial, and appeal.

27. I graduated from the University of Central Florida and the University of Southern California Gould School of Law. My practice includes consumer and privacy class actions. The National Trial Lawyers has selected me for class-action, data-privacy, wage-and-hour, and under-40 honors. I have also been recognized by The Best Lawyers in America and Super Lawyers, and I served as President of the Data Privacy Trial Lawyers Association in 2020 and 2021. In 2024, the Daily Journal recognized me as a California Lawyer Attorney of the Year (CLAY).

28. My class-action experience includes serving as lead counsel in *Moore v. Centrelake Medical Group, Inc.*, 83 Cal. App. 5th 515 (2022), a published medical data-breach decision cited more than 320 times in which the California Court of Appeal reversed dismissal of key UCL and contract claims. My experience also includes *Bland v. Urology of Greater Atlanta, LLC*, 377 Ga. App. 177 (2025), in which the Georgia Court of Appeals reversed dismissal of negligence, implied-contract, implied-covenant, and injunctive-relief claims; *Freeman v. 3Commas Technologies OÜ*, No. 24-6158 (9th Cir. Mar. 2, 2026), in which the Ninth Circuit reversed a personal-jurisdiction dismissal; and *Mier v. CVS Health*, No. 22-55665, 2023 WL 4837851 (9th Cir. July 28, 2023), in which the Ninth Circuit vacated in part and remanded a denial of class certification after granting Rule 23(f) review. Other representative matters include *Peters v. Apple Inc.*, No. 19STCV21787 (Cal.

Super. Ct.), which resulted in a $25 million common-fund settlement representing 90% of the maximum value; *Head v. Regal Medical Group, Inc.*, No. 23STCV02939 (Cal. Super. Ct.), which resulted in a $49,995,000 settlement; and *In re MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, in which the court appointed me as one of two attorneys on the Experts Committee in a nationwide data-breach MDL involving hundreds of cases and more than 200 defendants. The MOVEit litigation has generated more than $30 million in settlements to date.

29. The team appearing on this filing includes Lauren Lendzion, Chumahan B. Bowen, and Jennifer M. Leinbach. Each is an active member of the California Bar. Ms. Lendzion was admitted in 2005, Mr. Bowen in 2009, and Ms. Leinbach in 2011. They have worked with me and the firm in prosecuting this action.

30. Ms. Lendzion is a senior attorney with experience across the stages of civil litigation. Ms. Leinbach has significant class-action experience and previously served in several federal judicial clerkships. Mr. Bowen brings more than sixteen years of California practice. Together with the broader Wilshire team, they provide the depth needed for motion practice, expert discovery, trial preparation, and class administration.

31. Wilshire investigated the Fungi-Nail labeling, formulation, product variants, purchase channels, and Arcadia's consumer records before and during this litigation. The firm has prosecuted written discovery, reviewed Arcadia's productions, defended Wheeler's deposition, and taken or prepared corporate and fact-witness depositions.

32. The firm retained and worked with experts in marketing, survey research, economics, and science. Counsel coordinated their review of standardized package evidence, Arcadia records, product capability, materiality, and a classwide price-premium methodology.

33. Wilshire has invested substantial attorney and staff time and advanced or committed substantial litigation resources without requiring proposed Class members to finance the case. The firm is prepared to fund appropriate notice, expert, discovery, trial, and administration expenses and to continue through final judgment and any appeal.

34. Neither I nor Wilshire Law Firm has an interest antagonistic to Wheeler or the proposed Class. We understand our duties to the Class, will place the Class's interests ahead of any conflicting interest, and will prosecute the certified claims vigorously and fairly.

**CLRA NOTICE AND OPPORTUNITY TO CURE**

35. On December 6, 2024, Plaintiff Eric Hayde, through counsel, sent Arcadia a written demand under California Civil Code section 1782 concerning the Fungi-Nail labeling at issue in this action.

36. The demand identified California Civil Code section 1770(a)(5), described the materially common Fungi-Nail name, imagery, and efficacy representations, explained the conflict with the off-front nail limitation and product capability, and requested classwide correction and relief.

37. The demand provided Arcadia notice of the asserted violation and an opportunity to implement a classwide correction before a claim for damages was pursued.

38. Arcadia did not implement the requested classwide cure. As of the date of this declaration, Arcadia has not provided a classwide correction responsive to the demand.

**CONSUMER-RECORD FOUNDATION**

39. [redacted]

[redacted]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2026, at Los Angeles, California.

/s/ Thiago M. Coelho
Thiago M. Coelho