**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ARCADIA CONSUMER HEALTHCARE, INC., a Delaware corporation,

Defendant.

Case No. 8:24-cv-02657-JDE

**[PROPOSED] ORDER GRANTING PLAINTIFF MEGAN WHEELER'S MOTION FOR CLASS CERTIFICATION**

Date: October 8, 2026
Time: 10:00 a.m.
Judge: Hon. John D. Early
Courtroom: 6A

## [PROPOSED] ORDER GRANTING PLAINTIFF MEGAN WHEELER'S MOTION FOR CLASS CERTIFICATION

Having considered Plaintiff Megan Wheeler's Motion for Class Certification, the supporting declarations and exhibits, the papers properly submitted, the record, and the arguments of counsel, and good cause appearing, the Court ORDERS as follows:

**I. CLASS CERTIFICATION**

1. The Motion is GRANTED on the terms stated in this Order.

2. For purposes of this Order, the phrase "liquid, ointment, pen, or spray Fungi-Nail products" in the Class definition means Arcadia Consumer Healthcare, Inc.'s 1% tolnaftate Fungi-Nail liquid, ointment, pen, and pump-spray products sold in units bearing the Challenged Front Labeling (the "covered products"). The term "Challenged Front Labeling" means the materially common principal-display-panel combination of the Fungi-Nail name, prominent toenail imagery, the statement "Kills Fungus," and clinical cure-and-prevent language, while the limitation that the product is not effective on nails appears away from the front panel.

3. Under Federal Rule of Civil Procedure 23(b)(3), the Court certifies the following California Class for the damages claim identified below:

> All persons residing in the State of California who purchased the liquid, ointment, pen, or spray Fungi-Nail products from December 6, 2020 to present.

4. Under Rule 23(b)(2), the Court certifies the same California Class for the prospective claims and relief identified below. For purposes of this Order, "present" in the class definition means the date on which this Order is entered.

5. Excluded from the Class are those who received a full refund; Arcadia's subsidiaries, affiliates, officers, directors, and employees; counsel and judicial personnel assigned to this action and their immediate families; governmental entities; and resellers. Full-refund status is an objective membership exclusion. This

Order does not certify a refund claim or make post-purchase refund conduct an element of liability.

**II. RULE 23 FINDINGS**

6. The Class satisfies Rule 23(a). Its members are sufficiently numerous that joinder is impracticable; the claims present common questions capable of common answers; Wheeler's claims are typical because they arise from the same materially common front-label message, product capability, and purchase-time economic-injury theory; and Wheeler and her counsel will fairly and adequately protect the Class.

7. Common questions include what the Challenged Front Labeling objectively communicates; whether the covered products can treat fungus within the nail; whether the challenged message is material to a reasonable purchaser; whether the off-front nail limitation qualifies or contradicts the front-label message; what Arcadia knew and whether it exercised reasonable care; whether the common course violates the statutes identified below; whether it generated a positive equilibrium price premium for any covered product and period; and whether classwide prospective relief is warranted.

8. Rule 23(b)(3) predominance is satisfied. Every covered sale turns on the same standardized packaging course and the same product-capability question. Net impression, falsity, materiality, the effect of Arcadia's off-front language, reliance, causation, and the existence of a price premium are susceptible to common proof from the packages, Arcadia's records and witnesses, scientific evidence, marketing and survey evidence, complaint records, and the proposed equilibrium-pricing methodology.

9. Potential differences in product form, package size, retailer, price, purchase date, consumer motive, later use, satisfaction, or discovery of the off-front limitation do not overwhelm the common questions. Those differences do not change the materially common front-label message or whether 1% tolnaftate in the

covered products can treat fungus within the nail. Product and time variables may be incorporated into the common damages model. Purchaser identity, amount paid, and the full-refund exclusion are administrable membership or calculation questions.

10. Rule 23(b)(3) superiority is satisfied. The modest value of an individual purchase makes separate litigation impractical, concentrating the claims in this forum is desirable, and the case can be managed through common liability and damages phases followed, if necessary, by an objective claims process.

11. Rule 23(b)(2) is satisfied because Arcadia has acted or refused to act on grounds generally applicable to the Class by using or approving the materially common Challenged Front Labeling across the covered products. The requested prospective relief is directed to that uniform course and may be granted through a single injunction or declaration applicable to the Class as a whole. Whether Arcadia knew or should have known that the labeling was untrue or misleading, and whether it exercised reasonable care, are likewise common questions because they turn on Arcadia's corporate records, witnesses, studies, and complaint files.

## III. CERTIFIED CLAIMS, REPRESENTATIVE, AND COUNSEL

12. The Court certifies under Rule 23(b)(3) the Class claim under California Civil Code section 1770(a)(5) for actual purchase-time price-premium damages. The certified damages theory is the difference, if any, between the market price paid and the market price that would have prevailed without the challenged nail-treatment message, subject to the amount paid for a qualifying purchase.

13. The Court certifies under Rule 23(b)(2) the Class claims for prospective relief under the fraudulent and unlawful prongs of California Business and Professions Code section 17200, the False Advertising Law, California Business and Professions Code section 17500, and California Civil Code section 1770(a)(5). The unlawful-prong theory borrows the same False Advertising Law and Consumers Legal Remedies Act conduct.

14. Because the Court certifies the claims stated above, Wheeler's alternative request for issue certification under Rule 23(c)(4) is denied as moot, without prejudice to renewal if the certified claims are later narrowed.

15. Megan Wheeler is appointed representative of the certified California Class. Eric Hayde remains a named Plaintiff, but this Order does not appoint him as a class representative.

16. Wilshire Law Firm, PLC is appointed Class Counsel under Rule 23(g). The Court finds that the firm has investigated the claims, conducted substantial discovery, retained appropriate experts, demonstrated experience with consumer class actions and knowledge of the applicable law, and committed the resources necessary to represent the Class. Class Counsel shall fairly and adequately represent the interests of the Class.

**IV. NOTICE AND FURTHER PROCEEDINGS**

17. Within fourteen days after entry of this Order, Class Counsel shall meet and confer with Arcadia and submit a proposed Rule 23(c)(2)(B) notice, dissemination plan, schedule, and proposed notice administrator. The proposal shall provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, shall include each item required by Rule 23(c)(2)(B)(i) through (vii), and shall address the method for excluding persons who received a full refund.

18. No class notice shall be disseminated until the Court approves its form, method, and schedule. The parties shall preserve reasonably available sales, retailer, consumer-contact, package-version, and refund data needed to identify members and administer notice.

19. This Order identifies the certified claims and issues as required by Rule 23(c)(1)(B). It does not decide the ultimate merits, the amount of any price premium, the amount of any member's recovery, or the final form of prospective

relief. The parties may present all properly preserved merits arguments and defenses on a classwide basis.

20. This Order may be altered or amended before final judgment under Rule 23(c)(1)(C). The Court retains authority to revise the class definition, certified issues, notice process, trial plan, or other procedures as the record develops.

21. All deadlines and procedures established by prior orders remain in effect except as expressly modified here. The parties shall promptly raise any scheduling issue created by certification through an appropriate joint filing.

IT IS SO ORDERED.

DATED: ____________________

____________________________
JOHN D. EARLY
United States Magistrate Judge