DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Nicole S. Phillis (SBN 291266)
*nicolephillis@dwt.com*
Heather F. Canner (292837)
*heathercanner@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Rachel H. Herd (*pro hac vice*)
*rachelherd@dwt.com*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated

Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,

Defendant.

Case No. 8:24-CV-02657-JDE

**DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Assigned to the Hon. John D. Early

***[Statement of Uncontroverted Facts; Declaration of Jacob M. Harper; [Proposed] Order filed concurrently]***

| | |
|---|---|
| Dept.: | Courtroom 6A |
| Date: | 10:00 a.m. |
| Time: | October 8, 2026 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on October 8, 2026, at 10:00 a.m. in Courtroom 6A of the United States District Court, Central District of California, located at 411 W. Fourth St., Santa Ana, California 92701, Defendant Arcadia Consumer Healthcare Inc. ("Arcadia") will and hereby does move for partial summary judgment under Federal Rule of Civil Procedure 56.

Arcadia moves for summary judgment on Plaintiffs' request for injunctive relief for lack of Article III standing, and on Plaintiffs' breach of express warranty claim.

This motion is made on the grounds that there is no genuine dispute of material fact and Arcadia is entitled to judgment as a matter of law because Plaintiffs cannot establish essential elements of their claims, including standing for their claims for injunctive relief, and breach and causation for their breach-of-express warranty claim.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Statement of Uncontroverted Facts, the supporting Declaration of Jacob M. Harper ("Harper Decl.") and exhibits filed concurrently herewith, all pleadings and papers on file in this action, and any argument the Court may permit at the hearing, and any further matters of which the Court may take judicial notice.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 25, 2026. Harper Decl. ¶ 5.

Dated: September 4, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob. M. Harper*
Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 5

II. BACKGROUND .......... 6

  A. Fungi-Nail's Packaging and Representations. .......... 6

  B. Plaintiffs' Experiences with Fungi-Nail. .......... 6

    1. Eric Hayde .......... 6

    2. Megan Wheeler. .......... 7

III. LEGAL STANDARD .......... 8

IV. ARGUMENT .......... 9

  A. Plaintiffs Lack Standing for Injunctive Relief Claims. .......... 9

    1. Plaintiffs' own evidence contradicts the allegations in the Second Amended Complaint. .......... 10

    2. The alleged possibility of a future hypothetical purchase is insufficient to maintain a claim. .......... 11

  B. Plaintiffs Cannot Prove Breach of an Express Warranty. .......... 12

V. CONCLUSION .......... 14




DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 8

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......... 9

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .......... 12

*Cordes v. Boulder Brands USA*,
2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) .......... 11

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 9

*Elsayed v. Maserati N. Am., Inc.*,
215 F. Supp. 3d 949 (C.D. Cal. 2016) .......... 14

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
528 U.S. 167 (2000) .......... 9

*In re ConAgra Foods, Inc.*,
90 F. Supp. 3d 919 (C.D. Cal. 2015) .......... 12

*Krommenhock v. Post Foods, LLC*,
255 F. Supp. 3d 938 (N.D. Cal. 2017) .......... 12

*Maneely v. Gen. Motors Corp.*,
108 F.3d 1176 (9th Cir. 1997) .......... 13

*Rodriguez v. Just Brands USA, Inc.*,
2021 WL 1985031 (C.D. Cal. May 18, 2021) .......... 11

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) .......... 12

*Schertzer v. Samsonite Co. Stores, LLC*,
2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) .......... 11

*Soremekun v. Thrifty Payless, Inc.*,
509 F.3d 978 (9th Cir. 2007) .......... 8



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Valentine v. Crocs, Inc.*,
783 F. Supp. 3d 1204 (N.D. Cal. 2025) ........ 13

*Vicious Brands, Inc. v. Face Co., LLC*,
2026 WL 276178 (N.D. Cal. Feb. 3, 2026) ........ 12

*Viggiano v. Hansen Nat. Corp.*,
944 F. Supp. 2d 877 (C.D. Cal. 2013) ........ 12

*Vitello v. Natrol, LLC*,
50 F.4th 689 (8th Cir. 2022) ........ 14

**Rules**

Fed. R. Civ. P. 56 ........ 8



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

This motion presents two straightforward issues: whether Plaintiffs have standing to pursue injunctive relief and whether they can prove breach of an express warranty. The undisputed facts defeat both claims.

