Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE, INC. a Delaware corporation,

Defendant.

Case No.: 8:24-cv-02657-JDE

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE AND STRIKE THE EXPERT MOTION (DKT. 107)**

| | |
|---|---|
| Date: | 09/17/2026 (Requested) |
| Time: | 10:00 a.m. |
| Judge: | Hon. John D. Early |
| Courtroom: | 6A |

| | |
|---|---|
| Complaint Filed: | 12/06/2024 |
| Class Discovery Cutoff: | 05/12/2026 |
| Fact Discovery Cutoff: | 12/28/2026 |
| Pretrial Conf.: | 05/21/2027 |
| Trial Date: | 06/02/2027 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court has already decided how challenges to class-certification experts must be presented. The Scheduling Order (Dkt. 41) states: "Any challenges to experts relied upon [in] any motion for class certification shall be raised with opposition/reply papers, subject to the cut-off dates for such filings." Dkt. 41. The revised class certification order (Dkt. 87) changed the dates but expressly left that direction intact.

Arcadia's Expert Motion asks the Court to strike or exclude the reports of Dr. David Bell, Dr. Ernan Haruvy, Rhonda Harper, and Dr. Matthew Bogyo, all identified as reports "submitted in support of Plaintiffs' motion for class certification." Dkt. 107. The memorandum begins by arguing that Plaintiffs "seek class certification through four expert reports," repeatedly attacks whether those reports provide classwide proof, and concludes that all four must be stricken. *Id.*

The Expert Motion is not an evidentiary objection embedded in Arcadia's opposition. It is a separate motion, supported by eleven exhibits, noticed for independent opposition and reply briefing, and certified at 6,986 words, only 14 words below the 7,000-word limit. Dkt. 107. Its objective effect is to provide Arcadia a second opening memorandum on class-certification issues and a separate reply six days after Wheeler's Court-ordered reply.

Plaintiffs do not dispute that the Court must evaluate expert reliability at class certification. They ask the Court to conduct that analysis through the vehicle and sequence it ordered: Arcadia's September 4 opposition and Wheeler's September 18 reply. The Expert Motion should be stricken or disregarded. At minimum, it should be deemed part of Arcadia's opposition, subject to a single combined word limit and no separate reply.

## II. RELEVANT BACKGROUND

At the August 25, 2026 Local Rule 7-3 videoconference, Arcadia announced that it intended to file a separate Rule 702 *Daubert* motion against Plaintiffs' class-certification experts in addition to its class-certification opposition. Plaintiffs cited the Scheduling Order (Dkt. 41) and asked Arcadia to place any expert challenges in the opposition. Arcadia stated that it did not read the Order to require the Daubert arguments to be included there. Plaintiffs disagreed. Leinbach Decl., paras. 5-8. Arcadia's declaration confirms the participants, subject, and inability to reach agreement. Dkt. 107-2.

On September 4, Arcadia filed the Expert Motion. The motion challenges Bell's proposed conjoint and damages opinions, Haruvy's materiality survey, Harper's deception and intent opinions, and Bogyo's qualifications and monograph opinions. Dkt. 107.

The motion is inseparable from certification. Its introduction argues that Rule 702 "prohibits class certification" based on the reports and that "Plaintiffs cannot meet their burden on class certification" through them. *Id.* Its Bell section argues that the model should be stricken under Rule 702 "or, if considered, rejected under Rule 23." *Id.* The motion is noticed for the same October 8 date as Wheeler's certification motion, but it generates a separate opposition due September 17 and a separate Arcadia reply due September 24.

## III. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). An application to modify a Rule 16 order must be directed to the judicial officer who entered it. L.R. 16-14. Good cause focuses primarily on the diligence of the party seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded." *Id.* at 610 (citation omitted).

If a party fails to obey a scheduling or pretrial order, the Court may issue "any just orders." Fed. R. Civ. P. 16(f)(1)(C). Local Rule 7-12 permits the Court to decline to consider a memorandum not filed within a deadline set by order or local rule. District courts also possess inherent authority to manage their dockets and strike improper filings. *Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Enforcement is necessary because disregard of scheduling orders disrupts the Court's calendar and prejudices litigants. *Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

## IV. THE EXPERT MOTION VIOLATES THE SCHEDULING ORDER

### A. The Scheduling Order Unambiguously Requires These Challenges To Be Raised in the Certification Opposition and Reply.

The text resolves the dispute. The Scheduling Order applies to "[a]ny challenges" to experts relied upon for class certification. "Any" is comprehensive. The Order then states that those challenges "shall" be raised "with opposition/reply papers." Dkt. 41 at 2. "Shall" is mandatory, and the identified papers are the opposition and reply in the class-certification briefing sequence.

Arcadia's reading would reduce the sentence to surplusage. If "with opposition/reply papers" meant that Arcadia could file a separate motion on the opposition date, followed by a new opposition and reply, there would have been no reason to specify the filing vehicle. The ordinary Local Rules already permit separately noticed motions unless the Court orders otherwise. The additional phrase "subject to the cut-off dates for such filings" confirms that the Court tied expert challenges to the certification opposition and reply deadlines, not to a new schedule created by Local Rules 7-9 and 7-10.

Filing the Expert Motion on September 4 and noticing it for October 8 does not transform it into an opposition or reply paper. The Expert Motion is expressly styled as a motion, asks for affirmative exclusionary relief, carries its own

memorandum and evidentiary record, and generates a separate opposition and reply. Substance, not caption, controls.

