Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE, INC., a Delaware corporation,

Defendant.

Case No.: 8:24-cv-02657-JDE

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSED *EX PARTE* APPLICATION**

Date: None Set
Time: None Set
Judge: Hon. John D. Early
Courtroom: 6A

Complaint Filed: 12/06/2024
Class Discovery Cutoff: 05/12/2026
Fact Discovery Cutoff: 12/28/2026
Pretrial Conf.: 05/21/2027
Trial Date: 06/02/2027

## I. INTRODUCTION

Plaintiffs request expedited resolution of a narrow case-management dispute, not an *ex parte* ruling on expert admissibility. The Court expressly ordered that "[a]ny challenges to experts relied upon [in] any motion for class certification shall be raised with opposition/reply papers." Dkt. 41 (the "Scheduling Order"). The later schedule modification preserved that requirement. Dkt. 87. Arcadia nevertheless filed a separate, 6,986-word motion asking the Court to exclude all four experts supporting Wheeler's class-certification motion. Dkt. 107 (the "Expert Motion").

The timing makes ordinary notice ineffective. The Expert Motion is noticed for October 8, 2026. Plaintiffs' opposition is due September 17, one day before Wheeler's September 18 class-certification reply, and Arcadia's separate reply is due September 24. A regularly noticed Motion to Enforce filed September 8 cannot be heard until October 8, after the challenged briefing sequence is complete. Without a short stay and expedited ruling, Plaintiffs will lose the procedural protection they seek to enforce, and Arcadia will obtain the additional reply the Scheduling Order was designed to avoid.

## II. RELEVANT PROCEDURAL BACKGROUND

At an August 25 videoconference, Plaintiffs told Arcadia that the Scheduling Order (Dkt. 41) required any *Daubert* challenges to be included in the certification opposition. Arcadia responded that it did not read the Order that way. The parties did not resolve the issue. Leinbach Decl., paras. 5-8; Dkt. 107-2, para. 13.

On September 4, Arcadia filed the omnibus Expert Motion to strike or exclude the reports of Dr. David Bell, Dr. Ernan Haruvy, Rhonda Harper, and Dr. Matthew Bogyo. The notice admits that each report was "submitted in support of Plaintiffs' motion for class certification." Dkt. 107. The Expert Motion challenges Bell's proposed damages methodology and fit, Haruvy's materiality survey, Harper's methodology and opinions, and Bogyo's qualifications and monograph

opinions. *Id.* It repeatedly argues that Plaintiffs cannot satisfy Rule 23 with those reports. *Id.* Arcadia certified a word count of 6,986. *Id.*

**Opposing Counsel Information**

Counsel for Arcadia are Jacob M. Harper, Nicole S. Phillis, Heather F. Canner, and Peter K. Bae, Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071, telephone (213) 633-6800, jacobharper@dwt.com, nicolephillis@dwt.com, heathercanner@dwt.com, and peterbae@dwt.com; and Rachel H. Herd, Davis Wright Tremaine LLP, 920 Fifth Avenue, Suite 3300, Seattle, Washington 98104-1610, telephone (206) 622-3150, rachelherd@dwt.com.

## III. LEGAL STANDARD

Local Rule 7-19 requires an *ex parte* applicant to state the reasons expedited relief is necessary and to supply supporting authority. *Ex Parte* relief is appropriate where the applicant will suffer irreparable prejudice if the underlying motion proceeds on ordinary notice, the applicant did not create the urgency, and the application explains why the matter cannot wait for the regular calendar. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). Local Rule 6-1 permits the Court to shorten the normal 28-day notice period.

## IV. THE REQUESTED SCHEDULING RELIEF IS WARRANTED

### A. The Regular Calendar Would Defeat the Relief Sought.

Under Local Rule 6-1, a motion ordinarily must be filed at least 28 days before hearing. Oppositions and replies ordinarily are due 21 and 14 days before the hearing. L.R. 7-9, 7-10. Because the Expert Motion is set for October 8, its opposition and reply fall on September 17 and September 24. The earliest ordinary hearing on a Motion to Enforce filed September 9 is October 8. By then, both sides will have completed the very separate briefing track that Plaintiffs ask the Court to prevent.

The same hearing date does not cure the problem. The dispute concerns the briefing vehicle and sequence, not merely when the Court hears argument. The class certification scheduling order gives Wheeler a reply on September 18. The Expert Motion adds a separate opposition due September 17 and gives Arcadia a new reply on September 24. Once that sequence occurs, a later order striking the Expert Motion cannot restore Wheeler's final word or return the time taken from preparation of her Court-ordered reply.

**B. The Procedural Prejudice Is Immediate and Cannot Be Adequately Repaired Later.**

The Expert Motion is not a short evidentiary objection. It is a 30-page filing supported by four expert reports, four deposition excerpts, and three rebuttal reports. Dkt. 107-2. Its memorandum contains 6,986 words, just 14 below the Local Rule limit. Dkt. 107. Requiring Plaintiffs to oppose that motion while preparing Wheeler's class-certification reply forces duplicative briefing, creates avoidable waiver and allocation issues, and permits Arcadia to use a separate reply to answer Wheeler after the Court-ordered certification briefing has closed.

That is the relevant irreparable prejudice. The ordinary schedule would make the threshold motion functionally moot by allowing the disputed procedure to occur before the Court can decide whether it is authorized.

**C. Plaintiffs Did Not Create Urgency and Acted Promptly.**

Plaintiffs raised Scheduling Order requirements at the August 25 conference, before Arcadia filed the Expert Motion, and asked Arcadia to place its expert challenges in the class-certification opposition. Arcadia maintained its contrary reading. Plaintiffs could not move to strike a filing that had not been made. They filed this application and the Motion to Enforce shortly after Arcadia filed the Expert Motion on Friday, September 4.

**D. The Proposed Schedule Is Narrow and Fair.**

Plaintiffs propose that Arcadia oppose by September 11, Plaintiffs reply by September 14, and the Court hear the Motion to Enforce on September 17, or decide it earlier on the papers. Arcadia has known Plaintiffs' position since August 25 and already articulated its competing interpretation. The requested schedule preserves all substantive Rule 702 arguments while the Court decides where those arguments may be presented.

**E. The Underlying Motion Presents a Substantial Threshold Issue.**

The Scheduling Order uses mandatory language: "Any challenges" to class-certification experts "shall be raised with opposition/reply papers." Rule 16(b)(4) permits modification only for good cause and with the Court's consent. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). The Court has inherent authority to manage its docket and strike improper filings. *Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

## V. CONCLUSION

Plaintiffs respectfully request a temporary stay of briefing and hearing on the Expert Motion and an order setting the Motion to Enforce for the expedited schedule proposed above, or for such other shortened schedule as the Court deems appropriate.

Dated: September 9, 2026

**WILSHIRE LAW FIRM, PLC**

By: */s/ Jennifer M. Leinbach*

Thiago Coelho
Lauren M. Lendzion
Chumahan B. Bowen
Jennifer M. Leinbach

*Attorneys for Plaintiffs and the Putative Classes*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,064 words, which complies with the word limit of Local Rule 11-6.1.

Dated: September 9, 2026

**WILSHIRE LAW FIRM, PLC**

By: */s/ Jennifer M. Leinbach*
Thiago Coelho
Lauren M. Lendzion
Chumahan B. Bowen
Jennifer M. Leinbach

*Attorneys for Plaintiffs and the Putative Classes*