Thiago M. Coelho (SBN 324715)
*thiago.coelho@wilshirelawfirm.com*
Lauren Lendzion (SBN 239184)
*lauren.lendzion@wilshirelawfirm.com*
Chumahan B. Bowen (SBN 268136)
*chumahan.bowen@wilshirelawfirm.com*
Jennifer M. Leinbach (SBN 281404)
*jennifer.leinbach@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff Megan Wheeler and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ARCADIA CONSUMER HEALTHCARE, INC., a Delaware corporation,

Defendant.

Case No. 8:24-cv-02657-JDE

**DECLARATION OF THIAGO M. COELHO IN SUPPORT OF PLAINTIFF MEGAN WHEELER'S MOTION FOR CLASS CERTIFICATION**

Date: October 8, 2026
Time: 10:00 a.m.
Judge: Hon. John D. Early
Courtroom: 6A

# DECLARATION OF THIAGO M. COELHO

I, Thiago M. Coelho, declare as follows:

1. I am an attorney at Wilshire Law Firm, PLC, counsel of record for Plaintiff Megan Wheeler and the proposed Class. I am admitted and in good standing in California, the United States Court of Appeals for the Ninth Circuit, and the United States District Courts for the Central, Southern, Eastern, and Northern Districts of California. Except where I identify a record or source, I have personal knowledge of the facts stated here and could testify competently to them. I submit this declaration in support of Wheeler's Motion for Class Certification.

2. On July 23, 2026, I conferred by Zoom with Arcadia's counsel, Rachel Herd and Peter Bae, concerning the relief sought in the Motion. I explained that Wheeler would seek certification under Rules 23(b)(3) and 23(b)(2), appointment as class representative, appointment of Wilshire Law Firm as Class Counsel, and alternative issue certification under Rule 23(c)(4). Arcadia opposed each request, and the parties did not resolve the dispute.

## EVIDENTIARY RECORD

3. In litigating this action, I and the attorneys working under my direction received and reviewed party and corporate-witness deposition testimony, Arcadia's discovery productions and business records, expert reports, Plaintiff's purchase materials, product packaging, consumer-contact records, and the December 6, 2024 demand described below. The exhibits identified here are true and correct copies or true and correct excerpts of materials maintained in our case files.

## EXHIBITS

4. Attached as Exhibit 1 is a true and correct excerpt from Arcadia's production at ARCADIA-00045911, including a December 31, 2022 review stating: "Rip off. Not for NAILS, despite name."

5. Attached as Exhibit 2 is a true and correct excerpt from Arcadia's production at ARCADIA-00045916, including Q1 2023 complaint-log entries

identified as Case Nos. 853, 873, 901, 906, and 918. These entries concern purchasers who connected the Fungi-Nail name and toenail presentation with nail fungus and later discovered the off-front limitation.

6. Attached as Exhibit 3 is a true and correct excerpt from Arcadia's production at ARCADIA-00078178, including Case No. 499523 concerning the spray product and the purchaser's report that the name and presentation conveyed a nail-fungus use that the package later disclaimed.

7. Attached as Exhibit 4 are true and correct excerpts from Arcadia's deposition under Rule 30(b)(6), through Evan Bashoff, including testimony concerning Arcadia's products, package control and approval, retailer content, materially common labeling, the off-front nail limitation, product capability, and the feasibility of removing "Nail" from the brand name.

8. Attached as Exhibit 5, consisting of separately tabbed Parts 5-A and 5-B, are true and correct excerpts from the deposition of Michael Tune, Arcadia's Chief Scientific Officer, concerning product testing, nail penetration, delivery, cure, and whether the covered products treat fungus within the nail. Part 5-A includes testimony at 6:18-7:2 and 30:17-31:2; Part 5-B includes testimony at 92:15-94:25.

9. Attached as Exhibit 6 is a true and correct copy of the expert report of Matthew Bogyo concerning the shared 1% tolnaftate formulation, nail-plate penetration, and whether topical delivery can create an effective concentration for onychomycosis.

10. Attached as Exhibit 7 is a true and correct copy of the expert report of Rhonda J. Harper concerning the marketing hierarchy and net impression created by the Fungi-Nail name, toenail imagery, efficacy claims, and less prominent off-front language.

