DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Nicole S. Phillis (SBN 291266)
*nicolephillis@dwt.com*
Heather F. Canner (SBN 292837)
*heathercanner@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Rachel H. Herd (*pro hac vice*)
*rachelherd@dwt.com*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,

Defendant.

Case No. 8:24-cv-02657-JDE

**DECLARATION OF PETER K. BAE IN SUPPORT OF DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S REQUEST TO KEEP MATERIALS FILED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR EXCLUDE EXPERT REPORTS UNDER SEAL**

Assigned to the Hon. John D. Early

Date: October 8, 2026
Time: 10:00 a.m.
Dept.: Courtroom 6A

**DECLARATION OF PETER BAE**

I, Peter K. Bae, declare and state as follows:

1. I am an attorney with the law firm of Davis Wright Tremaine LLP, counsel for defendant Arcadia Consumer Healthcare (Arcadia) in this matter. I make this declaration in support of Arcadia's request to keep materials filed in support of Plaintiff's Opposition to Arcadia's Motion to Strike or Exclude Expert Reports of Dr. David Bell, Dr. Ernan Haruvy, Rhonda Harper, and Dr. Matthew Bogyo (Opposition) under seal. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2. The concurrently-filed Declaration of Evan Bashoff in Support of Arcadia's Request to Keep Materials Filed in Support of Plaintiff's Opposition Under Seal contains the substantive reasons for keeping limited materials filed in support of the Opposition under seal. I provide this attorney declaration in compliance with Local Rule 79-5.2.2(b)(i), which states in relevant part that after a party files an application for leave to file under seal documents designated by another as confidential, "the Designating Party must file a declaration establishing that all or part of the designated material is sealable … with citations to the applicable legal standard. If the Designating Party maintains that only part of the designated material is sealable, the Designating Party must file with its declaration a copy of the relevant material with proposed redactions highlighted."

3. Attached as **Exhibit A** is a true and correct copy of excerpts of the deposition transcript of Dr. David Bell, taken in this case on August 12, 2026. Proposed redactions have been highlighted.

4. Attached as **Exhibit B** is a true and correct copy of excerpts of the deposition transcript of Rhonda Harper, dated August 10, 2026. Proposed redactions have been highlighted.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Materials at Issue**

5. Arcadia respectfully requests that the Court keep the following materials filed in support of Plaintiff's Opposition under seal:

| Filing | Description | Arcadia's Requested Treatment |
|---|---|---|
| Declaration of Thiago M. Coelho in Support of Plaintiff's Application to File Under Seal (ECF No. 117 (Coelho Decl.)), Ex. 3 | Deposition Transcript of Dr. David Bell | Limited redaction: Pages 70:13–17, 74:17–20, 145:2–8 |
| Coelho Decl., Ex. 6 | Deposition Transcript of Rhonda Harper | Limited redaction: Page 73:8–9 |

**Legal Standard**

6. Although judicial records are generally subject to a strong presumption of public access, that presumption is not absolute *Kamakana v. City & County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1178. Courts have broad discretion to permit sealing to protect, among other things, "trade secret[s] or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c)(1)(G); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978).

7. When a party seeks to seal documents in connection with a motion to strike an expert report, the "compelling reasons" standard applies. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Kendon Indus. LLC v. Towblazer, Inc.*, 2024 WL 5706209, at *1, *3 (C.D. Cal. Nov. 7, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1101) (applying compelling reasons standard to Application to file under seal an exhibit in support of a motion to strike an expert report); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020).

