DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Nicole S. Phillis (SBN 291266)
*nicolephillis@dwt.com*
Heather F. Canner (SBN 292837)
*heathercanner@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Rachel H. Herd (*pro hac vice*)
*rachelherd@dwt.com*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated

Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,

Defendant.

Case No. 8:24-CV-02657-JDE

**DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Assigned to the Hon. John D. Early

Dept.: Courtroom 6A
Date: October 8, 2026
Time: 10:00 a.m.

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs Lack Standing to Pursue Injunctive Relief. .......... 1

1. Neither Plaintiff's Conditional Testimony Establishes Standing for Injunctive Relief. .......... 1

2. *Krommenhock v. Post Foods* Does Not Support Plaintiffs' Theory. .......... 3

3. Plaintiffs' Improper Attempt to Introduce Expert Evidence on Nail Fungus Recurrence Rates Should Be Rejected. .......... 4

4. Neither Plaintiff Remains in the Market for Fungi-Nail .......... 5

B. Plaintiffs Cannot Prove Breach of an Express Warranty. .......... 5

1. Plaintiffs Identify No Affirmation or Promise That Fungi-Nail Treats Nail Fungus. .......... 5

2. A Consumer Inference Is Not an Express Warranty .......... 6

III. CONCLUSION .......... 6




DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

## Cases

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ........ 1, 5

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ........ 1

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ........ 4

*Hauter v. Zogarts*,
14 Cal. 3d 104 (1975) ........ 5

*Krommenhock v. Post Foods, LLC*,
255 F. Supp. 3d 938 (N.D. Cal. 2017) ........ 4

*Krommenhock v. Post Foods, LLC*,
334 F.R.D. 552 (N.D. Cal. 2020) ........ 3, 4

*Maneely v. Gen. Motors Corp.*,
108 F.3d 1176 (9th Cir. 1997) ........ 6

*Rodriguez v. Just Brands USA, Inc.*,
2021 WL 1985031 (C.D. Cal. May 18, 2021) ........ 2

*Valentine v. Crocs, Inc.*,
783 F. Supp. 3d 1204 (N.D. Cal. 2025) ........ 6

## Statutes

Cal. Com. Code § 2-313(1)(a) ........ 6

## Rules

Fed. R. Civ. P. 56(c)(2) ........ 4

Fed. R. Evid. 803(18) ........ 4



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Plaintiffs' Brief in Opposition to Defendant Arcadia Consumer Healthcare Inc.'s Motion for Partial Summary Judgment, ECF No. 119, confirms what the record already shows: neither Plaintiff has standing to pursue injunctive relief, and neither can prove breach of an express warranty. Rather than identify evidence creating a genuine dispute of material fact, Plaintiffs repackage their statutory consumer-protection theories as warranty claims, rely on post-deposition declarations to manufacture standing their own testimony forecloses, and ask this Court to speculate about future nail-fungus recurrences that have no bearing on the Article III inquiry. The Court should grant summary judgment on both claims.

## II. ARGUMENT

### A. Plaintiffs Lack Standing to Pursue Injunctive Relief.

#### 1. Neither Plaintiff's Conditional Testimony Establishes Standing for Injunctive Relief.

Plaintiffs contend that their deposition testimony establishes a sufficient intent to repurchase Fungi-Nail. Opp. at 3–5. But a fair reading of the testimony shows the opposite. Hayde testified he "might" buy Fungi-Nail again only "if they change the way that this is labeled and … if I knew that it worked." Ex. B, Hayde Dep. Tr. at 147:19–148:4.[1] That is not an expression of intent to purchase—it is a chain of speculative contingencies: that Arcadia changes its labeling, that Hayde encounters the revised product, that he concludes the changes are sufficient, that he develops a need for the product, and that he then decides to purchase it. Article III requires a "real and immediate threat" of future injury, not a daisy chain of hypotheticals. *City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983); *Clapper v.*

---

[1] Unless otherwise noted, all citations to exhibits are to exhibits to the Declaration of Jacob M. Harper filed in support of Arcadia's Motion for Partial Summary Judgment. *See* ECF No. 101-3 and Exhibits A–C.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Amnesty Int'l USA*, 568 U.S. 398, 414 (2013) (a "speculative chain of possibilities" does not establish standing).

Wheeler fares no better. She never testified she would purchase Fungi-Nail again. She said only that she wanted her "money back" and for the "product to be changed." Ex. C, Wheeler Dep. Tr. at 165:7–11. Her preference for "name brand" products over home remedies, Opp. at 4–5, is not an expression of intent to repurchase Fungi-Nail specifically—it is a generic consumer preference that says nothing about the likelihood she will encounter Arcadia's product, be deceived by it, or suffer injury.

