DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Nicole S. Phillis (SBN 291266)
*nicolephillis@dwt.com*
Heather F. Canner (292837)
*heathercanner@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Rachel H. Herd (*pro hac vice*)
*rachelherd@dwt.com*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

ERIC HAYDE and MEGAN WHEELER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,

Defendant.

Case No. 8:24-cv-02657-JDE
Assigned to the Hon. John D. Early

**DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR EXCLUDE REBUTTAL EXPERT REPORTS**

Dept.: Courtroom 6A
Date: October 22, 2026
Time: 10:00 a.m.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS


Page

I. INTRODUCTION ........ 1
II. LEGAL STANDARD ........ 2
III. ARGUMENT ........ 3
A. The Motion Should Be Denied As Procedurally Improper ........ 3
B. The Motion Fails on the Merits ........ 4
1. Dr. Botner's Opinions Satisfy Rule 702 ........ 6
a. Dr. Botner Does Not "Impose" a Legal Prerequisite ........ 7
b. Dr. Botner Can Criticize Ms. Harper's Cherrypicked Complaints ........ 8
c. Dr. Botner Can Fault Dr. Haruvy's Lack of Survey Controls ........ 9
d. Dr. Botner Is Entitled To Opine on Dr. Haruvy's Survey Design Defects, Including Repeat IP Addresses and Leading Questions ........ 10
2. Dr. Song's Opinions Satisfy Rule 702 ........ 12
a. Dr. Song Does Not "Prescribe" a Legal Standard ........ 12
b. Dr. Song Is More Than Qualified ........ 13
c. Dr. Song's Survey Criticism Is Permissible ........ 14
d. Dr. Song Can Analyze the Hypothetical Study ........ 15
3. Dr. Parker's Label and FDA Opinions Are Proper Rebuttal Testimony and Satisfy Rule 702. ........ 16
IV. CONCLUSION ........ 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
738 F.3d 960 (9th Cir 2013) ....................6

*Alvarez v. NBTY, Inc.*,
2019 WL 1353713 (S.D. Cal. Mar. 25, 2019) .................... 15

*Citizens Fin. Group, Inc. v. Citizens Nat'l Bank*,
383 F.3d 110 (3d Cir. 2004).................... 12

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993).................... *passim*

*Doe 1 v. Manhattan Beach Unified School Dist.*,
2021 WL 4348737 (C.D. Cal. Jan. 12, 2021) .................... 8, 9, 17

*Elosu v. Middlefork Ranch Inc.*,
26 F.4th 1017 (9th Cir. 2022) ....................6

*Estate of Martinez v. Cnty. of Los Angeles*,
2026 WL 445537 (C.D. Cal. Feb. 17, 2026) ....................3

*General Electric Co. v. Joiner*,
522 U.S. 136 (1997)....................9

*Hangarter v. Provident Life & Accident Insurance Co.*,
373 F.3d 998 (9th Cir. 2004) .................... 7, 13

*Hellmann-Blumberg v. U. of Pac.*,
2013 WL 3422699 (E.D. Cal. July 8, 2013)....................2

*In re ConAgra Foods, Inc.*,
90 F.Supp.3d 919 (C.D. Cal. 2015) .................... 11, 13

*In RE: MacBook Keyboard Litigation*,
Case No. 5:18-cv-02813-EJD-VKD .................... 14

*Johns v. Bayer Corp.*,
2013 WL 1498965 (S.D. Cal. Apr. 10, 2013).................... 10

*Kumho Tire Co. v. Carmichael*,
52 U.S. 137 (1999) ....7

*Laflamme v. Safeway, Inc.*,
2010 WL 3522378 (D. Nev. Sept. 2, 2010) .... *passim*

*Lytle v. Nutramax Laby's, Inc.*,
114 F.4th 1011 (9th Cir. 2024) .... 2, 15, 16

*Masimo Corp. v. Apple Inc.*,
2020 WL 5215385 (C.D. Cal. Aug. 4, 2020) .... 3, 4

*Meza v. Nissan N. Am., Inc.*,
2025 WL 1543608 (C.D. Cal. Mar. 17, 2025) ....3

*Montera v. Premier Nutrition Corporation*,
2022 WL 1225031 (N.D. Cal. Apr. 26, 2022) .... 10

*Nationwide Transport Finance v. Cass Information Systems, Inc.*,
523 F.3d 1051 (9th Cir. 2008) .... 7, 13

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir 2022) .... 1, 2

*Poizner v. Artemis S.A.*,
2010 WL 11679756 (C.D. Cal. Dec. 17, 2010) ....5

*R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*,
2011 WL 2923703 (D. Nev. July 18, 2011) .... 16

*Ruiz v. Walmart Inc.*,
2021 WL 945241 (C.D. Cal. Jan. 22, 2021) .... 2, 8, 9, 17