***First***, Plaintiffs lack standing to seek injunctive relief. This Court previously dismissed Plaintiffs' injunctive-relief allegations because Plaintiffs did not allege any intent to purchase Fungi-Nail in the future. Although the Second Amended Complaint ("SAC") attempted to cure that defect, discovery confirmed that neither Plaintiff faces a real and immediate threat of future injury. Both Plaintiffs testified that the conditions that allegedly prompted their purchases are no longer at issue, neither identified any concrete plan to purchase Fungi-Nail again, and both expressed dissatisfaction with the product. Hayde went so far as to testify that he "wouldn't waste [his] money" on Fungi-Nail again because it "didn't do anything." Plaintiffs' own testimony directly contradicts the speculative future-purchase allegations on which their request for injunctive relief depends.

***Second***, Plaintiffs cannot establish breach of an express warranty. Their theory is that Arcadia expressly warranted Fungi-Nail would treat toenail fungus. But neither Plaintiff identified any statement on the product packaging making such a promise. Instead, both admitted they inferred that conclusion from the product name and the phrase "kills fungus." An inference is not an express warranty. The undisputed evidence further establishes that Plaintiffs used the product to treat a condition the label expressly disclosed it was not intended to treat. Having used the product outside its labeled indications, Plaintiffs cannot prove either breach or causation.

At bottom, Plaintiffs purchased Fungi-Nail because they assumed it would treat toenail fungus. They did not read the disclosures describing the product's uses and limitations, they used the product for a condition outside its labeled indications, and they now lack evidence supporting essential elements of their claims. Because



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

no genuine dispute of material fact exists, summary judgment should be entered in Arcadia's favor on Plaintiffs' claims for injunctive relief and breach of express warranty.

## II. BACKGROUND

### A. Fungi-Nail's Packaging and Representations.

Arcadia sells Fungi-Nail antifungal products, including products in liquid, pen, and ointment forms. Dkt. 35 Second Amended Complaint ("SAC") ¶ 2; Statement of Uncontroverted Facts ("SUF") 1. Fungi-Nail's packaging includes both front-of-package marketing statements and Drug Facts identifying the product's uses and limitations.

The front of the Fungi-Nail package (in its various forms) states the product is "CLINICALLY PROVEN TO CURE AND PREVENT FUNGAL INFECTIONS." Declaration of Jacob M. Harper ("Harper Decl.") Ex. A; SUF 2.[1] The back of the Fungi-Nail package (in its various forms) contains Drug Facts which describe the product's uses and limitations. *Id.*; SUF 2 The package explicitly states Fungi-Nail "is not effective on the scalp or nails." *Id.*; SUF 2.

Fungi-Nail offers customers a money-back guarantee. *Id*. The guarantee is not a promise of effectiveness; instead, it allows a customer to seek a refund. *Id*. Fungi-Nail does not warrant that its products are intended to treat or effective at treating nail fungus, including toenail fungus.

### B. Plaintiffs' Experiences with Fungi-Nail.

#### 1. Eric Hayde

Plaintiff Eric Hayde purchased a one-ounce bottle of Maximum Strength Fungi-Nail Anti-Fungal Liquid from a Walmart in Garden Grove, California. SAC ¶ 8; Ex. B, Hayde Dep. Tr. at 90:5–8. Hayde testified that he purchased the product

---

[1] Unless otherwise noted, all citations to exhibits are to exhibits to the concurrently-filed Declaration of Jacob M. Harper.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

after seeing a television commercial once and believing it would "kill toenail fungus or killed fungus." Ex. B, Hayde Dep. Tr. at 85:24–86:2, 138:14–15. When he picked up the product, Hayde looked at the front of the box, looked at the front of the bottle, saw a toe, and saw the phrase "kills fungus." *Id*. at 91:4–20, 23. He testified that a toenail plus "kills fungus" was "all [he] need[ed] to see." *Id*. at 95:15–96:3.

Hayde did not read the label information that described the product's uses, directions, and limitations. *Id*. at 99:18–23. Hayde testified that he generally does not read over-the-counter medication labeling. *Id*. at 143:1–17, 211:24–212:11.