**B. The Face of the Expert Motion Confirms That It Is a Class-Certification Expert Challenge.**

The Expert Motion removes any factual ambiguity. Its notice states that Arcadia seeks to exclude reports "submitted in support of Plaintiffs' motion for class certification." Dkt. 107. Its opening sentence says Plaintiffs "seek class certification through four expert reports." *Id.* at 1. It argues the reports cannot establish common, classwide damages, materiality, deception, or product efficacy, and that Plaintiffs therefore cannot carry their Rule 23 burden. *Id.* Those are the precise challenges that the Scheduling Order directs the parties to litigate in the certification opposition and reply.

Arcadia even invokes the Scheduling Order as authority, stating that the Order recognizes the gatekeeping function of Rule 702 at class certification. *Id.* The Scheduling Order does more than recognize gatekeeping: it specifies how the parties must present the challenges. Arcadia cannot rely on one part of that instruction while disregarding the required procedure stated in the same sentence.

**C. The Class Certification Scheduling Order Preserved the Requirement, and Arcadia Did Not Obtain Leave To Depart From It.**

The Class Certification Scheduling Order (Dkt. 87) changed only the dates and expressly preserved every other provision. Arcadia therefore had a clear vehicle for its expert arguments: its class-certification opposition. If Arcadia believed the ordered format or word limit was inadequate, it could have requested leave to modify the Scheduling Order and shown good cause. Fed. R. Civ. P. 16(b)(4); L.R. 16-14. The Expert Motion identifies no order granting such leave and instead purports to proceed "pursuant to" the Scheduling Order.

**D. The Expert Motion Multiplies the Authorized Briefing and Reverses the Ordered Reply Sequence.**

The Class Certification Scheduling Order authorizes Arcadia's September 4 opposition and Wheeler's September 18 reply. The Expert Motion adds a 6,986-word opening memorandum, a separate opposition due September 17, and a separate Arcadia reply due September 24. Dkt. 107 at 23; L.R. 7-9, 7-10. Thus, Arcadia receives an additional last word six days after Wheeler's reply on the same experts and the same classwide issues.

The word-allotment effect is equally concrete. Local Rule 11-6.1 permits 7,000 words per memorandum. The Expert Motion uses 6,986 of them, just 14 below the limit, in addition to Arcadia's certification opposition and a future reply. Whatever Arcadia's subjective purpose, the objective result is the very multiplication of briefing the Scheduling Order's integrated opposition and reply procedure prevents.

**E. Enforcing the Scheduling Order Does Not Avoid Rule 702 Gatekeeping.**

The Ninth Circuit requires a district court to evaluate challenged expert evidence when conducting the rigorous Rule 23 analysis. *Grodzitsky v. American Honda Motor Co.*, 957 F.3d 979, 984-87 (9th Cir. 2020); *Rusoff v. Happy Grp., Inc.*, No. 24-7706, 2026 WL 2387098, at *6 (9th Cir. Aug. 17, 2026). Plaintiffs do not contend otherwise. Those decisions address the Court's gatekeeping obligation, not whether a party may disregard a case-specific order directing the form and sequence of briefing.

The Court can conduct the complete Rule 702 inquiry on the arguments presented in Arcadia's class-certification opposition and Wheeler's reply, exactly as the Scheduling Order directs. Enforcing the Scheduling Order affects only the filing vehicle; it does not immunize any opinion from scrutiny.

**F. Striking or Disregarding the Expert Motion Is the Narrow, Appropriate Remedy.**

The Court may enforce its Scheduling Order under Rule 16(f)(1)(C), Local Rule 7-12, and its inherent docket-management authority. *Ready Transportation*, 627 F.3d at 404. Striking or disregarding the Expert Motion restores the procedure established in the Scheduling Order without deciding any expert issue on the merits. Arcadia remains free to rely on every Rule 702 argument timely presented in its certification opposition, and Wheeler may answer those arguments in her September 18 reply.

The remedy imposes no substantive prejudice. Arcadia has had the Scheduling Order since July 2025, received an extended opposition deadline after multiple extensions, and received Plaintiffs' specific objection on August 25. What it loses is only the unauthorized motion, additional word allotment, and separate reply.

At minimum, if the Court declines to strike the Expert Motion, it should deem the filing part of Arcadia's class-certification opposition, apply one combined 7,000-word limit, disregard any excess, and prohibit a separate reply. This alternative preserves every substantive issue while enforcing the structure and parity the Court ordered.

//

//

//

## V. CONCLUSION

Plaintiffs respectfully request that the Court enforce the Scheduling Order and strike or disregard the Expert Motion. Alternatively, the Court should deem the Expert Motion part of Arcadia's class-certification opposition, enforce one combined word limit, and permit no separate reply.

Respectfully submitted,

Dated: September 9, 2026

**WILSHIRE LAW FIRM, PLC**

By: */s/ Jennifer M. Leinbach*
Thiago Coelho
Lauren M. Lendzion
Chumahan B. Bowen
Jennifer M. Leinbach

*Attorneys for Plaintiffs and the Putative Classes*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,656 words, which complies with the word limit of Local Rule 11-6.1.

Dated: September 9, 2026

**WILSHIRE LAW FIRM, PLC**

By: */s/ Jennifer M. Leinbach*

Thiago Coelho
Lauren M. Lendzion
Chumahan B. Bowen
Jennifer M. Leinbach

*Attorneys for Plaintiffs and the Putative Classes*