11. Attached as Exhibit 8 are true and correct excerpts from the deposition of Rhonda J. Harper concerning consumers' understanding of compound product names, the marketing hierarchy and net impression created by the Fungi-Nail name,

toenail imagery, and efficacy claims, and the effect of less-prominent off-front language.

12. Attached as Exhibit 9 is a true and correct excerpt from Arcadia's production at ARCADIA-00004348, a Target review compilation describing the Fungi-Nail name, diseased-toenail image, and the package statement that the product does not work on nails.

13. [redacted]

14. Attached as Exhibit 11 is a true and correct excerpt from Arcadia's production at ARCADIA-00082304, including Case Nos. 535034, 535124, and 535636. These March 2025 liquid and pen records report conflicting messages from the product name, toenail presentation, and small off-front limitation.

15. Attached as Exhibit 12 is a true and correct excerpt from Arcadia's production at ARCADIA-00087711 concerning Fungi-Nail sales.

16. Attached as Exhibit 13 is a true and correct copy of the expert report of Ernan Haruvy concerning randomized product-specific surveys and the importance consumers assign to the ability to kill or eliminate nail fungus when deciding whether to purchase the covered products.

17. Attached as Exhibit 14 are true and correct excerpts from the January 30, 2026 deposition of Megan Wheeler, including Deposition Exhibit 11 and testimony concerning her Amazon search, review of the front of the Fungi-Nail package, purchase, payment, and discovery participation. Exhibit 14 also includes true and correct copies of Wheeler's Amazon order record and contemporaneous product-listing and package images maintained in our case files.

18. Attached as Exhibit 15 is a true and correct copy of the expert report of David Bell concerning a choice-based conjoint demand analysis integrated with an equilibrium-pricing model to measure any purchase-time price premium by product and relevant period.

19. Attached as Exhibit 16 is a true and correct copy of the December 6, 2024 demand under California Civil Code section 1782, together with the proof of its transmission and delivery.

20. Attached as Exhibit 17 are true and correct excerpts from Arcadia's produced packaging-change and sales-turnaround business records, including ARCADIA-00005764 through ARCADIA-00005765.

21. Attached as Exhibit 18 is a true and correct copy from Arcadia’s production of ARCADIA-00087792, which includes Arcadia’s California Sales.

22. Attached as Exhibit 19 is a true and correct excerpt from Arcadia's produced consumer-contact data at ARCADIA-00075220. The data contain case-number, product-description, city, state, and ZIP fields and include California records concerning Fungi-Nail, including Case No. 488729.

23. Attached as Exhibit 20 are true and correct copies of representative packages for the liquid, ointment, pen, and 1% tolnaftate pump-spray products, including relevant front, side, and back panels. The exemplars include the liquid in 0.5-fluid-ounce and 1-fluid-ounce or 30-milliliter packages; the 0.7-ounce or 20-gram ointment; the 3-milliliter pen in horizontal and vertical packages; and the 1-fluid-ounce pump spray.

**SALES AND CONSUMER-CONTACT RECORDS**

24. The records in Exhibit 17 concern Fungi-Nail sales, packaging changes, and Arcadia's reported view of the role that claims and packaging played in the brand's sales turnaround.

25. Exhibit 19 contains consumer-contact data, not sales, transaction, or distribution records. It does not purport to identify every California purchaser or every California consumer who encountered the covered products.

**ADEQUACY OF COUNSEL AND RESOURCES**

26. Wilshire Law Firm, PLC has substantial experience and resources for complex consumer litigation. Its attorneys regularly represent consumers in class actions in California state and federal courts. The firm has the staffing, technology, litigation support, and financial capacity needed to prosecute this action through certification, trial, and appeal.

27. I graduated from the University of Central Florida and the University of Southern California Gould School of Law. My practice includes consumer and privacy class actions. The National Trial Lawyers has selected me for class-action, data-privacy, wage-and-hour, and under-40 honors. I have also been recognized by The Best Lawyers in America and Super Lawyers, and I served as President of the Data Privacy Trial Lawyers Association in 2020 and 2021. In 2024, the Daily Journal recognized me as a California Lawyer Attorney of the Year (CLAY).