8. Courts have applied these principles to seal "business information that could harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598, or other trade secrets, *Kamakana*, 447 F.3d at 1179; *see also In re ConAgra Foods, Inc.*,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2014 WL 12577132, at *5 (C.D. Cal. July 11, 2014) ("[T]he inclusion of trade secrets such as a company's internal strategies, marketing research, sales data, and product development plans provide compelling reasons to seal.") (collecting cases); *Yan Mei Zheng v. Toyota Motor Corp*., 2019 WL 6841324, at *2 (N.D. Cal. Dec. 16, 2019) (sealing "confidential sales data"); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (compelling reasons existed to seal sales data); *Virun, Inc. v. Cymbiotika, LLC*, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022) ("Courts in this Circuit have found potential harms arising from public disclosure of trade secrets of a business' confidential financial and pricing information to be sufficient reason to seal."). Courts have also applied these principles to also seal third-party personal identifying information. *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023)(compelling reasons exist to keep PII confidential); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, including names, addresses, telephone numbers, and email addresses); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting request to seal personal information, including home address, telephone number, and email address).

9. In *In re ConAgra Foods, Inc.*, the court granted the defendant's motion to seal, on a motion for class certification, certain exhibits containing ConAgra's internal financial information, consumer studies and their results, and packaging research. 2014 WL 12577132, at *4.

**<u>Grounds for Protection</u>**

10. As discussed below, Arcadia seeks sealing of narrow categories of material that contain precisely type of sensitive information that courts protect from public disclosure: non-public and commercially-sensitive business information



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

including Arcadia's non-public marketing strategies, internal marketing research, and financial information.

11. **Bae Declaration, Exhibit A (Deposition Transcript of Dr. Bell)**: This deposition transcript contains several references to internal marketing research conducted by Arcadia, including references to market studies on packaging, changes in packaging, and consumer responses thereto. Declaration of Evan Bashoff (Bashoff Decl.), ¶ 6; Ex. A, 70:13–17, 74:17–20, 145:2–8. This information is non-public, and reflects information that Arcadia developed through the expenditure of substantial time and resources. Public disclosure would allow Arcadia's competitors to obtain the benefit of that research without incurring the time and necessary to develop that information themselves, as well as given Arcadia's competitors insight as to Arcadia's marketing strategy.

12. During the parties' L.R. 79-5.2.2(b) conferral regarding materials related to Plaintiff's Opposition, I advised Plaintiff's counsel Chumahan Bowen that Arcadia requests to keep, inter alia, "Page 74:17–20" of Dr. Bell's deposition transcript redacted or under seal. Plaintiff has now submitted a highlighted document proposing redactions of Page 74:3–10 of Dr. Bell's deposition transcript, but not Page 74:17–20, as Arcadia previously requested. ECF No. 117 at 3; ECF No. 117-3. To confirm, Arcadia requests to keep Page 74:17–20 of Dr. Bell's deposition transcript redacted or under seal.

13. **Bae Declaration, Exhibit B (Deposition Transcript of Ms. Harper)**: Ms. Harper's deposition testimony contains references to internal marketing research conducted by Arcadia, as well as the purpose and intent behind the research. Bashoff Decl. ¶ 7, Ex. B, 73:8–9. This information should be sealed for the same reason as Dr. Bell's Deposition Transcript.

14. During the parties' L.R. 79-5.2.2(b) conferral regarding materials related to Plaintiff's Opposition, Plaintiff's counsel did not confer with Arcadia's attorneys regarding Page 73:8–9 of Ms. Harper's deposition transcript. Arcadia



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

previously requested redaction and/or sealing of Page 73:8–9 of Ms. Harper's deposition transcript in connection with its Opposition to Class Certification and Motion to Strike or Exclude Expert Reports. ECF No. 104-9 at 3. Plaintiff has now submitted a highlighted document proposing redactions of Page 73:17–25 of Ms. Harper's deposition transcript, but not Page 73:8–9. ECF No. 117 at 3; ECF No. 117-6. To confirm, Arcadia requests to keep Page 73:8–9 of Ms. Harper's deposition transcript redacted or under seal.

15. For the above reasons, Arcadia respectfully requests that the Court keep the limited materials above redacted or under seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 21st day of September, 2026, at Los Angeles, California.

*/s/ Peter K. Bae*
Peter K. Bae



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899