Recognizing that the deposition testimony is insufficient, Plaintiffs appear to abandon Hayde and rely on a declaration (ECF No. 94) Wheeler filed after her deposition as part of Plaintiffs' motion for class certification. But Wheeler has been deposed, her deposition is clear, and she cannot create an issue of fact by contradicting her prior testimony. This Court should decline Plaintiffs' invitation to credit self-serving declarations that are squarely at odds with their own sworn deposition testimony. *See Rodriguez v. Just Brands USA, Inc.*, 2021 WL 1985031, at *4–5 (C.D. Cal. May 18, 2021) (plaintiff's testimony that he "may purchase" the product at issue in the future was insufficient for Article III standing). But even if Wheeler's post-deposition declaration is considered, it does not change the outcome of this because, like Hayde, Wheeler only claims she would purchase again following a speculative chain of possibilities. Wheeler's after-the-fact declaration (ECF No. 94 ¶¶ 9–11) states that she would "consider buying Fungi-Nail again if Arcadia accurately labeled it or reformulated it to treat nail fungus." That condition depends on the same speculative chain as Hayde's testimony: that Arcadia changes its labeling or reformulates that product, that Wheeler encounters the revised product, and even if all that happens, that she ultimately decides to repurchase it. The chain is especially speculative here because Wheeler has, by her own admission, been entirely fungus-free for over two years, having resolved her own



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

condition with bleach, and has offered no medical evidence of any ongoing or future need for the product. Ex. C, Wheeler Dep. Tr. at 103:6–107:17. A post-hoc declaration that merely parrots the SAC allegations cannot overcome clear deposition testimony to the contrary.

**2. *Krommenhock v. Post Foods* Does Not Support Plaintiffs' Theory.**

Plaintiffs lean heavily on *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 572–73 (N.D. Cal. 2020), which denied summary judgment where the plaintiff's testimony was "ambiguous" as to his future-purchase intent. In *Krommenhock*, the plaintiff testified at his deposition that he "didn't know" if he would repurchase cereals again and in a related case, testified it was "possible." *Id.* at 572. But Hayde's testimony is both more definite and causally more attenuated than the plaintiff's testimony in *Krommenhock*.

*First*, Hayde did not merely say future purchase was uncertain or "possible"—he conditioned any hypothetical repurchase on product reformulation and relabeling—two events entirely outside his control—plus his developing a future need, which is also almost entirely out of his control. Ex. B, Hayde Dep. Tr. at 147:19–148:4.

*Second*, Wheeler's position is even further removed from *Krommenhock*. Unlike the plaintiff there—who at least testified at his deposition about possible future purchases—Wheeler expressed no future purchase intent whatsoever in her deposition. Her only evidence of future purchase intent comes from a post-deposition declaration (ECF No. 94) filed in support of class certification, not from sworn deposition testimony. At her deposition, Wheeler testified only that she wanted her "money back" and for the "product to be changed." Ex. C, Wheeler Dep. Tr. at 165:7–11. She identified no circumstance under which she would purchase Fungi-Nail again at all, despite ample opportunity otherwise. A *post-hoc* declaration that contradicts the absence of any purchase intent in sworn deposition testimony cannot create standing that the deposition record forecloses.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

As Arcadia addressed in its opening motion, *see* ECF No. 101 at 12, the *Krommenhock* court itself on a motion to dismiss distinguished cases where future purchases were conditioned on factors outside the plaintiff's control in a specific Article-III analysis. *See Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 967–68 (N.D. Cal. 2017) (conditional purchase intent dependent on a sugar reduction or price decrease—both outside the scope of the requested labeling change—was insufficient for standing, granting motion to dismiss for prospective injunctive relief). The same reasoning applies here.

**3. Plaintiffs' Improper Attempt to Introduce Expert Evidence on Nail Fungus Recurrence Rates Should Be Rejected.**

Plaintiffs cite a medical journal article for the proposition that nail fungus has high recurrence rates, but that article was not introduced through any expert declaration, report, or testimony. *See* Opp. at 5–6. A party cannot establish scientific facts at summary judgment by citing medical literature in an attorney's brief. *See* Fed. R. Evid. 803(18) (learned treatises admissible only through expert testimony); Fed. R. Civ. P. 56(c)(2)(objection to fact not supported by admissible evidence). Plaintiffs cite no testimony from their own experts on recurrence rates. *See* Opp. at 5–6. Nor do they cite the opinion of a medical professional who has opined that either Plaintiff faces a medically significant risk of recurrence. *Id.* The article should be disregarded.