*Sali v. Corona Reg'l Med. Ctr.*,
909 F.3d 996, 1006 (9th Cir. 2018) ....2

*Scognamillo v. Credit Suisse First Boston LLC*,
2005 WL 8162733 (N.D. Cal. Feb. 1, 2005) ....5

*Tri-Valley CAREs v. U.S. Dep't of Energy*,
671 F.3d 1113 (9th Cir. 2012) ....3

**Rules**

C.D. Cal. L.R. 7-3 ....3

C.D. Cal. L.R. 79-5.2.2(b) .... 4

Fed. R. Civ. P. 23 .... 13

Fed. R. Evid. 702 .... *passim*

Fed. R. Evid. 702(a)–(d) .... 2

Fed. R. Evid. 702(b)–(d) .... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should deny Plaintiffs' Motion to Strike or Exclude Rebuttal Expert Reports, Dkt. 125 (Motion or Mot.), as both procedurally improper and substantively meritless.

First, Plaintiffs have once again violated the Local Rules by failing to timely meet and confer—despite having known about the substance of Arcadia's rebuttal expert testimony since July 10, 2026. This alone warrants denial.

Second, to the extent the Court is inclined to indulge Plaintiffs' Motion (which it should not), Plaintiffs fail to carry their burden under Rule 702 and *Daubert*. Plaintiffs misuse the Motion to bolster their own deficient expert testimony in the face of the fatal deficiencies Arcadia identified in its own pending Motion to Strike. The Motion essentially asks this Court to strike Arcadia's experts for daring to disagree with Plaintiffs' experts, complaining of valid methodological criticisms, mischaracterizing the relevance of Arcadia's experts' conclusions, and unpersuasively challenging the scope of Arcadia's expert qualifications. None of Plaintiffs' argument present a valid basis to strike the testimony of a defendant's rebuttal expert testimony at class certification—as further evidenced by the dearth of case law cited in support of Plaintiffs' substantive arguments.

At its core, the Motion—a reflexive response to Arcadia's own Motion to Strike—rests on a fundamental misunderstanding of the scope of proper affirmative and rebuttal expert testimony at class certification: when Plaintiffs offer affirmative expert evidence to meet their burden of satisfying Rule 23's "rigorous analysis," *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665, 669 (9th Cir 2022) (en banc), Arcadia is entitled to introduce rebuttal testimony that "addresses the same subject matter that the initial experts address"…"to explain, repel, counteract, or disprove" Plaintiffs'



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"evidence." *Hellmann-Blumberg v. U. of Pac.*, 2013 WL 3422699, at *2 (E.D. Cal. July 8, 2013) (citations omitted). That is precisely what Arcadia did.

Because Plaintiffs' Motion is procedurally and substantively meritless, the Motion should be denied.

## II. LEGAL STANDARD

Admissibility of expert testimony is guided by Federal Rule of Evidence 702. Experts are permitted to testify if they have specific "knowledge, skill, experience, training, or education" (qualified) and that specialized knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue" (helpfulness, relevance, and "fit"), "the testimony is the product of reliable principles and methods" (reliable methodology), and "the expert's opinion reflects a reliable application of the principles and methods to the facts" (reliable application). Fed. R. Evid. 702(a)–(d).

At the class certification stage, expert testimony is permissible so long as the experts proffered comply with Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Olean*, 31 F.4th at 665 & n.7 (citation omitted); *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020) ("[I]n evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert* . . . .") (quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018), as amended). Rebuttal expert testimony is proper where it "directly contradicts the factual basis" of an opposing expert, including through "[c]ontradicting expert opinions, questioning methodology, and opining on methods and facts plaintiffs' experts did not consider." *Ruiz v. Walmart Inc.*, 2021 WL 945241, at *1 (C.D. Cal. Jan. 22, 2021) (citing Fed. R. Civ. P. 26(a)(2)(D)(ii) and quoting *Laflamme v. Safeway, Inc.*, 2010 WL 3522378, at *3 (D. Nev. Sept. 2, 2010)).


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## III. ARGUMENT

### A. The Motion Should Be Denied As Procedurally Improper.

At the outset, Plaintiffs' Motion should be denied because Plaintiffs have repeatedly failed to comply with the Local Rules, in particular those requiring conferral before filing—including, as relevant here, Local Rule 7-3.