Hayde testified he used the product based on his own understanding rather than the labeled directions. *Id*. at 200:14–21. He further testified that the fungus he was trying to treat was "[o]n and underneath the toenail." *Id*. at 132:22–24. Hayde used the product every night for three months and stopped because he believed "[i]t did nothing." *Id*. at 93:18–94:3; SUF 6.

Hayde did not use Arcadia's refund process. He testified that he did not seek a refund after concluding the product was not working. *Id*. at 108:12–22. When discussing whether he purchased Fungi-Nail again, Hayde testified that "I wouldn't waste my money. It didn't do anything." *Id*. at 94:1–3.

**2. Megan Wheeler.**

Plaintiff Megan Wheeler purchased a one-ounce bottle of Maximum Strength Fungi-Nail Anti-Fungal Liquid online from Amazon. SAC ¶ 9; Ex. C, Wheeler Dep. Tr. at 164:24–165:2. Wheeler never received a medical diagnosis of toenail fungus and instead concluded she had nail fungus based on her own observations. Ex. C, Wheeler Dep. Tr. at 50:11–24. Wheeler testified that she searched Amazon for "[n]ail fungus medicine," clicked on Fungi-Nail, looked at the front of the box, and read the writing on the front of the box. *Id*. at 55:9–17, 57:6–17. She explained that she did not read anything else because "it said it killed fungus," "[i]t's Fungi-Nail," and she believed she had nail fungus. *Id*. at 58:15–59:5. Wheeler later



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

testified that the product name and "kills fungus" led her to assume the product killed nail fungus. *Id*. at 196:7–16.

Wheeler did not read the product's Drug Facts or directions before buying or using the product. *Id*. at 61:24–62:20. She testified that she applied Fungi-Nail only to her nails and used it twice a day for about six weeks before stopping because she believed it was not working. *Id*. at 101:5–102:22; SUF 10.

After she stopped using Fungi-Nail, Wheeler used bleach and hand sanitizer on her toenails. *Id*. at 103:6–107:17; SUF 11. No one prescribed either; she decided to use them herself. *Id*. at 103:6–18; SUF 11. Wheeler never attempted to return Fungi-Nail for a refund and never visited FungiNail.com. *Id*. at 161:9–16, 165:3–6. Wheeler expressed complete dissatisfaction with the product, testifying she wanted her money back. *Id*. at 165:7–11.

## III. LEGAL STANDARD

Rule 56 "mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "On an issue as to which the nonmoving party will have the burden of proof, … the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* "If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Id.* (citation omitted).


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## IV. ARGUMENT

### A. Plaintiffs Lack Standing for Injunctive Relief Claims.

Plaintiffs still lack Article III standing to seek prospective injunctive relief, just as they did at the motion-to-dismiss stage.

A plaintiff must establish standing separately for each form of relief sought, and injunctive relief requires a threat of future injury that is "actual or imminent," not conjectural or hypothetical. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). That threat of injury must be a "real or immediate threat" that the plaintiff "will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

In cases involving alleged false labeling, there are two ways a plaintiff can demonstrate a threat of future harm: (1) plausibly allege that they "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although [they] would like to"; or (2) plausibly allege that they "might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as [they] may reasonably, but incorrectly, assume the product was improved." *Davidson*, 889 F.3d at 970–71.

Applying this standard, this Court previously dismissed Plaintiffs' request for injunctive relief because the then-operative complaint did not allege that either Plaintiff would purchase Fungi-Nail again or otherwise imply an intent to purchase the product in the future. *See* Dkt. 31 ("Order on MTD") at 21–22. The Second Amended Complaint attempted to cure that defect, but the record confirms that its new allegations are unsupported and, in any event, too speculative to establish a real and immediate threat of future injury. Indeed, both Plaintiffs testified that they no longer suffer from the conditions that allegedly prompted their purchases of Fungi-Nail, and neither identified any actual plan to purchase the product again. As a result, Plaintiffs' request for injunctive relief fails as a matter of law.


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**1. Plaintiffs' own evidence contradicts the allegations in the Second Amended Complaint.**

In their Second Amended Complaint, Plaintiffs allege injunctive relief is proper because "Plaintiffs will frequently visit stores that sell Fungi-Nail products" and because "Plaintiffs … have suffered chronic nail fungus issues, [they] are at risk of future deception with Fungi-Nail products, because in the future they may reasonably, but incorrectly, assume the products have been improved to treat nail fungus, and might purchase a falsely labeled Fungi-Nail product again." SAC ¶ 11. Discovery disproved these allegations.