28. My class-action experience includes serving as lead counsel in *Moore v. Centrelake Medical Group, Inc.*, 83 Cal. App. 5th 515 (2022), a published medical data-breach decision cited more than 320 times in which the California Court of Appeal reversed dismissal of key UCL and contract claims. My experience also includes *Bland v. Urology of Greater Atlanta, LLC*, 377 Ga. App. 177 (2025), in which the Georgia Court of Appeals reversed dismissal of negligence, implied-contract, implied-covenant, and injunctive-relief claims; *Freeman v. 3Commas Technologies OÜ*, No. 24-6158 (9th Cir. Mar. 2, 2026), in which the Ninth Circuit reversed a personal-jurisdiction dismissal; and *Mier v. CVS Health*, No. 22-55665, 2023 WL 4837851 (9th Cir. July 28, 2023), in which the Ninth Circuit vacated in part and remanded a denial of class certification after granting Rule 23(f) review. Other representative matters include *Peters v. Apple Inc.*, No. 19STCV21787 (Cal.

Super. Ct.), which resulted in a $25 million common-fund settlement representing 90% of the maximum value; *Head v. Regal Medical Group, Inc.*, No. 23STCV02939 (Cal. Super. Ct.), which resulted in a $49,995,000 settlement; and *In re MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, in which the court appointed me as one of two attorneys on the Experts Committee in a nationwide data-breach MDL involving hundreds of cases and more than 200 defendants. The MOVEit litigation has generated more than $30 million in settlements to date.

29. The team appearing on this filing includes Lauren Lendzion, Chumahan B. Bowen, and Jennifer M. Leinbach. Each is an active member of the California Bar. Ms. Lendzion was admitted in 2005, Mr. Bowen in 2009, and Ms. Leinbach in 2011. They have worked with me and the firm in prosecuting this action.

30. Ms. Lendzion is a senior attorney with experience across the stages of civil litigation. Ms. Leinbach has significant class-action experience and previously served in several federal judicial clerkships. Mr. Bowen brings more than sixteen years of California practice. Together with the broader Wilshire team, they provide the depth needed for motion practice, expert discovery, trial preparation, and class administration.

31. Wilshire investigated the Fungi-Nail labeling, formulation, product variants, purchase channels, and Arcadia's consumer records before and during this litigation. The firm has prosecuted written discovery, reviewed Arcadia's productions, defended Wheeler's deposition, and taken or prepared corporate and fact-witness depositions.

32. The firm retained and worked with experts in marketing, survey research, economics, and science. Counsel coordinated their review of standardized package evidence, Arcadia records, product capability, materiality, and a classwide price-premium methodology.

33. Wilshire has invested substantial attorney and staff time and advanced or committed substantial litigation resources without requiring proposed Class members to finance the case. The firm is prepared to fund appropriate notice, expert, discovery, trial, and administration expenses and to continue through final judgment and any appeal.

34. Neither I nor Wilshire Law Firm has an interest antagonistic to Wheeler or the proposed Class. We understand our duties to the Class, will place the Class's interests ahead of any conflicting interest, and will prosecute the certified claims vigorously and fairly.

**CLRA NOTICE AND OPPORTUNITY TO CURE**

35. On December 6, 2024, Plaintiff Eric Hayde, through counsel, sent Arcadia a written demand under California Civil Code section 1782 concerning the Fungi-Nail labeling at issue in this action.

36. The demand identified California Civil Code section 1770(a)(5), described the materially common Fungi-Nail name, imagery, and efficacy representations, explained the conflict with the off-front nail limitation and product capability, and requested classwide correction and relief.

37. The demand provided Arcadia notice of the asserted violation and an opportunity to implement a classwide correction before a claim for damages was pursued.

38. Arcadia did not implement the requested classwide cure. As of the date of this declaration, Arcadia has not provided a classwide correction responsive to the demand.

**CONSUMER-RECORD FOUNDATION**

39. Exhibits 1 through 3, 9, and 11 are targeted excerpts from Arcadia's produced consumer-review and complaint records. Exhibit 19 contains produced consumer-contact data. These records are offered as Arcadia's own records of

notice, recurring purchaser confusion, and the observed effect of the package message, not to prove any consumer's medical diagnosis or treatment outcome.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2026, at Los Angeles, California.

/s/ Thiago M. Coelho
Thiago M. Coelho