Further, Plaintiffs' focus on nail fungus recurrence rates, *see* Opp. at 5–6, is a red herring. The Article III inquiry is whether Plaintiffs face a "real and immediate threat" of future injury from Defendant's allegedly deceptive *labeling*, not whether they might one day develop a medical condition again. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967–71 (9th Cir. 2018) (citation omitted). These are consumer-protection statutes; Plaintiffs are not raising a medical malpractice claim. Even if Hayde or Wheeler could establish they had nail fungus and that the fungus was likely to recur, it does not establish they would be allegedly deceived by the



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

same product they have expressed dissatisfaction with. Indeed, their testimony demonstrates they would not be. Hayde believes the product "didn't do anything." Ex. B, Hayde Dep. Tr. at 94:1–3. Wheeler testified she cured her own fungus by using bleach and has been fungus-free for over two years. Ex. C, Wheeler Dep. Tr. at 106:5–11. The possibility of a hypothetically future medical need does not—by itself—create standing to enjoin a product's label.

#### 4. Neither Plaintiff Remains in the Market for Fungi-Nail.

The undisputed evidence confirms that neither Plaintiff has any real prospect of purchasing Fungi-Nail again. By his own account, Hayde's residual nail fungus can only be treated by prescription medication, not OTC products. Ex. B, Hayde Dep. Tr. at 83:8–14 ("Nothing except the pill" would kill the remaining fungus). Wheeler self-treated with bleach and has been entirely fungus-free for over two years. Ex. C, Wheeler Dep. Tr. at 106:5–11. Both have found alternative treatments and abandoned Fungi-Nail entirely. There is simply no "real and immediate threat" of future harm. *Lyons*, 461 U.S. at 110.

### B. Plaintiffs Cannot Prove Breach of an Express Warranty.

#### 1. Plaintiffs Identify No Affirmation or Promise That Fungi-Nail Treats Nail Fungus.

Plaintiffs' express warranty claim fails for a threshold reason: Plaintiffs point to no statement in which Arcadia expressly warranted that Fungi-Nail treats nail fungus.[2] The Fungi-Nail label says "Kills Fungus" and is "CLINICALLY

---

[2] Plaintiffs argue that the Drug Facts disclaimer cannot override the front-label representations, citing *Hauter v. Zogarts*, 14 Cal. 3d 104, 119 (1975). Opp. at 10–11. But this mischaracterizes Arcadia's argument. Arcadia does not contend that a disclaimer negates an existing warranty. Rather, Arcadia contends that there is no express warranty of nail-fungus efficacy. Perhaps recognizing the weakness of their express-warranty claim, Plaintiffs did not move to certify that claim as a class claim. *See* Pls.' Mot. for Class Certification, ECF No. 113 (no motion to certify Count V, the express warranty claim).





DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

PROVEN TO CURE AND PREVENT FUNGAL INFECTIONS." Ex. A. Those phrases refer to the fungal skin infections described in the Drug Facts—not to nail fungus. The Drug Facts state that the product "is not effective on the scalp or nails." *Id.* Because no statement on the label affirms or promises nail-fungus efficacy, there is no express warranty to breach. *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) (express warranty requires a "specific and unequivocal written statement," not a consumer inference from the product's name or appearance); *Valentine v. Crocs, Inc.*, 783 F. Supp. 3d 1204, 1211–13 (N.D. Cal. 2025) (granting summary judgment where product lacked "explicit guarantees").

**2. A Consumer Inference Is Not an Express Warranty.**

Unable to identify an actual affirmation or promise, Plaintiffs pivot to a different theory: that a "reasonable consumer" viewing the Fungi-Nail label would infer the product treats nail fungus. Opp. at 8–10. But that is the test for California's consumer-protection statutes—the UCL, FAL, and CLRA—not the test for breach of express warranty. An express warranty requires an actual "affirmation of fact or promise" by the seller. Cal. Com. Code § 2-313(1)(a). Plaintiffs must identify a *specific* statement that constituted a warranty. *See, e.g.*, *Maneely*, 108 F.3d at 1181; *Valentine*, 783 F. Supp. 3d at 1211–13. Merely arguing that a reasonable consumer could be misled by the overall product packaging, *see* Opp. at 9 (arguing what plaintiffs believe the packaging "together convey[s] to a reasonable consumer"), fails to appreciate the distinction between express warranty and consumer-protection claims.

## III. CONCLUSION

For the reasons addressed in its opening brief, as well as those above, Arcadia respectfully requests that the Court grant summary judgment on any claims for injunctive relief and on Plaintiffs' breach of express warranty claim and enter judgment accordingly.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: September 24, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*



**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Arcadia Consumer Healthcare, Inc., certifies that this brief contains 1,909 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 24, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant Arcadia Consumer Healthcare Inc.*



**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899