Local Rule 7-3 mandates that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any related issues," and that such conference must take place "at least 7 days prior to the filing of the motion." C.D. Cal. L.R. 7-3. "Local Rule 7-3's direction that the parties meet and confer to discuss the substance and potential resolution of an anticipated motion is not a mere suggestion to be cavalierly set aside when its dictates are inconvenient," and courts in this District routinely deny motions for failure to comply with Local Rule 7-3. *Estate of Martinez v. Cnty. of Los Angeles*, 2026 WL 445537, at *2 (C.D. Cal. Feb. 17, 2026) (collecting cases denying motions for violating L.R. 7-3); *Masimo Corp. v. Apple Inc.*, 2020 WL 5215385, at *2 (C.D. Cal. Aug. 4, 2020) (Early, J.) (denying motion "for failure to comply with the Local Rules' pre-filing meet and confer requirement"); *Meza v. Nissan N. Am., Inc.*, 2025 WL 1543608, at *1–3 (C.D. Cal. Mar. 17, 2025) (Early, J.) (denying motion for failure to comply with L.R. 7-3); *see also Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Plaintiffs concede: "***the advance conference required by Rule 7-3 did not occur.***" Mot. at 2 (emphasis added). Counsel declare that they "inadvertently delayed requesting the conference until September 14, 2026," as counsel "were preparing an opposition to Defendant's motion to strike, the reply in support of class certification, and this Motion . . . and applications to seal"—essentially, that counsel were simply too busy to comply with the requirements of Rule 7-3.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Declaration of Thiago M. Coelho, Dkt. 125-1, ¶ 6. But this Court made clear in its September 9 Order that challenges to expert testimony offered in support of class certification must be filed in accordance with the operative Scheduling Order, which provides: "Any challenges to experts relied upon any motion for class certification shall be raised with opposition/reply papers, subject to the cut-off dates for such filings." Dkt. 41 at 2; Dkt. 87. Despite this, Plaintiffs failed to confer in advance of the filing of this Motion—and offer no meaningful justification for their failure to do so.

Plaintiffs' failure to timely confer with Arcadia is a recurring theme. Dkt. 100 at 2 (noting Plaintiffs previously failed to confer as required by L.R. 79-5.2.2(b)); Dkt. 131 (objecting to Plaintiffs' failure to confer as required by L.R. 79-5.2.2(b)). Had Plaintiffs only neglected to properly confer with Arcadia once, perhaps the "oversight" could be considered a fluke; but three failures to confer in accordance with the Local Rules is a pattern. Given Plaintiffs' repeat offenses, their Motion can, and should, be denied for failure to comply with the Local Rules. *Masimo Corp.*, 2020 WL 5215385, at *2 (denying motion for single failure to meet and confer).

**B. The Motion Fails on the Merits.**

On the merits, even a cursory review of the Motion shows confirms that its substance is largely dedicated countering the substantive points made by Arcadia in its pending Motion to Strike—not a legitimate challenge to Arcadia's experts under Rule 702. *Compare, e.g.*, Dkt. 107 (Arcadia's Motion to Strike Plaintiffs' Experts) at 16–17 (challenging Ms. Harper's deception opinion as unreliable and *ipse dixit*), *with* Mot. at 6–7 (responding to Dr. Botner's point that Ms. Harper's consumer complaint analysis lacks adequate context); *compare also* Dkt. 107 at 12–15 (challenging Dr. Haruvy's materiality opinion as unreliable because it lacked key controls, fails to examine the proper universe, used leading questions, and omitted safeguards that resulted in deficiencies such as a large number of



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

duplicate IP addresses), *with* Mot. at 8–11 (disputing Dr. Botner's conclusion that lack of controls and repeated IP addresses in Dr. Haruvy's survey responses suggest quality issues resulting in unreliable results); *compare also* Dkt. 107 at 6–9 (challenging Dr. Bell's damages opinion as unreliable because it is not sufficiently developed), *with* Mot. at 14–16 (defending against Dr. Song's critique of Dr. Bell's proposed methodology that asks about a nonexistent product); *compare also* Dkt. 107 at 21 (challenging Dr. Bogyo's uncited FDA monograph opinion as unreliable and unqualified), *with* Mot. at 16–17 (complaining that Dr. Parker's rebuttal opinions on the FDA monograph are inappropriate despite having opened the door with Dr. Bogyo's opinions on the same topic).

The very first line of Plaintiffs' opening brief responds to Arcadia's Motion to Strike—further underscoring Plaintiffs' improper use of this Motion to rehabilitate their own experts.[1] Mot. at 1 (citing Dkt. 107 at 16:2–17:11; 18:20–19:6; 19:21–20:18; 21:3–19). The thrust of Plaintiffs' Motion is further confirmed by the number of cases cited in support of Plaintiffs' arguments (outside of the legal standard): nearly none. After generally reciting the Rule 702 standard, Mot. at 3–5, the majority of Plaintiffs' arguments cite no applicable authority, and the few that do are demonstrably inapt, as set forth in detail below.

At best, Plaintiffs' objections can be distilled to: "We think our experts are right and Arcadia's experts are wrong." But that is no basis for a motion to strike under Rule 702 at class certification, and Plaintiffs offer no authority to the contrary. Unlike Arcadia's Motion to Strike, which directly challenged Plaintiffs' expert opinions for use of unreliable methodologies, lack of relevance and "fit" to

[1] Plaintiffs' use of their own "motion to strike" to bolster their own experts is improper. *See Poizner v. Artemis S.A.*, 2010 WL 11679756, at *2 (C.D. Cal. Dec. 17, 2010) (excluding evidence "constitut[ing] an improper attempt to bolster the expert testimony of [the expert] that was being challenged"); *Scognamillo v. Credit Suisse First Boston LLC*, 2005 WL 8162733, at *2–3 (N.D. Cal. Feb. 1, 2005) (denying motion to strike that "was an improper attempt . . . to skirt the 25-page limit" where motion to strike contained arguments cut from original motion to dismiss).