As an initial matter, neither Plaintiff remains in the market for over-the-counter nail fungus treatment. SUF 9, 13. Wheeler testified that whatever nail condition she believed she had was cured through her self-directed use of bleach and hand sanitizer. Ex. C, Wheeler Dep. Tr. at 103:6–106:25; SUF 11, 12. According to Wheeler, "her toes look fine now" and it has been more than "two years" since she experienced any nail condition. *Id.* at 106:5–11; SUF 12. Hayde likewise testified that after discontinuing Fungi-Nail he sought treatment from a physician, received prescription medication, and now believes "it might have killed all the fungus." Ex. B, Hayde Dep. Tr. at 82:13–83:9; SUF 7, 8.

Plaintiffs' own testimony likewise forecloses any claim of future injury. Wheeler testified that she wants her "money back" and identified no circumstance under which she would purchase Fungi-Nail in the future. Ex. C, Wheeler Dep. Tr. at 165:7–11; SUF 13. Hayde was even more direct. When asked whether he purchased another bottle of Fungi-Nail after concluding the product did not work, Hayde responded: "I wouldn't waste my money. It didn't do anything." Ex. B, Hayde Dep. Tr. at 94:1–3; SUF 9. There is no evidence in the record that either Plaintiff would ever purchase Fungi-Nail again. To the contrary, the record shows that Plaintiffs abandoned the product, pursued other treatments, and believe their


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

conditions have now resolved. Their testimony directly contradicts the SAC's allegation that they face a realistic risk of future deception.

**2. The alleged possibility of a future hypothetical purchase is insufficient to maintain a claim.**

Even without Plaintiffs' contrary testimony, the Second Amended Complaint's theory of future injury remains legally insufficient because it depends entirely on speculation. Neither Wheeler nor Hayde identified a concrete plan to purchase Fungi-Nail again. SUF 9, 13. Wheeler identified no future purchase plan whatsoever and therefore cannot establish an actual and imminent threat of future harm. SUF 13; *Cordes v. Boulder Brands USA*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) ("the mere fact of a past purchase" does not create an inference of a desire or intent to purchase again) (dismissing consumer class-action complaint).

Hayde fares no better. His testimony never crossed the line from merely a possible future injury to a certainly impending one. SUF 9; *Schertzer v. Samsonite Co. Stores, LLC*, 2020 WL 4281990, at *11 (S.D. Cal. Feb. 25, 2020) (dismissing UCL, FAL, and CLRA claims). When asked whether he would "buy the Fungi-Nail product ever again," he answered that he "might" do so but only "if they change the way that this is labeled and ... if [he] knew that it worked." Ex. B, Hayde Dep. Tr. at 147:19–148:4. That testimony does not establish a real and immediate threat of future injury. It depends on multiple contingencies outside Hayde's control: that Arcadia changes its labeling, that Hayde encounters the revised product, that he concludes the changes are sufficient, that he develops a need for the product, and that, even if all this happens, he ultimately decides to purchase it. Such a chain of speculative events is insufficient to establish standing. *Rodriguez v. Just Brands USA, Inc.*, 2021 WL 1985031, at *4–5 (C.D. Cal. May 18, 2021) (dismissing all claims in product labeling case based on plaintiff's allegation



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that he "may" purchase the product in the future, including dismissing UCL and FAL claims with prejudice) (collecting cases).

Moreover, injunctive-relief theories premised on a chain of speculative contingencies are insufficient to support standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 967–68 (N.D. Cal. 2017) (future intent to purchase if cereals had less sugar or were priced lower did not establish standing for injunctive relief); *see also Vicious Brands, Inc. v. Face Co., LLC*, 2026 WL 276178, at *8 (N.D. Cal. Feb. 3, 2026) ("So long as there are necessary steps beyond Plaintiff's control, … Plaintiff has alleged only '*possible* future injury' as a result of Defendants' purportedly false advertising, rather than the '*certainly impending*' injury necessary 'to constitute injury in fact.'") (quoting *Clapper*, 568 U.S. at 409) (dismissing Lanham Act claim and UCL claims premised on alleged false advertising). Plaintiffs have no actual plan to purchase Fungi-Nail again, no ongoing need for the product, and no evidence of a certainly impending future injury. At most, they speculate that they may someday encounter the product again and may decide to purchase it under circumstances that may never occur. Article III requires far more. Because Plaintiffs cannot demonstrate a real and immediate threat of future harm, summary judgment should be entered on all claims seeking injunctive relief.