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the case, and testimony in excess of expert qualifications, Plaintiffs "ha[ve] not challenged the expert[s'] credentials, qualifications, or methodology—only the accuracy and credibility of [their] final projections. . . . [These] countervailing considerations [are] appropriate matters for impeachment, not admissibility." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022) (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir 2013)).

Because Dr. Botner's, Dr. Song's and Dr. Parker's reports are based on reliable methodologies, reliably applied, on matters relevant and helpful to deciding class certification, and are presented by qualified experts on matters within the scope of rebuttal, Plaintiffs' Motion should be denied.

**1. Dr. Botner's Opinions Satisfy Rule 702**

Plaintiffs conjure five meritless challenges to Dr. Botner's rebuttal opinions to both Ms. Harper and Dr. Haruvy: (1) Dr. Botner "may not impose a legal survey prerequisite" to Ms. Harper's deception opinions, Mot. at 5–6; (2) Dr. Botner's low "complaints per-unit calculation" should not be treated as "a measure of consumer misunderstanding" in rebuttal to Ms. Harper's opinions, *id.* at 6–7; (3) Dr. Botner's opinions on the importance of controls "do not establish a categorical rule" that Dr. Haruvy's materiality survey required such controls and safeguards, *id.* at 8–9; (4) Dr. Botner's identification of "repeated IP addresses" in Dr. Haruvy's survey does not render Dr. Haruvy's survey invalid, *id.* at 9–11; and (5) Dr. Botner's methodological critique of Dr. Haruvy's survey based on the wording, order, guessing, and respondent selection (including leading questions) lacks foundation and fails to establish "an observed degree of distortion," *id.* at 11. Plaintiffs' specific arguments are largely devoid of applicable authority in support of their positions and instead largely re-cite cases originally identified in the general legal standard. To the extent the Court considers these challenges at all, they fail on the merits.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**a. Dr. Botner Does Not "Impose" a Legal Prerequisite**

The Motion first contends that Dr. Botner is creating a "rule" requiring a survey to support "experience-based packaging testimony." Mot. at 5–6. It is unclear from the Motion what aspect of Rule 702 Plaintiffs contend Dr. Botner does not meet because Plaintiffs cite virtually no authority in support of their position. Plaintiffs cite *Kumho Tire Co. v. Carmichael*, 52 U.S. 137, 150–52 (1999) and *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1017–18 (9th Cir. 2004), Mot. at 6, for the unremarkable proposition that in considering Ms. Harper's opinions this Court should "assess relevant experience, identified principles, supporting materials, and application to the particular opinion." Plaintiffs similarly cite *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058–59 (9th Cir. 2008) (a case Arcadia cites properly as applied to Dr. Bogyo), Mot. at 6, for the principle that experts may not offer opinions on "legal conclusions." Neither case supports striking Dr. Botner's rebuttal critique of the lack of methodology offered by the Plaintiffs' purported "consumer deception" expert, Ms. Harper.

Plaintiffs offer no authority supporting their claim that Dr. Botner's "preferred evidentiary form" is somehow being proffered by Arcadia as "the legal standard," and tellingly do not, and cannot, actually quote from Dr. Botner's report indicating where he purportedly establishes such a "requirement." *Id.* at 6. To the contrary, Plaintiffs mischaracterize Dr. Botner's methodological critique, ostensibly to deflect from the insurmountable analytical gaps between Ms. Harper's conclusions and her *ipse dixit* approach, as detailed in Arcadia's Motion to Strike and Dr. Botner's report. Dkt. 107 at 16–17.

As a rebuttal expert, Dr. Botner is entitled to "[c]ontradict[] expert opinions, question[] methodology, and opin[e] on methods and facts plaintiffs' experts did not consider"—here, by pointing out that Ms. Harper's sweeping and specific conclusions about consumer behavior lack the empirical support or solid


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

methodological foundations (and, as Arcadia has pointed out, are not at all explained by her experience). *Doe 1 v. Manhattan Beach Unified School Dist.*, 2021 WL 4348737, at *1 (C.D. Cal. Jan. 12, 2021) (quoting *Laflamme*, 2010 WL 3522378, at *3) (internal quotation marks omitted); *see also Ruiz*, 2021 WL 945241, at *1 ("Mr. Vardi directly contradicts the factual basis for Mr. Balian's opinions, which is proper rebuttal evidence" (citing same)). Well-established law in this circuit recognizes that *ipse dixit* opinions, such as those proffered by Ms. Harper, are unreliable and unhelpful under Rule 702—that authority exists independent of Dr. Botner's opinions. Dkt. 107 at 16–17 (collecting cases). That Dr. Botner points out one of the ways in which the analytical gaps in Ms. Harper's opinions are apparent—through her lack of use of a reliable methodology (e.g., a survey)—is well within the scope of rebuttal. *Doe 1*, 2021 WL 4348737, at *1. Plaintiffs' misguided reconstruction of Dr. Botner's opinion as a "legal standard" fails on the facts and the law.