**B. Plaintiffs Cannot Prove Breach of an Express Warranty.**

To prevail on a breach of express warranty claim under California law, a plaintiff must prove that "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 984 (C.D. Cal. 2015) (citation omitted); *accord* Order on MTD at 18–19. Courts also require that the breach caused injury to the plaintiff. *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 987 (N.D. Cal. 2009). Plaintiffs cannot satisfy either the


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

breach or causation elements of their claim. For at least three independent reasons, summary judgment is warranted.

*First,* Plaintiffs cannot identify an express warranty they claim was breached. The operative complaint alleges Arcadia expressly warranted that Fungi-Nail was intended to treat and effective at treating toenail fungus. *See* SAC ¶¶ 74–76. But neither Plaintiff identified any statement on the package, bottle, or labeling expressly stating that Fungi-Nail treats fungal infections within the nail plate or cures toenail fungus. SUF 3, 4, 5. Instead, both Plaintiffs testified that they inferred such a promise from the product name, the phrase "kills fungus," and the product's appearance. That is not enough. Express warranty liability must be based on an actual affirmation of fact or promise made by the seller, not a consumer's inference about what a product might do. An inferred promise cannot serve as the basis for an express warranty claim. *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) (granting summary judgment on express warranty claim in the absence of a "specific and unequivocal written statement"); *accord Valentine v. Crocs, Inc.*, 783 F. Supp. 3d 1204, 1211–13 (N.D. Cal. 2025) (granting summary judgment in defendant's favor because of absence of "explicit guarantees"). Because Plaintiffs cannot identify an actual warranty promising treatment of toenail fungus, their express-warranty claim fails at the threshold.

*Second,* Plaintiffs used the product for a condition that was expressly disclaimed. The product is labeled for fungal infections of the skin of the foot, including between and around the toes, around the cuticles, and under the nail tips, and the labeling discloses that it is not effective on nails. Ex. A. Wheeler applied the product only to her nails, not to the toes or skin around the toenails. Ex. C, Wheeler Dep. Tr. at 101:11–102:22. Hayde used the product for fungus on and underneath the toenail. Ex. B, Hayde Dep. Tr. at 132:6–24. Thus, Plaintiffs do not contend that Fungi-Nail failed to perform the function the labeling described. Instead, they contend it failed to perform a function they subjectively expected



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

despite express labeling to the contrary. Under those circumstances, Plaintiffs cannot demonstrate either a breach of warranty or injury resulting from any breach. *See Elsayed v. Maserati N. Am., Inc.*, 215 F. Supp. 3d 949, 959–60 (C.D. Cal. 2016) (granting summary judgment on an express-warranty claim where the alleged malfunction did not occur under the circumstances described in the warranty materials); *see also Vitello v. Natrol, LLC*, 50 F.4th 689, 694 (8th Cir. 2022) (affirming summary judgment for defendant where the plaintiff purchased the product for a use the label disclosed it was not intended to provide).

*Third*, Plaintiffs cannot show the product failed for its intended use. Wheeler admitted she did not have athlete's foot or ringworm when she purchased Fungi-Nail. Ex. C, Wheeler Dep. Tr. at 146:22–147:4. Hayde has no evidence that Fungi-Nail failed to treat a fungal skin infection around the toes or nail-adjacent areas; his testimony focused on fungus "on and underneath the toenail." Ex. B, Hayde Dep. Tr. at 132:6–24. The express warranty claim therefore fails because Plaintiffs cannot prove that any alleged warranty was breached in a way that proximately caused injury.

## V. CONCLUSION

For these reasons, Arcadia respectfully requests that the Court grant summary judgment on any claims for injunctive relief and on Plaintiffs' breach of express warranty claim and enter judgment accordingly.

DATED: September 4, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Arcadia Consumer Healthcare, Inc., certifies that this brief contains 3,164 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 4, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*



**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899