**b. Dr. Botner Can Criticize Ms. Harper's Cherrypicked Complaints**

Plaintiffs next argue that Dr. Botner's correction of Ms. Harper's misleading citation of consumer complaints "does not establish a low rate of confusion" and that a "low recorded complaint rate is not itself a measured rate of nondeception." Mot. at 6–7. The Motion again fails to identify how Dr. Botner's expert testimony fails to comport with Rule 702 or *Daubert* at class certification. And in any event, Plaintiffs misstate Dr. Botner's testimony (and Arcadia's arguments).

The gap identified in Ms. Harper's opinion by Dr. Botner and Arcadia's affirmative motion rests on Plaintiffs' attempt to extrapolate classwide proof from a decontextualized smattering of consumer complaints when the full context fails to support that position. Plaintiffs never actually disagree that Ms. Harper's framing is inaccurate, and the fact that the "arithmetic about recorded complaints" undermines Plaintiffs' claim of deception, or "infers" nondeception, does not mean



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that Dr. Botner's rebuttal is excludable. Mot. at 7. Again, Plaintiffs' broad-stroke references to "Rule 702(b)–(d)" and *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), Mot. at 7, fail to support the positions taken in their brief.

Dr. Botner is entitled to opine on the numerous methodological shortcomings of Ms. Harper's opinions—and Plaintiffs fail to cite any authority holding otherwise. Mot. at 5–7. As before, Dr. Botner rebuts Ms. Harper's testimony by identifying flaws in her opinions and so-called "methodology," which is proper rebuttal. *Doe 1*, 2021 WL 4348737, at *1 (quoting *Laflamme*, 2010 WL 3522378, at *3); *Ruiz*, 2021 WL 945241, at *1.

**c. Dr. Botner Can Fault Dr. Haruvy's Lack of Survey Controls**

Plaintiffs next claim that Dr. Botner's critiques of Dr. Haruvy's survey, including that the survey completely lacked controls, do not relate to "the reported importance of a benefit to the respondents." Mot. at 8–9. It is again unclear what aspect of Rule 702 Plaintiffs contend Dr. Botner has violated, and, again, Plaintiffs' main citation is a cursory reference to *Daubert* that does not explain how it applies.

What is clear is that rather than mount a genuine challenge to Dr. Botner's rebuttal opinions under Rule 702, Plaintiffs attempt to use their "Motion" to attempt to rehabilitate the major flaws in Dr. Haruvy's testimony, such as his unexplained failure to include survey controls. Indeed, Arcadia specifically called out Dr. Haruvy's lack of survey controls in its affirmative motion, Dkt. 107 at 13–14, and Plaintiffs now conveniently seek to exclude expert testimony substantiating those criticisms. As proponents of expert testimony, *Plaintiffs* must demonstrate that the opinions rest on a reliable methodology, reliably applied, *e.g.*, *Daubert*, 509 U.S. at 592 n.10; Fed. R. Evid. 702, and Plaintiffs offer no authority or justification for attempting to strike Arcadia's experts as a method of defeating valid critiques of their own experts' shortcomings.



**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Moreover, criticisms of expert surveys, and *particularly* those with a lack of controls, is textbook rebuttal. For example, in *Montera v. Premier Nutrition Corporation*, 2022 WL 1225031, at *11 (N.D. Cal. Apr. 26, 2022), the plaintiff challenged a rebuttal expert who critiqued the plaintiff's survey for, among other reasons, "failure to use a control group to account for survey respondents' preexisting knowledge." The plaintiff further argued that the expert's "opinions 'amount[ed] to nothing more than untested hypotheses and theories'" and "d[id] not meet the criteria of Rule 702 and *Daubert*." *Id.* Rejecting the plaintiff's challenge, the court in *Montera* noted that the expert "support[ed] each of the challenged opinions with citations"—just as Dr. Botner does—and that the rebuttal expert's "testimony [wa]s relevant to evaluating the reliability of the [plaintiff's] Survey, and thus [wa]s relevant to a factual matter in th[e] case." *Id.*; *see also Johns v. Bayer Corp.*, 2013 WL 1498965, at *10 (S.D. Cal. Apr. 10, 2013) (overruling evidentiary objection that mischaracterized expert testimony as demanding "definitive proof" when testimony actually "recognize[d] the importance" of scientific factor).

So too here: Dr. Botner provides valid rebuttal criticisms of Dr. Haruvy's methodology and its application (including the lack of controls and resultant limitations) and assesses the impact of those defects on Dr. Haruvy's opinions. Arcadia's Motion plainly sets forth why Dr. Haruvy's failure to use controls makes his survey unreliable, Dkt. 107 at 13–14; in contrast, Plaintiffs' invented criticisms, entirely untethered to Rule 702, cannot patch the holes exposed in Dr. Haruvy's survey and should be disregarded.

**d. Dr. Botner Is Entitled To Opine on Dr. Haruvy's Survey Design Defects, Including Repeat IP Addresses and Leading Questions**

Plaintiffs' final two volleys against Dr. Botner revolve around the unfounded notion that Dr. Botner's testimony is only admissible if he "establishes" the


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"distortion" caused by two additional significant flaws in Dr. Haruvy's survey: 1) the outsize number of duplicate IP addresses accessing or attempting to complete the survey multiple times, Mot. at 9–11; and 2) Dr. Haruvy's use of leading questions that taint the results of his survey, *id.* at 11. Plaintiffs contend that Dr. Botner's count of duplicate IP addresses "does not establish the . . . effect on the final results" of Dr. Haruvy's survey, that Dr. Botner does not "establish" the number of "duplicate people" who may have taken the survey, and that the flaws should result in exclusion of Dr. Botner's "inference" of "wholesale invalidity." *Id.* Plaintiffs also argue (circuitously) that Dr. Botner should be precluded from opining that Dr. Haruvy's use of leading questions led to bias because Dr. Haruvy's use of leading questions precluded precise measurement of said bias. *Id.* at 11.

The Motion once again fails to anchor any of its arguments to the applicable legal standard under Rule 702 or supporting authority, relying on one errant citation it fails to meaningfully apply. It is unclear what challenge is purportedly presented under Rule 702; instead, the focus is again on rehabilitating Dr. Haruvy's flawed testimony by merely disagreeing with Dr. Botner's methodological critique. That is not a reason to strike Dr. Botner's methodology critique in rebuttal. Plaintiffs' Motion cites no case substantiating their disagreements with Dr. Botner's survey design critique as a grounds to strike his rebuttal—because there is none and Dr. Botner's critique is entirely well-founded. *Cf. In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 948–52 (C.D. Cal. 2015) (finding defendants' challenge to combined methodological flaws in plaintiffs' survey rendered "underlying methodology used to conduct the survey" so "flawed and unreliable" that it failed to satisfy *Daubert*); *see also Citizens Fin. Group, Inc. v. Citizens Nat'l Bank*, 383 F.3d 110, 121 (3d Cir. 2004) (affirming exclusion of survey because the "methodology was fundamentally flawed," and rejecting a contention that flawed methodology went only to the weight).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**2. Dr. Song's Opinions Satisfy Rule 702.**

The Motion's criticisms of Dr. Song's expert testimony are similarly baseless and sound more in an effort to bolster Plaintiffs' damages' expert's (Dr. Bell) testimony than any legitimate challenge to Dr. Song. Plaintiffs raise four core objections to Dr. Song's rebuttal opinions: (1) Dr. Song "cannot prescribe legal requirements" or "define" Plaintiffs' pleaded claims, Mot. at 12; (2) Dr. Song's "conjoint and Bayesian criticisms" exceed the scope of her expertise, *id.* at 13–14; (3) Dr. Song's assumption of the absence of an effective OTC product is, in fact, just that—an assumption, *id.* at 14–16; and (4) Dr. Song's opinions about the absence of survey outputs should not foreclose class certification. *Id.* at 16. None should be given credence.

**a. Dr. Song Does Not "Prescribe" a Legal Standard**

Plaintiffs first present a strained and unsupported reading of Dr. Song's report as somehow giving "legal instructions." Mot. at 12. The Motion theorizes that, by referencing the pleadings and stating Dr. Song's personal understanding of what Dr. Bell's hypothetical analysis must accomplish, Dr. Song somehow veers into the territory of giving a legal opinion. *Id.* Unsurprisingly, Plaintiffs point to no authority transforming Dr. Song's statements into black letter law, only citing cases that stand for the general proposition that legal opinions (such as those given by Plaintiffs' own experts) are improper without any application to the facts.

To be clear, Dr. Song is not instructing the finder of fact on the requirements for certification under Rule 23, defining the elements of Plaintiffs' claims, or deciding whether Plaintiffs' have actually met class certification standards. Neither *Hangarter*, 373 F.3d at 1016–17, nor *Nationwide*, 523 F.3d at 1058–59 aid Plaintiffs' argument. Rather, Dr. Song has offered proper rebuttal opinions about Dr. Bell's failure to adequately articulate basic features of a reliable methodology—namely, the attributes to be tested in the conjoint analysis and the measures to be used to extrapolate Plaintiffs' purported damages—required to test



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs' ability to satisfy Rule 23. *See In re ConAgra*, 90 F.Supp.3d at 948–52. Plaintiffs' lackluster effort to transform this methodological critique into "legal conclusions" lacks any basis in fact or law, as Dr. Song does not "instruct[] the [finder of fact] as to the applicable law" just because she "may refer to the law in expressing an opinion." *Hangarter*, 373 F.3d at 1016–17. Dr. Song's opinions are not improper legal testimony.

### b. Dr. Song Is More Than Qualified

The Motion next claims that Dr. Song's analysis of the flaws in Dr. Bell's methodology is invalid because "she has never personally designed[,] from start to finish," the methods she analyzes. Mot. at 13. Plaintiffs essentially challenge Dr. Song's qualifications by contending that her "demonstrated expertise" is not applicable to her opinions. *Id.* Again, Plaintiffs' challenge falls short.

Though framed as a challenge to Dr. Song's "expertise," Plaintiffs instead attack only her conclusions. Unlike Arcadia's Motion, which identifies that Dr. Bogyo's qualifications in microbiology do not qualify him as an expert in pharmacology, Dkt. 107 at 19–21, here Plaintiffs somehow claim that Dr. Song's "[g]eneral economics credentials," Mot. at 14—"general" credentials which include a Ph.D. in economics from the University of Chicago, qualification as a Certified Financial Analyst charter holder, over 25 years of extensive expertise working with economic damages, and myriad other financial and econometric skills—are inadequate to permit her to testify as to economic issues. This challenge is demonstrably meritless, as evidenced by the fact that Dr. Song has served as an expert witness in over ***50*** cases since 2019—including rebuttal testimony on choice-based conjoint analyses. *See, e.g.*, Dkt. 108-4, Attach. A (Song CV) at 6 (*In RE: MacBook Keyboard Litigation*, Case No. 5:18-cv-02813-EJD-VKD, regarding conjoint analysis). Plaintiffs fail to identify any case authority holding that such qualifications are not enough for Dr. Song to serve as a rebuttal expert. Plaintiffs' throwaway criticism of Dr. Song's opinions on ordering


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

effects similarly fails—Plaintiffs can hardly criticize Dr. Song for being unable to empirically assess a hypothetical survey *when it is Plaintiffs' own expert who has not himself articulated how or what said survey would comprise*. *See* Mot. at 14; *cf.* Dkt. 107 at 6–9.

Dr. Song is eminently qualified to testify on economic issues, including damages analyses, and Plaintiffs' use of the Motion to launch poorly-disguised attacks on the conclusions of Arcadia's experts is inappropriate.

**c. Dr. Song's Survey Criticism Is Permissible**

Nowhere is Plaintiffs' fundamental mischaracterization of Arcadia's expert challenges more evident than in their outlandish claims about Dr. Song's purported "assumptions" about an effective product. Plaintiffs spend over a full page complaining about Dr. Song's testimony that Dr. Bell's survey seeks evaluation of a product that literally does not exist, foisting a cascade of red herrings on the reader in an attempt to paper over Plaintiffs' mischaracterizations and extensive efforts to rehabilitate their own experts. Mot. at 14–16. Indeed, Plaintiffs blithely proclaim that "Bell's disclosed comparison also matters" then proceed to analyze Dr. Bell's survey – seeking to bolster Dr. Bell. *Id.* at 15. Plaintiffs' arguments spin hypotheticals from thin air in their attempt to exclude Dr. Song's proper expert testimony.

The Motion is again entirely unsupported by legal authority validating Plaintiffs' bizarre complaints about Dr. Song's testimony. The Motion again neglects to cite the applicable legal standard. The Motion, at most, tangentially references the legal standard when claiming Dr. Song "has not connected" her conclusions "to Bell's actual packaging comparison." *Id.* at 16. But that is *exactly what Dr. Song does*: her conclusions are *directly connected* to Dr. Bell's packaging comparison because *she explains that Dr. Bell's packaging comparison is based on a non-existent product.* Dkt. 105-2 ¶ 24. "Rebuttal testimony is permitted to 'question the assumptions and methods' of an opposing expert."



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Alvarez v. NBTY, Inc.*, 2019 WL 1353713, at *3 (S.D. Cal. Mar. 25, 2019) (quoting *LaFlamme*, 2010 WL 3522378, at *8). Dr. Song questions Dr. Bell's methods, including Dr. Bell's use of a nonexistent product, and explains the resulting issues. Plaintiffs do not demonstrate that Rule 702 operates to prohibit this testimony.

**d. Dr. Song Can Analyze the Hypothetical Study**

Plaintiffs' final "challenge" to Dr. Song's report is their claim that Dr. Song repeatedly observes that Dr. Bell's survey is not executed—a fact that neither party disputes and is not a basis upon which Arcadia has sought to exclude Dr. Bell's testimony. Mot. at 16. To be clear, Arcadia's challenge to Dr. Bell's testimony lies not in the fact that the survey is unexecuted, but rather with the fact that he has so utterly failed to articulate core elements of the methodological design that it is impossible to ascertain whether his proposed methodology can reliably demonstrate classwide damages. *See generally* Dkt. 107 (Arcadia's Motion to Strike); Dkt. 124 (Arcadia's Reply in Support of Motion to Strike). While Plaintiffs do finally manage to include a relevant legal citation, *Lytle*, 114 F.4th at 1019, 1023–24, it does nothing to aid their effort to exclude Dr. Song. Nowhere does Dr. Song dispute *Lytle*'s holding that "class action plaintiffs may rely on an unexecuted damages model." And nowhere does *Lytle* prohibit a rebuttal expert from criticizing a damage model for being utterly undeveloped—in fact, *Lytle specifically comments that* "the fact the model has not been executed remains relevant" as the damages model must still "be able to reliably calculate damages in a manner common to the class." *Id.* at 1024, 1032.

Arcadia does not criticize Dr. Bell's proposed survey because it is unexecuted; Arcadia criticizes the numerous shortcomings, such as the core issue that Dr. Bell does not even determine which efficacy claim to test. *See* Dkt. 107 at 6–12 (highlighting unreliability and lack of fit of Dr. Bell's proposed survey). Plaintiffs again supply no justification for excluding Dr. Song and seek only to rehabilitate their own expert's testimony.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**3. Dr. Parker's Label and FDA Opinions Are Proper Rebuttal Testimony and Satisfy Rule 702.**

The Motion concludes by arguing that several of Dr. Parker's opinions exceed the scope of rebuttal testimony. Plaintiffs cite a single case for the unremarkable proposition that rebuttal testimony must address opinions of the initial expert. Mot. at 16 (citing *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011)). But Plaintiffs are once again mistaken, mischaracterizing Dr. Parker's testimony and somehow entirely ignoring the topics of their own expert opinions.

Plaintiffs initially contend that Dr. Parker's testimony on "consumer-reading" "exceed[s]" the scope of Dr. Bogyo's opinions. *Id.* Plaintiffs repeat their attempts to mischaracterize and misdirect, as the Motion inaccurately summarizes Dr. Parker's testimony and highlights deposition excerpts that are entirely unrelated to the scope of her opinions – as evidenced by the wholesale lack of direct quotes or citations to Dr. Parker's actual report. *Id.* at 16–17. Plaintiffs opened the door to Dr. Parker's rebuttal testimony and cannot strike it for that reason.

For example, Dr. Bogyo specifically opined as to whether the FDA monograph "suppl[ies] a basis for a consumer-facing nail-fungus efficacy claim for an OTC 1% tolnaftate product" because it "requires directions stating that the product is not effective on the scalp or nails." Dkt. 96-4 at 16. Dr. Parker specifically rebuts this very claim by stating her opinion that the product "provides clear, adequate, and conspicuous disclosures . . . detailing proper usage and directions." Dkt. 105-2 at 22. Similarly, Dr. Bogyo opines that "the monograph [] does not permit the Fungi-Nail front-label claims." Dkt. 96-4 at 17. Dr. Parker is therefore perfectly entitled to rebut Dr. Bogyo's opinion by accurately concluding that the packaging is "in compliance with the FDA's OTC Monograph." Dkt. 105-2 at 22. Considering Plaintiffs did not even cite Dr. Bogyo's unqualified FDA


DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

monograph opinions in their class certification papers, *see* Dkt. 107 at 21, it is unclear why Plaintiffs seek to challenge an opinion rebutting testimony they did not even rely on. Nonetheless, Plaintiffs' diversions concerning Dr. Parker's report mischaracterize her opinions and are entirely irrelevant to their purported challenge. *See Ruiz*, 2021 WL 945241, at *1 (citing *Laflamme*, 2010 WL 3522378, at *3).

Further, as set forth in Arcadia's Motion, Dkt. 107 at 20, Dr. Parker is eminently qualified to opine on compliance with the FDA Monograph – certainly more qualified than Dr. Bogyo, as Dr. Parker actually has directly relevant experience in practicing medicine. *Id.* To the extent the Court agrees that Dr. Parker cannot opine on compliance with the FDA monograph, then neither can Bogyo, who provides his own opinion about FDA compliance. *E.g.* Dkt. 96-4 at 17. However, Dr. Parker's rebuttal testimony is directly relevant and should be considered. *See Doe 1*, 2021 WL 4348737, at *1.

## IV. CONCLUSION

For the foregoing reasons, the Motion should be denied. It is improper procedurally due to repeated failure to heed the Local Rules and an inappropriate attempts to bolster Plaintiffs' own experts. Further, the Motion fails on the merits, as Plaintiffs do not present any valid reasons to exclude Arcadia's experts.

Arcadia therefore respectfully requests that the Motion be denied.

DATED: October 1, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*


**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant Arcadia Consumer Healthcare, Inc., certifies that this brief contains 5,412 words, which complies with the word limit of 11-6.1.

DATED: October 1, 2026

DAVIS WRIGHT TREMAINE LLP

By: *<u>/s/ Jacob M. Harper</u>*
Jacob M. Harper

*Attorneys for Defendant*
*Arcadia Consumer Healthcare Inc.*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899